

May 24, 2022

**VIA ECF**
Honorable Analisa Torres
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Lynne Freedman v. Tracy Deebs-Elkenaney et. al.*  22 Civ 2435 (AT)

Dear Judge Torres:

### Proposed Order

The proposed Case Management Plan and Scheduling Order are enclosed herewith.  We would like to briefly address below the exceptional circumstances that caused us to deviate somewhat from Your Honor's model Civil Case Management Plan and scheduling Order.

With respect to the filing of amended pleadings, the Plaintiff will not know if any amendments or additional parties are required until her counsel has the opportunity to conduct some discovery.  For example, Plaintiff does not know if there are additional licensees of the alleged infringing works or if she correctly named all of the parties.

With respect to fact discovery, the parties require six months because the First Amended Complaint alleges eight claims relating to four infringing books, each of which consists of approximately 600 to 700 pages.  Additionally, the parties expect there to be at least six to eight fact witness depositions, which is due in part to the number of corporate defendants. Based on these exceptional circumstances, the parties respectfully request an extension of the Court's typical 120-day fact discovery schedule.

With respect to expert discovery, the parties expect to call expert witnesses with respect to a number of issues, including, but not limited to copying, the elements of the particular YA paranormal romance genre at issue and damages.

1. **A Brief Description of the Case:**

   **(a)**    **Plaintiff's Position:**  Plaintiff Lynne Freeman ("Freeman'), a writer and attorney, put her complete faith and trust in a literary agent, Emily Sylvan Kim ("Kim") of Prospect Agency,

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

LLC ('Prospect") to shop her manuscript entitled *Blue Moon Rising* ("BMR") to publishers. Kim misled and defrauded Freeman into continually revising the manuscript and creating new material so that Kim's longtime client and close friend, Tracy Deebs-Elkenaney (p/k/a Tracy Wolff) ("Wolff"), could copy the various versions to create the New York Times bestselling series, *Crave*, consisting of the books entitled *Crave, Crush, Covet* and *Court* (the "*Crave* Book Series").

The substantial similarities between the various versions of Freeman's manuscripts and the books in the *Crave* series are overwhelming and undeniable. In addition to the similarities in plot, characters, dialogue, mood, theme, and pace, there are a substantial number of lifted scenes throughout the series, and an overwhelming number of similarities of words, phrases, and language between the works, which could not possibly be coincidental. Many of these similarities occur in page number proximity between the various versions of Freeman's manuscripts and the *Crave* series. Plaintiff sets forth in the original Complaint a comparison of some of the substantially similar plot elements, scenes, language and characters between BMR and *Crave*, and examples of substantially similar language between BMR and the other books in the *Crave* Book Series.

Freeman is suing Wolff, (the alleged author of the *Crave* series), Kim and Prospect Agency, LLC ("Prospect") (Wolff's literary agent and Freeman's former literary agent), Entangled Publishing, LLC ("Entangled") (the book publisher of the *Crave* series), Holtzbrinck Publishers, LLC, d/b/a Macmillan ("Macmillan") (the distributor of the *Crave* series) and Universal City Studios, LLC ("Universal") (a motion picture studio who has entered into a contract to produce a motion picture based on the first book in the series entitled *Crave*). Count I is for Fraud and Deceit against Prospect and Kim, Count II is for Breach of Fiduciary Duty against Prospect and Kim, Count III is for Fraudulent Concealment against Prospect and Kim, Count IV is for Breach of Contract against Prospect and Kim, Count V is for Copyright Infringement against Wolff, Kim, Prospect, Entangled and Macmillan, Count VI is for Contributory Copyright Infringement against Wolff, Kim, Prospect, Entangled and Macmillan, Count VII is for Vicarious Copyright Infringement against Wolff, Kim, Prospect, Entangled and Macmillan and Count VIII is for Declaratory Relief against Universal, Wolff and Entangled.

Freeman filed a First Amended Complaint yesterday which, among other things, added as a defendant to the three (3) copyright infringement claims, Crazy Maple Studio, Inc. Plaintiff did not discover the defendant's name and involvement in the matter until Thursday, May 19, 2022. She also added an exhibit that goes through *Crave* sequentially by page number and compares the content of those pages with the corresponding content in the pages of the various versions of the BMR manuscripts, an exhibit that contains the quotes from both BMR and *Crave* referenced in the foregoing exhibit and an exhibit that lists 175 examples of substantially similar language (mostly phrases) that appear in both BMR and *Crave*.

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

**(b)     Defendants Wolff, Entangled, Macmillan and Universal's Position:**

This case centers around Plaintiff's baseless claims that the *Crave* Book Series written by Ms. Wolff and published by Entangled infringes on a manuscript entitled *Blue Moon Rising* written by Plaintiff between approximately 2010 through 2014. *First* the complaint is based wholly on the unsubstantiated assumption that Prospect must have provided multiple versions of Plaintiff's manuscript to Wolff, for which there is no evidence. *Second*, there is no substantial similarity between the *Crave* Book Series and Plaintiff's manuscripts, and any similarities cited by Plaintiff are non-copyrightable phrases and cliches, scènes à faire, or scattered words cherry-picked by Plaintiff to appear similar. *Finally,* Wolff and Liz Pelletier, Founder and CEO of Entangled, have never seen Plaintiff's manuscripts.

**(c)     Defendants Prospect and Kim's Position:**

Defendants Prospect and Ms. Kim join in the description of Defendants' position and defenses with respect to the copyright claims as stated in the preceding paragraph. Additionally, Prospect, with Ms. Kim as its principal and as the primary contact for Plaintiff, provided services to Plaintiff as a literary agent and performed those services to a high professional standard during the time period in which Prospect was retained by Plaintiff, and did not violate any duties or obligations to Plaintiff during that time period or thereafter, to the extent that any such duties or obligations existed. Prospect and Plaintiff concluded their relationship in March 2014. Neither Prospect nor Ms. Kim made any false representations to Plaintiff or concealed any relevant information from her, shared Plaintiff's works either in whole or part with Ms. Wolff or any other party outside of Prospect at any time (except with potential publishers during the time period in which Prospect was retained by Plaintiff, with Plaintiff's knowledge and consent), or breached any agreement between Prospect and Freeman.

**2.     Contemplated Motions:** Defendants contemplate making a motion to dismiss pursuant to Fed. R. of Civ., 12(b)(6). The parties further contemplate each making a motion for summary judgment on the issue of liability.

**3.     Prospect for Settlement:** The prospects for settlement are unknow at this time. Plaintiff has agreed to supply the Defendants with copies of the alleged infringing material, including, but not limited to, the various versions of the unpublished manuscript, upon the execution of a protective order so that the unpublished manuscript can be marked confidential. The defendants will then analyze the material and decide if they wish to engage in early settlement discussions.

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

Respectfully Submitted,

**CSReeder, PC**

**COWAN, DEBAETS, ABRAHAMS,**

**& SHEPPARD LLP**

By: _____

By: _____

Mark D. Passin
11766 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90025
310-861-2475
mark@csrlawyers.com

Nancy E. Wolff
41 Madison Avenue, 38th Floor
New York, New York 10010
212-974-7474
nwolff@cdas.com

*Attorneys for Defendants* Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Universal City Studios, LLC, Entangled Publishing, LLC and Holtzsbrinck Publishers, LLC, d/b/a Macmillan sued erroneously as Macmillan Publishers, LLC

**REITLER KAILAS & ROSENBLATT LLP**
Paul V. LiCalsi
885 Third Avenue, Ste 20th Floor
New York, NY 10022
212-209-3090
plicalsi@reitlerlaw.com
*Attorneys for Plaintiff* Lynne Freeman

**KLARIS LAW PLLC**

By: _____
Lacy H. ("Lance") Koonce, III
29 Little West 12th Street
New York, New York 10014
917-612-5861
lancekoonce@gmail.com

*Attorneys for Defendants* Emily Sylvan Kim and Prospect Agency, LLC

| | |
|---|---|
| 11766 Wilshire Boulevard | PHONE (310) 861-2470 |
| Suite 1470 | FAX (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL mark@csrlawyers.com |
| | WEBSITE www.markpassin.com |