UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>

LYNNE FREEMAN, an individual,

                Plaintiff,

   -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN KIM, an
individual, PROSPECT AGENCY, LLC, a New Jersey
limited liability company, ENTANGLED PUBLISHING,
LLC, a Delaware limited liability company,
HOLTZBRINCK PUBLISHERS, LLC, D/B/A
MACMILLAN, a New York limited liability company,
UNIVERSAL CITY STUDIOS, LLC, a Delaware limited
liability company, CRAZY MAPLE STUDIO, INC, a
California corporation

                Defendants.

</td><td>

Case No. 1:22-cv-02435-AT


**ANSWER AND
AFFIRMATIVE DEFENSES**

</td></tr>
</table>

      Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff ("Wolff), Entangled Publishing,

LLC ("Entangled"), Holtzbrinck Publishers, LLC, d/b/a Macmillan ("Macmillan"), Universal City

Studios, LLC ("Universal") (collectively, "Answering Defendants"), by its undersigned counsel,

Cowan, DeBaets, Abrahams & Sheppard LLP, hereby answers the First Amended Complaint of

plaintiff Lynne Freeman ("Plaintiff") in this action, dated May 20, 2022 (Dkt. No. 20) (the "FAC"),

as follows:

### NATURE OF THE ACTION

      1.     State the allegations in Paragraph 1 contain conclusions of law as to which no

responsive pleading is necessary, but to the extent any response is required, lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1

and therefore deny same except admit that *Crave* is a New York Times bestselling series,

consisting of the books entitled *Crave*, *Crush*, *Covet*, and *Court* ("*Crave* Book Series").

2.　　　State the allegations in Paragraph 2 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 2.

3.　　　Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and therefore deny same.

4.　　　Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore deny same.

5.　　　Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore deny same.

6.　　　State the allegations in Paragraph 6 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 6 except admit that *Crave* is a young adult paranormal fantasy romance novel about a female protagonist who moves from San Diego to Alaska to attend high school after her parents are killed and eventually discovers that she possesses supernatural powers. Answering Defendants further admit that *Crave* has received significant praise.

7.　　　State the allegations in Paragraph 7 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 7 except admit that Wolff has been quoted saying that: "I do think all of the training I did to become an English professor helped me a lot—I've done more reading and more deconstructing of novels and more craft of writing than I could ever possibly tell you. And when you pull apart a novel to examine it, to see how all the different part fit together, I think it totally helps with understanding how to also put one together." Remaining Answering Defendants lack

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore deny same.

8.     State the allegations in Paragraph 8 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 8.

9.     Deny the allegations in Paragraph 9 except admit that counsel for Answering Defendants stated that Liz Pelletier, Entangled's Chief Executive Officer, and Publisher, "created the basic storyline for the *Crave* book series, selecting the writer, Tracy Wolff; not based on a prepared manuscript but due to her writing voice." Defendants Entangled and Wolff further admit that the "*Crave* book series was a collaborative project with Pelletier providing to Wolff in writing the main plot, location, characters, and scenes, and actively participating in the editing and writing process." Defendants Wolff, Entangled, and Macmillan further admit that Stacy Abrams and Liz Pelletier are listed as editors of *Crave* and *Crush*. Defendant Universal lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore deny same.

## THE PARTIES

10.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore deny same.

11.     State that the allegations in Paragraph 11 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Wolff admits that she is a resident of the State of Texas and transacts business in New York. Remaining Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore deny same.

12.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore deny same.

13.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore deny same.

14.     State that the allegations in Paragraph 14 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Entangled admits that it is a Delaware Limited Liability Company with its principal place of business located in Parker, Colorado and transacts business in New York, New York. Remaining Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and therefore deny same.

15.     State that the allegations in Paragraph 15 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Macmillan admits that it is a New York Limited Liability Company with its principal place of business located in New York, New York. Remaining Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and therefore deny same.

16.     State that the allegations in Paragraph 16 contain conclusions of law to which no responsive pleading is necessary, but to the extent any response is required, Universal admits that it is a Delaware Limited Liability Company and transacts business in New York, New York, but denies the remainder of the allegations of Paragraph 16. Remaining Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 and therefore deny same.

17.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 and therefore deny same.

18.     State the allegations in Paragraph 18 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 18.

## JURISDICTION AND VENUE

19.     State the allegations in Paragraph 19 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 19, except admit that this case is styled as a civil action against Answering Defendants purporting to arise under the Copyright Act and that this Court has subject matter jurisdiction over federal copyright claims pursuant to 28 U.S.C. §§ 1331, 1332(a), 1338(a), and 1367.

20.     State that the allegations in Paragraph 20 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 20. Nonetheless, to the extent that Answering Defendants are subject to personal jurisdiction in this District, venue would be proper in this Court.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF[1]

21.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and therefore deny same.

### Freeman's Relationship with Prospect and Kim

22.     State the allegations in Paragraph 22 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore deny same.

---

[1] Headings from the Complaint are reproduced herein for the sake of convenience only.

23.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore deny same.

24.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore deny same.

25.     State the allegations in Paragraph 25 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore deny same.

26.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and therefore deny same.

27.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and therefore deny same.

### Freeman Meets Wolff

28.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 and therefore deny same except Wolff admits that she attended the Romance Writers of America conference in Anaheim, California in the summer of 2012.

29.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and therefore deny same except Wolff admits that she taught a workshop at the Romance Writers of America conference in Anaheim, California in the summer of 2012 although as to a different subject matter.

### The End of Freeman's Relationship with Kim and Prospect

30.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and therefore deny same.

31.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and therefore deny same.

32.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and therefore deny same.

### Freeman Discovers Infringing Books

33.     State the allegations in Paragraph 33 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and therefore deny same except admit that the first book in the *Crave* Book Series is entitled *Crave* and was published on April 7, 2020. Answering Defendants further admit that the *Crave* Book Series was written by Wolff.

34.     State the allegations in Paragraph 34 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and therefore deny same except admit that the three books following *Crave* in the *Crave* Book Series are *Crush* (published September 29, 2020), *Covet* (published March 2, 2021), and *Court* (published February 1, 2022).

35.     State the allegations in Paragraph 35 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and therefore deny same except admit that Answering Defendants' counsel received a demand letter from Plaintiff.

36.     Admit the allegations in Paragraph 36.

37.     State the allegations in Paragraph 37 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 37 except admit that Plaintiff's counsel responded to counsel for Answering Defendants' correspondence. Answering Defendants further state that in its February 17, 2022 correspondence to Plaintiff's counsel, Answering Defendants' counsel wrote: "I have been advised that Ms. Kim only emailed a pitch letter for your client's manuscript to Ms. Pelletier on October 10, 2013, and she **did not include the manuscript**." Counsel for Answering Defendants further explained that another editor replied to Ms. Kim stating that "Ms. Pelletier was closed to submissions and requested that Ms. Kim send the manuscript to her instead. **Ms. Pelletier was not copied on this correspondence.** The editor never replied to Ms. Kim nor discussed the manuscript with anyone after receiving it. **Notably, the manuscript was never sent to Ms. Pelletier by anyone.**"

38.     Deny the allegations in Paragraph 38 except admit that Stacy Abrams and Liz Pelletier are listed as editors of *Crave* and *Crush*.

### OVERWHELMING SIMILARITIES
### Between the Freeman Copyrighted
### Material and *Crave*

39.     State the allegations in Paragraph 39 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 39.

40.     State the allegations in Paragraph 40 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 40 and all subsections thereof. Answering Defendants further state that Plaintiff's descriptions of the plots of *Blue Moon Rising* and/or *Crave* are not copyrightable.

41.     State the allegations in Paragraph 41 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 41 and all subsections thereof. Answering Defendants further state that the cited excerpts from *Blue Moon Rising* and *Crave* are nothing more than isolated words or short phrases that are not subject to copyright protection.

42.     State the allegations in Paragraph 42 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 42 and all subsections thereof. Answering Defendants further state that the cited excerpts from *Blue Moon Rising* and *Crave* are nothing more than isolated words or short phrases that are not subject to copyright protection.

43.     State the allegations in Paragraph 43 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 43 and all subsections thereof.

### OVERWHELMING SIMILARITIES
### Between the Freeman Copyrighted Material
### and *Crush*, *Covet*, and *Court*

44.     State the allegations in Paragraph 44 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 44 and all subsections thereof. Answering Defendants further state that the cited excerpts from *Blue Moon Rising* and *Crush*, *Covet*, and *Court* are nothing more than isolated words or short phrases that are not subject to copyright protection.

### <u>COUNT 1</u>
### FRAUD AND DECEIT AGAINST PROSPECT AND KIM

45.     Answering Defendants repeat and incorporate its responses to the allegations in Paragraphs 1 through 44 as if fully set forth herein.

46.     State the allegations in Paragraph 46 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 and therefore deny same.

47.     State the allegations in Paragraph 47 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 and therefore deny same.

48.     State the allegations in Paragraph 48 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 and therefore deny same.

49.     State the allegations in Paragraph 49 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 and therefore deny same.

50.     State the allegations in Paragraph 50 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 and therefore deny same.

51.     State the allegations in Paragraph 51 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and therefore deny same.

52.     State the allegations in Paragraph 52 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 and therefore deny same.

53.     State the allegations in Paragraph 53 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 and therefore deny same.

## COUNT II
## BREACH OF FIDUCIARY DUTY AGAINST PROSPECT AND KIM

54.     Answering Defendants repeat and incorporate its responses to the allegations in Paragraphs 1 through 53 as if fully set forth herein.

55.     State the allegations in Paragraph 55 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 and therefore deny same.

56.     State the allegations in Paragraph 56 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 and therefore deny same.

57.     State the allegations in Paragraph 57 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 and therefore deny same.

58.     State the allegations in Paragraph 58 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 and therefore deny same.

<u>**COUNT III**</u>
**FRAUDULENT CONCEALMENT AGAINST PROSPECT AND KIM**

59.     Answering Defendants repeat and incorporate its responses to the allegations in Paragraphs 1 through 58 as if fully set forth herein.

60.     State the allegations in Paragraph 60 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 60.

61.     State the allegations in Paragraph 61 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and therefore deny same.

62.     State the allegations in Paragraph 62 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 and therefore deny same.

63.     State the allegations in Paragraph 63 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 and therefore deny same.

64.     State the allegations in Paragraph 64 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and therefore deny same.

**<u>COUNT IV</u>**
**BREACH OF CONTRACT AGAINST PROSPECT AND KIM**

65.     Answering Defendants repeat and incorporate its responses to the allegations in Paragraphs 1 through 64 as if fully set forth herein.

66.     Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 and therefore deny same.

67.     State the allegations in Paragraph 67 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 and therefore deny same.

68.     State the allegations in Paragraph 68 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 68.

69.     State the allegations in Paragraph 69 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 and therefore deny same.

70.     State the allegations in Paragraph 70 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70 and therefore deny same.

## <u>COUNT V</u>
## COPYRIGHT INFRINGEMENT AGAINST WOLFF, KIM, PROSPECT, ENTANGLED, MACMILLAN, AND CRAZY MAPLE STUDIO

71.     Answering Defendants repeat and incorporate its responses to the allegations in Paragraphs 1 through 70 as if fully set forth herein.

72.     State the allegations in Paragraph 72 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 72 and therefore deny same.

73.     State the allegations in Paragraph 73 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 and therefore deny same.

74.     State the allegations in Paragraph 74 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 74 and therefore deny same.

75.     State the allegations in Paragraph 75 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, lack knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 and therefore deny same.

76.     State the allegations in Paragraph 76 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 76 as to Answering Defendants and lack knowledge or information sufficient to form a believe as to the truth or falsity of the allegations in Paragraph 76 as to Crazy Maple Studio, Inc. and therefore deny the same.

77.     State the allegations in Paragraph 77 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 77.

78.     State the allegations in Paragraph 78 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 78.

79.     State the allegations in Paragraph 79 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 79.

80.     State the allegations in Paragraph 80 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 80.

## **COUNT VI**
### **CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST WOLFF, KIM, PROSPECT, ENTANGLED, MACMILLAN, AND CRAZY MAPLE STUDIO**

81.     Answering Defendants repeat and incorporate its responses to the allegations in Paragraphs 1 through 80 as if fully set forth herein.

82.     State the allegations in Paragraph 82 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 82.

83.     State the allegations in Paragraph 83 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 83.

84.     State the allegations in Paragraph 84 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 84.

85.     State the allegations in Paragraph 85 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 85.

## <u>COUNT VII</u>
### VICARIOUS COPYRIGHT INFRINGEMENT AGAINST WOLFF, KIM, PROSPECT, ENTANGLED, MACMILLAN, AND CRAZY MAPLE STUDIO

86.     Answering Defendants repeat and incorporate its responses to the allegations in Paragraphs 1 through 85 as if fully set forth herein.

87.     State the allegations in Paragraph 87 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 87.

88.     State the allegations in Paragraph 88 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 88.

89.     State the allegations in Paragraph 89 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 89.

90.     State the allegations in Paragraph 90 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 90.

91.     State the allegations in Paragraph 91 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 91.

**<u>COUNT VIII</u>**
**DECLARATORY RELIEF AGAINST UNIVERSAL, WOLFF, AND ENTANGLED**

92.     Answering Defendants repeat and incorporate its responses to the allegations in Paragraphs 1 through 91 as if fully set forth herein.

93.     Answering Defendants deny the allegations in Paragraph 93.

94.     State the allegations in Paragraph 94 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 94.

95.     Answering Defendants admit the allegations in Paragraph 95.

96.     State the allegations in Paragraph 96 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 96.

97.     State the allegations in Paragraph 97 contain conclusions of law as to which no responsive pleading is necessary, but to the extent any response is required, deny the allegations in Paragraph 97.

## JURY DEMAND

98.     Answering Defendants hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

99.     No responsive pleading is required in connection with Plaintiff's Prayer for Relief but Answering Defendants state that Plaintiff is not entitled to any of the relief set forth therein.

## AFFIRMATIVE DEFENSES

Answering Defendants make the following allegations as affirmative defenses against the claims asserted against it without admitting that it bears the burden of persuasion or presentation of evidence on each or any of these matters, and without waiving the right to assert and rely upon other defenses that become available or appear during the course of this action.

### FIRST AFFIRMATIVE DEFENSE
#### Failure to State a Claim

Plaintiff's claims are barred, in whole or in part, because the Complaint fails to state any claim against Answering Defendants on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
#### No Access

Plaintiff's claims for copyright infringement fail, in whole or in part, to the extent that Wolff did not have access to Plaintiff's manuscripts.

### THIRD AFFIRMATIVE DEFENSE
#### No Character Infringement

Plaintiff's claims of copyright infringement fail, in whole or in part, to the extent that they are based on any allegedly infringing use of any character from the Freeman Copyrighted Work because no such character appears in the *Crave* Book Series. Copyright law does not protect the general idea for a character. Further, such claims fail to the extent that they are based on the main

characters in in the Freeman Copyrighted Work, who do not exhibit sufficient distinctive characteristics to warrant copyright protection, or any other similarly nondistinctive character.

## FOURTH AFFIRMATIVE DEFENSE
### No Plot or Story Infringement

Plaintiff's claims of copyright infringement fail, in whole or in part, to the extent that they are based on Plaintiff's allegation that the plot and/or story of the Freeman Copyrighted Work is copied in the *Crave* Book Series. Any element of the plot and/or story of the Freeman Copyrighted Work that also allegedly appears in the *Crave* Book Series (which Answering Defendants deny) is generic and unprotected by copyright or is otherwise not protected from use in the *Crave* Book Series under the copyright doctrines of merger, *scènes à faire*, fair use, and the idea/expression dichotomy.

## FIFTH AFFIRMATIVE DEFENSE
### Lack of Originality

Plaintiff's claims for copyright infringement fail, in whole or in part, to the extent that Plaintiff's manuscript, in whole or in part, is not original.

## SIXTH AFFIRMATIVE DEFENSE
### Invalidity or Unenforceability of Copyright

Plaintiff's claims for copyright infringement fail, in whole or in part, to the extent that Plaintiff's manuscript, in whole or in part, lacks copyrightable subject matter.

## SEVENTH AFFIRMATIVE DEFENSE
### *Scènes à Faire* Doctrine

Plaintiff had not suffered and is not entitled to damages under the *scènes à faire* doctrine.

## EIGHTH AFFIRMATIVE DEFENSE
### Merger Doctrine

Plaintiff had not suffered and is not entitled to damages under the merger doctrine.

## NINTH AFFIRMATIVE DEFENSE
### De Minimis Doctrine

Plaintiff's copyright claims are barred, in whole or in part, by the de minimis doctrine.

## TENTH AFFIRMATIVE DEFENSE
### Invalidity or Unenforceability of Registration

Plaintiff lacks standing to sue because the asserted copyright registrations are defective or otherwise invalid.

## ELEVENTH AFFIRMATIVE DEFENSE
### Independent Creation

Plaintiffs' claims are barred, in whole or in part, because the work or works alleged to have infringed Plaintiffs' copyrights were independently created.

## TWELFTH AFFIRMATIVE DEFENSE
### Non-Infringement

Plaintiff's claims are barred, in whole or in part, because Answering Defendants are not infringing, and in the past have not infringed, any of the Plaintiff's alleged copyrights.

## THIRTEENTH AFFIRMATIVE DEFENSE
### No Substantial Similarity

Plaintiff's claims are barred, in whole or in part, because the *Crave* Book Series is not substantially similar to any manuscript written by Plaintiff, including, but not limited to, *Blue Moon Rising*.

## FOURTEENTH AFFIRMATIVE DEFENSE
### No Willful Infringement

To the extent any copyright has been infringed, which Answering Defendants deny, Defendant's actions were innocent and non-willful, and Plaintiff fails to identify any facts supporting its allegations of willfulness.

## FIFTEENTH AFFIRMATIVE DEFENSE
### Innocent Intent

Plaintiff's claims are barred, in whole or in part, because Answering Defendants' conduct was, at all times, in good faith and with non-willful intent.

## SIXTEENTH AFFIRMATIVE DEFENSE
### Constitutional Defenses

Plaintiff's claims are barred, in whole or in part, to the extent Answering Defendants' actions and speech are protected by the First Amendment of the Constitution of the United States and the Constitution of the State of New York.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### Copyright Misuse

Plaintiff's claims are barred, in whole or in part, because Plaintiff has engaged in one or more acts that have misused Plaintiff's copyrights.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### Failure to Mitigate Damages

To the extent any copyright has been infringed, which Defendant deny, Plaintiff failed to mitigate its damages, if any.

## NINETEENTH AFFIRMATIVE DEFENSE
### No Damages

Plaintiff has not suffered damages as a result of any act or omission by Defendant or attributable to Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE
### No Attorneys' Fees

To the extent any copyright has been infringed, which Defendant, Plaintiff is not entitled to an award of attorneys' fees under 17 U.S.C. § 505 in light of, inter alia, Defendant's reasonable

defenses. Additionally, Plaintiff is not entitled to statutory damages or attorneys' fees under 17 U.S.C. § 412.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### Waiver

Plaintiff's claims are barred, in whole or in part, by waiver.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### Estoppel

Plaintiff's claims are barred, in whole or in part, by estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### Unclean Hands

The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### Statute of Limitations

The Complaint is barred, in whole or in part, by the statute of limitations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### Laches

The Complaint is barred, in whole or in part, by laches.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### Reservation of Additional Defenses

Answering Defendants reserve the right to assert other affirmative defenses as they become known during the course of discovery, and hereby specifically reserve the right to amend their Answer to allege said affirmative defenses at such time as they become known.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in its favor and against Plaintiff, as follows:

a. Denying all relief sought by Plaintiff in the Complaint;

b.  Dismissing the Complaint in its entirety with prejudice;

c.  Declaring that the Answering Defendants have not infringed any of Plaintiff's copyrights;

d.  Finding that Plaintiff is not entitled to damages or attorneys' fees;

e.  Awarding Answering Defendants its costs, including reasonable attorneys' fees in accordance with 17 U.S.C. 505; and

f.  Granting all such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      June 27, 2022

Respectfully submitted,

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By: /s/ Nancy E. Wolff
    Nancy E. Wolff
    CeCe M. Cole
    41 Madison Avenue, 38th Floor
    New York, New York 10010
    Tel.: (212) 974-7474
    Fax: (212) 974-8474
    nwolff@cdas.com
    ccole@cdas.com
    *Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC, d/b/a Macmillan, and Universal City Studios LLC*