UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual<br><br>      *Plaintiff,*<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, MACMILLAN PUBLISHERS, LLC, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, CRAZY MAPLE STUDIO, INC., a California corporation<br><br>      *Defendants.* | Case No. 1:22-cv-02435-AT<br><br>**ANSWER OF PROSPECT AGENCY, LLC AND EMILY SYLVAN KIM TO FIRST AMENDED COMPLAINT** |

Defendants Prospect Agency, LLC and Emily Sylvan Kim (collectively, "Prospect"), by their undersigned attorneys Klaris Law PLLC, respectfully submit this answer and affirmative defenses in response to the First Amended Complaint ("FAC") filed by Plaintiff Lynn Freeman ("Freeman"). To the extent that any allegation in the FAC is not specifically admitted, the allegation is denied. Prospect answers the corresponding numbered paragraphs of the Amended Complaint as follows:

<u>**NATURE OF THE ACTION**</u>

1. Prospect denies each and every allegation of this paragraph.

2. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the

remaining allegations of this paragraph.

3.  Prospect denies that Kim told Freeman that Kim discovered the manuscript for *Twilight*, but admits that Kim worked at the agency at which *Twilight* was discovered. Prospect is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

4.  Prospect denies the allegations of this paragraph, except refers to Freeman's book for a true and accurate description of the contents therein, and affirmatively states that it is Kim's practice only to work with clients whose writing she likes.

5.  Prospect admits that Freeman engaged Prospect Agency, LLC as her literary agent from on or about December 8, 2010 to on or about March 25, 2014, and that during this period Prospect worked diligently and faithfully to help Freeman improve her manuscript(s) and submit them to publishers.

6.  Prospect denies each and every allegation of this paragraph, except refers to *Crave* for a true and accurate description of the contents therein.  Prospect affirmatively states that neither Kim nor any other employee of Prospect ever provided Freeman's manuscript(s), or any other Freeman material, to Wolff, or ever discussed Freeman's manuscript(s) with Wolff. Prospect further affirmatively states that it did not breach any fiduciary duty it had to Freeman.

7.  Prospect refers to the cited interview for a true and accurate description of the contents therein.

8.  To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

9.  Prospect admits that Kim sent a submission on Freeman's behalf to Entangled; however, to the best of Prospect's knowledge Freeman's manuscript was never considered by Entangled because the submission was withdrawn by Prospect when Freeman and Prospect terminated their agency relationship.   Prospect is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

## THE PARTIES

10. Prospect is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11. Prospect is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

12. Prospect admits the allegations of this paragraph.

13. To the extent that this paragraph contains allegations of law, not fact, no response is required. Prospect admits that Prospect Agency, LLC is a New Jersey Limited Liability Company with its principal place of business in Montclair New Jersey, and refers to the agency agreement between Prospect Agency, LLC and Freeman, which was terminated on or about March 25, 2014, for a true and accurate description of the contents therein.

14. Prospect is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

15. Prospect is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. Prospect is without knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph.

17. Prospect is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

19. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

20. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

21. Prospect is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### Freeman's Relationship with Prospect and Kim

22. To the extent that this paragraph contains allegations of law, not fact, no response is required. Prospect admits that Freeman engaged Prospect Agency, LLC as her literary agency from on or about December 8, 2010 until on or about March 25, 2014, and that Kim was engaged as Freeman's exclusive agent, and otherwise refers to the agency agreement for a true and accurate description of the contents therein.

4

23. Prospect admits that it is Kim's practice to review writing samples from potential clients before entering into an agency relationship with that client and thus that it is likely that Freeman sent a copy of Freeman's manuscript to Kim prior to entering into the agency agreement, but denies that Kim told Freeman that Kim found the manuscript for *Twilight* in a "slush pile," and denies that Kim told Freeman she had not yet had a commercial success at Prospect and thought Freeman's manuscript would cause that to change.  Prospect affirmatively states that among other commercial successes before she met Freeman, Kim had represented a National Book Award Finalist that was made into a film, and had represented several best-selling books.  Prospect is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

24. Prospect admits that it is Kim's practice only to work with clients whose writing she likes, and admits that Freeman and Prospect worked together from on or about December 8, 2010 until on or about March 25, 2014, and that during this period Prospect worked diligently and faithfully to help Freeman improve her manuscript(s) and submit them to publishers.  Prospect denies the remaining allegations of this paragraph.

25. Prospect is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph relating to copyright registration. Prospect denies that Kim told Freeman that she did not have lengthy phone calls with her other clients like she did with Freeman, and refers to the communications between Freeman and Prospect for a true and accurate description of the contents therein.

26. Prospect admits that Freeman and Prospect worked together from on or about

December 8, 2010 to on or about March 25, 2014, and that during this period
Prospect worked diligently and faithfully to help Freeman improve her manuscripts
and submit them to publishers.  Prospect denies the remaining allegations of this
paragraph.

27. Prospect is without knowledge or information sufficient to form a belief as to the
truth of the allegations of this paragraph, except refers to the written communications
between Freeman and Prospect for a true and accurate description of the contents
therein.

**Freeman Meets Wolff**

28. Prospect admits that Kim attended the Romance Writers of America conference in
Anaheim, California in July 2012, but states that Kim does not recall introducing
Freeman and Wolff at this event.  Prospect denies the remaining allegations of this
paragraph.

29. Prospect admits that Kim attended the Romance Writers of America conference in
Anaheim, California in July 2012, but states that Kim does not recall riding in a
vehicle from the hotel to the conference with Wolff, Freeman and others, or any
discussions that allegedly occurred during that ride.  Prospect denies the remaining
allegations of this paragraph.

30. Prospect admits that in late 2013, after submitting Freeman's book to at least 17
editors, Kim told Freeman that there were only a few other editors that Kim could
identify that might be a good fit for Freeman's manuscript and that it was important
to put her best work forward to these editors, and Kim asked Freeman to write
materials such as outlines an exercise to help her hone in on her core story before

making further submissions.  When Freeman questioned the limited options for submitting manuscripts, Kim invited Freeman to suggest other editors for consideration. Prospect denies the remaining allegations of this paragraph.

31. Prospect denies each and every allegation of this paragraph., except refers to the correspondence between Prospect and Freeman for a true and accurate description of the contents therein.

32. Prospect admits that the agency relationship between Freeman and Prospect was terminated on or about March 25, 2014, but denies that Kim ever told Freeman she should wait until 2021 to make further submissions of her manuscript.  Prospect is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

### Freeman Discovers Infringing Books

33. Prospect admits that the book *Crave*, authored by Tracy Wolff, was published on or about April 7, 2020.  Prospect is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

34. Prospect admits that the book *Crush*, authored by Tracy Wolff, was published on or about September 29, 2020, that the book *Covet*, authored by Tracy Wolff, was published on or about March 2, 2021, and that the book *Court*, authored by Tracy Wolff, was published on or about was February 1, 2022.  Prospect is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

35. Prospect admits that it received a demand letter from Freeman's attorney in February 2022.  Prospect is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of this paragraph.

36. Prospect is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

37. Prospect is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

38. Prospect admits that it submitted Freeman's manuscript to Entangled Publishing, at Freeman's behest, on or about October 2013, except refers to the books *Crave* and *Crush* for a true and accurate description of the contents therein.  Prospect affirmatively states that when Freeman and Prospect terminated their agency relationship on or about March 25, 2014, Kim asked Freeman whether she wanted to pull the submission from Entangled Publishing; Freeman said yes, and Kim subsequently pulled the submission as agreed.

**OVERWHELMING SIMILARITIES Between the Freeman Copyrighted Material And Crave**

39. To the extent that this paragraph contains allegations of law, not fact, no response is required.  To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph, except refers to the respective books and/or manuscripts for a true and accurate description of the contents therein.

40. To the extent that this paragraph contains allegations of law, not fact, no response is required.  To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph, except refers to the respective books and/or manuscripts for a true and accurate description of the contents therein.

41. To the extent that this paragraph contains allegations of law, not fact, no response is

required.  To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph, except refers to the respective books and/or manuscripts for a true and accurate description of the contents therein.

42. To the extent that this paragraph contains allegations of law, not fact, no response is required.  To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph, except refers to the respective books and/or manuscripts for a true and accurate description of the contents therein.

43. To the extent that this paragraph contains allegations of law, not fact, no response is required.  To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph, except refers to the respective books and/or manuscripts for a true and accurate description of the contents therein.

**OVERWHELMING SIMILARITIES Between the Freeman Copyrighted Material and Crush, Covet and Court**

44. To the extent that this paragraph contains allegations of law, not fact, no response is required.  To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph, except refers to the respective books and/or manuscripts for a true and accurate description of the contents therein.

**<u>COUNT 1</u>**

**FRAUD AND DECEIT AGAINST PROSPECT AND KIM**

45. Prospect repeats and realleges its answers to the FAC set forth in Paragraphs 1 through 44 as if fully set forth herein.

46. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the

remaining allegations of this paragraph.

47. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

48. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

49. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

50. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

51. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

52. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

53. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

## COUNT II

**BREACH OF FIDUCIARY DUTY AGAINST PROSPECT AND KIM**

54. Prospect repeats and realleges its answers to the FAC set forth in Paragraphs 1 through 53 as if fully set forth herein.

55. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

56. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

57. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

58. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

## COUNT III

**FRAUDULENT CONCEALMENT AGAINST PROSPECT AND KIM**

59. Prospect repeats and realleges its answers to the FAC set forth in Paragraphs 1 through 58 as if fully set forth herein.

60. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

11

61. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

62. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

63. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

64. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

## <u>COUNT IV</u>

### BREACH OF CONTRACT AGAINST PROSPECT AND KIM

65. Prospect repeats and realleges its answers to the FAC set forth in Paragraphs 1 through 64 as if fully set forth herein.

66. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

67. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

68. To the extent that this paragraph contains allegations of law, not fact, no response is

required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

69. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

70. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

## COUNT V

## COPYRIGHT INFRINGEMENT AGAINST WOLFF, KIM, PROSPECT, ENTANGLED, MACMILLAN AND CRAZY MAPLE STUDIO

71. Prospect repeats and realleges its answers to the FAC set forth in Paragraphs 1 through 70 as if fully set forth herein.

72. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

73. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

74. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

75. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

76. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

77. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

78. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

79. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

80. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

## COUNT VI

## CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST WOLFF, KIM, PROSPECT, ENTANGLED, MACMILLAN AND CRAZY MAPLE STUDIO

81. Prospect repeats and realleges its answers to the FAC set forth in Paragraphs 1 through 80 as if fully set forth herein.

14

82. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

83. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

84. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

85. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

## <u>COUNT VII</u>

**VICARIOUS COPYRIGHT INFRINGEMENT AGAINST WOLFF, KIM, PROSPECT, ENTANGLED, MACMILLAN AND CRAZY MAPLE STUDIO**

86. Prospect repeats and realleges its answers to the FAC set forth in Paragraphs 1 through 85 as if fully set forth herein.

87. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

88. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

89. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

90. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

91. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

## COUNT VIII

**DECLARATORY RELIEF AGAINST UNIVERSAL, WOLFF AND ENTANGLED**

92. Prospect repeats and realleges its answers to the FAC set forth in Paragraphs 1 through 91 as if fully set forth herein.

93. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

94. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

95. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

96. To the extent that this paragraph contains allegations of law, not fact, no response is

required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

97. To the extent that this paragraph contains allegations of law, not fact, no response is required. To the extent the allegations require a response, Prospect denies the remaining allegations of this paragraph.

## JURY DEMAND

98. Prospect denies that Plaintiff is entitled to any type of remedy, relief or damages, including the relief requested in Plaintiff's Jury Demand.

## PRAYER FOR RELIEF

99. Prospect denies that Plaintiff is entitled to any type of remedy, relief or damages, including the relief requested in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's allegations set forth in the FAC against Prospect fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the FAC against Prospect are barred in whole or in part by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the FAC against Prospect are barred in whole or in part because Prospect has complied with any contractual conditions.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the FAC against Prospect are barred in whole or in part

because Prospect acted in good faith, and honestly and reasonably.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the FAC against Prospect are barred in whole or in part because the conduct of Prospect was justified and not improper.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims set forth in the FAC against Prospect are barred in whole or in part because Plaintiff has sustained no actual damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims set forth in the FAC against Prospect are barred in whole or in part because none of the actions of Prospect were done maliciously, wantonly, willfully or in any other way warranting punitive damages, enhanced damages or attorney's fees.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff alleges fraud or fraudulent concealment against Prospect, Plaintiff has failed to plead those claims with the requisite particularity.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims set forth in the FAC against Prospect are barred in whole or in part because Prospect has not materially breached the agency agreement between Plaintiff and Prospect.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims set forth in the FAC against Prospect are barred in whole or in part because the allegedly infringing works are not substantially similar to any protectible elements of Plaintiff's works.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims set forth in the FAC against Prospect are barred in whole or in part because any alleged similarity between the parties' works is based solely on material that is not original to Plaintiff, unprotectable ideas, stock elements, or *scènes à faire*, and is therefore not protectible expression.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the FAC against Prospect are barred in whole or in part because the work or works alleged to have infringed Plaintiff's copyrights were independently created.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the FAC against Prospect are barred in whole or in part because the asserted copyright registrations are defective or otherwise invalid.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the FAC against Prospect are barred in whole or in part because Prospect has not knowingly induced, caused or materially contributed to copyright infringement by another party.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the FAC against Prospect are barred in whole or in part because Prospect did not have the right and ability to control any infringing activities by another party where Prospect had a direct financial interest in those activities.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

## SEVENTHEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the FAC against Prospect are barred in whole or in part by the doctrines of waiver or estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the FAC against Prospect are barred in whole or in part under the doctrine of laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the FAC against Prospect are barred in whole or in part under the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of attorneys' fees under 17 U.S.C. § 505 or 17 U.S.C. § 412.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Prospect reserves the right to assert other defenses as they become known during the course of discovery, and hereby specifically reserve the right to amend their Answer to allege said affirmative defenses at such time as they become known.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court enter judgment in its favor and against Plaintiff, as follows:

a.  Denying all relief sought by Plaintiff in the Complaint;

b.  Dismissing the Complaint in its entirety with prejudice;

c.  Declaring that Prospect has not defrauded Plaintiff;

d.  Declaring that Prospect did not breach a fiduciary duty to Plaintiff;

e.  Declaring that Prospect did not engage in fraudulent concealment;

f.  Declaring that Prospect did not breach the agency agreement with Plaintiff;

g.  Declaring that Prospect has not infringed any of Plaintiff's copyrights;

h.  Finding that Plaintiff is not entitled to damages or attorney's fees;

i.  Awarding Prospect its costs, including reasonable attorneys' fees in accordance with

17 U.S.C. § 505; and

j.  Granting all such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        June 27, 2022

Respectfully submitted,

KLARIS LAW PLLC

By: /s/Lacy H. Koonce, III
    Lacy H. Koonce, III
    lance.koonce@klarislaw.com
    29 Little West 12th Street
    New York, NY 10014
    (917) 612-5861

*Attorneys for Defendants*
*Prospect Agency, LLC and*
*Emily Sylvan Kim*

To:    Mark D. Passin
       CS Reeder, PC
       11766 Wilshire Blvd. Suite 1470
       Los Angeles, CA 90025
       mark@csrlawyers.com

       Paul V. LiCalsi
       Reitler Kailas & Rosenblatt LLC
       855 Third Avenue
       Ste 20th Floor
       New York, NY 10022
       plicalsi@reitlerlaw.com