UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYNNE FREEMAN, an individual

        *Plaintiff,*

  -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, MACMILLAN PUBLISHERS, LLC, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company

        *Defendants.*

Case No. 1:22-cv-02435-AT

**STIPULATED PROTECTIVE ORDER**

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby **ORDERED** that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

**Confidential Materials May Be Designated as Confidential**

    1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) or any unpublished manuscript or other unpublished copyrighted material other than through the discovery process (such Discovery Material and unpublished manuscripts and other unpublished copyrighted material shall hereinafter be referred to collectively as "Confidential Material") that is designated as "CONFIDENTIAL" ~~or "ATTORNEYS' EYES ONLY"~~ pursuant

to the terms of this Order shall not disclose such Confidential Material to anyone else except as expressly permitted hereunder.

2. The person producing Confidential Material may designate as "CONFIDENTIAL" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. ~~The person producing Confidential Material may also designate as "ATTORNEYS' EYES ONLY", in whole or in part, any portions thereof which contain highly confidential information, such as trade secrets, that the producing party or nonparty believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized under paragraphs 7(a) and 7(b) below would have the effect of causing harm to the competitive business or commercial position of the party or nonparty making the designation. The party or nonparty making the designation of "ATTORNEYS' EYES ONLY" bears the burden of showing that the material so designated could not be reasonably protected through the "CONFIDENTIAL" designation. The marking shall state "ATTORNEYS' EYES ONLY" along with a designation, e.g., bates number prefix, of the identity of the party or nonparty making the designation.~~

4.3. With respect to the confidential portion of any Confidential Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate

2

**EXHIBIT A**
**Page 7**

such portion as "CONFIDENTIAL" ~~or "ATTORNEYS' EYES ONLY"~~ by stamping or otherwise clearly marking as "CONFIDENTIAL" ~~or "ATTORNEYS' EYES ONLY"~~ the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "CONFIDENTIAL ~~or "ATTORNEYS' EYES ONLY"~~ either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER" by the reporter.

~~5.~~4.   If at any time prior to the trial of this action, a producing person realizes that some portion of Confidential Material that that person previously produced without limitation should be designated as "CONFIDENTIAL" ~~or "ATTORNEYS' EYES ONLY"~~ the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Confidential Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Confidential Material that bears the "CONFIDENTIAL" ~~or "ATTORNEYS' EYES ONLY"~~ designation within two (2) business days of providing such notice.

~~6.~~5.   Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "ATTORNEYS' EYES ONLY", reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

**Who May Receive Confidential Materials**

~~7.~~6.     No person subject to this Order, other than the producing person, shall disclose any Confidential Material to any other person whomsoever, except to:

a.   the parties to this action;

~~a.~~b., ~~and their~~ The employees and agents of the parties to the action, provided that such disclosure is needed to assist in the prosecution or defense of this action;

~~b.~~c. persons who are members of, associated with, or employed by the parties' respective undersigned counsels' law firms, including but not limited to attorneys who are working on this action on behalf of any party, and any paralegals, clerical employees, and other office staff employed by such counsel;

d.   as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

~~c.~~e. any witnesses (other than persons who already qualify under sub-paragraphs 6(a)-6(d)) who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided that they are advised of the existence of this Stipulated Protective Order and that Confidential Material is subject to the terms of the Order;

**Formatted:** Left

~~d.~~f. any persons retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, including their professional and clerical support staff, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

~~e.~~g. court reporters, stenographers and/or video technicians engaged to transcribe or record depositions conducted in this action;

   f.h. independent photocopying, graphic production services, trial consulting services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

   g.i. the Court and its staff; and

   h.j. any other person whom the producing person, or other person designating the Confidential Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" agrees in writing may have access to such Confidential Material provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto.

  8.7. Prior to the disclosure of any Confidential Material to any person referred to in subparagraphs 76(fd) or 7(jh) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it upon request to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. No person subject to this Order, other than the producing person, shall disclose any ATTORNEYS' EYES ONLY Confidential Material to any other person whomsoever, except to the persons identified in subparagraphs 7(b) and 7(g), unless the parties agree in advance to such disclosure.

  9.8. Nothing in paragraphs 7-8 shall otherwise prevent counsel of record from adequately communicating with their respective clients and keeping their clients informed as to the status and progress of this action by referring generally to papers or pleadings, including briefs

~~and declarations or affidavits filed with the Court, which contain or refer to CONFIDENTIAL material, so long as counsel does not disclose the specific contents of those CONFIDENTIAL material to individuals not authorized hereunder.~~

**Filing Confidential Materials in this Action**

~~10.~~9.   Notwithstanding the designation of material as "CONFIDENTIAL" ~~or "ATTORNEYS' EYES ONLY"~~ in discovery, there is no presumption that such Confidential Material will be filed with the Court under seal. The parties shall follow § IV(A) of Judge Torres' Individual Practices in Civil Cases with respect to pretrial requests for filing under seal.

~~11.~~10.   All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as "CONFIDENTIAL" or sealed during pretrial proceedings.

~~12.~~11.   Each person who has access to Confidential Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Failure to Designate**

~~13.~~12.   Production of any material without a designation or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing party ~~or nonparty~~ from designating said material CONFIDENTIAL ~~or ATTORNEYS' EYES ONLY~~.  Once redesignated, the redesignated material shall thereafter be treated as if it had originally been designated at the redesignated level.  Following any redesignation of materials, the party receiving such materials shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies of, excerpts of, and notes related to any redesignated materials from persons not entitled to receive them.   Disclosure of such

6

CONFIDENTIAL or ATTORNEYS' EYES ONLY material to persons not authorized to receive that material prior to receipt of the redesignation shall not be deemed a violation of this Order. In the event distribution has occurred to a person not under the control of a receiving party, a request for return of the material, and for an undertaking of confidentiality, shall be made in writing. In the event the request is not agreed to in writing within five (5) court days, or in the event there is no response, or in the event that the receiving party deems the making of the request to be a useless act, the receiving party shall promptly notify the producing party or nonparty of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

**Inadvertent Disclosure of Privileged Materials**

14. 13. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. 14. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. 15. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17.16. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in-camera review of the Inadvertently Disclosed Information.

**Improper Disclosure**

18.17. If materials designated CONFIDENTIAL ~~or ATTORNEYS' EYES ONLY~~ are disclosed to any person other than in the manner authorized by this Order, the receiving party responsible for the disclosure must bring all pertinent facts relating to such disclosure to the attention of the producing party or nonparty when such facts are learned by the receiving party, and without prejudice to the rights and remedies of the producing party or nonparty, make every effort to retrieve the improperly disclosed materials and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such materials.

**Termination of the Litigation**

19.18. This Order shall survive the termination of the litigation. ~~Within thirty (30) days of the final disposition of this action, all Confidential Material, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.~~

20.19. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

| For Plaintiff(s): | For Defendant(s): |
|---|---|
| Signed: _____ | Signed: _____ |
| Name: _____ | Name: _____ |
| Dated: _____, 2022 | Dated: _____, 2022 |

**SO ORDERED.**

Dated: _____, 2022

_____
**HON. ANALISA TORRES**
**United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual<br><br>*Plaintiff*,<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, MACMILLAN PUBLISHERS, LLC, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company<br><br>*Defendants*. | Case No. 1:22-cv-02435-AT<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, declare and say that:

1. I have read and understand the Stipulated Protective Order ("Order") entered in *Lynne Freeman v. Tracy Deebs-Elkenaney et. al*, Case No. 1:22-cv-02435-AT ("Action"), and a copy of the Order has been given to me.

2. I agree to be bound by the terms of the Order and agree that any material designated CONFIDENTIAL ~~or ATTORNEYS' EYES ONLY~~ within the meaning of the Order shall be used by me only ~~to assist outside litigation counsel in connection with the~~ for the purposes of this Action.

3. ~~I agree that I will not disclose or discuss material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with anyone other than the persons described in paragraphs 7-8 of the Order.~~

4.3.    I agree that I will not disclose or discuss material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with anyone other than the persons described in paragraph 67 of the Order.

5.    I understand that any disclosure or use of material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY in any manner contrary to the terms of the Order will subject me to sanctions, including for contempt of the Order.

6.4.    I understand and agree that within thirty (30) days of receipt of written notice of the final disposition of this Action, whether by judgment, settlement, or otherwise, including appeals, from the party or attorney from whom I received the CONFIDENTIAL material, I shall either destroy or deliver to counsel for the producing party or nonpartysuch person, all CONFIDENTIAL or ATTORNEYS' EYES ONLY material and all copies made thereof (including summaries, excerpts and work product that includes information obtained from any received Confidential Material).

7.5.    I agree to be subject *in personam* to the jurisdiction of the United States District Court for the Southern District of New York in which this Action shall be conducted in connection with any proceeding related to the enforcement of the Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

At: _____

_____
[Signature]

11

**EXHIBIT A**
**Page 16**