UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual,<br><br>     *Plaintiff*,<br><br>  -against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, HOLTZBRINCK PUBLISHERS, LLC D/B/A MACMILLAN, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, and CRAZY MAPLE STUDIO, INC., a California Corporation,<br><br>     *Defendants*. | Case No. 1:22-cv-02435-AT<br><br>**STIPULATED**<br>**PROTECTIVE ORDER** |

**Analisa Torres, District Judge:**

  WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

  WHEREAS, the Parties, through counsel, agree to the following terms; and

  WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

  IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, and any other persons who sign this Stipulated

Protected Order or the Non-Disclosure Agreement attached hereto, or anyone with actual notice of this Order, will adhere to the following, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of informal and/or formal discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

3. The person producing Discovery Material may designate as "Attorneys' Eyes Only" any portion thereof that, the producing party or nonparty believes in good faith, (a) contains highly confidential or highly sensitive information, the disclosure of which is likely to have a significant effect on current or future (i) business or commercial strategies or decisions or (ii) product plans or development; (b) the disclosure to persons other than those authorized under paragraph 8 below is restricted by law; or (c) was previously

produced in a case with an Attorneys' Eyes Only designation. The party or nonparty making the designation of "Attorneys' Eyes Only" bears the burden of showing that the material so designated could not be reasonably protected through the "Confidential" designation. Any party who requests a designation of "Attorneys' Eyes Only" for a reason other than those set forth above may at any time before the trial of this action serve upon counsel for the recipient party a written notice stating with particularity the grounds of the request. If agreement cannot be reached promptly, counsel for all Parties will address their dispute to the Court in accordance with Rules II.C and III.A. of Judge Torres' Individual Practices in Civil Cases.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within five (5) business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Attorneys' Eyes Only," the producing person may so designate that portion by promptly notifying all Parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Attorneys'

Eyes Only under the terms of this Order. In addition, the producing person shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

**Who May Receive Confidential Materials**

6.  No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

a) the Parties;

b) the employees and agents of the parties to the action, provided that such disclosure is needed to assist in the prosecution, defense or settlement of this action;

c) counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

d) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

e) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person is advised of the existence of this Stipulated Protective Order and that Confidential Discovery Material is subject to the terms of the Order;

f) any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this

        action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    g)     stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

    h)     independent photocopying, graphic production services, or other litigation support services employed by the Parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system

    i)     the Court and its staff; and

    j)     any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

7.     Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraph 6(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8.     No person subject to this Order, other than the producing person, shall disclose any Attorneys' Eyes Only Discovery Material to any other person whomsoever, except to the persons identified in subparagraphs 6(c), 6 (d), 6(f), 6(g), and 6(i), and the Parties' respective in-house counsel, unless the Parties agree in advance to such disclosure.

**EXHIBIT B**
**Page 21**

9.      Any person who either objects to any designation of "Confidential" or "Attorneys' Eyes Only" or who, by contrast, requests still further limits on disclosure (such as "Attorneys' Eyes Only," reserved for extraordinary circumstances), may at any time prior to the trial of this action serve upon the designating person and all other Parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all Parties will address their dispute to the Court in accordance with Rules II.C and III.A. of Judge Torres' Individual Practices in Civil Cases.  The party or nonparty making the designation of "Confidential" or "Attorneys' Eyes Only" bears the burden of showing that the material so designated requires the designation.

10.     Notwithstanding the designation of material as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The Parties shall follow Rule IV.A of Judge Torres' Individual Practices in Civil Cases with respect to pretrial requests for filing under seal.

11.     All persons ae hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Confidential Discovery Material introduced in evidence at trial, even if such material was previously designated as "Confidential" or "Attorneys' Eyes Only" or sealed during pretrial proceedings.

12.     Each person who has access to Confidential or Attorneys' Eyes Only Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

14. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

15. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party to request an in camera review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential and Attorneys' Eyes Only Discovery Material and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

[*Remainder of Page Intentionally Left Blank; Signature Page to Follow*]

| | |
|---|---|
| Dated:_____ | Dated: June 23, 2022 |
| **Reitler Kailas & Rosenblatt LLP** | **Cowan, DeBaets, Abrahams, & Sheppard LLP** |

By:_____
Paul LiCalsi
885 Third Avenue, 20th Floor
New York, New York 10022
Tel.: 212-209-3050
plicalsi@reiterlaw.com

CSReeder, PC
Mark Passin (admitted *pro hac vice*)
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
Tel.: (310) 861-2470
mark@csrlawyers.com

*Attorneys for Plaintiff* Lynne Freeman

By: /s/ Nancy E. Wolff
Nancy E. Wolff
CeCe M. Cole
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: 212-974-7474
nwolff@cdas.com
ccole@cdas.com

*Attorneys for Defendants* Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Universal City Studios, LLC, Entangled Publishing, LLC and Holtzsbrinck Publishers, LLC, d/b/a Macmillan

Dated: June 23, 2022

**Klaris Law PLLC**

By: /s/ Lacy H. Koonce III
Lacy H. ("Lance") Koonce, III
29 Little West 12th Street
New York, New York 10014
Tel.: 917-612-5861
lancekoonce@gmail.com

*Attorneys for Defendants* Emily Sylvan Kim and Prospect Agency, LLC

Dated: June 23, 2022

**Procopio Cory Hargreaves & Savitch LLP**

By: _____
Jack Shaw
Eric Plourde
1117 S. California Ave, Suite 200
Palo Alto, CA 94304
Tel.: 650-645-9000
jack.shaw@procopio.com
eric.plourde@procopio.com

*Attorneys for Defendant* Crazy Maple Studio, Inc.

**SO ORDERED**.

_____
**HON. ANALISA TORRES**
**United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual,<br><br>      *Plaintiff,*<br><br> -against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, HOLTZBRINCK PUBLISHERS, LLC D/B/A MACMILLAN, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, and CRAZY MAPLE STUDIO, INC., a California Corporation,<br><br>      *Defendants*. | Case No. 1:22-cv-02435-AT<br><br>**NON-DISCLOSURE AGREEMENT** |

  I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

  Dated: _____          _____
                                 [Signature]