

July 12, 2022

**VIA ECF**

Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square Room 430
New York, NY 1000

    Re:    *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*  22 Civ 2435 (AT)

Dear Judge Netburn:

    This firm represents Plaintiff Lynne Freeman ("Plaintiff") in the above-referenced action and is submitting this letter motion to Your Honor pursuant to Rule II. C. of your Individual Practices. The other parties in the action are defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff ("Wolff"), Entangled Publishing, LLC ("Entangled"), Holtzbrinck Publishers, LLC d/b/a Macmillan ("Macmillan"), Universal City Studios LLC ("Universal"),  Emily Sylvan Kim ("Kim"), Prospect Agency, LLC ("Prospect"), and Crazy Maple Studio, Inc. ("Crazy Maple Studio" and together with Wolff, Entangled, Macmillan, Universal, Kim, and Prospect, "Defendants"). This letter pertains to the parties' dispute over the inclusion of an "Attorneys' Eyes Only" (AEO) provision in the parties' Stipulated Protective Order ("Protective Order") with a carve out for respective Defendants' in-house counsel. The parties have extensively met and conferred on this issue by both e-mail and telephone and have been unable to resolve this dispute.  The parties originally sent Judge Torres a joint letter regarding the dispute, but upon receipt of the letter Judge Torres referred the case to Your Honor for all General Pretrial.

**Plaintiff's Position**

    On April 20, 2020, Nancy Wolff, one of the attorneys for Entangled, Wolf, Macmillan and Universal, and I agreed that we should enter into a stipulated protective order to be able to mark certain material confidential.  Approximately an hour later, Ms. Wolff sent me a link to a sample Stipulated Protective Order.  The stipulation did not contain an AOE clause.  On April 22, 2022, I sent Ms. Wolff and Mr. Koonce a draft

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
|---|---|---|
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
|  | WEBSITE | www.markpassin.com |

Page 2
July 12, 2022

protective order that was based on a form that my co-counsel used in a case before Judge Torres. It was very similar to the form that Ms. Wolff had sent to me and it likewise did not contain an AOE clause.

On May 2, 2022, CeCe Cole, an associate in Ms. Wolff's office, sent me a revised proposed protective order. The draft that she sent to me contained for the first time an AOE provision. I wrote Ms. Cole back that evening stating that "I will never agree to anything being designated 'attorneys' eyes only.' I cannot effectively represent my client if there are any documents or information that I cannot disclose to her. Moreover, I cannot imagine what in this case would require that type of protection."

On May 3, 2022, Ms. Wolf sent me an e-mail stating, among other things, that she did not understand my concern with an AEO level of confidentiality. She has always included a second layer of confidentiality when she represents corporations that may have trade secrets or other financial or business information that may be appropriate for parties other than lawyers including inhouse counsel. She states that the AEO provision is standard and there is a process for objecting to the designation if I disagree that something should be designated AEO. She attached to her e-mail a clean and redlined copy of the stipulation that Ms. Cole previously sent to me. The stipulation did not allow in-house counsel access to AEO designated material.

On May 4, I responded by e-mail stating that I did not think it was appropriate to not be able to share all information with my client in this type of a case. I further explained that my client "is not a competitor of Entangled, Macmillan or NBC Universal." On May 4, 2022, Ms. Wolf sent me an e-mail stating that "[T]he protective order is for all parties in the action. If a type of document is necessary for you to share with your client, there is a process to review that." On May 6, 2022, I sent Ms. Wolf a revised Protective Order that contained a provision that allowed any person who wanted to mark something AEO to send counsel a written notice stating with particularity the grounds for the request. If agreement could not be reached, the stipulation provided that "counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling." A copy of that Protective Order is attached hereto as Exhibit "A."

On May 6, 2022, Mr. Koonce sent me an e-mail informing me that his clients also insisted on an AEO provision, and it was quite standard and should not be controversial. On May 7, 2022, Ms. Wolff sent me an e-mail stating that "everyone in the southern district who has corporate clients add an attorneys' eyes only and I've never had a case when anyone has ever objected." Additional drafts and e-mails were exchanged between the parties.

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE (310) 861-2470
FAX (310) 861-2476
EMAIL mark@csrlawyers.com
WEBSITE www.markpassin.com

Page 3
July 12, 2022

In order to move forward with the case, I reluctantly agreed to the AEO provision and thought we had resolved the issue. However, on May 23, 2022, Ms. Cole sent me a redrafted Protective Order that for the first time allowed the "Parties' respective in-house counsel" access to material designated AEO. On May 26, 2022, I sent Ms. Cole an e-mail stating that "her latest draft was grossly unfair because it was "a one-way 'Attorneys Eyes Only' agreement." I explained that the Protective Order allows the Defendants the right to give AEO material to their in-house counsel (supposedly because they are attorneys),but does not allow me to give copies of the documents to my client, who is also an attorney. I said either we have an outside counsel AEO category or do not have the category.

Shortly after Plaintiff filed her FAC, adding Crazy Maple as a defendant, I received an e-mail from one of Crazy Maple's attorneys, Eric Plourde. He stated in the e-mail that he needed an AEO category in the Protective Order. I told him over the telephone that I had no objection to including an AEO provision, but if it was going to allow in-house counsel to see material designated AEO, my client (who is an attorney) should be allowed access to the material as well.

Additional e-mails were exchanged, and the matter was delayed while one of the Defendants' attorneys was on vacation. On June 24, 2022, Ms. Cole sent me a Protective Order signed by all of the Defendants' attorneys. A copy of the Protective Order is enclosed herewith as Exhibit "B." It contained an AEO provision and allowed in-house counsel, but not my attorney client, access to material designated AEO. On June 28, 2022, I wrote Ms. Cole stating that "either (1) we do not have an AEO category; (2) we have an AEO category and in-house counsel are not entitled to review material designated AEO; or (3) we have an AEO category and in-house counsel and my client are entitled to review such material. On July 1, 2022, Ms. Wolf advised me by e-mail that the parties are at an impasse.

Plaintiff feels strongly that this is not the type of case for which an AEO provision is required. It does not involve any trade secrets and Plaintiff is not a competitor of any of the corporate clients. Moreover, Plaintiff's counsel cannot effectively represent Plaintiff if the Defendants mark financial documents AEO. In a copyright infringement case, the Plaintiff is entitled to seek disgorgement of the profits of the infringing parties. Thus, if any of the Defendants financial information relating to their profits is marked AEO, Plaintiff's counsel will not be able to properly advise their client regarding her potential recovery or settlement.

Similarly, if the defendants designate any potentially infringing material AOE, Plaintiff's counsel will be severally hampered. For example, I recently served document requests on Universal requesting copies of all of its scripts and treatments relating to its planned motion picture based on one of the books that Plaintiff alleges infringed her manuscript. Plaintiff's counsel will need to show that material to Plaintiff so she can

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE   (310) 861-2470
FAX     (310) 861-2476
EMAIL   mark@csrlawyers.com
WEBSITE www.markpassin.com

Page 4
July 12, 2022

compare it to her manuscript and together with counsel decide how to best proceed with respect to the declaratory relief claim Plaintiff alleged against Universal.  Thus, it is Plaintiffs' position that the Protective Order should not contain an AEO provision.

Alternatively, if there is going to be an AEO provision in the protective order, all attorney parties should be provided with access including, but not limited to, in-house counsel and Plaintiff.  Plaintiff is a practicing family law attorney in Alaska and should be allowed access to AEO material for the same reasons that in-house counsel are provided access.  Plaintiff's counsel cannot effectively represent their client if any relevant material in this case is marked AEO and they are prevented from disclosing the AEO material to their client.  The Protective Order proposed by Plaintiff allows access to AEO material to litigation counsel and in-house counsel, but not Plaintiff.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**CSReeder, PC**

_____

**CSREEDER, PC**
Mark D. Passin
11766 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90025
310-861-2475
mark@csrlawyers.com

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE   (310) 861-2470
FAX     (310) 861-2476
EMAIL   mark@csrlawyers.com
WEBSITE www.markpassin.com

Page 5
July 12, 2022

**REITLER KAILAS & ROSENBLATT LLP**
Paul V. LiCalsi
885 Third Avenue, Ste 20th Floor
New York, NY 10022
212-209-3090
plicalsi@reitlerlaw.com

*Attorneys for Plaintiff* Lynne Freeman

cc: All counsel of record (via ECF)

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE    (310) 861-2470
FAX      (310) 861-2476
EMAIL    mark@csrlawyers.com
WEBSITE  www.markpassin.com