Jack Shaw (SDNY Bar No. JS0104)
E-mail: jack.shaw@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
1117 S. California, Suite 200
Palo Alto, California 94304
Telephone: (650) 645-9000
Facsimile: (650) 687-8300

Eric A. Plourde (SDNY Bar No. EP9546)
E-mail: eric.plourde@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Defendant Crazy Maple Studio, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual,<br><br>  *Plaintiff*,<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, HOLTZBRINCK PUBLISHERS, LLC, D/B/A/ MACMILLAN, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, CRAZY MAPLE STUDIO, INC, a California corporation,<br><br>  *Defendants*. | Case No. 1:22-cv-02435-AT<br><br>**STIPULATION OF DISMISSAL AND ORDER THEREON** |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/2022

- 2 -

WHEREAS, on March 25, 2022 (the "Filing Date"), Plaintiff Lynne Freeman ("Plaintiff") filed a Complaint initiating the above-captioned action (the "Action");

WHEREAS, on May 23, 2022, Plaintiff Lynne Freeman filed a First Amended Complaint ("FAC") adding Crazy Maple Studio, Inc. ("Crazy Maple Studio") as a defendant in the Action;

WHEREAS, Crazy Maple Studio accepted service of the FAC by signing a Waiver of Summons ("Waiver");

WHERAS, Crazy Maple Studio has advised Plaintiff that it intends to file a motion to dismiss and/or transfer the claims alleged against it in the FAC on the grounds of personal jurisdiction and/or improper or inconvenient venue;

WHEREAS, Crazy Maple Studio has to and including September 7, 2022, to answer or otherwise to respond to the FAC;

WHEREAS, the Plaintiff and Crazy Maple Studio wish, subject to the Court signing the below Order, to have the claims against Crazy Maple Studio in the Action dismissed without prejudice and toll the applicable statute of limitations and then, depending on the outcome of the Action, decide how to proceed with Freeman's claims against Crazy Maple Studio;

NOW, THEREFORE, subject to the Court ordering this Stipulation, in consideration of the mutual promises set forth herein, the sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. Freeman hereby dismisses the claims in the Action alleged against Crazy Maple Studio, and Crazy Maple Studio only, without prejudice.

- 3 -

2. In accordance with the dismissal without prejudice of Crazy Maple Studio, the First Amended Complaint is deemed amended as follows:

    a. Paragraph 17 is deemed deleted.

    b. The last sentence of paragraph 35 is deemed deleted.

    c. The words "which is substantially similar to the Freeman Copyrighted Material" in the penultimate sentence of paragraph 76 and the entire last sentence of paragraph 76 is deemed deleted. Furthermore, the words "and various of the Defendants are licensing ancillary rights in and to the books" is deemed added to the end of the first sentence of paragraph 76.

    d. The words "and Crazy Maple Studio" are deemed deleted from paragraph 78.

    e. All references to the words "and Crazy Maple Studio" in the introductory sentences of paragraphs 5, 6 and 7 of the prayer are deemed deleted and the references to the words "or the Crave Video Game" is deemed deleted from paragraphs 5(d), 6(d) and 7(d) of the prayer.

    f. The references to Crazy Maple Studio in the caption, the introductory paragraph on page 1, and the titles of Counts V, VI and VII are hereby deemed deleted.

3. Crazy Maple Studio hereby waives any right to seek attorneys' fees or costs incurred in connection with the Action up to and including the date of dismissal. Crazy Maple

Studio reserves and does not waive the right to seek any appropriate attorneys' fees or costs that may be incurred in any new action filed by Freeman against Crazy Maple Studio, whether in this Court or any other venue, in the future. For the avoidance of doubt, this waiver solely applies to fees or costs incurred up to or on the date of the dismissal contemplated herein.

4. Any and all statutes of limitations (whether by contract or by law), statutes of repose and/or any defense of laches or any other equitable defense based upon a failure to commence an action or other proceeding by a certain time, which would bar the commencement after the Filing Date of any actual or potential claims, cross-complaints, counterclaims or causes of action, or the assertion of any and all defenses or offsets, whether legal or equitable (including, without limitation, laches), that have not heretofore expired as of the Filing Date, by Freeman against Crazy Maple Studio and/or any related or affiliated entities, or by Crazy Maple Studio against Freeman, shall hereby be tolled and suspended from the Filing Date to and including the date that the Action is dismissed with prejudice, or a final judgment (inclusive of any and all appeals) is entered, as to the remaining parties in the Action, or three years from the Filing Date, whichever is earlier ("Tolling Period").

5. If Plaintiff commences an action, arbitration or other proceeding against Crazy Maple Studio and/or Crazy Maple Studio commences an action, arbitration or other proceeding against Plaintiff, the time during the Tolling Period shall not be counted for the purpose of determining the running of any contractual or statutory limitations period or any other time bar, or the validity of any defense to such action based on any time bar, except to the extent such limitations periods or other time bars already expired prior to the Filing Date. The Parties further agree not to assert, plead, or raise in any fashion, any defense or avoidance to the extent it would be based upon the lapse or passage of time without taking the Tolling Period into consideration.

6. This Stipulation shall not be deemed to revive any claim or defense that is or was already barred on the day before the Filing Date. Further, nothing in this Stipulation, or in the circumstances that gave rise to this stipulation, shall be construed as an acknowledgement by any party to the stipulation ("Party") that any claim or defense was or was not barred, or was or was not about to be barred, by any contractual or statutory limitations period or period of repose, or by laches, estoppel, or any other defense based on the lapse of time, as of the day before the Filing Date.

7. Crazy Maple Studio waives any right it may have to contend that it must be joined as a party to the Action pursuant to Federal Rule of Civil Procedure, Rule 19 or that proceeding with the Action without including Crazy Maple Studio as a party prevents Freeman from filing a new lawsuit against Crazy Maple Studio in the future for the claims originally alleged against Crazy Maple Studio in the FAC or any other claims.

8. Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolf, Emily Sylvan Kim, Prospect Agency, LLC, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC, d/b/a Macmillan and Universal City Studios, LLC each waives any right they may have to contend that Crazy Maple Studio must be joined as a party to this Action pursuant to the Federal Rules of Civil Procedure, Rule 19 or that proceeding with the Action without including Crazy Maple Studio as a party prevents Freeman from filing a new lawsuit in the future against Crazy Maple Studio for the claims originally alleged against Crazy Maple Studio in the FAC or any other claims.

9. Crazy Maple Studio hereby agrees not to file any action, arbitration, or other legal proceeding (collectively hereinafter "Legal Proceeding") against Freeman during the Tolling Period and for 60 days thereafter, except upon 60 days' written notice to Freeman of Crazy Maple Studio's intention to file any such Legal Proceeding. Further, Freeman hereby agrees not to file

any Legal Proceeding against Crazy Maple Studio during the Tolling Period and for 60 days thereafter, except upon 14 days' written notice to Crazy Maple Studio of Freeman's intention to file any such Legal Proceeding.  As a result of these provisions, the Parties intend that Freeman will have the opportunity to be the first to file during the Tolling Period and for 60 days thereafter any Legal Proceeding between or among the Parties.  As such, if Crazy Maple Studio files during the Tolling Period, or within 60 days after the Tolling Period, any Legal Proceeding, without first providing 60 days' written notice to Freeman of Crazy Maple's intention to file any such Legal Proceeding, the Parties hereby agree that the appropriate remedy shall be the dismissal without prejudice of any such Legal Proceeding.  If Freeman files during the Tolling Period, or within 60 days after the Tolling Period, any Legal Proceeding, without first providing 14 days' written notice to Crazy Maple Studio of Freeman's intention to file any such Legal Proceeding, the Parties hereby agree that the appropriate remedy shall be the dismissal without prejudice of any such Legal Proceeding.  For the avoidance of doubt, if Crazy Maple Studio gives Freeman 60 days' written notice of its intention to file, nothing stated herein, shall prevent Freeman from then giving Crazy Maple Studio 14 days written notice of her intention to file and then being the first to file.

10. Nothing herein shall prevent Freeman from adding Crazy Maple Studio back as a Defendant in the Action.  Nothing in this paragraph shall operate as an admission that the U.S.D.C. for the Southern District of New York, does or does not have personal jurisdiction over Crazy Maple Studio or is an appropriate venue for any claim by Freeman against Crazy Maple Studio.

11. Prior to the dismissal of Crazy Maple Studio from the Action, it agrees to produce to Freeman's counsel in the Action a copy of the final script for the video game entitled Crave which is the subject of Freeman's claims against Crazy Maple Studio in the Action. Crazy Maple Studio also agrees that it will, without being subpoenaed, have an appropriate person from Crazy

Maple Studio who is able to authenticate the script appear for his or her video deposition, or an in-person deposition in Palo Alto California, at the election of Freeman's counsel, upon 14 days' written notice sent by Freeman's counsel to Crazy Maple Studio's counsel set forth in paragraph 12 below.

12. Any notice to either Crazy Maple Studio or Plaintiff pursuant to this Stipulation shall be sent via e-mail and addressed to counsel for the applicable Party(s) as follows:

**To Freeman:**

Mark D. Passin

CSReeder, P.C.

11766 Wilshire Boulevard, Suite 1470

Los Angeles, CA 90025

(310) 861-2475

mark@csrlawyers.com

    and

Paul LiCalsi

Reitler Kailas & Rosenblatt LLP

885 Third Avenue, 20th Street

New York New York 10022

(212) 209-3050

plicalsi@reiterlaw.com

**To Crazy Maple Studio:**

Jack Shaw

Procopio, Cory, Hargreaves & Savitch LLP

1117 S. California, Suite 200

Palo Alto, California 94394

Jack.shaw@procopio.com


and


Eric A. Plourde

Procopio, Cory, Hargreaves & Savitch LLP

525 B Street, Suite 220

San Diego, CA 92101

Eric.Plourde@procopio.com


13. This Stipulation shall not operate as an admission of liability by any Party, and shall not affect, in any way, any claim or defense of Plaintiff against Crazy Maple Studio or Crazy Maple Studio against Plaintiff not based solely, or in part, on the lapse of time, that may be or become available to either of those Parties. Neither this Stipulation nor any action taken pursuant to this Stipulation shall be offered or received in evidence in any action or proceeding as an admission of liability or wrongdoing by any Party. Furthermore, this Stipulation shall not operate as an admission that the U.S.D.C. for the Southern District of New York, does or does not have

personal jurisdiction over Crazy Maple Studio or is an appropriate venue for any claim by Freeman against Crazy Maple Studio.  The parties expressly reserve all rights not expressly addressed herein.

14.     If any provision of this stipulation is deemed invalid or unenforceable, the balance of this Stipulation shall remain in full force and effect.

15.     This Stipulation shall be binding with respect to, and shall inure to the benefit of, the Parties hereto and each of their respective present and former shareholders, directors, officers, members, partners, employees, representatives, agents, reinsurers and assigns, and any other person or entity who claims any right, title, or interest through any Party.

16.     This Stipulation constitutes the entire understanding between the Parties with respect to the subject matter hereof and supersedes all prior agreements, stipulations, representations, and understandings, whether written, oral, or otherwise, between the Parties with respect to the subject matter hereof.  This Stipulation may be modified, amended, or supplemented only by a written instrument signed by Crazy Maple Studio and Plaintiff, except any change to paragraphs 2 and 8 must be signed by Plaintiff and Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolf, Emily Sylvan Kim, Prospect Agency, LLC, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC, d/b/a Macmillan and Universal City Studios, LLC and Crazy Maple Studio does not have to sign any change to those paragraphs

17.     This Stipulation shall be deemed to have been mutually prepared by the Parties and their counsel and shall not be construed against any of them by reason of authorship.

18.     Each of the undersigned represents and warrants that he or she has the authority to execute this Stipulation on behalf of the Party for whom it is executed.

19. This Stipulation may be executed in one or more counterparts which together shall constitute a single stipulation, and each of which shall be an original for all purposes. An electronic signature, or a facsimile or pdf copy of a signature, shall be treated for any and all purposes the same as an original.

The Parties have executed this Stipulation as of the day and year set forth below.

DATED: September 1, 2022   Crazy Maple Studio, Inc.

By: _____ *Yi Jia* (DocuSigned by: E6655CAD37A94C9...)

Its: ___CEO___

DATED: August 30, 2022   _/s/ Lynne Freeman_

Lynne Freeman

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: September 1, 2022

**CSReeder, P.C.**

By: _____

Mark Passin (admitted *pro hac vice*)
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
Tel.: (310) 861-2470
mark@csrlawyers.com


Reitler Kailas & Rosenblatt LLP
Paul LiCalsi
885 Third Avenue, 20th Floor
New York, New York 10022
Tel.: 212-209-3050
plicalsi@reiterlaw.com

*Attorneys for Plaintiff Lynne Freeman*


Agreed as to paragraphs 2 and 8


Dated: September 1, 2022


**COWAN, DEBAETS, ABRAHAMS,
& SHEPPARD LLP**

By: *Nancy E. Wolff*
_____
   Nancy E. Wolff
41 Madison Avenue, 38th Floor
New York, New York 10010
212-974-7474
nwolff@cdas.com

Dated: September 1, 2022

**Procopio, Cory, Hargreaves & Savitch LLP**

By: _____
Jack Shaw
1117 S. California, Suite 200
Palo Alto, California 94394
Tel.: (650) 645-9019
Jack.shaw@procopio.com

Eric Plourde
525 B Street, Suite 220
San Diego, CA 92101
Tel.: (619) 906-5641
Eric.plourde@procopio.com

*Attorneys for Defendant Crazy Maple Studio, Inc.*

*Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Universal City Studios, LLC, Entangled Publishing, LLC and Holtzsbrinck Publishers, LLC, d/b/a Macmillan sued erroneously as Macmillan Publishers, LLC*

Dated: September 1 , 2022

Klaris Law PLLC

By: _____
Lacy H. ("Lance") Koonce, III
29 Little West 12th Street
New York, New York 10014
Tel: 9178-612-5861
lancekoonce@gmail.com
*Aattorneys for Defendants Emily Sylvan Kim and Prospect Agency, LLC*

SO ORDERED. The Clerk of Court is directed to terminate Crazy Maple Studio, Inc. as a Defendant in this action.

Dated: September 7, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge