# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual<br><br>     *Plaintiff*,<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, MACMILLAN PUBLISHERS, LLC, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, CRAZY MAPLE STUDIO, INC., a California corporation<br><br>     *Defendants*. | Case No. 1:22-cv-02435-AT<br><br>**DEFENDANTS PROSPECT AGENCY, LLC AND EMILY SYLVAN KIM'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S AMENDED REQUEST FOR PRODUCTION OF <u>DOCUMENTS</u>** |

Defendants Prospect Agency, LLC and Emily Sylvan Kim ("**Prospect**") by its attorneys, Klaris Law PLLC, hereby responds to Plaintiff Lynne Freeman's First Set of Requests for Production for Prospect (the "Requests") as follows:

<u>**GENERAL OBJECTIONS**</u>

Prospect objects generally to the Requests as set forth below (the "**General Objections**"). Each of the specific responses that follow (the "**Specific Objections**") is made subject to these objections. To the extent that Prospect responds to requests to which it objects, such objections are not waived. In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

1.     Any production that Prospect agrees to make in response to these Requests will not be made before and is subject to the occurrence and terms of the Court's entry of a protective order governing the production of documents in this action.

2.       Prospect objects to the demand within the Requests that production take place within 30 days of service of the Requests.  Prospect will produce non-privileged, responsive documents as applicable per the below Specific Responses and Objections on a rolling basis and within a reasonable time as required by FED. R. CIV. P. 34(b)(2)(B) as determined with reference to the burden and scope of the Requests and the parties' present intent to negotiate and agree to document search terms and custodians.

3.       Prospect objects to the Requests to the extent they or the Definitions or Instructions contained therein seek to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Southern District of New York or impose obligations on Prospect not imposed by the Federal Rules or by the Local Rules.

4.       Prospect objects to the Requests to the extent they seek documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege.  To the extent that any document which is properly the subject of privilege is produced, such production is inadvertent and not to be construed as a waiver of any privilege.

5.       Prospect objects to the Requests to the extent they seek disclosure of documents from persons or entities over whom Prospect has no control, or otherwise seek documents not in Prospect's possession, custody, or control.

6.       Prospect objects to the Requests to the extent that they seek documents or information that would be unduly burdensome to obtain.

7.       Prospect objects to the Requests to the extent that they are vague, ambiguous, overbroad, unreasonably duplicative, oppressive, or harassing.

8.     Prospect objects to the Requests to the extent that they seek information that is publicly available.

9.     Prospect objects to the Requests to the extent that they seek confidential commercial, customer, or proprietary information or information that Prospect received in confidence and/or is obligated to treat confidentially.  Subject to and without waiving said objection, Prospect will produce responsive, non-privileged documents containing such confidential and/or proprietary information subject to the entry of an appropriate protective order.

10.     Prospect objects to the Requests to the extent that they seek material not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit.

11.     A response that Prospect will produce documents responsive to any individual request does not imply that Prospect has located any responsive document, but only that Prospect will produce all such non-privileged documents that it locates through good faith efforts and reasonable diligence.

12.     Prospect objects to the Requests to the extent they seek documents relating to periods remote in time on the grounds that such documents are not relevant or material to the subject matter of this action.  Unless otherwise specified in Prospect's objections and responses herein and subject to any Court order or agreement by the parties to the contrary, Prospect shall treat the time period of these Requests as October 1, 2010, to the date Prospect was notified of Plaintiff's claims, on February 7, 2022, unless otherwise stated.

13.     Prospect's investigation is on-going, and Prospect specifically reserves the right to correct, amend, modify or supplement its responses to the Requests at any time in the future, as warranted by the circumstances.

## DEFINITIONS

1.     The Uniform Definitions in Discovery Requests of Local Civil Rule 26.3 of the United States District Court for the Southern District of New York are incorporated herein by reference, and unless the context indicates otherwise, the following words and phrases are defined and used herein as follows.  To the extent that there is conflict between those definitions utilized by Plaintiff and the definitions below, the definitions below control.

2.     **Complaint**.  The term "Complaint" refers to the First Amended Complaint that Plaintiff filed on May 23, 2021, in the United States District Court for the Southern District of New York, Case No. 1:22-cv-02435-AT.

3.     **Communication**.  The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4.     **Concerning**.  The term "Concerning" means relating to, referring to, describing, evidencing, or constituting.

5.     **Document**.  The term "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FED. R. CIV. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

6.     **Parties**.  The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This

4

definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7.   "**Person**" is defined as any natural person or any legal entity, including without limitation any business or governmental entity or association.

8.   **All/Any/Each**.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

9.   **And/Or**.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10.   **"Documents sufficient to show"** means documents sufficient to establish the subject of the document request and does not necessarily mean all documents relating to such a request.  The "*Crave* **series**" means the books authored by Defendant Tracy Wolff entitled *Crave, Crush, Covet and* Court.  Prospect objects to Plaintiff's definition to the extent that it is inclusive of unpublished books *Charm* and *Cherish*, which are not the subject of this action.

11.   **"BMR"** means any and all versions of the manuscript that FREEMAN alleges in the Complaint she wrote, including, but not limited to, the versions entitled "Blue Moon Rising" and "Masqued."  Prospect objects to Plaintiffs definition to the extent it is inclusive of a legal conclusion as to copyright infringement.

## SPECIFIC RESPONSES AND OBJECTIONS
## TO THE DOCUMENT REQUESTS

Subject to and without waiving the foregoing objections, Prospect responds as follows:

## OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1**

All DOCUMENTS that are CONCERNING FREEMAN.

5

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Prospect objects to Request No. 1 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents concerning Freeman found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 2**

All DOCUMENTS that are CONCERNING BMR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Prospect objects to Request No. 2 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents concerning BMR found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 3**

All agreements between FREEMAN, on the one hand, and PROSPECT and/or KIM, on the other hand, and any amendments thereto, including, but not limited to, the

6

Agreement for Artists.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Prospect objects to Request No. 3 as duplicative of prior requests.

Subject to and without waiving any General Objections, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents concerning agreements between Freeman, on the one hand, and Prospect and/or Kim, on the other hand, found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 4**

All COMMUNICATIONS between FREEMAN, on the one hand, and KIM and/or any other PERSON on behalf of PROSPECT, on the other hand, from October 1, 2010 to the present, including, but not limited to, all e-mails.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Prospect objects to Request No. 4 as overly broad, unduly burdensome, not proportional to the needs of this case, duplicative of prior requests, and seeking documents not relevant to any party's claims or, especially insofar as the requests seek "all" communications, irrespective of whether such communications pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents concerning communications between Freeman, on the one hand, and Kim and/or any other person on behalf of Prospect, on the other hand, found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 5**

DOCUMENTS sufficient to identify all personal and business e-mail addresses used by KIM from October 1, 2010 to the present (whether or not the addresses actually belong to KIM), and the name, address and telephone number of the account holder, internet provider hosting the address and storing, archiving and backing up emails (such as Bluehost.com, DreamHost.com or GoDaddy.com), and the domain registrar (such as Network Solutions or GoDaddy).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Prospect objects to Request No. 5 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or, especially insofar as the requests seek details relating to email accounts that do not pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce responsive, non-privileged documents sufficient to identify business e-mail addresses used by Kim, as well as personal e-mail addresses used for work purposes, found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 6**

DOCUMENTS sufficient to identify all personal and business e-mail addresses used by WOLFF from October 1, 2010 to the present (whether or not the addresses actually belong to WOLFF), and the name, address and telephone number of the account holder, internet provider hosting the address and storing, archiving and backing up emails (such as Bluehost.com, DreamHost.com or GoDaddy.com), and the domain registrar (such as Network Solutions or

8

GoDaddy).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Prospect objects to Request No. 6 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or, especially insofar as the requests seek details relating to email accounts that do not pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce responsive, non-privileged documents sufficient to identify e-mail addresses used by Wolff to communicate with Prospect.

**REQUEST FOR PRODUCTION NO. 7**

DOCUMENTS sufficient to identify all personal and business e-mail addresses used by PELLETIER from October 1, 2010 to the present (whether or not the addresses actually belong to PELLETIER), and the name, address and telephone number of the account holder, internet provider hosting the address and storing, archiving and backing up emails (such as Bluehost.com, DreamHost.com or GoDaddy.com), and the domain registrar (such as Network Solutions or GoDaddy).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Prospect objects to Request No. 7 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or, especially insofar as the requests seek details relating to email accounts that do not pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce responsive, non-privileged documents sufficient to identify e-mail

9

addresses used by Pelletier to communicate with Prospect.

**REQUEST FOR PRODUCTION NO. 8**

All copies of BMR within the possession or control of any of YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Prospect objects to Request No. 8 as vague and ambiguous as to its use of the term

"copies," and will interpret this term according to the federal and local rules and, as necessary,

according to its plain meaning.  Prospect further objects to this Request as duplicative of prior

requests, and seeking documents not relevant to any party's claims or, especially insofar as the

requests seek "all copies", irrespective of whether such communications pertain to the legal claims

asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as

follows: Prospect will produce any copies of BMR found in its possession after a reasonably

diligent search that are related to the parties' claims or defenses in this dispute, to the extent that

any exist.

**REQUEST FOR PRODUCTION NO. 9**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of

PROSPECT, on the one hand, and WOLFF, on the other hand, from October 1, 2010 to the

present, that  are CONCERNING FREEMAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Prospect objects to Request No. 9 as duplicative of prior requests.

Subject to and without waiving any Specific or General Objections, Prospect responds as

follows: No such documents exist.

**REQUEST FOR PRODUCTION NO. 10**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and WOLFF, on the other hand, from October 1, 2010 to the present that are CONCERNING BMR, including, but not limited to any e-mails attaching any copies of BMR or containing any excerpts from BMR in the body of the e-mail.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Prospect objects to Request No. 10 as duplicative of prior requests.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: No such documents exist.

**REQUEST FOR PRODUCTION NO. 11**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and WOLFF, on the other hand, from October 1, 2010 to the present that are CONCERNING the writing of any of the books in the CRAVE SERIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Prospect objects to Request No. 11 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" communications, irrespective of whether such communications pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents concerning communications between Kim, or any other person on behalf of Prospect, on the one hand, and Wolff, on the other hand, that are concerning the writing of the books in the *Crave* series found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in

11

this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 12**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and WOLFF, on the other hand, from October 1, 2010 to the present that are CONCERNING the contents of BMR, including, but not limited to, any e-mail with a copy of BMR attached or with an excerpt of BMR contained in the body of the e-mail.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Prospect objects to Request No. 12 as duplicative of prior requests.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: No such documents exist.

**REQUEST FOR PRODUCTION NO. 13**

All COMMUNICATIONS between WOLFF, on the one hand, and any PERSON, on the other hand, from October 1, 2010 to the present that are CONCERNING FREEMAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Prospect objects to Request No. 13 as seeking documents not within the possession or control of Prospect, except to the extent it is duplicative of prior requests.

**REQUEST FOR PRODUCTION NO. 14**

All COMMUNICATIONS between WOLFF, on the one hand, and any PERSON, on the other hand, from October 1, 2010 to the present that are CONCERNING BMR or its contents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Prospect objects to Request No. 14 as seeking documents not within the possession or

control of Prospect, except to the extent it is duplicative of prior requests.

**REQUEST FOR PRODUCTION NO. 15**

All COMMUNICATIONS between WOLFF, on the one hand, and any PERSON, on the other hand, that are CONCERNING using BMR in any way whatsoever to help WOLFF write any of the books in the CRAVE SERIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Prospect objects to Request No. 15 as seeking documents not within the possession or control of Prospect, except to the extent it is duplicative of prior requests.

**REQUEST FOR PRODUCTION NO. 16**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and any PERSON, on the other hand, that are CONCERNING the possible publication of any manuscript written by FREEEMAN, including but not limited to, any such COMMUNICATION with anyone at ENTANGLED forwarding such person a copy of BMR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Prospect objects to Request No. 16 as overly broad, unduly burdensome, not proportional to the needs of this case, duplicative of prior requests, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" communications, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents concerning communications between Kim, or any other person on behalf of Prospect, on the one hand, and any other person, on the other hand, that are concerning the possible publication of any manuscript

13

written by Freeman, found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 17**

Copies of all drafts of each of the books in the CRAVE SERIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Prospect objects to Request No. 17 as vague and ambiguous as to its use of the term "copies," and will interpret this term according to the federal and local rules and, as necessary, according to its plain meaning.  Prospect further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" drafts, irrespective of whether such drafts pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce drafts of each of the books in the *Crave* series found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 18**

Copies of all versions of any of the books in the CRAVE SERIES, including, but not limited to, any copy of any of the books in the CRAVE SERIES that contains any language whatsoever that is different than the language contained in the respective book when it was originally released to the public.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Prospect objects to Request No. 18 as vague and ambiguous as to its use of the terms

14

"copies" and "versions," and will interpret these terms according to the federal and local rules and, as necessary, according to their plain meaning.  Prospect further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, duplicative of prior requests, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" versions and "any" copies, irrespective of whether such versions or copies pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce copies of all versions of any of the books in the *Crave* series found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 19**

All agreements between PROSPECT and/or KIM, on the one hand, and ENTANGLED and/or PELLETIER, on the other hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Prospect objects to Request No. 19 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: No such documents exist.

**REQUEST FOR PRODUCTION NO. 20**

All agreements between ENTANGLED and/or PELLETIER, on the one hand, and WOLFF, on the other hand, including, but not limited to, any book publishing agreement for any of the books in the CRAVE SERIES.

15

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Prospect objects to Request No. 20 as overly broad, unduly burdensome, not proportional to the needs of this case, seeking documents not relevant to any party's claims or defenses, and more properly directed to other parties.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce any responsive agreements between Entangled and/or Pelletier, on the one hand, and Wolff, on the other hand found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 21**

All agreements between WOLFF, on the one hand, and any PERSON, on the other hand, that are CONCERNING WOLFF paying to the PERSON any money generated from the exploitation of any of the books in the CRAVE SERIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Prospect objects to Request No. 21 as vague and ambiguous with respect to its use of the term "exploitation," and will interpret this term according to the federal and local rules and, as necessary, according to their plain meaning.  Prospect further objects to this request as overly broad, unduly burdensome, not proportional to the needs of this case, seeking documents not relevant to any party's claims or defenses, and more properly directed to other parties.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: No such documents exist.

16

**REQUEST FOR PRODUCTION NO. 22**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of

PROSPECT, on the one hand, and PELLETIER, or any other PERSON on behalf of

ENTANGLED, on the other hand, from October 1, 2010 to the present that are

CONCERNING FREEMAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Prospect objects to Request No. 22 as overly broad, unduly burdensome, not proportional

to the needs of this case, duplicative of prior requests, and seeking documents not relevant to any

party's claims or defenses, especially insofar as the requests seek "all" communications,

irrespective of whether such communications pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as

follows: Prospect will produce any responsive, non-privileged communications between Kim,

or any other person on behalf of Prospect, on the one hand, and Pelletier, or any other person

on behalf of Entangled, on the other hand, that are concerning Freeman found in its possession

after a reasonably diligent search that are related to the parties' claims or defenses in this dispute,

to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 23**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of

PROSPECT, on the one hand, and PELLETIER or any other PERSON on behalf of

ENTANGLED, on the other hand, from October 1, 2010 to the present that are

CONCERNING BMR including, but not limited to any e-mails with a copy of BMR attached

or any e-mail containing an excerpt from BMR.

17

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Prospect objects to Request No. 23 as overly broad, unduly burdensome, not proportional to the needs of this case, duplicative of prior requests, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" communications, irrespective of whether such communications pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce any responsive, non-privileged communications between Kim, or any other person on behalf of Prospect, on the one hand, and Pelletier, or any other person on behalf of Entangled, on the other hand, that are concerning BMR found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 24**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and PELLETIER or any other PERSON on behalf of ENTANGLED, on the other hand, from October 1, 2010 to the present that are CONCERNING the contents of BMR including, but not limited to any e-mails with a copy of BMR attached or any e-mail containing an excerpt from BMR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Prospect objects to Request No. 24 as overly broad, unduly burdensome, not proportional to the needs of this case, duplicative of prior requests, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" communications, irrespective of whether such communications pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as

18

follows: Prospect will produce any responsive, non-privileged documents concerning communications between Kim, or any other person on behalf of Prospect, on the one hand, and Pelletier, or any other person on behalf of Entangled, on the other hand, that are concerning the contents of BMR, found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 25**

All COMMUNICATIONS between Kim, or any other PERSON on behalf of PROSPECT, on the one hand, and PELLETIER or any other PERSON on behalf of ENTANGLED, on the other hand, that are CONCERNING the writing of any of the books in the CRAVE SERIES, including, but not limited to, any contribution to the writing of any of the books in the CRAVE SERIES made by PELLETIER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

Prospect objects to Request No. 25 as overly broad, unduly burdensome, not proportional to the needs of this case, duplicative of prior requests, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" communications, irrespective of whether such communications pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents concerning communications between Kim, or any other person on behalf of Prospect, on the one hand, and Pelletier, or any other person on behalf of Entangled, on the other hand, that are concerning the writing of any of the books in the *Crave* series found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist

19

and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENETS evidencing that PELLETIER "created the basic storyline of the Crave book series" as stated in the letter dated February 9, 2022, from Nancy E. Wolff to Mark D. Passin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

Prospect objects to Request No. 26 as overly broad, unduly burdensome, not proportional to the needs of this case, duplicative of prior requests, seeking documents not relevant to any party's claims or defenses, and more properly directed to other parties.

Subject to and without waiving any Specific or General Objections, and without adopting any characterization with respect to the letter dated February 9, 2022 from Nancy E. Wolff to Mark D. Passin, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents that are concerning the writing of any of the books in the *Crave* series found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 27**

All DOCUMENTS evidencing that PELLETIER provided "to Wolff in writing the main plot, location, characters, and scenes," as stated in the letter dated February 9, 2022 from Nancy E. Wolff to Mark D. Passin, including, but not limited to, the writings in which PELLETIER provided the foregoing information to WOLFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Prospect objects to Request No. 27 as overly broad, unduly burdensome, not proportional

20

to the needs of this case, duplicative of prior requests, seeking documents not relevant to any party's claims or defenses, and more properly directed to other parties.  Subject to and without waiving any Specific or General Objections, and without adopting any characterization with respect to the letter dated February 9, 2022 from Nancy E. Wolff to Mark D. Passin, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents that are concerning the writing of any of the books in the *Crave* series found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 28**

All DOCUMENTS evidencing that PELLETIER actively participated in the writing process of the "Crave book series" as stated in the letter dated February 9, 2022, from Nancy E. Wolff to Mark D. Passin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Prospect objects to Request No. 28 as overly broad, unduly burdensome, not proportional to the needs of this case, duplicative of prior requests, seeking documents not relevant to any party's claims or defenses, and more properly directed to other parties.

Subject to and without waiving any Specific or General Objections, and without adopting any characterization with respect to the letter dated February 9, 2022 from Nancy E. Wolff to Mark D. Passin, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents that are concerning the writing of any of the books in the *Crave* series found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

21

**REQUEST FOR PRODUCTION NO. 29**

A copy of the "pitch letter" from KIM to PELLETIER referred to in in the letter dated February 17, 2022, from Nancy E. Wolff to Mark D. Passin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Subject to and without waiving any Specific or General Objections, and without adopting any characterization with respect to the letter dated February 17, 2022 from Nancy E. Wolff to Mark D. Passin, Prospect responds as follows: Prospect will produce any "pitch letter" from Kim to Pelletier concerning Freeman's manuscript found in its possession after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 30**

A copy of the e-mail from PELLETIER to "another editor" at ENTANGLED forwarding to the other editor the e-mail from KIM with the "pitch letter" referred to in in the letter dated February 17, 2022, from Nancy E. Wolff to Mark D. Passin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Subject to and without waiving any Specific or General Objections, and without adopting any characterization with respect to the letter dated February 17, 2022 from Nancy E. Wolff to Mark D. Passin, Prospect responds as follows: Prospect will produce any "pitch letter" from Kim to Pelletier concerning Freeman's manuscript found in its possession after a reasonably diligent search

**REQUEST FOR PRODUCTION NO. 31**

The e-mail dated October 18, 2013, from "another editor" to KIM referred to in the letter dated February 17, 2022, from Nancy E. Wolff to Mark D. Passin, including, but not limited to, the attachments to the e-mail.

22

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

Prospect objects to Request No. 31 as overly broad, unduly burdensome, not proportional to the needs of this case, and duplicative of prior requests.

Subject to and without waiving any Specific or General Objections, and without adopting any characterization with respect to the letter dated February 17, 2022 from Nancy E. Wolff to Mark D. Passin, Prospect responds as follows: Prospect will produce the e-mail dated October 18, 2013 to the extent it is found in Prospect's possession after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 32**

All ENTANGLED internal e-mails that are CONCERNING either the "pitch letter" or BMR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

Prospect objects to Request No. 32 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 33**

All ENTANGLED internal e-mails that are CONCERNING FREEMAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

Prospect objects to Request No. 33 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 34**

The copy of BMR sent to ENTANGLED referred to in in the letter dated February 17, 2022, from Nancy E. Wolff to Mark D. Passin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Prospect objects to Request No. 34 as overly broad, unduly burdensome, not proportional to the needs of this case, and duplicative of prior requests.

Subject to and without waiving any Specific or General Objections, and without adopting any characterization with respect to the letter dated February 17, 2022 from Nancy E. Wolff to Mark D. Passin, Prospect responds as follows: Prospect will produce the copy of BMR sent to Entangled referred to in the letter dated February 17, 2022, from Nancy E. Wolff to Mark D. Passin to the extent it is found in Prospect's possession after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 35**

All DOCUMENTS evidencing the "well-documented collaboration on the plot, characters, interplay of characters and the expression in the text" referred to in in the letter dated February 17, 2022, from Nancy E. Wolff to Mark D. Passin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Prospect objects to Request No. 35 as overly broad, unduly burdensome, not proportional to the needs of this case, duplicative of prior requests, and more properly directed to other parties

Subject to and without waiving any Specific or General Objections, and without adopting any characterization with respect to the letter dated February 17, 2022 from Nancy E. Wolff to Mark D. Passin, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents concerning the writing of the books in the *Crave* series found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 36**

All COMMUNICATIONS between WOLF, on the one hand, and PELLETIER, or any other PERSON on behalf of ENTANGLED, on the other hand, from October 1, 2010 to the

24

present that are CONCERNING FREEMAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

Prospect objects to Request No. 36 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 37**

All COMMUNICATIONS between WOLFF, on the one hand, and PELLETIER or any or any other PERSON on behalf of ENTANGLED, on the other hand, from October 1, 2010 to the present that are CONCERNING BMR including, but not limited to any e-mails with a copy of BMR attached or any e-mail containing an excerpt from BMR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Prospect objects to Request No. 37 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 38**

All COMMUNICATIONS between WOLFF, on the one hand, and PELLETIER or any other PERSON on behalf of ENTANGLED, on the other hand, from October 1, 2010 to the present that are CONCERNING the contents of BMR including, but not limited to any e- mails with a copy of BMR attached or any e-mail containing an excerpt from BMR.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

Prospect objects to Request No. 38 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 39**

All COMMUNICATIONS between PELLETIER or any other PERSON on behalf of ENTANGLED, on the one hand, and WOLFF, on the other hand, that are CONCERNING the writing of any of the books in the CRAVE SERIES, including, but not limited to, any contribution to the writing of any of the books in the CRAVE SERIES made by PELLETIER.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Prospect objects to Request No. 39 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 40**

All agreements, and amendments thereto, that are CONCERNING any of the books in the CRAVE SERIES, including, but not limited to any agreements with UNIVERSAL, MACMILLAN, CRAZY MAPLE STUDIO or any other PERSON licensing any rights in or to any of the books in the CRAVE series.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Prospect objects to Request No. 40 as overly broad, unduly burdensome, not proportional to the needs of this case, duplicative or prior requests, more properly directed to other parties, and seeking documents not relevant to any party's claims or defenses.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce any responsive, non-privileged documents concerning any agreements, and amendments thereto, that are concerning any of the books in the *Crave* series found in its possession after a reasonably diligent search that are related to the parties' claims or defenses in this dispute, to the extent that any exist and are not unduly burdensome to collect and review.

**REQUEST FOR PRODUCTION NO. 41**

All DOCUMENTS evidencing the payment of any money by any PERSON to KIM and/or PROSPECT in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statement or other accounting from WOLFF, ENTANGLED, PELLETIER MACMILAN, UNIVERSAL OR

26

CRAZY MAPLE STUDIO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

Prospect objects to Request No. 41 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce responsive, non-privileged documents sufficient to show the payment of any money by any person to Kim and/or Prospect in connection with the exploitation of any of the books in the *Crave* series or in connection with any license granting any person any rights in any of the books in the *Crave* series.

**REQUEST FOR PRODUCTION NO. 42**

All DOCUMENTS evidencing the gross receipts received by KIM and/or PROSPECT in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statement or other accounting from WOLFE, ENTANGLED, PELLETIER, MACMILLAN, UNIVERSAL OR CRAZY MAPLE STUDIO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Prospect objects to Request No. 42 as vague and ambiguous as to its use of the terms "gross receipts" and "exploitation," and will interpret these terms according to the federal and local rules and, as necessary, according to their plain meaning.  Prospect further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, duplicative of prior

27

requests, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce responsive, non-privileged documents sufficient to show the payment of any money by any person to Kim and/or Prospect in connection with the exploitation of any of the books in the *Crave* series or in connection with any license granting any person any rights in any of the books in the *Crave* series.

**REQUEST FOR PRODUCTION NO. 43**

All DOCUMENTS evidencing the payment of any money by any PERSON to ENTANGLED and/or PELLTIER in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statement or other accounting from WOLFF, PROSPECT, KIM, MACMILAN, UNIVERSAL OR CRAZY MAPLE STUDIO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Prospect objects to Request No. 43 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 44**

All DOCUMENTS evidencing the gross receipts received by ENTANGLED and/or PELLETIER in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statement or other accounting from WOLFE, PROSPECT, KIM, MACMILLAN, UNIVERSAL OR CRAZY

MAPLE STUDIO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Prospect objects to Request No. 44 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 45**

All DOCUMENTS evidencing the payment of any money by any PERSON to WOLFF in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statement or other accounting from PROSPECT, KIM, ENTANGLED, PELLETIER, MACMILLAN, UNIVERSAL OR CRAZY MAPLE STUDIO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

Prospect objects to Request No. 45 as overly broad, unduly burdensome, not proportional to the needs of this case, more properly directed to other parties, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will produce responsive, non-privileged documents sufficient to show the payments of any money to Wolff in connection with the exploitation of any of the books in the *Crave* series or in connection with any license granting any person any rights in any of the books in the *Crave* series.

**REQUEST FOR PRODUCTION NO. 46**

All DOCUMENTS evidencing the gross receipts received by WOLFE in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any

29

license granting any PERSON any rights in any of the books in the CRAVE SERIES ,

including, but not limited to, any royalty statement or other accounting from PROSPECT,

KIM, ENTANGLED, PELLETIER, MACMILLAN, UNIVERSAL OR CRAZY MAPLE

STUDIO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Prospect objects to Request No. 46 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 47**

All DOCUMENTS evidencing the payment of any money by any PERSON to

MACMILLAN in connection with the exploitation of any of the books in the CRAVE SERIES

or in connection with any license granting any PERSON any rights in any of the books in the

CRAVE SERIES, including, but not limited to, any royalty statements or other accountings

received from any retail vendors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

Prospect objects to Request No. 47 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 48**

All DOCUMENTS evidencing the gross receipts received by MACMILLAN in

connection with the exploitation of each of the books in the CRAVE SERIES or in connection

with any license granting any PERSON any rights in any of the books in the CRAVE SERIES,

including, but not limited to, all money received from the sale of any book in the CRAVE

SERIES from any and all sources.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Prospect objects to Request No. 48 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 49**

All DOCUMENTS evidencing any discussions and/or negotiations that have occurred

with any PERSON other than MACMILLAN, UNIVERSAL OR CRAZY MAPLE STUDIO

regarding the possibility of licensing any rights in or to any of the books in the CRAVE

SERIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Prospect objects to Request No. 49 as overly broad, unduly burdensome, not proportional

to the needs of this case, and seeking documents not relevant to any party's claims or defenses.

**REQUEST FOR PRODUCTION NO. 50**

All DOCUMENTS evidencing the stage of production of the motion picture based

on the book *Crave* being made by Universal.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Prospect objects to Request No. 50 as more properly directed to other parties.

**REQUEST FOR PRODUCTION NO. 51**

Copies of any insurance agreement under which any person carrying on an

insurance business may be liable to satisfy part or all of a judgment which may be entered

in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Subject to and without waiving any Specific or General Objections, Prospect responds

as follows: No such documents exist.

**REQUEST FOR PRODUCTION NO. 52**

Copies of any agreement containing a clause which obligates any party to indemnify

any of the Defendants in the action from (1) any judgement [sic] entered against the Defendant

31

in this action; (2) a settlement of this action in which the Defendant would have to pay the Plaintiff any money; and/or (3) any legal fees incurred in this action by the Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

Prospect objects to Request No. 52 as overly broad, unduly burdensome, not proportional to the needs of this case, seeking privileged documents, and seeking documents not relevant to any party's claims or defenses.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: No such documents exist.

**REQUEST FOR PRODUCTION NO. 53**

All pictures of FREEMAN in the possession, custody or control of any of YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

Prospect objects to Request No. 53 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will not produce any documents pursuant to this Request.

32

Dated:  New York, NY
       July 7, 2022

                               KLARIS LAW PLLC

                               By: /s/ Lacy H. Koonce, III
                               Lacy H. Koonce, III
                               Zachary M. Press
                               29 Little West 12th Street
                               New York, NY 10014
                               Phone: (917) 612-5861
                               lance.koonce@klarislaw.com
                               zach.press@klarislaw.com

                               *Attorneys for Defendants*
                               *Prospect Agency, LLC and*
                               *Emily Sylvan Kim*

To:     Mark D. Passin
          CS Reeder, PC
          11766 Wilshire Blvd. Suite 1470
          Los Angeles, CA 90025
          mark@csrlawyers.com

          Paul V. LiCalsi
          Reitler Kailas & Rosenblatt LLC
          855 Third Avenue
          Ste 20th Floor
          New York, NY 10022
          plicalsi@reitlerlaw.com

33

## __CERTIFICATE OF SERVICE__

I, Zachary M. Press, hereby certify that a true and correct complete copy of Defendants Prospect Agency, LLC and Emily Sylvan Kim's Responses and Objections to Plaintiff's Amended Request for the Production of Documents have been served on counsel of record for Lynne Freeman by email on July 7, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: s/ Zachary M. Press