# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual<br><br>      *Plaintiff*,<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, MACMILLAN PUBLISHERS, LLC, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, CRAZY MAPLE STUDIO, INC., a California corporation<br><br>      *Defendants*. | Case No. 1:22-cv-02435-AT<br><br><br>**DEFENDANTS PROSPECT AGENCY, LLC AND EMILY SYLVAN KIM'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF <u>INTERROGATORIES</u>** |

Defendants Prospect Agency, LLC and Emily Sylvan Kim ("**Prospect**") by its attorneys, Klaris Law PLLC, hereby responds to Plaintiff Lynne Freeman's First Set of Interrogatories for Prospect (the "Interrogatories") as follows:

## <u>GENERAL OBJECTIONS</u>

Prospect objects generally to the Interrogatories as set forth below (the "**General Objections**"). Each of the specific responses that follow (the "**Specific Objections**") is made subject to these objections. To the extent that Prospect responds to interrogatories to which it objects, such objections are not waived. In addition, the inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

1.      Prospect objects to the Interrogatories to the extent they or the Definitions or Instructions contained therein seek to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for

the Southern District of New York or impose obligations on Prospect not imposed by the Federal Rules or by the Local Rules.

2.      No incidental or implied admissions are intended by the responses herein.  That Prospect has answered or objected to any Interrogatory should not be taken as an admission that Prospect accepts or admits the existence of any fact set forth or assumed by the Interrogatory. The fact that Prospect has answered part or all of any Interrogatory is not intended to be, and shall not be construed to be, a waiver by Prospect of any part of any objection to that, or any other, Interrogatory.

3.      Prospect objects to the Interrogatories to the extent they seek information that is privileged under law, whether under the attorney-client privilege, as attorney work product, under the common-interest privilege, as material prepared in anticipation of litigation or trial, under the joint defense privilege, or under any other legally cognizable privilege.

4.      Prospect objects to the Interrogatories to the extent they seek information that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5.      Prospect objects to each and every Interrogatory to the extent that it seeks information that is equally available to Plaintiff, is already in Plaintiff's possession, custody, or control and/or can be obtained independently by Plaintiff with no more burden than would be imposed upon Prospect in searching for, obtaining and/or producing such information.

6.      Prospect objects to each Interrogatory to the extent that it conflicts with Southern District Local Rule 33.3.

7.      Prospect objects to each Interrogatory as overbroad and unduly burdensome to the extent that it can be interpreted in such a way as to require Prospect to search for information and materials beyond Prospect's possession, custody, or control.

8.      In responding to these Interrogatories, Prospect does not waive, and expressly reserves, all objections as to competency, relevance, materiality, and admissibility of the responses or subject matter thereof, as well as objections to any other discovery request.

9.      Prospect objects to the Interrogatories to the extent they seek information relating to periods remote in time on the grounds that such documents are not relevant or material to the subject matter of this action.   Unless otherwise specified in Prospect's objections and responses herein and subject to any Court order or agreement by the parties to the contrary, Prospect shall treat the time period of these Interrogatories as January 1, 2010, to the date Prospect was notified of Plaintiff's claims, on February 7, 2022, unless otherwise stated.

10.     Prospect reserves the right to correct, amend, modify, or supplement these responses from time to time and at any time in the future, as warranted by the circumstances.

## **DEFINITIONS**

1.      The Uniform Definitions in Discovery Requests of Local Civil Rule 26.3 of the United States District Court for the Southern District of New York are incorporated herein by reference, and unless the context indicates otherwise, the following words and phrases are defined and used herein as follows.  To the extent that there is conflict between those definitions utilized by Plaintiff and the definitions below, the definitions below control.

3

2.      **Complaint**.  The term "Complaint" refers to the First Amended Complaint that Plaintiff filed on May 23, 2022, in the United States District Court for the Southern District of New York, Case No. 1:22-cv-02435-AT.

3.      **Document**.  The term "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FED. R. CIV. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

4.      **Parties**.  The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.   This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.      "**Person**" is defined as any natural person or any legal entity, including without limitation any business or governmental entity or association.

6.      **All/Any/Each**.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

7.      **And/Or**.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.      The "*Crave* **series**" means the books authored by Defendant Tracy Wolff entitled *Crave, Crush, Covet and* Court.  Prospect objects to Plaintiff's definition to the extent that it is inclusive of unpublished books *Charm* and *Cherish*, which are not the subject of this action.

4

9.   **"BMR"** means any and all versions of the manuscript that Plaintiff alleges in the Complaint she wrote, including, but not limited to, the versions entitled "Blue Moon Rising" and "Masqued."  Prospect objects to Plaintiff's definition to the extent it is inclusive of a legal conclusion as to copyright infringement.

**SPECIFIC RESPONSES AND OBJECTIONS
TO THE INTERROGATORIES**

**INTERROGATORY NO. 1**

With respect to each book in the CRAVE BOOK SERIES, identify each person that wrote or edited any portion of each of the Books?

**RESPONSE TO INTERROGATORY NO. 1**

Prospect objects to Interrogatory No. 1 as vague and ambiguous as to its use of the term "portion," and will interpret this term according to the federal and local rules, and, as necessary, according to its plain meaning.  Prospect further objects to this Interrogatory as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking information not relevant to any party's claims or defenses.  Prospect further objects to Interrogatory No. 1 to the extent it exceeds the scope of a permissible interrogatory under Local Civil Rule 33.3(a) insofar as it seeks information beyond the names of witnesses, calculations of damages, or locations of documents.

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, if needed, based on information obtained during discovery in this action, Prospect responds as follows: Prospect identifies the following people who wrote or provided substantive edits to one or more of the Books: Tracy Wolff; Liz Pelletier; and Stacy Abrams.

**INTERROGATORY NO. 2**

With respect to each person identified in response to Interrogatory No. 1, describe portions of each book in the CRAVE BOOK SERIES written or edited by such person?

**RESPONSE TO INTERROGATORY NO. 2**

Prospect objects to Interrogatory No. 2 as vague and ambiguous as to its use of the term "portions," and will interpret this term according to the federal and local rules, and, as necessary, according to its plain meaning. Prospect further objects to this Interrogatory as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking information not relevant to any party's claims or defenses. Prospect further objects to Interrogatory No. 2 to the extent it exceeds the scope of a permissible interrogatory under Local Civil Rule 33.3(a) insofar as it seeks information beyond the names of witnesses, calculations of damages, or locations of documents.

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, if needed, based on information obtained during discovery in this action, Prospect responds as follows: Prospect does not have sufficient knowledge or information to answer this Interrogatory.

**INTERROGATORY NO. 3**

With respect to each book in the CRAVE BOOK SERIES, please set forth all gross revenue you have received or accrued in connection with the writing or exploitation of the book up to the date of your response to this interrogatory, such response shall include the source of the revenues, the amount of revenues and the dates when such revenues were received or accrued by

6

YOU, including, but not limited to, any revenues received from any of the other Prospect in this ACTION.

**RESPONSE TO INTERROGATORY NO .3**

Prospect objects to Interrogatory No. 3 as vague and ambiguous as to its use of the terms "gross revenue" and "exploitation," and will interpret these terms according to the federal and local rules, and, as necessary, according to their plain meaning.  Prospect further objects to this Interrogatory as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking information not relevant to any party's claims or defenses.  Prospect further objects to Interrogatory No. 3 to the extent it exceeds the scope of a permissible interrogatory under Local Civil Rule 33.3(a) insofar as it seeks information beyond the names of witnesses, calculations of damages, or locations of documents.

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, if needed, based on information obtained during discovery in this action, Prospect responds as follows: Prospect will produce documents sufficient to show revenues Prospect has received or accrued in connection with the publication of the *Crave* series books.

**INTERROGATORY NO. 4**

With respect to each book in the CRAVE BOOK SERIES, please set forth all expenses incurred by YOU directly in connection with the writing or exploitation of each book up to the date of your response to this interrogatory, such response shall include a description of the expenses, the amount of the expenses and the date of the expenses.

7

**RESPONSE TO INTERROGATORY NO. 4**

Prospect objects to Interrogatory No. 4 as vague and ambiguous as to its use of the term "exploitation" and will interpret this term according to the federal and local rules, and, as necessary, according to its plain meaning.  Prospect further objects to this Interrogatory as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking information not relevant to any party's claims or defenses.  Prospect further objects to Interrogatory No. 4 to the extent it exceeds the scope of a permissible interrogatory under Local Civil Rule 33.3(a) insofar as it seeks information beyond the names of witnesses, calculations of damages, or locations of documents.

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, if needed, based on information obtained during discovery in this action, Prospect responds as follows: Prospect will produce documents sufficient to show expenses incurred by Prospect in connection with the publication of the *Crave* series.

**INTERROGATORY NO. 5**

Please identify each person with knowledge regarding Prospect Agency, LLC's submission of BMR to ENTANGLED PUBLISHING, LLC.

**RESPONSE TO INTERROGATORY NO 5.**

Prospect objects to Interrogatory No. 5 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking information not relevant to any party's claims or defenses.

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, if needed, based on information obtained during discovery in this action, Prospect responds as follows: Emily Sylvan Kim and Carrie Pestritto.

**INTERROGATORY NO. 6**

Please identify each person with knowledge regarding Tracy Deebs-Elkenaney p/k/a Tracy Wolff or Liz Pelletier using BMR to help either or both of them write any of the books in the CRAVE BOOK SERIES.

**RESPONSE TO INTERROGATORY NO. 6**

Prospect objects to Interrogatory No. 6 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking information not relevant to any party's claims or defenses.  Prospect further objects to Interrogatory No. 6 to the extent it exceeds the scope of a permissible interrogatory under Local Civil Rule 33.3(a) insofar as it seeks information beyond the names of witnesses, calculations of damages, or locations of documents.

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, if needed, based on information obtained during discovery in this action, Prospect responds as follows: None.

9

Dated: New York, NY
      July 15, 2022

    KLARIS LAW PLLC

    By: /s/ Lacy H. Koonce, III
    Lacy H. Koonce, III
    Zachary M. Press
    29 Little West 12th Street
    New York, NY 10014
    Phone: (917) 612-5861
    lance.koonce@klarislaw.com
    zach.press@klarislaw.com

    *Attorneys for Defendants*
    *Prospect Agency, LLC and*
    *Emily Sylvan Kim*

To:    Mark D. Passin
    CS Reeder, PC
    11766 Wilshire Blvd. Suite 1470
    Los Angeles, CA 90025
    mark@csrlawyers.com

    Paul V. LiCalsi
    Reitler Kailas & Rosenblatt LLC
    855 Third Avenue
    Ste 20th Floor
    New York, NY 10022
    plicalsi@reitlerlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Zachary M. Press, hereby certify that a true and correct complete copy of Defendants

Prospect Agency, LLC's Responses and Objections to Plaintiff's First Set of Interrogatories

have been served on counsel of record for Lynne Freeman by email on July 15, 2022, to:


Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com


By: /s/ Zachary M. Press