

September 8, 2022

<u>VIA ECF</u>
Honorable Sarah Netburn
United States Magistrate

    Re:  *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.  1 :* 22 Civ 02435 (AT)

Dear Judge Netburn:

    We are writing this letter motion to request an informal conference on behalf of Plaintiff Lynne Freeman ("Freeman") pursuant to Part II.C. of the Court's Individual Practices and Local Rule 37.2 following an extensive meet and confer process with Defendants' Tracy Deebs-Elkenaney p/k/a Tracy Wolff ("Wolff"), Entangled Publishing, LLC ("Entangled"), and Holtzbrinck Publishers, LLC, d/b/a Macmillan ("Macmillan") through their attorneys Nancy Wolff and CeCe Cole of Cowan, DeBaets, Abrahams & Shepard LLP.

Nature of Action

    See description of the action set forth in the letter from me to Your Honor regarding discovery responses of Defendants Kim and Prospect dated September 6, 2022 (which should have been dated September 7) in the section entitled Nature of the Action.

**Meet and Confer Process**

    Defendants Wolff, Entangled and Macmillan served their responses to Freeman's First Request for Production and First Set of Interrogatories on July 7 and July 15, respectively.[1] I met with both Nancy Wolff and CeCe Cole telephonically, regarding the responses on Thursday, July 21, 2022.  The night before the meet and confer, I sent them a detailed e-mail setting forth the issues I intended to raise at the meet and confer. We then had a telephonic meet and confer on July 21, 2022, and I sent both attorneys an e-mail on August 1, memorializing the outcome of the meet and confer.  I also sent Ms. Wolff and Ms. Cole an e-mail on August 7, 2022, pointing out some additional problems with their discovery responses.  I also had a number of telephone conversations and exchanged numerous e-mails from July 28 to August 17 with Lance Koonce at the Klaris firm (attorneys for Kim and Prospect) to discuss search terms to be used by Mr. Koonce and Ms. Wolff's clients in responding to Plaintiff's First Request for Production of Documents. Mr. Koonce made it clear to me that he was discussing the search terms on behalf of Ms. Wolff and her clients as well.  I copied Ms. Wolff and Ms. Cole on most, if not all, of my e-mails on the subject exchanged with Mr. Koonce.

**Wolff, Entangled and Macmillan's Responses and Objections to Plaintiffs' Second Amended Request for Production of Documents  A copy is enclosed herewith as Exhibit "A."**

---

[1] The responses purported to also be on behalf of Universal City Studios, LLC, but the document requests were not addressed to them.

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| --- | --- | --- |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

**Search Terms and Date of Production:**   The identical June 7, 2022, document requests were served on Wolff, Entangled and Macmillan that were served on Mr. Koonce's clients. Thus, the discussion in this letter regarding the document requests relates to the identical document requests discussed in my September 6, 2022, letter to Your Honor regarding the document requests served on Mr. Koonce clients.

Neither Ms. Wolff nor Ms. Cole mentioned search terms at the July 21, 2022, meet and confer. On July 29, over seven (7) weeks after receiving Freemans's First Request for Production of Documents, Ms. Wolff sent me an e-mail in which she raised for the first time that she was going to use search terms and forwarded me a copy of the proposed search terms asking me if I had any objection to them.  The search terms were the identical search terms that Mr. Koonce sent me the day before on behalf of his clients. *See* my September 6, 2022, letter to Your Honor regarding my discussions with Mr. Koonce regarding the search terms set forth in the section entitled "Search Terms and Date of Production" and also my discussion in that section about the documents listed on Exhibit "C" of that letter which need to be gathered manually and that Defendants must be ordered to produce all documents from any of the witnesses accounts, including, but not limited to, their personal e-mail accounts. As also explained in my September 6, 2022, letter to Your Honor, said Defendants should be ordered to turn over their computer hard drives to Plaintiff's counsel for expert examination.

As of the writing of this letter, I have not received a single document from Defendants Wolff, Entangled or Macmillan in response to Freeman's First Request for Production of Documents, even though the document requests were served over 3 months ago and we have only approximately 5 weeks before the fact discovery deadline. Thus, we respectfully request that the Court order a deadline for the production of the documents, including, but not limited to, the documents responsive to the requests set forth on Exhibit "C" in my letter to Your Honor dated September 6, 2022, and extend the fact-discovery cut-off deadline by four (4) months.  No previous extension of the deadline has been requested.

**Improper Objections:**  Wolff, Entangled and Macmillan objected to each of the document requests "as unduly burdensome to the extent it seeks documents already available to Plaintiff, or in the possession, custody, or control of Plaintiff." *See* Defendants' General Objection 4; "as unduly burdensome to the extent that it seeks documents in the public record or otherwise in the public domain and/or accessible to all parties." *See* Defendants' General Objection 5.  Said defendants also objected to the definition of the CRAVE BOOK SERIES because it contained the two yet unpublished books in the series.  *See* Defendants' General Objection 15 and my discussion of this issue in my letter to Your Honor dated September 6, 2022, in the section entitled "Definition of Crave Series.  Said Defendants also objected to Freeman's definition of *BMR* and states that they will interpret the definition of "BMR" to mean only the October 10, 2013 version of Plaintiff's manuscript titled *Masqued. See* Defendants' General Objection 16.  *"BMR"* should be defined as Plaintiff defined it in Freeman' document requests, which was as follows: "'BMR' shall mean any and all versions of the manuscript that FREEMAN alleges in the FAC she wrote, including, but not limited to, the versions entitled Blue Moon Rising and Masqued, and was infringed by the books in the

11766 Wilshire
Boulevard
Suite 1470
Los Angeles, California
90025

PHONE    (310) 861-2470
FAX    (310) 861-2476
EMAIL    mark@csrlawyers.com
WEBSITE    www.markpassin.com

Page 3
September 8, 2022

CRAVE SERIES entitled Crave, Crush, Covet and Court." Said Defendants also objected to the Requests to the extent they are unlimited in temporal scope, and in fact, states there is no temporal scope identified whatsoever.  *See* Defendants' General Objection 17.  Said Defendants state that "[n]otwithstanding the foregoing objections, Defendants will provide information from the time period most relevant to each specific Request, including, but not limited to, the range of dates relevant to the creation of the books *Crave, Crush, Covet, and Court."* In response, I advised Ms. Wolff that many of the requests contain dates and, if not, the time period is October 1, 2010, to the present.  All of the foregoing objections should be stricken.

**Requests Nos.  3, 4, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 49, 50:** The requests are addressed to Wolff, Entangled and Macmillan.  In response to Request No. 3, the responding parties state that "this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them.  Defendants accordingly interpret this Request as directed only at Wolff and Entangled."  The responding parties respond similarly to all of the above listed document requests.  The responses are improper.  All of the parties to whom the requests are propounded must respond to each request and must produce all responsive documents within their possession and control.

**Tracy Wolff Answers and Objections to Freeman's First Set of Interrogatories, attached hereto as Exhibit "B."**

 **Interrogatory Nos. 3:**  Freeman's revised Interrogatory No. 2 requests that "[w]ith respect to each book in the CRAVE BOOK SERIES, identify each person that wrote or edited any portion of each book and state whether such person was an author or an editor of that portion of the book."  Freeman's Interrogatory No. 3 requests that "[w]ith respect to each person identified in response to Interrogatory No. 2, describe the portions of each book in the CRAVE BOOK SERIES written or edited by such person.  In response to Interrogatory No. 3, Wolff stated that "she will provide responsive information in the form of documents responsive to Plaintiff's Document Requests, including, but not limited to, Document Request Nos. 11, 17, 25, 26, 27, 28 and 39, to the extent such responsive, non-privileged documents exist.  *See* Exhibit "B."  Documents responsive to those requests will not inform Freeman of which portion of each of the books in the CRAVE BOOK SERIES were written or edited by each person listed in response to Interrogatory No. 2. Moreover, it is improper for Wolff to produce documents instead of responding to the Interrogatory and Wolff should be ordered to answer the Interrogatory immediately.  First, Fed. R. Civ. P., 33(d) only allows a party to produce documents in response to interrogatories "if the burden of deriving or ascertaining the answer will be substantially the same for either party."  Lastly, the responses to the interrogatories were due on July 15, 2022, and we still have not received the documents and Wolff states in her response that the documents may not even exist.

 **Interrogatory No. 4:**  Interrogatory No. 4 states that "[w]ith respect to each book in the CRAVE BOOK SERIES, please set forth all gross revenue you have received or accrued

| | |
|---|---|
| 11766 Wilshire Boulevard | PHONE    (310) 861-2470 |
| Suite 1470 | FAX    (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL    mark@csrlawyers.com |
| | WEBSITE    www.markpassin.com |

Page 4
September 8, 2022

in connection with the writing or exploitation of the book up to the date of your response to this interrogatory, such response shall include the source of the revenues, the amount of revenues and the dates when such revenues were received or accrued by YOU, including, but not limited to, any revenues received from any of the other Defendants in this ACTION.

Instead of answering the Interrogatory, Wolff responded that "Defendant will provide responsive information in the form of documents responsive to Plaintiff's Document Requests, including, but not limited to, Document Request Nos. 45 and 46, to the extent such responsive, non-privileged documents exit." First, Fed. R. Civ. P., 33(d) only allows a party to produce documents in response to interrogatories "if the burden of deriving or ascertaining the answer will be substantially the same for either party." That is clearly not the case here. Wolff obviously has royalty statements and similar documents relating to the books that they maintain in one place, as well as the relevant documents relating to expenses. Indeed, they have to compile that information for tax purposes and all of the information is most likely contained in an online ledger. Obviously, it will be extremely more difficulty for Freeman to somehow identify and pull out the relevant documents from the massive numbers of documents being produced, especially if Wolff does not identify the documents produced by the document number to which it is responsive. Moreover, Rule 33(d)(1) also requires the responding party, if they are going to produce documents instead of answering the interrogatories, to specify "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Wolff merely stated that they will be produced in response to Plaintiff's Document Requests, including, but not limited to, Document Request Nos. 45 and 46, to the extent that such responsive, non-privileged documents exist. Lastly, the responses to the interrogatories were due on July 15, 2022, and we still have not received the documents.

**Interrogatory No. 5:** Interrogatory No. 5 states that "[w]ith respect to each book in the CRAVE BOOK SERIES, please set forth all expenses incurred by YOU in connection with the writing or exploitation of the book up to the date of your response to this interrogatory, such response shall include a description of the expenses, the amount of the expenses and the date of the expenses. Wolff stated that she will not answer the interrogatory. However, pursuant to an e-mail dated August 3, 2022, Ms. Wolff modified the foregoing and stated that with respect to the interrogatory, "we are going to amend our response regarding expenses." Nonetheless, it is now more than one month later and I have not received an amended response. Moreover, for all of the reasons stated above regarding Interrogatory No. 4, Wolff should be ordered to answer Interrogatory No. 5 as opposed to producing documents in response to the interrogatory.

**Entangled Answers and Objections to Freeman's First Set of Interrogatories, attached hereto as Exhibit "C"**

**Interrogatories Nos. 2, 3 and 4:** Interrogatory No. 2 to Entangled is identical to Interrogatory No. 3 propounded to Wolff and Entangled's response is the same as Wolff's

11766 Wilshire Boulevard

Suite 1470

Los Angeles, California 90025

PHONE    (310) 861-2470

FAX    (310) 861-2476

EMAIL    mark@csrlawyers.com

WEBSITE    www.markpassin.com

Page 5
September 8, 2022

response. All of the same arguments as discussed re Wolff's failure to respond to the interrogatory applies to Entangled's failure to respond to Interrogatory No. 2.  Interrogatory Nos. 3 and 4 (related to gross revenue and expenses) are identical to Interrogatory Nos. 4 and 5 propounded to Wolff and Entangled's responses and Nancy Wolff's agreement to provide a supplemental response to Interrogatory No. 4 (which she has not done) are the same.  All of the same arguments as discussed re Wolff's failure to respond to the above interrogatories applies to Entangled's failure to respond to Interrogatories 4 and 5.

**Macmillan's Answers and Objections to Freeman's First Set of Interrogatories, attached hereto as Exhibit "D"**
     **Interrogatories Nos. 1 and 2:**  Interrogatory Nos. 1 and 2 (relating to gross revenue and expenses) are also identical to Interrogatories Nos. 4 and 5 propounded to Wolff and Macmillan's responses and Nancy Wolff's agreement to provide a supplemental response to Interrogatory No. 2 (which she has not done) are the same. All of the same arguments as discussed re Wolff's failure to respond to the above interrogatories applies to Macmillan's failure to respond to Interrogatories Nos. 1 and 2.

**General Objections to Interrogatories Propounded to Wolff, Entangled and Macmillan:**
Said Defendants objected to each of the interrogatories in each of the foregoing responses "to the extent it seeks information already in the possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available."  They also objected to each of the interrogatories in each of the responses "to the extent it seeks information that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Plaintiff as for Defendant, consistent with Fed. R. Civ. P. 33(d). They also objected in the responses to each interrogatory "to the extent it seeks information that is confidential or proprietary business information belonging to Defendant" despite there is a Protective Order in the case.  They also objected to the definition of the "Crave Book Series" and said that they will interpret the definition to not include the books entitled *Charm* and *Cherish*.  They also objected to each interrogatory "to the extent they are unlimited in temporal scope" and state that "Defendant will provide information from the time period most relevant to each specific Interrogatory, including, but not limited to, the range of dates relevant to the creation of the books *Crave, Crush, Covet,* and *Court.*" Each of the foregoing objections are improper and should be stricken.

**Initial Disclosures:**  Pursuant to the Civil Case Management Plan and Scheduling Order, on or before June 24, 2022, Macmillan was required to make its initial disclosures, including, but not limited to, making available for inspection and copying all relevant insurance policies. Despite meeting and conferring with Nancy Wolf several times regarding the issue, Macmillan has failed to produce the insurance policy it has relating to this matter.

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE   (310) 861-2470
FAX   (310) 861-2476
EMAIL   mark@csrlawyers.com
WEBSITE   www.markpassin.com

Page 6
September 8, 2022

Respectfully submitted,

Mark D. Passin

cc:  All Counsel

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |