# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LYNNE FREEMAN, an individual,<br><br>     *Plaintiff,*<br><br> -against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, HOLTZBRINCK PUBLISHERS, LLC D/B/A MACMILLAN, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, and CRAZY MAPLE STUDIO, INC., a California Corporation,<br><br>     *Defendants.* | Case No. 1:22-cv-02435-AT |

**DEFENDANTS TRACY DEEBS-ELKENANEY P/K/A**
**TRACY WOLFF, ENTANGLED PUBLISHING, LLC, HOLTZBRINCK**
**PUBLISHERS, LLC D/B/A MACMILLAN, AND UNIVERSAL CITY STUDIOS**
**LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S SECOND AMENDED**
**<u>REQUEST FOR THE PRODUCTION OF DOCUMENTS</u>**

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Tracy

Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC

d/b/a Macmillan, and Universal City Studios LLC ("Defendants"), via its undersigned counsel,

provides the following objections and responses to Plaintiff Lynne Freeman's ("Plaintiff") Second

Amended Request for the Production of Documents dated June 13, 2022, (each, a "Request" and,

collectively, the "Requests") in the above-captioned matter as follows:

## GENERAL OBJECTIONS

Defendants make the following General Objections to the Requests. These General Objections apply to each of the Requests, as set forth immediately below. The assertion of the same, similar, or additional objections in response to a specific Request does not waive any of Defendants' General Objections:

1.      Defendants object to each Request to the extent it seeks production of documents that constitute or contain confidential or proprietary information belonging to Defendants. Defendants will produce documents or information only under the terms of an appropriate protective order entered in the above-captioned action.

2.      Defendants object to each Request to the extent it requires that Defendants create documents not already in existence, process documents in a manner outside Defendants' ordinary course of business, or purport to impose other obligations beyond, or inconsistent with, those imposed by the Federal Rules or any other applicable statute, regulation, rule, or court order.

3.      Defendants object to each Request to the extent it purports to require production of documents that are not within Defendants' possession, custody, or control. Defendants will produce responsive documents only with respect to information or documents within its possession, custody, and/or control.

4.      Defendants object to each Request as unduly burdensome to the extent it seeks documents already available to Plaintiff, or in the possession, custody, or control of Plaintiff.

5.      Defendants object to each Request as unduly burdensome to the extent it seeks documents contained in public records or otherwise in the public domain and/or accessible to all parties.

2

6.      Defendants object to each Request to the extent that it assumes disputed facts or legal conclusions in defining the documents requested. Defendants deny any such disputed facts or legal conclusions to the extent assumed by each Request. Any response or objection by Defendants to any such Request is without prejudice to this objection.

7.      Defendants object to each Request to the extent that it seeks documents subject to a confidentiality obligation owed to a non-party to this lawsuit. Defendants will attempt to obtain permission of any such non-party to disclose the requested documents. With respect to any non-party that does not provide to Defendants permission to disclose such documents, Defendants will provide the identity of such non-party and a description of the documents in Defendants' custody, possession, or control sufficient to allow Plaintiff to request the documents directly from such non-party (or permission for Defendants to disclose such information).

8.      Defendants object to each Request to the extent it seeks the admission or denial of material facts, which is an appropriate subject for a request for admission but not a request for documents.

9.      Defendants object to each Request to the extent that it calls for the disclosure of information beyond that required by the Federal Rules of Civil Procedure.

10.     Defendants object to each Request to the extent it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Defendants do not waive, and intend to preserve, any applicable privilege. Any production of such documents shall have been inadvertent and shall not constitute waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure.

11.     In responding and objecting to these Requests, Defendants do not concede that

**EXHIBIT A**
**Page 10**

any of the documents sought or provided are relevant to the claims of any party, proportional to the needs of the case, or admissible in evidence.

12.     In responding to these Requests, Defendants do not in any way waive any objections to these Requests, Instructions, or Definitions that Defendants may later assert, including but not limited to competency, relevance, materiality, admissibility, vagueness, and overbreadth. Defendants expressly reserve the right to object to the use of any responses below in any subsequent proceedings or any other action. Defendants further reserve the right to object to additional discovery into the subject matter of the Requests.

13.     To the extent Defendants seek to provide documents in response to portions of a Request that is vague or ambiguous, Defendants will make a good-faith effort to interpret each Request.

14.     A response that Defendants shall disclose the documents responsive to any Request is not and shall not be construed as a representation that such documents exist. Such an answer indicates only that Defendants will disclose all such non-privileged documents that it locates through good-faith efforts and reasonable diligence, to the extent any such non-privileged documents exist, if there is otherwise no objection to the Request.

15.     Defendants object to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which have not yet been released to the public. Defendants further object to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which are not included in the allegations in Plaintiff's Complaint. Subject to the foregoing objections, Defendants will interpret the definition of "CRAVE BOOK SERIES" to mean the books *Crave*, *Crush*, *Covet*, and *Court*.

16.     Defendants object to Plaintiff's definition of "BMR" to the extent that it assumes

4

that Plaintiff's manuscripts, including, but not limited to, the versions entitled *Blue Moon Rising* and *Masqued*, were allegedly infringed by the CRAVE BOOK SERIES.  Defendants further object to Plaintiff's definition of "BMR" to the extent that Defendants have never and do not currently have access to Plaintiff's manuscript entitled *Blue Moon Rising*. Defendants further object to Plaintiff's definition of "BMR" to the extent that Entangled is only in receipt of one version of *Masqued*, which was emailed to Entangled by Emily Sylvan Kim (and which Entangled does not admit to ever reading). Accordingly, Defendants will interpret "BMR" to mean the October 10, 2013 version of Plaintiff's manuscript titled *Masqued*.

17.     Defendants object to the Requests to the extent they are unlimited in temporal scope, and, in fact, there is no temporal scope identified whatsoever. Defendants further object to each Request not tied to a reasonable date range as overly broad, unduly burdensome, harassing in nature, and constituting a fishing expedition that is not reasonably likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Defendants will provide information from the time period most relevant to each specific Request, including, but not limited to, the range of dates relevant to the creation of the books *Crave*, *Crush*, *Covet*, and *Court*.

18.     Defendants object to the definition of "UNIVERSAL" as "defendant Universal City Studios, LLC, including any former or present parent, subsidiary, affiliate, division, joint venturer, partner, predecessor or successor in interest or, where applicable, any officer, director, employee, representative, independent contractor, attorney, accountant or agent acting on behalf of, or at the direction of, or in concert with Universal City Studios, LLC" as overly broad and unduly burdensome. Universal City Studios LLC shall respond only on its own behalf.

19.     Defendants object to each Request that does not specifically request documents

**EXHIBIT A**
**Page 12**

from a specific Defendant as vague, overly board, and unduly burdensome.

20.    Defendants object to the Requests to the extent they call for the production of documents before a protective order is ordered by the Court and will respond to each such Request on behalf on the appropriate Defendant.

21.    Defendants reserve the right to supplement, alter, or amend these Objections and Responses, if necessary or appropriate.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1**

All DOCUMENTS that are CONCERNING FREEMAN.

**Response to Request No. 1**

Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Defendants will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 2**

All DOCUMENTS that are CONCERNING BMR.

**EXHIBIT A**
**Page 13**

**Response to Request No. 2**

Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Wolff, Universal, and Macmillan state that they do not have within their custody, possession or control any documents responsive to this Request. Additionally, subject to and without waiver of the foregoing objections, Entangled will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 3**

All agreements between FREEMAN, on the one hand, and PROSPECT and/or KIM, on the other hand, and any amendments thereto, including, but not limited to, the Agreement for Artists.

**Response to Request No. 3**

Defendants object to this Request as vague and ambiguous with respect to its use of the terms "agreement" and "Agreement for Artists." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object

to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request as overbroad because it seeks "[a]ll agreements," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

## Request No. 4

All COMMUNICATIONS between FREEMAN, on the one hand, and KIM and/or any other PERSON on behalf of PROSPECT, on the other hand, from October 1, 2010 to the present, including, but not limited to, all e-mails.

## Response to Request No. 4

Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this

8

Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

### Request No. 5

DOCUMENTS sufficient to identify all personal and business e-mail addresses used by KIM from October 1, 2010 to the present (whether or not the addresses actually belong to KIM), and the name, address and telephone number of the account holder, internet provider hosting the address and storing, archiving and backing up emails (such as Bluehost.com, DreamHost.com or GoDaddy.com), and the domain registrar (such as Network Solutions or GoDaddy).

### Response to Request No. 5

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 9, 10, 11, 12, 16, 22, 23, 24, 25, 29, and 31. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations. Defendants further object to this Request to the extent it calls for information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as

overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendants state that they will not produce documents in response to this Request.

## Request No. 6

DOCUMENTS sufficient to identify all personal and business e-mail addresses used by WOLFF from October 1, 2010 to the present (whether or not the addresses actually belong to WOLFF), and the name, address and telephone number of the account holder, internet provider hosting the address and storing, archiving and backing up emails (such as Bluehost.com, DreamHost.com or GoDaddy.com), and the domain registrar (such as Network Solutions or GoDaddy).

## Response to Request No. 6

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 9, 10, 11, 12, 13, 14, 15, 27, 28, 36, 37, 38, and 39. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations. Defendants further object to this Request to the extent it calls for information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendants state that they will not produce documents in response to this Request.

10

**Request No. 7**

DOCUMENTS sufficient to identify all personal and business e-mail addresses used by PELLETIER from October 1, 2010 to the present (whether or not the addresses actually belong to PELLETIER), and the name, address and telephone number of the account holder, internet provider hosting the address and storing, archiving and backing up emails (such as Bluehost.com, DreamHost.com or GoDaddy.com), and the domain registrar (such as Network Solutions or GoDaddy).

**Response to Request No. 7**

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 22, 23, 24, 25, 26, 27, 28, 29, 30 36, 37, and 39. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations. Defendants further object to this Request to the extent it calls for information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendants state that they will not produce documents in response to this Request.

**Request No. 8**

All copies of BMR within the possession or control of any of YOU.

**Response to Request No. 8**

Defendants object to this Request as vague and ambiguous with respect to its use of the term "copies." Defendants will interpret this term according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning. Defendants further

11

object to this Request because it is duplicative of the documents requested in Request No. 2. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request as overbroad because it seeks "[a]ll copies," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Wolff, Universal, and Macmillan state that they do not have within their custody, possession or control any documents responsive to this Request. Additionally, subject to and without waiver of the foregoing objections, Entangled will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 9**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and WOLFF, on the other hand, from October 1, 2010 to the present, that are CONCERNING FREEMAN.

**Response to Request No. 9**

Defendants object to this Request because it is duplicative of the documents requested in Request No. 1. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll

12

COMMUNICATIONS," rather than a more narrowly tailored request. Defendants further object

to this Request as overly broad and unduly burdensome. Defendants further object to this Request

to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly

directed at Universal and Macmillan and is not reasonably likely to lead to discoverable

information from them. Defendants accordingly interpret this Request as directed only at Wolff

and Entangled, who state that they do not have within their custody, possession or control any

documents responsive to this Request.

## Request No. 10

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and WOLFF, on the other hand, from October 1, 2010 to the present that are CONCERNING BMR, including, but not limited to any e-mails attaching any copies of BMR or containing any excerpts from BMR in the body of the e-mail.

## Response to Request No. 10

Defendants object to this Request because it is duplicative of the documents requested in

Request Nos. 2 and 8. Defendants further object to this Request to the extent it seeks information

protected by the attorney-client privilege and/or work product doctrine. Defendants further object

to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more

narrowly tailored request. Defendants further object to this Request as overly broad and unduly

burdensome. Defendants further object to this Request to the extent it is not reasonably likely to

lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly

directed at Universal and Macmillan and is not reasonably likely to lead to discoverable

information from them. Defendants accordingly interpret this Request as directed only at Wolff

13

and Entangled, who state that they do not have within their custody, possession or control any documents responsive to this Request.

**Request No. 11**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and WOLFF, on the other hand, from October 1, 2010 to the present that are CONCERNING the writing of any of the books in the CRAVE SERIES.

**Response to Request No. 11**

Defendants object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 12**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and WOLFF, on the other hand, from October 1, 2010 to the present that are CONCERNING the contents of BMR, including, but not limited to, any e-mail with a copy of BMR attached or with an excerpt of BMR contained in the body of the e-mail.

**Response to Request No. 12**

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 2, 4, 8 and 10. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who state that they do not have within their custody, possession or control any documents responsive to this Request.

**Request No. 13**

All COMMUNICATIONS between WOLFF, on the one hand, and any PERSON, on the other hand, from October 1, 2010 to the present that are CONCERNING FREEMAN.

**Response to Request No. 13**

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 1 and 9. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object

15

to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who state that they do not have within their custody, possession or control any documents responsive to this Request.

## Request No. 14

All COMMUNICATIONS between WOLFF, on the one hand, and any PERSON, on the other hand, from October 1, 2010 to the present that are CONCERNING BMR or its contents.

## Response to Request No. 14

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 2, 8, 10, and 12. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

16

**EXHIBIT A**
**Page 23**

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who state that they do not have within their custody, possession or control any documents responsive to this Request.

**Request No. 15**

All COMMUNICATIONS between WOLFF, on the one hand, and any PERSON, on the other hand, that are CONCERNING using BMR in any way whatsoever to help WOLFF write any of the books in the CRAVE SERIES. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request.

**Response to Request No. 15**

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 2, 8, 10, 11, 12, and 14. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff

17

**EXHIBIT A**
**Page 24**

and Entangled, who state that they do not have within their custody, possession or control any documents responsive to this Request.

**Request No. 16**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and any PERSON, on the other hand, that are CONCERNING the possible publication of any manuscript written by FREEEMAN, including but not limited to, any such COMMUNICATION with anyone at ENTANGLED forwarding such person a copy of BMR.

**Response to Request No. 16**

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 2, 8, 9, 10, and 12. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who state that they do not have within their custody, possession or control any documents responsive to this Request.

**EXHIBIT A**
**Page 25**

**Request No. 17**

Copies of all drafts of each of the books in the CRAVE SERIES.

**Response to Request No. 17**

Defendants object to this Request as vague and ambiguous with respect to its use of the terms "[c]opies" and "drafts." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request because it is duplicative of the documents requested in Request No. 11. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request as overbroad because it seeks "[a]ll copies," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Defendants will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 18**

Copies of all versions of any of the books in the CRAVE SERIES, including, but not limited to, any copy of any of the books in the CRAVE SERIES that contains any language whatsoever that is different than the language contained in the respective book when it was originally released to the public.

**Response to Request No. 18**

Defendants object to this Request as vague and ambiguous with respect to its use of the terms "[c]opies," "versions," and "any" "books." Defendants will interpret these terms according

19

to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to the Request on the grounds that it is unclear what Plaintiff means by "any copy of any of the books in the CRAVE SERIES that contains any language whatsoever that is different than the language contained in the respective book when it was originally released to the public." Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overbroad because it seeks "all versions," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Wolff, Universal, and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Entangled, who states it will not produce documents in response to this Request.

**Request No. 19**

All agreements between PROSPECT and/or KIM, on the one hand, and ENTANGLED and/or PELLETIER, on the other hand.

**Response to Request No. 19**

Defendants object to this Request as vague and ambiguous with respect to its use of the term "agreements." Defendants will interpret this term according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants

further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll agreements," rather than a more narrowly tailored request. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 20**

All agreements between ENTANGLED and/or PELLETIER, on the one hand, and WOLFF, on the other hand, including, but not limited to, any book publishing agreement for any of the books in the CRAVE SERIES.

**Response to Request No. 20**

Defendants object to this Request as vague and ambiguous with respect to its use of the term "agreements." Defendants will interpret this term according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor

21

proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll agreements," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

## Request No. 21

All agreements between WOLFF, on the one hand, and any PERSON, on the other hand, that are CONCERNING WOLFF paying to the PERSON any money generated from the exploitation of any of the books in the CRAVE SERIES.

## Response to Request No. 21

Defendants object to this Request as vague and ambiguous with respect to its use of the terms "agreements," "money," "generated," and "exploitation." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond

22

to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll agreements," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Entangled, Universal, and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff, who states that she does not have within their custody, possession or control any documents responsive to this Request.

**Request No. 22**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and PELLETIER, or any other PERSON on behalf of ENTANGLED, on the other hand, from October 1, 2010 to the present that are CONCERNING FREEMAN.

**Response to Request No. 22**

Defendants object to this Request because it is duplicative of the documents requested in Request No. 1. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent

23

that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

## Request No. 23

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and PELLETIER or any other PERSON on behalf of ENTANGLED, on the other hand, from October 1, 2010 to the present that are CONCERNING BMR including, but not limited to any e-mails with a copy of BMR attached or any e-mail containing an excerpt from BMR.

## Response to Request No. 23

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 2 and 8. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 24**

All COMMUNICATIONS between KIM, or any other PERSON on behalf of PROSPECT, on the one hand, and PELLETIER or any other PERSON on behalf of ENTANGLED, on the other hand, from October 1, 2010 to the present that are CONCERNING the contents of BMR including, but not limited to any e-mails with a copy of BMR attached or any e-mail containing an excerpt from BMR.

**Response to Request No. 24**

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 2, 8, and 23. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Wolff, Universal, and Macmillan and is not reasonably likely to lead to discoverable

information from them. Defendants accordingly interpret this Request as directed only at Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 25**

All COMMUNICATIONS between Kim, or any other PERSON on behalf of PROSPECT, on the one hand, and PELLETIER or any other PERSON on behalf of ENTANGLED, on the other hand, that are CONCERNING the writing of any of the books in the CRAVE SERIES, including, but not limited to, any contribution to the writing of any of the books in the CRAVE SERIES made by PELLETIER.

**Response to Request No. 25**

Defendants object to this Request as vague and ambiguous with respect to its use of the terms "contribution" and "writing." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable

information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 26**

All DOCUMENETS evidencing that PELLETIER "created the basic storyline of the Crave book series" as stated in the letter dated February 9, 2022, from Nancy E. Wolff to Mark D. Passin.

**Response to Request No. 26**

Defendants object to this Request as vague and ambiguous with respect to its use of the term "evidencing." Defendants will interpret this term according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENETS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 27**

All DOCUMENTS evidencing that PELLETIER provided "to Wolff in writing the main plot, location, characters, and scenes," as stated in the letter dated February 9, 2022 from Nancy E. Wolff to Mark D. Passin, including, but not limited to, the writings in which PELLETIER provided the foregoing information to WOLFF.

**Response to Request No. 27**

Defendants object to this Request because it is duplicative of the documents requested in Request No. 26. Defendants further object to this Request as vague and ambiguous with respect to its use of the term "evidencing." Defendants will interpret this term according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**EXHIBIT A**
**Page 35**

**Request No. 28**

All DOCUMENTS evidencing that PELLETIER actively participated in the writing process of the "Crave book series" as stated in the letter dated February 9, 2022, from Nancy E. Wolff to Mark D. Passin.

**Response to Request No. 28**

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 26 and 27. Defendants further object to this Request as vague and ambiguous with respect to its use of the term "evidencing." Defendants will interpret this term according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 29**

A copy of the "pitch letter" from KIM to PELLETIER referred to in in the letter dated February 17, 2022, from Nancy E. Wolff to Mark D. Passin.

**Response to Request No. 29**

Defendants object to this Request as vague and ambiguous with respect to its use of the term "pitch letter." Defendants will interpret this term according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Wolff, Universal, and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 30**

A copy of the e-mail from PELLETIER to "another editor" at ENTANGLED forwarding to the other editor the e-mail from KIM with the "pitch letter" referred to in in the letter dated February 17, 2022, from Nancy E. Wolff to Mark D. Passin.

**Response to Request No. 30**

Defendants object to this Request as vague and ambiguous with respect to its use of the term "pitch letter." Defendants will interpret this term according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning. Defendants

further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Wolff, Universal, and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 31**

The e-mail dated October 18, 2013, from "another editor" to KIM referred to in the letter dated February 17, 2022, from Nancy E. Wolff to Mark D. Passin, including, but not limited to, the attachments to the e-mail.

**Response to Request No. 31**

Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

31

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Wolff, Universal, and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 32**

All ENTANGLED internal e-mails that are CONCERNING either the "pitch letter" or BMR.

**Response to Request No. 32**

Defendants object to this Request as vague and ambiguous with respect to its use of the term "internal e-mails." Defendants will interpret this term according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning. Defendants further object to this Request because it is duplicative of the documents requested in Request Nos. 2, 15, and 30. Defendants further object to this Request as overbroad because it seeks "[a]ll ENTANGLED internal e-mails," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Wolff, Universal, and Macmillan and is not reasonably likely to lead to discoverable

information from them. Defendants accordingly interpret this Request as directed only at Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 33**

All ENTANGLED internal e-mails that are CONCERNING FREEMAN.

**Response to Request No. 33**

Defendants object to this Request as vague and ambiguous with respect to its use of the term "internal e-mails." Defendants will interpret this term according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning. Defendants further object to this Request because it is duplicative of the documents requested in Request No. 1. Defendants further object to this Request as overbroad because it seeks "[a]ll ENTANGLED internal e-mails," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Wolff, Universal, and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 34**

The copy of BMR sent to ENTANGLED referred to in in the letter dated February 17, 2022, from Nancy E. Wolff to Mark D. Passin.

**Response to Request No. 34**

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 2, 8, 10, 24, and 32. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

 Subject to and without waiver of the foregoing objections, this Request is not properly directed at Wolff, Universal, and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 35**

All DOCUMENTS evidencing the "well-documented collaboration on the plot, characters, interplay of characters and the expression in the text" referred to in in the letter dated February 17, 2022, from Nancy E. Wolff to Mark D. Passin.

**Response to Request No. 35**

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 26 and 27. Defendants further object to this Request as vague and ambiguous with respect to its use of the term "evidencing." Defendants will interpret this term according to the

definitions provided in federal and local rules and, where a definition is not available, by its plain meaning. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

## Request No. 36

All COMMUNICATIONS between WOLF, on the one hand, and PELLETIER, or any other PERSON on behalf of ENTANGLED, on the other hand, from October 1, 2010 to the present that are CONCERNING FREEMAN.

## Response to Request No. 36

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 1 and 13. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to Plaintiff's use of the undefined term,

"WOLF," which Defendants will interpret to mean "WOLFF." Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who state that they do not have within their custody, possession or control any documents responsive to this Request.

## Request No. 37

All COMMUNICATIONS between WOLFF, on the one hand, and PELLETIER or any or any other PERSON on behalf of ENTANGLED, on the other hand, from October 1, 2010 to the present that are CONCERNING BMR including, but not limited to any e-mails with a copy of BMR attached or any e-mail containing an excerpt from BMR.

## Response to Request No. 37

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 2, 8, 14, and 15. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome.

36

Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who state that they do not have within their custody, possession or control any documents responsive to this Request.

**Request No. 38**

All COMMUNICATIONS between WOLFF, on the one hand, and PELLETIER or any other PERSON on behalf of ENTANGLED, on the other hand, from October 1, 2010 to the present that are CONCERNING the contents of BMR including, but not limited to any e-mails with a copy of BMR attached or any e-mail containing an excerpt from BMR.

**Response to Request No. 38**

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 2, 8, 14, 15, and 37. Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable

information from them. Defendants accordingly interpret this Request as directed only at Wolff and Entangled, who state that they do not have within their custody, possession or control any documents responsive to this Request.

**Request No. 39**

All COMMUNICATIONS between PELLETIER or any other PERSON on behalf of ENTANGLED, on the one hand, and WOLFF, on the other hand, that are CONCERNING the writing of any of the books in the CRAVE SERIES, including, but not limited to, any contribution to the writing of any of the books in the CRAVE SERIES made by PELLETIER.

**Response to Request No. 39**

Defendants object to this Request because it is duplicative of the documents requested in Request Nos. 20, 21, 25, 26, 27, 28, and 35. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request as overbroad because it seeks "[a]ll COMMUNICATIONS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Wolff

and Entangled, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 40**

All agreements, and amendments thereto, that are CONCERNING any of the books in the CRAVE SERIES, including, but not limited to any agreements with UNIVERSAL, MACMILLAN, CRAZY MAPLE STUDIO or any other PERSON licensing any rights in or to any of the books in the CRAVE series.

**Response to Request No. 40**

Defendants object to this Request as vague and ambiguous with respect to its use of the terms "agreements," "amendments," "licensing," and "rights." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll agreements," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations.

Subject to and without waiver of the foregoing objections, Defendants will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**EXHIBIT A**
**Page 46**

**Request No. 41**

All DOCUMENTS evidencing the payment of any money by any PERSON to KIM and/or PROSPECT in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statement or other accounting from WOLFF, ENTANGLED, PELLETIER MACMILAN, UNIVERSAL OR CRAZY MAPLE STUDIO.

**Response to Request No. 41**

Defendants object to this Request as vague and ambiguous with respect to its use of the terms "evidencing," "payment," "any money," "exploitation," "license," "rights," "royalty statements," and "accounting." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and is not reasonably likely to lead to discoverable information from it.

**EXHIBIT A**
**Page 47**

Defendants accordingly interpret this Request as directed only at Wolff, Entangled, and Macmillan, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**<u>Request No. 42</u>**

All DOCUMENTS evidencing the gross receipts received by KIM and/or PROSPECT in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statement or other accounting from WOLFE, ENTANGLED, PELLETIER, MACMILLAN, UNIVERSAL OR CRAZY MAPLE STUDIO.

**<u>Response to Request No. 42</u>**

Defendants object to this Request because it is duplicative of the documents requested in Request No. 41. Defendants further object to this Request as vague and ambiguous with respect to its use of the terms "evidencing," "gross receipts," "exploitation," "license," "rights," "royalty statements," and "accounting." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to Plaintiff's use of the undefined term, "WOLFE," which Defendants will interpret to mean "WOLFF." Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad

because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and is not reasonably likely to lead to discoverable information from it. Defendants accordingly interpret this Request as directed only at Wolff, Entangled, and Macmillan, who will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

## Request No. 43

All DOCUMENTS evidencing the payment of any money by any PERSON to ENTANGLED and/or PELLTIER in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statement or other accounting from WOLFF, PROSPECT, KIM, MACMILAN, UNIVERSAL OR CRAZY MAPLE STUDIO.

## Response to Request No. 43

Defendants object to this Request as vague and ambiguous with respect to its use of the terms "evidencing," "payment," "money," "exploitation," "licensing," "rights," "royalty statement," and "accounting." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates

42

to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations.

Subject to and without waiver of the foregoing objections, Defendants will use reasonable efforts to produce responsive, non-privileged privileged documents sufficient to show monies earned in connection with the exploitation or licensing of the CRAVE BOOK SERIES, to the extent such documents exist.

## Request No. 44

All DOCUMENTS evidencing the gross receipts received by ENTANGLED and/or PELLETIER in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statement or other accounting from WOLFE, PROSPECT, KIM, MACMILLAN, UNIVERSAL OR CRAZY MAPLE STUDIO.

## Response to Request No. 44

Defendants object to this Request because it is duplicative of the documents requested in Request No. 43. Defendants further object to this Request as vague and ambiguous with respect to its use of the terms "evidencing," "gross receipts," "exploitation," "license," "rights," "royalty statements," and "accounting." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which

Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to Plaintiff's use of the undefined term, "WOLFE," which Defendants will interpret to mean "WOLFF." Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Universal and is not reasonably likely to lead to discoverable information from it. Defendants accordingly interpret this Request as directed only at Wolff, Entangled, and Macmillan who will use reasonable efforts to produce responsive, non-privileged documents sufficient to show gross receipts earned in connection with the exploitation or licensing of the CRAVE BOOK SERIES, to the extent such documents exist.

**Request No. 45**

All DOCUMENTS evidencing the payment of any money by any PERSON to WOLFF in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statement or other accounting from PROSPECT, KIM, ENTANGLED, PELLETIER, MACMILLAN, UNIVERSAL OR CRAZY MAPLE STUDIO.

44

**Response to Request No. 45**

Defendants object to this Request as vague and ambiguous with respect to its use of the terms "evidencing," "payment," "money," "exploitation," "licensing," "rights," "royalty statement," and "accounting." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations.

Subject to and without waiver of the foregoing objections, Defendants will use reasonable efforts to produce responsive, non-privileged documents sufficient to show monies earned in connection with the exploitation or licensing of the CRAVE BOOK SERIES, to the extent such documents exist.

**Request No. 46**

All DOCUMENTS evidencing the gross receipts received by WOLFE in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license

45

granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statement or other accounting from PROSPECT, KIM, ENTANGLED, PELLETIER, MACMILLAN, UNIVERSAL OR CRAZY MAPLE ST.

**Response to Request No. 46**

Defendants object to this Request because it is duplicative of the documents requested in Request No. 45. Defendants further object to Plaintiff's use of the undefined term, "WOLFE," which Defendants will interpret to mean "WOLFF." Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request as vague and ambiguous with respect to its use of the terms "evidencing," "gross receipts," "exploitation," "license," "rights," "royalty statements," and "accounting." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations.

Subject to and without waiver of the foregoing objections, Defendants will use reasonable efforts to produce responsive, non-privileged documents sufficient to show gross receipts earned

in connection with the exploitation or licensing of the CRAVE BOOK SERIES, to the extent such documents exist.

**Request No. 47**

All DOCUMENTS evidencing the payment of any money by any PERSON to MACMILLAN in connection with the exploitation of any of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, any royalty statements or other accountings received from any retail vendors.

**Response to Request No. 47**

Defendants object to this Request as vague and ambiguous with respect to its use of the terms "evidencing," "payment," "money," "exploitation," "licensing," "rights," "royalty statement," and "accounting." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations.

Subject to and without waiver of the foregoing objections, Defendants will use reasonable efforts to produce responsive, non-privileged documents sufficient to show monies earned in connection with the exploitation or licensing of the CRAVE BOOK SERIES, to the extent such documents exist.

**Request No. 48**

All DOCUMENTS evidencing the gross receipts received by MACMILLAN in connection with the exploitation of each of the books in the CRAVE SERIES or in connection with any license granting any PERSON any rights in any of the books in the CRAVE SERIES, including, but not limited to, all money received from the sale of any book in the CRAVE SERIES from any and all sources.

**Response to Request No. 48**

Defendants object to this Request because it is duplicative of the documents requested in Request No. 47. Defendants further object to this Request as vague and ambiguous with respect to its use of the terms "evidencing," "gross receipts," "exploitation," "license," "rights," "royalty statements," and "accounting." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a

more narrowly tailored request. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations.

Subject to and without waiver of the foregoing objections, Defendants will use reasonable efforts to produce responsive, non-privileged documents sufficient to show gross receipts earned in connection with the exploitation or licensing of the CRAVE BOOK SERIES, to the extent such documents exist.

## Request No. 49

All DOCUMENTS evidencing any discussions and/or negotiations that have occurred with any PERSON other than MACMILLAN, UNIVERSAL OR CRAZY MAPLE STUDIO regarding the possibility of licensing any rights in or to any of the books in the CRAVE SERIES.

## Response to Request No. 49

Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request as vague and ambiguous with respect to its use of the terms "evidencing," "discussions," "negotiations," "licensing," and "rights." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to Plaintiff's use of the undefined term, "CRAVE SERIES," which Defendants will interpret to mean "CRAVE BOOK SERIES." Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any

party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Wolff, Universal, and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Entangled, who states it will not produce documents in response to this Request.

**Request No. 50**

All DOCUMENTS evidencing the stage of production of the motion picture based on the book *Crave* being made by Universal.

**Response to Request No. 50**

Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request as vague and ambiguous with respect to its use of the terms "evidencing" and "stage of production." Defendants will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by their plain meaning. Defendants further object to this Request as overbroad because it seeks "[a]ll DOCUMENTS," rather than a more narrowly tailored request. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants

50

further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations.

Subject to and without waiver of the foregoing objections, this Request is not properly directed at Wolff, Entangled, and Macmillan and is not reasonably likely to lead to discoverable information from them. Defendants accordingly interpret this Request as directed only at Universal, who states it will not produce documents in response to this Request.

## Request No. 51

Copies of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## Response to Request No. 51

Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request as overbroad because it seeks "any insurance agreement," rather than a more narrowly tailored request. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Wolff, Entangled, and Macmillan will use reasonable efforts to produce responsive, non-privileged documents to the

extent such documents exist. Additionally, subject to and without waiver of the foregoing objections, Universal states that it does not have within its custody, possession or control any documents responsive to this Request.

**Request No. 52**

Copies of any agreement containing a clause which obligates any party to indemnify any of the Defendants in the action from (1) any judgement entered against the Defendant in this action; (2) a settlement of this action in which the Defendant would have to pay the Plaintiff any money; and/or (3) any legal fees incurred in this action by the Defendant.

**Response to Request No. 52**

Defendants object to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendants further object to this Request as overbroad because it seeks "any agreement," rather than a more narrowly tailored request. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information. Defendants further object to this Request to the extent it seeks documents containing information that is confidential to third parties and subject to third-party obligations. Defendants further object to this Request to the extent that it seeks documents that are not within Defendants' possession, custody, or control.

Subject to and without waiver of the foregoing objections, Defendants will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 53**

All pictures of FREEMAN in the possession, custody or control of any of YOU.

52

**Response to Request No. 53**

Defendants object to this Request as overbroad because it seeks "[a]ll pictures," rather than a more narrowly tailored request. Defendants further object to this Request to the extent it seeks documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Request only as it relates to the subject matter of this action. Defendants further object to this Request as overly broad and unduly burdensome. Defendants further object to this Request to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendants state that they do not have within their custody, possession or control any documents responsive to this Request.

Dated: New York, New York          COWAN, DeBAETS, ABRAHAMS &
      July 7, 2022          SHEPPARD LLP

By:    /s/ Nancy E. Wolff       
      Nancy E. Wolff
      CeCe M. Cole
      41 Madison Avenue, 38th Floor
      New York, New York 10010
      Tel: (212) 974-7474
      Fax: (212) 974-8474
      nwolff@cdas.com
      ccole@cdas.com

      *Attorneys for Defendants Tracy Deebs-*
      *Elkenaney p/k/a Tracy Wolff, Entangled*
      *Publishing, LLC, Holtzbrinck Publishers,*
      *LLC d/b/a Macmillan, and Universal City*
      *Studios LLC*

**EXHIBIT A**
**Page 60**

## <u>CERTIFICATE OF SERVICE</u>

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendants Tracy

Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC

d/b/a Macmillan, and Universal City Studios LLC's Answers and Objections to Plaintiff's Second

Amended Request for the Production of Documents have been served on counsel of record for

Lynne Freeman by email on July 7, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: <u>s/ CeCe M. Cole</u>