# EXHIBIT C

EXHIBIT C
Page 74

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LYNNE FREEMAN, an individual,

          *Plaintiff*,

   -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, HOLTZBRINCK PUBLISHERS, LLC D/B/A MACMILLAN, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, and CRAZY MAPLE STUDIO, INC., a California Corporation,

          *Defendants*.

Case No. 1:22-cv-02435-AT

---

### DEFENDANT ENTANGLED PUBLISHING, LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.3 of the Southern District of New York, defendant Entangled Publishing, LLC ("Defendant" or "Entangled") hereby serves its answers and objections to Lynne Freeman's ("Plaintiff") First Set of Interrogatories dated June 16, 2022 (each, an "Interrogatory," and collectively, the "Interrogatories") as follows:

### GENERAL OBJECTIONS

Defendant makes the following General Objections to the Interrogatories and incorporates by reference therein the Definitions set forth in Entangled's First Set of Document Requests, dated July 15, 2022. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The assertion of the same, similar, or additional

EXHIBIT C
Page 75

objections in response to specific Interrogatories does not waive any of Defendant's General Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Plaintiff is entitled to any response more specific than provided:

1. Defendant objects to the Definitions and Interrogatories to the extent that they purport to impose on Defendant duties or obligations beyond, or inconsistent with, those set forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. P. 33(a) and Local Rule 33.3.

2. Defendant objects to each Interrogatory to the extent it seeks information outside the scope of this proceeding. Defendant further objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party within the meaning of Fed. R. Civ. P. 26(b), nor proportional to the needs of the case.

3. Defendant objects to each Interrogatory to the extent it seeks information that is not within Defendant's possession, custody, or control. Defendant responds to each Interrogatory only with respect to information within its possession, custody, or control.

4. Defendant objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Plaintiff and/or his counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available.

5. Defendant objects to each Interrogatory to the extent it seeks information that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Plaintiff as for Defendant, consistent with Fed. R. Civ. P. 33(d).

6. Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

EXHIBIT C
Page 76

applicable privilege or protection from discovery. Such information shall not be provided in response to Plaintiff's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7. Defendant objects to each Interrogatory to the extent it seeks information that is confidential or proprietary business information belonging to Defendant.

8. Defendant objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, and unduly burdensome. To the extent Defendant seeks to provide information in response to portions of an Interrogatory that are vague or ambiguous, Defendant will make a good faith effort to interpret each Interrogatory.

9. Defendant objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10. Defendant objects to each Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested. Defendant denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Defendant to any such Interrogatory is without prejudice to this objection.

11. In providing responses to the Interrogatories, Defendant does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as all objections to any other discovery notices.

12. Defendants object to Plaintiff's definition of "BMR" to the extent that it assumes that Plaintiff's manuscripts, including, but not limited to, the versions entitled *Blue Moon Rising* and *Masqued*, were allegedly infringed by the CRAVE BOOK SERIES. Defendants further object

EXHIBIT C
Page 77

to Plaintiff's definition of "BMR" to the extent that Defendants have never and do not currently have access to Plaintiff's manuscript entitled *Blue Moon Rising*. Defendants further object to Plaintiff's definition of "BMR" to the extent that Entangled is only in receipt of one version of *Masqued*, which was emailed to Entangled by Emily Sylvan Kim (and which Entangled does not admit to ever reading). Accordingly, Defendants will interpret "BMR" to mean the October 10, 2013 version of Plaintiff's manuscript titled *Masqued*.

13. Defendant objects to the Interrogatories to the extent they are unlimited in temporal scope, and, in fact, there is no temporal scope identified whatsoever. Defendant further objects to each Interrogatory not tied to a reasonable date range as overly broad, unduly burdensome, harassing in nature, and constituting a fishing expedition that is not reasonably likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Defendant will provide information from the time period most relevant to each specific Interrogatory, including, but not limited to, the range of dates relevant to the creation of the books *Crave*, *Crush*, *Covet*, and *Court*.

14. Defendant reserves the right to supplement, alter or amend these Answers and Objections, if necessary or appropriate.

## SPECIFIC OBJECTIONS AND ANSWERS

Without waiver of, or prejudice to, any of its General Objections, Defendant answers and responds to each Interrogatory as follows:

## INTERROGATORIES

**Interrogatory No. 1:**

With respect to each book in the CRAVE BOOK SERIES, identify each person that wrote or edited any portion of each of the books?

EXHIBIT C
Page 78

**Answer to Interrogatory No. 1:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available. Defendant further objects to this Interrogatory on the ground that the terms "wrote" and "edited" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendant identifies the following individuals who wrote or edited any portion of the CRAVE BOOK SERIES: Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Author; Elizabeth Pelletier, Editor; Stacy Abrams, Copy Editor; and Emily Sylvan Kim, Proofreader of final versions for spelling and grammar mistakes. Mss. Wolf, Pelletier, and Abrams may be contacted through Entangled's counsel of record. Ms. Kim may be contacted through her counsel of record.

**Interrogatory No. 2:**

With respect to each person identified in response to Interrogatory No. 1, describe the portions of each book in the CRAVE BOOK SERIES written or edited by such person?

**Answer to Interrogatory No. 2:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the

**EXHIBIT C**
**Page 79**

possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available. Defendant further objects to this Interrogatory on the ground that the terms "written" and "edited" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Accordingly, and without waiver of any of its objections, Defendant provide responsive information in the form of documents responsive to Plaintiff's Document Requests, including, but not limited to, Document Request Nos. 11, 17, 25, 26, 27, 28, and 39 to the extent responsive, non-privileged documents exist.

**Interrogatory No. 3:**

With respect to each book in the CRAVE BOOK SERIES, please set forth all gross revenue you have received or accrued in connection with the writing or exploitation of the book up to the date of your response to this interrogatory, such response shall include the source of the revenues, the amount of revenues and the dates when such revenues were received or accrued by YOU, including, but not limited to, any revenues received from any of the other Defendants in this ACTION.

**Answer to Interrogatory No. 3:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information outside the scope of, and inconsistent with, Local Rule 33.3, insofar as it seeks information aside from "names of witnesses with knowledge of information relevant to the subject matter of the action" or the

**EXHIBIT C**
**Page 80**

"existence, custodian, location, and general description of relevant documents." Defendant further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that the terms "you," "gross revenue," "received," "accrued," "writing," "exploitation," and "revenues" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Accordingly, and without waiver of any of its objections, Defendant will provide responsive information in the form of documents responsive to Plaintiff's Document Requests, including, but not limited to, Document Request Nos. 43 and 44 to the extent such responsive, non-privileged documents exist.

**Interrogatory No. 4:**

With respect to each book in the CRAVE BOOK SERIES, please set forth all expenses incurred by YOU directly in connection with the writing or exploitation of each book up to the date of your response to this interrogatory, such response shall include a description of the expenses, the amount of the expenses and the date of the expenses.

**EXHIBIT C**
**Page 81**

**Answer to Interrogatory No. 4:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information outside the scope of, and inconsistent with, Local Rule 33.3, insofar as it seeks information aside from "names of witnesses with knowledge of information relevant to the subject matter of the action" or the "existence, custodian, location, and general description of relevant documents." Defendant further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that the terms "expenses," "incurred," "writing," and "exploitation," are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**EXHIBIT C**
**Page 82**

**Interrogatory No. 5:**

Please identify each person with knowledge regarding Prospect Agency, LLC's submission of BMR to ENTANGLED PUBLISHING, LLC.

**Answer to Interrogatory No. 5:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available. Defendant further objects to this Interrogatory on the ground that the term "submission" is vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the terms "CRAVE BOOK SERIES" and "BMR." Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendant identifies the following individuals with knowledge of Prospect Agency, LLC's submission of BMR to ENTANGLED: Stacy Abrams and Emily Sylvan Kim. Ms. Abrams may be contacted through Entangled's counsel of record. Ms. Kim may be contacted through her counsel of record.

**Interrogatory No. 6:**

Please identify each person with knowledge regarding Tracy Deebs- Elkenaney p/k/a Tracy Wolff or Liz Pelletier using BMR to help either or both of them write any of the books in the CRAVE BOOK SERIES.

**EXHIBIT C**
**Page 83**

**Answer to Interrogatory No. 6:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available. Defendant further objects to this Interrogatory on the ground that the term "write" is vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the terms "CRAVE BOOK SERIES" and "BMR." Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendant states that no such individual exist.

**EXHIBIT C**
**Page 84**

| | |
|---|---|
| Dated: New York, New York<br>July 15, 2022 | COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP |

                                                                                                                              By:   /s/ Nancy E. Wolff
                                                                                                                              Nancy E. Wolff
                                                                                                                              CeCe M. Cole
                                                                                                                              41 Madison Avenue, 38th Floor
                                                                                                                              New York, New York 10010
                                                                                                                              Tel: (212) 974-7474
                                                                                                                              Fax: (212) 974-8474
                                                                                                                              nwolff@cdas.com
                                                                                                                              ccole@cdas.com

*Attorneys for Defendant Entangled Publishing, LLC*

**EXHIBIT C**
**Page 85**

**CERTIFICATE OF SERVICE**

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendant Entangled Publishing, LLC's Answers and Objections to Plaintiff's First Set of Interrogatories have been served on counsel of record for Lynne Freeman by email on July 15, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: s/ CeCe M. Cole

EXHIBIT C
Page 86