# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LYNNE FREEMAN, an individual,

        *Plaintiff*,

    -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN KIM, an
individual, PROSPECT AGENCY, LLC, a New Jersey
limited liability company, ENTANGLED
PUBLISHING, LLC, a Delaware limited liability
company, HOLTZBRINCK PUBLISHERS, LLC
D/B/A MACMILLAN, a New York limited liability
company, UNIVERSAL CITY STUDIOS, LLC, a
Delaware limited liability company, and CRAZY
MAPLE STUDIO, INC., a California Corporation,

        *Defendants*.

Case No. 1:22-cv-02435-AT

**DEFENDANT TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF'S**
**REVISED ANSWERS AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.3

of the Southern District of New York, defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff

("Defendant" or "Wolff") hereby serves its revised answers and objections to Lynne Freeman's

("Plaintiff") First Set of Interrogatories dated June 16, 2022 (each, an "Interrogatory," and

collectively, the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

    Defendant makes the following General Objections to the Interrogatories and incorporates

by reference therein the Definitions set forth in Wolff's First Set of Document Requests, dated

July 15, 2022. These General Objections apply to each of the Interrogatories, set forth immediately

below, and are incorporated therein by reference. The assertion of the same, similar, or additional

objections in response to specific Interrogatories does not waive any of Defendant's General Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Plaintiff is entitled to any response more specific than provided:

1.    Defendant objects to the Definitions and Interrogatories to the extent that they purport to impose on Defendant duties or obligations beyond, or inconsistent with, those set forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. P. 33(a) and Local Rule 33.3.

2.    Defendant objects to each Interrogatory to the extent it seeks information outside the scope of this proceeding. Defendant further objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party within the meaning of Fed. R. Civ. P. 26(b), nor proportional to the needs of the case.

3.    Defendant objects to each Interrogatory to the extent it seeks information that is not within Defendant's possession, custody, or control. Defendant responds to each Interrogatory only with respect to information within its possession, custody, or control.

4.    Defendant objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Plaintiff and/or his counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available.

5.    Defendant objects to each Interrogatory to the extent it seeks information that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Plaintiff as for Defendant, consistent with Fed. R. Civ. P. 33(d).

6.    Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

applicable privilege or protection from discovery. Such information shall not be provided in response to Plaintiff's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7.      Defendant objects to each Interrogatory to the extent it seeks information that is confidential or proprietary business information belonging to Defendant.

8.      Defendant objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, and unduly burdensome. To the extent Defendant seeks to provide information in response to portions of an Interrogatory that are vague or ambiguous, Defendant will make a good faith effort to interpret each Interrogatory.

9.      Defendant objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10.     Defendant objects to each Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested. Defendant denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Defendant to any such Interrogatory is without prejudice to this objection.

11.     In providing responses to the Interrogatories, Defendant does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as all objections to any other discovery notices.

12.     Defendants object to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which have not yet been released to the public. Defendants further object to Plaintiff's definition of "CRAVE BOOK SERIES" to the

extent that it includes the books *Charm* and *Cherish*, which are not included in the allegations in Plaintiff's Complaint. Subject to the foregoing objections, Defendants will interpret the definition of "CRAVE BOOK SERIES" to mean the books *Crave*, *Crush*, *Covet*, and *Court*.

13.     Defendant objects to the Interrogatories to the extent they are unlimited in temporal scope, and, in fact, there is no temporal scope identified whatsoever. Defendant further objects to each Interrogatory not tied to a reasonable date range as overly broad, unduly burdensome, harassing in nature, and constituting a fishing expedition that is not reasonably likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Defendant will provide information from the time period most relevant to each specific Interrogatory, including, but not limited to, the range of dates relevant to the creation of the books *Crave*, *Crush*, *Covet*, and *Court*.

14.     Defendant reserves the right to supplement, alter or amend these Answers and Objections, if necessary or appropriate.

## SPECIFIC OBJECTIONS AND ANSWERS

Without waiver of, or prejudice to, any of its General Objections, Defendant answers and responds to each Interrogatory as follows:

## INTERROGATORIES

**Interrogatory No. 1:**

What is YOUR legal name?

**Answer to Interrogatory No. 1:**

Subject to and without waiver of the General Objections, Defendant states that her legal name is Tracy Deebs-Elkenaney.

**Interrogatory No. 2:**

With respect to each book in the CRAVE BOOK SERIES, identify each person that wrote or edited any portion of each book and state whether such person was an author or an editor of

that portion of the book.

**Answer to Interrogatory No. 2:**

Defendant repeats and incorporates her General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available. Defendant further objects to this Interrogatory on the grounds that it is duplicative of Interrogatory No. 3 in Plaintiff's First Set of Interrogatories to Defendant. Defendant further objects to this Interrogatory on the ground that the terms "wrote" and "edited" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in her General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendant identifies the following individuals who wrote or edited any portion of the CRAVE BOOK SERIES: Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Author; Elizabeth Pelletier, Editor; Stacy Abrams, Copy Editor; and Emily Sylvan Kim, Proofreader of final versions for spelling and grammar mistakes. Mss. Wolf, Pelletier, and Abrams may be contacted through Ms. Wolff's counsel of record. Ms. Kim may be contacted through her counsel of record. Further, subject to and without waiver of the foregoing objections, Defendant will provide responsive information in the form of documents responsive to Plaintiff's Document Requests, including, but not limited to, Document Request Nos. 11, 17, 25, 26, 27, 28, and 39, to the extent such responsive, non-privileged documents exist.

5

**Interrogatory No. 3:**

With respect to each person identified in response to Interrogatory No. 2, describe the portions of each book in the CRAVE BOOK SERIES written or edited by such person?

**Answer to Interrogatory No. 3:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available. Defendant further objects to this Interrogatory on the ground that the terms "written" and "edited" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Accordingly, and without waiver of any of its objections, Defendant will provide responsive information in the form of documents responsive to Plaintiff's Document Requests, including, but not limited to, Document Request Nos. 11, 17, 25, 26, 27, 28, and 39, to the extent such responsive, non-privileged documents exist.

**Interrogatory No. 4:**

With respect to each book in the CRAVE BOOK SERIES, please set forth all gross revenue you have received or accrued in connection with the writing or exploitation of the book up to the date of your response to this interrogatory, such response shall include the source of the revenues, the amount of revenues and the dates when such revenues were received or accrued by YOU, including, but not limited to, any revenues received from any of the other Defendants in this ACTION.

## Answer to Interrogatory No. 4:

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information outside the scope of, and inconsistent with, Local Rule 33.3, insofar as it seeks information aside from "names of witnesses with knowledge of information relevant to the subject matter of the action" or the "existence, custodian, location, and general description of relevant documents." Defendant further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory on the ground that the terms "you," "gross revenue," "received," "accrued," "writing," "exploitation," and "revenues" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Accordingly, and without waiver of any of its objections, Defendant presently estimates, based on the available information, that her gross revenue earned in connection with the writing and exploitation of the *Crave* Book Series has been:

| Book | Date Range | Amount |
|------|-----------|--------|
| Crave | 2/1/20-4/30/20 | $█████ |
| Crave | 5/1/20-7/31/20 | $█████ |
| Crave | 8/1/20-10/31/20 | $█████ |
| Crave | 11/1/20-1/31/2021 | $█████ |
| Crave | 2/1/21-4/30/21 | $█████ |

| | | |
|---|---|---|
| Crave | 5/1/21-7/31/21 | $ ▓▓▓▓ |
| Crave | 8/1/21-10/31/21 | $ ▓▓▓▓▓ |
| Crave | 11/1/21-1/31/2022 | $ ▓▓▓▓▓ |
| Crave | 2/1/22-4/30/22 | $ ▓▓▓▓ |
| Crave | 5/1/22-7/31/22 | $ ▓▓▓▓▓ |
| Crush | 2/1/20-4/30/20 | $ ▓▓▓▓ |
| Crush | 5/1/20-7/31/20 | $ ▓▓ |
| Crush | 8/1/20-10/31/20 | $ ▓▓▓▓ |
| Crush | 11/1/20-1/31/2021 | $ ▓▓▓▓ |
| Crush | 2/1/21-4/30/21 | $ ▓▓▓▓ |
| Crush | 5/1/21-7/31/21 | $ ▓▓▓▓ |
| Crush | 8/1/21-10/31/21 | $ ▓▓▓▓ |
| Crush | 11/1/21-1/31/2022 | $ ▓▓▓▓ |
| Crush | 2/1/22-4/30/22 | $ ▓▓▓▓ |
| Crush | 5/1/22-7/31/22 | $ ▓▓▓▓ |
| Covet | 2/1/20-4/30/20 | $ ▓▓▓▓ |
| Covet | 5/1/20-7/31/20 | $ ▓▓▓ |
| Covet | 8/1/20-10/31/20 | $ ▓▓▓ |
| Covet | 11/1/20-1/31/2021 | $ ▓▓▓ |
| Covet | 2/1/21-4/30/21 | $ ▓▓▓▓ |
| Covet | 5/1/21-7/31/21 | $ ▓▓▓▓ |
| Covet | 8/1/21-10/31/21 | $ ▓▓▓▓ |
| Covet | 11/1/21-1/31/2022 | $ ▓▓▓▓ |
| Covet | 2/1/22-4/30/22 | $ ▓▓▓▓ |
| Covet | 5/1/22-7/31/22 | $ ▓▓▓▓ |
| Court | 8/1/20-10/31/20 | $ ▓▓▓ |
| Court | 11/1/20-1/31/2021 | $ ▓▓ |
| Court | 2/1/21-4/30/21 | $ ▓▓▓ |
| Court | 5/1/21-7/31/21 | $ ▓▓▓ |
| Court | 8/1/21-10/31/21 | $ ▓▓▓ |
| Court | 11/1/21-1/31/2022 | $ ▓▓▓▓ |
| Court | 2/1/22-4/30/22 | $ ▓▓▓▓ |
| Court | 5/1/22-7/31/22 | $ ▓▓▓▓ |

Defendant reserves the right to revise this figure as she continues to review her records.

**Interrogatory No. 5:**

With respect to each book in the CRAVE BOOK SERIES, please set forth all expenses incurred by YOU directly in connection with the writing or exploitation of each book up to the date of your response to this interrogatory, such response shall include a description of the expenses, the amount of the expenses and the date of the expenses.

**Answer to Interrogatory No. 5:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information outside the scope of, and inconsistent with, Local Rule 33.3, insofar as it seeks information aside from "names of witnesses with knowledge of information relevant to the subject matter of the action" or the "existence, custodian, location, and general description of relevant documents." Defendant further objects to this Interrogatory on the ground that the terms "expenses," "incurred," "writing," and "exploitation," are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES."

Accordingly, and without waiver of any of its objections, Defendant presently estimates, based on the available information, that her expenses in connection with the writing and exploitation of the *Crave* Book Series have been:

| Expense Type | Approximate Amount | Year |
|---|---|---|
| Supplies | $■ | 2019 |
| Travel | $■ | 2019 |
| Laptop | $■ | 2019 |
| Milage | $■ | 2019 |
| Website Designs/Newsletters/Advertising/Swag | $■ | 2020 |
| Travel | $■ | 2020 |
| Business Meals | $■ | 2020 |
| Legal Fees and Professional Services | $■ | 2020 |
| Milage | $■ | 2020 |
| Gifts/Contests/Giveaways | $■ | 2020 |
| Virtual Conferences | $■ | 2020 |
| Supplies/Research/Mailings | $■ | 2020 |
| Website Designs/Newsletters/Advertising/Swag | $■ | 2021 |

9

| Milage | $███ | 2021 |
|---|---|---|
| Legal and Professional Services | $███ | 2021 |
| Supplies/Research/Mailings | $███ | 2021 |
| Travel | $███ | 2021 |
| Business Meals/Entertainment | $███ | 2021 |
| Gifts/Contests/Giveaways | $███ | 2021 |
| Supplies for Public Appearances/Tours | $███ | 2021 |
| Book Signing Conferences | $███ | 2021 |
| Laptop/Printer/Mouse/Headphones for Zoom Appearances | $███ | 2021 |
| Travel/Meals | $███ | 2022 |
| Mileage | $███ | 2022 |
| Gifts/Contests | $███ | 2022 |
| Website | $███ | 2022 |
| Publicity/Newsletter | $███ | 2022 |
| Supplies | $███ | 2022 |
| Research | $███ | 2022 |
| Postage | $███ | 2022 |

Defendant reserves the right to revise this figure as she continues to review her records.

**Interrogatory No. 6:**

Please identify each person with knowledge regarding Prospect Agency, LLC's submission of BMR to ENTANGLED PUBLISHING, LLC.

**Answer to Interrogatory No. 6:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available. Defendant further objects to this Interrogatory on the ground that the term "submission" is vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the terms "CRAVE BOOK SERIES". Defendant further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this

Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendant states that apart from allegations made during the course of this Action, Wolff has no personal knowledge of Prospect's alleged submission of BMR (or any of Plaintiff's Manuscripts, including all Versions of the Manuscripts) to Entangled.

**Interrogatory No. 7:**

Please identify each person with knowledge regarding YOU or Liz Pelletier using BMR to help either or both of you write any of the books in the CRAVE BOOK SERIES.

**Answer to Interrogatory No. 7:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available. Defendant further objects to this Interrogatory on the ground that the term "write" is vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the terms "CRAVE BOOK SERIES". Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendant states that no such individuals exist.

11

Dated: New York, New York        COWAN, DeBAETS, ABRAHAMS &
       November 22, 2022             SHEPPARD LLP

By:    /s/ Nancy E. Wolff
       Nancy E. Wolff
       CeCe M. Cole
       41 Madison Avenue, 38th Floor
       New York, New York 10010
       Tel: (212) 974-7474
       Fax: (212) 974-8474
       nwolff@cdas.com
       ccole@cdas.com

*Attorneys for Defendant Tracy Deebs-*
*Elkenaney p/k/a Tracy Wolff*

## **VERIFICATION**

I, Tracy Deebs-Elkenaney p/k/a Tracy Wolff, am a defendant in the above-captioned action. I have read the foregoing Defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff's Revised Answers and Objections to Plaintiff's First Set of Interrogatories, and I believe the answers therein to be true to the best of my knowledge and belief, based on the information available to me.

I verify under penalty of perjury that the foregoing is true and correct.


Executed on: November 22, 2022

## **CERTIFICATE OF SERVICE**

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendant Tracy

Deebs-Elkenaney p/k/a Tracy Wolff's Revised Answers and Objections to Plaintiff's First Set of

Interrogatories have been served on counsel of record for Lynne Freeman by email on November

22, 2022, to:


Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com


By: s/ CeCe M. Cole

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LYNNE FREEMAN, an individual,

        *Plaintiff*,

    -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN KIM, an
individual, PROSPECT AGENCY, LLC, a New Jersey
limited liability company, ENTANGLED
PUBLISHING, LLC, a Delaware limited liability
company, HOLTZBRINCK PUBLISHERS, LLC
D/B/A MACMILLAN, a New York limited liability
company, UNIVERSAL CITY STUDIOS, LLC, a
Delaware limited liability company, and CRAZY
MAPLE STUDIO, INC., a California Corporation,

        *Defendants*.

Case No. 1:22-cv-02435-AT

**DEFENDANT TRACY DEEBS-ELKENANEY P/K/A**
**TRACY WOLFF'S ANSWERS AND OBJECTIONS TO**
**PLAINTIFF'S THIRD SET OF INTERROGATORIES**

      Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.3

of the Southern District of New York, defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff

("Defendant" or "Wolff") hereby serves her answers and objections to Lynne Freeman's

("Plaintiff") Third Set of Interrogatories dated July 27, 2022 (each, an "Interrogatory," and

collectively, the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

      Defendant makes the following General Objections to the Interrogatories and incorporates

by reference therein the Definitions set forth in Wolff's First Set of Document Requests, dated

July 15, 2022. These General Objections apply to each of the Interrogatories, set forth immediately

below, and are incorporated therein by reference. The assertion of the same, similar, or additional

objections in response to specific Interrogatories does not waive any of Defendant's General Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Plaintiff is entitled to any response more specific than provided:

1.      Defendant objects to the Definitions and Interrogatories to the extent that they purport to impose on Defendant duties or obligations beyond, or inconsistent with, those set forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. P. 33(a) and Local Rule 33.3.

2.      Defendant objects to each Interrogatory to the extent it seeks information outside the scope of this proceeding. Defendant further objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party within the meaning of Fed. R. Civ. P. 26(b), nor proportional to the needs of the case.

3.      Defendant objects to each Interrogatory to the extent it seeks information that is not within Defendant's possession, custody, or control. Defendant responds to each Interrogatory only with respect to information within her possession, custody, or control.

4.      Defendant objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Plaintiff and/or his counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available.

5.      Defendant objects to each Interrogatory to the extent it seeks information that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Plaintiff as for Defendant, consistent with Fed. R. Civ. P. 33(d).

6.      Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

applicable privilege or protection from discovery. Such information shall not be provided in response to Plaintiff's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7.　Defendant objects to each Interrogatory to the extent it seeks information that is confidential or proprietary business information belonging to Defendant.

8.　Defendant objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, and unduly burdensome. To the extent Defendant seeks to provide information in response to portions of an Interrogatory that are vague or ambiguous, Defendant will make a good faith effort to interpret each Interrogatory.

9.　Defendant objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10.　Defendant objects to each Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested. Defendant denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Defendant to any such Interrogatory is without prejudice to this objection.

11.　In providing responses to the Interrogatories, Defendant does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as all objections to any other discovery notices.

12.　Defendant reserves the right to supplement, alter or amend these Answers and Objections, if necessary or appropriate.

## SPECIFIC OBJECTIONS AND ANSWERS

Without waiver of, or prejudice to, any of her General Objections, Defendant answers and responds to each Interrogatory as follows:

## INTERROGATORIES

**Interrogatory No. 1:**

With respect to Defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC's Answers and Objections to Plaintiff's Second Amended Request for the Production of Documents dated July 7, 2022, for each response for which YOU state that YOU do not have any documents within YOUR custody, possession or control responsive to the request, please specify whether YOU ever had any such documents within YOUR possession, custody or control and, if so, why YOU no longer have the responsive documents within YOUR possession, custody or control.

**Answer to Interrogatory No. 1:**

Defendant repeats and incorporates her General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information outside the scope of, and inconsistent with, Local Rule 33.3, insofar as it seeks information aside from "names of witnesses with knowledge of information relevant to the subject matter of the action" or the "existence, custodian, location, and general description of relevant documents." Defendant further objects to this Interrogatory on the ground that it is more appropriate for a deposition. Defendant further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

4

Accordingly, and without waiver of any of her objections, Defendant states that she has never had in her possession, custody, or control any documents responsive to Request Nos. 2, 8, 9, 10, 12, 13, 14, 15, 16, 36, 37, 38, and 53.

Dated: New York, New York
November 22, 2022

COWAN, DEBAETS, ABRAHAMS &
SHEPPARD LLP

By: ⎯⎯⎯ /s/ Nancy E. Wolff ⎯⎯⎯⎯⎯
Nancy E. Wolff
CeCe M. Cole
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
ccole@cdas.com

*Attorneys for Defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff*

## **VERIFICATION**

I, Tracy Deebs-Elkenaney p/k/a Tracy Wolff, am a defendant in the above-captioned action. I have read the foregoing Defendant's Answers and Objections to Plaintiff's Third Set of Interrogatories, and I believe the answers therein to be true to the best of my knowledge and belief, based on the information available to me.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: November 22, 2022

## **CERTIFICATE OF SERVICE**

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff's Answers and Objections to Plaintiff's Third Set of Interrogatories have been served on counsel of record for Lynne Freeman by email on November 22, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: s/ CeCe M. Cole

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LYNNE FREEMAN, an individual,

*Plaintiff,*

-against-

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN KIM, an
individual, PROSPECT AGENCY, LLC, a New Jersey
limited liability company, ENTANGLED
PUBLISHING, LLC, a Delaware limited liability
company, HOLTZBRINCK PUBLISHERS, LLC
D/B/A MACMILLAN, a New York limited liability
company, UNIVERSAL CITY STUDIOS, LLC, a
Delaware limited liability company, and CRAZY
MAPLE STUDIO, INC., a California Corporation,

*Defendants.*

Case No. 1:22-cv-02435-AT

**DEFENDANT ENTANGLED PUBLISHING, LLC'S**
**REVISED ANSWERS AND OBJECTIONS TO**
**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.3

of the Southern District of New York, defendant Entangled Publishing, LLC ("Defendant" or

"Entangled") hereby serves its revised answers and objections to Lynne Freeman's ("Plaintiff")

First Set of Interrogatories dated June 16, 2022 (each, an "Interrogatory," and collectively, the

"Interrogatories") as follows:

**GENERAL OBJECTIONS**

Defendant makes the following General Objections to the Interrogatories and incorporates

by reference therein the Definitions set forth in Entangled's First Set of Document Requests, dated

July 15, 2022. These General Objections apply to each of the Interrogatories, set forth immediately

below, and are incorporated therein by reference. The assertion of the same, similar, or additional

objections in response to specific Interrogatories does not waive any of Defendant's General

Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Plaintiff is entitled to any response more specific than provided:

1.      Defendant objects to the Definitions and Interrogatories to the extent that they purport to impose on Defendant duties or obligations beyond, or inconsistent with, those set forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. P. 33(a) and Local Rule 33.3.

2.      Defendant objects to each Interrogatory to the extent it seeks information outside the scope of this proceeding. Defendant further objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party within the meaning of Fed. R. Civ. P. 26(b), nor proportional to the needs of the case.

3.      Defendant objects to each Interrogatory to the extent it seeks information that is not within Defendant's possession, custody, or control. Defendant responds to each Interrogatory only with respect to information within its possession, custody, or control.

4.      Defendant objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Plaintiff and/or his counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available.

5.      Defendant objects to each Interrogatory to the extent it seeks information that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Plaintiff as for Defendant, consistent with Fed. R. Civ. P. 33(d).

6.      Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection from discovery. Such information shall not be provided in

2

response to Plaintiff's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7.      Defendant objects to each Interrogatory to the extent it seeks information that is confidential or proprietary business information belonging to Defendant.

8.      Defendant objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, and unduly burdensome. To the extent Defendant seeks to provide information in response to portions of an Interrogatory that are vague or ambiguous, Defendant will make a good faith effort to interpret each Interrogatory.

9.      Defendant objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10.     Defendant objects to each Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested. Defendant denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Defendant to any such Interrogatory is without prejudice to this objection.

11.     In providing responses to the Interrogatories, Defendant does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as all objections to any other discovery notices.

12.     Defendant objects to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which have not yet been released to the public. Defendants further object to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which are not included in the allegations in

3

Plaintiff's Complaint. Subject to the foregoing objections, Defendants will interpret the definition of "CRAVE BOOK SERIES" to mean the books *Crave*, *Crush*, *Covet*, and *Court*.

13.     Defendant objects to the Interrogatories to the extent they are unlimited in temporal scope, and, in fact, there is no temporal scope identified whatsoever. Defendant further objects to each Interrogatory not tied to a reasonable date range as overly broad, unduly burdensome, harassing in nature, and constituting a fishing expedition that is not reasonably likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Defendant will provide information from the time period most relevant to each specific Interrogatory, including, but not limited to, the range of dates relevant to the creation of the books *Crave*, *Crush*, *Covet*, and *Court*.

14.     Defendant reserves the right to supplement, alter or amend these Answers and Objections, if necessary or appropriate.

## SPECIFIC OBJECTIONS AND ANSWERS

Without waiver of, or prejudice to, any of its General Objections, Defendant answers and responds to each Interrogatory as follows:

## INTERROGATORIES

**Interrogatory No. 1:**

With respect to each book in the CRAVE BOOK SERIES, identify each person that wrote or edited any portion of each book and state whether such person was an author or an editor of that portion of the book.

**Answer to Interrogatory No. 1:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available. Defendant further objects to this

Interrogatory on the grounds that it is duplicative of Interrogatory No. 2 in Plaintiff's First Set of Interrogatories to Defendant. Defendant further objects to this Interrogatory on the ground that the terms "wrote" and "edited" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendant identifies the following individuals who wrote or edited any portion of the CRAVE BOOK SERIES: Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Author; Elizabeth Pelletier, Editor; Stacy Abrams, Copy Editor; and Emily Sylvan Kim, Proofreader of final versions for spelling and grammar mistakes. Mss. Wolf, Pelletier, and Abrams may be contacted through Entangled's counsel of record. Ms. Kim may be contacted through her counsel of record. Further, subject to and without waiver of the foregoing objections, Defendant will provide responsive information in the form of documents responsive to Plaintiff's Document Requests, including, but not limited to, Document Request Nos. 11, 17, 25, 26, 27, 28, and 39, to the extent such responsive, non-privileged documents exist.

**Interrogatory No. 2:**

With respect to each person identified in response to Interrogatory No. 1, describe the portions of each book in the CRAVE BOOK SERIES written or edited by such person?

**Answer to Interrogatory No. 2:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or

greater access than Defendant; or that is publicly available. Defendant further objects to this Interrogatory on the ground that the terms "written" and "edited" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Accordingly, and without waiver of any of its objections, Defendant provide responsive information in the form of documents responsive to Plaintiff's Document Requests, including, but not limited to, Document Request Nos. 11, 17, 25, 26, 27, 28, and 39 to the extent responsive, non-privileged documents exist.

**Interrogatory No. 3:**

With respect to each book in the CRAVE BOOK SERIES, please set forth all gross revenue you have received or accrued in connection with the writing or exploitation of the book up to the date of your response to this interrogatory, such response shall include the source of the revenues, the amount of revenues and the dates when such revenues were received or accrued by YOU, including, but not limited to, any revenues received from any of the other Defendants in this ACTION.

**Answer to Interrogatory No. 3:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information outside the scope of, and inconsistent with, Local Rule 33.3, insofar as it seeks information aside from "names of witnesses with knowledge of information relevant to the subject matter of the action" or the "existence, custodian, location, and general description of relevant documents." Defendant further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the

claims or defenses of any party, nor proportional to the needs of the case. Defendant further objects to this Interrogatory on the ground that the terms "you," "gross revenue," "received," "accrued," "writing," "exploitation," and "revenues" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Accordingly, and without waiver of any of its objections, Defendant presently estimates based on the available information, that its gross revenues earned in connection with the writing and exploitation of the *Crave* Book Series from inception though October 31, 2022 have been:

| *Crave* Series Revenue From Inception to 10/31/2022 Revenue Source: Macmillan Trade Sales | | |
|---|---|---|
| **Year** | **Book** | **Net Sales** |
| 2020 | Crave | $████████ |
| 2020 | Crush | $███████ |
| 2020 | Covet | $██ |
| 2020 | Court | $██ |
| 2021 | Crave | $████████ |
| 2021 | Crush | $███████ |
| 2021 | Covet | $███████ |
| 2021 | Court | $███ |
| 2022 (through 10/31/2022) | Crave | $███████ |
| 2022 (through 10/31/2022) | Crush | $███████ |
| 2022 (through 10/31/2022) | Covet | $████████ |
| 2022 (through 10/31/2022) | Court | $████████ |

| Crave Series Revenue From Inception to 10/31/2022 | | |
|---|---|---|
| Revenue Source: Subsidiary Rights | | |
| Year | Book | Net Sales |
| 2020 | Crave | $ ███ |
| 2020 | Crush | $ ███ |
| 2020 | Covet | $ ███ |
| 2020 | Court | $ ███ |
| 2021 | Crave | $ ███ |
| 2021 | Crush | $ ███ |
| 2021 | Covet | $ ███ |
| 2021 | Court | $ ███ |
| 2022 (through 10/31/2022) | Crave | $ ███ |
| 2022 (through 10/31/2022) | Crush | $ ███ |
| 2022 (through 10/31/2022) | Covet | $ ███ |
| 2022 (through 10/31/2022) | Court | $ ███ |

Defendant reserves the right to revise these figures as it continues to review its records.

**Interrogatory No. 4:**

With respect to each book in the CRAVE BOOK SERIES, please set forth all expenses incurred by YOU directly in connection with the writing or exploitation of each book up to the date of your response to this interrogatory, such response shall include a description of the expenses, the amount of the expenses and the date of the expenses.

**Answer to Interrogatory No. 4:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information outside the scope of, and inconsistent with, Local Rule 33.3, insofar as it seeks information aside from "names of witnesses with knowledge of information relevant to the subject matter of the action" or the "existence, custodian, location, and general description of relevant documents." Defendant further objects to this Interrogatory on the ground that the terms "expenses," "incurred," "writing," and "exploitation," are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory on the ground

8

set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE

BOOK SERIES."

Accordingly, and without waiver of any of its objections, Defendant presently estimates

based on the available information, that its expenses in connection with the writing and

exploitation of the *Crave* Book Series have been:

| Expense Type | Approximate Amount |
|---|---|
| Printing, Papering, and Binding (Crave) | $ |
| Printing, Papering, and Binding (Crush) | $ |
| Printing, Papering, and Binding (Covet) | $ |
| Printing, Papering, and Binding (Court) | $ |
| Printing, Papering, and Binding (Charm) | $ |
| Royalties (Crave) | $ |
| Royalties (Crush) | $ |
| Royalties (Covet) | $ |
| Royalties (Court) | $ |
| Royalties (Current Holdback for All Titles) | $ |
| Plant (All Titles) (e.g., jack cover design, copy editing, etc.) | $ |
| Marketing (All Titles) | $ |
| Co-Op Advertising with Macmillan (Crave 2020) | $ |
| Co-Op Advertising with Macmillan (Crush 2020) | $ |
| Co-Op Advertising with Macmillan (Crave 2021) | $ |
| Co-Op Advertising with Macmillan (Covet 2021) | $ |
| Co-Op Advertising with Macmillan (Court 2021) | $ |
| Co-Op Advertising with Macmillan (Crave 2022) | $ |
| Co-Op Advertising with Macmillan (Crush 2022) | $ |
| Co-Op Advertising with Macmillan (Covet 2022) | $ |
| Co-Op Advertising with Macmillan (Court 2022) | $ |
| Co-Op Advertising with Macmillan (2021 Airport Promotion) (All Titles) | $ |
| Fulfillment and Distribution (All Titles) | $ |
| Freight (All Titles) | $ |
| General & Administrative (All Titles) | $ |

Defendant reserves the right to revise this figure as it continues to review its records.

**Interrogatory No. 5:**

Please identify each person with knowledge regarding Prospect Agency, LLC's submission of BMR to ENTANGLED PUBLISHING, LLC.

**Answer to Interrogatory No. 5:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available. Defendant further objects to this Interrogatory on the ground that the term "submission" is vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES". Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendant identifies the following individuals with knowledge of Prospect Agency, LLC's submission of BMR to ENTANGLED: Stacy Abrams and Emily Sylvan Kim. Ms. Abrams may be contacted through Entangled's counsel of record. Ms. Kim may be contacted through her counsel of record.

**Interrogatory No. 6:**

Please identify each person with knowledge regarding Tracy Deebs- Elkenaney p/k/a Tracy Wolff or Liz Pelletier using BMR to help either or both of them write any of the books in the CRAVE BOOK SERIES.

**Answer to Interrogatory No. 6:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information already in the

10

possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available. Defendant further objects to this Interrogatory on the ground that the term "write" is vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the terms "CRAVE BOOK SERIES". Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES." Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Subject to and without waiver of the foregoing objections, Defendant states that no such individual exist.

Dated: New York, New York
November 23, 2022

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By:    /s/ Nancy E. Wolff
Nancy E. Wolff
CeCe M. Cole
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
ccole@cdas.com

*Attorneys for Defendant Entangled Publishing, LLC*

## <u>VERIFICATION</u>

I, Elizabeth Pelletier, am Chief Creative Officer of Entangled Publishing, LLC, a defendant in the above-captioned action. I have read the foregoing Defendant Entangled Publishing, LLC's Revised Answers and Objections to Plaintiff's First Set of Interrogatories and I believe the answers therein to be true to the best of my knowledge and belief, based on the information available to me.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: November 23, 2022

_____

## <u>CERTIFICATE OF SERVICE</u>

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendant Entangled Publishing, LLC's Revised Answers and Objections to Plaintiff's First Set of Interrogatories have been served on counsel of record for Lynne Freeman by email on November 23, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: s/ CeCe M. Cole

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LYNNE FREEMAN, an individual,

        *Plaintiff*,

    -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN KIM, an
individual, PROSPECT AGENCY, LLC, a New Jersey
limited liability company, ENTANGLED
PUBLISHING, LLC, a Delaware limited liability
company, HOLTZBRINCK PUBLISHERS, LLC
D/B/A MACMILLAN, a New York limited liability
company, UNIVERSAL CITY STUDIOS, LLC, a
Delaware limited liability company, and CRAZY
MAPLE STUDIO, INC., a California Corporation,

        *Defendants*.

Case No. 1:22-cv-02435-AT

**DEFENDANT ENTANGLED PUBLISHING, LLC'S**
**ANSWERS AND OBJECTIONS TO**
**PLAINTIFF'S THIRD SET OF INTERROGATORIES**

    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.3

of the Southern District of New York, defendant Entangled Publishing, LLC ("Defendant" or

"Entangled") hereby serves its answers and objections to Lynne Freeman's ("Plaintiff") Third Set

of Interrogatories dated July 27, 2022 (each, an "Interrogatory," and collectively, the

"Interrogatories") as follows:

**GENERAL OBJECTIONS**

    Defendant makes the following General Objections to the Interrogatories and incorporates

by reference therein the Definitions set forth in Entangled's First Set of Document Requests, dated

July 15, 2022. These General Objections apply to each of the Interrogatories, set forth immediately

below, and are incorporated therein by reference. The assertion of the same, similar, or additional

objections in response to specific Interrogatories does not waive any of Defendant's General Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Plaintiff is entitled to any response more specific than provided:

1.      Defendant objects to the Definitions and Interrogatories to the extent that they purport to impose on Defendant duties or obligations beyond, or inconsistent with, those set forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. P. 33(a) and Local Rule 33.3.

2.      Defendant objects to each Interrogatory to the extent it seeks information outside the scope of this proceeding. Defendant further objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party within the meaning of Fed. R. Civ. P. 26(b), nor proportional to the needs of the case.

3.      Defendant objects to each Interrogatory to the extent it seeks information that is not within Defendant's possession, custody, or control. Defendant responds to each Interrogatory only with respect to information within its possession, custody, or control.

4.      Defendant objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Plaintiff and/or his counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available.

5.      Defendant objects to each Interrogatory to the extent it seeks information that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Plaintiff as for Defendant, consistent with Fed. R. Civ. P. 33(d).

6.      Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

2

applicable privilege or protection from discovery. Such information shall not be provided in response to Plaintiff's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7.      Defendant objects to each Interrogatory to the extent it seeks information that is confidential or proprietary business information belonging to Defendant.

8.      Defendant objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, and unduly burdensome. To the extent Defendant seeks to provide information in response to portions of an Interrogatory that are vague or ambiguous, Defendant will make a good faith effort to interpret each Interrogatory.

9.      Defendant objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10.     Defendant objects to each Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested. Defendant denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Defendant to any such Interrogatory is without prejudice to this objection.

11.     In providing responses to the Interrogatories, Defendant does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as all objections to any other discovery notices.

12.     Defendant reserves the right to supplement, alter or amend these Answers and Objections, if necessary or appropriate.

## SPECIFIC OBJECTIONS AND ANSWERS

Without waiver of, or prejudice to, any of its General Objections, Defendant answers and responds to each Interrogatory as follows:

## INTERROGATORIES

### Interrogatory No. 1:

With respect to Defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC's Answers and Objections to Plaintiff's Second Amended Request for the Production of Documents dated July 7, 2022, for each response for which YOU state that YOU do not have any documents within YOUR custody, possession or control responsive to the request, please specify whether YOU ever had any such documents within YOUR possession, custody or control and, if so, why YOU no longer have the responsive documents within YOUR possession, custody or control.

### Answer to Interrogatory No. 1:

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information outside the scope of, and inconsistent with, Local Rule 33.3, insofar as it seeks information aside from "names of witnesses with knowledge of information relevant to the subject matter of the action" or the "existence, custodian, location, and general description of relevant documents." Defendant further objects to this Interrogatory on the ground that it is more appropriate for a deposition. Defendant further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Defendant further objects to this Interrogatory to the extent it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Accordingly, and without waiver of any of its objections, Defendant states that it has never had in its possession, custody, or control any documents responsive to Request Nos. 9, 10, 12, 13, 14, 15, 16, 36, 37, 38, and 53.

Dated: New York, New York
November 23, 2022

COWAN, DEBAETS, ABRAHAMS &
SHEPPARD LLP

By:     /s/ Nancy E. Wolff
        Nancy E. Wolff
        CeCe M. Cole
        41 Madison Avenue, 38th Floor
        New York, New York 10010
        Tel: (212) 974-7474
        Fax: (212) 974-8474
        nwolff@cdas.com
        ccole@cdas.com

        *Attorneys for Defendant Entangled
        Publishing, LLC*

## <u>VERIFICATION</u>

I, Elizabeth Pelletier, am Chief Creative Officer of Entangled Publishing, LLC, a defendant in the above-captioned action. I have read the foregoing Defendant's Answers and Objections to Plaintiff's Third Set of Interrogatories, and I believe the answers therein to be true to the best of my knowledge and belief, based on the information available to me.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: November 23, 2022

_____

**CERTIFICATE OF SERVICE**

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendant Entangled Publishing, LLC's Answers and Objections to Plaintiff's Third Set of Interrogatories have been served on counsel of record for Lynne Freeman by email on November 23, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: s/ CeCe M. Cole

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LYNNE FREEMAN, an individual,

       *Plaintiff*,

    -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN KIM, an
individual, PROSPECT AGENCY, LLC, a New Jersey
limited liability company, ENTANGLED
PUBLISHING, LLC, a Delaware limited liability
company, HOLTZBRINCK PUBLISHERS, LLC
D/B/A MACMILLAN, a New York limited liability
company, and UNIVERSAL CITY STUDIOS, LLC, a
Delaware limited liability company,

       *Defendants*.

Case No. 1:22-cv-02435 (LLS)(SN)

## DEFENDANT HOLTZBRINCK PUBLISHERS, LLC D/B/A
## MACMILLAN LLC'S REVISED ANSWERS AND OBJECTIONS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.3

of the Southern District of New York, defendant Holtzbrinck Publishers, LLC d/b/a Macmillan

("Defendant" or "Macmillan") hereby serves its revised answers and objections to Lynne

Freeman's ("Plaintiff") First Set of Interrogatories dated June 16, 2022 (each, an "Interrogatory,"

and collectively, the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Defendant makes the following General Objections to the Interrogatories and incorporates

by reference therein the Definitions set forth in Macmillan's First Set of Document Requests, dated

July 15, 2022. These General Objections apply to each of the Interrogatories, set forth immediately

below, and are incorporated therein by reference. The assertion of the same, similar, or additional

objections in response to specific Interrogatories does not waive any of Defendant's General

Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Plaintiff is entitled to any response more specific than provided:

1.      Defendant objects to the Definitions and Interrogatories to the extent that they purport to impose on Defendant duties or obligations beyond, or inconsistent with, those set forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. P. 33(a) and Local Rule 33.3.

2.      Defendant objects to each Interrogatory to the extent it seeks information outside the scope of this proceeding. Defendant further objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party within the meaning of Fed. R. Civ. P. 26(b), nor proportional to the needs of the case.

3.      Defendant objects to each Interrogatory to the extent it seeks information that is not within Defendant's possession, custody, or control.  Defendant responds to each Interrogatory only with respect to information within its possession, custody, or control.

4.      Defendant objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Plaintiff and/or his counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available.

5.      Defendant objects to each Interrogatory to the extent it seeks information that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Plaintiff as for Defendant, consistent with Fed. R. Civ. P. 33(d).

6.      Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection from discovery. Such information shall not be provided in

2

response to Plaintiff's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7.     Defendant objects to each Interrogatory to the extent it seeks information that is confidential or proprietary business information belonging to Defendant.

8.     Defendant objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, and unduly burdensome. To the extent Defendant seeks to provide information in response to portions of an Interrogatory that are vague or ambiguous, Defendant will make a good faith effort to interpret each Interrogatory.

9.     Defendant objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10.     Defendant objects to each Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested. Defendant denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Defendant to any such Interrogatory is without prejudice to this objection.

11.     In providing responses to the Interrogatories, Defendant does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as all objections to any other discovery notices.

12.     Defendants object to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which have not yet been released to the public. Defendants further object to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which are not included in the allegations in

3

Plaintiff's Complaint. Subject to the foregoing objections, Defendants will interpret the definition of "CRAVE BOOK SERIES" to mean the books *Crave*, *Crush*, *Covet*, and *Court*.

13.     Defendant objects to the Interrogatories to the extent they are unlimited in temporal scope, and, in fact, there is no temporal scope identified whatsoever. Defendant further objects to each Interrogatory not tied to a reasonable date range as overly broad, unduly burdensome, harassing in nature, and constituting a fishing expedition that is not reasonably likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Defendant will provide information from the time period most relevant to each specific Interrogatory, including, but not limited to, the range of dates relevant to the creation of the books *Crave*, *Crush*, *Covet*, and *Court*.

14.     Defendant reserves the right to supplement, alter or amend these Answers and Objections, if necessary or appropriate.

**SPECIFIC OBJECTIONS AND ANSWERS**

Without waiver of, or prejudice to, any of its General Objections, Defendant answers and responds to each Interrogatory as follows:

**INTERROGATORIES**

**Interrogatory No. 1:**

With respect to each book in the CRAVE BOOK SERIES, please set forth all gross revenue you have received or accrued in connection with the writing or exploitation of the book up to the date of your responses to this interrogatory, such response shall include the source of the revenues, the amount of the revenues and the dates when such revenues were received or accrued by YOU, including, but not limited to, any revenues received from any of the other Defendants in this ACTION.

**Answer to Interrogatory No. 1:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information outside the scope of, and inconsistent with, Local Rule 33.3, insofar as it seeks information aside from "names of

witnesses with knowledge of information relevant to the subject matter of the action" or the "existence, custodian, location, and general description of relevant documents." Defendant further objects to this Interrogatory on the ground that it seeks information that is neither relevant to the claims or defenses of any party, nor proportional to the needs of the case and will respond to this Interrogatory only as it relates to the subject matter of this action.  Defendant further objects to this Interrogatory on the ground that the terms "you," "gross revenue," "received," "accrued," "writing," "exploitation," and "revenues" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent it is not reasonably likely to lead to discoverable information.

Accordingly, and without waiver of any of its objections, based on information reviewed to date, Defendant states that its gross revenues in connection with the writing of the *Crave* Book Series have been $█, and Defendant presently estimates that its total gross revenue in connection with the exploitation of the *Crave* Book Series has been approximately $██████ and broken down as follows:

| Year | Book | Gross Revenue | |
|------|------|---------------|---|
| 2022 | Court | $ █████ | |
| 2022 | Covet | $ █████ | |
| 2022 | Crave | $ █████ | |
| 2022 | Crush | $ █████ | |
| 2021 | Covet | $ █████ | |
| 2021 | Crave | $ █████ | |
| 2021 | Crush | $ █████ | |
| 2020 | Crave | $ █████ | |
| 2020 | Crush | $ █████ | |
| 2019 | Crave | $ ███ | |

Defendant reserves the right to revise this figure as it continues to review its records.

**Interrogatory No. 2:**

With respect to each book in the CRAVE BOOK SERIES, please set forth all expenses incurred by YOU directly in connection with the writing or exploitation of each book up to the date of your response to this interrogatory, such response shall include a description of the expenses, the amount of the expenses and the date of the expenses.

**Answer to Interrogatory No. 2:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that it seeks information outside the scope of, and inconsistent with, Local Rule 33.3, insofar as it seeks information aside from "names of witnesses with knowledge of information relevant to the subject matter of the action" or the "existence, custodian, location, and general description of relevant documents." Defendant further objects to this Interrogatory on the ground that the terms "expenses," "incurred," "writing," and "exploitation," are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory on the ground set forth in its General Objections with respect to Plaintiff's Definition of the term "CRAVE BOOK SERIES."

Accordingly, and without waiver of any of its objections, Defendant states that it did not incur any expenses in connection with the *Crave* Book Series as it charged all expenditures back to Entangled Publishing, LLC. Notwithstanding the foregoing, based on information reviewed to date, Defendant states that its expenses in connection with the writing of the *Crave* Book Series have been $█, and presently estimates that its expenses in connection with the exploitation of the *Crave* Book Series have been approximately $████ in commissions and $████ in freight costs for *Crave*; $████ in commissions and $████ in freight costs for *Crush*; $████ in commissions and $████ in freight costs for *Covet*; and $████ in commissions and $████ in freight costs for *Court*. Defendant reserves the right to revise this figure as it continues to review its records.

Dated: New York, New York    COWAN, DEBAETS, ABRAHAMS &
   December 5, 2022     SHEPPARD LLP

            By:  /s/ Nancy E. Wolff
               Nancy E. Wolff
               CeCe M. Cole
               41 Madison Avenue, 38th Floor
               New York, New York 10010
               Tel: (212) 974-7474
               Fax: (212) 974-8474
               nwolff@cdas.com
               ccole@cdas.com

               *Attorneys for Defendant Holtzbrinck*
               *Publishers, LLC d/b/a Macmillan*

## **VERIFICATION**

I, Wendy Szymanski, am Associate General Counsel at Holtzbrinck Publishers, LLC d/b/a Macmillan, a defendant in the above-captioned action. I have read the foregoing Defendant Holtzbrinck Publishers, LLC d/b/a Macmillan's Revised Answers and Objections to Plaintiff's First Set of Interrogatories, and I believe the answers therein to be true to the best of my knowledge and belief, based on the information available to me.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: December 2, 2022

## CERTIFICATE OF SERVICE

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendant Holtzbrinck Publishers, LLC d/b/a Macmillan's Revised Answers and Objections to Plaintiff's First Set of Interrogatories have been served on counsel of record for Lynne Freeman by email on December 5, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: s/ CeCe M. Cole