

December 1, 2022

Honorable Sarah Netburn
United States Magistrate Judge

     Re:    *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*  22 Civ 2435 (LLS)

Dear Judge Netburn:

     This firm represents Plaintiff Lynne Freeman ("Plaintiff") in the above-referenced action and is submitting this letter motion to Your Honor pursuant to Rule I.G and II. C. of your Individual Practices in Civil Cases.

     We write to request an extension of the discovery cut-off, to address various discovery disputes, and to request an informal conference to discuss these issues. As mentioned below, Plaintiff cannot possibly complete discovery by December 31, 2022, due to the voluminous number of documents produced by Defendants (approximately 40,000), discovery disputes which must be resolved prior to taking depositions, the large number of depositions that must be taken in December, as well as the fact that Plaintiff intends to move to amend her Complaint to add two additional infringing books (one of which was just released November 8), for which additional document discovery will be needed prior to taking depositions. Plaintiff has been extremely diligent in taking discovery in this case, but because the current Complaint involves the infringement of numerous versions of a manuscript and various notes written by Plaintiff and four (4) infringing books allegedly written by Wolff, even if Plaintiff is not granted leave to amend, the discovery cannot be completed in the allotted time, especially because Plaintiff's attorney is handling the case almost exclusively himself. Moreover, Defendants are making it extremely difficult to obtain the relevant discovery. Plaintiff would be extremely prejudiced if the Court were not to continue the discovery cut-off.[1]

### Nature of Action

     This action involves the New York Times bestselling series, Crave, consisting of, at the time of the filing of the Complaint in the action, the books entitled Crave, Crush, Covet and Court (the "Crave Book Series"). Lynne Freeman ("Freeman"), a writer and attorney, is suing Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff ("Wolff") (the alleged author of the Crave series), Emily Sylvan Kim ("Kim") and Prospect Agency, LLC ("Prospect") (Wolff's literary agent and Freeman's former literary agent), Entangled Publishing, LLC ("Entangled") (the book publisher of the Crave series), Holtzbrink Publishers, LLC d/b/a Macmillan ("Macmillan") (the distributor of the Crave series), and Universal City Studios,

---

     [1] Defendants have refused to consent to the extension of the discovery cut-off or Plaintiff's request for leave to amend the Complaint.

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE  (310) 861-2470
FAX  (310) 861-2476
EMAIL  mark@csrlawyers.com
WEBSITE  www.markpassin.com

Page 2
December 1, 2022

LLC ("Universal") (a motion picture studio who has entered into a contract to produce a motion picture based on the first book in the series entitled Crave). Crazy Maple Studio, Inc. ("Crazy Maple"), who made an interactive video based on Crave, was dismissed from the case without prejudice.

Plaintiff Freeman alleges in the FAC, among other things, as follows: Freeman hired Prospect and Kim to shop her unpublished manuscript, which at the time, was entitled Blue Moon Rising ("Freeman's Manuscript"). Freeman needed a literary agent because HarperCollins UK was considering publishing the Freeman Manuscript. Prospect and Kim were also the literary agents for Wolff. Kim, fraudulently and in breach of the fiduciary duty that she owed Freeman, gave copies of the various versions of the unpublished manuscripts and related notes and outlines written by Freeman ("Freeman Copyrighted Material") to Wolff, who Freeman is informed and believes are very good personal friends, so that Wolff could copy the Freeman Copyrighted Material given to her by Kim, and write a series of young adult fantasy books that are substantially similar to Freeman's Copyrighted Material. Specifically, Wolff copied Freeman's unpublished Copyrighted Material to write the Crave Book Series; all four of the infringing books were on the New York Times best sellers list. Universal has licensed the rights to produce a motion picture based on the first book in the series entitled Crave, and Crazy Maple Studio, Inc. was licensed the right to make and exploit an interactive video game based on the same book, which it is currently selling.

This case, which was originally assigned to Judge Torres and recently assigned to Judge Stanton, is on a very fast track. Although the case involves multiple versions of Freeman's manuscripts and various notes and outlines, on the one hand, and four (4) of Wolff's books, on the other hand, pursuant to the Civil Case Management Plan and Scheduling Order issued by Judge Torres, the parties were granted only a little over four (4) months to conduct all fact discovery. The deadline to complete fact discovery was originally October 15, 2022. The Case Management Plan was signed by the Court on June 10, 2022. Freeman served her initial document requests and interrogatories on the Defendants June 7 and 15, 2022, respectively. On September 16, 2022, Your Honor continued the current discovery cut-off to December 31, 2022 at Plaintiff's request, because Defendants had not produced a single document, even though Plaintiff served her first set for requests for production three (3) months earlier.

## **Meet and Confer Process**

On Tuesday, November 15, 2022, Plaintiff's counsel sent a four (4) page e-mail to opposing counsel suggesting that they meet and confer telephonically on Wednesday or Thursday to discuss numerous issues that Plaintiff had with Defendants' discovery responses and document production, Plaintiffs' request that they grant Plaintiff leave to file an amended complaint and agree to continue the discovery cut-off.  The parties agreed to meet and confer on Monday November 21, 2022.  On November 17, 2022, CeCe Cole on behalf of defendants Wolff, Entangled, Macmillan, and Universal, responded by e-mail to the issues raised in my e-

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE   (310) 861-2470
FAX   (310) 861-2476
EMAIL   mark@csrlawyers.com
WEBSITE   www.markpassin.com

mail regarding her clients and Lance Koonce did the same by e-mail on behalf of his clients, Prospect and Kim. The parties then had a telephonic meet and confer on Monday, November 21, 2022. We also discussed a number of issues raised by Nancy Wolff on behalf of Defendants Wolff, Entangled, MacMillan, and Universal which she raised in a letter dated November 17, 2022 to me. The attorneys for the parties agreed to follow up on a number of issues and sent e-mails to each other on Wednesday, November 23, 2022. The parties also exchanged a number of additional e-mails. Although we were able to resolve a few issues, many outstanding issues remain unresolved. Defendants refuse to grant Plaintiff's request for leave to file an amended complaint or an extension of the discovery cut off.

### **Plaintiff's Discovery Issues**

It is obvious that despite Defendants claiming they have nothing to hide, they are doing everything they possibly can to prevent Plaintiff from uncovering the facts. First, Defendants produced over 40,000 documents. The production was not completed until November 21, 2022. In an attempt to bury Plaintiff in documents, Prospect and Kim produced 29,153 of those documents. Of the 29,153 documents, 18,492 have been identified as non-responsive thus far, comprised of things such as spam, newsletters, subscriptions, unrelated matters and junk mail, which all should have been removed prior to production. Plaintiff is still in the process of determining how many more of the documents are non-responsive and issue coding the responsive documents. It will take Plaintiff until at least, January 31, 2023, to finish that task and review all of the documents. As a result, we cannot possibly complete the discovery in this case by December 31, 2022.

Plaintiff will need to take ten (10) depositions at various places located across the country or make a number of trips to New York. Plaintiff intends to depose Wolff (who resides in Austin), Liz Pelletier (who resides in Austin), Kim (who resides in New Jersey), Stacy Abrams (believed to reside in the Greater Chicago area), a PMK at Macmillan (assumed to reside in New York), a PMK at Universal (assumed to reside in California), Carrie Pestritto (whereabouts unknown), Lynn Vande Stouwe (whereabouts unknown), Ellen Brescia (whereabouts unknown) and Kim's assistant (whereabouts unknown). Plaintiff believed that she would not need to take all ten (10) depositions, but she realizes there are some witnesses listed in Defendants disclosures that are now necessary. Additionally, the Defendants will be taking Plaintiff's deposition, Plaintiff's aunt, and we assume others. It is too many depositions to take in less than a month, especially during the holidays, and we are still reviewing the 40,000 documents. Moreover, we have been told that Wolff is only available from December 13 to 16 and Stacy Abrams is only available before December 19. Moreover, the Cowan Firm has refused to provide us with dates for the two (2) PMK depositions, even though we e-mailed them the topics of examination.

Defendants have produced a large amount of text strings. Many of them are extremely long. For example, Wolff has produced 420 PDFs consisting of text strings ranging in size from

11766 Wilshire
Boulevard
Suite 1470
Los Angeles, California
90025

PHONE   (310) 861-2470
FAX   (310) 861-2476
EMAIL   mark@csrlawyers.com
WEBSITE   www.markpassin.com

Page 4
December 1, 2022

around 2 to 20 pages per PDF. Most of Kim's text strings can be found in two PDFs consisting of 1700 and 856 pages, respectively. The texts are very important because Wolff, Pelletier, Abrams, and others discuss edits of the infringing books in the texts. However, huge percentages of the texts have been redacted despite Nancy Wolff of the Cowan firm advising me pursuant to an e-mail dated August 3, 2022, following a meet and confer that took place prior to the production, that "[i]f we do withhold a document on the bases of a stated objection, we will inform you in writing." Of course, she never did.

Although we have not finished reviewing all the texts, of the 220 that we have reviewed we conservatively estimate that approximately 70% of Wolff's texts have been redacted and approximately 8% of Kim's have been. Defendants claim they only redacted "highly sensitive and irrelevant personal information" and information about future unpublished books in the Crave series. However, that does not appear to be true. There are large amounts of highly personal and sensitive information that are not redacted, such as talking about "███████████." Moreover, there are redactions in areas of the texts where the parties are not discussing future unpublished books. ██████████████████████████████ ████████████████████████████████ We know that the redactions are improper because there are texts that were redacted by Wolff that are not redacted by Kim. We can see that the redacted portions by Wolff are not about personal matters or other books. See for example Exhibits "1" and "2"[2] attached hereto. There are also a large number of texts that appear to be missing from Wolff's production when compared with certain texts strings produced by Kim. See for example, Exhibits "2" and "3." Moreover, there also appears to be large amounts of texts missing from Kim's production.

Plaintiff respectfully requests that the Court conduct an in-camera review of unredacted versions of the texts produced by Defendants with the portions redacted marked for the Court, as well as an unredacted version so that the Court can verify that it has been provided all the redacted portions. Plaintiff has redacted some of its e-mails, but the redactions are minimal in comparison. Plaintiff is happy to do the same thing with respect to its e-mail redactions. Plaintiff cannot begin to take any depositions without the necessary time to review the text strings with the improperly redacted material removed.

Defendants refuse to produce other published books written by Wolff or other Entangled clients that were responsive to the search terms on the grounds of relevance. This material is relevant to Plaintiff's copyright infringement claims because Plaintiff intends to show at trial that Wolff and Entangled started using material from her manuscripts in Wolff's earlier books. Moreover, even assuming arguendo that they are not relevant to Plaintiff's copyright

---

[2] The written material for the redactions in Exhibits 1 and 2 and the non-production or deletions in Exhibits 3 and 4 can be read by finding the number on the left side margin of the document produced by Wolff and then comparing it to the corresponding number in the left-hand margin of the document produced by Kim

11766 Wilshire Boulevard

Suite 1470

Los Angeles, California 90025

PHONE   (310) 861-2470

FAX   (310) 861-2476

EMAIL   mark@csrlawyers.com

WEBSITE   www.markpassin.com

infringement claim, they are indisputably relevant to Plaintiff's Count 1 for Fraud and Deceit against Prospect and Kim, Count II for Breach of Fiduciary Duty Against Prospect and Kim, Count III for Fraudulent Concealment against Prospect and Kim and Count IV for Breach of Contract against Prospect and Kim. In those claims, it is alleged that Kim, upon information and belief, falsely represented to Freeman that she would only show the Freeman Manuscripts to book publishers for the purpose of publishing Freeman's book and to Prospect's readers to critique the book, and the true facts were that Prospect and Kim intended to show the Freeman Manuscripts to Wolff and possibly others for the purpose of committing copyright infringement. The foregoing is clearly not limited to the Crave Book Series.

Defendants have noticed Plaintiff's deposition for December 14, 2022, in New York. Plaintiff is currently living in Santa Barbara. Unfortunately, ███████████████ █████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████ ████████████    She can be available in Los Angeles or Santa Barbara on any of the following days: December 9, 12, 14, 28, 29, 30 or 31.  Alternatively, if the discovery cut-off is continued, she can drive to Austin Texas and be deposed there, and I can depose Wolff and Pelletier (both who reside in Austin) at the same time.

Additionally, in response to Plaintiff's first Request for Production of Documents served on Universal, they objected to producing all screenplays or scripts of the motion picture being produced based on the book entitled *Crave.*  Clearly, those documents are relevant.

Another reason we require an extension of the discovery cut-off is that we are going to very shortly move for leave to amend to add two infringing books to the Complaint.  On November 8, 2022, Entangled released the fifth (5) book in the Crave Book Series entitled *Charm,* written by Wolff, based on the same characters as the first four (4) books. After reading the book, Plaintiff contends it infringes her manuscripts. Plaintiff also just discovered that on November 23, 2022, Entangled published a book entitled *Katmere Academy: An Insider's Guide* about the school for paranormals in the Crave Book Series that plaintiff also contends infringes her manuscripts.  It would be a huge waste of the Court's and the parties' resources not to have one trial for all the books.

There are also other discovery disputes between the parties that Plaintiff hopes to raise at the conference, such as Defendants' failure to produce certain documents, and the dates that should govern Plaintiff's privilege log, as well as the production of certain documents. Moreover, there are still open discovery issues that Plaintiff needs to resolve prior to taking depositions relating to documents that have not been produced and amended interrogatory responses pertaining to our last discovery hearing some of which have still not been provided to Plaintiff, which is another reason Plaintiff requires an extension of the discovery deadline. In closing, Plaintiff would suffer extreme prejudice if the discovery deadline were not continued.

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE   (310) 861-2470
FAX   (310) 861-2476
EMAIL   mark@csrlawyers.com
WEBSITE   www.markpassin.com

Page 6
December 1, 2022

        We thank the Court for its time and attention to this matter.

                                        Respectfully submitted,

                                        **CSReeder, PC**

                                        _____
                                        Mark D. Passin
                                        11766 Wilshire Boulevard, Suite
                                        1470
                                        Los Angeles, CA 90025
                                        310-861-2475
                                        mark@csrlawyers.com


                                        **REITLER KAILAS &
                                        ROSENBLATT LLP**
                                        Paul V. LiCalsi
                                        885 Third Avenue, Ste 20th Floor
                                        New York, NY 10022
                                        212-209-3090
                                        plicalsi@reitlerlaw.com

                                        *Attorneys for Plaintiff* Lynne
                                        Freeman

cc: All counsel of record (via e-mail)

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |