

| | | |
|---|---|---|
| Cowan,<br>DeBaets,<br>Abrahams &<br>Sheppard LLP | 41 Madison Avenue<br>New York, NY 10010<br>T: 212 974 7474<br>F: 212 974 8474<br>www.cdas.com | Nancy E. Wolff<br>212 974 7474<br>nwolff@cdas.com |

December 15, 2022

**VIA ECF**

The Honorable Sarah Netburn
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
New York, NY 10007

Re:   *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, 1:22 Civ 02435 (LLS)(SN)

Dear Judge Netburn:

Defendants (as previously defined in Defendants' prior letters, *see, e.g.*, ECF 78)), respectfully write to briefly respond to Plaintiff's December 14, 2022 letter ("Letter," ECF 94), which requested an extension of certain deadlines the Court imposed in its December 13, 2022 Order (ECF 93). Defendants had hoped to not need to file a response letter, but need to because Mr. Passin did not accurately state Defendants' position regarding his extension request and raised several additional issues on which the parties had not met and conferred.

On December 14, the parties held a telephonic meet and confer during which they discussed Plaintiff's request for an extension and several other issues that are not currently before the Court. Defendants communicated their position on Plaintiff's extension request and offered to send it to Mr. Passin via email so that he could include it in his letter to the Court, which he agreed to do. Defendant's position, as stated in their December 14 email to Plaintiff following the parties' meet and confer,[1] is as follows:

> Defendants do not consent to an extension of the Court's December 23 deadline for Plaintiff to provide a privilege log and believe the Court was clear with its deadlines in its December 13, 2022 Order (ECF 93). Although Defendants do not believe it is appropriate to seek any extensions of the deadlines in the Court's Order and stand ready to meet all deadlines, Defendants would propose that if the Court is inclined to grant any extension, it should grant a mutual extension of the December 23 deadline to provide letter briefs on how Plaintiff will prove infringement, as this might free up Plaintiff to provide a privilege log on schedule.

Mr. Passin did not include that statement and mischaracterized Defendants' position regarding the extension request in his Letter, so Defendants respectfully have provided it for the Court here.

---

[1] When Defendants' asked Mr. Passin why he omitted Defendants' statement after seeing his Letter, he claimed to have not seen Defendants' email, which was sent to him at 1:15 pm ET on December 14.


Plaintiff's Letter raises several additional issues that require a brief response. First, Defendants do not consent to modifying the scope of the parties' assignment for their letters that are currently due on December 23. (*See* Letter at 2.) The Court ordered the parties to write letters because Plaintiff has sued Defendants for copyright infringement but still not pinpointed which work was allegedly copied, and instead purports to need to prove infringement via some sort of expert analysis that has yet to be elucidated. Defendants have argued that this is not how copyright infringement of literary works is proven in the Second Circuit. The Court ordered letter briefing on these issues alone; while the letters might necessarily indicate how Defendants' will defend the case, the Court did not order an explicit discussion of Defendants' defenses and this should not be added at Plaintiff's unilateral request now.

Second, Plaintiff states in the Letter that she cannot complete a privilege log by the Court's deadline because, *inter alia*, "I also have to conduct research on how we can group lawyers on a list to avoid disclosing names of attorneys and consultants contacted by Plaintiff other than current counsel." (Letter at 1.) This research is unnecessary because the guidelines for privilege logs are clear in the S.D.N.Y. Under Local Rule 26.2, Plaintiff's privilege log must include the following information:

> For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other[.]

L.R. 26.2(2)(A). Under this rule, Plaintiff may not refuse to provide the names of the individuals who were party to purportedly privileged communications. This is especially so as to "consultants," because these individuals have never been disclosed as experts and Plaintiff should not be allowed to unilaterally declare that certain people are "consultants" without identifying them so that Defendants can vet that assertion. Nor should Plaintiff be permitted to withhold the names of the attorneys she contacted; while Defendants may not be allowed to learn the contents of those communications (unless privilege was waived), Defendants are entitled to know the names of these individuals, their relationship to Plaintiff, when they were contacted, and the general subject matter of the communications, under Local Rule 26.2. In short, Plaintiff should be ordered to provide a privilege log that fully complies with Local Rule 26.2.[2]

We thank the Court for its time and attention to this matter.

---

[2] Although the Court's December 13 Order requires Plaintiff to provide a "revised privilege log" by December 23, this would actually be the first privilege log, as Plaintiff has not provided any privilege log in this case to date.

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

PAGE 3

Respectfully Submitted,

**COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP**

By: /s/ Benjamin S. Halperin
Nancy E. Wolff
Benjamin S. Halperin
CeCe M. Cole
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
bhalperin@cdas.com
ccole@cdas.com

*Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC*

cc: All counsel of record (via ECF)