

January 18, 2023

**VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square Room 430 New York, NY 1000

Re:   *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, 22 Civ 2435 (LLS)(NS)

Dear Judge Netburn:

We are attorneys for Plaintiff Lynne Freeman ("Plaintiff") in the above-referenced action. Plaintiff respectfully requests a stay of Your Honor's January 11, 2023 Order (the "Order") requiring Plaintiff to identify two manuscripts to serve as the primary works that establish her copyright claim.   Plaintiff intends to file objections to the Order with Judge Stanton by or before January 25, 2023 pursuant to Federal Rule of Civil Procedure 72.  We request that the stay be granted to permit Judge Stanton sufficient time to rule on the objections.

The Order impermissibly limits Plaintiff's rights under the Copyright Act, which "affords protection to each work at the moment of its creation." *Weissmann v. Freeman*, 868 F.2d 1313, 1317 (2d Cir. 1989); 16 Casa Duce v. Merkin, 791 F.3d 247, 259 (2nd Cir. 2015). ("§ 101 provides for those works prepared over time that "the portion of it that has been fixed at any particular time constitutes the work as of that time, and where the work has been prepared in different versions, each version constitutes a separate work."). Here, Plaintiff has copyrighted each of the17 versions of Plaintiff's separate works and twelve (12) other documents consisting of notes, outlines and other materials. See the First Amended Complaint ¶¶ 25 & 73. Thus, Plaintiff is entitled to a claim for infringement as to each of the works. Under the law, Plaintiff has the right to sue the Defendants for infringing each of the works separately or in the aggregate. Indeed, what could be more appropriate for aggregation than unpublished versions of a manuscript and related notes and outlines under the facts of this case. Moreover, Plaintiff pleaded causes of action for fraud and deceit, breach of fiduciary duty and breach of contract against Defendants Emily Sylvan Kim and Prospect Agency, LLC.  Defendants are potentially liable for their conduct alleged in those claims with respect to each of the separately copyrighted works.  Plaintiff should thus be entitled to maintain claims for all the copyrighted material.   Additionally, the Order arguably grants the Defendants a summary adjudication as to all but the two (2) works that the Order requires Plaintiff

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE   (310) 861-2470
FAX   (310) 861-2476
EMAIL   mark@csrlawyers.com
WEBSITE   www.markpassin.com

to select without Defendants having filed a motion for summary adjudication before Judge Stanton.

Defendants Tracy Deebs Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC, d/b/a Macmillan and Universal City Studios, LLC (the "Wolff Defendants") do not consent to the granting of the stay. Defendants Emily Sylvan Kim and Prospect Agency, LLC (the "Kim Defendants") also do not consent to the stay and asked that Plaintiff include in this letter their reasoning which was stated as follows: "Judge Netburn issued her order on January 11, and provided Plaintiff with 9 days to identify the two manuscripts. While technically Plaintiff may have a longer period under Rule 72 to take objections to Judge Stanton, the onus was on Plaintiff to do so immediately here given the express deadline for identifying the manuscripts. We might well have been receptive to a stay request had the objections been filed expeditiously and had the Court not ruled on the objections by this Friday. Instead, you have delayed until now to raise this, only a few days before identification of the materials is due, which just serves to further delay the identification of manuscripts. In light of the foregoing, the Prospect/Kim defendants also cannot consent to this belated request for a stay."

The Kim Defendants' position does not support denying a stay. Having received the Order on January 11, Plaintiff immediately considered the available options, including objecting pursuant to Rule 72. Plaintiff informed the Defendants following the Martin Luther King Holiday. The Kim Defendants recognize that Rule 72 permits objections within 14 days and that Plaintiff's request is timely and thus there is no objectionable delay. Further, as the Kim Defendants are aware, until last Friday, Plaintiff was in the process of finalizing her privilege log. Finally, the Kim Defendants' position that a stay will delay identification of the manuscripts is patently false. Plaintiff identified all 17 versions of the manuscripts and the other copyrighted material bates numbered LF 02648 to LF 09364.  As explained above, Plaintiff has the right to pursue her claims against defendants with respect to each of the works.

This letter does not intend to address all the arguments that will be included in our objections to Judge Stanton and Plaintiff reserves her right to make additional objections to the Order.

We thank the Court for its attention to this matter.

Respectfully submitted,

**CSReeder, PC**

Mark D. Passin
11766 Wilshire Boulevard, Suite 1470

11766 Wilshire Boulevard

Suite 1470

Los Angeles, California 90025

PHONE    (310) 861-2470

FAX    (310) 861-2476

EMAIL    mark@csrlawyers.com

WEBSITE    www.markpassin.com

Los Angeles, CA 90025 310-861-2475
mark@csrlawyers.com

**REITLER KAILAS & ROSENBLATT LLP**
Paul V. LiCalsi
885 Third Avenue, Ste 20th Floor New York, NY 10022
212-209-3090
plicalsi@reitlerlaw.com

*Attorneys for Plaintiff Lynne Freeman*

cc: All counsel of record (via ECF)

| | |
|---|---|
| 11766 Wilshire Boulevard | PHONE   (310) 861-2470 |
| Suite 1470 | FAX   (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL   mark@csrlawyers.com |
| | WEBSITE   www.markpassin.com |