UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LYNNE FREEMAN, an individual,

                          Plaintiff,

          -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF,
an individual, EMILY SYLVAN KIM, an individual,
PROSPECT AGENCY, LLC, a New Jersey limited
liability company, ENTANGLED PUBLISHING, LLC, a
Delaware limited liability company, HOLTZBRINCK
PUBLISHERS, LLC, D/B/A/ MACMILLAN, a New
York limited liability company, UNIVERSAL CITY
STUDIOS, LLC, a Delaware limited liability company,
CRAZY MAPLE STUDIO, INC, a California corporation.,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case No. 22-cv-02435-LLS-SN

## PLAINTIFF'S OBJECTIONS TO THE
## <u>MAGISTRATE JUDGE'S JANUARY 11, 2023 ORDER</u>

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................ I

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF REVELANT FACTS .................................................................... 3

PROCEDURAL BACKGROUND ............................................................................. 5

ARGUMENT ............................................................................................................. 8

I.      Legal Standard ............................................................................................... 8

II.     The Order Is Functionally Equivalent To A Dispositive Motion And Exceeds The Scope Of Authority Assigned to the Magistrate .......................................................................... 9

III.    The January 11 Order Is Clearly Erroneous And Contrary To Law ................................ 11

        A.   The Order Is Contrary to the Copyright Act .................................................... 11

        B.   The Order Misapplies Relevant Case Law Regarding Proof of Copyright Infringement and Substantial Similarity .......................................... 13

        CONCLUSION .................................................................................................. 15

## **TABLE OF AUTHORITIES**

**Cases**

*16 Casa Duse, LLC v. Merkin,* 791 F.3d 247 (2d Cir. 2015).......................................................... 11

*Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, 2015 WL 3404111
    (S.D.N.Y. May 27, 2015)................................................................................................................. 8, 9

*Baines v. City of New York*, 2016 WL 2343860 (S.D.N.Y. May 3, 2016) ..................................... 8

*Best Cellars, Inc. v. Grape Finds at Dupont, Inc.,* 90 F. Supp. 2d 431 (S.D.N.Y. 2000) ............ 13

*Castle Rock Entm't v. Carol Publ'q, Inc.,* 150 F.3d 132 (2d Cir. 1998) ......................... 11, 13, 14

*Easley v. Cromartie*, 532 U.S. 234 (2001)......................................................................................... 8

*Fielding v. Tollaksen*, 510 F.3d 175 (2d Cir. 2007).......................................................................... 8

*Gorey v. Manheim Servs. Corp.*, 2012 WL 752219 (S.D.N.Y. Mar. 6, 2012) ............................. 10

*Haines v. Liggett Group Inc.*, 975 F.2d 81 (3d Cir.1992).................................................................. 9

*Jean-Laurent v. Wilkerson*, 461 F. App'x 18 (2d Cir. 2012)......................................................... 10

*Khatabi v. Bonura*, 2017 WL 10621191 (S.D.N.Y. Apr. 21, 2017)................................................. 9

*Kroencke v. Gen. Motors Corp.*, 270 F. Supp. 2d 441 (S.D.N.Y. 2003)....................................... 12

*May v. Sony Music Entm't,* 339 F. Supp. 3d 169 (S.D.N.Y. 2019) ............................................... 14

*Mestecky v. N.Y. City Dep't of Educ.*, 2016 WL 7217637 (E.D.N.Y. Dec. 12, 2016).................... 9

*Montgomery v. Holland*, 408 F. Supp. 3d 353 (S.D.N.Y. 2019) ................................................... 12

*Osband v. Woodford*, 290 F.3d 1036 (9th Cir. 2002) ....................................................................... 9

*Paramount Pictures Corp.* v. *Carol Publ'g Group*, 11 F. Supp. 2d 329 (S.D.N.Y. 1989) .......... 13

*PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010) ........................................................ 9

*Salinger v. Random House, Inc.*, 811 F.2d 90 (2d Cir. 1987)........................................................ 11

Thompson v. Keane, 1996 WL 229887 (S.D.N.Y. May 6, 1996) ..................................................... 8

*Twin Peaks Prods., Inc. v. Publications International, Ltd.*, 996 F.2d 1366 (2nd Cir. 1993)...... 13

*Walker v. Time Life Films, Inc.*, 788 F.2d 44 (2d. Cir. 1986)........................................................ 14

*Warner Bros. Entm't Inc. v. RDR Books*, 575 F. Supp. 2d 513 (S.D.N.Y. 2008) ................. 13, 14

*Warner Bros. v. Am. Broad. Companies, Inc*., 530 F. Supp. 1187 (S.D.N.Y. 1982).................... 12

*Weissmann v. Freeman*, 868 F.2d 1313 (2d Cir. 1989) ................................................................. 11

*Williams v. Beemiller*, 527 F.3d 259 (2d Cir. 2008) ................................................................. 9, 10

**Statutes**

17 U.S.C. § 101...................................................................................................................................... 12

17 U.S.C. § 106(2) ................................................................................................................................. 12

28 U.S.C. § 636(b)(1)(C) .................................................................................................... 10

28 U.S.C. § 636(b)(1)(A) ................................................................................................... 8, 9

**Treatises**

4 NIMMER ON COPYRIGHT §13.03[A][1] ............................................................................ 13

Plaintiff, Lynne Freeman (hereinafter referred to as "Freeman" or "Plaintiff"), objects pursuant to Fed. R. Civ. Pro. 72(a) to the Magistrate Judge's Opinion and Order dated January 11, 2023 (hereinafter referred to as the "Order" or the "January Order").

## PRELIMINARY STATEMENT

This case concerns the unauthorized use and infringement of Plaintiff's copyrighted manuscripts and notes by Defendants (and related claims of fraud and breach of fiduciary duty) to create the New York Times bestselling book series entitled "Crave" (the books individually entitled *Crave*, *Crush*, *Covet* and *Court* are hereinafter collectively referred to as the "Crave Series"). Plaintiff alleges that she sent numerous versions of her manuscript and related notes to her literary agent Emily Sylvan Kim ("Kim") and that Kim turned over that material to author Tracy Wolff ("Wolff"), who was also Kim's client, and others who then copied the material from the various versions of the manuscript and the notes to write the Crave Series.

Plaintiff has identified and produced in discovery seventeen (17) separate copyrighted versions of her unpublished manuscript (the "Freeman Manuscripts") and thirteen (13) individually copyrighted sets of notes for the manuscripts (the "Freeman Notes," and together with the Freeman Manuscripts, the "Freeman Copyrighted Materials"), which include chapter outlines, plot points, character descriptions, and excerpts, that have been used by Defendants without consent or authorization from Plaintiff to create the Crave Series. Each of the Freeman Copyrighted Materials have a copyright registration and Plaintiff has repeatedly advised the Defendants and the Court that Defendants have infringed each of these works to create the Crave Series.[1]

---

[1] On September 9, 2021, Plaintiff obtained from the United States Copyright Office four group registrations covering each of the 30 works individually.

On January 11, 2023, in connection with several discovery disputes raised by the parties, including whether Plaintiff adequately identified and produced the alleged infringed works, Magistrate Judge Netburn issued the Order requiring Plaintiff to "identify two manuscripts to serve as the primary works that establish her copyright claims." Declaration of Mark D. Passin dated January 25, 2023 ("Passin Decl."), Exhibit 1. The Order effectively does not function as a discovery ruling, but rather substantially limits Plaintiff's copyright and related state law claims by prohibiting Plaintiff from relying on all but two of the Freeman Copyrighted Materials, although each of the Freeman Copyrighted Materials is registered and infringed upon. The Order exceeds the scope of the Magistrate Judge's authority in this case, which is limited to "general pretrial purposes, including scheduling discovery, non-dispositive pre-trial motions, and settlement."

Further, the Order deprives Plaintiff of the substantive protections of the Copyright Act which permits Plaintiff to bring a claim for infringement with respect to each separately copyrighted work (in this case all seventeen manuscripts and related notes comprising the Freeman Copyrighted Materials) and the law in this Circuit which permits Plaintiff to claim that each of the books in the Crave Series copies plots, subplots, characters, setting, dialogue, scenes, and specific language from all of the Freeman Copyrighted Materials.

Neither Plaintiff nor Defendants have filed a motion for summary adjudication, nor is Judge Netburn authorized to rule on dipositive matters in this action. Despite this, the Order is functionally equivalent to a dispositive motion and bars the majority of Plaintiff's claims. The Court should reverse the Order in its entirety as it is clearly erroneous and contrary to law in that it: (1) exceeds the scope of the Magistrate's prescribed authority; (2) disregards Copyright Section §101 which provides "where the work has been prepared in different versions, each version constitutes a registered work"; and (3) fails to apply or misapplies relevant statutes and case law,

impermissibly restricting Plaintiff's ability to prove her claims for infringement, fraud, breach of contract and breach of fiduciary duty.

## STATEMENT OF REVELANT FACTS

In 2009, Plaintiff began writing a young adult paranormal romance fantasy manuscript.  As alleged in the FAC, on or about December 8, 2010, Freeman hired Prospect Agency, LLC ("Prospect") and Kim to shop her unpublished manuscript, which at the time was entitled *Blue Moon Rising*.  Passin Decl. Exhibit 2 at ¶¶3, 5 and 23.  Plaintiff created additional manuscripts and accompanying notes in response to suggestions and requests by Kim and sent Kim each version of the newly created or revised materials. *Id.* at ¶5.

Prospect and Kim were also the literary agents at the time for Wolff.  Kim, fraudulently, and in breach of her fiduciary duty owed to Freeman, gave copies of Freeman's unpublished manuscripts and related notes, *i.e.*, the Freeman Copyrighted Materials, to Wolff, so that Wolff could use and copy the materials to write a series of young adult paranormal romance fantasy books that are substantially similar to Freeman's works.  *Id.* at ¶¶1, 2, 6.  Plaintiff alleges that Wolff copied the Freeman Copyrighted Materials to write four books in the Crave Series, all four of which were on the New York Times best sellers list, and all four of which infringe the various manuscripts and notes.  *Id.* at ¶¶8, 33, 34.

On March 25, 2022, Plaintiff commenced the litigation and on May 23, 2022 filed the FAC. Plaintiff alleges claims for Fraud and Deceit against Prospect and Kim (Count I); Breach of Fiduciary Duty against Prospect and Kim (Count II); Fraudulent Concealment against Prospect and Kim (Count III); Breach of Contract against Prospect and Kim (Count IV); Copyright Infringement against Wolff, Kim, Prospect, as well as Entangled Publishing, LLC ("Entangled"), the book publisher of the Crave Series, and Holtzbrink Publishers, LLC d/b/a Macmillan ("Macmillan"), the distributor of the Crave Series (Count V); Contributory Copyright

Infringement against Wolff, Kim, Prospect, Entangled and Macmillan (Count VI); Vicarious Copyright Infringement against Wolff, Kim, Prospect, Entangled and Macmillan (Count VII); and Declaratory Relief against Wolff, Entangled, and Universal City Studios, LLC ("Universal"), which has been licensed the rights to produce a motion picture based on the first book in the Crave Series (Count VII).

With respect to Plaintiff's copyright claims, Plaintiff alleges that each of the thirty Freeman Copyrighted Materials were infringed individually and in the aggregate by the four books in the Crave Series. Plaintiff's manuscripts and accompanying notes are a young adult paranormal romance fantasy set in in high school in Alaska, with a female protagonist who moves to the state from San Diego after a tragic accident killed her family. Passin Decl. Exhibit 2 at ¶40. The story follows the teenage protagonist, who believes she is human, but is not, as she navigates her way in a supernatural world while falling in love with a dangerous boy with dark secrets, all set against the backdrop of a supernatural war between different factions of beings. *Id.*

Like Plaintiff's manuscripts, the Crave Series is a young adult paranormal romance fantasy set in high school in Alaska, with a female protagonist who moves to the state from San Diego after a tragic accident killed her family and contains a similar love story and supernatural conflict. A detailed comparison between *Crave*, the first book in the series, and the Freeman Copyrighted Materials, including a lengthy analysis of the overwhelming number of commonalities in plot, characters, character names, sub-plots, dialogue, mood, theme, pace, phrases, and language between the works is provided in the FAC. *Id.* at ¶40 and Exhibit 1 thereto.

The other books in the Crave Series are also substantially similar to the Freeman Copyrighted Materials. *Id.* at ¶¶ 8, 34. Moreover, they are derivative works of *Crave*, based on the same characters and a continuation of the same storyline, themes, and plots in *Crave.* Each

book in the Crave Series is substantially similar to and relies heavily upon plot devices, subplots, specific scenes, and an overwhelmingly large amount of direct language taken from the Freeman Copyrighted materials, all of which were provided by Plaintiff to Kim. *See, e.g.*, Passin Decl. Exhibit 7 (a non-exhaustive list of over 450 examples of similarities of direct quotes and paraphrasing between the Freeman Copyrighted Materials and the book *Covet* from the Crave Series submitted to Judge Netburn by Plaintiff on January 4, 2023).

The substantial similarities between the Freeman Copyrighted Materials and the books in the Crave Series are overwhelming and undeniable.  In addition to the similarities in plot, characters, character names, sub-plots, dialogue, mood, theme, and pace, there are a substantial number of lifted scenes throughout the four-book series from various manuscripts, as well as a large number of similarities of words, phrases, and language between the works.  The number of direct quotes and paraphrasing of quantitative and qualitative language between the manuscripts and Crave Series is in and of itself dispositive of copyright infringement.

On July 7, 2022 the Court referred this case to the Honorable Sarah Netburn, United States Magistrate Judge, for "general pretrial purposes including scheduling discovery, non-dispositive pre-trial motions and settlement."  Passin Decl. Exhibit 3.

## PROCEDURAL BACKGROUND

During the course of discovery, and in a concerted effort to artificially limit Plaintiff's claims without formal motion practice, Defendants repeated the false narrative that Plaintiff did not identify the works that were allegedly infringed.  On September 16, 2022, Judge Netburn issued an order directing Plaintiff to "identify with specificity which manuscripts were infringed and provide metadata to Defendants." ECF Doc. No. 67.  On October 14, 2022, Plaintiff complied with the order and produced the Freeman Copyrighted Materials to Defendants bates numbered LF 02648 to LF 09364.  The materials produced to Defendants encompass the deposit copies for each

of the Freeman Copyrighted Materials relating to the four group Copyright Certificates of Registration Plaintiff obtained from the United States Copyright Office.[2]

Then, on December 5, 2022, Defendants made the false accusation that Plaintiff had not complied with the Court's September 16 discovery order. Defendants admitted that Plaintiff had produced and identified the Freeman Copyrighted Materials, but argued that because Defendants allegedly infringed multiple manuscripts, a comparison between the infringed materials and the infringing materials would be too burdensome. Passin Decl. Exhibit 4 at page 4.

Plaintiff explained in her response letter dated December 6, 2022 that "[a]s [Plaintiff's counsel] repeatedly advised defendants, Plaintiff is relying on all the copyrighted material for her case." *Id.* Exhibit 5 at page 3. Plaintiff further explained to the Court that Plaintiff's copyrighted manuscripts and related notes were sent to Kim from 2010 through 2014 (which were then copied by Wolff) and that Plaintiff needed to rely on all of the Freeman Copyrighted Materials for her claims. *Id.*

The issue of Plaintiff identifying the infringed materials was further addressed during a December 12, 2022 hearing with the Court, where Plaintiff's counsel provided the following explanation:

> [M]y client presented a draft manuscript to Kim at Prospect, the agent, and then over a . . . number of years, she gave them different versions based on comments made by the agent. . . . And what we claim [] what the defendants did is they were edited, each of the versions, so they took portions of these different manuscripts, and that's how they committed their infringement. They didn't just take all of the materials from just one of them [manuscripts]; they took

---

[2] Subsequently, at the request of Defendants, Plaintiff produced a key so that Defendants could easily match up each of the foregoing documents produced to the deposit copies listed on the registration certificates.

> various materials from various of the manuscripts and various of the
> notes.  And we produced all the deposit copies. . . .

Passin Decl. Exhibit 6 at page 15.

In response, Defendants repeated the argument from their December 5 letter, stating that it would be "unwieldy and unfair" to force Defendants to compare the four books from the Crave Series against the manuscripts that they allegedly infringed.  *Id.* at page 18.  Defendants urged the Court to force Plaintiff to identify a single manuscript that she claims was infringed by the Crave Series (even though the FAC is clear that all of the Freeman Copyrighted Materials were infringed).[3]

Following the hearing, the Court ordered that "Plaintiff and the defendants collectively shall each file a five-page letter brief describing, with as much particularity as possible, the alleged infringement and how the parties intend to prove it."  ECF Doc No. 93.  The Court did not state or imply that it was intending to limit either of the parties' claims or defenses or foreclose the parties from what they could rely on at trial.  The parties both filed their respective submissions on January 4, 2023.  *Id.* Passin Decl. Exhibits 7 and 8.  Rebuttal submissions were not permitted.

On January 11, 2023, in response to the parties' submissions, and without a formal motion by Defendants seeking to dismiss Plaintiff's claims or for summary judgment, Magistrate Netburn ordered Plaintiff to "identify two manuscripts to serve as the primary works that her copyright claims" by January 20, 2023.  *Id.* Exhibit 1.  The Order erroneously adopts Defendants' previous arguments and states that "Plaintiff must identify the work she alleges was copied," even though Plaintiff already identified those works in response to the Court's order dated September 16, 2022,

---

[3] Any claimed difficulty in comparing the four books in the Crave Series to the Freeman Copyrighted Materials can be overcome by allowing expert testimony on the issue of substantial similarity.  Passin Decl. Exhibit 7.

a fact which Defendants readily admit.  The Order also ignores that the Freeman Copyrighted Materials are unpublished and that there is no definitive or final version from which the infringements were made.  The Order also erroneously relies on the Defendants' earlier submissions and states that Plaintiff "cannot rely on an amalgam of bits and pieces of her work in progress" because they are not a "series but rather a collection of works-in-progress leading to a final manuscript."  *Id.*

On January 18, 2023, Plaintiff informed Judge Netburn that Plaintiff planned to object to the Order pursuant to Rule 72 and moved to stay the Order pending the Court's ruling on the objection.  Plaintiff's motion to stay was denied, and on January 20, 2023, Plaintiff complied with the Order and identified two primary manuscripts but reserved her right to file the instant objection.

<u>**ARGUMENT**</u>

### I.      Legal Standard

Where a magistrate judge has issued a non-dispositive ruling, pursuant to FRCP 72(a), the district judge must "consider timely objections and modify or set aside any part of the [magistrate judge's order] that is clearly erroneous or is contrary to law." *Baines v. City of New York*, 2016 WL 2343860, at *1 (S.D.N.Y. May 3, 2016); *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).  Similarly, "the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(A), provide[s] that a district court shall reverse a magistrate judge's ruling regarding a non-dispositive matter only where the order is 'clearly erroneous or contrary to law.'" *Thompson v. Keane,* 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996); *Auto. Club of New York, Inc. v. The Port Auth. of New York & New Jersey*, 2015 WL 3404111, *2 (S.D.N.Y. May 27, 2015).

A ruling is clearly erroneous if the district court judge is left with the definite and firm conviction that the magistrate judge committed a mistake. *Easley v. Cromartie*, 532 U.S. 234, 242 (2001); *Baines*, 2016 WL 2343860, at *1.  Similarly, a ruling is contrary to law when it fails to

apply or misapplies relevant statutes, case law, or procedural rules. *Auto. Club of New York, Inc.*, 2015 WL 3404111, at *2; *Mestecky v. N.Y. City Dep't of Educ.*, 2016 WL 7217637, at *1 (E.D.N.Y. Dec. 12, 2016).

However, where the review of a non-dispositive ruling is purely a legal question, "that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard" and receives de novo determination under Rule 72(b). *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002); *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir.1992).

## II.     The Order Is Functionally Equivalent To A Dispositive Motion And Exceeds The Scope Of Authority Assigned to the Magistrate

Magistrate judges ordinarily may not decide motions that are dispositive either of a case or of a claim or defense within a case. *PowerShare, Inc.*, 597 F.3d at 14. This includes, but is not limited to, motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information . . . to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim . . . and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A); *Williams v. Beemiller*, 527 F.3d 259, 265 (2d Cir. 2008). Courts in this district have affirmed this rule where a case is referred to a magistrate for "general pre-trial purposes." *Khatabi v. Bonura*, 2017 WL 10621191, at *2 (S.D.N.Y. Apr. 21, 2017) (collecting cases).

The Court specifically referred this case to the Magistrate Judge for general pretrial and discovery purposes. Passin Decl. Exhibit 3. However, the Order was not confined to discovery and is "functionally equivalent" to a dispositive motion for the purposes of § 636(b)(1)(A) and Rule 72(a) in that it bars Plaintiff's copyright infringement claims (and related breach of fiduciary

duty and fraud claims)[4] as to 28 of the 30 Freeman Copyrighted Materials.  The Order exceeds the scope of a general pre-trial or discovery matter by effectively awarding Defendants, *sua sponte*, summary adjudication as to all but two of the Freeman Copyrighted Materials.  The Order can be set aside on this basis alone.  *Jean-Laurent v. Wilkerson*, 461 F. App'x 18, 25 (2d Cir. 2012) (dismissing existing state law claims in conjunction with denying motion to amend "exceeds a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)."); *Williams*, 527 F.3d at 265 (holding that a magistrate judge may not make an order that is "functionally equivalent to an order of dismissal").

Moreover, the Order was made without Defendants having moved to dismiss or either party having moved for summary judgment (neither of which can be heard by the Magistrate Judge). The limited briefing Judge Netburn requested before the January 11 Order related to how Plaintiff intended to prove her claims for infringement, was limited to 5 pages, and no opposition or rebuttal letters were permitted.[5]  The Order should be set aside in its entirety and Plaintiff should be permitted to introduce and rely upon all of the Freeman Copyrighted Materials at this stage of the litigation.

---

[4] Each of those claims are based on Prospect and Kim providing the Freeman Copyrighted Materials to Wolff and possibly others for the purpose of copying the materials to write the Crave Series.  In support of her claims, Plaintiff intends to show that all of the Freeman Copyrighted Materials were disclosed by defendants Prospect and Kim.

[5] If the Court had referred a dispositive issue to the Magistrate Judge, the Magistrate Judge could have written a report and recommendation for the Court's review.  Pursuant to the Federal Magistrates Act, the Court would then have conducted a de novo review of any portions of the recommendation to which the parties objected. 28 U.S.C. § 636(b)(1)(C); *Gorey v. Manheim Servs. Corp.*, 2012 WL 752219, at *1 (S.D.N.Y. Mar. 6, 2012).

**III.      The January 11 Order Is Clearly Erroneous And Contrary To Law**

   **A.      The Order Is Contrary to the Copyright Act**

Even if Judge Netburn was authorized to issue an order dismissing certain of Plaintiff's infringement claims, the Order misinterprets applicable copyright law and for this additional reason should be set aside.

It is uncontroverted that Plaintiff can maintain a copyright infringement action with respect to each copyrighted work individually.  The Copyright Act "affords protection to each work at the moment of its creation, even at points at which the work is not yet complete." *Weissmann v. Freeman*, 868 F.2d 1313, 1317 (2d Cir. 1989); *16 Casa Duse, LLC v. Merkin,* 791 F.3d 247, 259 (2d Cir. 2015) (Section 101 of the Copyright Act provides that for works prepared over time that "the portion of it that has been fixed at any particular time constitutes the work as of that time, and where the work has been prepared in different versions, each version constitutes a separate work"). The Freeman Copyrighted Materials are all individually registered via four group registrations obtained on September 9, 2021.

Accordingly, Plaintiff can claim that each book in the Crave Series directly infringes each of the Freeman Copyrighted Materials.  However, the Order precludes Plaintiff from doing so by requiring the Plaintiff to select only two of the unpublished manuscripts to establish her copyright claims.

Alternatively, Plaintiff can demonstrate infringement of the Freeman Copyrighted Materials in the aggregate.  *Castle Rock Entm't v. Carol Publ'q, Inc.,* 150 F.3d 132, 138 (2d Cir. 1998) (holding defendant committed copyright infringement by "copying 643 fragments from 84 individually copyrighted *Seinfeld* episodes"); *Salinger v. Random House, Inc.*, 811 F.2d 90, 98 (2d Cir. 1987) (analyzing "59 of the passages from Hamilton's book cited by Salinger as instances of infringing copying from 44 of his letters."); *Warner Bros. v. Am. Broad. Companies, Inc*., 530 F.

Supp. 1187, 1189 (S.D.N.Y. 1982), *aff'd*, 720 F.2d 231 (2d Cir. 1983) (comparing alleged infringing works (consisting of a two-hour premiere television show and seven one-hour television episodes) with infringed works (consisting of two movies, three television shows, and approximately twenty comic books); *Montgomery v. Holland*, 408 F. Supp. 3d 353, 375 (S.D.N.Y. 2019) ("Where the allegedly infringed work is made up of separate but contiguous works, it is appropriate to treat them in the aggregate as a single work."); *see also Kroencke v. Gen. Motors Corp.*, 270 F. Supp. 2d 441, 443 (S.D.N.Y. 2003), *aff'd*, 99 F. App'x 339 (2d Cir. 2004) (citing *Warner Brothers* for aggregate review of "common interconnections between . . . works relating to Superman . . . by common themes, concepts, characters, and plots that formed part of their very meaning, context, and expression.").[6]

The case in hand is similar to *Warner Brothers* in that, much like the Superman works at issue in that case, the Freeman Copyrighted Materials, all of which were unpublished, are connected to one another by common themes, concepts, characters, and plots that form part of their very meaning, context, and expression, thereby making them ripe for aggregation.

Moreover, to the extent each registered version of the manuscript is most likely a derivative work, any preceding registered version and the copyright in the subsequent version only protects the new material contained therein. Accordingly, Plaintiff needs to sue on all of the preceding registered versions of any version of the manuscript to cover all of the material contained in any

---

[6] The cases cited in the Order as the basis for limiting Plaintiff to only two of the seventeen manuscripts are inapplicable and readily distinguishable. Each of the cases (including *Allen v. Scholastic Inc.* 739 F. Supp. 2d 642, *Laureyssens v. Idea Grp., Inc.,* 964 F.2d 131 (2d Cir. 1992), *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57 (2d Cir. 2010) and *Walker v. Time Life Films Inc.,* 784 F.2d 44 (2d Cir. 1986)) involved a party's formal request for dispositive relief from the court and a comparison of only one work to another. None of the cases state that a plaintiff must compare one infringed work ot one alleged infringing work.

subsequent version.   17 U.S.C. § 106(2); 17 U.S.C. § 101 (noting that a derivative work may consist of "editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship").

However, whether or not aggregation is permitted, or Plaintiff must prove that each of the Freeman Copyrighted Materials was individually infringed, Plaintiff must be permitted to rely on all the Freeman Copyrighted Materials and not arbitrarily choose two on which to base her claims. The Order should be set aside because it prohibits Plaintiff from relying on 28 of the Freeman Copyrighted Materials and thus deprives Plaintiff of her copyright interests.

**B.  The Order Misapplies Relevant Case Law Regarding Proof of Copyright Infringement and Substantial Similarity**

Copyright infringement is established when the owner of a valid copyright demonstrates unauthorized copying.  There are two main components of a *prima facie* case of infringement: "a plaintiff must first show that his work was actually copied . . . [and] then must show that the copying amounts to improper or unlawful appropriation"  *Castle Rock Entm't, Inc.*, 150 F.3d at 137.  Actual copying may be established "either by direct evidence of copying or by indirect evidence, including access to the copyrighted work, similarities that are probative of copying and expert testimony." *Id.* .

Second Circuit courts have endorsed two distinct types of copying when analyzing substantial similarity: "comprehensive nonliteral similarity" and "fragmented literal similarity." *Paramount Pictures Corp.* v. *Carol Publ'g Group*, 11 F. Supp. 2d 329, 333 (S.D.N.Y. 1989); *Twin Peaks Prods., Inc. v. Publications International, Ltd.*, 996 F.2d 1366, 1372 (2nd Cir. 1993) (citing 4 NIMMER ON COPYRIGHT §13.03[A][2]); *Best Cellars, Inc. v. Grape Finds at Dupont, Inc.,* 90 F. Supp. 2d 431, 460 (S.D.N.Y. 2000); and *Warner Bros. Entm't Inc. v. RDR Books*, 575 F. Supp. 2d 513, 537 (S.D.N.Y. 2008).  Under these cases, "[c]omprehensive nonliteral similarity exists where

13

the allegedly infringing work does not copy the original work word-for-word, but the 'fundamental essence or structure of [the original work] is duplicated in [the infringing work].'" *See, e.g., Best Cellars, Inc.* at 460; 4 NIMMER ON COPYRIGHT §13.03[A][1]. To determine if comprehensive nonliteral similarity exists, the trier of fact examines factors such as similarity in plot, theme, dialogue, mood, setting, pace and sequence. *Walker v. Time Life Films, Inc.*, 788 F.2d 44, 48 (2d. Cir. 1986).

"By contrast, 'fragmented literal similarity exists where the defendant copies a portion of the plaintiff's work exactly or nearly exactly, without appropriating the work's overall essence or structure.'" *May v. Sony Music Entm't,* 339 F. Supp 3d. 169, 180 (S.D.N.Y. 2019). Fragmented similarity "focuses upon copying of direct quotations or close paraphrasing." *Castle Rock Entm't, Inc.*, 150 F.3d at 140. "[T]he law in the Second Circuit is clear, "the concept of similarity embraces not only global similarities in structure and sequence, but localized similarity in language." *Warner Bros.*, 575 F. Supp. 2d at 537. "In evaluating fragmented literal similarity, or 'localized similarity in language, the Court examines the copying of direct quotations or close paraphrasing of the original work." *Id*. "The mere fact that the defendant has paraphrased rather than literally copied will not preclude a finding of substantial similarity." *Id*.

Neither the comprehensive nonliteral similarity nor the fragmented literal similarity analyses limit the number of infringed works that can be examined by a court nor do they support the incorrect notion that only a limited portion of the copyrighted work should be examined for substantial similarity.  Each of Plaintiff's manuscripts is entitled to the full protection of the Copyright Act and there is no cognizable legal basis for forcing Plaintiff to rely on only a small portion of her copyrighted materials to prove infringement.

14

Plaintiff must be allowed to conduct a full and complete comparison of the Crave Series to the Freeman Copyrighted Materials (in the aggregate or each work individually) in order to prove that her works have been infringed. Moreover, each of the Freeman Copyrighted Materials plays a critical role in Plaintiff's ability to prove her related state law claims.

In light of the foregoing, the Order is clearly erroneous and contrary to relevant statutes and caselaw and should be reversed.

## **<u>CONCLUSION</u>**

For the foregoing reasons set forth in Plaintiff's objection, and pursuant to Rule 72, the Court should set aside the January 11 Order.

Dated:  January 25, 2023

Respectfully submitted,

**CSReeder, PC**

By: *s/ Mark D. Passin*
Mark D. Passin
11766 Wilshire Boulevard, Suite 1470
Los Angeles, California 90025
Tel.:  (310) 861-2475
Email:  mark@crslawyers.com

Paul LiCalsi
Brett Van Benthysen
REITLER KAILAS & ROSENBLATT LLP
885 Third Avenue, 20th Floor
New York, New York 10022
Tel.:  (212) 209-3050
Email:  plicalsi@reitlerlaw.com
        bvanbenthysen@reitlerlaw.com

*Attorneys for Plaintiff*

15