# EXHIBIT 1

Case 1:22-cv-02435-LLS-SN Document 105 Filed 01/11/23 Page 2 of 5

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LYNNE FREEMAN,

                                    Plaintiff,

                -against-

TRACY DEEBS-ELKENANEY, et al.,

                                   Defendants.
-----------------------------------------------------------------X

22-CV-02435 (LLS)(SN)

ORDER

**SARAH NETBURN, United States Magistrate Judge:**

      On December 12, 2022, the Court held a discovery conference to address various discovery disputes. Among them was Defendants' continuing demand for Plaintiff to identify the work or works that Plaintiff alleges has been infringed. This dispute was previously raised with the Court and resulted in the Court's September 16, 2022 Order directing Plaintiff to "identify with specificity which manuscripts were infringed and provide metadata to Defendants." ECF No. 67. Plaintiff allegedly responded to that order by producing 30 documents "consisting of various manuscript versions with multiple different titles, as well as chapter outlines, plot points, character descriptions, and excerpts." Defs. Ltr., dated Dec. 5, 2022, at 4 (ECF No. 83). Defendants requested that Plaintiff "specify, at most, one version each of the manuscripts titled *Masqued* and *Blue Moon Rising*," or the Court should order that the infringed work is the version of the manuscript that Plaintiff requested Defendant Kim send to other defendants. Id.

      The Court heard argument on this question and directed further briefing, which the parties filed on January 4, 2023. ECF Nos. 102, 103. Defendants argue that Plaintiff must identify a single manuscript to compare the parties' two works in a side-by-side comparison, evaluating substantial similarity under the "ordinary observer" standard. Plaintiff contends that

she can aggregate multiple works as the basis of her infringement claim and use expert-generated lists to prove substantial similarity under the "fragmented literal similarity" standard.

To prove a copyright infringement claim, a plaintiff bears the burden of showing a defendant's infringement resulted in unauthorized copying and that "the copying amounts to an improper appropriation [through the] substantial similarity [of] protected material between the two existing works." <u>Laureyssens v. Idea Group, Inc.</u>, 964 F.2d 131, 140 (2d Cir. 1992). Typically, the test for substantial similarity is the ordinary observer test, which asks whether an average reader would "recognize the alleged copy as having been appropriated from the copyrighted work." <u>Knitwaves v. Lollytogs Ltd.</u>, 71 F.3d 996, 1002 (2d Cir. 1995). "Where the allegedly infringing work contains both protectible and non-protectible elements, however, the usual ordinary observer test becomes more discerning, and requires the Court to attempt to extract the unprotectible elements from . . . consideration and ask whether the protectible elements, standing alone, are substantially similar." <u>Allen v. Scholastic Inc.</u>, 739 F. Supp. 2d 642, 654 (S.D.N.Y. 2011) (internal quotations omitted).[1] Both inquiries require a comparison of the contested work's total concept and overall feel with that of the allegedly infringed work. <u>Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.</u>, 602 F.3d 57, 65 (2d Cir. 2010). In other words, they require a "detailed examination of the *work themselves*." <u>Walker v. Time Life Films, Inc.</u>, 784 F.2d 44, 49 (2d Cir. 1986) (emphasis added).

Accordingly, Defendants assert that courts "examine[] the similarities between the two literary works in such aspects as the total concept and feel, theme, characters, plot, sequence, pace and setting of the works." <u>Allen</u>, 739 F. Supp. 2d at 655. To do this, courts must compare

---

[1] Protectable elements must be an expression of an idea. Unprotectable elements, which include "scènes à faire, sequences of events that necessarily result from the choice of a setting or situation, do not enjoy copyright protection." <u>Allen v. Scholastic Inc.</u>, 739 F. Supp. 2d 642, 654 (S.D.N.Y. 2011)

2

the copyrighted work against the allegedly infringing work, and a plaintiff cannot rely on an aggregation of multiple works. Conversely, Plaintiff intends to prove her case through both "comprehensive non-literal similarity" and "fragmented literal similarity" tests. Plaintiff argues that an expert will be necessary under both tests because "it is too complicated for a lay observer . . . to determine if the works are substantially similar." Plf. Ltr., dated Jan. 4, 2023, at 5 (ECF No. 103). The difficulty Plaintiff anticipates is with the volume, not the subject matter.

The parties' letters focus much of their discussion on whether the Court will allow expert testimony. The Court declines, at this stage, to preclude expert testimony because the Court cannot, in the abstract, determine whether such testimony would be helpful to the trier of fact.[2] Plaintiff, however, is not excused from identifying the allegedly infringed work(s) simply because she believes they are too voluminous. Moreover, Plaintiff must also prove access to her work, and Defendants cannot defend on this element without identity of the work.

Thus, Plaintiff must identify the work she alleges was copied and cannot rely on an amalgam of bits and pieces of her work in progress. See Williams v. Crichton, 84 F.3d 581, 590 (2d Cir. 1996) ("a scattershot approach cannot support a finding of substantial similarity because it fails to address the underlying issue: whether a lay observer would consider the works as a whole substantially similar to one another"). This is especially appropriate because Plaintiff does not allege that her copyright works are a series but rather a collection of works-in-progress leading to a final single manuscript. Compare with Warner Bros. v. Am. Broad. Companies, Inc., 530 F. Supp. 1187, 1193 (S.D.N.Y. 1982) (evaluating Plaintiff's copyrighted motion pictures,

---

[2] That being said, "the well-established general rule in this circuit has been to limit the use of expert opinion in determining whether works at issue are substantially similar." Computer Assocs. Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 713 (2d Cir. 1992).

3

television shows, and common books featuring "Superman" as a group when comparing these works to Defendant's hero television series).

Accordingly, Plaintiff is ORDERED to identify two manuscripts to serve as the primary works that establish her copyright claim. Plaintiff must do so by January 20, 2023.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   January 11, 2023
         New York, New York

4