# EXHIBIT 5



December 6, 2022

Honorable Sarah Netburn
United States Magistrate Judge

    Re:    *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*  22 Civ 2435 (LLS)

Dear Judge Netburn:

    This firm represents Plaintiff Lynne Freeman ("Plaintiff") in the above-referenced action and is submitting this letter in response to Defendants' letter dated December 5, 2022, which purports is be in response to my letter to Your Honor dated December 1, 2022, but raises various new issues.

    Defendants are trying very hard to prevent Plaintiff from uncovering the facts in this case. Defendants are trying very hard to have fact discovery close December 31, 2022, for the following reasons: (1) it is Plaintiff's burden to prove the case; (2) Defendants produced over 40,000 documents and Plaintiff produced only 1,897; (3) Plaintiff intends to take ten (10) depositions and Defendants only intend to take two (2) depositions; (4) Plaintiff wishes to make a motion for leave to amend to add two (2) additional infringing books to the case and Defendants do not want to add the books to the case; and (5) Plaintiff needs to finish her review of the over 40,000 documents produced by Defendants to determine what has not been produced, and meet and confer regarding those documents and propound additional discovery while Defendants do not require any additional discovery. For example, Defendants Entangled and MacMillan have failed to produce all the requested documents and have not properly answered interrogatories regarding revenue and expenses. Plaintiff is going to have to send another letter motion regarding those responses. Macmillan did not produce its supplemental interrogatory responses relating to the September 15, 2022 hearing before Your Honor until Monday, December 5, 2022, and it is taking a great deal of time to review the over 40,000 documents.

    Defendants' request that the discovery conference be held in person is a further example of how they are trying to make this case difficult for Plaintiff. They know that Plaintiff's lead trial counsel resides in Los Angeles, and it would be very time consuming and expensive for him to travel to New York for a hearing that will last an hour or so, especially with so much currently going on in the case.

    The bottom line is that Plaintiff has not been afforded enough time to take discovery involving, among other things, the infringement of four (4) books by copying numerous versions of Plaintiff's manuscripts and notes. Plaintiff served her original document requests and interrogatories on the Defendants June 7 and June 15, 2022, respectively. Defendants completed their production of over 40,000 documents on October 21, 2022. Plaintiff does not

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

Page 2
December 6, 2022

have enough time to review the over 40,000 documents, meet and confer regarding the deficiencies with the responses in the production and the interrogatories, take follow-up written discovery, and take ten (10) depositions in a little over two (2) months.

**Amending Plaintiff's Complaint.** The issue at the September 15, 2022, hearing before Your Honor was Plaintiff's right to discovery regarding the unpublished books in the series. The court said, "I don't think that there is a need to access these documents at this time, and I do think on the other side there is a significant prejudice and burden to the defendants to produce them, again, without much upside to you given that these books haven't even been published. I do think, if the plaintiff is able to prevail in her case, that, you know, these other, you know, books five and six may either be folded into this litigation or revenue that is obtained from those later published books may be, you know, fair game for the plaintiff now. So I'm going to deny the request for discovery into these books, but that doesn't mean that if plaintiff is able to establish infringement, that those books are off limits in this litigation. Understood?" See Exhibit "1," Transcript September 15, 2022, Hearing Before the Honorable Sarah Netburn, p. 30, ls. 10-24. However, this is a different issue. Plaintiff wishes to add to the Complaint two (2) books that are now published, one which was just published on November 8, 2022, and the other which Plaintiff just discovered.

The reason that Plaintiff has not yet filed her motion for leave to amend is that, unfortunately, Plaintiff does not still have within her possession all versions of her manuscript, notes and e-mails that she sent between 2010 and 2014 to Defendant Emily Sylvan Kim ("Kim') and Prospect Agency, LLC ("Prospect"). Nonetheless, Defendants have produced approximately 30 copies of the various versions of the manuscript, chapter outlines, synopses, hundreds of e-mails containing detailed notes of plot outlines and other relevant details and various notes Plaintiff sent to Kim and Prospect, some of which Plaintiff no longer possesses. Thus, before filing her motion for leave to amend Plaintiff needs to review the material produced by Defendants, and determine which material is not in her possession, then determine if there is any infringing material contained therein, and, if so, file for expedited copyright registrations for the additional material so she can add them to the Complaint. She could not have done the foregoing any sooner because Defendants just completed their production on October 21, 2022 and the material is voluminous, including, but not limited to, manuscripts which are 400-600 pages long.

**Depositions.** Although there is a general presumption that a plaintiff who chooses a particular forum should be prepared to be deposed in that forum, the presumption is weaker where a plaintiff is forced to bring a lawsuit in a particular jurisdiction. *Gagasloulas v. MBF Leasing, LLC¸ 2009 WL 5176576a \*2 (E.D.N.Y. 2009).* In this case, Plaintiff was forced to file the case in New York because the Agency Agreement between Plaintiff, on the one hand, and Defendants Kim and Prospect, on the other hand, contained an exclusive New York choice of venue clause. Moreover, "there is no absolute rule as to the location of the deposition of a nonresident plaintiff" as "courts must strive to achieve a balance between

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

Page 3
December 6, 2022

claims of prejudice and those of hardship." *Connell v. City of New York,* 230 F.Supp.2d 432, 436 (S.D.N.Y. 2002). ███ Attached hereto as Exhibit "2" are two doctors notes. Plaintiff has no objection to having her deposition conducted remotely, she just does not want to agree that all depositions can be conducted remotely. Plaintiff intends to drive to New York for the trial.

With respect to the ten (10) depositions that Plaintiff intends to take, Defendants cannot oppose a continuance and argue that their witnesses are not available. The undersigned told opposing counsel a long time ago that he was not going to commence any depositions until December. Moreover, the only depositions noticed by Defendants are both in December. Plaintiff objects to taking all the depositions remotely because she wants to sit across the table from the deponents at certain of the deponents, and it would be extremely cumbersome to take certain of the deposition by video as there are so many extremely lengthy documents. For example, one of the Defendants text streams is 1700 pages long. As far as the location of the depositions, if they need to be taken where the deponent resides, that is fine. However, an extension of the discovery cut-off is warranted to account for travel time.

**Identifying versions of manuscripts at issue:** This is a red herring. On October 14, 2022, Plaintiffs produced to Defendants all the deposit copies for the copyright material with metadata. As we have repeatedly advised Defendants, Plaintiff is relying on all the copyrighted material for her case. Plaintiff sent numerous versions of her manuscripts and related notes to Kim. Plaintiff alleges that Kim and/or others turned over that material to Defendant Tracy Wolff who then copied material from the various versions of the manuscript and the notes to write the *Crave* Book Series. As for the metadata, certain of the Defendants complained that one of the manuscripts was produced in PDF and one in Word Perfect without extensive metadata. The Word Perfect document is the native format for that document and includes all of the metadata we have for the document. As for the PDF document, we do not have the Word version or the Word Perfect version, however, it does include metadata.

I have given the matter some additional thought. For copyright purposes, we have to rely on all the material because the copyright registrations may only cover the new material in each version or notes. Nonetheless, we would agree that for purposes of doing a comparison of the works, Defendants do not have to use all of the versions and notes (since there is an overlap of material) as long as they realize that for purposes of the copyright law we are relying on all of the material. If that is acceptable, I will advise Defendants of what materials they can delete for purposes of doing their comparison. However, we cannot limit it to one version of the manuscript.

**Redactions:** See letter dated December 1, 2022, from Mark D. Passin to Your Honor ("December 1 Letter"), page 4, paragraphs 2 & 3 and the Exhibits thereto. As evidenced by the exhibits attached to the December 1 Letter, Defendants redacted highly relevant

| | | |
|---|---|---|
| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| | FAX | (310) 861-2476 |
| Suite 1470 | EMAIL | mark@csrlawyers.com |
| Los Angeles, California 90025 | WEBSITE | www.markpassin.com |

information from the texts.  Moreover, the huge amount of material redacted obviously does not contain only highly sensitive personal information.  As detailed in the December 1 Letter, there are large amounts of highly personal and sensitive information that are not redacted. The redacted texts are extremely important to the case because Defendants discuss editing the infringing books in the text messages and use texts to edit.  Allowing Defendants to provide high-level summaries makes no sense because they are the ones that did the improper redactions as evidenced by the exhibits to the December 1 Letter.

Plaintiff proposed that the parties exchange unredacted versions of the texts and e-mails (other than anything redacted on the grounds of privilege) so that the lawyers can review them, but agree not to show them to their respective clients or use them unless the other side or Your Honor agrees they can do so.  Defendants agreed to the foregoing with one caveat, that the documents must be reviewed at their offices.

The foregoing is unacceptable for several reasons.  First, Defendants admit [t]hat roughly a half of the 1,071 text message documents they produced contain some redactions.  It would be extremely time consuming to sit in their offices and review that much material.  Second, I would have to do it personally and I do not have the time to sit in their offices that long, and do not have the time to go to their New York office or even their Beverly Hills office, which is over an hour from where I live, multiple times to review the voluminous number of documents.  If Defendants do not drop the requirement that I sit in their offices to review the material, the only other solution is an in-camera inspection.  However, whether the parties or the Court review the material, it cannot be done in time to accommodate depositions in December.  By the way, the amount of material redacted by Plaintiff is miniscule compared to the amount of material redacted by Defendants.

**Plaintiff's Text messages.**  We have told Defendants that there are no responsive text messages during the period January 1, 2010 through March 31, 2021.  Nonetheless, I offered to show Defendants' counsel all of the text messages that were for some reasons hits during that time period under the same conditions I have discussed above for the redactions., except we would redact three (3) e-mails to Plaintiff from her ▆▆▆▆▆▆▆▆▆▆ and Plaintiff's credit card number which appears in two (2) places.

**Plaintiff's digital documents:**  This is another red herring.  Gathering copies of Plaintiff's manuscripts and notes is the same as gathering hard copy documents.  Plaintiff turned over to our i-discover team all notes and manuscripts relating to the case.  Indeed, what incentive would she have to hide any documents?

| | | |
|---|---|---|
| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| | FAX | (310) 861-2476 |
| Suite 1470 | EMAIL | mark@csrlawyers.com |
| Los Angeles, California 90025 | WEBSITE | www.markpassin.com |

Page 5
December 6, 2022

      **Privileged log and privileged communications.**  At the September 15, 2021 hearing, the Defendants objected to producing any document after February 6, 2022, because they received a cease-and-desist letter/demand letter from me on February 7, 2022.  I objected because I explained there could be relevant documents after that date.  I gave an example that one defendant may have told another defendant in an e-mail after that date that they should destroy all documents.  See Exhibit "1," Transcript September 15, 2022, Hearing Before the Honorable Sarah Netburn, p. 6, ls. 11-15.

      Your Honor's response was: "Okay, I think that that's probably true.  A theme of today's conference is that all parties are going to try this case without having seen every possible document that they would want to see."  *Id* at. P. 6, ls, 16-19.

      If that is the case for Defendants, then Plaintiff should not have to provide a privilege log or produce any documents after March 31, 2021.  Plaintiff purchased the first *Crave* book on March 24, 2021 and discovered the infringement March 31, 2021. Beginning April 1, 2021, she began contacting lawyers and experts regarding her case.  She also had close confidantes and advisors assist her in that process. In fact, she may have forwarded a few of the lawyer letters to her father or one of her other close friends/experts that were advising and helping her.  She should not be required to list any of those on her privilege log because the other side has no right to know how many lawyers or the names of the lawyers and experts she contacted regarding the case.  Moreover, although we produced documents after March 31, 2021, we withheld some documents after that date on the grounds of relevancy.  Plaintiff was represented by Kim and Prospect from late 2010 through sometime in 2014.  Those are the relevant dates for her production.  Those dates are also relevant for Defendants, however, Defendants have relevant documents after that date because the alleged wrongdoing and infringement continued after those dates, and we allege are continuing today.

      It is grossly unfair to Plaintiff to allow Defendants not to produce any documents after February 6, 2022, once they had notice and began to prepare their case, and to then require Plaintiff to produce documents and include documents on her privilege log after March 31, 2021, once she became aware of the infringement and began to prepare her case.  By the way, with respect to the privilege log, Plaintiff only withheld one document on the grounds of any privilege (it was on the grounds of the marital privilege) prior to March 31, 2021, and it disclosed that fact to Defendants.

      We thank the Court for its time and attention to this matter.

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE (310) 861-2470
FAX (310) 861-2476
EMAIL mark@csrlawyers.com
WEBSITE www.markpassin.com

Page 6
December 6, 2022

Respectfully submitted,

**CSReeder, PC**

Mark D. Passin
11766 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90025
310-861-2475
mark@csrlawyers.com

**REITLER KAILAS & ROSENBLATT LLP**
Paul V. LiCalsi
885 Third Avenue, Ste 20th Floor
New York, NY 10022
212-209-3090
plicalsi@reitlerlaw.com

*Attorneys for Plaintiff* Lynne Freeman

cc: All counsel of record (via e-mail)

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE (310) 861-2470
FAX (310) 861-2476
EMAIL mark@csrlawyers.com
WEBSITE www.markpassin.com