

January 30, 2023

**VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square Room 430
New York, NY 1000

    Re: *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, Case No. 22 Civ 2435 (LLS) (SN)

Dear Judge Netburn:

    We represent Plaintiff Lynne Freeman in the above-referenced action. We write to request an extension of the current discovery cut-off deadline of March 15, 2023. Although the Court stated at the December 12, 2022 hearing that the existing discovery cut-off date will not be extended (*see* Transcript of Hearing Dated December 12, 2022, ECF Doc. No. 114 at page 61, lines 5-7), there has been a significant change in circumstances since the date was established, and the reasons for granting the previous extension have not been achieved, both of which necessitate a further extension.

    As to the material change of circumstances, on January 25, 2023, Plaintiff objected (the "Objection") to the Court's Order dated January 11, 2023 ("January 11 Order"), pursuant to which Plaintiff was required to "identify two manuscripts to serve as the primary works that establish her copyright claims by January 20, 2023."[1]

    Due to the filing of the Objection before Judge Stanton, it would be a tremendous waste of both the parties' time and money and the Court's judicial resources to go forward with the depositions until after the Objection before Judge Stanton has been decided. Plaintiff's counsel's preparation and taking of the depositions will be drastically impacted by the outcome of Judge Stanton's ruling on the Objection. If the Objection is denied, questioning at the depositions will focus on the two primary manuscripts identified by Plaintiff. However, if the January 11 Order is set aside, the depositions will need to include questioning on all thirty (30) of the Plaintiff's

---

[1] On January 18, 2021, Plaintiff informed Your Honor that Plaintiff planned to object to the January 11 Order pursuant to FRCP 72 and moved to stay the January 11 Order pending the Court's ruling on the objection. Plaintiff's motion to stay was denied, and on January 20, 2023, Plaintiff complied with the January 11 Order by filing a letter identifying two primary manuscripts. Plaintiff reserved her right to file the objection to the January 11 Order. On January 25, 2023, Plaintiff timely filed her objections to the Magistrate Judge's January 11 Order (the "Objection").

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

The Honorable Sarah Netburn
Page 2
January 30, 2023

copyright materials. Therefore, if the depositions move forward prior to Judge Stanton issuing a ruling, Plaintiff may be wasting precious hours of questioning on copyrighted material that may ultimately be irrelevant.

Indeed, Your Honor contemplated at the time the tremendous impact the January 11 Order would have on discovery prior to its issuance. At the December 12, 2022 hearing, Your Honor stated that "I wouldn't assume that I'm going to be getting my resolutions [of the scope of what is being alleged] out right away, and I think that's going to effect, potentially, the way the case is going to proceed from there on out." *See* ECF Doc. No. 114 at page 60, lines 14-17.

Furthermore, the number of Plaintiff's manuscripts at issue also drastically impacts the reports that Plaintiff's experts have already spent a great deal of time preparing, and depending on the outcome of Judge Stanton's ruling, may have to be substantially revised. Although there is currently a dispute as to whether Plaintiff will be able to use an expert on the issue of substantial similarity, Plaintiff under any circumstances should be entitled to use experts on the issues of probative similarity, damages and issues relating to Plaintiff's state court claims. Which of the Plaintiff's manuscripts are at issue will impact the scope of the experts' testimony and the information Plaintiff's counsel may have to obtain for the experts at the upcoming depositions.

In addition, the discovery cut-off deadline should also be extended because there exist open discovery items that need to be resolved before depositions can take place. First, pursuant to a joint letter filed on December 16, 2022, Your Honor was advised that with respect to the redacted text messages produced by Defendants, the parties agreed that the Entangled Defendants and Prospect would send Plaintiff a link of the unredacted versions of the text messages for Plaintiff's counsel to review for a two week time period. Plaintiff has been focused on complying with the Court's other orders (particularly the Order reflected in ECF 93 as modified by ECF 98 and 104) and thus her counsel has not yet had time to request and review the text messages. He requested the unredacted text messages last week and expects to receive them shortly, but anticipates that it will require his near full time attention for a majority of the two week period due to Attorney's Eyes Only designation that Defendants demanded, and the overall volume, which we estimate is approximately 15.000 pages.[2] Thus, he will not be able during that period of time to spent much, if any, time preparing for the depositions.

Second, the parties continue to have a number of disputes concerning the scope of discovery. For example, defendants are refusing to produce native versions of e-mails previously produced or provide all the information requested on damages. Assuming that those issues are not resolved this week, Plaintiff intends to file a motion to compel next week.

---

[2] Plaintiff asked Defendants to permit Plaintiff's husband to access the documents to assist in the review, but the request was denied, and since there is only have a limited time to review the material Plaintiff's counsel did not want to request access prematurely without being able to devote his full attention to the review.

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| --- | --- | --- |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

The Honorable Sarah Netburn
Page 3
January 30, 2023

Third, as a result of the time that Plaintiff's counsel has had to spend complying with the Court's various orders, preparing Plaintiff's objection to the January 11 Order, and the time he will spend over the next two weeks reviewing the unredacted text messages, Plaintiff's counsel has not completed, and will not be able to complete, his review of Defendants' original document production, which totaled in excess of 40,000 documents, in time to take depositions. Counsel has been diligently reviewing the Defendants' productions, but several of the orders that Plaintiff was required to comply with were very time consuming, and there simply was not enough time to complete the review.

Lastly, this case is not a typical literary infringement case. Most literary infringement cases relate to the infringement of one book by one other book, motion picture or television show. Subject to Judge Stanton's ruling on the Objection, this case involves the infringement of seventeen (17) versions of an unpublished manuscript and thirteen (13) related notes, which include chapter outlines, plot points, character descriptions, and excepts, that have been used by Defendants without consent or authorization, to create four infringing books. Thus, the amount of time the parties need for discovery is longer than in a typical literary infringement case.

Accordingly, Plaintiff respectfully requests an extension of the current fact discovery deadline of March 15, 2023 to the latter of (1) two and one-half months after the ruling on the Motion before Judge Stanton; or (2) May 15, 2023. The Defendants' do not agree to the extension.

Respectfully submitted,

**CSReeder, PC**

_____
Mark D. Passin
11766 Wilshire Boulevard,
Suite 1470
Los Angeles, CA 90025
310-861-2475

**REITLER KAILAS & ROSENBLATT LLP**
Paul V. LiCalsi
885 Third Avenue, Ste 20th Floor

| | | |
|---|---|---|
| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

The Honorable Sarah Netburn
Page 4
January 30, 2023

New York, NY 10022
212-209-3090
plicalsi@reitlerlaw.com

*Attorneys for Plaintiff*

cc: All counsel of record (via ECF)

| | |
|---|---|
| 11766 Wilshire Boulevard | PHONE (310) 861-2470 |
| Suite 1470 | FAX (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL mark@csrlawyers.com |
| | WEBSITE www.markpassin.com |