# KLARIS

February 15, 2022

**VIA ECF**

The Honorable Sarah Netburn
United States District Court, S.D.N.Y.
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10017

      Re:    *Lynne Freeman v. Tracy Deebs-Elkenaney et al.*, 1:22-cv-2435(LLS)(SN)
            Motion for Protective Order re Plaintiff's Requests for Production No. 4

Dear Judge Netburn:

This firm is counsel to Defendants Emily Sylvan Kim and Prospect Agency, LLC (collectively, "Prospect"). We write pursuant to Federal Rule of Civil Procedure 26 and to the Court's Order dated February 14, 2023 (Dkt. 127) seeking a protective order to prevent the unwarranted disclosure of sensitive and personal financial documents sought in response to Plaintiff's Fourth Set of Requests for the Production of Documents (the "Requests") (*see* "Exhibit A" attached).

When the Court extended the deadline for fact discovery at Plaintiff's request, Your Honor stated:

> With respect to additional discovery demands, I'm not going to make an advisory ruling, Mr. Passin. I expect you to be conducting yourself in a way that is efficient and not serving discovery demands that are broad and expansive without any foundation. So, you've already served a number of discovery demands, as I understand it. I'm not going to preclude you from having follow-up discovery demands, but I expect that they will be narrowly tailored to information that you have received as a result of those first round of discovery demands.

12/12/22 Tr. 60:23-24, 61:2-4. At that time, Plaintiff had already served three sets of document requests on Prospect totaling 126 individual requests.

Now, more than two months since the parties' conference setting the deadline and mere weeks before the close of discovery, Plaintiff has propounded a fourth set of document demands containing over two dozen vexatious Requests seeking broad categories of Prospect's financial records over the last five years, including Ms. Kim's personal financial records. These Requests plainly contravene the Court's direction at the December 12 conference, run counter to applicable legal authority, and appear primarily designed to harass and cause Prospect undue burden and expense.

Plaintiff's new demands run the gamut of highly personal information, including tax returns (RFP 5, 19), the amount of money in all of Ms. Kim's bank accounts or her husband's bank accounts or

Klaris Law PLLC
29 Little West 12th Street                                                     lance.koonce@klarislaw.com
New York, NY 10014                                                               Mobile: +1 917.612.5861

Prospect's bank accounts (RFP 10, 27), credit and loan application history (RFP 12, 28), real property (RFP 14, 30), and liabilities, including any mortgage statements (RFP 15, 22).

Subsequently, Plaintiff has served two *more* sets of document requests on Prospect, the first set dated February 6, 2023 and totaling 14 individual requests, and the second dated February 13, 2023 and adding two more requests. Plaintiff also served two new sets of interrogatories on Prospect and Ms. Kim on February 13, 2023, the latter containing requests asking Ms. Kim to identify, "by manufacture and model number each and every computer [she] used to write or edit," and "all editing software [she] used to edit," any books in the *Crave* series. Similar requests and interrogatories were served on the other Defendants; as the parties have not had an opportunity to meet and confer on these additional outrageous requests, Prospect does not raise them in this letter, but reserves the right to do so should Plaintiff not withdraw them after the parties meet.

On a recent meet-and-confer call, Plaintiff's counsel indicated that Plaintiff believes she is entitled to serve broad, invasive financial requests on the grounds that she seeks punitive damages on her state law claims of fraud and breach of fiduciary duty. This argument is baseless, especially in the context of this case, in which the primary claim is for copyright infringement and the alleged violative acts under state law are alleged to have been taken in furtherance of willful copyright infringement.[1] *See* Dkt. 23 (First Amended Complaint), at 74-78.

First, Plaintiff's broad, expansive Requests clearly are not "follow-up discovery demands" nor are they "narrowly tailored to information that [Plaintiff has] received as a result of [her] first round of discovery demands." Indeed, Plaintiff first pleaded her claims for punitive damages in her original Complaint filed on March 25, 2022, and has not provided any rationale for waiting until the last moment to serve these Requests that she could easily have served many months ago.

Second, New York courts have long held that "pre-trial discovery of a party's wealth should not be available merely because the plaintiff has alleged punitive damages." *Chilvers v. New York Mag. Co.*, 114 Misc. 2d 996, 998 (Sup. Ct. N.Y. Cnty. 1982), *citing Rupert v. Sellers*, 48 A.D.2d 265, 273 (4th Dept. 1975); *see also Borkowski v. Borkowski*, 39 N.Y.2d 982, 983 (1976); *McNamee v. Clemens*, 09-cv-1647(SJ), 2013 WL 6572899, at *8 (E.D.N.Y. Sept. 18, 2013); *Copantitla v. Fiskardo*, 09-cv-1608(RJH)(JCF), 2010 WL 1327921, at *16 (S.D.N.Y. Apr. 5, 2010).

Third, it is within the Court's discretion to balance the purported need for the documents "against the annoyance, embarrassment or oppression of a defendant." *See Rupert*, 48 A.D.2d at 273; *see*

---

[1] Indeed, extensive discovery in this case has not revealed *any* facts supporting the claims for fraud or breach of fiduciary duty by Prospect, further highlighting the frivolous nature of Plaintiff's claims. Plaintiff cannot meet the standard under New York law to establish the availability of punitive damages, which requires proof of "gross, wanton, or willful fraud or other morally culpable conduct to a degree sufficient to justify [such] an award." *See Borkowski*, 39 N.Y.2d at 983.

Klaris Law PLLC
29 Little West 12th Street
New York, NY 10014

lance.koonce@klarislaw.com
Mobile: +1 917.612.5861

*also* FED. R. CIV. P. 26(c)(1). Here, such documents have no bearing on Plaintiff's copyright infringement claims or the state law claims against Prospect, and Prospect's financial status is not relevant to Plaintiff's claims for compensatory damages.[2] In this case, where Plaintiff alleges that breach of fiduciary duty and fraud lead to copyright infringement, invasive financial discovery should not be available unless Plaintiff "demonstrate[s] some factual basis" for her punitive damages claims "before invading the financial privacy" of another party. *See Suozzi v. Parente*, 161 A.D.2d 232 (1st Dept. 1990). Plaintiff has not done so.[3]

In the *Rupert* case, the court held that "[t]he concept of the right of privacy in our society rises higher than the needs of this plaintiff." *Id.* at 271-272. Here, too, Plaintiff's needs are far outweighed by the risk of "annoyance, embarrassment, oppression, or undue burden or expense" to Prospect. Plaintiff's repeated attempts "to harass, cause unnecessary delay, [and] needlessly increase the cost of litigation" are especially harmful to a small business such as Prospect (and its individual owner), which will seek to recover its attorneys' fees should it prevail in this litigation. *See* 17 U.S.C. § 505.

The Court should grant Prospect's motion for a protective order and stop this roving inquiry in its tracks.[4]

Respectfully submitted,

KLARIS LAW PLLC

By: /s/Lacy H. Koonce, III
Lacy H. Koonce, III

*Attorneys for Emily Sylvan Kim and Prospect Agency, LLC*

---

[2] In *Rupert*, the Fourth Department held that the examination of the defendant's tax returns over a five-year period were not discoverable for the purpose of computing compensatory damages. 48 A.D.2d at 268.

[3] Even in cases where New York courts have allowed limited evidence of a defendant's financial status to be adduced, courts do so only after a verdict has been reached on liability, to protect the defendant from the harm associated with the disclosure of such sensitive financial information. Such a procedure "protects defendants from harassment by discovery of their net worth in cases where plaintiffs have only alleged, but not established, a cause of action for punitive damages." *Rupert*, 48 A.D.2d at 273 (setting procedure for defendant to submit sworn statement of net worth and copies of tax returns only if liability found at trial).

[4] Prospect has agreed to respond to RFP 1-3 and 31, which are duplicative of prior requests.

Klaris Law PLLC
29 Little West 12th Street
New York, NY 10014

lance.koonce@klarislaw.com
Mobile: +1 917.612.5861