# EXHIBIT A

Reitler Kailas & Rosenblatt LLC
885 Third Avenue, 20th Floor
New York, New York 10022
Main: 212-209-3050
Fax: 212-371-5500
Email: plicalsi@reiterlaw.com

CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
Telephone: (310) 861-2470
Facsimile:  (310) 861-2476
Email: mark@csrlawyers.com
(Admission pending *pro hac vice* application)
*Attorneys for Plaintiff Lynne Freeman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LYNNE FREEMAN, an individual,

                              Plaintiff,

    -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, HOLTZBRINCK PUBLISHERS, LLC, D/B/A/ MACMILLAN, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, CRAZY MAPLE STUDIO, INC, a California corporation

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Case No. 1:22-cv-02435-LLS

**PLAINTIFF LYNNE FREEMAN'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS PROSPECT AGENCY, LLC AND EMILY SYLVAN KIM, SET FOUR**

Assigned to the Hon. Louis L Stanton

FAC FILED: May 23, 2022

Propounding Party:     Plaintiff Lynne Freeman

Responding Parties:    Defendants Prospect Agency, LLC and Emily Sylvan Kim

Set:       Four

1

Pursuant to Federal Rule of Civil Procedure Rule 34, Defendants Prospect Agency, LLC and Emily Sylvan Kim are hereby requested to serve within thirty (30) days a written response under oath to the following requests and to produce those documents identified in response to Plaintiff Lynne Freeman's ("Freeman" or "Plaintiff") requests for production of documents to Paul LiCalsi, Esq. at the law firm of Reitler Kailas & Rosenblatt LLC, 885 Third Avenue, 20th Floor, New York, New York 10022.

Your written responses shall state with respect to each item or category, that inspection-related activities will be permitted as requested, unless request is refused, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, that part shall be specified. If any refusal is made on the basis of attorney client privilege, you shall supply the information required by Local Rule 26.2. To the extent that any request calls for the production of electronically stored information, Plaintiff requests that all documents be produced in native format with all Metadata, including, without limitation, document level text, file and custodian names and document dates, sent and received dates, sender and recipient information, and an accompanying load file (in .dat, .opt, or lfp format).

## DEFINITIONS

As used in these requests, the following terms are to be interpreted in accordance with these definitions:

A.    "FREEMAN" shall mean plaintiff Lynne Freeman.

B.    "KIM" shall mean defendant Emily Sylvan Kim.

C.    "PROSPECT" shall mean defendant Prospect Agency, LLC. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates

D. "WOLFF" shall mean defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff.

E. "ENTANGLED" shall mean defendant Entangled Publishing, LLC and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

F. "MACMILLAN" shall mean defendant Holtzbrinck Publishers, LLC, d/b/a Macmillan and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

G. "UNIVERSAL" shall mean defendant Universal City Studios, LLC. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

H. "DEFENDANTS" shall mean collectively PROSPECT, KIM, ENTANGLED, WOLFF, MACMILLAN and UNIVERSAL.

I. "YOU" shall mean collectively PROSPECT and KIM.

J. "CRAZY MAPLE STUDIO" shall mean defendant Crazy Maple Studio, Inc. and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

K. "PELLETIER" shall mean Liz Pelletier of ENTANGLED as well as any attorney, manager, agent or other person or entity acting on behalf of Liz Pelletier.

L. "DOCUMENTS" shall have the meaning set forth in Local Rule 26.3(c) for the word "document.".

M. "COMMUNICATIONS" shall have the meaning set forth in Local Rules 26.3(c) of the Local Rules for the word "communication."

N. "CRAVE BOOK SERIES" shall mean the books entitled Crave, Crush, Covet, Court, Charm and Cherish.

O. "PERSON" shall have the meaning set forth in Local Rule 26.3(c).

P.  "CONCERNING" shall have the meaning set forth in Local Rule 26.3(c).

Q.  "FAC" shall mean the First Amended Complaint filed in this action on May 23, 2022.

R.  "BMR" shall mean any and all versions of the manuscript that FREEMAN alleges in the FAC she wrote, including, but not limited to, the versions entitled *Blue Moon Rising* and *Masqued,* and she alleges was infringed by the books in the CRAVE SERIES entitled *Crave*, *Crush*, *Covet* and *Court*.

S.  "COWAN FIRM DEFENDANTS' ANSWER" shall mean the Answer and Affirmative Defenses of the of Tracy Deebs-Elkananey p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrink Publishers, LLC, d/b/a Macmillan and Universal City Studios, LLC dated June 27, 2022 filed in this action.

S.  "KLARIS FIRM DEFENDANTS' ANSWER shall mean the Answer of Prospect Agency, LLC and Emily Sylvan Kim to First Amended Complaint dated June 27, 2022 filed in this action.

## **INSTRUCTIONS**

1.  In responding to each Request set forth below, quote each Request for Production before each Response to that Request for Production.

2.  In responding to each Request for Production set forth below, the DOCUMENT produced must indicate the Request for Production number to which it is responsive.

3. With respect to any DOCUMENT responsive to these requests for Production that YOU contend YOU are not required to produce because of an alleged privilege, please provide the information required by Local Rule 26.2.

## DOCUMENT REQUESTS

1. All DOCUMENTS CONCERNING the payment or crediting of any money to any of the DEFENDANTS in connection with the sale, licensing or other exploitation of any of the books in the CRAVE BOOK SERIES that either of YOU have not previously produced in this action to FREEMAN, including, but not limited to, any statements or accountings from ENTANGLED.

2. All DOCUMENTS CONCERNING any expenses incurred by any of the DEFENDANTS in connection with the manufacturing, distribution, sales, licensing or other exploitation of any of the books in the CRAVE BOOK SERIES that either of YOU have not previously produced in this action to FREEMAN.

3. All audit reports relating to any of the books in the CRAVE BOOK SERIES.

4. DOCUMENTS sufficient to establish KIM'S current net worth.

5. All federal and state income tax returns filed within the last five (5) years by KIM, or jointly with any other person or entity, together with all accompanying work sheets, amendments, adjustments, extension requests, schedules, and all correspondence relating thereto.

6. All DOCUMENTS sufficient to establish all assets owned by KIM individually or with anyone else.

7. All DOCUMENTS sufficient to establish the value of all assets owned by KIM individually or with anyone else.

8. Employer's report of income (wage and tax statement, form W-2 statements, form 1099, form K-1's) and any and all other documents reflecting income and/or other monies received by KIM in any manner whatsoever, from any and all sources, individually or jointly with any other person, for the calendar year 2022.

9. Any and all documents evidencing source and amounts of all monies or credits of any matter whatsoever not reflected in KIM's federal or state income tax returns received by KIM or credited to KIM, within the last five years, including but not limited to, gifts received by KIM, repayment of loans to KIM, sale of assets, disability benefits, nontaxable distributions, etc. as well as income received as a result of any ownership interest in any limited partnership, limited liability company, limited liability partnership, corporation, joint venture, trust, or other business entity.

10. DOCUMENTS sufficient to establish the amount of money KIM has in any bank accounts or other accounts (a) owned by KIM or standing in her name, individually or jointly with any other person or entity, (b) owned by or standing in the name of her spouse, individually or jointly with her or any other person or entity, and (c) owned by or standing in the name of any corporation, partnership, limited partnership, joint venture, trust or other entity in which she has any interest.

11. Financial statements, whether prepared on a cash basis and/or accrual basis, including balance sheets and profit and loss statements, prepared by or for KIM, individually or jointly with any other person or entity, within the last five years to the date of production.

12. All credit or loan applications for all credit or loans applied for by KIM within the last five years, whether or not taken or approved.

13. Books of account, cash receipts and disbursement ledgers, and all other documents reflecting income, expenses, and/or assets and liabilities of Kim, individually or jointly with any other person including her spouse, her children, and any business entity, prepared within the last five (5) years.

14. DOCUMENTS sufficient to establish any and all real property owed by KIM individually or jointly, including, but not limited to, any deed.

15. DOCUMENTS sufficient to evidence all liabilities of KIM individually or jointly with her husband or anyone else, including, but not limited to any mortgage statement.

16. DOCUMENTS sufficient to establish the value of any retirement, pension, profit sharing, stock option, deferred compensation, or any other employee benefit plan in which KIM has an interest.

17. DOCUMENTS sufficient to establish KIM's ownership that she has in any business, whether it be a corporation, limited liability company, partnership, sole proprietorship, or other type of business, including, but not limited to PROSPECT.

18. DOCUMENTS sufficient to establish PROSPECT'S current net worth.

19. All federal and state income tax returns filed within the last five (5) years by PROSPECT, or jointly with any other person or entity, together with all accompanying work sheets, amendments, adjustments, extension requests, schedules, and all correspondence relating thereto.

20. DOCUMENTS sufficient to establish all assets owned by PROSPECT individually or with anyone else.

21. DOCUMENTS sufficient to establish the value of all assets owned by PROSPECT individually or with anyone else.

22. DOCUMENTS sufficient to establish all liabilities of PROSPECT.

23. Any and all balance sheets of PROSPECT prepared within the last five years, including, but not limited to, it most current balance sheet.

24. Any and all profit and loss statements of PROSPECT prepared within the last five years.

25. Any and all income statements of PROSPECT prepared within the last five (5) years.

26. Any and all financial statements of PROSPECT prepared within the last five years.

27. DOCUMENTS sufficient to establish the amount of money PROSPECT has in any bank accounts or other accounts.

28. All credit or loan applications for all credit or loans applied for by PROSPECT within the last five years, whether or not taken or approved.

29. Books of account, cash receipts and disbursement ledgers, and all other documents reflecting income, expenses, and/or assets and liabilities of PROSPECT prepared within the last five (5) years.

30. DOCUMENTS sufficient to establish any and all real property owed by PROSPECT individually or jointly, including, but not limited to, any deed.

31. All expense reports submitted to PROSPECT by or on behalf of KIM CONCERNING any books in the CRAVE BOOK SERIES.

Dated: February 3, 2023

Reitler Kailas & Rosenblatt LLC
Attorneys for Plaintiff

By:_____

>Mark D. Passin
>11766 Wilshire Blvd., Suite 1470
>Los Angeles, CA 90025
>Telephone: (310) 861-2470
>Email: mark@csrlawyers.com
>
>Paul LiCalsi
>885 Third Avenue, 20th Floor
>New York, New York 10022
>Telephone: 212-209-3050
>Email: plicalsi@reiterlaw.com

## PROOF OF SERVICE

STATE OF CALIFORNIA              )
COUNTY OF LOS ANGELES     )   ss:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 11766 Wilshire Blvd., Suite 1470, Los Angeles, CA 90025.

On February 3, 2023 I served the foregoing document described as **PLAINTIFF LYNNE FREEMAN'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS PROSPECT AGENCY, LLC AND EMILY SYLVAN KIM, LLC SET FOUR** on the parties in this action listed below as follows:

| | |
|---|---|
| Nancy Wolff<br>nwolff@cdas.com<br><br>Ben Halperin<br>BHalperin@cdas.com<br><br>CeCe Cole<br>ccole@cdas.com<br>Cowan, DeBaets, Abrahams & Sheppard LLP<br><br>Dwayne Goetzel<br>dgoetzel@intprop.com<br>Kowert, Hood, Munyon, Rankin & Goetzel | *Attorneys for Defendants,*<br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF,<br>ENTANGLED PUBLISHING, LLC,<br>HOLTZBRINCK PUBLISHERS, LLC, D/B/A/ MACMILLAN,<br>UNIVERSAL CITY STUDIOS, LLC |
| Lacy Herman Koonce, III<br>lance.koonce@klarislaw.com<br>Zachary M. Press<br>zpress@klaris.com<br>Klaris Law | *Attorneys for Defendants,*<br>EMILY SYLVAN KIM,<br>PROSPECT AGENCY, LLC |

☐ **BY MAIL:** By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐ **BY OVER NIGHT DELIVERY, VIA FED-EX:** I gave the document(s) to our overnight courier service for delivery to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE, VIA FIRST LEGAL ATTORNEY SERVICE:** I gave said documents to the firm's regular attorney service with specific instructions to be personally delivered by hand to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE** *(Ex Parte)***:** I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department ___ of the _____ Courthouse, _____, California.

☒ **BY ELECTRONIC MAIL:** I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐ **BY FACSIMILE:** I faxed said document(s) to the addressee, at the specified fax numbers shown above.

☐ **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 3, 2023, at Los Angeles, California.

_____
Mark D. Passin