

February 21, 2023

VIA ECF

The Honorable Sarah Netburn
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

Re:  Lynne Freeman v. Tracy Deebs-Elkenaney et al., Case No. 22-cv-2435 (LLS) (SN)

Dear Judge Netburn:

We represent plaintiff Lynne Freeman ("Plaintiff") in the above-captioned action.  We respectfully submit this response to the letter motion ("Motion") of defendants Emily Sylvan Kim and Prospect Agency, LLC ("Prospect Defendants") seeking to deprive Plaintiff of the right to adequate discovery and prevent her from obtaining important financial documents that are highly relevant to the Prospect Defendants' net worth, and thus the issue of punitive damages.

As demonstrated below, the Motion should be denied because: (i) under the broad and liberal discovery rules, Plaintiff is entitled to discovery on all of her claims, including her state court claims in which she is seeking punitive damages; (ii) this Court has allowed pre-trial discovery on punitive damages; (iii) Plaintiff's discovery requests regarding punitive damages are timely as discovery is still open, and Defendants failed to cite any authority to show otherwise; and (iv) contrary to Defendants, the Court did not prohibit Plaintiff from obtaining discovery on punitive damages.

I. **Under The Broad And Liberal Discovery Rules, Plaintiff Is Entitled To Discovery On All Of Her Claims, Including Her State Court Claims In Which She Is Seeking Punitive Damages**

There is no question that Plaintiff is entitled to obtain from Defendants documents that are relevant to Plaintiff's claims, including documents relevant to her state court claims in which she is seeking punitive damages.  Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Plaintiff "may obtain discovery regarding any matter [] which is relevant to the subject matter involved in the pending action [as] it relates to the claim or defense of the party seeking discovery."  Fed. R. Civ. P. 26(b)(1).  Defendants are not allowed to object to Plaintiff's

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

discovery request if such request is "reasonably calculated to lead to the discovery of admissible evidence." Id.   The Court is thus required to "interpret 'relevant' very 'broadly' to mean matter that is relevant to anything that is or may become an issue in the litigation." 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26–131 n. 34 (2d ed. 1976) (emphasis added). Indeed, this Court has held that the federal discovery rules "are to be accorded a broad and liberal treatment" and that even "the time-honored cry of 'fishing expedition' [cannot] serve to preclude a party from inquiring into the facts []." *Fears v. Wilhelmina Model Agency, Inc.*, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004) citing Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Just as important, "[t]he availability of punitive damages on state claims in federal courts is generally governed by state law[,]" *Buchwald v. Renco Grp*., 539 B.R. 31, 53 (S.D.N.Y. 2015), aff'd sub nom. *In re Magnesium Corp. of Am*., 682 F. App'x 24 (2d Cir. 2017), and New York state courts have held that under New York state law, "[t]he relative wealth of the defendants must be considered in fixing punitive damages." *Thoreson v Penthouse Int'l, Ltd.*, 149 Misc 2d 150, 164, 563 NYS2d 968 (1990)), mod. On other grnds. (1st Dept) 179 App Div 2d 29, 583 NYS2d 213 (1990).

Here, Plaintiff asserted state law claims for fraud and deceit, fraudulent concealment, and breach of fiduciary duty against the Prospect Defendants that allege, inter alia, that defendant Emily Sylvan Kim on behalf or herself and Prospect Agency, LLC falsely represented to Freeman that she would only show her manuscript and related materials to book publishers for the purpose of publishing Freeman's manuscript, but instead the Prospect Defendants secretly provided the manuscript and related materials to defendant Tracy Wolff and possibly others, who used Plaintiff's  materials to create the New York Times bestselling series, Crave. Defendants' actions are precisely the morally culpable conduct that warrants punitive damages described by the Second Circuit and New York state courts .   Plaintiff is thus entitled to discovery on punitive damages.  See *Hazeldine v. Beverage Media, Ltd*., 1997 WL 362229, at *4 (S.D.N.Y. June 27, 1997).

II. **Courts In This District Have Repeatedly Allowed Pre-Trial Discovery On The Punitive Damages Issue**

Many Courts in this district have held that financial documents showing defendant's net worth are relevant to the issue of punitive damages and can be sought during pre-trial discovery. See, e.g., *Munoz v. Manhattan Club Timeshare Ass'n, Inc*., 2012 WL 479429, at *2 (S.D.N.Y. Feb. 8, 2012) (allowing pre-trial financial discovery on punitive damages even without a showing of liability); *Hamm v. Potamkin*, 1999 WL 249721, at *3 (S.D.N.Y. Apr. 28, 1999) (same); *Hazeldine*, 1997 WL 362229, at *3 (same); *Tillery v. Lynn*, 607 F.Supp. 399, 402 (S.D.N.Y.1985) (same).  Other courts have agreed.  See, e.g., *Turley v. ISG Lackawanna, Inc*.,

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
|---|---|---|
| | FAX | (310) 861-2476 |
| Suite 1470 | EMAIL | mark@csrlawyers.com |
| Los Angeles, California 90025 | WEBSITE | www.markpassin.com |

2012 WL 13000549, at *2 (W.D.N.Y. Mar. 16, 2012) (rejecting the argument that discovery on punitive damages should be allowed only after liability is established and directing defendants to produce financial documents showing their net worth); *Fierro v. Gallucci*, 2009 WL 606191, at *1 (E.D.N.Y. Mar. 9, 2009) ("Assuming for purposes of this motion that plaintiffs have a valid claim for punitive damages, defendants' financial information is relevant to that claim.").

Notably, in *Tillery*, which, like here, involved a state law claim for fraud, Chief Judge Motley allowed plaintiff to take discovery of defendant's personal assets prior to a determination of liability for punitive damages, explaining that "[i]t would be unduly burdensome to plaintiff, and most particularly a jury and the court, to delay resolution of the issue as to the amount of punitive damages, if any, which should be awarded until discovery as to defendant's personal assets had been completed." *Tillery*, 607 F.Supp. at 402.

In *Hazeldine*, Senior District Judge Haight followed Tillery and observed that the Second Circuit "has not held that financial discovery may only be taken after liability for punitive damages has been determined." *Hazeldine*, 1997 WL 362229, at *3. As such, Judge Haight held that financial discovery should go forward before the determination of liability. Id., at *3.

Similarly, in *Hamm*, Judge Sweet followed Tillery and Hazeldine by allowing discovery on punitive damages and ordering each defendant to produce a financial affidavit containing a statement of its total net worth and listing its income, assets, and liabilities. See Hamm, 1999 WL 249721, at *3.

Defendants' citation to *Copantitla v. Fiskardo Estiatorio, Inc.*, 2010 WL 1327921, at *16 (S.D.N.Y. Apr. 5, 2010) is not persuasive for several reasons. First, other Courts in this district have held that pre-trial discovery on punitive damages is proper as shown above. Second, *Copantitla* is distinguishable and inapposite, as plaintiff there was not entitled to punitive damages as a matter of law.

Here, unlike *Copantitla*, Plaintiff alleges that Defendants Kim and Prospect defrauded her by surreptitiously and maliciously providing Defendant Wolff and possibly others with Plaintiff's confidential unpublished manuscripts, notes and other materials to help her create the Crave series that the other Defendants published or otherwise exploited. In addition, Defendants' motion does not assert that Plaintiff is not entitled to punitive damages as a matter of law.

Further, Defendants' reliance on *Rupert v. Sellers*, 48 A.D.2d 265, 368 N.Y.S.2d 904 (4th Dep't 1975) and other New York state cases for the proposition that punitive damages discovery is not appropriate until a plaintiff has first established liability is misguided because

| | | |
|---|---|---|
| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| | FAX | (310) 861-2476 |
| Suite 1470 | EMAIL | mark@csrlawyers.com |
| Los Angeles, California 90025 | WEBSITE | www.markpassin.com |

Page 4
February 21, 2023

although New York state substantive law governs under under *Erie*, federal law governs questions of procedure such as discoverability.  See *Hazeldine*, 1997 WL 362229, at *3.

Finally, Defendants mischaracterize their motion as "seeking a protective order to prevent the unwarranted disclosure of sensitive and personal information." Motion at 1.  However, Defendants do not articulate how the requested information is "sensitive" and why they are entitled to withhold such information.  Moreover, *Hazeldine* already rejected that argument, with Judge Haight holding that allowing discovery on punitive damages would not invade defendant's financial privacy because the privacy interests can be properly protected with a confidentiality order,  which has already been entered in this case.  See *Hazeldine*, 1997 WL 362229 at *3.  The Court should reject Defendants' argument here for the same reason.

### III.  Plaintiff's Discovery Requests Regarding Punitive Damages Are Timely, And Defendants Have Failed To Cite Legal Authority To The Contrary

Defendants do not deny that fact discovery is still open and that the fact discovery deadline is March 15, 2023.  Instead, Defendants improperly argue that Plaintiff's discovery requests regarding punitive damages are untimely, as Plaintiff served her requests "mere weeks before the close of discovery."  Motion at 1.  This argument is nonsensical.  Plaintiff has the undisputed right to serve discovery requests before the March 15, 2023 fact discovery deadline.  Defendants have failed to cite a single case to show otherwise. Moreover, the punitive damages discover is merely a follow up to the compensatory damage discovery sought earlier in the litigation. Indeed, plaintiff contends it is more appropriate to seek punitive damages discovery in the later stages of discovery. As such, the Court should reject Defendants' argument that Plaintiff's discovery requests are untimely.

### IV.  Contrary To Defendants' Argument, The Court Did Not Prohibit Plaintiff From Obtaining Discovery On Punitive Damages

In the Motion, Defendants imply that the Court prohibited Plaintiff from serving the referenced discovery requests.  To the contrary, the Court refused to make an advisory ruling on additional discovery requests. (12/12/22 Tr. at 60-61.)  The Court also indicated that the parties could serve new discovery requests as long as such requests have foundation and are narrowly tailored.  Id.  Here, Plaintiff served narrowly-tailored document requests on the limited issue of punitive damages, since previously requested financial information focused on compensatory damages and profits. In fact, Defendants plainly admit that Plaintiff's requests are limited to the issue of Defendants' "personal information" such as bank accounts, tax returns, credit history and real property.  Motion at 1-2.  Because Plaintiff's document requests seek financial documents that are highly relevant to Defendants' net worth and thus punitive damages, the requested documents must be produced.

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
|---|---|---|
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

Page 5
February 21, 2023

For all of the foregoing reasons, Defendants' Motion to preclude Plaintiff from obtaining financial documents relevant to Defendants' net worth and thus punitive damages should be denied.

    Respectfully submitted,

    **CSReeder, PC**

    Mark D. Passin
    11766 Wilshire Boulevard, Suite 1470
    Los Angeles, CA 90025
    310-861-2475
    mark@csrlawyers.com


    **REITLER KAILAS & ROSENBLATT LLP**
    Paul V. LiCalsi
    885 Third Avenue, Ste 20th Floor
    New York, NY 10022
    212-209-3090
    plicalsi@reitlerlaw.com

    *Attorneys for Plaintiff* Lynne Freeman

cc: All counsel of record (via ECF)

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE (310) 861-2470
FAX (310) 861-2476
EMAIL mark@csrlawyers.com
WEBSITE www.markpassin.com