```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/24/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LYNNE FREEMAN,

                                  Plaintiff,                      22-CV-02435 (LLS)(SN)

                 -against-                                 **ORDER**

TRACY DEEBS-ELKENANEY, et al.,

                                Defendants.
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        As relevant here, Plaintiff has sued Emily Sylvan Kim and Prospect Agency (collectively, "Prospect") for fraud and deceit (Count 1), breach of fiduciary duty (Count II), fraudulent concealment (Count III), breach of contract (Count IV), and copyright infringement and related theories (Counts V, VI & VII). Prospect was Plaintiff's literary agent, and it is alleged that Prospect provided draft manuscripts and other materials of Plaintiff's work to Tracy Wolff and others, which were then copied and incorporated into the *Crave* book series. Plaintiff seeks discovery into Prospect's net worth for purposes of assessing punitive damages. Prospect moves for a protective order to preclude such discovery.

        Prospect argues that the discovery sought is too late (because discovery closes on March 15, 2023), too early (because discovery related to punitive damages is not appropriate pre-trial), and is otherwise improper. ECF No. 128. Plaintiff responds that courts routinely permit such discovery pre-trial, and it is appropriate here. ECF No. 129.

        "Courts in this circuit are split on the issue of allowing pretrial disclosure of financial information relevant to a determination of punitive damages. Some permit it. . . . Others have found that such disclosure is premature." Copantitla v. Fiskardo Estiatorio, Inc., No. 09-cv-1608

(RJH)(JCF), 2010 WL 1327921, at *16 (S.D.N.Y. Apr. 5, 2010) (citations omitted). At trial, however, the Second Circuit "favor[s] bifurcation of the amount of punitive damages as the preferred method.'" Simpson v. Pittsburgh Corning Corp., 901 F.2d 277, 283 (2d Cir. 1990). The district court has "broad discretion in managing discovery." In re Mirena IUS Levonorgestrel-Related Products Liab. Lit. (No. II), 982 F.3d 113, 125 (2d Cir. 2020).

Plaintiff has a high burden to establish entitlement for punitive damages. Under New York law, Plaintiff can recover punitive damages on her breach of fiduciary duty and breach of contract claims only if she can prove that Prospect's conduct was "egregious" and "directed at the public." Scottsdale Ins. Co. v. McGrath, No. 19-cv-07477 (LJL), 2021 WL 3077578, at *13 (S.D.N.Y. July 19, 2021) (citing Matter of Part 60 Put-Back Litig., 141 N.Y.S.3d 410, 422 (2020)). See also Kaplin v. Buendia, No. 15-cv-649 (PAC) 2021 WL 1947771, at * 1 (S.D.N.Y. May 14, 2021) ("public harm" is required for punitive damages award in breach of fiduciary duty claim); First Nat'l Bank of Arizona v. Nat'l Lending Corp., No. 06-cv-2768 (ARR)(CLP), 2011 WL 1315998, at *15 (E.D.N.Y. 2011) ("While New York law recognizes breach of fiduciary duty as an exception to the general rule that punitive damages are not recoverable for breach of contract claims, . . . this is only true so long as the very high threshold of moral culpability is satisfied.") (citations and internal citation marks omitted). Courts in this circuit have similarly required a showing of harm to the general public to establish entitlement to punitive damages on a fraud claim. See Living the Dream Films, Inc. v. Aloris Enter., LLC, No. 20-cv-6982 (LGS)(JLC), 2021 WL 4342700, at * 9 (S.D.N.Y. Sept. 24, 2021) (citations omitted). Other courts have looked to the quality of the deceit and required that the fraud be "founded upon such moral indifference as to be 'aggravated by evil' or to be demonstrative of a criminal indifference to civil obligations." Koch v. Greenberg, 14 F. Supp. 3d 247, 273 (S.D.N.Y. 2014), aff'd, 626 F.

App'x 335 (2d Cir. 2015) (quoting Rush v. Oppenheimer & Co., Inc., 596 F. Supp. 1529, 1532 (S.D.N.Y. 1984)). "Punitive damages are 'refused in the 'ordinary' fraud and deceit case.'" Kruglov v. Copart of Connecticut, Inc., 771 F. App'x 117, 120 (2d Cir. 2019) (quoting Walker v. Sheldon, 10 N.Y.2d 401, 405 (1961)). See also Design Strategy Inc. v. Davis, 469 F.3d 284, 302 (2d Cir. 2006) (punitive damages are appropriate only for "gross, wanton, or willful fraud or other morally culpable conduct"). Punitive damages are presumptively not available under the Copyright Act of 1976. Oboler v. Goldin, 714 F.2d 211, 213 (2d Cir. 1983).

Plaintiff has not presented facts that would clearly entitle Plaintiff to punitive damages at trial. Accordingly, the Court balances the need to protect the Prospect Defendants' privacy from invasive disclosures in their favor. Prospect's motion for a protective order is granted at this time. Plaintiff may file a motion to compel at a later stage of the litigation but not before a decision is issued on any summary judgment motion. See Copantitla, 2010 WL 1327921, at *16 (deferring any discovery on punitive damages until after summary judgment).

The Clerk of Court is respectfully requested to grant the motion at ECF No. 128.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:  February 24, 2023
        New York, New York