

February 27, 2023

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square Room 430
New York, NY 1000

     Re: *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, Case No. 22 Civ 2435 (LLS) (SN)

Dear Judge Netburn:

     We represent the Plaintiff, Lynne Freeman, in the above captioned matter.  We are sending you this letter motion pursuant to Rule II.C.of your Individual practices in Civil Cases to request an informal discovery hearing regarding Defendants' improper redaction of certain text messages.  The parties had a lengthy telephonic meet and confer on this and other issues on February 13, 2023, and a second meet and confer regarding the improper redactions on February 23, 2023.

<u>**Nature of Action**</u>

     The action relates to the New York Times bestselling series, Crave, consisting of, at the time of filing the Complaint in the action, the books entitled Crave, Crush, Covet and Court (the "Crave Book Series").  Lynne Freeman ("Freeman"), a writer and attorney, is suing Tracy Deebs-Elkenaney p/k/a Tracy Wolff ("Wolff") (the alleged author of the Crave series), Emily Sylvan Kim ("Kim") and Prospect Agency, LLC ("Prospect") (Wolff's literary agent and Freeman's former literary agent), Entangled Publishing, LLC ("Entangled") (the book publisher of the Crave series), Holtzbrink Publishers, LLC d/b/a Macmillan (the distributor of the Crave series), and Universal City Studios, LLC ("Universal") (a motion picture studio who has entered into a contract to produce a motion picture based on the first book in the series entitled Crave). Crazy Maple Studio, Inc. ("Crazy Maple"), who made an interactive video based on Crave., was dismissed from the case without prejudice.

     Plaintiff Freeman alleges in the First Amended Complaint ("FAC') among other things, as follows: Freeman hired Prospect and Kim to shop her unpublished manuscript, which at the time, was entitled Blue Moon Rising ("Freeman's Manuscript"). Freeman needed a literary agent because HarperCollins UK was considering publishing the Freeman Manuscript. Prospect and Kim were also the literary agents for Wolff. Kim, fraudulently and in breach of the fiduciary duty that she owed Freeman, gave copies of the various versions of the unpublished manuscripts and related notes and outlines written by Freeman ("Freeman Copyrighted Material") to Wolff, who Freeman is informed and believes are very good personal friends, so that Wolff could copy the Freeman Copyrighted Material given to her by

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California
90025

PHONE   (310) 861-2470
FAX   (310) 861-2476
EMAIL   mark@csrlawyers.com
WEBSITE   www.markpassin.com

Page 2
February 27, 2023

Kim, and write a series of young adult fantasy books that are substantially similar to Freeman's Copyrighted Material. Specifically, Wolff copied Freeman's unpublished Copyrighted Material to write the Crave Book Series, all four of infringing books included in the FAC were on the New York Times best sellers list, and all four (4) of which infringe Freeman's Copyrighted Material. Universal has been licensed the rights to produce a motion picture based on the first book in the series entitled Crave and a company Crazy Maple Studio, Inc. was licensed the right to make and exploit an interactive video game based on the same book, which it is currently selling.

The substantial similarities between the various versions of Freeman's Manuscripts and the books in the Crave Series are overwhelming and undeniable. In addition to the similarities in plot, characters, dialogue, mood, theme, and pace, there are a substantial number of lifted scenes and language throughout the series, which could not possibly be explained except by copying. Many of these similarities occur in page number proximity between the various versions of Freeman's manuscripts and the Crave Book Series of books, using Freeman's language, expression, plots, subplots, and characters.

### Defendants Improper Redaction of Text Messages

On December 1, 2022, we wrote Your Honor regarding, among other things, that certain of the Defendants had improperly redacted text messages that they produced (ECF 87). We explained in the letter that Defendants Wolff and Entangled produced 420 PDFs consisting of text strings ranging in size from approximately 2 to 20 pages per pdf.  Most of the text messages produced by defendant Kim can be found in two PDFs consisting of 1700 and 856 pages, respectively.  We further explained in the letter that a huge percentage of the text messages had been redacted.[1]

We estimated based on 220 of the pdfs that we reviewed that conservatively approximately 70% of Wolff and Entangled text messages had been redacted and approximately 8% of  Kim's text messages had been redacted.  Defendants claimed that they only redacted "highly sensitive and irrelevant personal information" and information about future unpublished books in the Crave series.  However, that did not appear to be true for two reasons:  (1) There were large amounts of highly personal and sensitive information that were not redacted and (2) we could see that some of the redactions were improper because certain texts were redacted by Wolff, even though the same texts were not redacted by Kim  See Exhibit "1' and "2" attached to my letter to Your Honor dated December 1, 2022 (ECF 87).

---

[1] We also pointed out in the December 1, 2022 letter (ECF 87) that there were a large number of texts that appear to be missing from Wolff's production when compared with certain texts strings produced by Kim  See Exhibits "2" and "3" attached to the December 1, 2022 letter.

11766 Wilshire Boulevard

Suite 1470

Los Angeles, California 90025

PHONE   (310) 861-2470

FAX   (310) 861-2476

EMAIL   mark@csrlawyers.com

WEBSITE   www.markpassin.com

Page 3
February 27, 2023

████████████████████████████████████

At a December 12, 2022 hearing on the issue of the redacted texts and various other issues, including a question of the redaction of certain e-mails by Plaintiff, the Court ordered, among other things, that by Friday, December 16, 2022, the parties file a joint letter indicating whether there has been an agreement on the review of redacted text messages. If not, the Plaintiff was directed to identify ten redacted passages, which the Court will review in camera.

Pursuant to a letter dated December 16, 2022, the parties advised the Court that they agreed as follows: (1) Entangled Defendants and Prospect will send Mr. Passin a link via Microsoft OneDrive to the unredacted versions of their text messages, which shall be made available during fact discovery initially for two weeks of Mr. Passin's choosing, with the parties to discuss in good faith extending this review period for a reasonable period if necessary for Mr. Passin to complete his review; (2) these documents shall be treated as "CONFIDENTIAL "and "ATTORNEYS' EYES ONLY" whether or not they are marked as such; (3) the downloading function will be disabled and Mr. Pasin agrees not to share this link with anyone else, including Plaintiff.

On January 31, 2023, the Cowan Debaets firm provided me with 544 pdfs consisting of thousands of pages of text messages. On February 1, 2023, the Klaris firm provided me with 16 pdfs. As mentioned above, the two largest text strings produced by Kim consisted of 1,700 and 856 pages, respectively. The 1,700-page text string was actually broken down into 3 pdfs. We estimate that there are approximately 15,000 pages of text messages in total. I had to personally review the text messages because Defendants insisted that they would only provide them to me on an "attorney eyes only" basis, and I am the only one other than my client and her husband familiar enough with the facts to review the text messages. I obviously could not review all of the text messages within time allotted.[2] Moreover, with all of the things going on in this case, I only had time to do a small sampling of the text messages provided by each firm.

Nonetheless, I found a large percentage of the sampling of the text messages produced by Defendants Wolff and Entangled were improperly redacted. Examples of the improper redactions are listed on Exhibit "1" attached hereto.[3] The list includes 16 text strings from 9

---

[2] At my request both the Cowan DeBaets firm and the Klaris firm allowed me three weeks to review the text messages. I also had the DeBaets firm extend the link for another week to allow me to finish this motion. It is very time consuming to the comparison because you have to pull up the redacted document from the database and then compare it to the unredacted document.

[3] We did not repeat in exhibit "1" the examples included in the exhibits attached to my December 1, 2022, letter to Your Honor.

| | | |
|---|---|---|
| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| | FAX | (310) 861-2476 |
| Suite 1470 | EMAIL | mark@csrlawyers.com |
| Los Angeles, California 90025 | WEBSITE | www.markpassin.com |

Page 4
February 27, 2023

pdfs that were not about sensitive personal matters or solely books other than the books at issue in the case.



     Although the percentage was not nearly as high, I did find a number of improperly redacted text messages among the sample of texts I reviewed that were produced by Kim and Prospect. Examples of those are described in Exhibit "2" attached hereto. The list includes 8 examples from 3 pdfs that were not about sensitive matters or solely about books other than the books at issue in the case.

     Based on the above sampling, it is obvious that Defendants redacted a lot of highly relevant material from the voluminous text messages that should be produced. Therefore, Plaintiff requests that Defendants be ordered to produce all of the text messages unredacted so that Plaintiff (who is an attorney) and her husband can review them, and I can then use the relevant text messages at depositions. Defendants can stamp the documents confidential so that they will be subject to the existing protective order, but the Court already ruled that they cannot produce anything for attorneys eyes only[4]. Plaintiff also needs the discovery cut-off continued for a month and the current depositions put off for a similar amount of time so that Plaintiff can review the material to use it at the depositions. If the relief is not granted, Plaintiff will be extremely prejudiced, and will not have the necessary information she needs for her case. Defendants cannot complain about the delay because they are completely responsible for causing the delay.

     We thank the Court for its time and attention to this matter.

---

[4] Plaintiff's husband is subject to the terms of the Protective Order.

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
|---|---|---|
| Suite 1470 | FAX | (310) 861-2476 |
| | EMAIL | mark@csrlawyers.com |
| Los Angeles, California 90025 | WEBSITE | www.markpassin.com |

Page 5
February 27, 2023

Respectfully submitted,

**CSReeder, PC**

_____
Mark D. Passin
11766 Wilshire Boulevard,
Suite 1470
Los Angeles, CA 90025
310-861-2475

**REITLER KAILAS &
ROSENBLATT LLP**
Paul V. LiCalsi
885 Third Avenue, Ste 20th Floor
New York, NY 10022
212-209-3090
[plicalsi@reitlerlaw.com](mailto:plicalsi@reitlerlaw.com)
*Attorneys for Plaintiff* Freeman

cc: All counsel of record (via ECF)

11766 Wilshire
Boulevard
Suite 1470
Los Angeles, California
90025

PHONE   (310) 861-2470
FAX   (310) 861-2476
EMAIL   mark@csrlawyers.com
WEBSITE   www.markpassin.com