ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
FILED:  2/27/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

LYNNE FREEMAN, an individual,

                 Plaintiff,

- against -

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN KIM, an
individual, PROSPECT AGENCY, LLC, a New Jersey
limited liability company, ENTANGLED PUBLISHING,
LLC, a Delaware limited liability company, MACMILLAN
PUBLISHERS, LLC, a New York limited liability
company, UNIVERSAL CITY STUDIOS, LLC, a
Delaware limited company,

                 Defendants.
------------------------------------------X

22 Civ. 2435 (LLS)

ORDER

       Plaintiff's objections to Magistrate Judge Sarah Netburn's January 11, 2023 Order are

overruled.  The Order's provisions are well within Magistrate Netburn's responsibility for the

purposes of the July 11, 2022 reference to her to conduct General Pretrial of the case including

"scheduling, discovery, non-dispositive pretrial motions and settlement."

       In actions charging defendants with copying and infringement of literary matter, the

complaining author's use of truisms, clichés and commonplaces such as "Et tu, Brute?"; "two

sides of the same coin"; "get-out-of-jail-free card"; "more than meets the eye"; "careful what you

wish for"; "there's no time like the present"; "million-dollar question"; and "win-win"

(defendants' February 8, 2023 response to plaintiff's objections; defendants' counsel's January

4, 2023 letter to the Court, p. 4) are not protectable unless they are used in a specially innovative

and original manner.

1

In her Complaint and First Amended Complaint plaintiff sets forth lengthy lists of such clichés, and of simple, short phrases, which appear in both parties' writings. It could only be a slight exaggeration to say that none of those phrases - all in commonplace English – is protectable by copyright. Nevertheless, an extensive and impressive display (61 pages) of examples of closely similar language appearing in plaintiff's books (primarily "Blue Moon Rising") and her 30-volume "Freeman Copyrighted Material" and, often word-for-word, frequently in defendant Wolff's series as well supports a natural conclusion that the uses are not merely coincidental. However, when a work has protected and unprotected elements, the Court must extract the unprotected elements and ask whether the protected elements standing alone are substantially similar. The question is thus how these unprotected elements are used in a manner that would be eligible for copyright protection.

Plaintiff's use of the listed phrases did not give her ownership of them. They remained, as they were before their use by plaintiff, common phrases free for use by anyone. Their use in a copyrighted draft of a work then yet to be completed did not remove them from use by other authors, because plaintiff had not invented them. It would be in the work being drafted that they might acquire significance from the setting and situations in which they are used.

Plaintiff urges the Court to look at the entirety of the 30-volume Freeman Copyrights Material when determining whether the Crave series is substantially similar to her works. Judge Netburn declined to do so, saying:

> Thus, Plaintiff must identify the work she alleges was copied and cannot rely on an amalgam of bits and pieces of her work in progress. See Williams v. Crichton, 84 F.3d 581, 590 (2d Cir. 1966) ("a scattershot approach cannot support a finding of substantial similarity because it fails to address the underlying issue: whether a lay observer would consider the works as a whole substantially similar to one another"). This is especially appropriate because Plaintiff does not allege that her copyright

works are a series but rather a collection of works-in-progress leading to a final manuscript. Compare with Warner Bros. v. Am. Broad. Companies, Inc., 530 F. Supp. 1187, 1193 (S.D.N.Y. 1982) (evaluating Plaintiff's copyrighted motion pictures, television shows, and common book featuring "Superman" as a group when comparing these works to Defendant's hero television series).

Plaintiff claims that defendant Wolff's books "are substantially similar to Freeman's works." Id. pp. 3, 4. "The substantial similarities between the Freeman Copyrighted Materials and the books in the Crave series are overwhelming and undeniable." (Id. p. 5).

Accordingly, Magistrate Judge Netburn directed plaintiff's production of two of her works which would allow comparisons and determination of whether those listed common items contain some special use or effect, or reveal whether the parties' works contain similarities of plot, theme, dialogue, mood, setting, pace and sequence. Relying on a primary version of the manuscripts allows the fact finder to be able to effectively make those necessary determinations. See Dean v. Cameron, 53 F. Supp. 3d 641, 647 (S.D.N.Y. 2014) ("[A] court must not 'aggregate' a plaintiff's work, but must consider each allegedly infringed work independently.").

Magistrate Judge Netburn did not make trial rulings. She did not admit or exclude evidence. Because of the importance of the work in which they appear ("manuscript") as related to the claimed infringing work, she required plaintiff to "identify two manuscripts to serve as the primary works that establish her copyright claim." (Order, p. 4).

The Order is commonsense and pragmatic, and neither erroneous nor contrary to law. The selection of the two test examples is not a ruling on the remainder of plaintiff's evidence. Plaintiff's objections are overruled.

So ordered.

Dated: New York, New York
      February 27, 2023

_Louis L. Stanton_

LOUIS L. STANTON
U.S.D.J.