ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  3/6/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

LYNNE FREEMAN, an individual,

               Plaintiff,

                             22 Civ. 2435 (LLS)

                               ORDER

           - against -

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN
KIM, an individual, PROSPECT AGENCY,
LLC, a New Jersey limited liability
company, ENTANGLED PUBLISHING, LLC, a
Delaware limited liability company,
MACMILLAN PUBLISHERS, LLC, a New York
limited liability company, UNIVERSAL
CITY STUDIOS, LLC, a Delaware limited
company,

               Defendants.

- - - - - - - - - - - - - - - - - - X

**Background**

On January 11, 2023, Magistrate Judge Netburn ordered
plaintiff to identify two manuscripts to serve as the primary
works forming the basis of her copyright claim. Dkt. No. 105.
Plaintiff subsequently identified Blue Moon Rising 2011 (April)
(Document Nos. LF 03750 - LF 04352) and Masqued 4-13 (Document
Nos. LF 06904 - LF 07371). Dkt. No. 110.

Plaintiff thereafter filed objections to the Order with
this Court under Federal Rule of Civil Procedure Rule 72. Dkt.
No. 112. Defendants duly responded, Dkt. No. 120, and in support
of their arguments included three exhibits, filed under seal,

Dkt. No. 122 (Declaration of Benjamin S. Halperin). The exhibits include: Exhibit B, the first six chapters of the Masqued Manuscript bearing Bates Stamp LF 06904 - LF 07371; Exhibit C, an email that summarizes plaintiff's manuscripts; and Exhibit D, Copyright Registration Number TXu002282260. Id. Defendants argued that although they "would not object to these documents being unsealed, [they] have filed them under seal out of an abundance of caution to protect any confidentiality concerns by Plaintiff." Dkt. No. 119.

The Court granted plaintiff leave to apply for sealing of some or all of those documents, but cautioned that

> "designating items as 'confidential' in agreed protective orders during discovery does not support their sealing when submitted to a court to affect a judicial result. In order to be sealed (and thus withheld from public view) the items must comply with the standards of Lugosch v . Pyramid Co. of Onondaga, 435 F. 3d 110 (2d Cir. 2006) and its progeny."

Dkt. No. 125. Plaintiff thus applied to keep under seal Exhibit B and C out of concern "that if they are not sealed that someone could copy them." Dkt. No. 137.

On February 27, 2023, the Court overruled plaintiff's objections to Magistrate Judge Netburn's Order. Dkt. No. 141. All that remains is for the Court to decide the parties' Motions to Seal, which are resolved as follows.

**Exhibit B**

Under the common law and First Amendment, the "right
of public access to judicial documents is firmly rooted."
Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120
(2d Cir. 2006). "In order to be designated a judicial
document, 'the item filed must be relevant to the
performance of the judicial function and useful in the
judicial process.'" Id. at 119 (quoting United States v.
Amodeo, 44 F.3d 141, 145 (2d Cir. 1995)). "[T]he mere
filing of a paper or document with the court is
insufficient to render that paper a judicial document
subject to the right of public access." Amodeo, 44 F.3d at
145.

Exhibit B is not a judicial document for the purposes
of the underlying matter, plaintiff's objections to Judge
Netburn's Order. In resolving that question, the Court
evaluated whether the Order was clearly erroneous and
whether Judge Netburn exceeded the scope of her authority.

However, Exhibit B was submitted to the Court by
defendants to provide background information on the larger
copyright dispute at issue and to allow the Court, if it
wishes, to evaluate the works for itself. The Court did not
need to evaluate the Exhibit when deciding the propriety of
Judge Netburn's discovery decision to limit the number of
manuscripts plaintiff could submit in support of her

3

copyright infringement claim. Inclusion of Exhibit B is thus at present an administrative convenience, and not yet a component of any ultimate determination of the merits.

Accordingly, the presumption to public access does not attach to Exhibit B at this time and it may remain under seal. If Exhibit B is submitted to the Court at a future instance, as in support of either parties' motion for summary judgment, its status as a document under seal will then be revaluated in the context of its usage.

**Exhibit C**

Exhibit C, an email correspondence that summarizes in a brief blurb plaintiff's Masqued novel, is a judicial document. It was filed by defendants in support of their argument that Judge Netburn's Order was not clearly erroneous because it was not contrary to the Copyright Act. Dkt. No. 120 at 12. Specifically, defendants relied on it to show plaintiff's manuscripts were revisions of the same underlying novel and not discrete works. Id. As a review of Exhibit C is relevant to this Court's evaluation of whether the Order limiting the submission of the manuscripts was proper, it is a judicial document to which the presumption of access attaches.

Once the court has determined that the documents are judicial documents, it must determine the weight of that

4

presumption. <u>Lugosch</u>, 435 F.3d at 119. When, like here, the document directly affects an adjudication, the presumption to access is high. <u>United States v. Amodeo</u>, 71 F.3d 1044, 1049 (2d Cir. 1995) (<u>Amodeo II</u>).

Even when there is a strong presumption to public access, the Court must "balance considerations against it," including "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." <u>Lugosch</u>, 435 F.3d at 120. Thus, documents may be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." <u>In re New York Times Co.</u>, 828 F.2d 110, 116 (2d Cir. 1987).

Here, plaintiff invokes her privacy interests and argues that if Exhibit C is "not sealed than someone could copy" her work. Dkt. No. 137. This reasoning does not provide a sufficient basis on which the Court can make an on the record finding that sealing is necessary to protect plaintiff's interest. This is especially true in light of the fact that Exhibit C is only a broad overview of plaintiff's work, which is already afforded protections against wrongful copying under the Copyright Act.

As plaintiff failed to show that her privacy interests outweigh the strong presumption to public access, the motion to seal Exhibit C is denied.

### Exhibit D

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997). As defendants provided no initial reason in support of sealing Exhibit D and plaintiff declined to make any application to seal it, the motion to seal Exhibit D is denied.

### Conclusion

The clerk's office is directed to unseal Exhibits C and D to the Halperin declaration, Dkt. No. 122.

So Ordered.

Dated:  New York, New York
         March 6 , 2023

                                    Louis L. Stanton
                              LOUIS L. STANTON
                                    U.S.D.J.

6