

| | | |
|---|---|---|
| Attorneys admitted in California, New York, Texas, Pennsylvania, and Maine | | Doniger / Burroughs Building<br>603 Rose Avenue<br>Venice, California 90291 |
| Sender's contact:<br>scott@donigerlawfirm.com<br>(310) 590-1820 | | Doniger / Burroughs NY<br>247 Water Street, First Floor<br>New York, New York 10038 |

March 7, 2023

**DELIVERED VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall Courthouse
New York, NY 10007

                    **Case Title:**    *Lynne Freeman v Tracy Deebs-Elkenaney et. al.*
                    **Case No.:**    22-civ-2435 (LLS) (SN)
                    **Re:**    Motion to Compel

Your Honor:

    Our office represents Plaintiff Lynne Freeman ("Freeman") in the above-referenced case. We write this letter motion pursuant to Rule 1(B) of Your Honor's Individual Rules seeking to compel Defendants Emily Sylvan Kim ("Kim"), Prospect Agency, LLC ("Prospect"), Entangled Publishing, LLC ("Entangled"), Holtzbrinck Publishers, LLC d/b/a Macmillan ("Macmillan"), and Tracy Deebs-Elkenancy p/k/a Tracy Wolff ("Wolff")(collectively, "Defendants") to produce certain information that they have refused to produce in their discovery responses attached hereto as **Exhibits 1** and **2**. Mark Passin, co-counsel for Freeman, met and conferred with counsel for Defendants on February 13, 2023, and again on February 23, 2023, concerning the instant issues and other discovery disputes. An amicable resolution could not be reached.

    "It is well established that mutual knowledge of all relevant facts is essential to proper litigation." *Compagnie Francaise d'Assurance Pour le Com. Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 24 (S.D.N.Y. 1984). To this end, the Federal Rules authorize a party to move for an order compelling discovery. Fed. R. Evid. 37(a). On a motion to compel, the party resisting discovery "bears the burden of showing why discovery should be denied, and specifically, the resisting party must show how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, LLC, 314 F.R.D. 85 (S.D.N.Y. 2016).

    Here, Defendants are resisting discovery of plainly relevant information that is within their custody and control and have failed to provide any genuine justification for their refusal to sufficiently respond to Freeman's discovery requests. Accordingly, Freeman's motion to compel should be granted.

    **A.**   **The Court should compel responses to Freeman's requests regarding damages.**

    Defendants have refused to provide information necessary for the calculation of Freeman's damages in this case. See **Ex. 1**. Specifically, Freeman's **Interrogatory No. 23 of Set Five to Entangled**, **Interrogatory**

**No. 3 of Set Two to Macmillan, Interrogatory No. 21 of Set Four to Prospect**, and **Interrogatory No. 22 of Set Five to Kim** each ask Defendants to update their responses Freeman's first set of interrogatories:

> [T]o include a description of the source of the revenues, the amount of revenues and the dates when such revenues were received or accrued by YOU in connection with each book in the CRAVE BOOK SERIES, including, but not limited to, any revenues received from any of the other Defendants in this ACTION, up to the date of YOUR response to this Interrogatory.

In response, Defendants each state they "will not provide an updated figure at this time," and instead claim that "should damages become relevant later in this litigation, Defendant[s] will provide Plaintiff with an updated estimate of its revenues." This response is improper.

First, this District allows for damages discovery from the outset of litigation. Local Rule 33.3 expressly allows interrogatories "at the commencement of discovery" which seek "the computation of each category of damages alleged." Local Rule 33.3(a). Here, not only has discovery plainly commenced, but fact discovery in this case closes on March 15, **less than two weeks from now.** Defendants cannot avoid their discovery obligations by unilaterally declaring that damages are premature.

Second, the information sought is directly relevant to the claims and defenses in this case. To establish an infringer's profits, Freeman "is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." *Fournier v. Erickson*, 242 F. Supp. 2d 318, 326 (S.D.N.Y. 2003), citing *Davis v. The Gap, Inc.*, 246 F.3d 152, 160 (2nd Cir.2001). Thus, Defendants gross revenues in connection with the Crave series, precisely the information sought in these interrogatories, is properly sought. If Defendants fail to provide satisfactory evidence of their revenues, such as the information requested, Freeman will be forced to rely on "indirect or circumstantial evidence… to provide a reasoned conclusion as to the extent of its injury." *Deering, Milliken & Co. v. Gilbert*, 269 F.2d 191, 193 (2d Cir. 1959).

Defendants provide no explanation as to why they believe information concerning their revenues is not presently relevant, and cannot do so. This Court should therefore compel them to provide the information sought in the above-referenced interrogatories.

Defendant Macmillan also refuses to provide information regarding its deductible expenses. **Interrogatory No. 4 of Set Two to Macmillan** requests that Macmillan update its response to Interrogatory No. 2 "to include all expenses incurred by YOU directly in connection with the writing or exploitation of each book in the CRAVE BOOK SERIES up to the date of your response to this Interrogatory, such response shall include a description of the expenses, the amount of the expenses and the date of the expenses." Macmillan provides an identical response to this interrogatory as it does to Interrogatory No. 3, refusing to update its prior response and claiming it will provide an updated estimate "should damages become relevant later." This response is deficient and evasive for the same reasons cited above.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Compudyne Corp. v. Shane*, 244 F.R.D. 282, 283 (S.D.N.Y. 2007). As already discussed, not only are Macmillan's deductible expenses incurred in connection with the infringement are relevant to the claims and defenses of the parties as it is Macmillan's burden as a copyright defendant to prove "his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d Cir. 2001), as amended (May 15, 2001)(citing 17 U.S.C. § 504). Thus, not only is damages discovery expressly permitted at this time under Rule 33.3, but the information

sought in this interrogatory is directly relevant to appraising Freeman of Macmillan's defenses to Freeman's damages claims. The Court should therefore compel Macmillan to the requested, responsive information to **Interrogatory No. 4 of Set Two to Macmillan.**

And Defendants are refusing to produce requested documents prior to the close of fact discovery. Freeman's **Request for Production No. 7 of Set Two to Kim and Prospect** seeks "All DOCUMENTS relating to the payment or crediting of any money to anyone in connection with the exploitation of any of the books in the CRAVE BOOK SERIES that has not previously been produced by any of the defendants." Kim and Prospect committed to producing responsive documents, but now wish to wait until **45 days** after the deadline to file summary judgment motion in this case before producing documents. But fact discovery closes in this action on March 15, less than 14 days from now, and later production will deprive Plaintiff of the ability to examine Defendants on those financial matters at their upcoming depositions. It is for precisely that reason that "[f]ailure to produce documents during the discovery period is a violation of discovery rules." *Charles v. Cnty. of Nassau*, 116 F. Supp. 3d 107, 121 (E.D.N.Y. 2015). Accordingly, this Court should compel Prospect and Kim to conform to their prior commitment and produce responsive documents to this above referenced request by the close of discovery on March 15, 2023.

Furthermore, Freeman's **Request for Production No. 1 of Set Four to Kim and Prospect** seeks "All DOCUMENTS CONCERNING the payment or crediting of any money to any of the DEFENDANTS in connection with the sale, licensing or other exploitation of any of the books in the CRAVE BOOK SERIES that either of YOU have not previously produced in this action to." See **Ex. 3.** In response, Kim and Prospect have committed to producing responsive documents, but have not yet done so nor have they represented when said production will take place. Given the impeding discovery cutoff of March 15, 2023 (less than two weeks from now), and given Kim and Prospect's aforementioned attempts to withhold document production until well after the discovery cutoff, and indeed until well after briefing for summary judgment in this case, Freeman requests that the Court order Kim and Prospect to produce all responsive documents by a date certain which will allow Freeman reasonable time to incorporate information from said documents into any briefing for summary judgment.

Defendants Wolff, Entangled, Macmillan, and Universal are also resisting proper discovery of relevant documents. Freeman's **Requests for Production Nos. 1, 2, 3, 7, 8, 9, 16, and 17 of Set Four to Wolff, Entangled, Macmillan, and Universal** all seek information relevant to damages in this case, including payments to any defendant in connection with the sale and exploitation of the Crave Series books, documents reflecting royalties earned in connection with the Crave Series, and documents establishing the total sales of each book in the Crave Series. See **Ex. 4.** In response, Wolff, Entangled, Macmillan, and Universal each provide the same self-contradictory response that they have already produced responsive documents, but will produce additional documents only "in the event this case is not dismissed after summary judgment briefing, within 45 days of the Judge's order." Defendants must make clear whether responsive documents exist. "When a party claims that the requested documents have already been produced, it must indicate that fact under oath in response to the request." *Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 200 (D. Conn. 2014). Where a party fails to give adequate assurance that all documents have been produced, the court may order that they provide a certification that all responsive documents have been produced. See *In re Terrorist Attacks on Sept. 11, 2001*, No. 03MDL1570GBDSN, 2018 WL 3329852, at *5 (S.D.N.Y. July 6, 2018). Here, not only have Wolff, Entangled, Macmillan, and Universal not provided any attestation that no further responsive documents exist as to the above referenced requests, they have undercut their own claim by indicating that additional documents may be produced later, only after Freeman could not longer use them in briefing summary judgment in this case. And to the extent that additional responsive documents exist, Wolff, Entangled, Macmillan, and Universal cannot arbitrarily and unilaterally refuse to produce them until well after discovery has closed and Freeman has

been substantially prejudiced in being unable to brief summary judgment in this case without complete discovery of the relevant facts. Accordingly, this Court should compel Wolff, Entangled, Macmillan, and Universal to produce all documents responsive to the above referenced requests for production immediately, or in the alternative, to provide a sworn certification that all responsive documents have already been produced.

**B. Prospect must identify records with sufficient specificity.**

**Interrogatory No. 8 of Set Three to Prospect** asks Prospect to "Identify by name, company, address or e-mail address, as applicable, and date sent, all individuals to whom YOU sent a copy of any version of BMR." See **Ex. 2.** Prospect responded by providing only the names and companies of each individual, but not their address, email address, or the date said individuals were sent any version of the BMR. While meeting and conferring with co-counsel for Freeman, counsel for Prospect claimed the remaining requested information was in documents already produced in this case but failed to provide any specificity as to what documents. This response is insufficient.

"[W]here the answer to an interrogatory is a specification of records from which the answer may be derived, such specification must be "in sufficient detail to permit the interrogating party to locate, ... as readily as can the party served, the records from which the answer may be ascertained." *Atlanta Shipping Corp. v. Cross & Brown Co.*, 113 F.R.D. 108, 111 (S.D.N.Y. 1986). To this end, when a party is attempting to "respond to [an] interrogatory using documents produced during discovery, [the party] must provide the specific Bates numbers for the documents he contends provide the response." *Nau v. Papoosha*, No. 3:21CV00019(SALM), 2023 WL 122031, at *10 (D. Conn. Jan. 6, 2023). As Prospect is attempting to answer the above interrogatory by nebulously referencing documents not attached to their responses, they must identify said documents with sufficient specificity by providing Freeman with the Bates numbers for the documents which contain the requested address, email addresses, and the dates on with the versions of the BMR were sent. The Court should therefore compel Prospect to provide Freeman with the specific Bates numbers for the documents responsive to **Interrogatory No. 8 of Set Three to Prospect**, or in the alternative provide a supplemental response to this interrogatory provided the information sought.

The discovery sought in the above-referenced discovery requests is relevant, and Defendants have not and cannot provide any genuine justification for failing to comply with their discovery obligations in this case. Accordingly, Defendants should be compelled to provide the responsive information and material sought by the above-referenced interrogatories and requests for production.

                                              Respectfully submitted,

By:    */s/ Scott Alan Burroughs*
           Scott Alan Burroughs
           Laura M. Zaharia
           DONIGER / BURROUGHS
           For the Plaintiff