# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LYNNE FREEMAN, an individual,

       *Plaintiff*,

    -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN KIM, an
individual, PROSPECT AGENCY, LLC, a New Jersey
limited liability company, ENTANGLED
PUBLISHING, LLC, a Delaware limited liability
company, HOLTZBRINCK PUBLISHERS, LLC
D/B/A MACMILLAN, a New York limited liability
company, UNIVERSAL CITY STUDIOS, LLC, a
Delaware limited liability company, and CRAZY
MAPLE STUDIO, INC., a California Corporation,

       *Defendants*.

Case No. 1:22-cv-02435(LLS)(SN)

---

**DEFENDANT ENTANGLED PUBLISHING, LLC'S ANSWERS AND**
**OBJECTIONS TO PLAINTIFF'S FIFTH SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.3
of the Southern District of New York, defendant Entangled Publishing, LLC ("Defendant" or
"Entangled") hereby serves its answers and objections to Lynne Freeman's ("Plaintiff") Fifth Set
of Interrogatories dated November 30, 2022 (each, an "Interrogatory," and collectively, the
"Interrogatories") as follows:

**GENERAL OBJECTIONS**

Defendant makes the following General Objections to the Interrogatories and incorporates
by reference therein the Definitions set forth in Entangled's First Set of Document Requests, dated
July 15, 2022. These General Objections apply to each of the Interrogatories, set forth immediately
below, and are incorporated therein by reference. The assertion of the same, similar, or additional

objections in response to specific Interrogatories does not waive any of Defendant's General Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Plaintiff is entitled to any response more specific than provided:

1.     Defendant objects to the Definitions and Interrogatories to the extent that they purport to impose on Defendant duties or obligations beyond, or inconsistent with, those set forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. P. 33(a) and Local Rule 33.3.

2.     Defendant objects to each Interrogatory to the extent it seeks information outside the scope of this proceeding. Defendant further objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party within the meaning of Fed. R. Civ. P. 26(b), nor proportional to the needs of the case.

3.     Defendant objects to each Interrogatory to the extent it seeks information that is not within Defendant's possession, custody, or control. Defendant responds to each Interrogatory only with respect to information within its possession, custody, or control.

4.     Defendant objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Plaintiff and/or his counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available.

5.     Defendant objects to each Interrogatory to the extent it seeks information that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Plaintiff as for Defendant, consistent with Fed. R. Civ. P. 33(d).

6.     Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

applicable privilege or protection from discovery. Such information shall not be provided in response to Plaintiff's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7.     Defendant objects to each Interrogatory to the extent it seeks information that is confidential or proprietary business information belonging to Defendant.

8.     Defendant objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, and unduly burdensome. To the extent Defendant seeks to provide information in response to portions of an Interrogatory that are vague or ambiguous, Defendant will make a good faith effort to interpret each Interrogatory.

9.     Defendant objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10.     Defendant objects to each Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested. Defendant denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Defendant to any such Interrogatory is without prejudice to this objection.

11.     In providing responses to the Interrogatories, Defendant does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as all objections to any other discovery notices.

12.     Defendant objects to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which are not part of this litigation, and the

latter has not been publicly released. Subject to the foregoing objections, Defendant will interpret the definition of "CRAVE BOOK SERIES" to mean the books *Crave*, *Crush*, *Covet*, and *Court*.

13. Defendant objects to the Interrogatories to the extent they are unlimited in temporal scope, and, in fact, there is no temporal scope identified whatsoever. Defendant further objects to each Interrogatory not tied to a reasonable date range as overly broad, unduly burdensome, harassing in nature, and constituting a fishing expedition that is not reasonably likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Defendant will provide information from the time period most relevant to each specific Interrogatory.

14. Defendant reserves the right to supplement, alter or amend these Answers and Objections, if necessary or appropriate.

**SPECIFIC OBJECTIONS AND ANSWERS**

Without waiver of, or prejudice to, any of its General Objections, Defendant answers and responds to each Interrogatory as follows:

**INTERROGATORIES**

**Interrogatory No. 22:**

Identify by book name, format and country of sale all ISBN numbers for each book in the CRAVE BOOK SERIES.

**Answer to Interrogatory No. 22:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that the terms "name," "format," "country of sale," and "ISBN numbers" are vague and ambiguous in this context. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is

publicly available. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant states as follows:

| EAN | Book | Medium |
|-----|------|--------|
| 9781640638952 | Crave | Trade Cloth |
| 9781640638969 | Crave | E-Book |
| 9781649370600 | Court | Trade Cloth |
| 9781649370617 | Court | E-Book |
| 9781649371058 | Covet (B&N exclusive ED) | Trade Cloth |
| 9781649371065 | Covet (BAM exclusive ED) | Trade Cloth |
| 9781649371072 | Covet (Target exclusive ED) | Trade Cloth |
| 9781649371805 | Court (B&N exclusive ED) | Trade Cloth |
| 9781649371812 | Court (BAM exclusive ED) | Trade Cloth |
| 9781649371829 | Court (Target exclusive ED) | Trade Cloth |
| 9781649371836 | Court (Indie exclusive ED) | Trade Cloth |
| 9781649371911 | Crave (BN Black Friday SIGNED) | Trade Cloth |
| 9781649373878 | Crave (Readerlink exclusive ED) | Trade Cloth |
| 9781649373885 | Crush (Readerlink exclusive ED) | Trade Cloth |
| 9781682815779 | Crave TP | Trade Paper |
| 9781682815786 | Crush | Trade Cloth |
| 9781682815816 | Covet | Trade Cloth |
| 9781682815854 | Crush | E-Book |
| 9781682816158 | Covet | E-Book |
| 9781682816158 | Covet | E-Book |

Additionally, notwithstanding the foregoing objections, Defendant further states that the county of sale information is not available because Defendant lacks knowledge regarding where its books are sold once Defendant sells its books to wholesalers.

**Interrogatory No. 23:**

With respect to each book in the CRAVE BOOK SERIES, please update your response to Interrogatory No 3 in Plaintiff Lynne Freeman's Interrogatories to Defendant Entangled Publishing, LLC, Set One, to include a description of the source of the revenues, the amount of revenues and the dates when such revenues were received or accrued by YOU in connection with each book in the CRAVE BOOK SERIES, including, but not limited to, any revenues received from any of the other Defendants in this ACTION, up to the date of YOUR response to this

Interrogatory.

**Answer to Interrogatory No. 23:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that the terms "source," "revenues," "amount of revenues," "received," and "accrued" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1). Defendant further objects to this Interrogatory to the extent that Plaintiff is requiring Defendant to provide continuous updates of information that has already provided to Plaintiff.

Accordingly, and without waiver of any of its objections, Defendant states that it will not provide an updated figure at this time and refers Plaintiff to Entangled's Revised Responses and Objections to Plaintiff's First Set of Interrogatories dated November 23, 2022. Notwithstanding the foregoing, should damages become relevant later in the litigation, Defendant will provide Plaintiff with an updated estimate of its revenues generated in connection with the *Crave* Book Series.

**Interrogatory No. 24:**

With respect to each book in the CRAVE BOOK SERIES, please update your response to Interrogatory No. 4 in Plaintiff Lynne Freeman's Interrogatories to Defendant Entangled

Publishing LLC, Set One, to include all expenses incurred by YOU directly in connection with the writing or exploitation of each book in the CRAVE BOOK SERIES up to the date of your response to this Interrogatory, such response shall include a description of the expenses, the amount of the expenses and the date of the expenses.

**Answer to Interrogatory No. 24:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that the terms "expenses," "incurred," "writing," and "exploitations" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1). Defendant further objects to this Interrogatory to the extent that Plaintiff is requiring Defendant to provide continuous updates of information that has already provided to Plaintiff.

Accordingly, and without waiver of any of its objections, Defendant states that it will not provide an updated figure at this time and refers Plaintiff to Entangled's Revised Responses and Objections to Plaintiff's First Set of Interrogatories dated November 23, 2022. Notwithstanding the foregoing, should damages become relevant later in the litigation, Defendant will provide Plaintiff with an updated estimate of its expenses incurred in connection with the *Crave* Book Series.

Dated: New York, New York
   December 30, 2022

COWAN, DEBAETS, ABRAHAMS &
SHEPPARD LLP

By:   /s/ Nancy E. Wolff
   Nancy E. Wolff
   Benjamin H. Halperin
   CeCe M. Cole
   41 Madison Avenue, 38th Floor
   New York, New York 10010
   Tel: (212) 974-7474
   Fax: (212) 974-8474
   nwolff@cdas.com
   bhalperin@cdas.com
   ccole@cdas.com

   *Attorneys for Defendant Entangled*
   *Publishing, LLC*

## **VERIFICATION**

I, Elizabeth Pelletier, am Chief Creative Officer of Entangled Publishing, LLC, a defendant in the above-captioned action. I have read the foregoing Defendant's Answers and Objections to Plaintiff's Fifth Set of Interrogatories, dated November 30, 2022, and I believe the answers therein to be true to the best of my knowledge and belief, based on the information available to me.

I verify under penalty of perjury that the foregoing is true and correct.


Executed on: December 16 , 2022

## CERTIFICATE OF SERVICE

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendant Entangled Publishing, LLC's Answers and Objections to Plaintiff's Fifth Set of Interrogatories have been served on counsel of record for Lynne Freeman by email on December 30, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: s/ CeCe M. Cole

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

LYNNE FREEMAN, an individual,

        *Plaintiff*,

    -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN KIM, an
individual, PROSPECT AGENCY, LLC, a New Jersey
limited liability company, ENTANGLED
PUBLISHING, LLC, a Delaware limited liability
company, HOLTZBRINCK PUBLISHERS, LLC
D/B/A MACMILLAN, a New York limited liability
company, UNIVERSAL CITY STUDIOS, LLC, a
Delaware limited liability company, and CRAZY
MAPLE STUDIO, INC., a California Corporation,

        *Defendants*.

Case No. 1:22-cv-02435 (LLS)(SN)

---

### DEFENDANT HOLTZBRINCK PUBLISHERS, LLC D/B/A
### MACMILLAN LLC'S ANSWERS AND OBJECTIONS TO
### PLAINTIFF'S SECOND SET OF INTERROGATORIES

    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.3

of the Southern District of New York, defendant Holtzbrinck Publishers, LLC d/b/a Macmillan

("Defendant" or "Macmillan") hereby serves its answers and objections to Lynne Freeman's

("Plaintiff") Second Set of Interrogatories dated November 30, 2022 (each, an "Interrogatory,"

and collectively, the "Interrogatories") as follows:

### GENERAL OBJECTIONS

    Defendant makes the following General Objections to the Interrogatories and incorporates

by reference therein the Definitions set forth in Macmillan's First Set of Document Requests, dated

July 15, 2022. These General Objections apply to each of the Interrogatories, set forth immediately

below, and are incorporated therein by reference. The assertion of the same, similar, or additional

objections in response to specific Interrogatories does not waive any of Defendant's General Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Plaintiff is entitled to any response more specific than provided:

1.      Defendant objects to the Definitions and Interrogatories to the extent that they purport to impose on Defendant duties or obligations beyond, or inconsistent with, those set forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. P. 33(a) and Local Rule 33.3.

2.      Defendant objects to each Interrogatory to the extent it seeks information outside the scope of this proceeding. Defendant further objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party within the meaning of Fed. R. Civ. P. 26(b), nor proportional to the needs of the case.

3.      Defendant objects to each Interrogatory to the extent it seeks information that is not within Defendant's possession, custody, or control.  Defendant responds to each Interrogatory only with respect to information within its possession, custody, or control.

4.      Defendant objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Plaintiff and/or his counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available.

5.      Defendant objects to each Interrogatory to the extent it seeks information that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Plaintiff as for Defendant, consistent with Fed. R. Civ. P. 33(d).

6.      Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

applicable privilege or protection from discovery. Such information shall not be provided in response to Plaintiff's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7.      Defendant objects to each Interrogatory to the extent it seeks information that is confidential or proprietary business information belonging to Defendant.

8.      Defendant objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, and unduly burdensome. To the extent Defendant seeks to provide information in response to portions of an Interrogatory that are vague or ambiguous, Defendant will make a good faith effort to interpret each Interrogatory.

9.      Defendant objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10.     Defendant objects to each Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested. Defendant denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Defendant to any such Interrogatory is without prejudice to this objection.

11.     In providing responses to the Interrogatories, Defendant does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as all objections to any other discovery notices.

12.     Defendants object to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which are not part of this litigation, and the

latter has not been publicly released. Subject to the foregoing objections, Defendants will interpret

the definition of "CRAVE BOOK SERIES" to mean the books *Crave*, *Crush*, *Covet*, and *Court*.

13.     Defendant objects to the Interrogatories to the extent they are unlimited in temporal

scope, and, in fact, there is no temporal scope identified whatsoever. Defendant further objects to

each Interrogatory not tied to a reasonable date range as overly broad, unduly burdensome,

harassing in nature, and constituting a fishing expedition that is not reasonably likely to lead to the

discovery of admissible evidence. Notwithstanding the foregoing objections, Defendant will

provide information from the time period most relevant to each specific Interrogatory.

14.     Defendant reserves the right to supplement, alter or amend these Answers and

Objections, if necessary or appropriate.

## SPECIFIC OBJECTIONS AND ANSWERS

Without waiver of, or prejudice to, any of its General Objections, Defendant answers and

responds to each Interrogatory as follows:

## INTERROGATORIES

### Interrogatory No. 3[1]:

        With respect to each book in the CRAVE BOOK SERIES, please update your response
to Interrogatory No 1 in Plaintiff Lynne Freeman's Interrogatories to Defendant Holtzbrinck
Publishers, LLC d/b/a MacMillan, Set One, to include a description of the source of the revenues,
the amount of revenues and the dates when such revenues were received or accrued by YOU in
connection with each book in the CRAVE BOOK SERIES, including, but not limited to, any
revenues received from any of the other Defendants in this ACTION, up to the date of YOUR
response to this Interrogatory.

### Answer to Interrogatory No. 3:

Defendant repeats and incorporates its General Objections as if fully set forth herein, and

further objects to this Interrogatory on the ground that the terms "source," "revenues," "amount of

---

[1] Plaintiff mistakenly numbered this as Interrogatory No 21.

revenues," "received," and "accrued" are vague and ambiguous in this context. Defendant further objects to this Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that Plaintiff is requiring Defendant to provide continuous updates of information that has already provided to Plaintiff.

Accordingly, and without waiver of any of its objections, Defendant states that it will not provide an updated figure at this time and refers Plaintiff to Macmillan's Revised Responses and Objections to Plaintiff's First Set of Interrogatories dated December 5, 2022. Notwithstanding the foregoing, should damages become relevant later in the litigation, Defendant will provide Plaintiff with an updated estimate of its revenues generated in connection with the *Crave* Book Series.

**Interrogatory No. 4[2]:**

With respect to each book in the CRAVE BOOK SERIES, please update your response to Interrogatory No. 2 in Plaintiff Lynne Freeman's Interrogatories to Defendant Holtzbrinck Publishers, LLC d/b/a MacMillan, Set One, to include all expenses incurred by YOU directly in connection with the writing or exploitation of each book in the CRAVE BOOK SERIES up to the date of your response to this Interrogatory, such response shall include a description of the expenses, the amount of the expenses and the date of the expenses.

**Answer to Interrogatory No. 4:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that the terms "expenses," "incurred," "writing," and "exploitations" are vague and ambiguous in this context. Defendant further objects to this

---

[2] Plaintiff mistakenly numbered this as Interrogatory No 22.

Interrogatory on the ground that it seeks information that is confidential or proprietary business information belonging to Defendant. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that Plaintiff is requiring Defendant to provide continuous updates of information that has already provided to Plaintiff.

Accordingly, and without waiver of any of its objections, Defendant states that it will not provide an updated figure at this time and refers Plaintiff to Macmillan's Revised Responses and Objections to Plaintiff's First Set of Interrogatories dated December 5, 2022. Notwithstanding the foregoing, should damages become relevant later in the litigation, Defendant will provide Plaintiff with an updated estimate of its expenses incurred in connection with the *Crave* Book Series.

**Interrogatory No. 5[3]:**

Identify by book name, format and country of sale all ISBN numbers for each book in the CRAVE BOOK SERIES.

**Answer to Interrogatory No. 5:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground that the terms "name," "format," "country of sale," and "ISBN numbers" are vague and ambiguous in this context. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available.

---

[3] Plaintiff mistakenly numbered this as Interrogatory No 23.

Accordingly, and without waiver of any of its objections, Defendant states as follows:

| Book Title | ISBN/ISBN13 | Format | Edition Publication | Country of Sale | Supporting Document |
|---|---|---|---|---|---|
| Crave | 1640638954 / 9781640638952 | Trade Cloth | 04/07/2020 | US/CAN/P exclusive, OM/IN/IQ/MQ/WS non-exclusive (excluding UK/Comm/AQ/ BT/IO/ CX/CK/EG/HM/JO/MV/MY/MZ/ NU/ RW/SG/ZA/GS/SS/SD/YE) | MACMILLAN_0000091- MACMILLAN_0000092 |
| Crave | 1640638962 / 9781640638969 | E-Book | 04/07/2020 | US/CAN/P exclusive, OM/IN/IQ/MQ/WS non-exclusive (excluding UK/Comm/AQ/ BT/IO/ CX/CK/EG/HM/JO/MV/MY/MZ/ NU/ RW/SG/ZA/GS/SS/SD/YE) | MACMILLAN_0000093- MACMILLAN_0000094 |
| Crave | 1649371918 / 9781649371911 | Trade Cloth | 04/07/2020 | US/CAN/P exclusive, OM/IN/IQ/MQ/WS non-exclusive (excluding UK/Comm/AQ/ BT/IO/ CX/CK/EG/HM/JO/MV/MY/MZ/ NU/ RW/SG/ZA/GS/SS/SD/YE) | MACMILLAN_0000095- MACMILLAN_0000096 |
| Crave | 1649373872 / 9781649373878 | Trade Cloth | 09/27/2022 | World exclusive | MACMILLAN_0000097- MACMILLAN_0000098 |
| Crush | 1682815781 / 9781682815786 | Trade Cloth | 09/29/2020 | US/CAN/P exclusive, OM/IN/IQ/MQ/WS non-exclusive (excluding UK/Comm/AQ/ BT/IO/ CX/CK/EG/HM/JO/MV/MY/MZ/ NU/ RW/SG/ZA/GS/SS/SD/YE) | MACMILLAN_0000065- MACMILLAN_0000066 |
| Crush | 1682815854 / 9781682815854 | E-Book | 09/29/2020 | US/CAN/P exclusive, OM/IN/IQ/MQ/WS non-exclusive (excluding UK/Comm/AQ/ BT/IO/ CX/CK/EG/HM/JO/MV/MY/MZ/ NU/ RW/SG/ZA/GS/SS/SD/YE) | MACMILLAN_0000067- MACMILLAN_0000068 |
| Covet | 1649371055 / 9781649371058 | Trade Cloth | 03/02/2021 | World exclusive | MACMILLAN_0000053- MACMILLAN_0000055 |
| Covet | 1649371063 / 9781649371065 | Trade Cloth | 03/02/2021 | World exclusive | MACMILLAN_0000056- MACMILLAN_0000058 |
| Covet | 1649371071 / 9781649371072 | Trade Cloth | 03/02/2021 | World exclusive | MACMILLAN_0000059- MACMILLAN_0000061 |
| Covet | 168281615X / 9781682816158 | E-Book | 03/02/2021 | World exclusive | MACMILLAN_0000069- MACMILLAN_0000070 |
| Covet | 1682815811 / 9781682815816 | Trade Cloth | 03/02/2021 | World exclusive | MACMILLAN_0000157- MACMILLAN_0000159 |
| Court | 1649371837 / 9781649371836 | Trade Cloth | 02/01/2022 | World exclusive | MACMILLAN_0000062- MACMILLAN_0000064 |
| Court | 1649370601 / 9781649370600 | Trade Cloth | 02/01/2022 | World exclusive | MACMILLAN_0000078- MACMILLAN_0000080 |

| Court | 164937061X / 9781649370617 | E-Book | 02/01/2022 | World exclusive | MACMILLAN_0000081-MACMILLAN_0000082 |
| Court | 1649371802 / 9781649371805 | Trade Cloth | 02/01/2022 | World exclusive | MACMILLAN_0000083-MACMILLAN_0000085 |
| Court | 1649371810 / 9781649371812 | Trade Cloth | 02/01/2022 | World exclusive | MACMILLAN_0000086-MACMILLAN_0000087 |
| Court | 1649371829 / 9781649371829 | Trade Cloth | 02/01/2022 | World exclusive | MACMILLAN_0000088-MACMILLAN_0000090 |

**Code explanation**

US/CAN/P - United States/Canada/Philippines
OM - Oman
IN - India
IQ - Iraq
MQ - Martinique
WS - Western Sahara
UK - United Kingdom
Comm - Commonwealth
AQ - Antarctica
BT - Bhutan
IO - British Indian Ocean Territory
CX - Christmas Islands
CK - Cook Islands
EG - Egypt
HM - Heard and McDonal Islands
JO - Jordan
MV - Maldives
MY - Malaysia
MZ - Mozambique
NU - Niue
SG- Singapore
ZA - South Africa
GS - South Georgia and South Sandwich Islands
SS - South Sudan
SD - Sudan
YE - Yemen

Dated: New York, New York
February 24, 2023

COWAN, DEBAETS, ABRAHAMS &
SHEPPARD LLP

By:  /s/ Nancy E. Wolff
     Nancy E. Wolff
     Benjamin H. Halperin
     CeCe M. Cole
     41 Madison Avenue, 38th Floor
     New York, New York 10010
     Tel: (212) 974-7474
     Fax: (212) 974-8474
     nwolff@cdas.com
     bhalperin@cdas.com
     ccole@cdas.com

     *Attorneys for Defendant Holtzbrinck
     Publishers, LLC d/b/a Macmillan*

## <u>VERIFICATION</u>

I, Wendy Szymanski, am Associate General Counsel at Holtzbrinck Publishers, LLC d/b/a Macmillan, a defendant in the above-captioned action. I have read the foregoing Defendant's Answers and Objections to Plaintiff's Second Set of Interrogatories, dated November 30, 2022, and I believe the answers therein to be true to the best of my knowledge and belief, based on the information available to me.

I verify under penalty of perjury that the foregoing is true and correct.


Executed on: February 24, 2023

## <u>CERTIFICATE OF SERVICE</u>

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendant

Holtzbrinck Publishers, LLC d/b/a Macmillan's Answers and Objections to Plaintiff's Second Set

of Interrogatories have been served on counsel of record for Lynne Freeman by email on February

24, 2023, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: <u>s/ CeCe M. Cole</u>

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual<br><br>*Plaintiff*,<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, MACMILLAN PUBLISHERS, LLC, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company.<br><br>*Defendants*. | Case No. 1:22-cv-02435-LLS-SN<br><br>**DEFENDANTS PROSPECT AGENCY LLC AND EMILY SYLVAN KIM'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR THE <u>PRODUCTION OF DOCUMENTS</u>** |

Defendants Prospect Agency, LLC and Emily Sylvan Kim (together, "**Prospect**") by their attorneys, Klaris Law PLLC, hereby respond to Plaintiff Lynne Freeman's Second Request for the Production of Documents (collectively, the "Requests" and each individually, a "Request") as follows:

## <u>GENERAL OBJECTIONS</u>

Prospect objects generally to the Requests as set forth below (the "**General Objections**"). Each of the specific responses that follow (the "**Specific Objections**") is made subject to these objections. To the extent that Prospect responds to requests to which it objects, such objections are not waived. In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

1.      Any production that Prospect agrees to make in response to these Requests will not be made before and is subject to the occurrence and terms of the Court's entry of a protective order governing the production of documents in this action.

2.      Prospect objects to the demand within the Requests that production take place within 30 days of service of the Requests.  Prospect will produce non-privileged, responsive documents as applicable per the below Specific Responses and Objections on a rolling basis and within a reasonable time as required by FED. R. CIV. P. 34(b)(2)(B) as determined with reference to the burden and scope of the Requests and the parties' present intent to negotiate and agree to document search terms and custodians.

3.      Prospect objects to the Requests to the extent they or the Definitions or Instructions contained therein seek to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Southern District of New York or impose obligations on Prospect not imposed by the Federal Rules or by the Local Rules.

4.      Prospect objects to the Requests to the extent they seek documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege.  To the extent that any document which is properly the subject of privilege is produced, such production is inadvertent and not to be construed as a waiver of any privilege.

5.      Prospect objects to the Requests to the extent they seek disclosure of documents from persons or entities over whom Prospect has no control, or otherwise seek documents not in Prospect's possession, custody, or control.

6.      Prospect objects to the Requests to the extent that they seek documents or information that would be unduly burdensome to obtain.

7.      Prospect objects to the Requests to the extent that they are vague, ambiguous, overbroad, unreasonably duplicative, oppressive, or harassing.

2

8.      Prospect objects to the Requests to the extent that they seek information that is publicly available.

9.      Prospect objects to the Requests to the extent that they seek confidential commercial, customer, or proprietary information or information that Prospect received in confidence and/or is obligated to treat confidentially.  Subject to and without waiving said objection, Prospect will produce responsive, non-privileged documents containing such confidential and/or proprietary information subject to the entry of an appropriate protective order.

10.     Prospect objects to the Requests to the extent that they seek material not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit.

11.     A response that Prospect will produce documents responsive to any individual request does not imply that Prospect has located any responsive document, but only that Prospect will produce all such non-privileged documents that it locates through good faith efforts and reasonable diligence.

12.     Prospect objects to the Requests to the extent they seek documents relating to periods remote in time on the grounds that such documents are not relevant or material to the subject matter of this action.  Unless otherwise specified in Prospect's objections and responses herein and subject to any Court order or agreement by the parties to the contrary, Prospect shall treat the time period of these Requests as October 1, 2010, to the date Prospect was notified of Plaintiff's claims, on February 7, 2022, unless otherwise stated.

13.     Prospect's investigation is on-going, and Prospect specifically reserves the right to correct, amend, modify or supplement its responses to the Requests at any time in the future, as warranted by the circumstances.

## DEFINITIONS

1.     Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

2.     The Definitions set forth in Defendants' First Set of Requests for the Production of Documents dated July 15, 2022 are incorporated herein by reference.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1**

All manuscripts, or excerpts from any manuscripts of any books written in whole or in part by WOLFF, other than any manuscripts for any books from the CRAVE BOOK SERIES, or excerpts from any manuscripts for any books from the CRAVE BOOK SERIES, for which there was a hit when defendants counsel had someone run the search terms provided to defendants by FREEMAN'S counsel in connection with plaintiff Lynne Freeman's Second Amended Request for Production of documents to Defendants Prospect Agency, LLC, Emily Sylvan Kim, Entangled Publishing, LLC, Tracy Deebs-Elkenaney p/k/a Tracy Wolff and Holtzbrinck Publishers, LLC d/b/a Macmillan, Set One dated June 13, 2022.

**RESPONSE**

Prospect objects to Request No. 1 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.

4

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will not produce documents in response to this Request. To the extent that Prospect has already produced documents responsive to this Request, they will not claw such documents back but do not waive these objections.

**REQUEST NO. 2**

All DOCUMENTS sufficient to identify WOLFF, PELLETIER KIM and/or Stacy Abrams decision making process in relation to the conception and drafting of any version of the manuscripts of any books in the CRAVE BOOK SERIES, including without limitation, with regard to the plot, characters, character names, settings, subject, themes, and story.

**RESPONSE**

Prospect objects to Request No. 2 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint. Prospect further objects to this Request to the extent it is duplicative of the Requests contained in Plaintiff's First Set of Requests for Production dated June 13, 2022.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent that such documents exist.

**REQUEST NO. 3**

All DOCUMENTS and COMMUNICATIONS that mention, discuss, describe, refer to or relate to the conceptualization, development, and writing of the manuscripts, and all versions of

the manuscripts, in the CRAVE BOOK SERIES, including, but not limited to, all research, source material, and drafts, whether rejected and/or incorporated.

**RESPONSE**

Prospect objects to Request No. 3 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.  Prospect further objects to this Request to the extent it is duplicative of the Requests contained in Plaintiff's First Set of Requests for Production dated June 13, 2022.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent that such documents exist.

**REQUEST NO. 4**

The number of sales of books broken down by format (e.g., hardcover, paperback, electronic etc.) of each and every book written in whole or in part by WOLFF prior to her writing the CRAVE BOOK SERIES.

**RESPONSE**

Prospect objects to Request No. 4 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.  Prospect further objects to this Request to the extent it is duplicative of the Requests contained in Plaintiff's First Set of Requests for Production dated June 13, 2022.

6

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will not produce documents in response to this Request.  To the extent that Prospect have already produced documents responsive to this Request, it will not claw such documents back but do not waive these objections.

**REQUEST NO. 5**

The version of the manuscript for the book entitled Crave that existed immediately prior to the 50,000 word edit that WOLFF mentioned in the interview that she gave to Hank Garner about the book Crave.

**RESPONSE**

Prospect objects to Request No. 5 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.  Prospect further objects to this Request to the extent it is duplicative of the Requests contained in Plaintiff's First Set of Requests for Production dated June 13, 2022, or seeks documents in the possession or control of another party.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent that such documents exist.

**REQUEST NO. 6**

The version of the manuscript for the book entitled Crave that existed immediately after the 50,000 word edit that WOLF mentioned in the interview that she gave to Hank Garner about the book Crave.

**RESPONSE**

Prospect objects to Request No. 6 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.  Prospect further objects to this Request to the extent it is duplicative of the Requests contained in Plaintiff's First Set of Requests for Production dated June 13, 2022, or seeks documents in the possession or control of another party.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent that such documents exist.

**REQUEST NO. 7**

All DOCUMENTS relating to the payment or crediting of any money to anyone in connection with the exploitation of any of the books in the CRAVE BOOK SERIES that has not previously been produced by any of the defendants.

**RESPONSE**

Prospect objects to Request No. 7 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.  Prospect further objects to this Request to the extent it is duplicative of the Requests contained in Plaintiff's First Set of Requests for Production dated June 13, 2022.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will use reasonable efforts to produce responsive, non-privileged documents that have not already been produced to the extent such documents exist.

8

**REQUEST NO. 8**

All DOCUMENTS in Google Docs CONCERNING any of the books in the CRAVE BOOK SERIES.

**RESPONSE**

Prospect objects to Request No. 8 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.  Prospect further objects to this Request to the extent it is duplicative of the Requests contained in Plaintiff's First Set of Requests for Production dated June 13, 2022.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent that such documents exist.

**REQUEST NO. 9**

The master file that tracks changes made to any of the books in the CRAVE BOOK SERIES on Google Docs.

**RESPONSE**

Prospect objects to Request No. 9 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, irrespective of whether such documents pertain to the legal claims asserted in the Complaint. Prospect further objects to this Request to the extent it is duplicative of the Requests contained in Plaintiff's First Set of Requests for Production dated June 13, 2022.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect does not have in its possession, custody, or control documents responsive to this Request.

**REQUEST NO. 10**

All DOCUMENTS that show the changes that were made to any of the books in the CRAVE BOOK SERIES on Google Docs, including, but not limited to, who made the changes.

**RESPONSE**

Prospect objects to Request No. 10 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint. Prospect further objects to this Request to the extent it is duplicative of the Requests contained in Plaintiff's First Set of Requests for Production dated June 13, 2022.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent that such documents exist.

**REQUEST NO. 11**

An access log for the Google Docs account on which changes were made to any of the books in the CRAVE BOOK SERIES.

**RESPONSE**

Prospect objects to Request No. 11 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.

Prospect further objects to this Request to the extent it is duplicative of the Requests contained in Plaintiff's First Set of Requests for Production dated June 13, 2022.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect does not have in its possession, custody, or control of any documents responsive to this Request.

**REQUEST NO. 12**

All DOCUMENTS that support or negate each denial set forth in the COWAN FIRM DEFENDANTS' ANSWER.

**RESPONSE**

Prospect objects to Request No. 12 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.  Prospect further objects to this Request as vague and ambiguous with respect to its use of the terms "support," "negate," and "denial." Prospect will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning.  Prospect further objects on the basis that this request is more properly addressed to the "Cowan Firm Defendants."

**REQUEST NO. 13**

All DOCUMENTS that support or negate the First Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 14**

All DOCUMENTS that support or negate the Second Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 15**

All DOCUMENTS that support or negate the Third Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 16**

All DOCUMENTS that support or negate the Fourth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 17**

All DOCUMENTS that support or negate the Fifth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 18**

All DOCUMENTS that support or negate the Sixth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 19**

All DOCUMENTS that support or negate the Seventh Affirmative Defense allege in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 20**

All DOCUMENTS that support or negate the Eighth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 21**

All DOCUMENTS that support or negate the Ninth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 22**

All DOCUMENTS that support or negate the Tenth Affirmative Defense alleged  in   the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 23**

All DOCUMENTS that support or negate the Eleventh Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 24**

All DOCUMENTS that support or negate the Twelfth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 25**

All DOCUMENTS that support or negate the Thirteenth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 26**

All DOCUMENTS that support or negate the Fourteenth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 27**

All DOCUMENTS that support or negate the Fifteenth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 28**

All DOCUMENTS that support or negate the Sixteenth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 29**

All DOCUMENTS that support or negate the Seventeenth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 30**

All DOCUMENTS that support or negate the Eighteenth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 31**

All DOCUMENTS that support or negate the Nineteenth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 32**

All DOCUMENTS that support or negate the Twentieth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 33**

All DOCUMENTS that support or negate the Twenty-First Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 34**

All DOCUMENTS that support or negate the Twenty-Second Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

to Plaintiff all responsive, non-privileged documents to the extent such documents exist.

**REQUEST NO. 35**

All DOCUMENTS that support or negate the Sixth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS ANSWER.

**REQUEST NO. 36**

All DOCUMENTS that support or negate the Twenty-Third Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 37**

14

All DOCUMENTS that support or negate the Twenty-Fourth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 38**

All DOCUMENTS that support or negate the Twenty-Fifth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**RESPONSES TO REQUESTS NOS. 13-38**

Prospect objects to Requests Nos. 13-38 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint. Prospect further objects to these Requests as vague and ambiguous with respect to their use of the terms "support" and "negate." Prospect will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning. Prospect further objects on the basis that this request is more properly addressed to the "Cowan Firm Defendants."

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will not produce documents responsive to these requests.

**REQUEST NO. 39**

All DOCUMENTS that support or negate each denial set forth in the KLARIS FIRM DEFENDANTS' ANSWER.

**RESPONSE**

Prospect objects to Request No. 39 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents

pertain to the legal claims asserted in the Complaint.  Prospect further objects to this Request as vague and ambiguous with respect to its use of the terms "support," "negate," and "denial." Prospect will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent such documents exist.

**REQUEST NO. 40**

All DOCUMENTS that support or negate the First Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 41**

All DOCUMENTS that support or negate the Second Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 42**

All DOCUMENTS that support or negate the Third Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 43**

All DOCUMENTS that support or negate the Fourth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS ANSWER.

**REQUEST NO. 44**

All DOCUMENTS that support or negate the Fifth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

16

**REQUEST NO. 45**

All DOCUMENTS that support or negate the Sixth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 46**

All DOCUMENTS that support or negate the Seventh Affirmative Defense allege in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 47**

All DOCUMENTS that support or negate the Eighth Affirmative Defense alleged in   the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 48**

All DOCUMENTS that support or negate the Ninth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 49**

All DOCUMENTS that support or negate the Tenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 50**

All DOCUMENTS that support or negate the Eleventh Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 51**

All DOCUMENTS that support or negate the Twelfth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 52**

All DOCUMENTS that support or negate the Thirteenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 53**

All DOCUMENTS that support or negate the Fourteenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 54**

All DOCUMENTS that support or negate the Fifteenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 55**

All DOCUMENTS that support or negate the Sixteenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 56**

All DOCUMENTS that support or negate the Seventeenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 57**

All DOCUMENTS that support or negate the Eighteenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 58**

All DOCUMENTS that support or negate the Nineteenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**REQUEST NO. 59**

All DOCUMENTS that support or negate the Twentieth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**RESPONSES TO REQUESTS NOS. 40-59**

Prospect objects to Requests Nos. 40-59 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.  Prospect further objects to these Requests as vague and ambiguous with respect to their use of the terms "support" and "negate." Prospect will interpret these terms according to the definitions provided in federal and local rules and, where a definition is not available, by its plain meaning.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent such documents exist.

**REQUEST NO. 60**

The native files with all metadata for the following documents previously produced in a non-native format: WOLFF_0012002, WOLFF_0011991, WOLFF_0011976 and WOLFF_0011975.

**RESPONSE**

Prospect objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.  Prospect further objects on the basis that this request is more properly addressed to the "Cowan Firm Defendants."

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will not produce any documents responsive to this Request.

**REQUEST NO. 61**

The revision history in Google Docs of all edits to any of the books in the CRAVE BOOK
SERIES.

**RESPONSE**

Prospect objects to this Request as overly broad, unduly burdensome, not proportional to
the needs of this case, and seeking documents not relevant to any party's claims or defenses,
especially insofar as the requests seek "all" edits, irrespective of whether such documents pertain
to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as
follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the
extent such documents exist.

**REQUEST NO. 62**

The notes about Alaska referred to in document number ENTANGLED_0074207.

**RESPONSE**

Prospect objects to this Request as duplicative of prior requests.  Subject to and without
waiving any Specific or General Objections, Prospect responds as follows: Prospect has already
produced to Plaintiff all responsive, non-privileged documents to the extent such documents exist,
and refers Plaintiff to documents Bates stamped KIM00352655-73.

**REQUEST NO. 63**

The 1200-word version of the book entitled Crush referred to in document number
ENTANGLED_0074584.

**RESPONSE**

Prospect objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, irrespective of whether such documents pertain to the legal claims asserted in the Complaint. Prospect further objects to this Request to the extent that the document Bates stamped ENTANGLED_0074584 refers to a "1200 page book," not a "1200 word book."

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent such documents exist.

**REQUEST NO. 64**

The Crush manuscript with the word "hallelujah" in it referred to in Document number WOLFF_0095768 in a text stream between WOLFF and KIM.

**RESPONSE**

Prospect objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent such documents exist.

**REQUEST NO. 65**

A copy of the 2014 BMR manuscript referred to in document number KIM00163954.

**RESPONSE**

Prospect objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Document number KIM00163954 does not refer to a 2014 version of BMR, and no 2014 version of BMR exists within Prospect's possession.

**REQUEST NO. 66**

The manuscript containing the scene from "Twilight" that was edited out referred to in document number WOLF_0097839.

**RESPONSE**

Prospect objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent such documents exist, and refers Plaintiff to document Bates stamped ENTANGLED_0029929.

Dated: New York, NY
December 23, 2022

KLARIS LAW PLLC

By: *Lacy H. Koonce III*
Lacy H. Koonce, III
Zachary M. Press
29 Little West 12th Street
New York, NY 10014

22

Phone: (917) 612-5861
lance.koonce@klarislaw.com
zach.press@klarislaw.com

*Attorneys for Defendants*
*Prospect Agency, LLC and*
*Emily Sylvan Kim*

To:    Mark D. Passin
CS Reeder, PC
11766 Wilshire Blvd. Suite 1470
Los Angeles, CA 90025
mark@csrlawyers.com

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
855 Third Avenue
Ste 20th Floor
New York, NY 10022
plicalsi@reitlerlaw.com

Brett Van Benthysen
Reitler Kailas & Rosenblatt LLC
855 Third Avenue
Ste 20th Floor
New York, NY 10022
bvanbanthysen@reitlerlaw.com

### CERTIFICATE OF SERVICE

I, Lacy H. Koonce, III, hereby certify that a true and correct complete copy of Defendants

Prospect Agency, LLC and Emily Sylvan Kim's Second Set of Requests For Production have

been served on counsel of record for Lynne Freeman by email on December 23 , 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

and

Brett Van Benthysen
Reitler Kailas & Rosenblatt LLC
855 Third Avenue
Ste 20th Floor
New York, NY 10022
bvanbanthysen@reitlerlaw.com

By:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual<br><br>     *Plaintiff*,<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, MACMILLAN PUBLISHERS, LLC, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, CRAZY MAPLE STUDIO, INC., a California corporation<br><br>     *Defendants*. | Case No. 1:22-cv-02435-LLS-SN<br><br>**DEFENDANT PROSPECT AGENCY, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES** |

Defendant Prospect Agency, LLC ("**Prospect**") by its attorneys, Klaris Law PLLC, hereby responds to Plaintiff Lynne Freeman's Fourth Set of Interrogatories for Prospect (the "Interrogatories") as follows:

## GENERAL OBJECTIONS

Prospect objects generally to the Interrogatories as set forth below (the "**General Objections**"). Each of the specific responses that follow (the "**Specific Objections**") is made subject to these objections. To the extent that Prospect responds to interrogatories to which it objects, such objections are not waived. In addition, the inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

1. Prospect objects to the Interrogatories to the extent they or the Definitions or Instructions contained therein seek to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for

the Southern District of New York or impose obligations on Kim not imposed by the Federal

Rules or by the Local Rules.

2.      No incidental or implied admissions are intended by the responses herein.  That

Prospect has answered or objected to any Interrogatory should not be taken as an admission that

Prospect accepts or admits the existence of any fact set forth or assumed by the Interrogatory.

The fact that Prospect has answered part or all of any Interrogatory is not intended to be, and

shall not be construed to be, a waiver by Prospect of any part of any objection to that, or any

other, Interrogatory.

3.      Prospect objects to the Interrogatories to the extent they seek information that is

privileged under law, whether under the attorney-client privilege, as attorney work product,

under the common-interest privilege, as material prepared in anticipation of litigation or trial,

under the joint defense privilege, or under any other legally cognizable privilege.

4.      Prospect objects to the Interrogatories to the extent they seek information that is

not relevant to any party's claim or defense and proportional to the needs of the case, considering

the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit.

5.      Prospect objects to each and every Interrogatory to the extent that it seeks

information that is equally available to Plaintiff, is already in Plaintiff's possession, custody, or

control and/or can be obtained independently by Plaintiff with no more burden than would be

imposed upon Prospect in searching for, obtaining and/or producing such information.

6.      Prospect objects to each Interrogatory to the extent that it conflicts with Southern

District Local Rule 33.3.

7.      Prospect objects to each Interrogatory as overbroad and unduly burdensome to the

extent that it can be interpreted in such a way as to require Prospect to search for information and

materials beyond Prospect's possession, custody, or control.

8.      In responding to these Interrogatories, Prospect does not waive, and expressly

reserves, all objections as to competency, relevance, materiality, and admissibility of the responses

or subject matter thereof, as well as objections to any other discovery request.

9.      Prospect objects to the Interrogatories to the extent they seek information relating

to periods remote in time on the grounds that such documents are not relevant or material to the

subject matter of this action.   Unless otherwise specified in Prospect's objections and responses

herein and subject to any Court order or agreement by the parties to the contrary, Prospect shall

treat the time period of these Interrogatories as October 1, 2010, to the date Prospect was notified

of Plaintiff's claims, on February 7, 2022, unless otherwise stated.

10.     Prospect objects to these Interrogatories to the extent that Plaintiff has exceeded

the 25-per-defendant limit on interrogatories pursuant to F.R.C.P. 33(a)(1).

11.     Prospect reserves the right to correct, amend, modify, or supplement these

responses from time to time and at any time in the future, as warranted by the circumstances.

## DEFINITIONS

1.      The Uniform Definitions in Discovery Requests of Local Civil Rule 26.3 of the

United States District Court for the Southern District of New York are incorporated herein by

reference, and unless the context indicates otherwise, the following words and phrases are defined

and used herein as follows.  To the extent that there is conflict between those definitions utilized by Plaintiff and the definitions below, the definitions below control.

2.    **Complaint**.  The term "Complaint" refers to the First Amended Complaint that Plaintiff filed on May 23, 2022, in the United States District Court for the Southern District of New York, Case No. 1:22-cv-02435-LLS-SN.

3.    **Document**.  The term "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FED. R. CIV. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

4.    **Parties**.  The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.   This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5.    "**Person**" is defined as any natural person or any legal entity, including without limitation any business or governmental entity or association.

6.    **All/Any/Each**.  The terms "all," "any," and "each" shall each be construed as encompassing any and all.

7.    **And/Or**.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.      The "*Crave* **series**" means the books authored by Defendant Tracy Wolff entitled *Crave, Crush, Covet and Court.*  Prospect objects to Plaintiff's definition to the extent that it is inclusive of unpublished books *Charm* and *Cherish*, which are not the subject of this action.

9.      **"BMR"** means any and all versions of the manuscript that Plaintiff alleges in the Complaint she wrote, including, but not limited to, the versions entitled "Blue Moon Rising" and "Masqued."  Prospect objects to Plaintiff's definition to the extent it is inclusive of a legal conclusion as to copyright infringement.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

**INTERROGATORY NO. 21**

With respect to each book in the CRAVE BOOK SERIES, please update your response to Interrogatory No 3 in Plaintiff Lynne Freeman's Interrogatories to Defendant Prospect Agency, LLC Set One, to include a description of the source of the revenues, the amount of revenues and the dates when such revenues were received or accrued by YOU in connection with each book in the CRAVE BOOK SERIES, including, but not limited to, any revenues received from any of the other Defendants in this ACTION, up to the date of YOUR response to this Interrogatory.

**RESPONSE**

Prospect objects to interrogatory No. 21 to the extent that the terms "source," "revenues," "amount of revenues," "received," and "accrued" are vague and ambiguous in this context. Prospect further objects to this Interrogatory to the extent that it seeks information already in Plaintiffs' custody, possession or control, including information already produced by Prospect/Kim in response to Plaintiff's document requests.  Prospect further objects to this

Interrogatory on grounds that it seeks confidential or proprietary business information.  Prospect further objects to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-defendant limit on interrogatories for this lawsuit.  *See* F.R.C.P. 33(a)(1). Prospect further objects to this Interrogatory to the extent that Plaintiff is requesting information that it has already provided.

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, Prospect responds as follows: Prospect will not provide an updated response to Interrogatory No. 3 and refers Plaintiff to Prospect and Kim's Revised Responses and Objections to Plaintiff's First Set of Interrogatories dated December 2, 2022.  Notwithstanding the foregoing, Prospect will provide Plaintiff with an updated estimate of its revenues generated in connection with the *Crave* series should damages become relevant later in the litigation.

**INTERROGATORY NO. 22**

With respect to each book in the CRAVE BOOK SERIES, please update your response to Interrogatory No. 4 in Plaintiff Lynne Freeman's Interrogatories to Defendant Prospect agency, LLC, Set One, to include all expenses incurred by YOU directly in connection with the writing or exploitation of each book in the CRAVE BOOK SERIES up to the date of your response to this Interrogatory, such response shall include a description of the expenses, the amount of the expenses, and the date of the expenses.

**RESPONSE**

Prospect objects to Interrogatory No. 22 to the extent that the terms "expenses," "incurred," "writing," and "exploitations" are vague and ambiguous in this context.  Prospect

6

further objects to this Interrogatory to the extent it seeks information already in Plaintiff's

custody, possession or control, including information already produced by Prospect/Kim in

response to Plaintiff's document requests.  Prospect further objects to this Interrogatory on

grounds that it seeks confidential or proprietary business information.  Prospect further objects to

this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-

per-defendant limit on interrogatories for this lawsuit.  *See* F.R.C.P. 33(a)(1).  Prospect further

objects to this Interrogatory to the extent that Plaintiff is requesting information that it has

already provided to Plaintiff.

Subject to and without waiving any Specific or General Objections, and without

prejudice to supplementation of this response, Prospect responds as follows: Prospect will not

provide an updated response to Interrogatory No. 4 and refers Plaintiff to Prospect and Kim's

Revised Responses and Objections to Plaintiff's First Set of Interrogatories dated December 2,

2022.  Notwithstanding the foregoing, Prospect will provide Plaintiff with an updated estimate of

its revenues generated in connection with the *Crave* series should damages become relevant later

in the litigation.

Dated: New York, NY
       December 30, 2022

KLARIS LAW PLLC

By: /s/ Lacy H. Koonce, III
Lacy H. Koonce, III
Zachary M. Press
29 Little West 12th Street
New York, NY 10014
Phone: (917) 612-5861
lance.koonce@klarislaw.com
zach.press@klarislaw.com

*Attorneys for Defendant*
*Emily Sylvan Kim*

To:    Mark D. Passin
       CS Reeder, PC
       11766 Wilshire Blvd. Suite 1470
       Los Angeles, CA 90025
       mark@csrlawyers.com

       Paul V. LiCalsi
       Reitler Kailas & Rosenblatt LLC
       855 Third Avenue
       Ste 20th Floor
       New York, NY 10022
       plicalsi@reitlerlaw.com

       Brett Van Benthysen
       Reitler Kailas & Rosenblatt LLC
       855 Third Avenue
       Ste 20th Floor
       New York, NY 10022
       bvanbanthysen@reitlerlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Zachary M. Press, hereby certify that a true and correct complete copy of Defendant

Prospect Agency, LLC's Responses and Objections to Plaintiff's Fourth Set of Interrogatories

have been served on counsel of record for Lynne Freeman by email on December 30, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

and

Brett Van Benthysen
Reitler Kailas & Rosenblatt LLC
855 Third Avenue
Ste 20th Floor
New York, NY 10022
bvanbanthysen@reitlerlaw.com

By: <u>/s/ Zachary M. Press</u>

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual<br><br>     *Plaintiff*,<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, MACMILLAN PUBLISHERS, LLC, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, CRAZY MAPLE STUDIO, INC., a California corporation<br><br>     *Defendants*. | Case No. 1:22-cv-02435-LLS-SN<br><br><br>**DEFENDANT EMILY SYLVAN KIM'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIFTH SET OF <u>INTERROGATORIES</u>** |

Defendant Emily Sylvan Kim ("**Kim**") by her attorneys, Klaris Law PLLC, hereby

responds to Plaintiff Lynne Freeman's Fifth Set of Interrogatories for Kim (the "Interrogatories")

as follows:

## <u>GENERAL OBJECTIONS</u>

Kim objects generally to the Interrogatories as set forth below (the "**General

Objections**").  Each of the specific responses that follow (the "**Specific Objections**") is made

subject to these objections.   To the extent that Kim responds to interrogatories to which it

objects, such objections are not waived.   In addition, the inadvertent disclosure of privileged

information shall not constitute a waiver of any applicable privilege.

1.     Kim objects to the Interrogatories to the extent they or the Definitions or

Instructions contained therein seek to impose obligations beyond the scope permitted by the

Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for

the Southern District of New York or impose obligations on Kim not imposed by the Federal Rules or by the Local Rules.

2.      No incidental or implied admissions are intended by the responses herein.  That Kim has answered or objected to any Interrogatory should not be taken as an admission that Kim accepts or admits the existence of any fact set forth or assumed by the Interrogatory.  The fact that Kim has answered part or all of any Interrogatory is not intended to be, and shall not be construed to be, a waiver by Kim of any part of any objection to that, or any other, Interrogatory.

3.      Kim objects to the Interrogatories to the extent they seek information that is privileged under law, whether under the attorney-client privilege, as attorney work product, under the common-interest privilege, as material prepared in anticipation of litigation or trial, under the joint defense privilege, or under any other legally cognizable privilege.

4.      Kim objects to the Interrogatories to the extent they seek information that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5.      Kim objects to each and every Interrogatory to the extent that it seeks information that is equally available to Plaintiff, is already in Plaintiff's possession, custody, or control and/or can be obtained independently by Plaintiff with no more burden than would be imposed upon Kim in searching for, obtaining and/or producing such information.

6.      Kim objects to each Interrogatory to the extent that it conflicts with Southern District Local Rule 33.3.

7.      Kim objects to each Interrogatory as overbroad and unduly burdensome to the extent that it can be interpreted in such a way as to require Kim to search for information and materials beyond Kim's possession, custody, or control.

8.      In responding to these Interrogatories, Kim does not waive, and expressly reserves, all objections as to competency, relevance, materiality, and admissibility of the responses or subject matter thereof, as well as objections to any other discovery request.

9.      Kim objects to the Interrogatories to the extent they seek information relating to periods remote in time on the grounds that such documents are not relevant or material to the subject matter of this action.   Unless otherwise specified in Kim's objections and responses herein and subject to any Court order or agreement by the parties to the contrary, Kim shall treat the time period of these Interrogatories as October 1, 2010, to the date Kim was notified of Plaintiff's claims, on February 7, 2022, unless otherwise stated.

10.     Kim objects to these Interrogatories to the extent that Plaintiff has exceeded the 25-per-defendant limit on interrogatories pursuant to F.R.C.P. 33(a)(1).

11.     Kim reserves the right to correct, amend, modify, or supplement these responses from time to time and at any time in the future, as warranted by the circumstances.

## DEFINITIONS

1.      The Uniform Definitions in Discovery Requests of Local Civil Rule 26.3 of the United States District Court for the Southern District of New York are incorporated herein by reference, and unless the context indicates otherwise, the following words and phrases are defined and used herein as follows.  To the extent that there is conflict between those definitions utilized by Plaintiff and the definitions below, the definitions below control.

2. **Complaint**. The term "Complaint" refers to the First Amended Complaint that Plaintiff filed on May 23, 2022, in the United States District Court for the Southern District of New York, Case No. 1:22-cv-02435-LLS-SN.

3. **Document**. The term "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FED. R. CIV. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4. **Parties**. The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5. "**Person**" is defined as any natural person or any legal entity, including without limitation any business or governmental entity or association.

6. **All/Any/Each**. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

7. **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The "***Crave* series**" means the books authored by Defendant Tracy Wolff entitled *Crave, Crush, Covet and Court*. Kim objects to Plaintiff's definition to the extent that it is inclusive of unpublished books *Charm* and *Cherish*, which are not the subject of this action.

9.       **"BMR"** means any and all versions of the manuscript that Plaintiff alleges in the Complaint she wrote, including, but not limited to, the versions entitled "Blue Moon Rising" and "Masqued."  Kim objects to Plaintiff's definition to the extent it is inclusive of a legal conclusion as to copyright infringement.

## SPECIFIC RESPONSES AND OBJECTIONS
## TO THE INTERROGATORIES

**INTERROGATORY NO. 22**

With respect to each book in the CRAVE BOOK SERIES, please update your response to Interrogatory No 3 in Plaintiff Lynne Freeman's Interrogatories to Defendant Emily Sylvan Kim, Set One, to include a description of the source of the revenues, the amount of revenues and the dates when such revenues were received or accrued by YOU in connection with each book in the CRAVE BOOK SERIES, including, but not limited to, any revenues received from any of the other Defendants in this ACTION, up to the date of YOUR response to this Interrogatory.

**RESPONSE**

Kim objects to Interrogatory No. 22 to the extent that the terms "source," "revenues," "amount of revenues," "received," and "accrued" are vague and ambiguous in this context.  Kim further objects to this Interrogatory to the extent that it seeks information already in Plaintiff's custody, possession or control, including information already produced by Prospect/Kim in response to Plaintiff's document requests.  Kim further objects to this Interrogatory on grounds that it seeks confidential or proprietary business information.  Kim further objects to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-defendant limit on interrogatories for this lawsuit.  *See* F.R.C.P. 33(a)(1).  Kim further objects to

this Interrogatory to the extent that Plaintiff is requesting information that she has already provided to Plaintiff.

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, Kim responds as follows: Kim will not provide an updated response to Interrogatory No. 3 and refers Plaintiff to Prospect and Kim's Revised Responses and Objections to Plaintiff's First Set of Interrogatories dated December 2, 2022. Notwithstanding the foregoing, Kim will provide Plaintiff with an updated estimate of its revenues generated in connection with the *Crave* series should damages become relevant later in the litigation.

**INTERROGATORY NO. 23**

With respect to each book in the CRAVE BOOK SERIES, please update your response to Interrogatory No. 4 in Plaintiff Lynne Freeman's Interrogatories to Defendant Emily Sylvan Kim, LLC, Set One, to include all expenses incurred by YOU directly in connection with the writing or exploitation of each book in the CRAVE BOOK SERIES up to the date of your response to this Interrogatory, such response shall include a description of the expenses, the amount of the expenses, and the date of the expenses.

**RESPONSE**

Kim objects to Interrogatory No. 23 to the extent that the terms "expenses," "incurred," "writing," and "exploitations" are vague and ambiguous in this context.  Kim further objects to this Interrogatory to the extent it seeks information already in Plaintiff's custody, possession or control, including information already produced by Prospect/Kim in response to Plaintiff's document requests.  Kim further objects to this Interrogatory on grounds that it seeks

confidential or proprietary business information.  Kim further objects to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-defendant limit on interrogatories for this lawsuit.  *See* F.R.C.P. 33(a)(1).  Kim further objects to this Interrogatory to the extent that Plaintiff is requesting information that she has already provided to Plaintiff.

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, Kim responds as follows: Kim will not provide an updated response to Interrogatory No. 4 and refers Plaintiff to Prospect and Kim's Revised Responses and Objections to Plaintiff's First Set of Interrogatories dated December 2, 2022. Notwithstanding the foregoing, Kim will provide Plaintiff with an updated estimate of her revenues generated in connection with the *Crave* series should damages become relevant later in the litigation.

Dated: New York, NY
       December 30, 2022

                           KLARIS LAW PLLC

                           By: /s/ Lacy H. Koonce, III
                           Lacy H. Koonce, III
                           Zachary M. Press
                           29 Little West 12th Street
                           New York, NY 10014
                           Phone: (917) 612-5861
                           lance.koonce@klarislaw.com
                           zach.press@klarislaw.com

                           *Attorneys for Defendant*
                           *Emily Sylvan Kim*

To:     Mark D. Passin
        CS Reeder, PC
        11766 Wilshire Blvd. Suite 1470
        Los Angeles, CA 90025
        mark@csrlawyers.com

        Paul V. LiCalsi
        Reitler Kailas & Rosenblatt LLC
        855 Third Avenue
        Ste 20th Floor
        New York, NY 10022
        plicalsi@reitlerlaw.com

        Brett Van Benthysen
        Reitler Kailas & Rosenblatt LLC
        855 Third Avenue
        Ste 20th Floor
        New York, NY 10022
        bvanbanthysen@reitlerlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Zachary M. Press, hereby certify that a true and correct complete copy of Defendant

Emily Sylvan Kim's Responses and Objections to Plaintiff's Fifth Set of Interrogatories have

been served on counsel of record for Lynne Freeman by email on December 30, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

and

Brett Van Benthysen
Reitler Kailas & Rosenblatt LLC
855 Third Avenue
Ste 20th Floor
New York, NY 10022
bvanbanthysen@reitlerlaw.com

By: <u>/s/ Zachary M. Press</u>