# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual<br><br>    *Plaintiff*,<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, MACMILLAN PUBLISHERS, LLC, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, CRAZY MAPLE STUDIO, INC., a California corporation<br><br>    *Defendants*. | Case No. 1:22-cv-02435-LLS-SN<br><br>**DEFENDANT PROSPECT AGENCY, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF <u>INTERROGATORIES</u>** |

Defendant Prospect Agency, LLC ("**Prospect**") by its attorneys, Klaris Law PLLC, hereby responds to Plaintiff Lynne Freeman's Third Set of Interrogatories for Prospect (the "Interrogatories") as follows:

<u>**GENERAL OBJECTIONS**</u>

Prospect objects generally to the Interrogatories as set forth below (the "**General Objections**"). Each of the specific responses that follow (the "**Specific Objections**") is made subject to these objections. To the extent that Prospect responds to interrogatories to which it objects, such objections are not waived. In addition, the inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

    1.    Prospect objects to the Interrogatories to the extent they or the Definitions or Instructions contained therein seek to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for

the Southern District of New York or impose obligations on Prospect not imposed by the Federal Rules or by the Local Rules.

2. No incidental or implied admissions are intended by the responses herein. That Prospect has answered or objected to any Interrogatory should not be taken as an admission that Prospect accepts or admits the existence of any fact set forth or assumed by the Interrogatory. The fact that Prospect has answered part or all of any Interrogatory is not intended to be, and shall not be construed to be, a waiver by Prospect of any part of any objection to that, or any other, Interrogatory.

3. Prospect objects to the Interrogatories to the extent they seek information that is privileged under law, whether under the attorney-client privilege, as attorney work product, under the common-interest privilege, as material prepared in anticipation of litigation or trial, under the joint defense privilege, or under any other legally cognizable privilege.

4. Prospect objects to the Interrogatories to the extent they seek information that is not relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5. Prospect objects to each and every Interrogatory to the extent that it seeks information that is equally available to Plaintiff, is already in Plaintiff's possession, custody, or control and/or can be obtained independently by Plaintiff with no more burden than would be imposed upon Prospect in searching for, obtaining and/or producing such information.

6. Prospect objects to each Interrogatory to the extent that it conflicts with Southern District Local Rule 33.3.

7. Prospect objects to each Interrogatory as overbroad and unduly burdensome to the extent that it can be interpreted in such a way as to require Prospect to search for information and materials beyond Prospect's possession, custody, or control.

8. In responding to these Interrogatories, Prospect does not waive, and expressly reserves, all objections as to competency, relevance, materiality, and admissibility of the responses or subject matter thereof, as well as objections to any other discovery request.

9. Prospect objects to the Interrogatories to the extent they seek information relating to periods remote in time on the grounds that such documents are not relevant or material to the subject matter of this action.   Unless otherwise specified in Prospect's objections and responses herein and subject to any Court order or agreement by the parties to the contrary, Prospect shall treat the time period of these Interrogatories as October 1, 2010, to the date Prospect was notified of Plaintiff's claims, on February 7, 2022, unless otherwise stated.

10. Prospect objects to these Interrogatories to the extent that Plaintiff has exceeded the 25-per-Defendant limit on interrogatories pursuant to F.R.C.P 33(a)(1).

11. Prospect reserves the right to correct, amend, modify, or supplement these responses from time to time and at any time in the future, as warranted by the circumstances.

**DEFINITIONS**

1. The Uniform Definitions in Discovery Requests of Local Civil Rule 26.3 of the United States District Court for the Southern District of New York are incorporated herein by reference, and unless the context indicates otherwise, the following words and phrases are defined

and used herein as follows. To the extent that there is conflict between those definitions utilized by Plaintiff and the definitions below, the definitions below control.

2. **Complaint**. The term "Complaint" refers to the First Amended Complaint that Plaintiff filed on May 23, 2022, in the United States District Court for the Southern District of New York, Case No. 1:22-cv-02435-LLS-SN.

3. **Document**. The term "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in FED. R. CIV. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4. **Parties**. The terms "Plaintiff" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

5. "**Person**" is defined as any natural person or any legal entity, including without limitation any business or governmental entity or association.

6. **All/Any/Each**. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

7. **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8. The "***Crave* series**" means the books authored by Defendant Tracy Wolff entitled *Crave, Crush, Covet and Court.* Prospect objects to Plaintiff's definition to the extent that it is inclusive of unpublished books *Charm* and *Cherish*, which are not the subject of this action.

9. **"BMR"** means any and all versions of the manuscript that Plaintiff alleges in the Complaint she wrote, including, but not limited to, the versions entitled "Blue Moon Rising" and "Masqued." Prospect objects to Plaintiff's definition to the extent it is inclusive of a legal conclusion as to copyright infringement.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE INTERROGATORIES

**INTERROGATORY NO. 8**

Identify by name, company, address or e-mail address, as applicable, and date sent, all individuals to whom YOU sent a copy of any version of BMR.

**RESPONSE**

Prospect objects to Interrogatory No. 8 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking information not relevant to any party's claims. Prospect further objects to this Interrogatory to the extent that it seeks information that is within the possession, custody, or control of Plaintiff or Plaintiff's counsel, or that Plaintiff may access as readily as Prospect, or has already been produced in document discovery.

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, if needed, based on information obtained during discovery in this action, Prospect responds as follows: Prospect identifies the following individuals and companies to whom Prospect sent BMR on behalf of Lynn Freeman, and with her knowledge:

1. Laura Arnold: Razorbill

2. Mary Kate Castellani: Walker Books

3. Alexandra Penfold: Paula Wiseman Books

4. Margo Lipschultz: Harlequin

5. Julia Scheina: Little Brown

6. Susan Chang: Tor

7. Kate Farrel: Holt

8. Harper UK: Via Whitney Lee

9. Harper US: Sarah Barley Dotts

10. Stephanie Owens Lurie: Hyperion

11. Sara Goodman: St Martins

12. Melissa Frain: Tor

13. Kate Kaynak: Spencer Hill

14. Wendy Loggia: Delacorte

15. Kate Jacobs: Roaring Brook

16. Caroline Abbey: Bloomsbury

17. Shauna Fey: Putnam

18. Kate Harrison: Dial

19. Sally Mordridge: Holiday House

20. Lynne Polvino: Houghton Mifflin Harcourt

21. Stacy Abrams: Entangled

22. Kat Brzozowski: St Martins

23. Julie Ham: Charlesbridge

**INTERROGATORY NO. 9**

Describe in detail each and every fact that supports or negates each denial of the allegations in Lynne Freeman's First Amended Complaint filed in this ACTION set forth in the KLARIS FIRM DEFENDANTS' ANSWER.

**RESPONSE**

Prospect objects to Interrogatory No. 9 to the extent it is premature. Prospect further objects to this Request as vague and ambiguous with respect to its use of the terms "supports" and "negates." Prospect further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Prospect further objects to this Interrogatory to the extent that it seeks information that is within the possession, custody, or control of Plaintiff or Plaintiff's counsel, or that Plaintiff may access as readily as Prospect, or that is publicly available.

Prospect further objects because interrogatories seeking a recitation of facts supporting a claim or a defense are plainly improper and place an undue burden on the responding party. *See, e.g.*, *Fishon v. Peloton Interactive, Inc.*, 19-CV-11711 (S.D.N.Y Sept. 9, 2021), *citing* Michael Silberberg, Edward M. Spiro & Judith L. Mogul, Civil Practice in the Southern District of New

York § 20:7 (2020) ("Contention interrogatories . . . they are not an excuse to inflict burden by requiring an adversary to spew out numerous factual details or to regurgitate all factual information obtained during discovery."); *see also Rivers v. Safesite Nat. Bus. Records Mgmt. Corp.*, 1995 WL 510034, at *1 (S.D.N.Y. Aug. 28, 1995).

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, if needed, based on information obtained during discovery in this action, Prospect responds as follows: Prospect will not respond to this interrogatory.

**INTERROGATORY NO. 10**

Describe in detail each and every fact that supports or negates the First Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**INTERROGATORY NO. 11**

Describe in detail each and every fact that supports or negates the Second Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**INTERROGATORY NO. 12**

Describe in detail each and every fact that supports or negates the Sixth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**INTERROGATORY NO. 13**

Describe in detail each and every fact that supports or negates the Eighth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**INTERROGATORY NO. 14**

Describe in detail each and every fact that supports or negates the Tenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**INTERROGATORY NO. 15**

Describe in detail each and every fact that supports or negates the Eleventh Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**INTERROGATORY NO. 16**

Describe in detail each and every fact that supports or negates the Thirteenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**INTERROGATORY NO. 17**

Describe in detail each and every fact that supports or negates the Fifteenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**INTERROGATORY NO. 18**

Describe in detail each and every fact that supports or negates the Sixteenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**INTERROGATORY NO. 19**

Describe in detail each and every fact that supports or negates the Seventeenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**INTERROGATORY NO. 20**

Describe in detail each and every fact that supports or negates the Nineteenth Affirmative Defense alleged in the KLARIS FIRM DEFENDANTS' ANSWER.

**RESPONSE**

Prospect objects to Interrogatories Nos. 11-21 to the extent they are premature. Prospect further objects to these Requests as vague and ambiguous with respect to their use of the terms "supports" and "negates." Prospect further objects to these Interrogatories to the extent they seek information protected by the attorney-client privilege and/or work product doctrine. Prospect further objects to these Interrogatories to the extent they seek information that is within the possession, custody, or control of Plaintiff or Plaintiff's counsel, or that Plaintiff may access as readily as Prospect, or that is publicly available.

Defendant further objects because interrogatories seeking a recitation of facts supporting a claim or a defense are plainly improper and place an undue burden on the responding party. *See*, *e.g.*, *Fishon v. Peloton Interactive, Inc.*, 19-CV-11711 (S.D.N.Y Sept. 9, 2021), *citing* Michael Silberberg, Edward M. Spiro & Judith L. Mogul, Civil Practice in the Southern District of New York § 20:7 (2020) ("Contention interrogatories . . . they are not an excuse to inflict burden by requiring an adversary to spew out numerous factual details or to regurgitate all factual information obtained during discovery."); *see also Rivers v. Safesite Nat. Bus. Records Mgmt. Corp.*, 1995 WL 510034, at *1 (S.D.N.Y. Aug. 28, 1995).

Subject to and without waiving any Specific or General Objections, and without prejudice to supplementation of this response, if needed, based on information obtained during discovery in this action, Prospect responds as follows: Prospect will not respond to Interrogatories 11-21.

Dated: New York, NY
December 23, 2022

KLARIS LAW PLLC

By: *Lacy H. Koonce, III* (signature)

Lacy H. Koonce, III
Zachary M. Press
29 Little West 12th Street
New York, NY 10014
Phone: (917) 612-5861
lance.koonce@klarislaw.com
zach.press@klarislaw.com

*Attorneys for Defendant
Emily Sylvan Kim*

To: Mark D. Passin
CS Reeder, PC
11766 Wilshire Blvd. Suite 1470
Los Angeles, CA 90025
mark@csrlawyers.com

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
855 Third Avenue
Ste 20th Floor
New York, NY 10022
plicalsi@reitlerlaw.com

Brett Van Benthysen
Reitler Kailas & Rosenblatt LLC
855 Third Avenue
Ste 20th Floor
New York, NY 10022
bvanbanthysen@reitlerlaw.com

## CERTIFICATE OF SERVICE

I, Lacy H. Koonce, III, hereby certify that a true and correct complete copy of Defendant Prospect Agency, LLC's Responses and Objections to Plaintiff's Third Set of Interrogatories have been served on counsel of record for Lynne Freeman by email on December 23, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

and

Brett Van Benthysen
Reitler Kailas & Rosenblatt LLC
855 Third Avenue
Ste 20th Floor
New York, NY 10022
bvanbanthysen@reitlerlaw.com

By: *Lacy H Koonce III*