# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, an individual<br><br>*Plaintiff*,<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, MACMILLAN PUBLISHERS, LLC, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company.<br><br>*Defendants*. | Case No. 1:22-cv-02435-LLS-SN<br><br>**DEFENDANTS PROSPECT AGENCY LLC AND EMILY SYLVAN KIM'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH REQUEST FOR THE <u>PRODUCTION OF DOCUMENTS</u>** |

Defendants Prospect Agency, LLC and Emily Sylvan Kim (together, "**Prospect**") by their attorneys, Klaris Law PLLC, hereby respond to Plaintiff Lynne Freeman's Fourth Request for the Production of Documents (collectively, the "Requests" and each individually, a "Request") as follows:

## GENERAL OBJECTIONS

Prospect objects generally to the Requests as set forth below (the "**General Objections**"). Each of the specific responses that follow (the "**Specific Objections**") is made subject to these objections. To the extent that Prospect responds to requests to which it objects, such objections are not waived. In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege.

1. Any production that Prospect agrees to make in response to these Requests will not be made before and is subject to the occurrence and terms of the Court's entry of a protective order governing the production of documents in this action.

2. Prospect objects to the demand within the Requests that production take place within 30 days of service of the Requests. Prospect will produce non-privileged, responsive documents as applicable per the below Specific Responses and Objections on a rolling basis and within a reasonable time as required by FED. R. CIV. P. 34(b)(2)(B) as determined with reference to the burden and scope of the Requests and the parties' present intent to negotiate and agree to document search terms and custodians.

3. Prospect objects to the Requests to the extent they or the Definitions or Instructions contained therein seek to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Southern District of New York or impose obligations on Prospect not imposed by the Federal Rules or by the Local Rules.

4. Prospect objects to the Requests to the extent they seek documents or information protected by the attorney-client privilege, work-product privilege, common-interest privilege, joint defense privilege, reporter's privilege, or any other applicable privilege. To the extent that any document which is properly the subject of privilege is produced, such production is inadvertent and not to be construed as a waiver of any privilege.

5. Prospect objects to the Requests to the extent they seek disclosure of documents from persons or entities over whom Prospect has no control, or otherwise seek documents not in Prospect's possession, custody, or control.

6. Prospect objects to the Requests to the extent that they seek documents or information that would be unduly burdensome to obtain.

7. Prospect objects to the Requests to the extent that they are vague, ambiguous, overbroad, unreasonably duplicative, oppressive, or harassing.

8. Prospect objects to the Requests to the extent that they seek information that is publicly available.

9. Prospect objects to the Requests to the extent that they seek confidential commercial, customer, or proprietary information or information that Prospect received in confidence and/or is obligated to treat confidentially. Subject to and without waiving said objection, Prospect will produce responsive, non-privileged documents containing such confidential and/or proprietary information subject to the entry of an appropriate protective order.

10. Prospect objects to the Requests to the extent that they seek material not relevant to any party's claim or defense or proportional to the needs of the case, given the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of this Request compared with its likely benefit.

11. A response that Prospect will produce documents responsive to any individual request does not imply that Prospect has located any responsive document, but only that Prospect will produce all such non-privileged documents that it locates through good faith efforts and reasonable diligence.

12. Prospect objects to the Requests to the extent they seek documents relating to periods remote in time on the grounds that such documents are not relevant or material to the subject matter of this action. Unless otherwise specified in Prospect's objections and responses herein and subject to any Court order or agreement by the parties to the contrary, Prospect shall treat the time period of these Requests as October 1, 2010, to the date Prospect was notified of Plaintiff's claims, on February 7, 2022, unless otherwise stated.

3

13. Prospect's investigation is on-going, and Prospect specifically reserves the right to correct, amend, modify or supplement its responses to the Requests at any time in the future, as warranted by the circumstances.

## DEFINITIONS

1. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

2. The Definitions set forth in Defendants' First Set of Requests for the Production of Documents dated July 15, 2022 are incorporated herein by reference.

## SPECIFIC OBJECTIONS

**REQUEST NO. 1**

All DOCUMENTS CONCERNING the payment or crediting of any money to any of the DEFENDANTS in connection with the sale, licensing or other exploitation of any of the books in the CRAVE BOOK SERIES that either of YOU have not previously produced in this action to FREEMAN, including, but not limited to, any statements or accountings from ENTANGLED.

**RESPONSE**

Prospect objects to Request No. 1 as vague and ambiguous as to its use of the term "exploitation," and will interpret this term according to the federal and local rules and, as necessary, according to its plain meaning. Prospect further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint, and is duplicative of prior requests.

Subject to and without waiving any Specific or General Objections, Prospect responds as

follows: Prospect will provide all responsive, non-privileged documents not previously produced, to the extent that such documents exist.

**REQUEST NO. 2**

All DOCUMENTS CONCERNING any expenses incurred by any of the DEFENDANTS in connection with the manufacturing, distribution, sales, licensing or other exploitation of any of the books in the CRAVE BOOK SERIES that any of YOU have not previously produced to FREEMAN in this action.

**RESPONSE**

Prospect objects to Request No. 2 as vague and ambiguous as to its use of the term "exploitation," and will interpret this term according to the federal and local rules and, as necessary, according to its plain meaning. Prospect further objects to this Request as overly broad, unduly burdensome, not proportional to the needs of this case, seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint, and is duplicative of prior Requests.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has provided all responsive, non-privileged documents within its custody, possession or control. Prospect will not produce any additional documents responsive to this Request.

**REQUEST NO. 3**

All audit reports relating to any of the books in the CRAVE BOOK SERIES.

**RESPONSE**

Prospect objects to Request No. 3 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect does not have any such documents within its custody, possession or control responsive to this Request.

**REQUEST NO. 4**

DOCUMENTS sufficient to establish KIM'S current net worth.

**REQUEST NO. 5**

All federal and state income tax returns filed within the last five (5) years by KIM, or jointly with any other person or entity, together with all accompanying work sheets, amendments, adjustments, extension requests, schedules, and all correspondence relating thereto.

**REQUEST NO. 6**

All DOCUMENTS sufficient to establish all assets owned by KIM individually or with anyone else.

**REQUEST NO. 7**

All DOCUMENTS sufficient to establish the value of all assets owned by KIM individually or with anyone else.

**REQUEST NO. 8**

Employer's report of income (wage and tax statement, form W-2 statements, form 1099, form K-1's) and any and all other documents reflecting income and/or other monies received by

6

KIM in any manner whatsoever, from any and all sources, individually or jointly with any other person, for the calendar year 2022.

**REQUEST NO. 9**

Any and all documents evidencing source and amounts of all monies or credits of any matter whatsoever not reflected in KIM's federal or state income tax returns received by KIM or credited to KIM, within the last five years, including but not limited to, gifts received by KIM, repayment of loans to KIM, sale of assets, disability benefits, nontaxable distributions, etc. as well as income received as a result of any ownership interest in any limited partnership, limited liability company, limited liability partnership, corporation, joint venture, trust, or other business entity.

**REQUEST NO. 10**

DOCUMENTS sufficient to establish the amount of money KIM has in any bank accounts or other accounts (a) owned by KIM or standing in her name, individually or jointly with any other person or entity, (b) owned by or standing in the name of her spouse, individually or jointly with her or any other person or entity, and (c) owned by or standing in the name of any corporation, partnership, limited partnership, joint venture, trust or other entity in which she has any interest.

**REQUEST NO. 11**

Financial statements, whether prepared on a cash basis and/or accrual basis, including balance sheets and profit and loss statements, prepared by or for KIM, individually or jointly with any other person or entity, within the last five years to the date of production.

**REQUEST NO. 12**

All credit or loan applications for all credit or loans applied for by KIM within the last five years, whether or not taken or approved.

**REQUEST NO. 13**

Books of account, cash receipts and disbursement ledgers, and all other documents reflecting income, expenses, and/or assets and liabilities of Kim, individually or jointly with any other person including her spouse, her children, and any business entity, prepared within the last five (5) years.

**REQUEST NO. 14**

DOCUMENTS sufficient to establish any and all real property owed by KIM individually or jointly, including, but not limited to, any deed.

**REQUEST NO. 15**

DOCUMENTS sufficient to evidence all liabilities of KIM individually or jointly with her husband or anyone else, including, but not limited to any mortgage statement.

**REQUEST NO. 16**

DOCUMENTS sufficient to establish the value of any retirement, pension, profit sharing, stock option, deferred compensation, or any other employee benefit plan in which KIM has an interest.

**REQUEST NO. 17**

DOCUMENTS sufficient to establish KIM's ownership that she has in any business, whether it be a corporation, limited liability company, partnership, sole proprietorship, or other type of business, including, but not limited to PROSPECT.

**REQUEST NO. 18**

DOCUMENTS sufficient to establish PROSPECT'S current net worth.

**REQUEST NO. 19**

All federal and state income tax returns filed within the last five (5) years by PROSPECT, or jointly with any other person or entity, together with all accompanying work sheets, amendments, adjustments, extension requests, schedules, and all correspondence relating thereto.

**REQUEST NO. 20**

DOCUMENTS sufficient to establish all assets owned by PROSPECT individually or with anyone else.

**REQUEST NO. 21**

DOCUMENTS sufficient to establish the value of all assets owned by PROSPECT individually or with anyone else.

**REQUEST NO. 22**

DOCUMENTS sufficient to establish all liabilities of PROSPECT.

**REQUEST NO. 23**

Any and all balance sheets of PROSPECT prepared within the last five years, including, but not limited to, it most current balance sheet.

**REQUEST NO. 24**

Any and all profit and loss statements of PROSPECT prepared within the last five years.

**REQUEST NO. 25**

Any and all income statements of PROSPECT prepared within the last five (5) years.

**REQUEST NO. 26**

Any and all financial statements of PROSPECT prepared within the last five years.

**REQUEST NO. 27**

DOCUMENTS sufficient to establish the amount of money PROSPECT has in any bank accounts or other accounts.

**REQUEST NO. 28**

All credit or loan applications for all credit or loans applied for by PROSPECT within the last five years, whether or not taken or approved.

**REQUEST NO. 29**

Books of account, cash receipts and disbursement ledgers, and all other documents reflecting income, expenses, and/or assets and liabilities of PROSPECT prepared within the last five (5) years.

**REQUEST NO. 30**

DOCUMENTS sufficient to establish any and all real property owed by PROSPECT individually or jointly, including, but not limited to, any deed.

**RESPONSES TO REQUESTS NOS. 4-30**

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect will not produce documents in response to Requests 4-30 pursuant to the Court's Protective Order dated February 24, 2023 (Dkt. 136, at 3).

To the extent that Prospect has already produced documents responsive to these Requests, it will not claw such documents back but does not waive these objections.

**REQUEST NO. 31**

All expense reports submitted to PROSPECT by or on behalf of KIM CONCERNING any books in the CRAVE BOOK SERIES.

**RESPONSE**

Prospect objects to Request No. 31 as overly broad, unduly burdensome, not proportional to the needs of this case, and seeking documents not relevant to any party's claims or defenses, especially insofar as the requests seek "all" documents, irrespective of whether such documents pertain to the legal claims asserted in the Complaint. Prospect further objects that this Request is duplicative of prior Requests.

Subject to and without waiving any Specific or General Objections, Prospect responds as follows: Prospect has already produced to Plaintiff all responsive, non-privileged documents to the extent that such documents exist.

Dated: New York, NY
       March 6, 2023

                                          KLARIS LAW PLLC

                                          By: /s/ Lacy H. Koonce, III
                                          Lacy H. Koonce, III
                                          Zachary M. Press
                                          29 Little West 12th Street
                                          New York, NY 10014
                                          Phone: (917) 612-5861
                                          lance.koonce@klarislaw.com
                                          zach.press@klarislaw.com

                                          *Attorneys for Defendants*
                                          *Prospect Agency, LLC and*
                                          *Emily Sylvan Kim*

To:    Mark D. Passin
        CSReeder, PC
        11766 Wilshire Blvd., Suite 1470
        Los Angeles, CA 90025
        mark@csrlawyers.com

        Paul V. LiCalsi
        Reitler Kailas & Rosenblatt LLC
        885 Third Avenue, Ste 20th Floor
        New York, NY 10022
        plicalsi@reitlerlaw.com

        Brett Van Benthysen
        Reitler Kailas & Rosenblatt LLC
        855 Third Avenue, Ste 20th Floor
        New York, NY 10022
        bvanbanthysen@reitlerlaw.com

        Scott Alan Burroughs
        Doniger / Burroughs
        603 Rose Ave
        Venice, CA 90291
        scott@donigerlawfirm.com

        Laura Maria Zaharia
        Doniger/Burroughs
        247 Water Street
        Ste First Floor
        New York, NY 10038
        lzaharia@donigerlawfirm.com

## CERTIFICATE OF SERVICE

I, Zachary M. Press, hereby certify that a true and correct complete copy of Defendants Prospect Agency, LLC and Emily Sylvan Kim's Responses to Plaintiff's Fourth Set of Requests for the Production of Documents has been served on counsel of record for Lynne Freeman by email on March 6, 2023, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
mark@csrlawyers.com

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
plicalsi@reitlerlaw.com

Brett Van Benthysen
Reitler Kailas & Rosenblatt LLC
855 Third Avenue, Ste 20th Floor
New York, NY 10022
bvanbanthysen@reitlerlaw.com

Scott Alan Burroughs
Doniger / Burroughs
603 Rose Ave
Venice, CA 90291
scott@donigerlawfirm.com

and

Laura Maria Zaharia
Doniger/Burroughs
247 Water Street
Ste First Floor
New York, NY 10038
lzaharia@donigerlawfirm.com

By: s/ Zachary M. Press