# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
<u>**SOUTHERN DISTRICT OF NEW YORK**</u>

| | |
|---|---|
| LYNNE FREEMAN, an individual,<br><br>          *Plaintiff*,<br><br>   -against-<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY<br>WOLFF, an individual, EMILY SYLVAN KIM, an<br>individual, PROSPECT AGENCY, LLC, a New<br>Jersey limited liability company, ENTANGLED<br>PUBLISHING, LLC, a Delaware limited liability<br>company, HOLTZBRINCK PUBLISHERS, LLC<br>D/B/A MACMILLAN, a New York limited liability<br>company, UNIVERSAL CITY STUDIOS, LLC, a<br>Delaware limited liability company, and CRAZY<br>MAPLE STUDIO, INC., a California Corporation,<br><br>          *Defendants*. | Case No. 1:22-cv-02435 (LLS)(SN) |

**DEFENDANTS TRACY DEEBS-ELKENANEY P/K/A
TRACY WOLFF, ENTANGLED PUBLISHING, LLC, HOLTZBRINCK
PUBLISHERS, LLC D/B/A MACMILLAN, AND UNIVERSAL CITY STUDIOS
LLC'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S
<u>REQUEST FOR THE PRODUCTION OF DOCUMENTS, SET FOUR</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Tracy

Deebs-Elkenaney p/k/a Tracy Wolff ("Wolff"), Entangled Publishing, LLC ("Entangled"),

Holtzbrinck Publishers, LLC d/b/a Macmillan ("Macmillan"), and Universal City Studios LLC

("Universal" and collectively, "Entangled Defendants"), via its undersigned counsel, provides the

following objections and revised responses to Plaintiff Lynne Freeman's ("Plaintiff") Request for

the Production of Documents, Set Four dated February 3, 2023, (each, a "Request" and,

collectively, the "Requests") in the above-captioned matter as follows:

## **GENERAL OBJECTIONS**

Entangled Defendants make the following General Objections to the Requests. These General Objections apply to each of the Requests, as set forth immediately below. The assertion of the same, similar, or additional objections in response to a specific Request does not waive any of Entangled Defendants' General Objections:

1.      Entangled Defendants object to each Request to the extent it seeks production of documents that constitute or contain confidential or proprietary information belonging to Entangled Defendants. Entangled Defendants will produce documents or information only under the terms of an appropriate protective order entered in the above-captioned action.

2.      Entangled Defendants object to each Request to the extent it requires that Entangled Defendants create documents not already in existence, process documents in a manner outside Entangled Defendants' ordinary course of business, or purport to impose other obligations beyond, or inconsistent with, those imposed by the Federal Rules or any other applicable statute, regulation, rule, or court order.

3.      Entangled Defendants object to each Request to the extent it purports to require production of documents that are not within Entangled Defendants' possession, custody, or control. Entangled Defendants will produce responsive documents only with respect to information or documents within its possession, custody, and/or control.

4.      Entangled Defendants object to each Request as unduly burdensome to the extent it seeks documents already available to Plaintiff, or in the possession, custody, or control of Plaintiff.

5.      Entangled Defendants object to each Request as unduly burdensome to the extent it seeks documents contained in public records or otherwise in the public domain and/or

accessible to all parties.

6.      Entangled Defendants object to each Request to the extent that it assumes disputed facts or legal conclusions in defining the documents requested. Entangled Defendants deny any such disputed facts or legal conclusions to the extent assumed by each Request. Any response or objection by Entangled Defendants to any such Request is without prejudice to this objection.

7.      Entangled Defendants object to each Request to the extent that it seeks documents subject to a confidentiality obligation owed to a non-party to this lawsuit. Entangled Defendants will attempt to obtain permission of any such non-party to disclose the requested documents. With respect to any non-party that does not provide to Entangled Defendants permission to disclose such documents, Entangled Defendants will provide the identity of such non-party and a description of the documents in Entangled Defendants' custody, possession, or control sufficient to allow Plaintiff to request the documents directly from such non-party (or permission for Entangled Defendants to disclose such information).

8.      Entangled Defendants object to each Request to the extent it seeks the admission or denial of material facts, which is an appropriate subject for a request for admission but not a request for documents.

9.      Entangled Defendants object to each Request to the extent that it calls for the disclosure of information beyond that required by the Federal Rules of Civil Procedure.

10.     Entangled Defendants object to each Request to the extent it seeks documents prepared in anticipation of litigation or otherwise protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Entangled Defendants do not waive, and intend to preserve, any applicable privilege. Any

production of such documents shall have been inadvertent and shall not constitute waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure.

11.     In responding and objecting to these Requests, Entangled Defendants do not concede that any of the documents sought or provided are relevant to the claims of any party, proportional to the needs of the case, or admissible in evidence.

12.     In responding to these Requests, Entangled Defendants do not in any way waive any objections to these Requests, Instructions, or Definitions that Entangled Defendants may later assert, including but not limited to competency, relevance, materiality, admissibility, vagueness, and overbreadth. Entangled Defendants expressly reserve the right to object to the use of any responses below in any subsequent proceedings or any other action. Entangled Defendants further reserve the right to object to additional discovery into the subject matter of the Requests.

13.     To the extent Entangled Defendants seek to provide documents in response to portions of a Request that is vague or ambiguous, Entangled Defendants will make a good-faith effort to interpret each Request.

14.     A response that Entangled Defendants shall disclose the documents responsive to any Request is not and shall not be construed as a representation that such documents exist. Such an answer indicates only that Entangled Defendants will disclose all such non-privileged documents that it locates through good-faith efforts and reasonable diligence, to the extent any such non-privileged documents exist, if there is otherwise no objection to the Request.

15.     Entangled Defendants object to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which are not part of this

litigation, and the latter has not been publicly released. Subject to the foregoing objections, Entangled Defendants will interpret the definition of "CRAVE BOOK SERIES" to mean the books *Crave*, *Crush*, *Covet*, and *Court*.

16.     Entangled Defendants object to the Requests to the extent they are unlimited in temporal scope, and, in fact, there is no temporal scope identified whatsoever. Entangled Defendants further object to each Request not tied to a reasonable date range as overly broad, unduly burdensome, harassing in nature, and constituting a fishing expedition that is not reasonably likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Entangled Defendants will provide information from the time period between January 1, 2010 and February 6, 2022.

17.     Entangled Defendants object to the definition of "UNIVERSAL" as "defendant Universal City Studios, LLC, including any former or present parent, subsidiary, affiliate, division, joint venturer, partner, predecessor or successor in interest or, where applicable, any officer, director, employee, representative, independent contractor, attorney, accountant or agent acting on behalf of, or at the direction of, or in concert with Universal City Studios, LLC" as overly broad and unduly burdensome. Universal City Studios LLC shall respond only on its own behalf.

18.     Entangled Defendants object to each Request that does not specifically request documents from a specific Defendant as vague, overly board, and unduly burdensome.

19.     Entangled Defendants object to the Requests to the extent they call for the production of documents before a protective order is ordered by the Court and will respond to each such Request on behalf on the appropriate Defendant.

20.     Entangled Defendants reserve the right to supplement, alter, or amend these

Objections and Responses, if necessary or appropriate.

## SPECIFIC OBJECTIONS AND RESPONSES

### Request No. 1

All DOCUMENTS CONCERNING the payment or crediting of any money to any of the DEFENDANTS in connection with the sale, licensing or other exploitation of any of the books in the CRAVE BOOK SERIES that any of YOU have not previously produced to FREEMAN in this action, including, but not limited to, any statements or accountings from ENTANGLED or MACMILLAN.

### Response to Request No. 1

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the terms "sale," "licensing," and "exploitation." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll documents," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they have already produced to Plaintiff responsive, non-privileged documents to the extent such

documents exist. Subject to and without waiver of the foregoing objections, Entangled Defendants further state that in the event this case is not dismissed after summary judgement briefing, within 45 days of the Judge's order, Entangled Defendants will produce any additional responsive, non-privileged documents, to the extent such documents exist.

**Request No. 2**

All DOCUMENTS CONCERNING any expenses incurred by any of the DEFENDANTS in connection with the manufacturing, distribution, sales, licensing or other exploitation of any of the books in the CRAVE BOOK SERIES that any of YOU have not previously produced to FREEMAN in this action.

**Response to Request No. 2**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the terms "manufacturing," "distribution," "sale," "licensing," and "exploitation." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll documents," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they have already produced to Plaintiff responsive, non-privileged documents to the extent such documents exist. Subject to and without waiver of the foregoing objections, Entangled Defendants further state that in the event this case is not dismissed after summary judgement briefing, within 45 days of the Judge's order, Entangled Defendants will produce any additional responsive, non-privileged documents, to the extent such documents exist.

**Request No. 3**

All audit reports relating to any of the books in the CRAVE BOOK SERIES.

**Response to Request No. 3**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "audit report." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll audit reports," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they do not have within their custody, possession or control any documents responsive to this Request.

**Request No. 4**

All of ENTANGLED'S monthly balance sheets for 2020 and 2022.

**Response to Request No. 4**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "monthly balance sheets." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll audit reports," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state they will use reasonable efforts to produce responsive, non-privileged documents that have not already been produced to the extent such documents exist.

**Request No. 5**

All of ENTANGLED'S monthly balance sheets that any of YOU have not previously produced to FREEMAN in this action for the year 2021, including, but not limited to, the monthly balance sheets for January, February, March, April, May, November and December of 2021.

**Response to Request No. 5**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of Request No. 4 and the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "monthly balance sheet." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll of ENTANGLED'S monthly balance sheets," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state they will use reasonable efforts to produce responsive, non-privileged documents that have not already been produced to the extent such documents exist.

**Request No. 6**

All of ENTANGLED'S monthly income statements that any of YOU have not previously produced to FREEMAN in this action, including, but not limited to, the statements for each month

in 2020 and 2022 and the statements for the months of January, February, March, April, May, November and December of 2021.

**Response to Request No. 6**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to the extent this Request calls for the disclosure of information unrelated to the Crave Book Series. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "monthly income statements." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll of ENTANGLED'S monthly income statements," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state they will use reasonable efforts to produce responsive, non-privileged documents that have not already been produced to the extent such documents exist.

**Request No. 7**

Any royalty statements from ENTANGLED to WOLFF for any of the books in the CRAVE BOOK SERIES that any of YOU have not previously produced to FREEMAN in this

action, including, but not limited to, the statement for the period November 2022 through January 2023.

**Response to Request No. 7**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "royalty statements." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ny royalty statement," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they have already produced to Plaintiff responsive, non-privileged documents to the extent such documents exist. Subject to and without waiver of the foregoing objections, Entangled Defendants further state that in the event this case is not dismissed after summary judgement briefing, within 45 days of the Judge's order, Entangled Defendants will produce any additional responsive, non-privileged documents, to the extent such documents exist.

**Request No. 8**

All annual royalty reports from ENTANGLED to WOLFF for any of the books in the CRAVE BOOK SERIES that any of YOU have not previously produced to FREEMAN in this action, including, but not limited to, the reports for the book entitled Crush for the years 2020, 2021 and 2022.

**Response to Request No. 8**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of Request No. 7 and the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll annual royalty reports," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they have already produced to Plaintiff responsive, non-privileged documents to the extent such documents exist. Subject to and without waiver of the foregoing objections, Entangled Defendants further state that in the event this case is not dismissed after summary judgement briefing, within 45 days of the Judge's order, Entangled Defendants will produce any additional responsive, non-privileged documents, to the extent such documents exist.

**Request No. 9**

All royalty reports from ENTANGLED to WOLFF for any of the books in the CRAVE BOOK SERIES that any of YOU have not previously produced to FREEMAN.

**Response to Request No. 9**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of Request Nos. 7 and 8 and the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll royalty reports," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they have already produced to Plaintiff responsive, non-privileged documents to the extent such documents exist. Subject to and without waiver of the foregoing objections, Entangled Defendants further state that in the event this case is not dismissed after summary judgement briefing, within 45 days of the Judge's order, Entangled Defendants will produce any additional responsive, non-privileged documents, to the extent such documents exist.

**Request No. 10**

All statements prepared by or on behalf of MACMILLAN reporting sales for each of the books in the CRAVE BOOK SERIES that any of YOU have not previously produced to FREEMAN in this action, including, but not limited to, the following statements:

a. The statement for September through December 2022 for Crave ISBN number 1649373872.

b. The statements for April through December 2020, January through August 2021, October through December 2021, January 2022, March 2022, June 2022 and August through December 2022 for Crave ISBN number 1649371918.

c. The statement for October through December 2022 for Crave ISBN number 1640638962.

d. The statement for October through December 2022 for Crave ISBN number 1640638954.

e. The statement for August 2020 for Crush ISBN number 1682815781.

f. The statement for August 2020 for Crush ISBN number 1682815854.

g. The statement for October through December 2022 for Crush ISBN number 1682815854.

h. The statement for October through December 2022 for Crush ISBN number 1682815781.

i. The statement for February 2021 for Covet ISBN number 168281615X.

j. The statement for January 2022 for Covet ISBN number 1649371071.

k. The statements for February 2021, January 2022, April through May 2022, July 2022 and September through December 2022 for Covet ISBN number 1649371055.

l. The statements for May 2021, January 2022 and November through December 2022 for Covet ISBN number 1649371063.

m. The statement for October through December 2022 for Covet ISBN number 1682815811.

n. The statement for October through December 2022 for Covet ISBN number 168281615X.

o.  The statement for September through October 2021 for Covet ISBN number 1649371071.

p.  The statements for May 2021, September through October 2021, November through December 2021, January 2022, April 2022, July 2022 and September through December 2022 for Covet ISBN number 1649371063.

q.  The statements for February 2021, January 2022, April through May 2022, July 2022 and September through December 2022 for Covet ISBN number 1649371055.

r.  The statement for October through December 2022 for Court ISBN number 1649371837.

s.  The statement for October through December 2022 for Court ISBN number 1649370601.

t.  The statements for January 2022 and October through December 2022 for Court ISBN number 164937061X.

u.  The statement for September through December 2022 for Court ISBN number 1649371802.

v.  The statements for March, May and July of 2022 and September through December 2022 for Court ISBN number 1649371810.

w.  The statement for October through December 2022 for Court ISBN number 1649371829.

x.  The statements for March, May, July and December 2022 for Court ISBN number 1649371810.

y.  The statement for September through December 2022 for Court ISBN number 1649371802.

z.  The statement for January 2022 for Court ISBN number 164937061X.

**Response to Request No. 10**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained

in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "statement." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll statements," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they have already produced to Plaintiff responsive, non-privileged documents to the extent such documents exist. Additionally, subject to and without waiver of the foregoing objections, Entangled Defendants further state they will use reasonable efforts to produce responsive, non-privileged documents that have not already been produced to the extent such documents exist.

**Request No. 11**

The deal memo for the book entitled Court.

**Response to Request No. 11**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this

Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "deal memo."

Subject to and without waiver of the foregoing objections, Entangled Defendants state they will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 12**

All expense reports submitted to PROSPECT by or on behalf of KIM CONCERNING any of the books in the CRAVE BOOK SERIES.

**Response to Request No. 12**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "expense reports." Entangled

18

Defendants further object to this Request as overbroad because it seeks "[a]ll expense reports," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they do not have within their custody, possession or control any documents responsive to this Request.

**Request No. 13**

All ACH payments from ENTANGLED to WOLFF including, but not limited to, for April, July and October 2020, October 2021 and January, June, October and November 2022.

**Response to Request No. 13**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "ACH payments." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll ACH payments," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state they will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 14**

All DOCUMENTS CONCERNING any audit initiated by ENTANGLED of MACMILLAN relating to any of the books in the CRAVE BOOK SERIES.

**Response to Request No. 14**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "audit." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll documents," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they do not have within their custody, possession or control any documents responsive to this Request.

**Request No. 15**

All bookscan reports for any of the books in the CRAVE BOOK SERIES created from 2020 to the date of production.

**Response to Request No. 15**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "bookscan reports." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll bookscan reports," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state they will use reasonable efforts to produce responsive, non-privileged documents to the extent such documents exist.

**Request No. 16**

DOCUMENTS sufficient to establish the number of each of the books in the CRAVE BOOK SERIES sold in any and all formats from release to the date of production.

**Response to Request No. 16**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they have already produced to Plaintiff responsive, non-privileged documents to the extent such documents exist. Subject to and without waiver of the foregoing objections, Entangled Defendants further state that in the event this case is not dismissed after summary judgement briefing, within 45 days of the Judge's order, Entangled Defendants will produce any additional responsive, non-privileged documents, to the extent such documents exist.

**Request No. 17**

DOCUMENTS sufficient to establish the number of each of the books in the CRAVE BOOK SERIES sold broken down by ISBN numbers.

**Response to Request No. 17**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of Request No. 16 and the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June

22

13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they have already produced to Plaintiff responsive, non-privileged documents to the extent such documents exist. Subject to and without waiver of the foregoing objections, Entangled Defendants further state that in the event this case is not dismissed after summary judgement briefing, within 45 days of the Judge's order, Entangled Defendants will produce any additional responsive, non-privileged documents, to the extent such documents exist.

**Request No. 18**

All licenses relating to each of the books in the CRAVE BOOK SERIES that any of YOU have not previously produced in this action to FREEMAN.

**Response to Request No. 18**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody,

or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "licenses." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll licenses," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they have already produced to Plaintiff responsive, non-privileged documents to the extent such documents exist. Additionally, subject to and without waiver of the foregoing objections, Entangled Defendants state they will use reasonable efforts to produce responsive, non-privileged documents that have not already been produced to the extent such documents exist.

**Request No. 19**

Income statements and balance sheets for ENTANGLED for the years 2019, 2020, 2021 and 2022.

**Response to Request No. 19**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of Request Nos. 4-6 and the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further

object to this Request as vague and ambiguous with respect to its use of the terms "income statements" and "balance sheets."

Subject to and without waiver of the foregoing objections, Entangled Defendants state they will use reasonable efforts to produce responsive, non-privileged documents that have not already been produced to the extent such documents exist.

**Request No. 20**

Any and all agreements with any of the DEFENDANTS and Crazy Maple Studio, Inc.

**Response to Request No. 20**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent it seeks documents unrelated to the *Crave* Book Series. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as overbroad because it seeks "[a]ny an all agreements," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they have already produced to Plaintiff responsive, non-privileged documents to the extent such documents exist.

**Request No. 21**

All DOCUMENTS CONCERNING any audit initiated by WOLFF of ENTANGLED relating to any of the books in the CRAVE BOOK SERIES

**Response to Request No. 21**

Entangled Defendants repeat and incorporate their General Objections as if fully set forth herein, and further object to this Request to the extent it is duplicative of the Requests contained in Plaintiff's Second Amended First Set of Requests for Production dated June 13, 2022; Plaintiff's Second Set of Requests for Production dated November 23, 2022; and Plaintiff's Third Set of Requests for Production dated November 30, 2022. Entangled Defendants further object to this Request as overly broad, unduly burdensome and harassing in nature. Entangled Defendants further object to this Request to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Entangled Defendants; or is publicly available. Entangled Defendants further object to this Request as vague and ambiguous with respect to its use of the term "audit." Entangled Defendants further object to this Request as overbroad because it seeks "[a]ll documents," rather than a more narrowly tailored request.

Subject to and without waiver of the foregoing objections, Entangled Defendants state that they do not have within their custody, possession or control any documents responsive to this Request.

Dated: New York, New York
        March 6, 2023

COWAN, DEBAETS, ABRAHAMS &
SHEPPARD LLP

By:    /s/ Nancy E. Wolff          
        Nancy E. Wolff
        Benjamin S. Halperin
        CeCe M. Cole
        41 Madison Avenue, 38th Floor
        New York, New York 10010
        Tel: (212) 974-7474
        Fax: (212) 974-8474
        nwolff@cdas.com
        bhalperin@cdas.com
        ccole@cdas.com

*Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC*

## **CERTIFICATE OF SERVICE**

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC's Answers and Objections to Plaintiff's Request for the Production of Documents, Set Four have been served on counsel of record for Lynne Freeman by email on March 6, 2023 to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: s/ CeCe M. Cole