

Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
scott@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

March 7, 2023

**DELIVERED VIA ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall Courthouse
New York, NY 10007

|  |  |
|---|---|
| **Case Title:** | ***Lynne Freeman v Tracy Deebs-Elkenaney et. al.*** |
| **Case No.:** | **22-civ-2435 (LLS) (SN)** |
| **Re:** | **Motion to Compel** |

Your Honor:

      Our office represents Plaintiff Lynne Freeman ("Freeman") in the above-referenced case. We write this letter motion pursuant to Rule 1(B) of Your Honor's Individual Rules seeking leave to serve one additional interrogatory beyond the 25 interrogatory limit set by Federal Rule 33 upon Defendants Entangled Publishing, LLC ("Entangled") and Tracy Deebs-Elkenancy p/k/a Tracy Wolff ("Wolff")(collectively, "Defendants") and for an order compelling Defendants to provide substantive answers to said additional interrogatory. Mark Passin, co-counsel for Freeman, met and conferred with counsel for Defendants on February 13, 2023.

      Freeman previously propounded contention interrogatories as **Interrogatories No. 10 through 21 of Set Four to Wolff and Entangled** on or about November 23, 2022—more than 30 days prior to the discovery cut-off date of December 31, 2022. See **Exhibit 1.** These interrogatories were therefore timely served at an appropriate stage of discovery. However, following a subsequent extension of the discovery cutoff, Defendants declined to provide substantive answers to any of the above referenced 10 interrogatories. After counsel for Freeman met and conferred with Defendants regarding this issue, Freeman served two additional interrogatories on Defendants on February 13, 2023, as **Interrogatories Nos. 25 and 26 of Set Five to Entangled and Wolff**. See **Exhibit 2.** Including the above referenced interrogatories, this placed Freeman's total interrogatories served at 26. Counsel for Freeman met and conferred again with counsel for Defendants concerning this issue on February 23, 2023, attempting to compromise with Defendants and merely seek an answer to these additional two interrogatories rather than to compel answers to the above-referenced 11 contention interrogatories. The parties failed to reach an amicable resolution. Freeman now prays to this Honorable Court for relief.

      "It is well established that mutual knowledge of all relevant facts is essential to proper litigation." *Compagnie Francaise d'Assurance Pour le Com. Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 24 (S.D.N.Y. 1984). To this end, the federal rules authorize a party to move for an order compelling discovery. Fed. R. Evid. 37(a). On a motion to compel, the party resisting discovery "bears the burden of showing why discovery should be denied, and specifically, the resisting party must show how, despite the broad and liberal

1

construction afforded the federal discovery rules, each request is not relevant." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, LLC, 314 F.R.D. 85 (S.D.N.Y. 2016).

Additionally, it is within the discretion of the Court to grant leave to serve additional interrogatories consistent with Rule 26(b)(2). See *Auther v. Oshkosh Corp.*, No. 09-CV-00527(A)(M), 2010 WL 1404125, at *1 (W.D.N.Y. Mar. 30, 2010). And the Court may exercise this discretion to permit service of, and compel answers to, interrogatories which have already been served. *Denmeade v. King*, No. 00-CV-0407E(F), 2001 WL 1823579, at *1 (W.D.N.Y. Dec. 6, 2001)(granting leave and ordering Defendants to answer five additional interrogatories where plaintiff had already served 30 interrogatories). "In deciding whether to grant leave, courts weigh the benefit of discovery against the potential burden on the responding party. *Yong Biao Ji v. Aily Foot Relax Station Inc.*, No. 19CIV11881VBJCM, 2021 WL 1930362, at *5 (S.D.N.Y. May 12, 2021).

Here, requiring Defendants to respond to the additional interrogatory will not result in any undue burden on Defendants. First, courts have routinely found that requests for leave to serve a very limited number of additional interrogatories are not burdensome. See *Auther v. Oshkosh Corp.*, No. 09-CV-00527(A)(M), 2010 WL 1404125, at *1 (W.D.N.Y. Mar. 30, 2010)(holding that four additional interrogatories were proportional to the needs of the case); See also *Denmeade v. King*, 2001 WL 1823579, *1 (W.D.N.Y.2001)("Plaintiffs are only asking for an additional five interrogatories which is entirely proportional to the needs of their case"). Freeman is seeking an answer to only one additional interrogatory. Freeman's request is entirely proportional to the needs of this case, and the Court should therefore grant Freeman's motion.

Second, Freeman's request will not result in any undue burden on Defendants as it seeks only new and relevant information. Courts have held leave to serve additional interrogatories proper and within the scope of Rule 26 where the additional interrogatories do not "seek duplicative or irrelevant information." *Auther v. Oshkosh Corp.*, No. 09-CV-00527(A)(M), 2010 WL 1404125, at *1 (W.D.N.Y. Mar. 30, 2010). Here, **Interrogatory No. 26 of Set Four to Entangled and Wolff** asks Defendants to "Identify by manufacture and model number, all editing software anyone at Entangled Publishing, LLC used to edit any of the books in the CRAVE BOOK SERIES." See **Ex. 2.** This information has not been already produced or sought by any existing discovery requests in this case. And this interrogatory is relevant as information concerning the editing software used to create the Crave books is reasonably calculated to lead to the discovery of admissible evidence regarding how the Crave books were created in this action where Freeman alleges the Crave books were created from Freeman's manuscripts. Accordingly, Freeman's motion should be granted.

Finally, requiring Defendants to answer an additional interrogatory would not present a burden as Defendants have not been required to answer 25 interrogatories thus far. Freeman previously propounded contention interrogatories in the form of **Interrogatories No. 10 through 21 to Wolff and Entangled** on or about November 23, 2022—more than 30 days prior to the discovery cut-off date of December 31, 2022. These interrogatories were therefore timely served at an appropriate stage of discovery. However, following a subsequent extension of the discovery cutoff, Defendants declined to provide substantive answers to any of the above referenced 10 interrogatories. Accordingly, Defendants have not yet answered 25 interrogatories, and requiring Defendants to answer a single additional interrogatory will not result in any undue burden on Defendants.

Freeman should not be deprived of sufficient discovery where she timely served connection interrogatories *before* the deadline for fact discovery was extended, resulting in 11 unanswered interrogatories being counted to her 25-interrogatory limit under Rule 33 and preventing her from receiving a substantive answer to a single additional interrogatory. This Court should therefore grant Freeman's motion for leave to serve an additional interrogatory and compel Defendants to provide the requested information in answer to

**Interrogatory No. 26 of Set Four to Entangled and Wolff.**

Respectfully submitted,

By:    _/s/ Scott Alan Burroughs_
Scott Alan Burroughs
Laura M. Zaharia
DONIGER / BURROUGHS
For the Plaintiff