# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LYNNE FREEMAN, an individual,

    *Plaintiff*,

  -against-

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN KIM, an
individual, PROSPECT AGENCY, LLC, a New Jersey
limited liability company, ENTANGLED
PUBLISHING, LLC, a Delaware limited liability
company, HOLTZBRINCK PUBLISHERS, LLC
D/B/A MACMILLAN, a New York limited liability
company, UNIVERSAL CITY STUDIOS, LLC, a
Delaware limited liability company, and CRAZY
MAPLE STUDIO, INC., a California Corporation,

    *Defendants*.

Case No. 1:22-cv-02435(LLS)(SN)

**DEFENDANT TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF'S**
**ANSWERS AND OBJECTIONS TO PLAINTIFF'S**
**FOURTH SET OF INTERROGATORIES**

  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.3

of the Southern District of New York, defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff

("Defendant" or "Wolff") hereby serves her answers and objections to Lynne Freeman's

("Plaintiff") Fourth Set of Interrogatories dated November 23, 2022 (each, an "Interrogatory," and

collectively, the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

  Defendant makes the following General Objections to the Interrogatories and incorporates

by reference therein the Definitions set forth in Wolff's First Set of Document Requests, dated

July 15, 2022. These General Objections apply to each of the Interrogatories, set forth immediately

below, and are incorporated therein by reference. The assertion of the same, similar, or additional

objections in response to specific Interrogatories does not waive any of Defendant's General Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Plaintiff is entitled to any response more specific than provided:

1.      Defendant objects to the Definitions and Interrogatories to the extent that they purport to impose on Defendant duties or obligations beyond, or inconsistent with, those set forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. P. 33(a) and Local Rule 33.3.

2.      Defendant objects to each Interrogatory to the extent it seeks information outside the scope of this proceeding. Defendant further objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party within the meaning of Fed. R. Civ. P. 26(b), nor proportional to the needs of the case.

3.      Defendant objects to each Interrogatory to the extent it seeks information that is not within Defendant's possession, custody, or control. Defendant responds to each Interrogatory only with respect to information within its possession, custody, or control.

4.      Defendant objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Plaintiff and/or his counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available.

5.      Defendant objects to each Interrogatory to the extent it seeks information that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Plaintiff as for Defendant, consistent with Fed. R. Civ. P. 33(d).

6.      Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

applicable privilege or protection from discovery. Such information shall not be provided in response to Plaintiff's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7.      Defendant objects to each Interrogatory to the extent it seeks information that is confidential or proprietary business information belonging to Defendant.

8.      Defendant objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, and unduly burdensome. To the extent Defendant seeks to provide information in response to portions of an Interrogatory that are vague or ambiguous, Defendant will make a good faith effort to interpret each Interrogatory.

9.      Defendant objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10.     Defendant objects to each Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested. Defendant denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Defendant to any such Interrogatory is without prejudice to this objection.

11.     In providing responses to the Interrogatories, Defendant does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as all objections to any other discovery notices.

12.     Defendant objects to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which are not part of this litigation, and the

latter has not been publicly released. Subject to the foregoing objections, Defendant will interpret

the definition of "CRAVE BOOK SERIES" to mean the books *Crave*, *Crush*, *Covet*, and *Court*.

13.     Defendant objects to the Interrogatories to the extent they are unlimited in temporal

scope, and, in fact, there is no temporal scope identified whatsoever. Defendant further objects to

each Interrogatory not tied to a reasonable date range as overly broad, unduly burdensome,

harassing in nature, and constituting a fishing expedition that is not reasonably likely to lead to the

discovery of admissible evidence. Notwithstanding the foregoing objections, Defendant will

provide information from the time period most relevant to each specific Interrogatory.

14.     Defendant reserves the right to supplement, alter or amend these Answers and

Objections, if necessary or appropriate.

## SPECIFIC OBJECTIONS AND ANSWERS

Without waiver of, or prejudice to, any of its General Objections, Defendant answers and

responds to each Interrogatory as follows:

## INTERROGATORIES

**Interrogatory No. 10:**

Identify by name, company, address or e-mail address, as applicable, and date sent, all
individuals or entities to whom YOU, or anyone on your behalf, sent a copy of any version of
BMR.

**Answer to Interrogatory No. 10:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and

further objects to this Interrogatory on the ground the terms "copy" and "version" are vague and

ambiguous in this context.

Accordingly, and without waiver of any of its objections, Defendant states that no such

individual exists.

**Interrogatory No. 11:**

Describe in detail each and every fact that supports or negates the Thirteenth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 11:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers v. Safesite Nat. Bus. Records Mgmt. Corp.*, 1995 WL 510034, at *1 (S.D.N.Y. Aug. 28, 1995) (interrogatories asking to provide "'all facts' that support all of [plaintiff's] principal allegations in this case" were "plainly in violation of" Federal Rules "since they call for repeated detailed narratives of the events at issue'" and are not "more efficient that other forms of discovery"); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) (contention interrogatory overly broad and unduly burdensome to the extent it sought 'all' facts that supported each defense).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 12:**

Describe in detail each and every fact that supports or negates each denial of the allegations in Lynne Freeman's First Amended Complaint filed in this ACTION set forth in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 12:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," "negates," "denial," and "allegations" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objects to this Interrogatory because it is compound given that it asks for information regarding multiple different allegations in the First Amended Complaint. Defendant further objections to this Interrogatory because with this compound Interrogatory Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 13:**

Describe in detail each and every fact that supports or negates the Twenty-Fourth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 13:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g., Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 12, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 14:**

Describe in detail each and every fact that supports or negates the Second Affirmative

Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 14:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 12, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 15:**

Describe in detail each and every fact that supports or negates the Third Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 15:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are

vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 12, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 16:**

Describe in detail each and every fact that supports or negates the Fourth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 16:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession,

custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 12, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 17:**

Describe in detail each and every fact that supports or negates the Firth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 17:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or

defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 12, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

## Interrogatory No. 18:

Describe in detail each and every fact that supports or negates the Seventh Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

## Answer to Interrogatory No. 18:

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 12, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 19:**

Describe in detail each and every fact that supports or negates the Eighth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 19:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 12, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 20:**

Describe in detail each and every fact that supports or negates the Tenth Affirmative

Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 20:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 12, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 21:**

Describe in detail each and every fact that supports or negates the Seventeenth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 21:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are

vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 12, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 22:**

Describe in detail each and every fact that supports or negates the Twenty-Third Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 22:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession,

custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 12, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

Dated: New York, New York
December 23, 2022

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

By: ____/s/ Nancy E. Wolff_____
Nancy E. Wolff
Benjamin H. Halperin
CeCe M. Cole
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
bhalperin@cdas.com
ccole@cdas.com

*Attorneys for Defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff*

## <u>VERIFICATION</u>

I, Tracy Deebs-Elkenaney p/k/a Tracy Wolff, am a defendant in the above-captioned action. I have read the foregoing Defendant's Answers and Objections to Plaintiff's Fourth Set of Interrogatories, dated November 23, 2022, and I believe the answers therein to be true to the best of my knowledge and belief, based on the information available to me.

I verify under penalty of perjury that the foregoing is true and correct.


Executed on: December 23, 2022

16

## <u>CERTIFICATE OF SERVICE</u>

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff's Answers and Objections to Plaintiff's Fourth Set of Interrogatories have been served on counsel of record for Lynne Freeman by email on December 23, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: <u>s/ CeCe M. Cole</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LYNNE FREEMAN, an individual, | |
| *Plaintiff*, | |
| -against- | Case No. 1:22-cv-02435(LLS)(SN) |
| TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, HOLTZBRINCK PUBLISHERS, LLC D/B/A MACMILLAN, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited liability company, and CRAZY MAPLE STUDIO, INC., a California Corporation, | |
| *Defendants*. | |

**DEFENDANT ENTANGLED PUBLISHING, LLC'S ANSWERS AND
OBJECTIONS TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES**

  Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 33.3 of the Southern District of New York, defendant Entangled Publishing, LLC ("Defendant" or "Entangled") hereby serves its answers and objections to Lynne Freeman's ("Plaintiff") Fourth Set of Interrogatories dated November 23, 2022 (each, an "Interrogatory," and collectively, the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

  Defendant makes the following General Objections to the Interrogatories and incorporates by reference therein the Definitions set forth in Entangled's First Set of Document Requests, dated July 15, 2022. These General Objections apply to each of the Interrogatories, set forth immediately below, and are incorporated therein by reference. The assertion of the same, similar, or additional

objections in response to specific Interrogatories does not waive any of Defendant's General Objections. The provision of a substantive answer to any specific Interrogatory shall not be construed as an admission that Plaintiff is entitled to any response more specific than provided:

1.      Defendant objects to the Definitions and Interrogatories to the extent that they purport to impose on Defendant duties or obligations beyond, or inconsistent with, those set forth in the Local Rules and the Federal Rules, including but not limited to Fed. R. Civ. P. 33(a) and Local Rule 33.3.

2.      Defendant objects to each Interrogatory to the extent it seeks information outside the scope of this proceeding. Defendant further objects to each Interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses of any party within the meaning of Fed. R. Civ. P. 26(b), nor proportional to the needs of the case.

3.      Defendant objects to each Interrogatory to the extent it seeks information that is not within Defendant's possession, custody, or control. Defendant responds to each Interrogatory only with respect to information within its possession, custody, or control.

4.      Defendant objects to each Interrogatory to the extent it seeks information already in the possession, custody, or control of Plaintiff and/or his counsel; or to which Plaintiff has equal or greater access than Defendant; or that is publicly available.

5.      Defendant objects to each Interrogatory to the extent it seeks information that may be derived from business records and other documents being produced in this litigation, and the burden of deriving and ascertaining the answers is substantially the same for Plaintiff as for Defendant, consistent with Fed. R. Civ. P. 33(d).

6.      Defendant objects to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other

applicable privilege or protection from discovery. Such information shall not be provided in response to Plaintiff's Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver of any privilege or protection with respect to such information.

7.      Defendant objects to each Interrogatory to the extent it seeks information that is confidential or proprietary business information belonging to Defendant.

8.      Defendant objects to each Interrogatory to the extent it is vague, ambiguous, overly broad, and unduly burdensome. To the extent Defendant seeks to provide information in response to portions of an Interrogatory that are vague or ambiguous, Defendant will make a good faith effort to interpret each Interrogatory.

9.      Defendant objects to each Interrogatory to the extent the use of any such Interrogatory is not a more practical method of obtaining the information sought than a request for production of documents or a deposition.

10.      Defendant objects to each Interrogatory to the extent it assumes disputed facts or legal conclusions in defining the information requested. Defendant denies any such disputed facts or legal conclusions to the extent assumed by each Interrogatory. Any response or objection by Defendant to any such Interrogatory is without prejudice to this objection.

11.      In providing responses to the Interrogatories, Defendant does not waive and expressly reserves all objections as to the competency, authenticity, relevancy, materiality, and admissibility as evidence of the responses provided herein, as well as all objections to any other discovery notices.

12.      Defendant objects to Plaintiff's definition of "CRAVE BOOK SERIES" to the extent that it includes the books *Charm* and *Cherish*, which are not part of this litigation, and the

latter has not been publicly released. Subject to the foregoing objections, Defendant will interpret the definition of "CRAVE BOOK SERIES" to mean the books *Crave*, *Crush*, *Covet*, and *Court*.

13.     Defendant objects to the Interrogatories to the extent they are unlimited in temporal scope, and, in fact, there is no temporal scope identified whatsoever. Defendant further objects to each Interrogatory not tied to a reasonable date range as overly broad, unduly burdensome, harassing in nature, and constituting a fishing expedition that is not reasonably likely to lead to the discovery of admissible evidence. Notwithstanding the foregoing objections, Defendant will provide information from the time period most relevant to each specific Interrogatory.

14.     Defendant reserves the right to supplement, alter or amend these Answers and Objections, if necessary or appropriate.

**SPECIFIC OBJECTIONS AND ANSWERS**

Without waiver of, or prejudice to, any of its General Objections, Defendant answers and responds to each Interrogatory as follows:

**INTERROGATORIES**

**Interrogatory No. 9:**

Identify by name, company, address or e-mail address, as applicable, and date sent, all individuals or entities to whom YOU, or anyone on your behalf, sent a copy of any version of BMR.

**Answer to Interrogatory No. 9:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "copy" and "version" are vague and ambiguous in this context.

Accordingly, and without waiver of any of its objections, Defendant states that no such individual exists.

4

**Interrogatory No. 10:**

Describe in detail each and every fact that supports or negates the Thirteenth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 10:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers v. Safesite Nat. Bus. Records Mgmt. Corp.*, 1995 WL 510034, at *1 (S.D.N.Y. Aug. 28, 1995) (interrogatories asking to provide "'all facts' that support all of [plaintiff's] principal allegations in this case" were "plainly in violation of" Federal Rules "since they call for repeated detailed narratives of the events at issue'" and are not "more efficient that other forms of discovery"); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) (contention interrogatory overly broad and unduly burdensome to the extent it sought 'all' facts that supported each defense).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 11:**

Describe in detail each and every fact that supports or negates each denial of the allegations in Lynne Freeman's First Amended Complaint filed in this ACTION set forth in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 11:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," "negates," "denial," and "allegations" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objects to this Interrogatory because it is compound given that it asks for information regarding multiple different allegations in the First Amended Complaint. Defendant further objections to this Interrogatory because with this compound Interrogatory Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 12:**

Describe in detail each and every fact that supports or negates the Twenty-Fourth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 12:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 13:**

Describe in detail each and every fact that supports or negates the Second Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 13:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 14:**

Describe in detail each and every fact that supports or negates the Third Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 14:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent

it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**<u>Interrogatory No. 15:</u>**

Describe in detail each and every fact that supports or negates the Fourth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**<u>Answer to Interrogatory No. 15:</u>**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access

than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 16:**

Describe in detail each and every fact that supports or negates the Firth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 16:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1;

*Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 17:**

Describe in detail each and every fact that supports or negates the Seventh Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 17:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

11

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 18:**

Describe in detail each and every fact that supports or negates the Eighth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 18:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 19:**

Describe in detail each and every fact that supports or negates the Tenth Affirmative

Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 19:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 20:**

Describe in detail each and every fact that supports or negates the Seventeenth Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 20:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are

13

vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession, custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

**Interrogatory No. 21:**

Describe in detail each and every fact that supports or negates the Twenty-Third Affirmative Defense alleged in the COWAN FIRM DEFENDANTS' ANSWER.

**Answer to Interrogatory No. 21:**

Defendant repeats and incorporates its General Objections as if fully set forth herein, and further objects to this Interrogatory on the ground the terms "fact," "supports," and "negates" are vague and ambiguous in this context. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Defendant further objects to this Interrogatory as overly broad and unduly burdensome. Defendant further objects to this Interrogatory to the extent that it seeks information already in possession,

custody, or control of Plaintiff and/or her counsel; or to which Plaintiff has equal or greater access than Defendant; or is publicly available. Defendant further objects to this Interrogatory to the extent that it is premature given that discovery is ongoing. Defendant further objects because interrogatories of this sort that ask a party to provide a narrative of the facts supporting a claim or defense are inappropriate and unduly burdensome. *See, e.g.*, *Rivers*, 1995 WL 510034, at *1; *Moses*, 236 F.R.D. at 674. Defendant further objections to this Interrogatory because with compound Interrogatory No. 11, Plaintiff has exceeded the 25-per-Defendant limit on interrogatories for this lawsuit. *See* F.R.C.P 33(a)(1).

Accordingly, and without waiver of any of its objections, Defendant will not answer this Interrogatory.

Dated: New York, New York
December 23, 2022

COWAN, DeBAETS, ABRAHAMS & SHEPPARD LLP

By:    /s/ Nancy E. Wolff
Nancy E. Wolff
Benjamin H. Halperin
CeCe M. Cole
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
bhalperin@cdas.com
ccole@cdas.com

*Attorneys for Defendant Entangled Publishing, LLC*

15

## **<u>VERIFICATION</u>**

I, Elizabeth Pelletier, am Chief Creative Officer of Entangled Publishing, LLC, a defendant in the above-captioned action. I have read the foregoing Defendant's Answers and Objections to Plaintiff's Fourth Set of Interrogatories, dated November 23, 2022, and I believe the answers therein to be true to the best of my knowledge and belief, based on the information available to me.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: December <u>16</u>, 2022

<u>                 </u>

**<u>CERTIFICATE OF SERVICE</u>**

I, CeCe M. Cole, hereby certify that a true and correct complete copy of Defendant Entangled Publishing, LLC's Answers and Objections to Plaintiff's Fourth Set of Interrogatories have been served on counsel of record for Lynne Freeman by email on December 23, 2022, to:

Mark D. Passin
CSReeder, PC
11766 Wilshire Blvd., Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com

and

Paul V. LiCalsi
Reitler Kailas & Rosenblatt LLC
885 Third Avenue, Ste 20th Floor
New York, NY 10022
(212) 209-3090
plicalsi@reitlerlaw.com

By: <u>s/ CeCe M. Cole</u>