UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LYNNE FREEMAN,

                      **Plaintiff,**

      -against-

TRACY DEEBS-ELKENANEY, et al.,

                      **Defendants.**
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/8/2023

22-CV-02435 (LLS)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff has filed a letter motion seeking to compel the production of unredacted text messages to be reviewed by Plaintiff and her spouse, and a one-month extension of the March 31, 2023 fact discovery deadline. ECF No. 139. Defendants oppose the motion. ECF No. 144.

      This dispute was first presented to the Court in December 2022, when Plaintiff complained that Defendants had over-redacted text messages. Following a Court conference, the parties reached an agreement to make all text messages available, unredacted, for a limited term on a secured platform and on an attorneys' eyes only (AEO) basis. ECF No. 97. The Court understands that Defendants granted counsel access to the platform on January 31 and February 1, 2023, and have twice extended the time to review such that Plaintiff's counsel has had over four weeks of access to the unredacted texts. Plaintiff herself has always had access to the redacted texts.

      The gist of Plaintiff's recent motion is that counsel has had insufficient time to review the unredacted texts, though Plaintiff also complains about improper redactions. In support of the latter point, Plaintiff excerpts certain texts between Defendants Wolff and Kim that discuss excitement over a book release from the Crave *series*, sales reports, and other successes. Because

these messages are not about sensitive personal matters or works not at issue, Plaintiff argues they should not be redacted. Defendants respond that these communications "mostly show[] Wolff and Emily Kim commenting on the intense and stressful writing and publishing process," and that "Plaintiff and her manuscript are not mentioned anywhere in these examples." Defs. Ltr. at 3.

Courts in this Circuit disfavor redactions based on relevancy. See Christine Asia Co. v. Alibaba Grp. Holding Ltd., 327 F.R.D. 52, 54 (S.D.N.Y. 2018) (collecting cases). Because of the informal and personal nature of text communications, however, the Court struck a balance: it permitted Defendants to redact those communications that it believed contained sensitive personal matters and/or discussed works not at issue in this case, but Plaintiff's counsel was granted AEO-access to the unredacted texts as a cross-check. Although the light banter between Wolff and Kim is at best only marginally relevant—and Plaintiff has not identified redacted material that is directly relevant to her claims—these communications do not fall within a category of "highly sensitive" personal information or communication about other works. Accordingly, such texts should be unredacted.[1]

The Court next turns to Plaintiff's contention that counsel, working alone, has been unable to review the volume of unredacted texts. Counsel requests an additional month of discovery to complete his review and to reschedule deposition dates.

On February 14, two weeks after counsel was granted access to the AEO platform, Plaintiff requested an extension of the fact discovery deadline to March 31, 2023, "for the sole purpose of taking depositions." ECF No. 123. The Court granted that request. In opposing

---

[1] Defendants represent that they have "offered to confer in good faith regarding removing redactions from particular messages Mr. Passin identifies." Defs. Ltr. at 1. It is unclear on the record whether Plaintiff's counsel has identified specific passages, but the Court expects the parties to work cooperatively to remove redactions that do not contain sensitive personal information or discuss works not at issue.

Plaintiff's current request for an additional discovery extension, Defendants report that the deposition schedule has been heavily negotiated, and that it would "wasteful, inefficient, and prejudicial" to reschedule depositions, especially of depositions scheduled in Texas and California for this week and next. In support, Defendants attach a copy of the extensive colloquy between the parties to agree upon deposition dates.

The parties were originally granted four months to conduct fact discovery, with an initial deadline of October 25, 2022. ECF No. 37. That date has been extended three times, meaning the parties have been granted approximately ten months for fact discovery. ECF Nos. 67, 93, 126. Plaintiff's counsel did not raise issues with his ability to timely review the AEO-texts when he requested a two-week extension in February and, regardless, a decision to staff a federal copyright case with one lawyer is not a reason to grant a fourth extension of time. But the Court's primary objection to an extension is a disruption to the negotiated deposition schedule. Given all the "moving parts," an order that would require the parties, their lawyers, and non-party witnesses to reschedule dates at this stage would be unfair.

Accordingly, the scheduled depositions shall go forward as agreed to and Plaintiff's request for another extension of fact discovery is DENIED. The Defendants are ORDERED to make the AEO platform available through March 31 and shall review their redactions consistent with this order. Only communications that reveal sensitive personal information or concern other works should be redacted. Plaintiff's request to allow Plaintiff and her spouse to review the AEO materials is DENIED. The Clerk of Court is respectfully requested to terminate the motions at ECF Nos. 139 and 140.

**SO ORDERED.**

DATED:    March 8, 2023
              New York, New York

SARAH NETBURN
United States Magistrate Judge