March 10, 2023

**VIA ECF**
The Honorable Sarah Netburn
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10017

      Re:    *Lynne Freeman v. Tracy Deebs-Elkenaney et al.*, 1:22-cv-2435(LLS)(SN)

Dear Judge Netburn:

Defendants jointly write in response to Plaintiff Lynne Freeman's ("Freeman") letter-motions seeking (a) to compel all Defendants to produce updated financial information in response to certain of Plaintiff's discovery requests and to compel Prospect Agency, LLC provide more specificity in connection with a prior interrogatory response (ECF No. 161); and (b) for leave to serve an additional interrogatory upon Entangled Publishing, LLC ("Entangled") and Tracy Deebs-Elkenancy p/k/a Tracy Wolff ("Wolff") and to compel those defendants to provide substantive answers to the additional interrogatory (ECF No. 162).

**Defendants' Response to ECF No. 161**

Defendants substantially completed their respective document discovery months ago, and have responded to a number of interrogatories about financial information relating to the books in the *Crave* Series. Plaintiff's Financial Motion seeks "updated" information as to financial materials that have already been provided by Defendants. Defendants acknowledge – and have communicated to Plaintiff's counsel this understanding – that they have an ongoing obligation to update their discovery responses to reflect new information. Defendants have objected only to the type of <u>continual</u>, incremental updating of such information that Plaintiff appears to seek, especially before there is any need on the part of Plaintiff to obtain such information. Instead, for certain categories of information, Defendants have suggested a specific date to provide updated answers or material; for other categories, Defendants have indicated that they believe their discovery to date has been sufficient, but that they will reconsider any further production if the case continues after the summary judgment phase.

As a threshold matter, Plaintiff does not – and could not – argue that Defendants' interrogatory responses and document production as to revenues, expenses, and payments to date do not accurately reflect such financial information through time periods ending mere months ago. This provides Plaintiff with a clear indication of the revenues and profits from each of the books at issue, sufficient to satisfy any need Plaintiff might have for that information at this phase of the litigation. Indeed, in her letter-motion, Plaintiff provides no explanation whatsoever why there is any pressing need for the updated information, given the information already provided. Plaintiff argues that production after the close of fact discovery "will deprive Plaintiff of the ability to examine Defendants on those financial matters at their upcoming depositions," but asserts no reason why the *incremental* financial information would be required in order to ask relevant questions.

Klaris Law PLLC
29 Little West 12th Street          lance.koonce@klarislaw.com
New York, NY 10014          Mobile: +1 917.612.5861

During meet-and-confer calls with Mr. Passin, counsel for Defendants have made clear that they are not refusing to update their interrogatory responses or document requests, but rather agree to do so if such updated information becomes relevant once the summary judgment phase concludes. Counsel for Defendants proposed making the information available at a designated time after summary judgment motions are decided; Mr. Passin refused this approach, and more importantly, also refused to offer any counter-proposal that would avoid Defendants having to continuously provide incremental updates. Defendants remain ready to produce updated financial documents, and interrogatory responses, at an appropriate time, whether 45 days after a decision on the parties' respective summary judgment motions is issued or upon some other date certain the Court prescribes.[1]

Separately, Plaintiff requests that the Court compel Defendant Prospect Agency to provide more details in response to Interrogatory No. 8, which sought the "name, company, address or e-mail address, as applicable, and date sent, [of] all individuals to whom [Prospect] sent a copy of any version of BMR." Prospect's original interrogatory response, served over two months ago, provided the names of 23 publishers to whom Prospect sent Plaintiff's manuscript during the three years in which Prospect acted as an agent for Plaintiff to try to sell her book, along with the individual at the publisher who received the manuscript. In the letter-motion, Plaintiff asserts that "counsel for Prospect claimed the remaining requested information was in documents already produced in this case but failed to provide any specificity as to what documents." This is only partially true. What counsel for Prospect told Mr. Passin was that with a limited universe of 23 submissions, he should be able to conduct a straightforward search for these submissions in Prospect's document production (also provided to Plaintiff months ago), but that if he was unable to locate them, he should let counsel know. Instead of doing this simple search or following up with counsel, Plaintiff has burdened the Court with this unnecessary request. To moot this issue, Defendant Prospect will conduct a search like the one Plaintiff could have performed and provide the relevant Bates Numbers to Plaintiff.

## **Defendants' Response to ECF No. 162**

On February 13, Plaintiff served Interrogatory Nos. 25 and 26 of Set Six on Wolff and Entangled, demanding, *inter alia*, that the defendants "Identify, by manufacture and model number each and every computer [Wolff and Entangled Publishing, LLC, including, but not limited to, Liz Pelletier or Stacy Abrams] used to write or edit any of the books in the CRAVE BOOK SERIES" and "Identify by manufacture and model number, all editing software [Wolff and Entangled Publishing, LLC, including, but not limited to, Liz Pelletier or Stacy Abrams] used to edit any of the books in the CRAVE BOOK SERIES." As a threshold issue, Plaintiff's motion to compel Wolff's and

---

[1] With respect to Plaintiff's Requests for Production Nos. 1, 2, 3, 7, 8, 9, 16, and 17 of Set Four to Wolff, Entangled, Macmillan, and Universal, the responses of these four defendants are not "self-contradictory" as Plaintiff claims. For each of these Requests, the defendants possess documents that have been generated since they last responded to and produced documents in connection with these requests reflecting additional book sales and other transactions, and will produce those as necessary later in the litigation, as indicated in their responses. In any event, the defendants already stated that no such documents exist in response to Plaintiff's Request No. 3.

Klaris Law PLLC
29 Little West 12th Street
New York, NY 10014

lance.koonce@klarislaw.com
Mobile: +1 917.612.5861

Entangled's respective responses to Plaintiff's Interrogatory Nos. 25 and 26 of Set Six is premature as these responses are not due until March 15, 2023.

*First*, with respect to Plaintiff's request to serve an additional interrogatory, Plaintiff has long ago exhausted the number of interrogatories she may serve under Rule 33 by serving interrogatories with multiple subparts. *See* Fed. R. Civ. P. 33(a)(1) ("Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, ***including all discrete subparts***.") (emphasis added). Specifically, Plaintiff's Interrogatory Nos. 11 and 12 to Wolff and Entangled, respectively, demanded that they each "Describe in detail each and every fact that supports or negates each denial of the allegations in Lynne Freeman's First Amended Complaint filed in this ACTION set forth in the COWAN FIRM DEFENDANTS' ANSWER." These interrogatories clearly contain multiple subparts given that it asks for information regarding "each and every fact" supporting Wolff's and Entangled's answer to Plaintiff's First Amended Complaint and count towards the 25 written interrogatory limit expressly set forth in the Federal Rules. *See* Fed. R. Civ. P. 33(a)(1). *See e.g., Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 2003 WL 22326563, at *1 (D. Conn. Mar. 7, 2003) (holding that a single interrogatory seeking evidence supporting all elements of a claim was overbroad and that it should be divided into as many interrogatories as there are elements of the claim). Therefore, each subsequent interrogatory exceeds the 25-per-party limit on interrogatories for this lawsuit.

Moreover, Plaintiff's comment about how many interrogatories Wolff and Entangled have respectively "answered" is irrelevant and should be ignored. (ECF No. 162 at 3). Rule 33 clearly states that "a party may ***serve*** on any other party no more than 25 written interrogatories, including all discrete subparts"– the Rule does not contemplate the number of interrogatories "answered." Fed. R. Civ. P. 33(a)(1). Finally, the requested information is not relevant to Plaintiffs' claims, and she has not shown good cause as to why this information is necessary. Accordingly, Plaintiff's request to serve additional interrogatories should denied.

In any event, Plaintiff has since asked Wolff, Pelletier, and Abrams these questions at their respective depositions. Specifically, Wolff testified that she used "four, maybe five" Lenovo laptops and a "Mac" computer to write the *Crave* Book Series and that she "used Microsoft word and occasionally [ ] a Google doc" to edit the *Crave* Book Series. (Wolff Rough Dep. Tr. 18:16-19:5; 22:16-19; 161:15-162:2.) Abrams testified that she used "one" computer, a "Mac Book Air" laptop, to edit the books in the *Crave* Series. (Abrams Rough Dep. Tr. 160:4-12.) In fact, Abrams even offered to look up the model number of her computer, at her deposition in response to Plaintiff's question. (*Id.* at 160:15-161:3.) Abrams further testified that she used "Microsoft Word" to edit the books in the *Crave* Series (*Id.* at 161:3-6). Finally, Pelletier testified that she used "two" computers, both "Apple MacBooks" to edit the books in the *Crave* Series and that the only "software [she used] to edit the books in the Crave Book Series" was "Microsoft Word." (Pelletier Rough Dep. Tr. 40:9-17; 41:13-15.) Plaintiff now has sworn testimony answering her interrogatories, which consequently renders her motion moot.

*Second*, Plaintiff's contention interrogatories are inappropriate and unduly burdensome to the extent they ask Wolff and Entangled, respectively, to provide a narrative of the facts supporting a claim or defense. *See, e.g., Rivers v. Safesite Nat. Bus. Records Mgmt. Corp.*, 1995 WL 510034, at *1

Klaris Law PLLC
29 Little West 12th Street
New York, NY 10014

lance.koonce@klarislaw.com
Mobile: +1 917.612.5861

(S.D.N.Y. Aug. 28, 1995) (interrogatories asking to provide "'all facts' that support all of [plaintiff's] principal allegations in this case" were "plainly in violation of" Federal Rules "since they call for repeated detailed narratives of the events at issue'" and are not "more efficient that other forms of discovery"); *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) (contention interrogatory overly broad and unduly burdensome to the extent it sought 'all' facts that supported each defense). Accordingly, Defendants should not be required to answer these contention interrogatories.

* * *

Based on the foregoing, Defendants respectfully request the Court deny Plaintiff's motions to compel at ECF Nos. 161 and 162. We thank the Court for its time and attention to this matter.

                                                  Respectfully submitted,

                                                  KLARIS LAW PLLC

By:    /s/Lacy H. Koonce, III
        Lacy H. Koonce, III

*Attorneys for Emily Sylvan Kim and Prospect Agency, LLC*

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By: /s/ CeCe M. Cole
Nancy E. Wolff
Benjamin S. Halperin
CeCe M. Cole

41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
nwolff@cdas.com
bhalperin@cdas.com
ccole@cdas.com

*Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC*