

Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
stephen@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

March 14, 2023

**DELIVERED VIA ECF**
The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

|  |  |  |
|---|---|---|
| | Case Title: | *Lynne Freeman v. Tracy Deebs-Elkenaney, et al.* |
| | Case No.: | 1:22-cv-02435-LLS-SN |
| | Re: | **Motion to Compel** |

Your Honor:

     Our office represents Plaintiff Lynne Freeman ("Freeman") in the above-referenced case. We write this letter motion pursuant to Rule 1(B) of Your Honor's Individual Rules seeking to compel Defendants Emily Sylvan Kim ("Kim") and Prospect Agency, LLC ("Prospect")(collectively, "Defendants") to produce the native formats of all Word documents and Word Perfect documents in compliance with Plaintiff's express discovery requests in this case. Counsel for Plaintiff conferred with counsel for Defendants concerning this issue on multiple occasions, including on February 27, 2023, and over email on March 13, 2023. The parties were unable to reach an amicable resolution.

     "It is well established that mutual knowledge of all relevant facts is essential to proper litigation." *Compagnie Francaise d'Assurance Pour le Com. Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 24 (S.D.N.Y. 1984). To this end, the Federal Rules authorize a party to move for an order compelling discovery. Fed. R. Evid. 37(a). On a motion to compel, the party resisting discovery "bears the burden of showing why discovery should be denied, and specifically, the resisting party must show how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, LLC, 314 F.R.D. 85 (S.D.N.Y. 2016).

     Under the Federal Rules of Civil Procedure, Plaintiff "may specify the form or forms in which electronically stored information is to be produced." Fed. R. Civ. P. 34(b). This includes specifying that ESI documents be produced as native versions including all metadata. See *Aguilar v. Immigration and Customs Enforcement Div. of U.S. Dept. of Homeland Sec.*, 255 F.R.D. 350 (S.D.N.Y.2008) (citing Fed. R. Civ. P. 34(b)). Plaintiff has done so here, requesting that "'all documents be produced in native format with all metadata" in each of her requests for production of documents. Although the other defendants in this case have complied with these requests as to Word and Word Perfect documents without need for intervention by the Court, Kim and Prospect have inexplicably refused. Indeed, Kim and Prospect have failed to provide any reasonable basis for their refusal to provide documents in the requested format.

     Courts have repeatedly granted parties requests for production of documents in native format "absent a

showing by defendant that such a production would be unduly burdensome." *Saliga v. Chemtura Corp.*, No. 3:12CV832 RNC, 2013 WL 6182227, at *2 (D. Conn. Nov. 25, 2013). See also *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 107 (E.D.Pa.2010)("the Court finds that Plaintiffs are entitled to have documents produced in native format with their associated metadata where defendants do not allege that they will be financially burdened or prejudicially harmed by the production of metadata"); *Camesi v. Univ. of Pittsburgh Med. Ctr.,* No. CIV.A.09–85J, 2010 WL 2104639, at *7 (W.D.Pa. May 24, 2010) (ordering defendants to produce ESI in its native format "absent a clear showing of substantial hardship and/or expense"). Defendants have made no showing that the production of requested electronically stored word documents in their native format would present any undue burden and have not otherwise provided any rational for refusing to produce said native format documents. As Defendants have not and cannot make any showing that producing Word and Word Perfect documents in native format with all metadata, as Plaintiff has expressly and repeatedly requested, would be unduly burdensome, this Court should grant this motion to compel.

Rather than providing any argument against producing native format Word and Word Perfect documents, Kim and Prospect have insisted that Plaintiff must substantially justify such a request. But Rule 34 makes no requirement that a propounding party justify the form she requests document be served in. Moreover, Plaintiff **has** substantially justified her requests, and Courts often grant motions to compel native documents because

> Certain metadata is critical in information management and for ensuring effective retrieval and accountability in record-keeping. Metadata can assist in proving the authenticity of the content of electronic documents, as well as establish the context of the content. Metadata can also identify and exploit the structural relationships that exist between and within electronic documents, such as versions and drafts.

*Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 106 (E.D. Pa. 2010).

This is such a case. It involves thousands of pages of documents and multiple versions of many of those documents for which the context, timing, relationships between drafts, and the authenticity of drafts is directly at issue—including the many versions and drafts of Plaintiff's and Defendants' manuscripts and novels. Plaintiff has explained the necessity of accurate and complete metadata in this case and has expressly informed Defendants that the existing production of PDFs is missing requested metadata. Accordingly, even assuming arguendo that Plaintiff must substantially justify her request for native documents, Plaintiff is substantially justified in seeking native formats of all Word and Word Perfect documents with all metadata as the information contained therein is critical in establishing the authenticity, context, and relationships between the many documents at issue in this case. As such, Plaintiff's motion to compel native format versions of all Word and Word Perfect documents, with all metadata included, from Defendants should be granted.

                                  Respectfully submitted,

By:    */s/ Stephen M. Doniger*
           Stephen M. Doniger
           Scott Alan Burroughs
           Laura M. Zaharia
           DONIGER / BURROUGHS
           For the Plaintiff