# EXHIBIT F

**CSReeder, PC**
TRIAL LAWYERS AND GENERAL COUNSEL

February 3, 2023

**VIA EMAIL**
Benjamin Halperin, Esq.
41 Madison Avenue
New York, New York 10010
bhalperin@cdas.com

           Re:  *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, Case No. 22 Civ 2435 (LLS) (SN)

Dear Benjamin:

      I write on behalf of Plaintiff Lynne Freeman ("Plaintiff") in the above-referenced action and in response to the Entangled Defendants' and Prospect Defendants' (collectively, "Defendants") letter dated January 30, 2023.  Defendants' "objection" to the Plaintiff's privilege log is without merit and constitutes yet another attempt by Defendants to bury Plaintiff in needless discovery exercises.  As explained below, Plaintiff has properly withheld confidential communications based on the attorney-client privilege, work product, and other applicable protections.

      First, Defendants complain that communications with Michelle Bittner should not be withheld.  Defendants are wrong.  Ms. Bittner is an attorney, as Defendants acknowledge, and was in fact Plaintiff's attorney in other, unrelated matters.[1]  As you are well aware, Plaintiff is also an attorney.  Plaintiff was relying on Ms. Bitner as she was looking to engage copyright counsel for this matter.  Defendants' contention that there is no evidence that Ms. Bittner was ultimately retained for this matter, which Plaintiff does not dispute, is irrelevant.  *United States v. Dennis*, 843 F.2d 652, 656 (2d Cir.1988); *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie. S.C.A.*, 258 F.R.D. 95, 100 (S.D.N.Y. 2009).  Accordingly, emails between Plaintiff and Ms. Bittner (Categorical Log No. 4) and emails where Ms. Bittner is copied along with another attorney (Individual Log Nos. 120, 121, 124, 125, 132, 147, 150; Categorical Log No. 4, 14**)** are privileged.

      Further, Plaintiff's confidential communications with Ms. Bittner constitute protected work product.  *Newmarkets Partners, LLC*, 258 F.R.D. at 102 ("The work-product doctrine protects materials prepared in anticipation of litigation or for trial by or for [a] party or its representative").  Even though Ms. Bittner was not ultimately retained, the work product doctrine can extend to material prepared by or for Plaintiff or Ms. Bittner as Plaintiff's representative. *Lapaix v. City of New York*, 2014 WL 11343854, at *2 (S.D.N.Y. Aug. 15, 2014).

---

[1] Ms. Bittner has a general civil litigation practice and is not only a family attorney as your letter claims.

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

In anticipation of litigation, Plaintiff and Ms. Bittner corresponded concerning Plaintiff's substantive case strategy (which Plaintiff prepared herself as an attorney and with assistance of other attorneys whom she sought to ultimately represent her, including Mr. Gradstein), Plaintiff's efforts to retain counsel, and Plaintiff's work prepared at counsel's behest. The confidential communications constitute core work product in that they were prepared in anticipation of litigation by Plaintiff and they reveal both Plaintiff's thoughts in preparing a legal strategy and counsels' impressions as conveyed by Plaintiff. *Id.* at *6 (protecting "emails in which [plaintiff] sent instructions or specific comments to the third parties about the legal narrative"); *In re Lifetrade Litig.*, 2022 WL 3644357, at *4 (S.D.N.Y. Aug. 24, 2022) (correspondence reflecting "motive for seeking counsel, litigation strategy or specific legal advice sought" constitute protected communications"). Thus, even if Ms. Bittner was not an attorney, which she undoubtedly is, she was acting as Plaintiff's agent, and thus communications between her and Plaintiff are entitled to work product protection. *Benedict v. Amaducci*, 1995 WL 23555, at * 1 (S.D.N.Y. Jan. 20, 1995) (work product doctrine attached to material prepared in anticipation of litigation by plaintiff's "family friend"). Notably, Defendants do not argue, nor could they, that emails with Ms. Bittner would substantially increase the risk that the Defendants would gain access to materials prepared in anticipation of litigation. Likewise, Plaintiff's communications with attorney Henry Gradstein (from whom Plaintiff was also seeking representation) and me (Categorical Log No. 14) in which Ms. Bittner was copied are protected for the same reasons.[2]

The attachments to communications between Plaintiff and Ms. Bittner that were withheld are also protected work product. The indexes, manuscript comparisons, and outline containing Plaintiff's legal narrative were all created by Plaintiff and eventually turned over to me. The materials were created in some instances at the behest of one of the first attorneys she attempted to retain and in other instances solely on her own. The determining factor is whether or not the documents were prepared in anticipation of litigation and clearly, they were. *Lapaix*, 2014 WL 11343854 at *2. Lastly, the documents constitute work product even though Ms. Bittner may have edited them for Plaintiff. *Id.*

Second, Plaintiff's communications with her father (Categorical Log No. 11), which include emails from Plaintiff and emails forwarded by Plaintiff from another attorney, for the purpose of analyzing caselaw and evidence for Plaintiff's claims, or concerning potential counsel's representation, are also entitled to work product protection. These communications would not have been made but in anticipation of litigation and with the expectation of confidentiality between Plaintiff and her family member. *In re Lifetrade*, 2022 WL 3644357, at *6) (finding no waiver of

---

[2] The categorical log descriptions and details of the nature of the communications and attachments are sufficient to permit Defendants to assess the Plaintiff's privilege and work product claims. *In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 326 (S.D.N.Y. 2020), on which Defendants rely is inapposite because, unlike Plaintiff, the party seeking to withhold materials in that case used the vague and repetitive phrase "communications . . . seeking or conveying legal advice."

| | | |
|---|---|---|
| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

Benjamin Halperin, Esq.
Page 3
February 3, 2023

work product when plaintiff copied "child who advised on finances"); *Schanfield v. Sojitz Corp. of Am.*, 258 F.R.D. 211, 216 (S.D.N.Y. 2009) (emails authored by plaintiff or his counsel and forwarded to non-lawyer sister entitled to work product protection).[3]  Further, and similar to the attachments between Plaintiff and Ms. Bittner, the withheld attachments between Plaintiff and her father, including the indexes, manuscript comparisons, and legal narrative were all created by Plaintiff or her prospective attorneys in anticipation of litigation and eventually turned over to me. As such, they are work product.

      Third, Plaintiff's husband Trent Baer's communications on behalf of Plaintiff with Plaintiff's potential counsel (Individual Log Nos. 6, 7, 39, 48) are entitled to the same privilege and work product protection as would be Plaintiff's communications.[4]  The relevant question is whether "the spouse is an agent of the client."  *Shih v. Petal Card, Inc.*, 565 F. Supp. 3d 557, 573 (S.D.N.Y. 2021).  "The test is a relaxed one . . . defined by the client's reasonable expectation of confidentiality, not the absolute legal niceties of agency law."  *Id.* (citations omitted); *People v. Osorio*, 549 N.E.2d 1183, 1185 (N.Y. 1989) ("The scope of the privilege is not defined by the third parties' employment or function, however; it depends on whether the client had a reasonable expectation of confidentiality under the circumstances.").  As the court held in *Shih*, "New York courts ordinarily find that the client's spouse was in fact an agent . . . so long as a fairly minimal showing is made that the client reposed trust and confidence in her spouse and expected the communication to remain confidential notwithstanding his presence.").

      Mr. Baer acted and continues to act as Plaintiff's agent, advisor, and consultant in this litigation.  He has worked with Plaintiff to create work product and plays an integral and indispensable role in assisting Plaintiff in her case analysis and strategy.  Mr. Baer's direct communications with attorneys from whom Plaintiff was seeking representation or Plaintiff's retained expert (Categorical Log No. 20) were in furtherance of that role.  Plaintiff informed potential counsel and the expert that her husband was participating in the litigation on her behalf. Accordingly, "[i]t would be unreasonable to discern any expectation on the part of [Plaintiff] or her attorneys other than that their conversations in the presence of [Mr. Baer] would remain strictly confidential."  *In re Horowitz*, 16 Misc. 3d 1106(A), *3 (Sur. Ct., Nassau County June 21, 2007); *In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 217 (S.D.N.Y. 2001) ("attorney-client privilege protects communications between lawyers and agents of a client where such communications are

---

[3] Plaintiff notes a correction to Categorical Log No.11.  The total number of documents is 24, not 25, inclusive of the withheld attachments in that category.  The discrepancy is due to the fact that one of the documents that was encompassed in Categorical Log No. 11 appeared as Supplemental Log No. 10.

[4] On further review Plaintiff withdraws the work product objection set forth on Individual Log No. 199 and will produce the document the beginning of next week.

| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| --- | --- | --- |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

for the purpose of rendering legal advice.").[5] Moreover, the communications that Mr. Baer had with any experts prior to my retention were on behalf of Plaintiff, who is an attorney.

The descriptions in Categorical Log Nos. 10 and 16 involving Mr. Baer are also sufficient to permit Defendants to assess the Plaintiff's privilege and work product claims. The descriptions go beyond "a generic recitation of the elements" of the attorney-client privilege, marital privilege, and work product doctrine, and provide specific information about Mr. Baer's communications and documents assessing the factual claims against Defendants and legal analysis that is relevant to determine whether the applicable protections apply. *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, 297 F.R.D. 55, 61 (S.D.N.Y. 2013).

Fourth, Plaintiff agrees to expand on the descriptions of the individuals identified in the chart on pages 5-7 of Defendants' letter as follows:

- Dr. Beth Prinz (Individual Log Nos. 8, 9, 10, 14, 173): Dr. Prinz is a doctor of internal medicine and longtime consultant of Plaintiff and writes as a hobby. Plaintiff provides legal consultation for Dr. Prinz and represented her in the past. Dr. Prinz consulted in this case when Plaintiff sent her a draft correspondence that Plaintiff intended to send to attorneys who could potentially represent her in this action and sent her one of the indexes Plaintiff created in anticipation of litigation. Dr. Printz was thus acting as Plaintiff's consultant and agent and as such the communications are protected work product. Consultants and confidants are clearly covered by the work product privilege. Lapaix, 2014 WL 11343854 at *5. Further, Plaintiff already withdrew the attorney-client designations with respect to these communications (see email from Mark D. Passin dated January 23, 2023 at 2:14 PM) and Plaintiff hereby withdraws the marital privilege designation with respect to Individual Log No. 10.
- Ben M. Davidson (Individual Log No. 24): The "potential counsel" is Ben Davidson, a lawyer with the Davidson Law Group. The consultants and confidants referenced are Plaintiff's agent Dr. Prinz and her daughter Morgan Prinz, Dr. Prinz' daughter (Plaintiff intended to hire Morgan Prinz to assist in the litigation), but she was unavailable.
- Wendi Bates (Individual Log No. 24): Ms. Bates is a former professional grant writer and longtime writing consultant for Plaintiff. She provided initial consulting advice to Plaintiff in exchange for legal services. The email contains work product created by Plaintiff and forwarded to her father and subsequently forwarded to Ms. Bates for her advice.
- Mary McCauley (Individual Log No. 59): Ms. McCauley is Plaintiff's aunt and was also acting as her consultant and agent and providing Plaintiff with suggestions based on proposed edits to the manuscripts made by Defendant Kim. Ms. McCauley also made

---

[5] Defendants cite to *Main St. Am. Assurance Co. v. Savalle*, 2019 WL 5704403 (D. Conn. Nov. 5, 2019), which is outside of this district and explicitly recognizes protected communications made by a party's agent.

| | | |
|---|---|---|
| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| Suite 1470 | FAX | (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL | mark@csrlawyers.com |
| | WEBSITE | www.markpassin.com |

- suggestions for Plaintiff's comparison of the manuscripts with one of Defendant's books, which is core work product. In this email Plaintiff forwards an email to attorney Glen Kulik attaching a copy of the manuscript comparison to Ms. McCauley. The email constitutes work product.
- Jennifer Holland (Individual Log No. 65, 70): Ms. Holland is an attorney and a long-time legal consultant and mentor to Plaintiff. Plaintiff initially consulted with Ms. Holland for advice and opinions on Plaintiff's work product and the selection of counsel. The communications are protected for the same reasons as Plaintiff's communications with Ms. Bittner.
- Jennifer Ramsey (Individual Log No. 68, 107-09, 119): Ms. Ramsey is a longtime friend of Plaintiff who has previously provided Plaintiff consulting services concerning public relations and advertising. In these emails Plaintiff is forwarding a copy of Plaintiff's manuscript comparison and a draft correspondence intended for Mr. Gradstein to Ms. Ramsey for her advice.
- Matt Hein (Individual Log No. 75): On further review Plaintiff withdraws the work product objection for this document and will produce the document the beginning of next week.
- Claire Fink (Individual Log No. 134): Ms. Fink is Ms. Ramsey's daughter. Ms. Freeman was considering hiring Ms. Fink to assist with reviewing work product in the case and sent her an analysis of underlying facts of the case and documents prepared by Plaintiff in anticipation of litigation. Ms. Fink ultimately took another job. Plaintiff is asserting work product over the communication to Ms. Fink and the manuscript comparisons attached thereto.
- Kevin Zoltan (Individual Log No. 175): Mr. Zoltan, a friend of Mr. Baer, received Mr. Baer's email intended for Plaintiff's retained consulting expert by mistake and contacted Mr. Baer to let him know he had the wrong email address. Work product is not waived by this inadvertent disclosure. *Lapaix*, 2014 WL 11343854, at *2. Rather, it is "waived only when documents are used in a manner contrary to the doctrine's purpose, when disclosure 'substantially increases the opportunity for potential adversaries to obtain the information.'" *Id*. Pursuant to the Court's Order dated December 17, 2022, Plaintiff is not required to disclose the identity of consulting experts.[6] Moreover, "work product immunity protects documents prepared by or for a representative of a party, including, his or her agent." *Id*. "Courts in this district have expanded the application of the work product doctrine to comport with the broad language in Rule 16(b)(3) and have applied the doctrine to a range of factual scenarios. In particular, courts have relied on Rule 26(b)(3) and the Supreme Court's finding in United States v. Nobles, 422 U.S. 225, 238-39 (1975), to hold that the work product doctrine must, in some circumstances, protect

---

[6] This also applies to Individual Log Nos. 221-222 and Categorical Log Nos. 7 and 16. For the reasons described herein, Mr. Baer is Plaintiff's agent and his communications with the expert on behalf of Plaintiff constitute work product.

| | | |
|---|---|---|
| 11766 Wilshire Boulevard | PHONE | (310) 861-2470 |
| | FAX | (310) 861-2476 |
| Suite 1470 | EMAIL | mark@csrlawyers.com |
| Los Angeles, California 90025 | WEBSITE | www.markpassin.com |

Benjamin Halperin, Esq.
Page 6
February 3, 2023

> material prepared by non-attorneys in order to apply the doctrine to documents prepared by or for a party or the party's representative." *Id.* The immunity attaches as long as the document is prepared in anticipation of litigation. *Id.* Indeed, Fed. R. Civ. P. 26(b)(3)(A) expressly provides that "*Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."

- Wendy Trimble (Individual Log No. 209): Ms. Trimble is a friend of Plaintiff who was facilitating an introduction between Plaintiff and an attorney from whom Plaintiff was seeking representation.

- Alex Coleman (Categorical Log No. 15): Ms. Coleman is a friend and paid consultant for Plaintiff who assisted Plaintiff in reviewing work product that Plaintiff created for the litigation.

Fifth, Plaintiff is asserting that Individual Log No. 136 is protected work product.

Finally, the non-sequential rows on the log were the result of documents that were removed because they were either produced or because they were non-responsive blank or unreadable HTML markup files. The documents that were produced include LF 122024, LF 108919, LF 106953, LF 114222, LF 098535, LF 099107, LF 178143, LF 267841, LF 135001.[7]

Separately, in response to Defendants' email dated February 1, 2023, Plaintiff does not agree to produce unredacted versions of all of the communications on the supplemental privilege log or redaction log. If Defendants have specific questions concerning those logs Plaintiff will consider Defendants' position.

Very truly yours,

**CSReeder, PC**

Mark D. Passin

---

[7] Accordingly, Defendants' purported concern that Plaintiff may have withheld attachments "merely because the email they are attached to is privileged" is unfounded. In addition to the attachments that were produced which resulted in the non-sequential rows, Plaintiff identified on her categorical log that attachments were produced unless "independently privileged".

11766 Wilshire Boulevard
Suite 1470
Los Angeles, California 90025

PHONE (310) 861-2470
FAX (310) 861-2476
EMAIL mark@csrlawyers.com
WEBSITE www.markpassin.com

Benjamin Halperin, Esq.
Page 7
February 3, 2023

                                      11766 Wilshire Boulevard,
                                      Suite 1470
                                      Los Angeles, CA 90025
                                      310-861-2475
                                      mark@csrlawyers.com

                                      **REITLER KAILAS & ROSENBLATT LLP**
                                      Paul V. LiCalsi
                                      885 Third Avenue, Ste 20th Floor
                                      New York, NY 10022
                                      212-209-3090
                                      plicalsi@reitlerlaw.com

                                      *Attorneys for Plaintiff*

cc: All counsel of record via e-mail

| | |
|---|---|
| 11766 Wilshire Boulevard | PHONE (310) 861-2470 |
| Suite 1470 | FAX (310) 861-2476 |
| Los Angeles, California 90025 | EMAIL mark@csrlawyers.com |
| | WEBSITE www.markpassin.com |