**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

LYNNE FREEMAN,

                                        **Plaintiff,**

                    -against-

TRACY DEEBS-ELKENANEY, et al.,

                                        **Defendants.**

-----------------------------------------------------------------X

**22-CV-02435 (LLS)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

        Plaintiff seeks an order compelling Defendants to (1) respond to damages discovery

requests ("Damages Requests"), (2) provide additional identifying information for recipients of

Plaintiff's work ("Interrogatory 8"), and (3) respond to an additional interrogatory

("Interrogatory 26"). ECF Nos. 161, 162. Defendants have agreed to respond to Interrogatory 8

but otherwise oppose the motion. ECF No. 166.

**I.      Damages Requests**

        Under the Copyright Act, "an infringer of copyright is liable for either (1) the copyright

owner's actual damages and any additional profits of the infringer, as provided by subsection (b)

or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). Under subsection

504(b), plaintiff can recover "profits of the infringer that are attributable to the infringement and

are not taken into account in computing the actual damages." 17 U.S.C. § 504 (b). To establish

the infringer's profits, "the copyright owner is required to present proof only of the infringer's

gross revenue, and the infringer is required to prove his or her deductible expenses and the

elements of profit attributable to factors other than the copyrighted work." Id. See also Davis v. Gap, Inc., 246 F.3d 152, 160 (2d Cir. 2001).

Plaintiff has served numerous Damages Requests seeking information related to Plaintiff's actual damages calculation. Although Plaintiff acknowledges that these demands are a request to "update" prior responses, she contends that Defendants are "resisting discovery of plainly relevant information." ECF No. 161 at 1. The discovery responses make plain, however, that Defendants are not resisting discovery. In each response, Defendants identify the date on which they previously responded to damages discovery. See, e.g., June 13, 2022 (Kim/Prospect), November 23, 2022 (Macmillan), December 2, 2022 (Kim/Prospect), December 5, 2022 (Entangled).[1] In each instance, Defendants commit to providing an update in the future. Thus, Plaintiff has received damages discovery through time periods ending less than six months ago.

In Defendants' response to the letter motion, they "acknowledge – and have communicated to Plaintiff's counsel this understanding – that they have an ongoing obligation to update their discovery responses to reflect new information." ECF No. 166 at 1. Defendants' objection is not to an update but to the "continual, incremental updating" sought by Plaintiff. Id. Defendants are "ready to produce updated financial documents, and interrogatory responses, at an appropriate time," and suggest 45 days after a decision on the anticipated motions for summary judgment. Id. at 2.

Defendants' approach is reasonable. Plaintiff has sufficient information related to her actual damages to question witnesses at deposition or defend a motion for summary judgment.

---

[1] An exception to this practice is Defendants Kim/Prospect's response to Request No. 1 of Plaintiff's Fourth Request for the Production of Documents. ECF No. 161-3. Here, Defendants Kim/Prospect respond in relevant part, "Prospect will provide all responsive, non-privileged documents not previously produced, to the extent that such documents exist." To the extent this response suggests a prior production was not made, Defendants Kim/Prospect must respond to this demand within 14 days.

She is entitled to updated damages discovery but the burden of requiring serial updates outweighs the value of the incremental information. Accordingly, the parties are ORDERED to meet and confer and reach agreement on a date by when the Defendants will produce one final update to the damages discovery. If the parties cannot reach agreement, the Defendants are ORDERED to produce supplemental discovery within 45 days of any decision denying in whole or in part a motion for summary judgment.

## II.    The 26th Interrogatory

Plaintiff seeks an order compelling Defendant Wolff to identify "by manufacture and model number" every computer used to write, and every editing software used to edit, the *Crave* book series. ECF No. 162 at 2. Defendant objects on several grounds, including that Plaintiff is only entitled to propound 25 interrogatories absent leave of the Court, Fed. R. Civ. P. 33(a)(1), and that a response is not due until today. In the main, however, Defendant contends that this dispute is moot because Plaintiff asked Wolff and Entangled representatives these questions at their depositions and received their sworn testimony. The excerpted deposition testimony appears to reasonably provide the information sought by Plaintiff. If Plaintiff does not believe this testimony is sufficient, Wolff shall provide additional responses to the interrogatories.

## CONCLUSION

Plaintiff's motions are DENIED. The Clerk of Court is requested to terminate the motions at ECF Nos. 161 & 162.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:        March 15, 2023
              New York, New York

3