ORIGINAL

## CLARIFYING MEMORANDUM ENDORSEMENT

<u>LYNNE FREEMAN v. TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, an individual, EMILY SYLVAN KIM, an individual, PROSPECT AGENCY, LLC, a New Jersey limited liability company, ENTANGLED PUBLISHING, LLC, a Delaware limited liability company, MACMILLAN PUBLISHERS, LLC, a New York limited liability company, UNIVERSAL CITY STUDIOS, LLC, a Delaware limited company</u>, 22 Civ. 2435(LLS)

Whatever particular process of comparing defendants' books with plaintiff's "combination of creative works" (her motion for clarification, p. 3) is used, its purpose is to reveal and define substantial similarities between the two bodies of work. The process must start somehow.

Since the ultimate judgment of "substantial similarity" refers only to protectable matter, a fair place to start the comparison process is defendants' allegedly infringing books against two of the final manuscripts embodying plaintiff's drafts, to allow the parties a preliminary view of the works' similarities of "total concept and feel, theme, character, plot, sequence, pace and setting of the works," without sifting through thirty iterations. <u>Allen v. Scholastic Inc.</u>, 739 F. Supp. 2d 642, 655 (S.D.N.Y. 2011).

Keep in mind that when comparing the books to the two test manuscripts the goal is only to determine in a preliminary degree "whether a lay observer would consider the works as a whole substantially similar to one another." <u>Williams v.</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/17/23

Crichton, 84 F.3d 581, 590 (2d Cir. 1996). All discovery and claims remain available with regard to the other iterations of plaintiff's work.[1] The job is to produce, in an orderly and pragmatic way, a manageable understanding of the relationship between the two bodies of work.

Examining their most salient characteristics through two sample iterations of the plaintiff's work is a practical way to start.  It supplies a method of organizing some of the evidence. It does not imply or suggest exclusionary rulings. It is not designed to bring the case to a precipitate end; it is designed to increase the understanding of the subject matter.

Dated: New York, New York
       March 17, 2023

                                                 *Louis L. Stanton*
                                              LOUIS L. STANTON
                                                 U.S.D.J.

---

[1] Any decision as to the application of plaintiff's "aggregation" argument is premature.

MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYNNE PLAINTIFF,

        Plaintiff,

-against-

TRACY DEEBS-ELKENANEY, et al.

        Defendants.

Case No. 22-cv-02435 (LLS)(SN)

## PLAINTIFF'S NOTICE OF MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION

TO THE HONORABLE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff, Lynne Freeman, by her undersigned attorneys, upon the accompanying Memorandum of Law, respectfully moves this Court before the Honorable Louis L. Stanton, U.S.D.J., at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 21C, New York, New York 10007, for clarification, or in the alternative, for reconsideration of its February 27, 2023 Order (ECF No. 141) and September 16, 2022 Order (ECF No. 105).

PLEASE TAKE FURTHER NOTICE that Plaintiff respectfully requests oral argument if this motion is opposed.

Respectfully submitted,

Dated: March 7, 2023      By:    /s/ Scott Alan Burroughs
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
Telephone: (310) 590-1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
Counsel for Plaintiff