- 1 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, et al.,<br><br>Defendants. | Case No. 1:22-cv-02435-LLS-SN<br><br>**DECLARATION OF LYNNE FREEMAN** |

## DECLARATION OF LYNNE FREEMAN

I, Lynne Freeman, hereby declare as follows:

1. I am above eighteen (18) years of age and am competent to give the testimony set forth below. Said testimony is given from my own personal knowledge. I make this declaration in opposition to Defendants' Motion to Compel. If called as a witness, I could and would competently testify as set forth below.

2. I am the plaintiff in this action. I am also an attorney and have been acting as such in my own case, performing legal research, drafting motions, and so on.

3. Beginning on or about April 2, 2021 through February 5, 2022, I communicated via e-mail with Ms. Michelle Bittner about the claims at issue in this action. Ms. Bittner is a civil litigation attorney and we regularly work for and with one another. I basically represent her from time to time and vice versa for the purpose of rendering legal advice to each other. I communicated with Ms. Bittner both to seek her representation for purposes of her advising me on how to best proceed and to obtain an evaluation of my potential claims. In those communications we discussed (i) the evidence of Wolff's infringement of my manuscripts; (ii) theories of the case and potential claims against Defendants; (iii) preparation for litigation and litigation strategy; (iv) my analysis of Defendants' books; (v) how she could assist and help me obtain representation; (vi) attorney's requests for information and my responses; (vii) attorney's analysis of relevant case law and legal standards, and (viii) my forwarding other attorney-client communications. Attachments to those communications included: (i) indexes of my manuscripts, story plots, and character summaries created by me in anticipation of litigation and at the behest and direction, at various times, of a number of attorney's that I consulted to possibly represent

me in the action, including, but not limited to, one of my current co-counsel, Mr. Passin ("Consulting Counsel"); (ii) comparison of my manuscripts with one of Defendant's books created by me in anticipation of litigation at the direction of one of my Consulting Counsel using the legal framework provided to me by that counsel; and (iii) outline, index, summary and chronology of key interactions, communications, and correspondence between me and Defendants created in anticipation of litigation also at the direction and behest of Consulting Counsel. These communications also related to: (i) potential representation; (ii) attorney's requests for information and assessment of claims against Defendants; and (iii) draft demand letter.

4. The indexes, manuscript comparisons, and outlines referenced above were all created by me at the direction of Consulting Counsel and are works in progress that I am still working on with my current counsel. These documents were litigation-oriented documents reflecting my evolving case strategy and goals in bringing a lawsuit against the defendants in this case. These documents are at issue in Categorical Entry Nos. 4, 11, and 14.

5. Beginning on or about April 19, 2021, I communicated via e-mail with Ms. Jennifer Holland about the claims at issue in this action. Ms. Holland is an attorney who has represented me in a prior matter and a long-time legal consultant and mentor to me. I initially consulted with Ms. Holland for advice and opinions on my work product and the selection of counsel. Ms. Holland acted as my attorney and gave me advice for how to proceed.

6. Beginning on or about April 19, 2021, I communicated via e-mail with my aunt, Ms. Mary McCauley, about the claims at issue in this action. She was also acting as my consultant and agent and providing me with suggestions based on proposed edits to the manuscripts made by Defendant Kim. She also made suggestions for my comparison of the

manuscripts with one of Defendant's books. In Indiv. No. 59 and Categ. No. 11 I forwarded an email to attorney Glen Kulik attaching a copy of the manuscript comparison to Ms. McCauley providing insight into my thought processes. This was solely done to assist with the development of my theories of the case with a trusted confidante.

7. Beginning on or about April 9, 2021 to February 4, 2022, I communicated via e-mail with my father, Michael Freeman, about the claims at issue in this action. The communications include emails from me and emails forwarded by me from Consulting Counsel and were sent for the purpose of analyzing caselaw and evidence for my claims, or concerning potential counsel's representation. These communications related to (i) me analyzing and comparing manuscripts and Defendants' books, (ii) analysis of relevant precedent and caselaw affecting my claims, (iii) collection of potential evidence for analysis, and (iv) scope of potential attorney representation. Attachments also included: (i) application of caselaw compiled by attorney; (ii) indexes of my manuscripts, story plots, and character summaries created by me in anticipation of litigation and at attorney's behest; (iii) comparison of my manuscripts with one of Defendant's books created by me in anticipation of litigation using the legal framework of one of my Consulting Counsel and at that attorney's direction; (iv) draft of document prepared by Mark Passin, my current counsel, in anticipation of litigation. Although I am a lawyer, I still rely on my father for advice in my own legal matters.

8. Beginning on or about April 4, 2021, I communicated via e-mail with Dr. Beth Prinz about the claims at issue in this action. Dr. Prinz is a doctor of internal medicine and longtime consultant of mine and writes as a hobby. Dr. Prinz consulted in this case when I sent her a draft correspondence that I intended to send to attorneys who could potentially represent me in this action and sent her one of the indexes I created in anticipation of

litigation in order to enlist her help with developing my theory of the case. Dr. Prinz performs consulting work for me and I perform consulting work for her in exchange. Among other things, she helped edit some of the material for me.

9. Beginning on or about April 9, 2021, I communicated via e-mail with Ms. Wendi Bates about the claims at issue in this action. Ms. Bates is a former professional grant writer and longtime writing consultant for me, including on this case. The email contains work product created by me and forwarded to my father and subsequently forwarded to Ms. Bates for her advice. Ms. Bates performs consulting work for me and I consult with her in exchange. Among other things, she helped edit some of the material for me.

10. Beginning on or about May 17, 2021, I communicated via e-mail with Ms. Jennifer Ramsey about the claims at issue in this action. Ms. Ramsey is a longtime friend of mine who has previously provided me with consulting services concerning public relations and advertising. In these emails, I am forwarding a copy of my manuscript for her input regarding analysis of facts of the case and advice pertaining to legal representation. Ms. Ramsey performs consulting work for me and I consult with her in exchange.

11. Beginning on or about October 18, 2021, I communicated with Ms. Wendy Trimble, a friend of mine, who was facilitating an introduction between me and an attorney from whom I was seeking representation. That attorney required a copy of a comparison in advance to be sent through Ms. Trimble before agreeing to speak with me and ultimately decided this is not her area of law, thus we never spoke.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed on March 20, 2023 in Santa Barbara, California.

By: _____Lynne Freeman_____
Lynne Freeman
Declarant

DECLARATION OF LYNNE FREEMAN