# EXHIBIT A

# Zach Press

| | |
|---|---|
| **From:** | Mark Passin <mark@csrlawyers.com> |
| **Sent:** | Monday, January 23, 2023 12:17 |
| **To:** | Lance Koonce; Zach Press |
| **Cc:** | Paul V. LiCalsi - Reitler Kailas & Rosenblatt LLC (plicalsi@reitlerlaw.com); bvanbenthysen@reitlerlaw.com |
| **Subject:** | Freeman |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Lance and Zach,

I am writing to you to meet and confer regarding the below.  Are you available on Tuesday or Wednesday to meet and confer.  If so, please let me know what time is good for you on either of those days.

1. <u>Prospect Agency, LLC and Emily Sylvan Kim's Revised Responses and Objections to Plaintiff's First Set of Interrogatories dated November 28, 2022</u>

    <u>Interrogatory No. 3:</u>

    The interrogatory requests with respect to each book in the CRAVE BOOK SERIES, the gross revenues received or accrued for each book including the source of the revenues, the amount of the revenues and the date when such revenues were received or accrued.  Prospect failed to provide the source of the revenues or the dates the revenue were received or break-down the revenues by book.  Moreover, Prospect states in the response that the response is merely an estimate.  We are entitled to the amount actually received as opposed to an estimate.   Also, the number does not appear to be accurate based on Prospect's contract with and the documents produced by Wolff.

    <u>Interrogatory No. 5:</u>

    The interrogatory requests with respect to each book in the CRAVE BOOK SERIES, all expenses incurred by Wolff directly in connection with each book including a description of the expenses, the amount of the expenses and the date of the expenses.   Wolff failed to provide a description of the expenses, the book for which each expense was incurred or break down the expenses by the date each expense was incurred.  Moreover, Wolff states in the response that the response is merely an estimate.  We are entitled to the amount of the expenses actually incurred by Wolff as opposed to an estimate.

2. <u>Defendants Prospect and Kim's Revised Responses and Objections to Plaintiff's Amended Request for the Production of Documents</u>

    In the document requests we requested that the documents be produced in native format with all Metadata, including, without limitation, document level text, file and custodian names and document dates, sent and received dates, sender and recipient information, and an accompanying load file (in .dat, .opt, or lfp format).  You did not produce all documents in native format with the requested metadata, including, but not limited to,  e-mails.  Thus, we hereby demand that you produce all previously produced documents that were not produced in native format with the requested metadata in native format with all metadata, including, but not limited to e-mails.

Request No. 7:

This document request, asks for documents sufficient to identify all personal and business e-mail addresses used by Pelletier from October 1, 2010 to the present, the name, address and telephone number of the account holder, internet provider hosting the address and storing, archiving and backing up e-mails and the domain registrar.  You improperly limited your response to e-mail addresses used by Pelletier to communicate with Prospect.  We are entitled to all e-mail addresses, including, but not limited to, the e-mail address that she used to communicate with Wolff.

Request No. 21:

This document request asks for all agreements between Wolff, on the one hand, and any PERSON, on the other hand, that are concerning Wolff paying to the PERSON any money generated from the exploitation of any of the books in the CRAVE SERIES.  You responded no such document exist.  We know that is not true because you subsequently produced an agency agreement between Wolff and Prospect.  Are there any other agreements that you have not produced?  Moreover, you need to amend your response since it is not true.

3. <u>Defendant Prospect and Kim's Objections to Plaintiff's Second Request for the Production of Documents dated December 23, 2023</u>

Request No. 7:

This document request asks for all documents relating to the payment or crediting of any money to anyone in connection with the exploitation of any of the books in the CRAVE BOOK SERIES that has not previously been produced by any of the defendants.  You stated in your response that the "Prospect will use reasonable efforts to produce responsive, non-privileged documents that have not already been produced to the extent such documents exist. " You also asserted various objections to the request that are all invalid.  We hereby demand that you withdraw the objections and produce all responsive documents no later than January 31, 2023.

4. <u>Defendant Kim's Responses and Objections to Plaintiff's Second Set of Interrogatories</u>

Interrogatory No. 1:  This interrogatory requests Kim to identify by e-mail all personal and business e-mail addresses used by Kim from October 1, 2010 to the present, and the name, address and telephone number of the account holder, internet provider hosting the address and storing, archiving and backing up e-mails and the domain register for each e-mail address. You merely provided the e-mail address.  You need to provide the rest of the information requested.

5. <u>Defendant Kim's Answers and Objections to Plaintiff's Fourth Set of Interrogatories</u>

You failed to answer Interrogatory Nos. 10 through 21.  I would like to discuss amending the interrogatories or withdrawing them.

6. <u>Defendant Prospect's Answers and Objections to Plaintiff's Third Set of Interrogatories</u>

Interrogatory No. 8:  You need to provide the address or e-mail address, as applicable, and the date sent, for each individual listed in response to the interrogatory.

You failed to answer Interrogatory Nos.9 through 20.  I would like to discuss amending the interrogatories or withdrawing them.

7. <u>Defendant Prospect's Answers and Objections to Plaintiff's Fourth Set of Interrogatories</u>

Interrogatory No. 21 requests an update of your response to plaintiff's Interrogatory No. 3 regarding revenues received by Prospect.  You state in response to the Interrogatory that Defendant will provide Plaintiff with an updated estimate of its revenues generated in connection with the *Crave* Book Series should damages become relevant later in the litigation.  Damages are relevant and the discovery cut off in less than two months away.  Thus, you must answer the Interrogatory.  Moreover, you are required to provide the actual financial numbers and not just an estimate.  You also need to withdraw your meritless objections.

Interrogatory No. 22 requests an update to your Response to Interrogatory No. 4 regarding Prospect expenses.  You state in response to the Interrogatory that Defendant will provide Plaintiff with an updated estimate of its expenses incurred in connection with the *Crave* Book Series should damages become relevant later in the litigation.  Damages are relevant and the discovery cut off in less than two months away.  Thus, you must answer the Interrogatory.  Moreover, you are required to provide the actual financial numbers and not just an estimate.  You also must withdraw your meritless objections.

8. <u>Defendant Kim s Answers and Objections to Plaintiff's Fifth Set of Interrogatories</u>

Interrogatory No. 22 requests an update of your response to plaintiff's Interrogatory No. 3 regarding revenues received by Kim.  You state in response to the Interrogatory that Defendant will provide Plaintiff with an updated estimate of its revenues generated in connection with the *Crave* Book Series should damages become relevant later in the litigation.  Damages are relevant and the discovery cut off in less than two months away.  Thus, you must answer the Interrogatory.  Moreover, you are required to provide the actual financial numbers and not just an estimate.  You also need to withdraw your meritless objections to the Interrogatories.

Interrogatory No. 23 requests an update to your Response to Interrogatory No. 4 regarding Kim' s expenses.  You state in response to the Interrogatory that Defendant will provide Plaintiff with an updated estimate of its expenses incurred in connection with the *Crave* Book Series should damages become relevant later in the litigation.  Damages are relevant and the discovery cut off in less than two months away.  Thus, you must answer the Interrogatory.  Moreover, you are required to provide the actual financial numbers and not just an estimate.  You also need to withdraw your meritless objections.

9. <u>Defendants responses to Plaintiff's Third Request for the Production of Documents</u>

Prospect and Kim failed to respond to these requests, which were due on December 30, 2022.  Accordingly, we hereby demand that they respond to the requests without objection by January 27, 2023.

10. <u>Defendants' Wolff and Entangled Reponses to Plaintiff's First Set of Requests for Admissions:</u>

Request Nos. 2 through 4:  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.  You failed to make the foregoing statement.

Request Nos 25 – 101:  Your response that Prospect objects on the basis that the information requested is readily available to plaintiff, and otherwise denies based on Prospect's current knowledge,  is not a proper response under the federal rules.  Among other things, you need to state  that the responding party has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

**Mark D. Passin**
**Of Counsel**



11766 Wilshire Boulevard
Suite 1470
Los Angeles, CA 90025
(310) 861-2475
mark@csrlawyers.com
www.markpassin.com

Information contained in this e-mail transmission may be privileged, confidential and covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. If you are not the intended recipient, do not read, distribute, or reproduce this transmission. If you have received this e-mail transmission in error, please notify us immediately of the error by return email and please delete the message from your system.  Thank you in advance for your cooperation.