```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/22/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LYNNE FREEMAN,

                                 Plaintiff,                               22-CV-02435 (LLS)(SN)

                  -against-                                         **ORDER**

TRACY DEEBS-ELKENANEY, et al.,

                               Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       Plaintiff moves to compel Defendants Emily Sylvan Kim and Prospect Agency, LLC (together, the "Prospect Defendants") to produce native versions of all Word and Word Perfect documents that they have already produced. ECF No. 173. The Prospect Defendants oppose the relief. ECF No. 184.

       In her document requests, Plaintiff requested "that all documents be produced in native format with all Metadata, including, without limitation, document level text, file and custodian names and document dates, sent and received dates, sender and recipient information, and an accompanying load file." ECF No. 184 at 1. In response, the Prospect Defendants produced PDF files of e-mails and word processing documents with accompanying metadata load files. The Prospect Defendants argue that the metadata load files provide Plaintiffs with the metadata that she requested. Plaintiff insists that "the existing production of PDFs is missing requested metadata" but does not acknowledge the metadata load files. ECF No. 173 at 2.

       While a party "may specify the form or forms in which electronically stored information ["ESI"] is to be produced," Fed. R. Civ. P. 34 (b)(1)(C), "[t]he responding party is not required

to accede to the requesting party's specification of form." Zhulinska v. Niyazov L. Grp., P.C., No. 21-CV-1348 (CBA), 2021 WL 5281115, at *6 (E.D.N.Y. Nov. 12, 2021) (quoting 8B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2219 (3d ed. 2021). Ultimately, "if ESI is kept in an electronically-searchable form, it should not be produced in a form that removes or significantly degrades this feature." Id. While the Prospect Defendants did not adhere to the exact form specifications of Plaintiff's ESI discovery requests, they produced PDFs that preserved search functionality and provided the requisite metadata. The Prospect Defendants' accompanying load file supplied the metadata, and "[p]laintiffs should not encounter significant difficulty sorting and searching [text-searchable PDFs]." Aguilar v. Immigr. & Customs Enf't Div. of U.S. Dep't of Homeland Sec., 255 F.R.D. 350, 355 (S.D.N.Y. 2008) ("A typical request [for metadata] might be to produce Word documents in TIFF format with a load file containing the relevant system metadata.").

Ultimately, Plaintiff's original request for the native versions of all Word and Word Perfect documents as well an accompanying load file was duplicative and required the Prospect Defendants to produce metadata in more than one form. To the extent Plaintiff argues that the Prospect Defendants should produce an *additional* form of metadata via native documents, on this record, whatever potential value such additional information may offer is outweighed by the cost and burden of production. See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 14-CV-MD 2542 (VSB)(SLC), 2020 WL 1940557, at *2 (S.D.N.Y. Apr. 22, 2020) ("Courts in the Second Circuit have denied requests for metadata, even where the metadata itself might have some probative value, where that potential value is outweighed by the cost and burden of production."). Because "[a] party need not produce the same electronically stored

information in more than one form," Fed. R. Civ. P. 34 (b)(2)(E)(iii), the Court declines to compel the Prospect Defendants to produce metadata in an additional form.

Accordingly, the Court DENIES Plaintiff's motion to compel native formats of Word and Word Perfect documents. Plaintiff may renew her application if she can demonstrate that the metadata load files that she requested and that were produced excluded material evidence.

The Clerk of Court is requested to terminate the motion at ECF No. 173.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:   March 22, 2023
         New York, New York