

May 26, 2023

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square Room 430
New York, NY 1000

Re: *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, Case No. 22 Civ 2435 (LLS) (SN)

Dear Judge Netburn:

We represent the Plaintiff, Lynne Freeman, in the above captioned matter. We write pursuant to Local Civil Rule 6.3, seeking reconsideration of the Court's May 25, 2023 Order granting Defendants' letter motion for a conference and staying all expert discovery deadlines pending further order of the Court (the "Order").

In its Order, this Court set a conference to take place on June 2, 2023 at which it "intends to discuss whether the goals of a 'just, speedy, and inexpensive determination' of this case would be advanced by staying all expert discovery other than as related to the issue of substantial similarity, and then to schedule summary judgment briefing on the copyright claim." And it stayed all deadlines pending further order of the Court.

The goals of a "just, speedy, and inexpensive determination" of this case cannot possibly be advanced by either staying all expert discovery at this point, or scheduling summary judgment briefing on the copyright claims.

At issue in this case, in addition to the copyright claims, are Ms. Freeman's claims for *inter alia* breach of fiduciary duties, breach of contract, and fraud. These claims are independent of the copyright claims, and Ms. Freeman may prevail on them even if the court were to somehow find against her on her copyright claims. For example, a jury could find that Defendant Kim breached her fiduciary duties to Ms. Freeman by sharing her manuscript with Defendant Tracy Deebs-Elkenaney for purposes of allowing her to repurpose Ms. Freeman's work even if the resulting *Crave* series avoided copying sufficient protectable artistic expression to violate the Copyright Act (it does not). And among the evidence that Kim shared Ms. Freeman's manuscript with Deebs-Elkenaney are the expert reports of Drs. Joula and Chaski which establish to a reasonable degree of mathematical certainty (using different

Page 2
May 26, 2023

methodologies) that the *Crave* series shares common authorship with Freeman's *BMR* work (in Dr. Joula's case the probability is roughly 1,000:1[1] and per Dr. Chaski the odds are 10,000,000:19, which is 99.99981%).

Defendants have asked this Court to set a briefing schedule on the limited issue of substantial similarity to address Ms. Freeman's copyright claims. But they have not stated whether they intend to also seek summary judgment on either other claims or other aspects of Ms. Freeman's copyright claims (e.g., access).

If Defendants only plan to seek summary judgment on substantial similarity, there is no reason to stay discovery as to experts that go to the other claims which will move forward to trial—which is all of Freeman's experts. As noted in her May 23, 2023 letter, four (4) of her experts primarily go to claims other than the copyright claims, and the other three—Professor Reiss and Drs. Joula and Chaski—provide expert testimony probative to the question of whether Kim, Freeman's agent and fiduciary, improperly shared Freeman's work with another client.

If, on the other hand, Defendants plan to seek summary judgment as to Freeman's other claims, then expert discovery needs to be completed promptly since, as set forth above, Freeman's experts are relevant to those other claims. This truth is, of course separate from and in addition to Freeman's belief that it is inefficient and unreasonable to require the parties to brief multiple summary judgment motions—which would necessarily be the case if Defendants intend to move on claims other than the copyright claims but the initial summary judgment briefing schedule is limited to substantial similarity.

The determination of what specific motions for summary judgment can or cannot be made by a party is within the purview of Judge Stanton. As the Court well knows, any motion for summary judgment must be heard by the trial judge. Pursuant to Rule 2A of Judge Stanton's Individual Practices, a pre-motion conference is required before making any such motion. The Court has previously ordered that any pre-motion conference letters must be filed with Judge Stanton by June 30, 2023. Pursuant to Judge Stanton's Individual Practices, the letter must set forth the basis for the anticipated motion.

Thus, it is up to Judge Stanton to decide if Defendants can make a motion for summary judgment on Plaintiff's copyright infringement claims, whether or not Defendants

---

[1] Dr. Juola is one of the foremost experts in his field, and roughly a decade ago became quite famous for uncovering that the book "The Cuckoo's Calling" was in fact authored by Harry Potter creator J.K. Rowling. The book was published under a fictitious name, but after Dr. Juola's computer analysis was presented to Rowling, she admitted to writing the novel. See https://www.smithsonianmag.com/science-nature/how-did-computers-uncover-jk-rowlings-pseudonym-180949824/.

can limit that motion to the issue of substantial similarity and later make a motion for summary judgment on access and the State Court claims. Unless and until Judge Stanton makes any such rulings, it makes no sense to modify the previously agreed upon and ordered schedule for the exchange of expert rebuttal reports and expert discovery

Based on the foregoing, Freeman reiterates that the goals of a "just, speedy, and inexpensive determination" of this case cannot possibly be advanced by either staying all expert discovery at this point, or scheduling summary judgment briefing on the copyright claims. As such, this Court's stay of expert discovery only serves to unfairly give Defendants a currently indefinite extension of time to serve rebuttal expert reports. In compliance with the deadlines agreed to by the parties and ordered by this Court, and at a substantial financial cost to Plaintiff, Plaintiff timely served her opening expert reports on Defendants on May 10, 2023. Defendants have provided no reasonable basis to defer producing any expert rebuttal reports until after a hearing on their proposed motion on the issue of substantial similarity on Plaintiffs' copyright infringement claims, particularly given that they have not yet even sought or obtained Judge Stanton's approval to make such a motion and it is unlikely that Judge Stanton will permit multiple summary judgment motions.

Again, even if Defendants prevailed on a motion for summary judgment on Plaintiff's copyright infringement claims, it would not dispose of Plaintiff's claims against Defendants Prospect Agency, LLC ("Prospect") and Emily Kim ("Kim") for fraud and deceit, breach of fiduciary duty, fraudulent concealment and breach of contract ("State Court Claims"). Prospect and Kim can be liable for damages pursuant to those claims, for among other reasons, providing Freeman's copyrighted material to Defendant Tracy Wolff ("Wolff") and possibly others, even if the *Crave* book series is found not to be substantially similar to Freeman's copyrighted material under the law.

And, it makes no sense to stay Defendants' time to file rebuttal reports to the expert reports of Christine Witthohn, Marlene Stringer or Eric Ruben since those expert reports also pertain to Freeman's State Court Claims. Thus, regardless of the outcome of any motion on Plaintiff's copyright infringement claims, the State Court Claims will still have to be decided by the trier of fact.

Accordingly, Plaintiff respectfully requests that the stay of all deadlines be lifted and the time to serve rebuttal reports be reinstated to the previous scheduled date of May 31 or shortly thereafter. Lastly, we request that the transcripts of Drs. Chaski and Juola and Professor Reiss be unsealed. As stated in Plaintiff's previous letter to the Court, we believe those reports only contain confidential information produced by Plaintiff and she waives the confidentiality for purposes of those reports. See footnote No. 2 to the letter from Stephen M. Doniger to The Honorable Sarah Netburn dated May 23, 2023 (DKT No. 209). Moreover,

Page 4
May 26, 2023

there is a strong public policy in allowing access to these types of filings, particularly in the Federal Courts.

      We thank the Court for its time and attention to this matter.

      Respectfully submitted,

**CSReeder, PC**

_____
Mark D. Passin
11766 Wilshire Boulevard,
Suite 1470
Los Angeles, CA 90025
310-861-2475

**DONIGER/BURROUGHS**

Stephen Doniger, Esq.
603 Rose Avenue
Venice, California 90291
(310) 590-1820
stephen@donigerlawfirm.com
*Attorneys for Plaintiff* Freeman

cc: All counsel of record (via ECF)