

June 7, 2023

**VIA ECF**
The Honorable Sarah Netburn
S.D.N.Y. Thurgood Marshall Courthouse
New York, NY 10007

      Re:    *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, 1:22 Civ 02435 (LLS)(SN)

Dear Judge Netburn:

      Defendants' counsel have conferred with their clients and respectfully write to update the Court following the conference held on Friday, June 2. Plaintiff's "forensic linguists" Drs. Carole Chaski and Patrick Juola have no place in a copyright case involving YA novels that can be readily comprehended by 12- to 18-year olds. As Plaintiff's own authority shows, the Second Circuit does not permit these types of experts in literary infringement cases when two works can be compared side by side by laypeople. *See, e.g.*, *Mowry v. Viacom Int'l, Inc.*, 2005 WL 1793773, at *12 (S.D.N.Y. July 29, 2005) (comparing works themselves rather than relying on experts, then proceeding to exclude Dr. Chaski's opinions offered to prove "access" as unreliable and unhelpful). The fact that Plaintiff's entire case appears to depend on these experts' purported "statistical analyses" rather than the Second Circuit's controlling lay observer test for substantial similarity only shows how meritless the underlying claims are.

      Defendants strongly believe that the most efficient approach remains allowing summary judgment to be briefed on substantial similarity alone, without the involvement of Drs. Chaski and Juola who are not (and could not be) proffered on that issue. This would curtail unnecessary and expensive further expert discovery. If the Court is inclined to order immediate summary judgment briefing on the issue of substantial similarity—which could be done without any experts and with no further expert discovery—Defendants would agree to not later seek summary judgment on other elements of the copyright claim (but defend all elements if necessary at trial).[1] Defendants reiterate that the copyright claim can be resolved by simply reviewing the works themselves, without any expert opinions, as is the norm in the Second Circuit. *See, e.g.*, *Sheldon Abend Revocable Tr. v. Spielberg*, 748 F. Supp. 2d 200, 204 & n.4 (S.D.N.Y. 2010) ("The opinions of experts or other third parties are irrelevant to a determination of substantial similarity."); *Shine v. Childs*, 382 F. Supp. 2d 602, 614 (S.D.N.Y. 2005) ("[T]he Second Circuit has long held that substantial similarity should be determined not with the help of or solely by experts in the relevant field, but from the perspective of the ordinary observer"); *Price v. Fox Ent. Grp., Inc.*, 499 F. Supp. 2d 382, 389 (S.D.N.Y. 2007) (rejecting proposed expert testimony and finding that it "will not aid the jury"

---

[1] Plaintiff represented at the June 2 conference that she might seek summary judgment on her copyright claim, and if the Court orders briefing on substantial similarity, Plaintiff is obviously free to make a counter-motion on that basis. The truth is that Plaintiff has no viable summary judgment motion on any element of her claims. Her threat at the conference to seek summary judgment was merely an attempt to create the false impression of a "both sides" issue and avoid substantial similarity briefing at all costs so that she can muddy the waters with Drs. Chaski and Juola's confusing opinions. The fact that Plaintiff is going to great lengths to avoid a side-by-side comparison of the works themselves shows that Defendants are the only parties with a viable summary judgment motion.

Cowan, DeBaets, Abrahams & Sheppard LLP

41 Madison Avenue
38th Floor
New York, NY 10010

9454 Wilshire Blvd
Suite 901
Beverly Hills, CA 90212

cdas.com

where "[t]hese are not highly technical works" and "the jury is capable of recognizing and understanding the similarities between the works without the help of an expert").[2]

If the Court disagrees with the above and is inclined to allow Plaintiff to attempt to rely on the highly technical, scientifically dubious, and irrelevant opinions of Drs. Chaski and Juola, then Defendants do need at least one expert to rebut them.[3] Defendants are in touch with several potential rebuttal experts and expect to retain at least one of them by the end of next week. We estimate that it will take at least 45 days for any defense expert to review the complex Chaski/Juola reports and their supporting materials and prepare a rebuttal report. Accordingly, if the Court does not bypass all of this by ordering immediate summary judgment briefing on substantial similarity, Defendants should be given 60 days to provide any rebuttal expert reports to Drs. Chaski and Juola (with the deadlines for expert depositions and summary judgment adjusted accordingly).[4]

Allowing 60 days for rebuttal would only be fair. Plaintiff previously represented that she would offer "two experts on various copyright issues" without further detail. Because this case involves uncomplicated YA books, Defendants (and the Court) had no reason to believe that Plaintiff would disclose "forensic linguists" who offer technical statistical analyses performed with proprietary software, plus five other experts.[5] Plaintiff has also sought and received ***three*** of her own discovery extensions and presumably has been working with Drs. Chaski and Juola for much longer than the 60 days Defendants are requesting. While 60 days for rebuttal would not prejudice Plaintiff, it would severely prejudice Defendants if Plaintiff could sandbag Defendants by suddenly providing seven experts and two "forensic linguists" in a copyright dispute over YA books while attempting to enforce a tight rebuttal schedule initially agreed to before any of this was known.

---

[2] If any expert opinions are allowed on substantial similarity, it should only be those of Emily Easton and Kathryn Reiss, and only as to the particulars of the YA paranormal romance genre, not on the ultimate issue of substantial similarity. Both Reiss and Easton already have tendered opening reports, which the parties could present in connection with summary judgment motions (and also challenge as appropriate). Since the norm is to allow ***no*** experts on substantial similarity, these opening reports should be more than enough and there would be no need for rebuttal reports or depositions of these two witnesses.

[3] Ms. Easton had been diligently preparing a rebuttal report to Ms. Reiss, but this work was suspended when the June 2 hearing was set. Ms. Easton would not require significant additional time to complete her rebuttal report, but is not a "forensic linguist" and cannot respond to Drs. Chaski and Juola.

[4] Defendants reiterate that all expert discovery on Plaintiff's state-law claims and damages should be suspended pending summary adjudication of the copyright claim. Damages will only be at issue if Plaintiff's claims survive summary judgment, and Plaintiff has offered no good reason why remaining expert discovery on damages cannot be postponed. The state-law claims also may not remain (at least in federal court) if the copyright claim is dismissed. Defendants would reserve the right to potentially retain a single rebuttal expert to Plaintiff's experts on fiduciary duty, and a single rebuttal expert on damages, as necessary.

[5] Since "forensic linguists" have no legitimate role in this case, Defendants cannot be faulted for not having anticipated a need to retain one. Moreover, Defendants contacted Plaintiff within a week after expert reports were disclosed to object to Plaintiff's disclosure of seven experts and begin the process of putting the dispute over the propriety of such experts before the Court. Following the June 2 conference, Defendants promptly contacted potential rebuttal experts to Drs. Chaski and Juola and are close to retaining such.



In closing, there is no need for seven Plaintiff experts or any "forensic linguists" in a copyright case involving YA books. Again, this case could have been decided on a motion to dismiss if Plaintiff had only identified and provided her manuscript up front. Plaintiff knows that she cannot prevail under the Second Circuit's controlling test for substantial similarity and her reliance on seven experts serves only to run up litigation costs and to attempt to cloud the matter for the Court. For these reasons, Defendants respectfully submit that the Court should order immediate briefing on substantial similarity with no (or limited) experts, which will swiftly resolve this matter and save everyone significant cost.[6] But if the Court disagrees, Defendants should be given at least 60 days to rebut Drs. Chaski and Juola.

Thank you as always for your attention to these issues.

Respectfully submitted,

COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

By: /s/ Benjamin S. Halperin
Nancy E. Wolff
Benjamin H. Halperin
CeCe M. Cole
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
bhalperin@cdas.com
ccole@cdas.com

*Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC*

Lacy H. Koonce, III
KLARIS LAW PLLC
29 Little West 12th Street
New York, NY 10014
Phone: (917) 612-5861
lance.koonce@klarislaw.com
*Attorneys for Emily Sylvan Kim and Prospect Agency, LLC*

---

[6] To the extent Plaintiff argues (and the Court agrees) that Your Honor lacks the authority to order immediate summary judgment briefing on substantial similarity with no or limited experts, Defendants respectfully request leave to put the question to Judge Stanton, who may well agree that it is the most appropriate course for this case.

