

Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
Stephen@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

June 7, 2023

**DELIVERED VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 219
New York, NY 10007

        **Case Title:**    *Freeman v. Deebs-Elkenaney et al,*
                                     1:22-cv-02435-LLS-SN
        **Re:**             **Request for Leave to File Response Letter**

Your Honor,

      We write on behalf of Plaintiff Lynne Freeman to request permission to file a response to Ben Halperin's letter of earlier this evening (Dkt. No. 216). Specifically, we wish to address the following:

      1.    Defendants acknowledge in fn.1 that Plaintiff has the right to seek summary judgement on her copyright claims and makes no effort to dispute that Drs. Chaski and Juola's reports will be relevant to at least access. Given this Court's statement that there should not be multiple summary judgment motions re copyright infringement (and Defendants entirely ignore the question of whether they intend to seek summary judgment on any other claims), there is no basis to stay expert discovery relating to Drs. Chaski and Joula which is necessary to address those claims *since Defendants have said they intend to present a rebuttal expert to their reports*.

      2.    Defendants offer nothing but unfounded attorney speculation and hearsay that they require 60 days to prepare a forensic linguist rebuttal report. Plaintiff wishes to submit a declaration from at least Dr. Chaski establishing that they do not. As an offer of proof, Freeman retained Chaski on April 13 – only 4 weeks before providing her report (half the additional time Defendants are requesting to provide a rebuttal report) and she will state under oath that her finding can be easily verified with publicly available software. Defendants' "estimate that it will take at least 45 days for any defense expert to review the Chaski and Juola reports and their supporting materials and prepare a rebuttal report" is unfounded and their request for 60 days is grossly excessive.

      3.    Defendants offer no justification why expert discovery on the state law claims should not be completed in the ordinary course of litigation. Those claims will proceed (there is diversity jurisdiction in this case) and putting off the inevitable discovery does nothing to "streamline the case" or ultimately save resources, which were this Court's stated goals.

We thank the Court for its time and attention to this matter.

                                        Respectfully submitted,

                    By:   */s/ Stephen M. Doniger*
                          Stephen M. Doniger
                          Scott Alan Burroughs
                          DONIGER / BURROUGHS PC
                          For the Plaintiff