

<div style="text-align: right;">June 16, 2023</div>

**VIA ECF**
The Honorable Louis L. Stanton
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., New York, NY 10007-1312

      Re:    *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, 1:22 Civ 02435 (LLS)(SN)

Dear Judge Stanton:

      We write on behalf of all Defendants in response to Your Honor's June 14, 2023 Order (ECF No. 218) and pursuant to Your Honor's Individual Rule 2.A and Federal Rule 56 to (1) address what further discovery is needed on substantial similarity; and (2) request a pre-motion conference for a motion for summary judgment on substantial similarity. As set forth below, ***no further discovery is needed as to substantial similarity because fact discovery is closed and expert testimony is irrelevant to substantial similarity under well-established precedent in this Circuit***. The Court should therefore either convene a pre-motion conference or set an immediate schedule for summary judgment briefing on substantial similarity, without expert witnesses. Defendants believe that this answers the question posed in Your Honor's June 14 Order, but explain more fully below why no further discovery is warranted and summary judgment is.

**I.**    **Background**

      This is a copyright infringement lawsuit involving Young Adult (YA) Paranormal Romance novels, specifically Plaintiff's unpublished manuscript entitled either *Blue Moon Rising* or *Masqued* (collectively, "*BMR*") and the New York Times best-selling *Crave* book series, authored by Defendant Tracy Wolff and published by Defendant Entangled Publishing. Four published books in the *Crave* series are at issue—the titles *Crave*, *Crush*, *Covet*, and *Court*. Magistrate Judge Netburn required Plaintiff to select two of the many unpublished drafts of *BMR* to use for a substantial similarity comparison against the *Crave* series (ECF No. 105)—a decision that Your Honor affirmed (ECF Nos. 141, 181). Pursuant to that Order, Plaintiff selected a 2011 draft entitled *Blue Moon Rising* ("2011 Draft") and a 2013 draft entitled *Masqued*. (ECF No. 111.)

      Courts in this Circuit apply the "ordinary observer" test to copyright infringement claims. Literary infringement cases thus are routinely decided on a motion to dismiss because the parties' works can be compared without the need for discovery. Here, however, Defendants were precluded from moving to dismiss because Plaintiff did not provide a copy of ***her own manuscript*** with her pleadings, forcing the parties to undertake discovery to obtain it. Once Defendants finally obtained and reviewed various versions of Plaintiff's manuscript, it became clear that the parties' works are not remotely similar and that summary judgment is warranted due to a lack of substantial similarity.

      It is also undisputed that the parties' works are YA novels written at a high school reading level. Defendants have thus stressed from the outset that expert testimony is not needed to adjudicate substantial similarity and is in fact forbidden under well-established Second Circuit law. Nevertheless, Plaintiff disclosed the opinions of ***seven*** expert witnesses on May 10, which appears

Cowan, DeBaets, Abrahams & Sheppard LLP

41 Madison Avenue
38th Floor
New York, NY 10010

9454 Wilshire Blvd
Suite 901
Beverly Hills, CA 90212

cdas.com

...


unprecedented in a literary infringement case in the Second Circuit. One of these experts, writing professor Kathryn Reiss, was retained "to evaluate the similarities between" *BMR* and *Crave* and "catalogue what I believe to be the notable similarities." (*See, e.g.*, Reiss Rep. (ECF No. 205-2) ¶¶ 5, 33-34.) Two other experts, Drs. Carole Chaski and Patrick Juola, are "forensic linguists" who purport to demonstrate through "[q]uantitative and computational analysis" that the works are "strikingly similar" and there is a high statistical chance that Wolff had access to *BMR*. (*See, e.g.*, Chaski Rep. (ECF No. 205-3) ¶¶ 8, 17; Juola Rep. (ECF No. 205-4) ¶¶ 1, 41.)

## II.     No Further Discovery Is Needed As To Substantial Similarity.

No further discovery is needed on the issue of substantial similarity. Fact discovery closed on March 31, 2023, after eight months, production of tens of thousands of documents, and twelve depositions. Further expert discovery is not needed because expert testimony is irrelevant to substantial similarity when the works can be readily understood by lay readers, as is the case here. *See, e.g.*, *Green v. Harbach*, 750 F. App'x 57, 59 (2d Cir. 2019 ("The well-established general rule in this circuit has been to limit the use of expert opinion in determining whether works at issue are substantially similar.'") (quoting *Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693, 713 (2d Cir. 1992)); *Sheldon Abend Revocable Tr. v. Spielberg*, 748 F. Supp. 2d 200, 204 & n.4 (S.D.N.Y. Sept. 21, 2010) ("The opinions of experts or other third parties are irrelevant to a determination of substantial similarity."); *Shine v. Childs*, 382 F. Supp. 2d 602, 614 (S.D.N.Y. Oct. 5, 2005) ("[T]he Second Circuit has long held that substantial similarity should be determined not with the help of or solely by experts in the relevant field, but from the perspective of the ordinary observer"); *Davis v. United Artists, Inc.*, 547 F. Supp. 722, 724 & n.8 (S.D.N.Y. Sept. 22, 1982) (refusing to consider "affidavit of a literary expert who opines that the two works share substantial similarities," quoting Learned Hand stating that expert testimony "'ought not to be allowed at all'" in copyright cases).

If any experts are allowed, it should only be Reiss and Defendants' expert Emily Easton (ECF No. 205-8), and only insofar as they discuss the YA Paranormal Romance genre, not the ultimate issue of substantial similarity. Easton does not compare the parties' works and instead opines that many other YA Paranormal Romance books contain the same common tropes that are asserted in this case to be infringing—which helps demonstrate that these are merely unprotectible ideas. Reiss and Easton already have tendered opening reports, which the parties could present with summary judgment motions (and also challenge under *Daubert*). Since the norm is to allow ***no*** experts on substantial similarity, these opening reports should be more than enough and there would be no need for rebuttal reports or depositions of these two witnesses (although Easton is prepared to tender a rebuttal report within two weeks if needed).

Under no circumstances should Plaintiff's "forensic linguists" Drs. Chaski and Juola be proffered on substantial similarity. Plaintiff has represented that these experts are offered to prove that Wolff had access to Plaintiff's manuscript, not substantial similarity. (*See, e.g.*, ECF No. 217 at 1 (these experts "relevant to at least access").) To the extent Plaintiff attempts to pivot now and argue that these opinions are relevant to substantial similarity, that would be meritless. Substantial similarity is decided based on a review of the parties' works ***themselves***—not expert descriptions of those works, and certainly not highly technical statistical analyses provided as a substitute for



the required side-by-side "ordinary observer" comparison. *C.f., e.g.*, *Mowry v. Viacom Int'l, Inc.*, 2005 WL 1793773, at *12 (S.D.N.Y. July 29, 2005) (comparing works themselves rather than relying on experts, then proceeding to exclude Dr. Chaski's opinions offered to prove "access" as unreliable and unhelpful). Plaintiff has identified no case where a "forensic linguist" was allowed to opine on substantial similarity, which would contravene clear Second Circuit law. Finally, allowing these experts would undermine the purpose of streamlining because Defendants would need fair time (we estimate 45 days) to rebut their highly technical opinions and depose them regarding their methodologies.

Accordingly, the Court should close all discovery on substantial similarity and hold that at least Drs. Chaski and Juola's opinions are inadmissible on substantial similarity.[1]

### III. The Court Should Convene A Pre-Motion Conference Or Set A Summary Judgment Briefing Schedule.

Because all discovery should now be deemed closed as to substantial similarity, Defendants are entitled to seek summary judgment on that issue. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). Nearly all literary infringement cases are resolved on summary judgment, if not on the pleadings.[2] Defendants have ample grounds to seek summary judgment on substantial similarity here because the parties' works themselves—which are all that must be considered—are not similar at all. To show why summary judgment is the correct next step, Defendants have provided full copies of Plaintiff's 2011 Draft and book one of the *Crave* series, as Exhibits A and B to this letter. Defendants respectfully submit that reading even just the first several chapters of *BMR* and *Crave* is sufficient to ascertain that this case can be swiftly resolved on summary judgment and cannot proceed to trial. Indeed, even Plaintiff's expert Reiss admits that ordinary readers will not find the books substantially similar. (*See* Reiss Rep. ¶ 32 ("[R]eaders might not notice the similarities at first because of the difference in tone and voice between Freeman's manuscripts and Wolff's novels.").)[3]

---

[1] Alternatively, the Court could allow two weeks for Easton and Reiss to provide rebuttal reports. In the event the Court allows Plaintiff to attempt to proffer Drs. Chaski and Juola on substantial similarity (which it should not), Defendants should have 45 days to disclose a rebuttal report, followed by a brief deposition period.

[2] *See, e.g.*, *Williams v. Crichton*, 84 F.3d 581, 587-91 (2d Cir. 1996) (affirming summary judgment on substantial similarity based on review of books/movie themselves); *Porto v. Guirgis*, 659 F. Supp. 2d 597, 609-16 (S.D.N.Y. 2009) (summary judgment based on review of works themselves); *Lewinson v. Henry Holt & Co., LLC*, 659 F. Supp. 2d 547, 565-77 (S.D.N.Y. 2009) (same; children's books); *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 308-15 (S.D.N.Y. 1999) (same; comic books); *Montgomery v. Holland*, 408 F. Supp. 3d 353, 363-78 (S.D.N.Y. 2019), *aff'd*, 833 F. App'x 361 (2d Cir. 2020) (judgment on the pleadings); *Brown v. Perdue*, 2005 WL 1863673, at *9-13 (S.D.N.Y. 2005), *aff'd*, 177 F. App'x 121 (2d Cir. 2006) (same; *Da Vinci Code* book); *Amanze v. Adeyemi*, 2019 WL 2866071, at *6-10 (S.D.N.Y. 2019), *aff'd*, 824 F. App'x 86 (2d Cir. 2020) (dismissing; YA books); *DiTocco v. Riordan*, 815 F. Supp. 2d 655, 665-73 (S.D.N.Y. 2011), *aff'd*, 496 F. App'x 126 (2d Cir. 2012) (same; *Percy Jackson* novels); *Allen v. Scholastic Inc.*, 739 F. Supp. 2d 642, 653-64 (S.D.N.Y. 2011) (same; *Harry Potter* book); *Scott v. Meyer*, 2009 WL 10673163, at *2-6 (C.D. Cal. Dec. 2, 2009) (same; *Twilight* series).

[3] Defendants reserve the right to separately seek leave to file *Daubert* motions if Plaintiff is permitted to rely on any of her experts at summary judgment (or does so without permission).



Thank you for your attention to these issues.

        Respectfully submitted,

        COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP

        By: /s/ Benjamin S. Halperin
Nancy E. Wolff
Benjamin H. Halperin
CeCe M. Cole
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
bhalperin@cdas.com
ccole@cdas.com

*Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC*

Lacy H. Koonce, III
KLARIS LAW PLLC
29 Little West 12th Street
New York, NY 10014
Phone: (917) 612-5861
lance.koonce@klarislaw.com
*Attorneys for Emily Sylvan Kim and Prospect Agency, LLC*

