

Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
stephen@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

June 22, 2023

**DELIVERED VIA ECF**

The Honorable Louis L. Stanton
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Courtroom 21C
New York, NY 10007

Re: *Lynne Freeman v. Tracy Deebs-Elkenaney et al.*, 1:22-cv-02435-LLS-SN

Dear Judge Stanton:

  We represent Plaintiff Lynne Freeman and write in support of Defendant's letter in support of sealing the unpublished manuscript that has been filed as Exhibit A on June 16, 2023. As stated by Defendants, Exhibit A contains one of Plaintiff's unpublished manuscript which is not and never has been made publicly available, notwithstanding its registration with the United States Copyright Office—which does not make it generally available for viewing or constitute publication. Simply put, there is no present interest which outweighs both Ms. Freeman's interest in controlling the public dissemination and availability of her unpublished manuscript.

  Ms. Freeman understands that the "right of public access to judicial documents is firmly rooted." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). But to be considered a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id*. at 119 (internal citations and quotations omitted). Here, Ms. Freeman's unpublished manuscript is not a judicial document because it is at best tangentially relevant to the current judicial function. The manuscript was filed along with Defendant's request for the Court to allow the filing of a motion for summary judgment—and certainly will be relevant to the determiantion of that motion if and when it is filed. But for the present request it is simply background information not determinative of the current request. As such, it should remain sealed.

  And even if the manuscript is considered a judicial document, Plaintiff's interests in the manuscript remaining under seal greatly weigh against the presumption of public access. *See Lugosch*, 435 F.3d at 120. Plaintiff's interest in her unpublished manuscript would be upended by unsealing because judicial publication changes the nature of the manuscript. Notably, judicial publication diminishes Plaintiff's ability to maintain creative control of "when, where, and in what form to first publish a work." *See Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 553 (1985). The "potential damage to the author from judicial enforced sharing of the first publication right with unauthorized users of [their] manuscript is substantial". *Id*.

The courts judicial interest in maintaining the current unpublished nature of the manuscript also favors sealing. Maintaining an author's creative control is perhaps the fundamental goal of copyright law. So much so, the courts give unpublished works greater protections than published works to protect this interest. *See id.*, 471 U.S. at 553 (noting that the unpublished nature of the work entitles the work to a narrower scope of fair use). The unsealing of the manuscript would not only strip Plaintiff of one of her most important interests as a creator, but it would undermine the entire goal of copyright law. Such a result is unnecessary, especially where the manuscript currently bears little to no judicial function.

The court must consider the increased likelihood of copying that would result from judicial publication. While Defendants portray the unpublished manuscript as being in the "public domain" due to its copyrighted status, such characterization is misleading. By way of illustration, to obtain a copy of the "deposit" (e.g., the copyrighted work itself) from the Copyright Office's "public domain" one of three conditions must be met: (1) written authorization by the claimant of record or owner; (2) a Copyright Office Litigation Statement Form completed and received from an attorney or authorized representative in connection with litigation; or (3) a court order for the reproduction of the deposited work.[1] So, while the manuscripts are technically in the "public domain," the "public domain" is inherently private because the access is limited to include only those intimately associated with the work. The same cannot be said for unsealed judicial records, which are widely accessible to the general public. If unsealed, the nearly unfettered access to judicial records would increase the likelihood of unauthorized copying. Consequently, the fundamental difference between access to the public domain via the Copyright Office and access to the public domain via the United States District Court makes the unpublished manuscripts copyrighted status a compelling reason for it to *remain* sealed.

Considering the foregoing, sealing Plaintiff's manuscript "is essential to preserve higher values" and such sealing is "narrowly tailored to serve that interest." *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

We thank the Court for its time and attention to this matter.

Respectfully submitted,

By: <u>/s/ Stephen M. Doniger</u>
Stephen M. Doniger
Scott Alan Burroughs
DONIGER / BURROUGHS PC
For the Plaintiff

---

[1] *See* U.S. Copyright Office, "*Obtaining Access to and Copies of Office Records and Deposits*", https://www.copyright.gov/circs/circ06.pdf (last visited June 22, 2023).