**CDAS**

June 23, 2023

<u>**VIA ECF**</u>
The Honorable Louis L. Stanton
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., New York, NY 10007-1312

      Re:    *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, 1:22 Civ 02435 (LLS)(SN)

Dear Judge Stanton:

      We represent Defendants Tracy Wolff, Entangled Publishing, Macmillan, and Universal City Studios, and write pursuant to Rule 3.B of Your Honor's Individual Practices regarding filing redacted documents under seal and in connection with the parties' Protective Order (ECF No. 50). Defendants previously filed the 2011 draft of Plaintiff's manuscript *BMR* under seal (ECF Nos. 220-1–220-5) and have now filed the 2013 draft under seal as well (Ex. A to Defendants' June 23 letter, filed concurrently).

      To be clear, neither of these manuscripts should be sealed. Defendants have filed them under seal only to comply with the Protective Order and avoid accusations of impropriety. As Plaintiff acknowledges (ECF No. 234 at 1), these manuscripts will be filed publicly very soon in connection with summary judgment. They should be unsealed now for the following reasons.

      ***First***, these manuscripts are publicly available documents that are on file as deposit copies with the U.S. Copyright Office. Plaintiff argues that her filing deposit copies of these manuscripts did not put them in the "public domain" (ECF No. 234 at 2), but the public domain has nothing to do with this issue. Public domain and public access are not the same. Public domain identifies work not covered by copyright. Public access is the right to review records. Under the Copyright Act, "articles deposited in connection with completed copyright registrations and retained under the control of the Copyright Office, ***shall be open to public inspection***." 17 U.S.C.A. § 705(b) (emphasis added); *see also* 37 C.F.R. § 201.2(b)(1) ("[I]nspection of copies or identifying material deposited in connection with a completed copyright registration may be undertaken in the Records Research and Certification Section."); Copyright Compendium § 1510.3 ("Upon request, any member of the public may inspect the deposit copy(ies) or identifying material for a work that has been registered or refused by the U.S. Copyright Office"). If the public has a right to access these manuscripts through the Copyright Office, it has the same right to access them on the docket for this case. The possibility that one path to gaining access may take longer or involve more steps is irrelevant.

      ***Second***, Plaintiff waived any claims of confidentiality over her manuscripts when she publicly filed to the docket copies of the expert reports by Reiss (ECF No. 227-1), Chaski[1] (ECF No. 227-2), and Juola (ECF No. 227-3). These expert reports contain self-serving and misleading descriptions of the parties' works and false accusations of plagiarism. Defendants are concerned that Plaintiff has filed these reports publicly so that she can seek press coverage about them and attempt to litigate the case in the media rather than on the merits in court. If the public is going to have access to these unilateral and self-serving expert reports, it should have access to Plaintiff's

---

[1] The unsealed Chaski report contains minimal redactions on two pages of a 180-page report.

Cowan, DeBaets, Abrahams & Sheppard LLP

41 Madison Avenue     9454 Wilshire Blvd
38th Floor             Suite 901
New York, NY 10010    Beverly Hills, CA 90212         cdas.com

manuscripts as well so that it can see for itself whether her infringement claims have any merit. This is all the more important given that the "right of public access to judicial documents is firmly rooted" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), as Plaintiff acknowledges (ECF No. 234 at 1).

**Third,** Plaintiff erroneously argues that the manuscripts are not "judicial documents." (ECF No. 234 at 1.) The manuscripts *are* judicial documents because they were provided so that the Court can preliminarily determine whether a summary judgment motion is warranted. They also will soon be directly used for a comparison at summary judgment. Plaintiff's only authority, *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539 (1985), is inapposite. That case addressed whether it was fair use to publish portions of an unpublished Gerald Ford autobiography in a magazine article in an effort to preempt a competing article. *Id.* at 542. The case has nothing to do with whether manuscripts that are the *very subject of a copyright infringement action* should be sealed.

**Finally,** Plaintiff's argument that she needs to keep the manuscripts sealed to maintain "creative control" and prevent "unauthorized copying" is meritless too. (ECF No. 234 at 2.) Preventing copyright infringement is exactly what copyright law and copyright litigation are for. Plaintiff clearly has the means and desire to litigate to protect her work, as shown by this very case.

For these reasons, while Defendants filed these two manuscripts under seal out of an abundance of caution, the Court should order that they be unsealed immediately.

Thank you for your time and attention to this matter.

Respectfully submitted,

By: /s/ Benjamin S. Halperin

COWAN, DEBAETS, ABRAHAMS &
SHEPPARD LLP
Nancy E. Wolff
Benjamin H. Halperin
CeCe M. Cole
41 Madison Avenue, 38th Floor
New York, New York 10010
Tel: (212) 974-7474
Fax: (212) 974-8474
nwolff@cdas.com
bhalperin@cdas.com
ccole@cdas.com

*Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC*



cdas.com