**EXHIBIT 2**

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

LYNNE FREEMAN,

                Plaintiff,              New York, N.Y.

        v.                              22 CV 2435 (JHR)(SN)

TRACY DEEBS-ELKENANCY, et al.,

                Defendants.

------------------------------x         Conference

                                        June 2, 2023
                                        11:35 a.m.

Before:

                    HON. SARAH NETBURN,

                                        Magistrate Judge


                         APPEARANCES

REEDER McCREARY, LLP
     Attorneys for Plaintiff
BY:  MARK D. PASSIN (via telephone)

     -and-

DONIGER BURROUGHS APC
     Attorneys for Plaintiff
BY:  STEPHEN M. DONIGER


COWEN DeBAETS ABRAHAMS & SHEPPARD, LLP
     Attorneys for Defendants Tracy Deebs-Elkenaney,
     Entangled Publishing LLC, Holtzbrinck Publishers LLC,
     Universal City Studios LLC
BY:  BENJAMIN HALPERIN
     CeCe COLE

KLARIS LAW PLLC
     Attorneys for Defendants Prospect Agency LLC and
     Emily Sylvan Kim
BY:  LACY H. KOONCE
```

because I wanted to sort of have a meaningful conversation about what we can do to be as efficient as possible.

    So, Mr. Halperin, since you were the person who initiated this letter first --

    MR. DONIGER:  Your Honor, apologies for interrupting before we get to the merits of the matter.

    THE COURT:  Sure.

    MR. DONIGER:  There is something else I would like to address that's a bit delicate, but if you would indulge me.

    THE COURT:  Okay.

    MR. DONIGER:  As you know, I am fairly new to this case.  I am advised by my colleague that at the beginning of the case your Honor disclosed that your husband had worked on a case with Mr. Koonce and that you didn't think that was an issue, that was fine.

    We have realized that that was the $100 million, you know, claims against Greenpeace that went on for seven years, and we have recently found that, following that case, Mr. Koonce had posted, at least on his LinkedIn page, specifically acknowledging your husband for his work on the case.

    We have also realized that Mr. Koonce—and correct me if I am wrong, I would be happy to be wrong—but that Mr. Koonce was previously a partner with your husband at Davis Wright Tremaine for some time, and what was not acknowledged

```
 1    when you first came in here that also on the call is counsel
 2    for Macmillan Publishing, Wendy Szymanski, who I understand
 3    also worked with Davis -- at Davis Wright Tremaine at the same
 4    time that your husband and Mr. Koonce were there.
 5             I'm sure that I speak for all counsel in saying we
 6    have the utmost respect for you and would hesitate to even
 7    suggest that you are coming at this with anything other than
 8    impartiality.  And I know if I had to decide a matter in which
 9    my wife's former colleagues and partners, who she had
10    complimented and spoken highly of and who perhaps I had been to
11    holiday parties and other events with, were before me, I would
12    have to take a hard look at whether there might be even some
13    subconscious favoring.  And even if I were certain that there
14    weren't, I would have to take a hard look at whether there was
15    the appearance of a lack of partiality -- or impartiality in
16    the case.  And I just raise -- I wouldn't be doing my job for
17    my client if I didn't raise this to see whether or not there is
18    an issue here.
19             THE COURT:  Sure.  I am pretty sure, as I said at the
20    time, that my husband and Mr. Koonce—and forgive me if I'm
21    getting some details wrong—were law partners I think in maybe
22    2008 to 2010 era.  My husband started his own firm in
23    2011—that I know—and he left from Davis Wright Tremaine.  So
24    I think he ended at Davis Wright Tremaine in 2010.
25             Ms. Wendy Szymanski—apologies to you,
```

1   Ms. Szymanski—I have never heard of her before, so I don't
2   know anything about that person, whether she was at the firm or
3   not; and if she was at Davis Wright Tremaine, whether she was
4   there when my husband was there, I have no idea.
5           With respect to the issue you raised about the
6   Greenpeace case, I think it's a Greenpeace case, I don't really
7   know all of the details. Without boasting, to the extent I had
8   to recuse myself from every lawyer who complimented my husband,
9   I would have no cases before me, so I'm not sure that that is a
10  basis.
11          Obviously I have been handling this case now for a
12  year. I am unaware of any substantive thing I have done or any
13  basis to believe that there is an appearance of impropriety in
14  this litigation. So I am happy to take your concerns and think
15  long and hard, as you have asked me to do, though I raised this
16  issue because I thought it was appropriate to raise it at the
17  outset, and I haven't really thought about it since then.
18          MR. PASSIN: Your Honor, this is Mark Passin. May I
19  address the issue?
20          THE COURT: Sure.
21          MR. PASSIN: The only thing I want to add, in all due
22  respect, your Honor, the only things that were disclosed at
23  that hearing—and I have gone back and looked at the
24  transcript—was you said that you knew Mr. Klaris, who is a
25  senior partner of the Klaris firm, and then Lance Koonce chimed

```
 1   in and said that his firm is also Cumis counsel on one case
 2   with your husband. But there was no mention of any law
 3   partnership. And you can go back and look at the transcript
 4   and you will see, those are the only two things that were
 5   mentioned.
 6            THE COURT:  Okay.  I believe you.
 7            MR. DONIGER:  The only reason I raise the issue is
 8   that a law partnership that ended in 2010 followed by working
 9   together on a case that spanned seven years is not just any
10   attorney who comes into the court complimenting your husband,
11   with due respect. I think it bears some mention.
12            THE COURT:  Okay.  I will take it under advisement.
13            MR. KOONCE:  May I?
14            THE COURT:  Yes, Mr. Koonce.
15            MR. KOONCE:  I will just add one thing, which is, in
16   the particular case that we are talking about, the Greenpeace
17   case, your Honor's husband was brought in as conflicts counsel
18   because Davis Wright Tremaine potentially had a conflict. And
19   so he was a former partner at Davis Wright Tremaine, and he was
20   recommended to come into that case in particular to be
21   separated from the case and act as conflicts counsel because of
22   potential conflicts with some of the third-party discovery that
23   was going on in that case.
24            THE COURT:  Thank you.  As I said, I don't know that
25   much about that case, I'm afraid.
```

1    Okay. I will take your oral application under
2  advisement. I don't know if you want to put anything in
3  writing or --
4            MR. DONIGER: No. Thank you, your Honor.
5            THE COURT: Okay. Thank you.
6            MR. PASSIN: Your Honor, can I just mention one other
7  thing? This is Mark Passin.
8            THE COURT: Sure.
9            MR. PASSIN: And also what he didn't mention is that
10 Mr. Klaris was also an associate at Davis Wright Tremaine
11 during the time your partner was -- your husband was a partner
12 there.
13           MR. KOONCE: And I will tell you that that is not
14 true. That is incorrect. Mr. Klaris, at Klaris, was not a
15 partner at Davis Wright Tremaine.
16           THE COURT: I think he said he was an associate during
17 the time that my husband was a partner there, which I also
18 think is not true.
19           MR. KOONCE: That's not true. He was an associate at
20 a former firm, which was Lankenau Kovner, which merged into
21 Davis Wright in 1998. And my understanding is that Ed Klaris
22 had already left the practice of Lankenau Kovner and gone
23 in-house before Lankenau Kovner became part of Davis Wright in
24 1998 is my understanding.
25           MR. PASSIN: If that's the case, I apologize, your