UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LYNNE FREEMAN,

                            **Plaintiff**,

            -against-

TRACY DEEBS-ELKENANEY, et al.,

                          **Defendants.**

-----------------------------------------------------------------X

22-CV-02435 (LLS)(SN)

**OPINION & ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/2023

**SARAH NETBURN, United States Magistrate Judge:**

       Plaintiff has filed a letter motion seeking "clarification" of whether I have recused myself in light of Judge Stanton's recent order and, if not, to recuse myself at this time. The basis for the request is my husband's professional relationship with Defendants' counsel.

       Briefly, at the first conference before me, held on July 20, 2022, I noted at the outset that I knew Ed Klaris of Klaris Law, the firm representing Defendants Emily Sylvan Kim and Prospect Agency, LLC. Their attorney, Lance Koonce, noted that my husband was serving as "conflict counsel" in a different, un-related case that Mr. Koonce was working on. At that time, Plaintiff's counsel indicated that it did not see any conflict or the appearance of impropriety. The Court has managed pretrial matters since then without issue.

       Nearly a year later, new counsel for Plaintiff has raised a concern that my husband was a law partner with Mr. Koonce when they were both at a different law firm than has appeared in this case. My husband left that firm in 2010 – that is, 13 years ago – and Mr. Koonce left at some time thereafter. There has been no suggestion that my husband has a financial interest in Klaris Law or this case.

Section 455 of the United States Judicial Code governs the recusal of federal judges. A judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Specifically, the Court must consider "whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality." S.E.C. v. Razmilovic, 738 F.3d 14, 29 (2d Cir. 2013), as amended (Nov. 26, 2013). Recusal is not the norm, and "there exists a strong presumption of a judge's impartiality which may only be overcome by adequate proof to the contrary." Wiltshire v. Williams, No. 10-cv-6947 (RWS), 2012 WL 899383, at *6 (S.D.N.Y. Mar. 16, 2012) (citing United States v. Occhipinti, 851 F. Supp. 523, 525 (S.D.N.Y. 1993)). Although there are separate considerations for recusal based on a spouse, none is raised here. See 28 U.S.C. § 455(b)(5)(i) (spouse is a party); (ii) (spouse is a lawyer in the proceeding); (iii) (spouse has an interest in the outcome); or (iv) spouse is a material witness). Plaintiff does not cite these statutes or rely on any case law in raising her objection.

Plaintiff argues, implicitly, that an objective and disinterested observer would reasonably question my impartiality because, 13 years ago, my husband and defense counsel were law partners in a firm that has not appeared in this case. Plaintiff has not connected the dots between these facts and my ability to fairly manage pretrial proceedings, and the Court is unable to discern such a basis. Second, although raised in July 2022 without objection by Plaintiff's counsel, Plaintiff now raises my husband's role as conflicts counsel in a different, un-related case that Mr. Koonce is working on. There is no suggestion that that case raises any of the same issues presented in this case such that a reasonable observer might think a favorable ruling for defendants here would aid my husband's client there. The fact that these two lawyers are representing different clients in the same case is hardly a basis to question my impartiality.

Third, Plaintiff concludes that my off-the-record (though now disclosed) discussion about settlement shows bias. The Court's encouragement for the parties to engage in reasonable settlement negotiations is squarely within my referral mandate. If such routine discussions could raise the appearance of impropriety, I would be without a docket. See also Liteky v. United States, 510 U.S. 540, 556 (1994) ("[a] judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune" from challenge under Section 455(a)).

A motion to recuse must be made "'as soon as the facts on which it is premised are known to the parties.'" Chevron Corp. v. Donziger, 783 F. Supp. 2d 713, 721 (S.D.N.Y. 2011) (citation omitted). When made months after the factual basis has been disclosed, motions to recuse must be policed vigilantly to make sure that they are not brought for an improper purpose. It is for this reason that, where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited. See In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is.") (citations omitted).

Thus, I have not recused myself and will not. Judge Stanton's referral for general pretrial matters remains. See ECF No. 45. Because this referral does not include dispositive motions or trial, Judge Stanton issued his June 14, 2023 Order in response to Defendants' request to expedite a ruling on whether Plaintiff's works establish a substantial similarity with the *Crave* book series.

Accordingly, all pretrial matters remain under my mandate.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     June 29, 2023
           New York, New York