

July 7, 2023

The Honorable Louis L. Stanton
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., New York, NY 10007-1312

    Re: *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, Case No. 22 Civ 2435 (LLS) (SN)

Dear Judge Stanton:

    We write on behalf of Plaintiff, Lynne Freeman ("Freeman") in opposition to Defendants' July 5, 2023 purported motion to seal (ECF 243) in which Defendants state that they "would not object to unsealing any of the redacted content in their July 5, 2023 filing" filed in connection with their Opposition to Plaintiff' Motion for Reconsideration. Please be advised that Freeman strenuously objects to the unsealing of the documents for the reasons set forth below.

    In *United States v. Amodeo,* 44 F.3d 141. 145 (2d Cir. 1995) ("Amodeo I"), the Second Circuit held that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." In order to be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process. *Id.*

    The deposition testimony sealed does not constitute a judicial document. The information sealed falls in the following categories: (1) Plaintiff's husband's age; (2) Plaintiff's husband's date of birth; (3) the address of a property where plaintiff's family lives in Anchorage Alaska; (4) the address of a property in California where Plaintiffs' family sometimes lives; (5) the amount of time that Plaintiff and her husband spend in California versus Alaska; (6) how many times a year Freeman's husband estimates he and Freeman go back and forth between California and Alaska annually and (7) how Freeman compensates the two law firms that represent her in this action and her former local counsel.

    None of the above information could be considered a judicial document. Clearly, the personal information about Plaintiff's husband and how many times they each travel back and forth between California and Alaska (items 1 through 6) are totally irrelevant to the court deciding the motion for reconsideration. Defendants incorrectly use some of that information to erroneously attempt to impeach Freeman on issues that have nothing whatsoever to do with the motion. The use of the information by Defendants for that purpose obviously does not make it a judicial document. Lastly, how Freeman compensates her lawyers is also not a judicial document. Defendants' raise the latter because Freeman stated in a declaration submitted with the motion to reconsideration that the litigation has "cost us many hundreds of thousands of dollars in costs and fees. However, she did not specify to whom the fees were paid. Thus, how

11766 Wilshire Boulevard, Suite 1470, Los Angeles, CA 90025

Phone: (310) 861-2470 • Fax: (310) 861-2476

mark@reedermccreary.com • www.reedermccreary.com

Page 2
July 7, 2023

she compensated her lawyers is not a judicial function.  She will address the issue in her reply with more specificity without redacting that information.

Even if the documents were judicial documents, which Plaintiff denies, the weight of any presumption, is outweighed to the resultant value of such information to those monitoring the federal courts.  *Lugosch v. Pyramid Co. of Onondaga,* 435 F. 3d 110, 119 (2d Cir. 2006). Clearly, the highly personal information about Ms. Freeman and her husband has no value to those monitoring the Federal Court. Finally, there are no countervailing factors such as "the danger of impairing law enforcement or judicial efficiency' that weigh in favor of disclosure.  *Id.* On the other hand, Freeman's privacy interest in maintaining the information confidential tips the scales heavily in her favor

For each of the above reasons, the documents should remain under seal.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**CSReeder, PC**

_____
Mark D. Passin
11766 Wilshire Boulevard,
Suite 1470
Los Angeles, CA 90025
310-861-2475

**DONIGER/BURROUGHS PC**
Stephen Doniger, Esq.
603 Rose Avenue
Venice, California 90291
(310) 590-1820
stephen@donigerlawfirm.com
*Attorneys for Plaintiff* Freeman

cc: All counsel of record (via ECF)