ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

LYNNE FREEMAN, an individual,

                Plaintiff,

                22 Civ. 2435 (LLS)

                ORDER

        - against -

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, an individual, EMILY SYLVAN
KIM, an individual, PROSPECT AGENCY,
LLC, a New Jersey limited liability
company, ENTANGLED PUBLISHING, LLC,
a Delaware limited liability company,
MACMILLAN PUBLISHERS, LLC, a New York
limited liability company, UNIVERSAL
CITY STUDIOS, LLC, a Delaware limited
company,

                Defendants.
- - - - - - - - - - - - - - - - - -X

The parties have made several motions to seal in connection with their letter motions for a pre-motion conference for a motion for summary judgment on the issue of substantial similarity. The motions to seal are resolved as follow:

I.

Defendants' Motion to Seal plaintiff's 2011 manuscripts is granted. Dkt. No. 219. The manuscripts are submitted contemporaneously with defendants' request to seek leave to file a motion for summary judgment, but they are not relevant to whether defendants are procedurally entitled to seek summary judgment. Thus, they are not judicial documents to which the

1

presumption of public access attaches. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) ("to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'"). If, and when, the parties file such a motion for summary judgment, the manuscripts' bearing on the issues in the motion and, accordingly, the public's right to access the manuscripts will be reevaluated.

## II.

Plaintiff's Motion to Seal Dr. Chaski's expert report is denied. Dkt. No. 228. The report was submitted in support of plaintiff's Motion for Reconsideration of the Court's June 14, 2023 Order. It is thus a judicial document to which the presumption of access attaches. Plaintiff provides no countervailing factors which would outweigh that presumption. Lugosch, 435 F.3d at 126 ("the mere existence of a confidentiality order says nothing about whether complete reliance on the order to avoid disclosure was reasonable").

## III.

Plaintiff's Motion to Redact a portion of her letter opposing the close of discovery is denied. Dkt. No. 232. The existence of a protective order does not trump the right to public access.

## IV.

Defendants' Motion to Seal plaintiff's 2013 manuscripts is granted. Dkt. No. 235. For the reasons stated above, they are to remain under seal until the filing of the summary judgment motions, at which time the presumption of public access to them will be reassessed.

## V.

Defendants' Motion to file redacted versions of its Opposition to plaintiff's Motion for Reconsideration and supporting exhibits is granted, in part, and denied, in part. Dkt. No. 243. The documents are judicial documents to which the weight of public access attaches because they were filed to influence the Court's determination of the Motion for Reconsideration. Lugosch, 435 F.3d at 120. However, "the privacy interests of those resisting disclosure" may outweigh the public need to have confidence in the administration of the court. Id. at 120.

This justifies redacting the information concerning (1) Plaintiff's husband's age; (2) Plaintiff's husband's date of birth; (3) the address of a property where plaintiff's family lives in Anchorage Alaska; (4) the address of a property in California where Plaintiffs' family sometimes lives; (5) the amount of time that Plaintiff and her husband spend in California versus Alaska; (6) how many times a year Freeman's

husband estimates he and Freeman go back and forth between California and Alaska annually.

It does not justify redacting how plaintiff compensates her attorneys, which has become a material fact in determining whether a bifurcated trial will prejudice her. Information relating to the compensation of plaintiff's attorneys is to be unsealed.

## Conclusion

Dkt. Nos. 220 and 236 can remain sealed pending the filing of the parties' Motions for Summary Judgment.

The Clerk of Court is directed to unseal Dkt. Nos. 229 and 232.

Defendants are directed to unseal references to plaintiff's attorneys' compensation in Dkt. No. 244 and file an updated version on the docket.

So Ordered.

Dated: New York, New York
     July 7, 2023

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.