**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LYNNE FREEMAN,

Plaintiff,

v.

TRACY DEEBS-ELKENANEY P/K/A TRACY
WOLFF, et al.,

Defendants.

Case No. 1:22-cv-02435-LLS-SN

**DECLARATION OF STEPHEN M.
DONIGER IN SUPPORT OF
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT**

## DECLARATION OF STEPHEN M. DONIGER

I, Stephen M. Doniger, hereby declare as follows:

1. I am above eighteen (18) years of age, am counsel of record in this case for Plaintiff
   Lynne Freeman and am competent to give the testimony set forth below. Said testimony
   is given from my own personal knowledge except where otherwise indicated. If called as
   a witness, I could and would competently testify as set forth below.

2. A true and correct copy of the relevant pages of Defendant Emily Kim's deposition as
   redacted by Defendants is attached hereto as **Exhibit 1**. An unredacted version will be
   filed with this Court under seal.

3. A true and correct copy of the relevant pages of Defendant Stacy Abrams's deposition
   taken in this case is attached hereto as **Exhibit 2**.

4. A true and correct copy of the relevant pages of Defendant Elizabeth Pelletier's
   deposition taken in this case, as redacted by Defendants, is attached hereto as **Exhibit 3**.
   An unredacted version will be filed with this Court under seal.

- 1 -

5. A true and correct copy of the relevant pages of Defendant Tracey Wolff's deposition in this case, as redacted by Defendants, is attached hereto as **Exhibit 4**. An unredacted version is filed with this Court under seal.

6. A true and correct copy of the document produced by Defendant Tracey Wolff in discovery in this case beginning with Bates No. WOLFF0097494, which has been marked as confidential by Defendants, is being filed under seal as **Exhibit 5** to my declaration.

7. Defendant Emily Kim produced a text string in discovery in this case beginning with Bates No. KIM00347988. That document, which was marked as confidential by Defendants, is over 1,000 pages. Filed under seal as **Exhibit 6** to this Declaration is a true and correct copy of the pages of that text chain cited in Plaintiff's Motion for Summary Judgment, including Bates Nos. 00349538, 00348183, 00348162, 00348161, 00349411, 00348541, 00348451, 00349454, 00348229, and 00348491.

8. Defendant Tracey Wolff produced a document in this case beginning with Bates No. WOLFF0095695 which she marked as confidential. A true and correct copy of that document is being filed under seal as **Exhibit 7** to this Declaration.

9. Defendant Entangled Publishing produced a document in this case beginning with Bates No. ENTANGLED 0074452 which it marked confidential. A true and correct copy of that document is being filed under seal as **Exhibit 8** to this Declaration.

10. Emily Kim produced a document in this case beginning with Bates No. KIM00016907 which she marked confidential. A true and correct copy of that document is being filed under seal as **Exhibit 9** to this Declaration.

DECLARATION OF STEPHEN DONIGER IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

11. The document beginning with Bates No. KIM00012369 was also produced by Defendant Kim in this case and marked confidential by Defendants. A true and correct copy of that document is being filed under seal as **Exhibit 10** to my Declaration.

12. The document beginning with Bates No. KIM00351667 was also produced by Kim in this case and marked confidential by her. A true and correct copy of the relevant pages of that document, specifically Bates No. 00351686 – 0035168, are being filed under seal as **Exhibit 11**to this Declaration.

13. Entangled Publishing produced the document beginning with Bates No. ENTANGLED 0073726 in this case and marked it as confidential. A true and correct copy of that document is therefore filed under seal as **Exhibit 12** to this Declaration.

14. A true and correct copy of the document produced by Defendant Entangled Publishing in this case bearing Bates No. ENTANGLED 0016990, as redacted by Entangled, is attached hereto as **Exhibit 13**. A true and correct copy of that Exhibit 13 without redactions will be filed under seal with this Court.

15. A true and correct copy of the document produced by Kim in this case beginning with Bates No. KIM00193730, as redacted by Defendants, is attached hereto as **Exhibit 14**. A true and correct copy of that Exhibit 14 without redactions will be filed under seal with this Court.

16. The document produced by Defendant Emily Kim in this case beginning with Bates No. KIM00352321 was marked confidential by Defendants. A true and correct copy of the pages of that document referenced in this Motion, specifically Bates No. 00352413, 00352449, 00352450, 00352513, 00352440, and 00352455, are being filed under seal as **Exhibit 15** to this declaration.

17. Kim's document beginning with Bates No. KIM00012369 was also marked confidential, and thus a true and correct copy of it is being filed under seal hereto as **Exhibit 16** to this declaration.

18. Defendant Tracy Wolff produced the document in this case beginning with Bates No. WOLFF0095644, and marked it confidential. That document is being filed under seal as **Exhibit 17** to this Declaration.

19. **Exhibit 18** is a true and correct copy of a document produced in this case by Entangled Publishing beginning with Bates No. ENTANGLED 0073444. Because it is marked confidential it is being filed under seal with this Motion.

20. **Exhibit 19** hereto is a true and correct copy of another document produced in this case by Entangled beginning with Bates No. ENTANGLED 0012114, as redacted by Defendants. A true and correct copy of Exhibit 19 without redactions is being filed under seal.

21. The document produced by Defendant Entangled Publishing beginning with Bates No. ENTANGLED 0074207 was marked confidential by Defendants. A true and correct copy of the document produced beginning with Bates No. ENTANGLED 0074207 is filed under seal hereto as **Exhibit 20**.

22. A true and correct copy of the document produced by Defendant Emily Kim beginning with Bates No. KIM00157612 is attached hereto as **Exhibit 21** as redacted by Defendants. A true and correct copy of Exhibit 21 without redactions is being filed under seal with this Court.

23. A true and correct copy of another document produced in this case by Kim beginning with Bates No. KIM00074211 is attached hereto as **Exhibit 22** as redacted. A true and correct copy of Exhibit 22 without redactions is being filed under seal with this Court.

24. Attached hereto as **Exhibit 23** is a true and correct copy of the relevant pages of the deposition of Elizabeth Tzetzo's taken in this case.

25. A true and correct copy of Deposition Exhibit 106 is attached hereto as **Exhibit 24**. Deposition Exhibit 106 is a document produced by Defendants containing an email chain between Emily Kim and Lynne Freeman beginning with Bates No. KIM00163954.

26. A true and correct copy of Emily Kim Deposition Exhibit 89 is attached hereto as **Exhibit 25** as redacted by Defendants. A true and correct copy of Exhibit 25 without redactions is filed under seal with this Court. This document was produced by Defendants, given Bates No. KIM00351461, containing text messages between Emily Kim and her assistant.

27. A true and correct copy of Deposition Exhibit 4 is attached hereto as **Exhibit 26** as redacted by Defendants. A true and correct copy of Exhibit 4 without redactions is filed under seal with this Court. This document was produced by Defendants, given Bates No. KIM00157714, containing emails between Emily Kim and Stacy Abrams.

28. Deposition Exhibit 24 was marked confidential by Defendants. A true and correct copy of Deposition Exhibit 24 is filed under seal hereto as **Exhibit 27**.

29. A true and correct copy of Deposition Exhibit 7 is attached hereto as **Exhibit 28** as redacted by Defendants. A true and correct copy of Exhibit 28 without redactions is filed under seal with this Court. This document was produced by Defendants, beginning with Bates No. ENTANGLED 0016951, containing an email from Tracy Wolff to Stacy Abrams.

30. A true and correct copy of Deposition Exhibit 8 is attached hereto as **Exhibit 29**. This Document was produced by Defendants, beginning with Bates No. ENTANGLED 0016968, containing five plot ideas for potential books.

31. A true and correct copy of Deposition Exhibit 9 is attached hereto as **Exhibit 30** as redacted by Defendants. A true and correct copy of Exhibit 30 without redactions is filed under seal with this Court. This document was produced by Defendants, beginning with Bates No. ENTANGLED 0016949, containing an email exchange between Tracy Wolff and Stacy Abrams.

32. A true and correct copy of Deposition Exhibit 47 is attached hereto as **Exhibit 31**. This document was produced by Plaintiffs and is a letter received from Defendants representation on February 9, 2022, discussing the creation of the *Crave* series.

33. Deposition Exhibit 35 was marked confidential by Defendants. A true and correct copy of Deposition Exhibit 35 is filed under seal hereto as **Exhibit 32**. This document was produced by Defendants, beginning with Bates No. ENTANGLED 0006685, and is a contract between Entangled Publishing and Tracy Wolff dated September 16, 2020 concerning "three spinoff novels".

34. Deposition Exhibit 36 was marked confidential by Defendants. A true and correct copy of Deposition Exhibit 36 is filed under seal hereto as **Exhibit 33**. This document was produced by Defendants, beginning with Bates No. ENTANGLED0006664, and is a contract between Entangled Publishing and Tracy Wolff dated September 17, 2020 concerning "three Untitled Novels in a new series."

35. A true and correct copy of Emily Kim Deposition Exhibit 88 is attached hereto as **Exhibit 34**. This document was produced by Defendants, beginning with Bates No. KIM00075469, containing an email exchange between Lynne Freeman and Emily Kim re: "thinking of you!".

36. A true and correct copy of Dr. Carole E. Chaski's expert report in this case is attached hereto as **Exhibit 35**.

37. A true and correct copy of Kathrine Reiss's expert report in this case is attached hereto as **Exhibit 36**.

38. A true and correct copy of Dr. Patrick Juola's expert report in this case is attached hereto as **Exhibit 37.**

39. Attached hereto as **Exhibit 38** is what I believe to be a true and correct copy of the transcript for the YouTube Podcast "Author Stories" episode 1072 "Tracy Wolff Returns with Covet Hank Garner." Plaintiff has also requested that the Court take judicial notice of the interview (see Plaintiff's Request for Judicial Notice filed concurrently).

40. Deposition Exhibit 87 was marked confidential by Defendants. A true and correct copy of Emily Kim Deposition Exhibit 87 is filed under seal hereto as **Exhibit 39**. This document was produced by Defendants, beginning with Bates No. KIM00352651, containing an agreement between Emily Kim and Lynne Freeman dated December 8, 2010.

41. A true and correct copy of Emily Kim Deposition Exhibit 91 is attached hereto as **Exhibit 40**. This document was produced by Plaintiffs, beginning with Bates No. LF 126632, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

42. A true and correct copy of Emily Kim Deposition Exhibit 92 is attached hereto as **Exhibit 41**. This document was produced by Defendants, beginning with Bates No. KIM00189607, containing an email exchange between Lynne Freeman and Emily Kim re: "Agency Contract."

43. A true and correct copy of Emily Kim Deposition Exhibit 93 is attached hereto as **Exhibit 42**. This document was produced by Defendants, given Bates No. KIM00183740, containing an email from Lynne Freeman to Emily Kim re: "Blue Moon Rising."

44. A true and correct copy of Emily Kim Deposition Exhibit 94 is attached hereto as **Exhibit 43**. This document was produced by Defendants, beginning with Bates No. KIM00189670, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

45. A true and correct copy of Emily Kim Deposition Exhibit 95 is attached hereto as **Exhibit 44**. This document was produced by Defendants, beginning with Bates No. KIM00190352, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

46. A true and correct copy of Emily Kim Deposition Exhibit 96 is attached hereto as **Exhibit 45.** This document was produced by Defendants, given Bates No. KIM00190557, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

47. A true and correct copy of Emily Kim Deposition Exhibit 97 is attached hereto as **Exhibit 46.** This document was produced by Defendants, beginning with Bates No. KIM00191198, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

48. A true and correct copy of Emily Kim Deposition Exhibit 98 is attached hereto as **Exhibit 47.** This document was produced by Plaintiff, beginning with Bates No. LF 036942, containing an email exchange between Lynne Freeman, Emily Kim, and Mary McCauley re: "Blue Moon Rising".

49. A true and correct copy of Emily Kim Deposition Exhibit 99 is attached hereto as **Exhibit 48.** This document was produced by Defendants, beginning with Bates No. KIM00184553, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

50. A true and correct copy of Emily Kim Deposition Exhibit 100 is attached hereto as **Exhibit 49.** This document was produced by Defendants, beginning with Bates No. KIM00185178, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

51. A true and correct copy of Emily Kim Deposition Exhibit 101 is attached hereto as **Exhibit 50.** This document was produced by Defendants, beginning with Bates No. KIM00186377, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

52. A true and correct copy of Emily Kim Deposition Exhibit 102 is attached hereto as **Exhibit 51.** This document was produced by Defendants, beginning with Bates No. KIM00187056, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

53. A true and correct copy of Emily Kim Deposition Exhibit 103 is attached hereto as **Exhibit 52.** This document was produced by Defendants, beginning with Bates No. KIM00156008, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

54. A true and correct copy of Emily Kim Deposition Exhibit 109 is attached hereto as **Exhibit 53.** This document was produced by Defendants, beginning with Bates No. KIM00134635, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

55. A true and correct copy of Emily Kim Deposition Exhibit 111 is attached hereto as **Exhibit 54.** This document was produced by Defendants, beginning with Bates No. KIM00139438, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon."

56. A true and correct copy of Emily Kim Deposition Exhibit 112 is attached hereto as **Exhibit 55.** This document was produced by Defendants, given Bates No. KIM00140044, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon Rising."

57. A true and correct copy of Emily Kim Deposition Exhibit 113 is attached hereto as **Exhibit 56.** This document was produced by Defendants, beginning with Bates No. KIM00143915, containing an email exchange between Emily Kim and Lynne Freeman re: "Blue Moon – THIS VERSION."

58. A true and correct copy of Emily Kim Deposition Exhibit 114 is attached hereto as **Exhibit 57.** This document was produced by Defendants, given Bates No. KIM00154158, containing an email exchange between Emily Kim and Lynne Freeman re: "MASQUED."

59. A true and correct copy of Emily Kim Deposition Exhibit 115 is attached hereto as **Exhibit 58.** This document was produced by Defendants, beginning with Bates No. KIM00195362, containing an email exchange between Emily Kim and Lynne Freeman re: "MASQUED."

60. A true and correct copy of Emily Kim Deposition Exhibit 116 is attached hereto as **Exhibit 59.** This document was produced by Defendants, given Bates No. KIM00198163, containing an email exchange between Emily Kim and Lynne Freeman re: "MASQUED."

61. A true and correct copy of Emily Kim Deposition Exhibit 118 is attached hereto as **Exhibit 60.** This document was produced by Defendants, given Bates No. KIM00159810, containing an email exchange between Emily Kim and Lynne Freeman re: "MASQUED."

62. Deposition Exhibit 25 was marked confidential by Defendants. A true and correct copy of Tracey Wolff Deposition Exhibit 25 is filed under seal hereto as **Exhibit 61**. This document was produced by Defendants, beginning with Bates No. ENTANGLED 0073254, containing an agreement between Entangled Publishing and Tracy Wolff, dated May 23, 2019, concerning "three novels: Crave plus two additional books."

63. Deposition Exhibit 26 was marked confidential by Defendants. A true and correct copy of Tracey Wolff Deposition Exhibit 26 is filed under seal hereto as **Exhibit 62**. This document was produced by Defendants, given Bates No. KIM00021027, containing the January 6, 2020 Addendum to the May 23, 2019 contract between Entangled Publishing and Tracy Wolff concerning "three novels: Crave plus two additional books."

64. Deposition Exhibit 27 was marked confidential by Defendants. A true and correct copy of Tracey Wolff Deposition Exhibit 27 is filed under seal hereto as **Exhibit 63**. This document was produced by Defendants, given Bates No. KIM00021024, containing the February 3, 2020 Second Addendum to the May 23, 2019 contract between Entangled Publishing and Tracy Wolff concerning "three novels: Crave plus two additional books."

65. **Exhibit 64** is a document entitled "Third Addendum to Contract with Author" produced in this case by Kim under Bates KIM00021030-00021032. This Exhibit was also marked as Exhibit 28 in the depositions taken in this case. This exhibit was marked confidential and is therefore being filed under seal.

66. **Exhibit 65** is a document entitled "Amendment to Contract with Author" produced in this case by Entangled Publishing under Bates ENTANGLED_0006635-0006638. This Exhibit was also marked as Exhibit 29 in the depositions taken in this case. This exhibit was marked confidential and is therefore being filed under seal.

67. **Exhibit 66** is a copy of a distribution agreement between Entangled Publishing and Holtzbrinck Publishers, LLC which Macmillan produced in discovery in this case under Bates MACMILLAN_0000128-0000156. This Exhibit was also marked as Exhibit 55 in the depositions taken in this case. This exhibit was marked confidential and is therefore being filed under seal.

68. **Exhibit 67** is an amendment to the distribution agreement between Entangled Publishing and Holtzbrinck Publishers, LLC which Macmillan produced in discovery in this case under Bates MACMILLAN_000071-000072. This Exhibit was also marked as Exhibit 56 in the depositions taken in this case. This exhibit was marked confidential and is therefore being filed under seal.

69. **Exhibit 68** is a copy of an agreement between Entangled Publishing and Holtzbrinck Publishers, LLC which Macmillan produced in discovery in this case under Bates MACMILLAN_000075-000077. This Exhibit was also marked as Exhibit 57 in the depositions taken in this case. This exhibit was marked confidential and is therefore being filed under seal.


I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed on November 22, 2023 in Los Angeles, California.

By: _____
          Stephen M. Doniger
          Declarant