

December 22, 2023

**VIA ECF**
The Honorable Sarah Netburn
S.D.N.Y. Thurgood Marshall Courthouse
New York, NY 10007

      Re:    *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, 1:22 Civ 02435 (LLS)(SN)

Dear Judge Netburn:

    Defendants respectfully write to oppose in part Plaintiff's letter motion seeking to seal certain exhibits filed in support of Plaintiff's motion for summary judgment ("Seal Mot.," ECF No. 275) and to clarify which materials Defendants believe must be kept under seal.

**I.**    **Plaintiff's Manuscripts**

    Plaintiff's request to seal her manuscripts and note sets—which are the very subject of her copyright infringement claims and are directly at issue at summary judgment—should be denied. Exhibits 3-11 and 14-19 to the Freeman Declaration, and Exs. E, F, and CC to the Cole Declaration (*BMR 2011* and *BMR 2013* and an appendix containing certain *BMR* chapters) should be unsealed.

    There is no reasonable dispute that Plaintiff's allegedly infringed materials are judicial documents to which there is a presumption of a public right of access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). As the Second Circuit has explained, an item is a judicial document when it is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (citation omitted). Judicial documents fall "on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (citation omitted).

    Under the above framework, the manuscripts and notes at issue here receive the highest presumption of public access. The parties' summary judgment motions require the Court to compare the Crave series to Plaintiff's manuscripts and adjudicate whether they are substantially similar. Nothing could be more relevant to a judicial determination of substantial similarity than the manuscripts themselves.[1] Consistent with this, Judge Stanton recognized that while the manuscripts were not essential to ruling on the ***procedure*** for summary judgment, at "summary judgment, the manuscripts' bearing on the issues in the motion and, accordingly, the public's right to access the manuscripts will be reevaluated." (ECF No. 249 at 2.) Your Honor made similar comments at the June 2, 2023 hearing. (6/2/23 Hr'g Tr. (ECF No. 222) 36:3-11.)

    Plaintiff does not come close to overcoming the heavy presumption of access that now attaches to her manuscripts. Plaintiff invokes her purported "right to creative control" and prevent "unauthorized copying" (Seal Mot. at 2-4), but these concerns are precisely why copyright law exists. Plaintiff appears to be concerned that if her manuscripts are unsealed, members of the public

---

[1] The additional manuscript versions besides *BMR 2011* and *BMR 2013*, and Plaintiff's notes, should not be considered at summary judgment as explained in Defendants' copyright brief.

Cowan, DeBaets, Abrahams & Sheppard LLP

41 Madison Avenue
38th Floor
New York, NY 10010

9454 Wilshire Blvd
Suite 901
Beverly Hills, CA 90212

cdas.com

will be able to copy from them and misappropriate her work. In the unlikely event that happens, Plaintiff can file a copyright infringement lawsuit.

Plaintiff also ignores that she has chosen to file a very public lawsuit accusing Defendants of stealing her work—public allegations that continue to damage Tracy Wolff, Emily Kim, and Entangled before Wolff's fans and in the public eye generally. (*See, e.g.*, ECF No. 261-1 at 2 (Wolff explaining that the lawsuit has led fan groups to question her integrity); *see generally* Wolff Decl.; Kim Decl.) Plaintiff has now publicly filed a motion arguing that the parties' works are so similar that it requires judgment in her favor, and has supported this motion by publicly filing her own expert reports and 14 self-serving "indexes" of purported similarities between the works. (*See* Seal Mot. at 2.) It would be tremendously unfair to allow Plaintiff to continue to publicly air her one-sided version of the dispute and her one-sided characterization of the works while continuing to shield the manuscripts that are the very essence of her copyright claim from the public eye.

In short, the time has come for the public to see for itself whether Plaintiff's allegations have any merit. Plaintiff's argument that the public does not need to see her manuscripts because it can instead rely on her expert reports and "indexes" (Seal Mot. at 2) is hypocritical and frivolous. Instead, Plaintiff's public filing of her own dubious expert reports and unreliable and self-serving indexes increases the need for the public to see the manuscripts and should be treated as waiving any confidentiality the manuscripts once possessed.[2]

## II. Defendants' Confidential Materials

Plaintiff additionally filed certain of Defendants' documents under seal pursuant to the parties' agreement.[3] As a threshold issue, these materials are qualitatively different from Freeman's manuscripts. Freeman's manuscripts are the very essence of the copyright claims she chose to bring and litigate publicly. Defendants did not choose to be sued and their personal text messages and other sensitive internal documents are much less central to Plaintiff's claims. In any event, Defendants' documents identified herein should be kept under seal for the following reasons.

Initially, more materials were filed under seal than Defendants intended due to a misunderstanding between the parties (not the fault of Plaintiff). Defendants requested that Plaintiff redact only email addresses from a number of emails, but did not believe that redacting just the email addresses required that these documents be sealed. Versions of these emails with just the email addresses redacted were publicly filed. Doniger Exs. 13, 14, 19, 21, 22, 26, 28, and 30 should therefore remain sealed because there is no need to duplicate them in the public record. If

---

[2] Plaintiff argues at length that her manuscripts are not publicly available even though they are on file with the Copyright Office. (Seal Mot. at 2-4.) It is not necessary to rule on how the procedural steps needed to obtain a deposit copy from the Copyright Office impact the analysis here, where the *Lugosch* framework and basic principles of fairness overwhelmingly require Plaintiff's manuscripts to be unsealed. The fact that a subset of these materials is already accessible to the public through the Copyright Office only further supports unsealing them now.

[3] The parties agreed that Plaintiff would inform Defendants which confidential materials Plaintiff expected to include with her summary judgment motion, and that Defendants would then advise as to which could be filed publicly and which must be filed under seal. The parties undertook this process from November 15-20 without issue, and have undertaken a corresponding process for Defendants' filing.



the Court does not agree that the email addresses may remain redacted, Defendants accept wholly unsealing these particular documents.

Doniger Exs. 1, 3-8, 11-12, 15, 17-18, 20, and 25, which are Defendants' personal text messages and portions of deposition transcripts discussing them, should remain under seal. These materials contain sensitive information such as discussions regarding family, medications, or other personal matters that have no bearing on summary judgment issues. A discussion about children, for instance, is not relevant to any issue raised by any party. Public disclosure of such personal messages, on the other hand, would serve only to embarrass one or more of the Defendants. Pursuant to ¶ 2 of the Stipulated Protective Order (ECF No. 50), such public disclosure would seriously harm the Defendant's personal interests, and would violate their privacy interests. The same applies to Cole Exs. G, H, and I, which are similar deposition transcripts.

Doniger Exs. 27, 32-33, 39, 61-68, which are sensitive business contracts such as distribution and author agreements, should be kept under seal. These documents pertain to the business arrangements between the various Defendants and contain confidential information that should not be made public. For example, distribution costs and expenses could be construed as trade secret information that the public and other competitors have no right to know. This information likewise falls within the scope of the type of non-public business, commercial, and financial information that should remain confidential to avoid harm to the producing party's business, commercial, and financial interests. Disclosure of some of this material could also violate confidentiality obligations to others. The same applies to Cole Ex. K, which is testimony from Universal's corporate representative that discusses sensitive business contracts.

Doniger Ex. 9 contains personal information regarding Wolff's finances that is not important to summary judgment, placing it squarely within the rules for sealing. As noted above, ¶ 2 of the Stipulated Protective Order is designed to protect non-public business, commercial, financial, and public information, the public disclosure of which would seriously harm the producing party's financial or personal interests, and would violate that person's privacy rights. Therefore, this document should remain sealed.

Finally, Defendants had asked Plaintiff to file under seal Doniger Exs. 10 and 16 (which are duplicates) but upon further review, withdraw this request.

*   *   *

In summary, for the foregoing reasons, the Court should:

- **Deny Plaintiff's motion to seal Freeman Exs. 3-11 and 14-19**, which are the manuscripts and note sets that she is proffering to establish substantial similarity (*see* Freeman Decl. (ECF No. 276) ¶ 7);[4]

---

[4] Defendants do not take a position on whether the remaining sealed manuscripts and notes that Plaintiff filed (Freeman Exs. 1-2, 12-13, 20-30)—which according to Plaintiff's declaration are not being relied on for a substantial similarity comparison—should remain under seal.



- Relatedly, **deny Defendants' motion to seal Cole Exs. E, F, and CC** (*BMR 2011*, *BMR 2013*, and an appendix containing *BMR* chapters), which the Court must rely on to adjudicate substantial similarity;

- **Grant Plaintiff's motion to seal Doniger Ex. 9**, which contains personal information regarding Wolff's finances;

- **Grant Plaintiff's motion to seal Doniger Exs. 13, 14, 19, 21, 22, 26, 28, and 30**, since these emails have been filed publicly with only the email addresses redacted;

- **Grant Plaintiff's motion to seal or redact Doniger Exs. 1, 3-22, 25-28, 30, 32-33, and 61-68**, which are Defendants' confidential text messages, deposition testimony discussing such messages, and sensitive business documents, which are not essential to summary judgment, raise important privacy concerns, and the public disclosure of which would seriously harm Defendants' privacy, financial and/or business interests;

- **Grant Defendants' motion to seal Cole Exs. G, H, I, and K**, which contain excerpts of deposition testimony that discuss text messages, personal information, or sensitive business documents;

- **Deny Plaintiff's motion to seal Doniger Exs. 10 and 16**, which are identical exhibits that upon further review do not need to be sealed;

- **Grant Defendants' motion to seal Koonce Exs. A** (LF178101-03), **B** (LF128647-48), **JJ** (LF272298-99), **KK** (LF267084-92), and **LL** (LF266719-7022), which are documents that Defendants have filed under seal per Plaintiff's instructions, and Defendants do not object to the redactions made by Plaintiff; and

- **Deny Defendants' motion to seal Koonce Ex. MM** (LF267673-79), which is an additional document that Defendants filed under seal per Plaintiff's instructions, but which Defendants do not believe should be redacted in the manner designated by Plaintiff because some of the portions designated for redaction[5] do not contain sensitive information or raise privacy or other legitimate concerns, but instead appear to include Freeman's prior views on copyright infringement that she may now find embarrassing.

Finally, to the extent the Court disagrees regarding the sealing of any of Defendants' confidential documents (Doniger Exs. 5-12, 15-18, 20, 25, 27, 32-33, 39, 61-68; Cole Exs. G, H,

---

[5] Namely, the fifth paragraph of the Sept. 11, 2016 email from Freeman (Koonce Ex. MM, at LF267673), and the fifth, sixth and seventh paragraphs of the August 31, 2016 email from Freeman (Koonce Ex. MM, at LF267675).



I, K), Defendants respectfully request an opportunity to expeditiously file redacted versions of these documents in lieu of wholly unsealing them, to protect particularly sensitive information.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**COWAN DEBAETS ABRAHAMS & SHEPPARD, LLP**

By: /s/ Nancy E. Wolff
Nancy E. Wolff
Benjamin S. Halperin
CeCe M. Cole
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone: (212) 974-7474
Fax: (212) 974-8474
nwolf@cdas.com
bhalperin@cdas.com
ccole@cdas.com
*Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC*

Lacy H. Koonce, III
**KLARIS LAW PLLC**
430 West 14th Street
New York, NY 10014
Phone: (917) 612-5861
lance.koonce@klarislaw.com
*Attorneys for Emily Sylvan Kim and Prospect Agency, LLC*

Dwayne K. Goetzel
Texas State Bar No. 08059500
**KOWERT, HOOD, MUNYON, RANKIN & GOETZEL, P.C.**
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
Telephone: (512) 853-8800
Facsimile: (512) 853-8801
dgoetzel@intprop.com
*Attorneys for Defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff*
