## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN, <br><br> Plaintiff, <br><br> vs. <br><br> TRACY DEEBS-ELKENANEY P/K/A <br> TRACY WOLFF, et al., <br><br> Defendants. | Case No.: 1:22-cv-02435-LLS-SN |

## DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE EVIDENCE SUBMITTED WITH PLAINTIFF'S SUMMARY JUDGMENT MOTION AND RELATED LOCAL RULE 56.1 STATEMENTS

Nancy E. Wolff
Benjamin S. Halperin
CeCe M. Cole
COWAN, DEBAETS, ABRAHAMS,
& SHEPPARD, LLP
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone: (212) 974-7474
Fax: (212) 974-8474
*Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC*

Lacy H. Koonce, III
KLARIS LAW PLLC
430 West 14th Street
New York, NY 10014
Phone: (917) 612-5861
lance.koonce@klarislaw.com
*Attorneys for Defendants Emily Sylvan Kim and Prospect Agency, LLC*

Dwayne K. Goetzel
Texas State Bar No. 08059500
KOWERT, HOOD, MUNYON, RANKIN & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300
Austin, Texas 78746
Telephone: (512) 853-8800
Facsimile: (512) 853-8801
*Attorneys for Defendant Tracy Deebs-Elkenaney p/k/a Tracy Wolff*

# **TABLE OF CONTENTS**

OBJECTIONS .............................................................................................................................. 1

I.   FREEMAN'S SIMILARITY "INDEXES" AND OTHER INADMISSIBLE MATERIALS
     MUST BE STRICKEN. ........................................................................................................ 2

     A.   Freeman's Similarity Indexes And Descriptions Of The Works Are Inadmissible Opinion
          Testimony And Violate Numerous Evidence Rules. .......................................................... 2

          1.   Freeman's Indexes And Descriptions Are Inadmissible Opinion Testimony. ............ 2

          2.   Freeman's Indexes And Descriptions Violate The Best Evidence Rule ...................... 6

          3.   Plaintiff Cannot Rely On Freeman's Indexes Because They Were Not Produced In
               Discovery. .................................................................................................................... 7

          4.   Freeman's Indexes Should Be Excluded Under FRE 403. ........................................ 10

          5.   Freeman's Indexes And Descriptions Are Inadmissible Hearsay ............................. 10

          6.   Freeman's Indexes Are Not Admissible Under FRE 1006 ........................................ 11

     B.   News Coverage Regarding Unrelated Third-Party Plagiarism Is Inadmissible ................ 11

     C.   Plaintiff's Expert Reports Are Not Admissible Evidence. ............................................... 12

II.  THE PARAGRAPHS OF PLAINTIFF'S RULE 56.1 STATEMENT THAT RELY ON
     INADMISSIBLE EVIDENCE OR NO EVIDENCE MUST BE STRICKEN. .................... 13

     CONCLUSION ...................................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**      **Page(s)**

*Capitol Recs., LLC v. Escape Media Grp., Inc.*,
2014 WL 12698683 (S.D.N.Y. May 28, 2014) ................................................................. 1

*Chapman v. Universal Motown Recs. Grp.*,
  2010 WL 517480 (S.D.N.Y. Feb. 4, 2010) .................................................................. 4

*Chisholm v. Sloan-Kettering*,
  2011 WL 2015526 (S.D.N.Y. May 13, 2011) ............................................................ 11

*Colangelo v. Champion Petfoods USA, Inc.*,
  2022 WL 991518 (N.D.N.Y. Mar. 31, 2022)
  *aff'd sub nom. Paradowski v. Champion Petfoods USA, Inc.*,
  2023 WL 3829559 (2d Cir. 2023) ............................................................................. 4

*Design Strategy, Inc. v. Davis*,
  469 F.3d 284 (2d Cir. 2006) ..................................................................................... 8

*Ebewo v. Martinez*,
  309 F. Supp. 2d 600 (S.D.N.Y. 2004) ................................................................ 8, 10

*Giannullo v. City of New York*,
  322 F.3d 139 (2d Cir. 2003) .................................................................................. 13

*Giurca v. Good Samaritan Hosp.*,
  2023 WL 254611 ................................................................................................. 4, 7

*Hallett v. Stuart Dean Co.*,
  517 F. Supp. 3d 260 (S.D.N.Y. 2021) ..................................................................... 7

*Koontz v. Great Neck Union Free Sch. Dist.*,
  2014 WL 2197084 n.1 (E.D.N.Y. May 27, 2014) .................................................. 10

*Montgomery v. Holland*,
  408 F. Supp. 3d 353 (S.D.N.Y. 2019)
  *aff'd sub nom.* 833 F. App'x 361 (2d Cir. 2020) .................................................... 9

*Pacenza v. IBM Corp.*,
  363 F. App'x 128 (2d Cir. 2010) .............................................................................. 2

*Suares v. Cityscape Tours, Inc.*,
  603 F. App'x 16 (2d Cir. 2015) ............................................................................. 13

*Thompson v. Spota*,
　2022 WL 17253464 (E.D.N.Y. Nov. 28, 2022) ...................................................................... 11

*U.S. v. Bray*,
　139 F.3d 1104 (6th Cir. 1998) .................................................................................................. 11

*Underpinning & Found. Skanska, Inc.*,
　726 F. Supp. 2d 339 (S.D.N.Y. 2010) ...................................................................................... 9

*Walker v. Time Life Films, Inc.*,
　784 F.2d 44 (2d Cir. 1986) ........................................................................................................ 9

*Williams v. Crichton*,
　84 F.3d 581 (2d Cir. 1996) ................................................................................................... 4, 9

**Rules**

Fed. R. Civ. P. 26 ........................................................................................................................... 3

Fed. R. Civ. P. 26(a) ..................................................................................................................... 8

Fed. R. Civ. P. 26(a)(2) ............................................................................................................... 3

Fed. R. Civ. P. 26(b)(4)(A) ......................................................................................................... 3

Fed. R. Civ. P. 26(e) ..................................................................................................................... 8

Fed. R. Civ. P. 37 ............................................................................................................... 1, 8, 10

Fed. R. Civ. P. 37(c)(1) ............................................................................................................... 8

Fed. R. Civ. P. 56(c) .......................................................................................................... 1-2, 13

Fed. R. Civ. P. 56(c)(2) ............................................................................................................... 1

Fed. R. Civ. P. 56(e) .......................................................................................................... 2, 13

Fed. R. Evid. 403 .............................................................................................................. 10, 12

Fed. R. Evid. 701 ................................................................................................................. 3, 7

Fed. R. Evid. 702 ........................................................................................................ 3, 5, 12

Fed. R. Evid. 801(c) .......................................................................................................... 10

Fed. R. Evid. 802 .............................................................................................................. 10

Fed. R. Evid. 803 ................................................................................................................ 10

Fed. R. Evid. Fed. R. Evid. 1002 ......................................................................................... 6

Fed. R. Evid. 1004 ........................................................................................................... 6, 7

Fed. R. Evid. 1006 .............................................................................................................. 11

Local Rule 56.1 .................................................................................................................... 2

Local Rule 56.1(a) ............................................................................................................... 2

Local Rule 56.1(d) ...................................................................................................... 1-2, 13

**Other Authorities**

2 McCormick On Evid. § 231 (8th ed.) ............................................................................... 6

Pursuant to Federal Rule of Civil Procedure ("FRCP") 56(c)(2) and Local Rule ("LR") 56.1(d), all Defendants respectfully object to and move to strike certain evidence submitted with Plaintiff's summary judgment motion. As set forth below, Plaintiff's summary judgment brief ("Pl.'s Mem.," ECF No. 284) and statement of undisputed facts ("PSUF," ECF Nos. 280, 289) frequently rely on materials that do not constitute admissible evidence under the Federal Rules of Evidence ("FRE") and related caselaw.

Most notably, Plaintiff relies on 14 "indexes" of purported similarities that were assembled by Lynne Freeman personally, as well as 18 pages of opinion testimony regarding the works in Freeman's declaration ("Freeman Decl.," ECF No. 276). These materials contain Freeman's own self-serving descriptions of the parties' works and purported identification of similarities between them. Collectively, they are ***569 pages***, just about as long as any of the parties' works, begging the question of why it makes sense to review them rather than the parties' works themselves. In any event, these materials are inadmissible because they, *inter alia*: (1) are undisclosed opinion testimony that would not be helpful to and would usurp the role of the factfinder, in violation of FRE 701 and 702; (2) violate the Best Evidence Rule, which only permits secondary descriptions of writings when the writings themselves are unavailable; and (3) were not produced in discovery as required by FRCP 37.

These and the other inadmissible materials discussed below must be excluded and all PSUF paragraphs that rely on them must be stricken under FRCP 56(c) and LR 56.1(d).

## OBJECTIONS

When opposing a summary judgment motion, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FRCP 56(c)(2). "The admissibility of evidence the parties submit in connection with a motion for summary judgment must be resolved as a threshold issue." *Capitol Recs., LLC v. Escape Media*

1

*Grp., Inc.*, 2014 WL 12698683, at *4 (S.D.N.Y. May 28, 2014) (Netburn, J.), *report and recommendation adopted*, 2015 WL 1402049 (S.D.N.Y. Mar. 25, 2015) (citing FRCP 56(e)). This reflects that "a court is obliged not to consider inadmissible evidence at the summary judgment stage." *Pacenza v. IBM Corp.*, 363 F. App'x 128, 130 (2d Cir. 2010).

Local Rule 56.1 requires a party moving for summary judgment to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." LR 56.1(a). Each such statement "must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." LR 56.1(d). Failure to submit a compliant Rule 56.1 statement "may constitute grounds for denial of the motion." LR 56.1(a).

## I.      FREEMAN'S SIMILARITY "INDEXES" AND OTHER INADMISSIBLE MATERIALS MUST BE STRICKEN.

### A.      Freeman's Similarity Indexes And Descriptions Of The Works Are Inadmissible Opinion Testimony And Violate Numerous Evidence Rules.

The "indexes" of purported similarities that Freeman personally prepared (Freeman Exs. 32, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49)[1] and the paragraphs of her declaration purporting to describe and compare the parties' works (Freeman Decl. ¶¶ 14, 17-41) are inadmissible for numerous reasons and must be stricken.

####           1.      Freeman's Indexes And Descriptions Are Inadmissible Opinion Testimony.

Freeman's similarity indexes and related descriptions of the works in her declaration should first be excluded because they constitute inadmissible opinion testimony under FRE 701 and 702. Rule 701 provides that opinion testimony by a lay witness must both be "helpful to …

---

[1] Plaintiff did not file anything as Ex. 41 to the Freeman Declaration. Freeman's declaration states that this was supposed to be "a short index of characters in common between both works prepared by [Freeman]." (Freeman Decl. ¶ 29.) In the event Plaintiff attempts to include Ex. 41 belatedly with her opposition/reply brief, it should be stricken for the same reasons as the remainder of Freeman's indexes.

determining a fact in issue" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FRE 701. Rule 702 places strict requirements on expert testimony, including that the expert must be qualified and base her opinions on a reliable methodology. FRE 702. Meanwhile, FRCP 26 requires expert opinions to be disclosed in written reports and for the opposing party to have an opportunity to depose the expert about her opinions and methodology. FRCP 26(a)(2), (b)(4)(A).

Here, Freeman's indexes and descriptions of the works set forth her own opinions regarding the works' purported degree of similarity. And it is undisputed that Freeman was not disclosed as an expert witness under Rule 26(a)(2) and that she did not provide her opinions in a written expert report as required by that rule. Accordingly, for Freeman's indexes and related declaration statements to be admissible opinion testimony, they must be both helpful to the trier of fact and "not based on scientific, technical, or other specialized knowledge." *See* FRE 701. Freeman's indexes and descriptions fall woefully short of this standard.

For starters, these materials are inherently unhelpful and untrustworthy because they were assembled by Freeman, the plaintiff, personally. To say that Freeman has "a dog in this fight" would be an all-time understatement; she not only has every incentive to create unreliable descriptions and comparisons of the parties' works to support her goal of prevailing in this litigation, but as the plaintiff she inherently views the parties' works through a biased lens. That is reason alone to find that her indexes and descriptions would not be helpful to the trier of fact.

Freeman's indexes and descriptions are also unhelpful to the factfinder because they are about as long as any of the parties' works themselves. Freeman's 14 indexes are collectively ***551 pages*** not counting cover sheets. (*See* Freeman Exs. 32, 36-49.) The volume increases to ***569 pages*** with the 18 additional pages of opinion testimony in Freeman's declaration. (*See* Freeman Decl.

¶¶ 14, 17-41.)[2] The book *Crave* is 571 pages. Controlling Second Circuit law requires the factfinder to base her determination on "a detailed examination of the works themselves." *Williams v. Crichton*, 84 F.3d 581, 583 (2d Cir. 1996). It would not be helpful to the factfinder to have to additionally consider 569 pages of Freeman's self-serving opinions regarding the works' contents.

Freeman's indexes and descriptions also are unhelpful because they usurp the role of the factfinder. *See, e.g.*, *Chapman v. Universal Motown Recs. Grp.*, 2010 WL 517480, at *3 (S.D.N.Y. Feb. 4, 2010) (striking portions of lay witness's affidavit that directly compared works at issue because they reflected "observation[s] that jurors could make as easily" and were of "no assistance to the jury and, indeed, usurps the jury's role"); *Colangelo v. Champion Petfoods USA, Inc.*, 2022 WL 991518, at *15 (N.D.N.Y. Mar. 31, 2022), *aff'd sub nom. Paradowski v. Champion Petfoods USA, Inc.*, 2023 WL 3829559 (2d Cir. 2023) (excluding portions of expert report "comprised of a summary of internal documents that a jury would be equally qualified to review"); *accord, e.g.*, *Williams*, 84 F.3d at 583, 590 (rejecting "scattershot" "list[s] [of] random similarities scattered throughout the works'" as inapposite to whether the factfinder would find the "works themselves" substantially similar).

Here, it is the factfinder's role, not Freeman's, to review the works and determine whether they are substantially similar. The Court and jury if necessary are capable of reading and comparing the parties' works, which are YA novels written at a 12-to-18-year-old reading level. As Your Honor observed (when addressing the role of experts), Plaintiff's issue "is with the volume, not the subject matter." (Manuscripts Order (ECF No. 105) at 3.) A factfinder who can read the works herself to evaluate similarities will not be aided by Freeman's one-sided efforts to

---

[2] If one views these materials as additional argument, they egregiously exceed the Court's page limits for summary judgment briefing. *See Giurca v. Good Samaritan Hosp.*, 2023 WL 254611, at *1 n.1. (S.D.N.Y. Jan. 18, 2023) (counsel's declaration containing "an argumentative summary of the evidence" "may be an improper attempt to bypass the page limits on memoranda of law set by my individual practices").

draw attention to cherry-picked trivialities. In short, if Freeman's indexes are being offered as lay opinions, they are no more valuable than any lay reader's opinions—and indeed much less valuable because they were formed by a biased and extremely self-interested party to the litigation.

If, on the other hand, Plaintiff contends that Freeman's indexes and descriptions would aid the factfinder because Freeman possesses some technical or specialized knowledge beyond that of lay readers, then these materials needed to be properly disclosed as expert opinions and comply with Rule 702 and *Daubert*.[3] But Plaintiff did not disclose (or even produce) Freeman's indexes and opinions, much less provide an expert report explaining the methodology behind them.

This is especially problematic because Plaintiff's approach allows her to submit expansive opinion testimony regarding the parties' works while escaping the scrutiny normally guaranteed by FRE 702 and *Daubert*. Had Freeman been disclosed as an expert, she would have needed to provide these indexes and describe her qualifications and methodology in a written report up front. Defendants then would have had an opportunity to depose her on these issues, and then potentially to move to exclude her opinions in their *Daubert* motion. But none of this was possible here.

In fact—and while this is no substitute because fact and expert depositions are different and the indexes now relied on were never disclosed—Defendants ***did*** attempt to question Freeman at her deposition regarding the methodology behind the similarity comparisons included in her FAC. Freeman testified that the FAC comparisons were "created between me and my lawyers." (Freeman Dep. 142:8-143:22, 105:15-106:5, 155:23-156:8 (Cole Ex. L).) She then refused to answer regarding the methodology behind those comparisons, claiming she could not "answer that question without disclosing privilege about how this was created." (*Id*. 142:23-143:11, 156:9-20.)

---

[3] This is not to say that expert opinions are admissible on substantial similarity. They are not—as shown in Defendants' summary judgment brief and as will be further shown at *Daubert*. The point is that Freeman's indexes are the ***types of materials*** that need to be disclosed and proffered under the rules that apply to experts, so that the full *Daubert* process can be carried out to evaluate their admissibility.

Thus, the only time Defendants even arguably had an opportunity to discover Freeman's methodology, she refused to disclose it.

In sum, Plaintiff's voluminous and one-sided indexes are precisely the sort of opinions that should be subjected to *Daubert* scrutiny, and this cannot be avoided by presenting them through a necessarily biased and self-interested lay witness who refuses to reveal her methodology. Finally, Defendants and the Court should not be required to go point by point through 569 pages of Freeman's opinion testimony to vet whether each of her claims regarding the works' contents is truthful, reliable, and not taken grossly out of context. It is far more efficient (and legally required) to simply read the parties' works themselves.

2.   Freeman's Indexes And Descriptions Violate The Best Evidence Rule.

Freeman's indexes and summaries of the works are also inadmissible because they violate the Best Evidence Rule.

FRE 1002 provides: "An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." FRE 1002. FRE 1004 in turn provides that "[a]n original is not required and other evidence of the content of a writing, recording, or photograph is admissible if," *inter alia*, "(a) all the originals are lost or destroyed" or "(b) an original cannot be obtained by any available judicial process." FRE 1004. Collectively, these rules mean that secondary evidence of the contents of a writing may only be used when the original writing is unavailable. *See, e.g.*, 2 McCormick On Evid. § 231 (8th ed.) ("The [best evidence] rule is this: in proving the content of a writing, recording or photograph, where the terms of the content are material to the case, the original document must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent …."). The Best Evidence Rule is "enforced against the proponent of any 'secondary evidence' of the original; that is, testimony or exhibit that presents a version of the contents of the original." *Id.*

Here, there is no dispute that the parties' works themselves are available and can be examined in court. They have in fact been provided as exhibits to the parties' summary judgment motions. (*E.g.*, Cole Exs. A-F; Freeman Exs. 14, 17.) Accordingly, by simple application of the Best Evidence Rule, Plaintiff may not submit secondary descriptions of the works as evidence of their contents. *See, e.g.*, *Hallett v. Stuart Dean Co.*, 517 F. Supp. 3d 260, 267 (S.D.N.Y. 2021) (excluding counsel's "summary of a document's contents" under the Best Evidence Rule because "the documents speak for themselves"); *Giurca*, 2023 WL 254611, at *1 n.1 (counsel's declaration containing "an argumentative summary of the evidence" was "'improper and inadmissible' because it 'could not possibly be based on personal knowledge because it is based entirely on counsel's own interpretation of the evidence in the record'") (citations omitted). Yet that is what Freeman's indexes and descriptions attempt to do—they describe the contents of the parties' works in a misleading and self-serving manner. This is precisely what the Best Evidence Rule is intended to avoid.

Ultimately, Freeman's indexes and descriptions are inadmissible no matter how they are couched. If they are opinions regarding the works' alleged similarities intended to aid the factfinder, they are inadmissible under Rules 701 and 702 because they are unhelpful, usurp the role of the factfinder, and were not properly disclosed. If, on the other hand, they are merely factual descriptions of the works' contents, then they violate the Best Evidence Rule because the parties' works themselves are available and are the best evidence of their contents. Either way, Freeman's indexes and descriptions are inadmissible and must be stricken.

### 3.   Plaintiff Cannot Rely On Freeman's Indexes Because They Were Not Produced In Discovery.

Separately, Plaintiff may not rely on Freeman's similarity indexes as "evidence" because they were not produced in discovery. Under FRCP 37, "if a party fails to provide information or

identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion ... unless the failure was substantially justified or is harmless." FRCP 37(c)(1). "The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004). The Second Circuit established a four-factor test for determining when evidence should be precluded under Rule 37, which considers: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). All of these factors favor exclusion.

*First*, there is no legitimate reason why Plaintiff could not have supplied these indexes sometime during the approximate year of discovery in this case. Only Plaintiff knows how long she has planned to use the indexes as "evidence" at summary judgment, but any suggestion that this was only a recent decision would not be credible. After all, Plaintiff included similar comparisons in her FAC, based on the same underlying evidence as the new indexes (the parties' works), and then provided additional comparisons as exhibits to her January 4, 2023 "infringement letter." (ECF No. 103-1.) Plaintiff presumably submitted the new indexes rather than her FAC comparisons now because she knows that pleadings cannot be cited as evidence at summary judgment—but this does not relieve Plaintiff of her obligation to disclose the new "evidence" during discovery.

*Second*, while the parties' works themselves are the most important evidence in this case, Freeman's indexes substituting in her own descriptions of the works are not important at all. It is black-letter law in the Second Circuit that "the works themselves, not descriptions or impressions

of them, are the real test for claims of infringement." *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 51 (2d Cir. 1986). For this reason, Second Circuit courts simply do not consider "list[s] [of] random similarities scattered throughout the works," which are "inherently subjective and unreliable." *Williams* 84 F.3d at 590; *Montgomery v. Holland*, 408 F. Supp. 3d 353, 377 (S.D.N.Y. 2019), *aff'd sub nom.* 833 F. App'x 361 (2d Cir. 2020) (rejecting "110 pages of purported 'resemblances'"). The "importance" factor therefore strongly favors exclusion.

**Third**, Defendants would suffer severe prejudice if the undisclosed indexes were admitted. As shown above, Defendants were given no opportunity to vet the accuracy of Freeman's indexes or depose Freeman regarding her methodology for assembling them. *See Underpinning & Found. Skanska, Inc.*, 726 F. Supp. 2d 339, 348-49 (S.D.N.Y. 2010) (excluding affidavit regarding material factual issue at summary judgment where the opposing party was unable to depose affiant about the document). Freeman in fact refused to talk about her methodology when asked how the similar FAC comparisons were assembled. (*See* Freeman Dep. 142:8-143:11, 105:15-106:5, 155:23-156:20.) And as shown above, Freeman's indexes are the precise sort of technical analytical materials that need to disclosed and vetted, but that was bypassed here by providing the indexes through a lay witness at the last minute. The indexes themselves are also inherently prejudicial as explained herein. The "prejudice" factor thus strongly favors exclusion as well.

**Fourth**, a continuance would be inappropriate and prejudicial. After a year of discovery (during which these indexes could have been disclosed), the parties are finally in the midst of summary judgment briefing. The Court has the parties' works themselves—which are all it is legally allowed to rely on—to adjudicate substantial similarity. It would make no sense to allow a continuance so that Freeman's superfluous indexes could be properly disclosed and vetted.

For all of these reasons, Freeman's indexes must be excluded under Rule 37, which exists to prevent the sort of "sandbagging" that occurred here. *See Ebewo*, 309 F. Supp. 2d at 607.

4.    <u>Freeman's Indexes Should Be Excluded Under FRE 403.</u>

For similar reasons, Freeman's indexes and descriptions should be excluded under FRE 403 because they have no probative value and Defendants would suffer extreme prejudice if they, rather than the parties' works themselves, are relied on. As shown above, controlling Second Circuit decisions such as *Williams* and *Walker* establish that the works themselves, not a party's descriptions of them, are what matter for infringement, and that party-generated lists of purported similarities are inapposite. Freeman's indexes and descriptions therefore have no probative value. It would be fundamentally unfair to Defendants—and abrogate controlling appellate authority— to base the substantial similarity analysis on Freeman's superfluous indexes rather than the actual novels at issue in this lawsuit.

5.    <u>Freeman's Indexes And Descriptions Are Inadmissible Hearsay.</u>

Freeman's indexes and descriptions of the works are also inadmissible hearsay. Hearsay is any statement "not ma[d]e while testifying at the current trial or hearing" that is offered "to prove the truth of the matter asserted in the statement." FRE 801(c). All hearsay is inadmissible unless it falls under an exception to the hearsay prohibition. FRE 802, 803. Here, Freeman's indexes and descriptions are out-of-court statements offered to prove the truth of the matter asserted—i.e., that the works' contents are what Freeman says they are, or are similar in the ways Freeman claims them to be. *See, e.g.*, *Koontz v. Great Neck Union Free Sch. Dist.*, 2014 WL 2197084, at *1 n.1 (E.D.N.Y. May 27, 2014) (rejecting fact witness affidavit that "provides merely a summary of evidence already available in the record and makes unsupported legal conclusions," finding the affidavit "at once unreliable, inapposite, and based on inadmissible hearsay"). They are akin to Freeman stating "I read somewhere that the traffic light was red." There is no applicable hearsay

10

exception that permits these materials. And Freeman's statements are particularly problematic because it would be logistically impossible to cross-examine her at trial regarding her 569 pages of opinion testimony.

6.     Freeman's Indexes Are Not Admissible Under FRE 1006.

Finally, Freeman's indexes are not admissible as summaries of voluminous evidence under FRE 1006. Rule 1006 only applies when records themselves "cannot be conveniently examined in court." FRE 1006. There is no question that the four Crave books and *BMR 2011* and *2013* can themselves be examined by the factfinder, either physically or electronically. *See Chisholm v. Sloan-Kettering*, 2011 WL 2015526, at *9 (S.D.N.Y. May 13, 2011) ("[T]he underlying evidence … will be presented to the jury, so a summary of that evidence is not admissible pursuant to FRE 1006."). The fact that the works are novel-length does not mean they cannot be "conveniently examined." Indeed, any argument that it would be more convenient to swap in Freeman's indexes would be hypocritical given that they are ***569 pages***, just about as long as any of the parties' works. Further, a Rule 1006 summary must accurately represent the underlying evidence and be neutral and not prejudicial. *See, e.g.*, *Thompson v. Spota*, 2022 WL 17253464, at *12 (E.D.N.Y. Nov. 28, 2022) ("The offering party must …show that the summary is accurate before the summary can be admitted."); *U.S. v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998) (Rule 1006 summaries "must be accurate and nonprejudicial"). Plaintiff has not, and cannot, make that showing here.

**B.     News Coverage Regarding Unrelated Third-Party Plagiarism Is Inadmissible.**

Plaintiff additionally relies on news coverage reporting that in 2006, third-party book distributor Little, Brown and Co. "stop[ped] distributing Kaavya Viswanthan's debut novel" because it determined that Viswanathan had plagiarized. (PSUF ¶ 181 (citing www.thecrimson.com/article/2006/5/2/opal-mehta-gone-for-good-contract/;

www.pbs.org/newshour/show/publisher-pulls-harvard-students-novel-over-alleged-plagiarism;

www.thecrimson.com/article/2006/4/23/examples-of-similar-passages-between-viswanathans/).)

These publications are inadmissible because their non-existent probative value is substantially outweighed by the danger of unfair prejudice and wasting time on collateral issues. *See* Fed. R. Evid. 403. Viswanathan is a third party with no relation to Tracy Wolff or Defendants. Whether an unrelated third-party book distributor privately found that Viswanathan committed plagiarism when writing an unrelated book 15 years ago has nothing to do with Defendants or the Crave series. Most importantly, the plagiarism standards that were used in Viswanathan's situation are both unknown and inapplicable in federal court. Were these materials considered, the parties would need to collaterally litigate (1) what the Viswanathan standards were; (2) whether they are applicable; and (3) whether the same type of plagiarism occurred here (it absolutely did not, as shown throughout Defendants' summary judgment submission). Liability in this case must be based on U.S. copyright law, not the unknown private Viswanathan standards, which Plaintiff neither articulates let alone proves satisfied. In short, nothing about the Viswanathan story is remotely probative of whether Defendants are liable for copyright infringement in this case under the Copyright Act, and considering these materials would certainly prejudice Defendants and waste time on collateral issues.

### C.    Plaintiff's Expert Reports Are Not Admissible Evidence.

Plaintiff additionally cites the reports of her experts Reiss, Chaski, and Juola as "evidence" to support certain statements in the PSUF. (*See* PSUF ¶¶ 99, 114, 159, 174-180.) These experts' opinions are inadmissible under FRE 702 and *Daubert*, as will be shown in Defendants' *Daubert* motion. These reports should accordingly be stricken as well.

## II.    THE PARAGRAPHS OF PLAINTIFF'S RULE 56.1 STATEMENT THAT RELY ON INADMISSIBLE EVIDENCE OR NO EVIDENCE MUST BE STRICKEN.

Numerous paragraphs of the PSUF must be stricken because they are not "followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." L.R. 56.1(d); *see also* Fed. R. Civ. P. 56(e); *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("unsupported assertions [in a Local Rule 56.1 statement] must ... be disregarded"); *Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 17 (2d Cir. 2015) (affirming denial of plaintiff's summary judgment motion where the "[p]laintiff's Local 56.1 Statement contained no record citations").

Specifically, the following paragraphs of the PSUF should stricken for failure to cite evidence that would be admissible under Rule 56(c):

- PSUF ¶¶ 96-98, 108, 111-113, 115-138, 140-144, 146-152, 154-158, 160-161, and 163-172, which exclusively rely on Freeman's indexes and descriptions of the works in her declaration, none of which is admissible evidence as shown above.

- PSUF ¶¶ 99 and 174-180, which exclusively rely on the Reiss, Chaski, and/or Juola reports, none of which is admissible evidence as will be shown at *Daubert*.

- PSUF ¶ 159, which exclusively relies on Freeman's similarity indexes/descriptions and the Reiss report, none of which is admissible evidence as shown above and at *Daubert*.

- PSUF ¶ 181, which exclusively relies on Freeman's similarity indexes/descriptions and the inadmissible news articles discussed in § I.B *supra*, none of which is admissible evidence as shown above.

- PSUF ¶¶ 145 and 173, which do not cite any evidence at all.

Additionally, PSUF ¶¶ 107, 109-110, 113-114, 139, and 153 almost exclusively rely on the inadmissible materials discussed herein, in addition to a few minor citations to the parties' works. These paragraphs should be partially stricken to the extent they rely on the inadmissible materials, or wholly stricken to the extent the portions of them relying on inadmissible materials cannot be reasonably separated from those that cite to actual evidence.

## CONCLUSION

For the foregoing reasons, the Court should strike the inadmissible evidence identified in § I above. The Court should additionally strike the following paragraphs of the PSUF in their entirety: PSUF ¶¶ 96-99, 108, 111-113, 115-138, 140-152, 154-158, 160-161, and 163-181. The Court should additionally wholly or partially strike PSUF ¶¶ 107, 109-110, 113-114, 139, and 153.

Dated: New York, New York
       December 22, 2023

Respectfully submitted,

**COWAN DEBAETS ABRAHAMS & SHEPPARD, LLP**

By: /s/ Nancy E. Wolff
Nancy E. Wolff
Benjamin S. Halperin
CeCe M. Cole
41 Madison Avenue, 38th Floor
New York, New York 10010
Telephone: (212) 974-7474
Fax: (212) 974-8474
nwolf@cdas.com
bhalperin@cdas.com
ccole@cdas.com
*Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC*

Lacy H. Koonce, III
KLARIS LAW PLLC
430 West 14th Street
New York, NY 10014
Phone: (917) 612-5861
lance.koonce@klarislaw.com
*Attorneys for Emily Sylvan Kim and Prospect Agency, LLC*

Dwayne K. Goetzel
Texas State Bar No. 08059500
KOWERT, HOOD, MUNYON, RANKIN & GOETZEL, P.C.
1120 S. Capital of Texas Hwy.
Building 2, Suite 300

Austin, Texas 78746
Telephone: (512) 853-8800
Facsimile: (512) 853-8801
dgoetzel@intprop.com
*Attorneys for Defendant Tracy Deebs-*
*Elkenaney p/k/a Tracy Wolff*

## <u>CERTIFICATE OF SERVICE</u>

I, Nancy E. Wolff, hereby certify that a true and correct complete copy of Defendants'

Objections to and Motion to Strike Evidence Submitted with Plaintiff's Summary Judgment

Motion and Related Local Rule 56.1 Statements has been served on all counsel of record via the

Court's CM/ECF service.

/s/ Nancy E. Wolff
Nancy E. Wolff
