**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LYNNE FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, et al.,<br><br><br>Defendants. | Case No. 1:22-cv-02435-LLS-SN<br><br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MOTION REGARDING EVIDENTIARY ISSUES** |

## <u>TABLE OF CONTENTS</u>

I.     Introduction ............................................................................................................. 1

II.     Plaintiff's ASUFs are Proper and Authorized by the Local Rules ..................................... 1

   1.     Plaintiff's ASUF in response to Defendants 56.1 Statement is authorized by Local Rule

   56.1 ......................................................................................................................... 2

III.     The Declarations of Reiss, Chaski and Kaplan Should Not be Stricken ............................ 4

   1.     The Reiss and Chaski declarations are permitted .............................................................. 4

   2.     The Kaplan declaration is permitted ................................................................................ 6

IV.     Plaintiff's Evidentiary Objections Should be Sustained ................................................. 7

   1.     Plaintiff's objection based on the December 12, 2022 ruling must be sustained .............. 7

   2.     Plaintiffs' Objection to Exhibit X Should be Sustained ...................................................... 9

   3.     Plaintiff's objection to DSUF No. 30 must be sustained ..................................................... 9

   4.     Plaintiff's objection to Defendants' general reference to third party books must be

   sustained .................................................................................................................... 9

V.     Freeman's Similarity Indexes and The Viswanathan Story are Admissible ...................... 10

VI.     Conclusion .................................................................................................................... 10

## Table of Authorities

**Cases**

*Carroll v. LeBoeuf, Lamb, Greene & MacRae, L.L.P.*, 614 F. Supp. 2d 481, 484 (S.D.N.Y. 2009) ...................................................................................................................................... 9

*Commercial Data Servers, Inc. v. International Business Machines Corp.*, 262 F.Supp.2d 50, 61 (S.D.N.Y. 2003) ....................................................................................................... 5

*Emig v. Electrolux Home Products Inc.*, 2008 WL 4200988, at *3 & n. 3 (S.D.N.Y. Sept. 11, 2008) ....................................................................................................................... 5

*Lidle ex rel. Lidle v. Cirrus Design Corp.*, 2010 WL 2674584, at *7 n. 4 (S.D.N.Y. July 6, 2010) ...................................................................................................................... 5

*Maryland Casualty Co. v. W.R. Grace & Co.*, 1994 U.S.Dist. LEXIS 15322, at *21 (S.D.N.Y. Oct. 26, 1994) ................................................................................................. 8

*Mayaguez S.A. v. Citigroup, Inc.*, 2021 WL 1799653, at *6 (S.D.N.Y. Apr. 30, 2021), *R&R adopted*, 2013 WL 1334271 (Mar. 28, 2013)............................................................ 1

*Point Productions A.G.*, 2004 WL 345551, at *9 .......................................................... 5

*Ross Univ. Sch. of Med., Ltd. v. Brooklyn-Queens Health Care, Inc.*, 2012 WL 6091570, at *6 (E.D.N.Y. Dec. 7, 2012)............................................................................................. 1

*Stollman v. Williams*, 2023 WL 6294156, at *1 n.1 (S.D.N.Y. Sept. 27, 2023)........................ 1, 2

*United States v. Vulcan Society, Inc.*, 637 F.Supp.2d 77, 107 (E.D.N.Y. 2009)............................. 5

*Walkie Check Prods., LLC v. ViacomCBS Inc.*, 2023 WL 5154416, at *3 n.4 (S.D.N.Y. Aug. 10, 2023) ...................................................................................................................... 3

ii

**Rules**

Fed. R. Civ. P. 201(b)(2) ................................................................................................ 7

Fed. R. Evid. 104 ........................................................................................................... 9

Fed. R. Evid. 201(c)(2) ................................................................................................. 10

Fed. R. Evid. 901(a) ...................................................................................................... 9

Rule 12 .......................................................................................................................... 3

Rule 26 .......................................................................................................................... 5

Rule 37 .......................................................................................................................... 6

Rule 56.1 .............................................................................................................. 1, 2, 3, 7

## I.      Introduction

Defendants' "Supplemental Motion Regarding Evidentiary Issues" consists of nothing more than another desperate attempt to exclude relevant and admissible facts in this matter. Defendants argue that Plaintiff's additional statement of undisputed facts set forth in Plaintiff's Response to Defendants' Local Rule 56.1 Statement of Material Facts ("ASUF") (ECF 332) and expert witness declarations should be stricken. Dkt. 344. However, there is no case law supporting its arguments. In fact, striking Rule 56.1 statements is extraordinarily rare, and supplemental declarations from expert witness are routinely permitted by the court. Plaintiff's ASUF and declarations should not be stricken, and Plaintiff's evidentiary objections should be granted as set forth more fully below.

## II.     Plaintiff's ASUFs are Proper and Authorized by the Local Rules

Courts "generally disfavor motions to strike" and any party seeking to strike paragraphs contained in a Rule 56.1 statement "bears a heavy burden[.]" *Mayaguez S.A. v. Citigroup, Inc*., 2021 WL 1799653, at *6 (S.D.N.Y. Apr. 30, 2021) (internal quotations and citations omitted). As a result, courts in this Circuit "'frequently deny motions to strike paragraphs in Rule 56.1 statements, and [instead] simply disregard any improper assertions.'" *Mayaguez*, 2021 WL 1799653, at *6, quoting *Ross Univ. Sch. of Med., Ltd. v. Brooklyn-Queens Health Care, Inc*., 2012 WL 6091570, at *6 (E.D.N.Y. Dec. 7, 2012), *R&R adopted*, 2013 WL 1334271 (Mar. 28, 2013).

Here, Defendants have not provided proper grounds to strike Plaintiff's ASUF. Defendants object to the statement on the grounds that it sets forth too many facts and that such statements are somehow irrelevant. But neither provides a proper basis to strike Plaintiff's additional facts. *See e.g., Stollman v. Williams*, 2023 WL 6294156, at *1 n.1 (S.D.N.Y. Sept. 27, 2023) (declining to strike Rule 56.1 counterstatement containing 486 paragraphs and "improper legal

conclusions…[and] lack[ing] relevance"). Defendants' motion therefore must be denied.

### 1. Plaintiff's ASUF in response to Defendants 56.1 Statement is authorized by Local Rule 56.1

In response to a moving party's Rule 56.1 statement, Local Rul 56.1(b) specifically permits the opposing party to include "additional paragraphs containing a separate, short and concise statement of additional material facts[.]" Defendants even admit that Plaintiff is entitled to include the ASUFs in Plaintiff's Response to Defs' Rule 56.1 Statement for the purpose of showing "that there exists a genuine issue to be tried." Dkt. 344 at 3.[1] And Local Rule 56.1 provides no page or paragraph limit for the statement.

Defendants' only real objection is to the number of additional facts, but where there are literally hundreds of factual similarities between the works that Freeman's claims are based on— similarities for which Defendants have no explanation other than copying—it is entirely proper for Freeman to put them before the Court in her Rule 56.1 response to establish that there exists a genuine issue to be tried (if not adjudicated in Freman's favor). When considering the high burden that must be met to strike Rule 56.1 statements, length is certainly insufficient to strike a party's 56.1 statement. *See e.g., Stollman*, 2023 WL 6294156, at *1 n.1. Nor must the Court strike 56.1 statements for "contain[ing] improper legal conclusions" or "lack[ing] relevance themselves." *Id*.

As Defendants note, Plaintiff's ASUFs were included in her Response to Defendants' Rule 56.1 Statement in opposition to Defendants' Motion for Summary Judgement.[2] To the extent

---

[1] Rule 56.1 requires that each of the additional statements be "short and concise." It does not limit the number of ASUFs that Plaintiff can include in her Response to Defs' Rule 56.1 Statement. Each of Plaintiffs' additional statements are "short and concise," especially when compared to some of the statements in Def's Rule 56.1 Statement. *See* Defs' 56.1 Statement, ¶¶3, 31, 36, 137 & 142. (ECF 229).

[2] Defendants' argument that Plaintiff "repeatedly" cited the ASUFs in support of her summary judgement motion is grossly misleading. *See* Defs' Moving Papers, p. 7. Plaintiff's brief was filed *both* in opposition to Defendants' motion for summary judgment and in support of Plaintiff's motion for summary judgment, and Plaintiff only states that her summary judgment motion should be granted in the "Introduction" and "Conclusion" sections of the brief.

Plaintiff argues that those facts *also* support granting Plaintiff's motion, it is only because those facts are also presented to the Court in Plaintiff's moving papers, including—as Defendants' acknowledge—in the indices provided by Freeman and the initial Rule 56.1 statement.

Defendants have failed to identify a single case in which a district court struck a Rule 56.1 statement identifying additional material facts, and Freeman believes there are none. In *Walkie Check Prods.*, the court found that <u>*both parties*</u> Rule 56.1 statements included "conclusory statements about the similarity (or lack thereof) between the respective works" and explained that the competing characterizations "do not create a genuine dispute of material fact because…the works themselves supersede and control contrary descriptions of them." *Walkie Check Prods., LLC v. ViacomCBS Inc.*, 2023 WL 5154416, at *3 n.4 (S.D.N.Y. Aug. 10, 2023). *Walkie Check Prods.* offers Defendants no assistance because the Court did not strike the Rule 56.1 statement in that case and because in this case Freeman's Rule 56.1 additional facts are specific, non-conclusory, and cite to the underlying works themselves. Of course, to the extent that any of the facts in the ASUF are contrary to the underlying works this Court should consider the underlying works instead. But Defendants have yet to identify any fact in the ASUF that is contrary to the underlying works—their inability to do so is undoubtedly why they are desperate to avoid responding to those ASUFs.

The other cases relied on by Defendants, *Warner v. Amazon* and *Hold v. Jackson*, each concern Rule 12 motions based on the pleadings and thus do not even involve Rule 56.1 statements. These decisions do little more than incorrectly cite *Williams v. Crichton* for the proposition that "district courts are directed to ignore lists provided by Plaintiffs of purported similarities between two works" when *Williams* never says that and in fact did consider the similarities between the

works (Dkt. 335 at 7-8).[3]

The ASUFs that Defendants seek to strike contain objective verifiable facts, are not statements of opinion, and rely on admissible evidence--specifically the works themselves (to which Freeman's indexes also cite and rely). It is irrelevant that several of the ASUFs mirror facts in Freeman's indexes, since the ASUFs rely on the works themselves, not the indexes. And, as set forth more fully in Plaintiff's opposition to Defendants' previous motion to strike (ECF 328), Freeman's indexes are also proper and admissible for that reason. And as more fully set forth in Dkt. 335 at 2-7, so too are each version of the manuscript and notes on which Freeman's claim rests. Nevertheless, the vast majority of the ASUF's only rely on the versions of BMR that the parties agree are admissible.

At the very least, the ASUFs cannot be stricken with respect to Plaintiff's Opposition to Defendant's Motion for Summary Judgment because they were submitted to show that there was no genuine issue to be tried.[4] While this Court may disregard the facts that it believes are unsupported by the record and rely on the evidence itself, that truism provides no grounds to strike the ASUF in its entirety.

### III.    The Declarations of Reiss, Chaski and Kaplan Should Not be Stricken

#### 1.    The Reiss and Chaski declarations are permitted

Defendants mischaracterize Reiss and Chaski's declarations as "supplemental reports." They are merely affidavits of experts within the scope of their initial reports. Affidavits of this nature are frequently considered on summary judgment.

---

[3] Plaintiff's ASUFs do not contain "list[s] [of] random similarities scattered throughout the works." The majority of the ASUFs relate to scenes and characters that the respective works have in common, and prior to setting forth the ASUFs, Plaintiff states the "following facts concern the plot, storyline, and sequences of each work."

[4] While it is unclear under the Local Rules if the moving party is obligated to respond to Plaintiffs' ASUF's Plaintiff contends they are, and as a result of Defendants' failure to contest them, each ASUF should be deemed admitted.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, courts will not admit supplemental expert evidence following the close of discovery when it "expound[s] a wholly new and complex approach designed to fill a significant and logical gap in the first report," as doing so "would eviscerate the purpose of the expert disclosure rules.'" *United States v. Vulcan Society, Inc.*, 637 F.Supp.2d 77, 107 (E.D.N.Y. 2009), quoting *Point Productions A.G.*, 2004 WL 345551, at *9. However, ***to the extent that an expert affidavit is within the scope of the initial expert report, it is properly submitted in conjunction with dispositive motions even outside the time frame for expert discovery***. *Lidle ex rel. Lidle v. Cirrus Design Corp.*, 2010 WL 2674584, at *7 n. 4 (S.D.N.Y. July 6, 2010) ("Lidle II ") (emphasis added) (allowing affidavits from plaintiff's experts "submitted ... in opposition to summary judgment" because affidavits supported experts' initial positions); *Commercial Data Servers, Inc. v. International Business Machines Corp.*, 262 F.Supp.2d 50, 61 (S.D.N.Y. 2003) (finding expert affidavit may be considered on motion for summary judgment where it is "substantially similar" to expert report). Thus, "where an expert's affidavit provides evidentiary details for an opinion expressed in his expert report, those portions of his or her affidavit can be considered." *Lidle II*, 2010 WL 2674584, at *7 n. 4; *accord Emig v. Electrolux Home Products Inc.*, 2008 WL 4200988, at *3 & n. 3 (S.D.N.Y. Sept. 11, 2008) (allowing expert affidavit that "offers more information and elaboration on opinions previously expressed" in expert report).

The declarations of Reiss and Chaski merely speak to the same methodology and opinions expressed in their expert reports, and as such do not violate the Scheduling Order or Rule 26.[5] In Reiss' expert report she opines, *inter alia*, that based on her review of the books in the *Crave* series

---

[5] Defendants footnote 6 is facially absurd. Obviously, Plaintiff did not contact Reiss and Chaski to prepare and finalize their declarations within the six hours between Defendants' filing of their *Daubert* motion and the filing of the declarations, and Defendants suggestion to the contrary is laughable.

and six of Plaintiff's manuscripts, including the 2014 and 2016 versions of the manuscript, that the similarities are so striking as to preclude the possibility of independent creation. Dkt. 334. Similarly, Chaski opines, *inter alia*, that it is virtually impossible that the parties' respective works could have been independently created. Dkt. 336. Their respective affidavits speak to their already established opinions, merely explaining that their respective reports would be the same even if they excluded Plaintiff's 2014 and 2016 manuscripts from their analysis. They do not revise the opinions or change their opinion based on new evidence as Defendants erroneously suggest. Nor do they offer any additional evidence or rebuttal.

In sum, the Reiss and Chaski declarations do not offer a new approach designed to fill a significant and logical gap or correct flaws in their reports, but merely support their initial positions within the bounds of the expert reports. The submission does not violate Rule 26 and is not subject to preclusion under Rule 37. Further, the Reiss and Chaski's reports are admissible under *Daubert*, as argued in Plaintiff's Opposition to Defendants *Daubert* Motion. *See e.g.*, Dkt. 346.

## 2. The Kaplan declaration is permitted

Ron Kaplan's declaration is rebuttal testimony filed in response to the declaration of one of Defendants' attorneys containing expert testimony she was not qualified to give. Indeed, Defendants did the same thing in support of their summary judgment motion that they are objecting to with respect to the declaration of Kaplan, but instead used the Declaration of one of Defendants' attorneys to submit a declaration containing the expert opinion. *See* CeCe Cole's declaration (Dkt. 300) in which she opines on the creation date of various versions of Plaintiff's manuscripts based on the metadata reflected in those documents.

Defendants required a forensic computer expert to testify that the metadata related to the 2014 and 2016 versions of Plaintiff's manuscript were created after the end of Freeman and

Defendant Emily Kim's agency relationship. Instead, they had one of Defendants' attorneys, CeCe Cole, testify regarding the issue in a declaration submitted by her.[6] Kaplan's declaration was submitted to rebut that testimony. Thus, if Kaplan's declaration is stricken, Cole's declaration should also be stricken.

Also, Kaplan's declaration relates to a ministerial fact that is not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. In fact, based on the foregoing, the Court could take judicial notice of the opinion set forth in Kaplan's declaration, i.e., that when someone uses the "save as" function to save a document it will change the date of creation in the metadata relating to that document. *See* Fed. R. Civ. P. 201(b)(2).

### 3. Defendants are not prejudiced by the declarations

Defendants had the opportunity to depose each expert witness. Neither affidavits offer a new opinion. And Kaplan's declaration relates to an undisputable material fact that this court should take judicial notice of.

## IV. Plaintiff's Evidentiary Objections Should be Sustained

### 1. Plaintiff's objection based on the December 12, 2022 ruling must be sustained

Plaintiff objected to various of the material facts set forth in Def's 56.1 Statement on the grounds that the court previously ruled, based on Defendants' objection, that Plaintiff could not take any written discovery regarding other books written by Wolff or published by Entangled. (Transcript of December 12, 2022, hearing before Magistrate Judge Netburn, 29:9 – 33:9 a true and correct copy of which is attached to the Passin Decl., ¶ 2 and Ex. 1 thereto.). If there had not been such a prohibition, Plaintiff would have sought production of all the drafts of *Tempest Rising*

---

[6] Cole is not qualified to give that expert opinion and Plaintiff never had an opportunity to depose her.

("*Tempest*") as well as other books of Wolff to determine if Wolff used elements of Freeman's in her other books. Under the circumstances it would be unfair for Defendants to use *Tempest* in support of their case.

First, the objection was not made only to material facts related to the book *Tempest.* Some of the statements of material fact do not identify the books referred to by name. Two of them relate to "[o]ther books," apparently referring to all the books in the Universe, and one of them refers to multiple books written by Wolff. *See* Decl. Mark Passin ¶ 3. This Court concluded that Wolff's other books were irrelevant to the issues in this case. At that hearing, Defendants argued that discovery related to Wolff's previous works should be prohibited. The Court stated "[o]n the record before me, I'm going to deny any written discovery into the other books than the Crave series at issue in this case." (Decl. of Mark Passin ¶ 2, Exh. 1 thereto; Court Trans. 33:1-3.)[7] In this regard, the Court agreed with Defendants in that other works were irrelevant to the copyright infringement claim at issue. Now, Defendants appear to argue in the alternative.

Importantly, the four material facts relating to *Tempest* fall squarely within the Court's ruling.  As Plaintiff stated in her objection, "it would be unfair for Defendants to use *Tempest [ ]* in support of their case when Plaintiff is not allowed to use the books written by Wolff other than the *Crave* series to support their case." Freeman's brief mention of *Temptest* in her discovery motion over a year ago does not change the Court's ruling here and the Court's ruling must be upheld as law of the case. *See e.g., Maryland Casualty Co. v. W.R. Grace & Co*., 1994 U.S.Dist. LEXIS 15322, at *21 (S.D.N.Y. Oct. 26, 1994). And the material facts concerning Baer are plainly irrelevant to the case. *See* Decl. of Mark Passin ¶ 3. Baer is not a party or expert in this case. Baer's

---

[7] The primary issue in this case is the substantial similarity between six versions of Plaintiffs manuscripts and 13 sets of her notes, on the one hand, and the four books in the Crave series, on the other hand. The case would become unmanageable if it were expanded to include the similarities between Plaintiff's work and numerous other books written by Wolff.

opinions of the similarities between *Tempest* and BMR are totally irrelevant.

### 2. Plaintiffs' Objection to Exhibit X Should be Sustained.

Exhibit X is supposedly an "advance reader copy" of *Tempest.* Plaintiff objected to the exhibit on the grounds that "Defendants have failed to present any evidence authenticating that Ex. X to the Cole declaration is the advance reader copy or a sworn statement supporting the alleged material fact." Authentication is a condition precedent to admissibility. Fed. R. Evid. 901(a). Authentication is treated as a type of conditional relevancy under Rule 104(b). Thus, it is the proponents burden "to adduce admissible evidence sufficient to show that the exhibits are reasonably likely to be what they purport to be[.]" C*arroll v. LeBoeuf, Lamb, Greene & MacRae, L.L.P*., 614 F. Supp. 2d 481, 484 (S.D.N.Y. 2009) (excluding exhibits offered by plaintiff where plaintiff's counsel did not authenticate those exhibits in his affidavit). Because Defendants failed to authenticate Ex. X to the Cole declaration, it is therefore irrelevant and inadmissible.

Further, Plaintiff hereby incorporates by reference her Objection based on the December 12, 2022 Ruling, which objected to the admission of evidence concerning works other than those at issue. Dkt. 332, No 26, pp.18-19 & No. 28, p.21.

### 3. Plaintiff's objection to DSUF No. 30 must be sustained

As mentioned above, Baer is not a party in this case. Baer's opinions of the similarities between *Tempest* and BMR are totally irrelevant. And irrelevant evidence must be excluded. Fed. R. Evid. 104. Further, DSUF No. 30 involves works other than those at issue, which—as stated numerous times—this Court explicitly prohibited in its December 12, 2022 Order.

### 4. Plaintiff's objection to Defendants' general reference to third party books must be sustained

Defendants in their DSUFs refer to unspecified books. For example, they refer to "other books in the Paranormal Romance genre" (No. 31), "other vampire books," (No. 32), "other

books" (Nos. 33 & 34), "other books, TV shows, movies, and video games" (No. 35) and "multiple books" (No. 37). *See* Passin Decl.¶3. Defendants also refer to specific books in Nos. 40 and 42.

As Plaintiff stated in her objection, any judicial notice pursuant to Fed. Rule Evid. 201(c)(2) of these books is inappropriate since (1) Defendants have not supplied these books, (2) what is in the books is not generally known within the trial court's territorial jurisdiction and cannot readily be determined from sources whose accuracy cannot reasonably be questioned, and (3) the interpretation of what is said in a book is subject to dispute.

### V.    Freeman's Similarity Indexes and The Viswanathan Story are Admissible

Defendants' argument regarding the admissibility of Freeman's indexes and the Viswanathan Story is an improper reply filed without leave of Court. Defendants already made a Motion to Strike Freeman's indexes and the Viswanathan Story. (Dkt. 309.) Plaintiff replied to that Motion on February 7, 2024. (Dkt. 328.) This Court has yet to rule on such Motion. Yet, Defendants filed a second motion to strike such evidence on the same grounds without leave from the Court. (Dkt. 344.) This is improper. Without waiving the foregoing argument, Plaintiff's Similarity Indexes and The Viswanathan Story are Admissible for the reasons set forth in Opposition to Defendants' Motion to Strike Evidence (Dkt. 328.)[8] The Court's ruling on this issue already presented in Dkt. Nos. 309 and 328 will be the "law of the case" and the Court's ruling here must be the same.

### VI.    Conclusion

For the foregoing reasons, Defendants Motion must be denied, and Plaintiff's objections must be sustained.

---

[8] (1) Plaintiff's indexes are a guide which cite directly to the underlying evidence, (2) *Lombardi* is directly on point and allows for its admissibility, (3) the indexes do not violate the best evidence rule, and (4) are relevant.

Dated: March 11, 2024



**Reeder McCreary, LLP**
Mark D. Passin
11766 Wilshire Boulevard,
Suite 1470
Los Angeles, CA 90025
310-861-2475
mark@reedermccreary.com
*Attorneys for Plaintiff Lynne
Freeman*

**DONIGER/BURROUGHS**
Stephen Doniger, Esq.
603 Rose Avenue
Venice, California 90291
(310) 590-1820
stephen@donigerlawfirm.com
*Attorneys for Plaintiff Lynne
Freeman*

cc: All counsel of record (via ECF)

I, Mark D. Passin, hereby certify that a true and correct complete copy of Plaintiff's Opposition to Defendants' Supplemental Motion Regarding Evidentiary Issues has been served on all counsel of record via the Court's CM/ECF service.

/s/ *Mark D. Passin*

Mark D. Passin