**CDAS**

ORIGINAL

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/20/24

August 15, 2024

**VIA ECF**
The Honorable Louis L. Stanton
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., New York, NY 10007-1312

Re: *Lynne Freeman v. Tracy Deebs-Elkenaney et. al.*, 1:22 Civ 02435 (LLS)(SN)

Dear Judge Stanton:

On behalf of all Defendants[1], we write in connection with Judge Netburn's August 1, 2024 Order (ECF 363) requiring (in part) Doniger Exhibit 4 (ECF 279) (excerpts of Tracy Wolff's deposition transcript) and Doniger Exhibits 5, 6, 11, 15, 18, and 20 (ECF 279) (Defendant's personal text messages)[2] to be unsealed but allowing Defendants to redact confidential "personal and irrelevant information…consistent with [the parties'] protective order" (ECF 362 at 28). The protective order in this Action treats as confidential any "non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others." (ECF 50).

As a threshold matter, in light of Your Honor's August 8, 2024 Order that this case be stayed "pending the resolution of this matter relating to the unsealing of Plaintiff's manuscripts" (ECF 265), the unsealed but redacted versions of Doniger Exhibits 4-6, 11, 15, 18, and 20 *should not* be publicly filed until the issue regarding the unsealing of Plaintiff's manuscripts is decided.

The parties have met and conferred regarding Defendants' redactions; Plaintiff does not oppose Defendants' redactions to Doniger Exhibits 4, 5, 11, 28, and 20. Defendants now submit this letter in connection with Plaintiff's objections to certain redactions to Doniger Exhibits 6 and 15.

**Doniger Exhibit 6 (texts between Wolff and Kim).** Plaintiff objects to Defendants' redactions concerning discussions of 1) ▮▮▮▮ ; 2) ▮▮▮▮ ; 3) ▮▮▮▮ ; and 4) ▮▮▮▮.[3] Each of these redactions fits clearly within Judge Netburn's instructions to redact "personal" and "irrelevant" information, as defined in the protective order. Disclosure of such personal messages without the proper redactions as described below would serve only to embarrass one or more of the Defendants and would violate their privacy interests. As the Court is aware, this case garnered attention on social media recently (*see* ECF 359, ECF 362 at 27) and it would be an extreme disservice to

---

[1] Defendants collectively are Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing LLC, Emily Sylvan Kim, Prospect Agency, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC.

[2] For the sake of clarity, Doniger Exhibits 4-6, 11, 15, 18, and 20 are Plaintiff's exhibits but Defendants' documents.

[3] Plaintiff does not object to the other redactions in Doniger Exhibit 6.

Cowan, DeBaets, Abrahams & Sheppard LLP

60 Broad Street
30th Floor
New York, NY 10004

8447 Wilshire Blvd
Suite 425
Beverly Hills, CA 90211

cdas.com

Defendants to allow the public to dissect and comment on ███████████████████ ██.

First, Plaintiff objects to redacting ████████████████ (ECF 279-4 at 2) from one of Wolff's texts. ████████████████████████ and is completely irrelevant to Judge Netburn's August 1, 2024 Orders (the "8/1 Orders", ECF 361-62), and this this case generally. Plaintiff's objection to redacting ██████████████████████ is without merit and should not be sustained.

Second, Plaintiff objects to redacting ████████████████████████████████ ███████████████". (ECF 279-4 at 3.) This objection is baseless because ████████████████████████████████████████. Plaintiff, choosing to read this line literally despite the context, ████████████████████████████. This objection is baseless because the language is irrelevant: Plaintiff did not reference this line in her summary judgment papers and made no arguments about ███████████████████. Even if the reference was serious, ███████████████████████ ██████████████████, and is precisely the type of information Judge Netburn's Order contemplates Defendants redacting. In fact, Plaintiff ████████████████████████ throughout this litigation and has presented such arguments under seal. (*See e.g.,* ECF 87 at 5, (sealed letter from Plaintiff's counsel discussing █████████████████████).)

Third, Plaintiff objects to redacting ████████████████████████████████████████████████████████████████ (ECF 279-4 at 6.) ████████████████████████████████████████████████████████ is in no way relevant to the 8/1 Orders and cannot be said to have been a basis for Judge Netburn's decisions. Allowing this text to be publicly filed would only serve ███████████████ █████████████, which the Court should not allow. Because this text does not inform the 8/1 Orders, there is simply no reason that ██████████████████████████████████████ ████████████████████ needs to be publicly disclosed.

Finally, Plaintiff objects to the redactions of ██████████████████████████ ████████████████████████ in Wolff and Kim's texts regarding █████████████ ██████████████ (ECF 279-4 at 7.) This category of information is confidential, should not be made public, and therefore falls within the scope of the type of "non-public business, commercial, and financial information" that pursuant to Judge Netburn's Order and the parties' protective order should remain under seal to avoid harm to "the producing party's business, commercial, and financial interests." Defendants' discussion on████████████████ ████████████████████████ is irrelevant to the 8/1 Orders (which address liability only) and should be redacted.

**Doniger Exhibit 15 (texts between Pelletier and Kim).** Plaintiff objects to Defendants' redaction of the October 13, 2021 text from Kim to Pelletier stating, ████████████████ ██████████████[5] (ECF 279-13 at 6.)

---

[4] ████████████████████████████████████████.
[5] This is Defendants' only redaction in Doniger Exhibit 15.

[REDACTED], it is irrelevant to Judge Netburn's Order on the parties' motions for summary judgement and Kim's text should be redacted from the public docket.

*** 

Because the above categories of information are in no way relevant to her 8/1 Orders and Judge Netburn explicitly permitted Defendants to redact this type of information, the Court should overrule Plaintiff's objections to Defendants' redactions in Doniger Exhibits 6 and 15.

We appreciate the Court's time and attention to this matter.

Respectfully submitted,

/s/ CeCe M. Cole

**COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP**

Nancy E. Wolff
Benjamin S. Halperin
CeCe M. Cole
60 Broad Street, 30th Floor
New York, New York 10004
Tel: (212) 974-7474
nwolff@cdas.com
bhalperin@cdas.com
ccole@cdas.com
*Attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC*

[Handwritten annotation: "These exhibits may be redacted. So Ordered. Louis L. Stanton 8/20/24"]