ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/24/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

LYNNE FREEMAN,

                Plaintiff,             22 Civ. 2435 (LLS)

   - against -                           ORDER

TRACY DEEBS-ELKENANEY, et al.,

                Defendants.

------------------------------------X

      Unlike a private arbitration proceeding which can be as non-communicative as the parties desire, in a federal court case the parties invoke the operations of the federal courts, which are open to public view, and under the First Amendment must not abridge the Constitutional freedom of the press to have access to the evidence, arguments and judgments for public information and review. A judgment based on secret or undisclosed evidence is anathema. Traditional and well-defined exceptions are provided in extreme cases. This is not one of those cases.

      In this case, to clarify the infringement claims, the plaintiff filed under seal six unpublished versions of her Manuscript and nine unpublished Notes, attached to Ms. Freeman's Declaration (collectively, the Unpublished Material). The Magistrate Judge granted her motion to seal it on an interim basis. Whatever expectations the parties had about merely filing the Unpublished Material for reference and storage before its use at trial, the Unpublished Material was in fact used as substantive evidence in the process of deciding the summary judgment motions.

1

Of all categories filed under seal the most imperative to disclose publicly is that which is used to affect judicial action.

On August 8, 2024 the Magistrate Judge denied the parties' cross-motions for summary judgment regarding Ms. Freeman's copyright infringement claims [ECF No. 361] and issued her Opinion and Order, which also ordered the public filing of the Unpublished Material. That was proper, and an unavoidable consequence of its usage in the decision on the summary judgment motions.

Nevertheless, she seeks to recover and reseal the Unpublished Material, with some collateral items, to be kept sealed until trial. The application is based on her fear that if it is publicly available, the Unpublished Material will be copied and infringed and used against her by enemies, and she will also lose effective control over the material as its author.

When ruling prospectively, the Court can, and must, "balance competing considerations against the presumption of access." See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006). But in this case the Unpublished Material has already been attached to the rest of the briefing on the summary judgment motion and used in argument to the Court. It was submitted in order to affect judicial action, and formed part of the composition of a ruling which affects the rest of the case. That bell cannot be unrung.

Plaintiff had the advantages of using the Unpublished Material in regard to the summary judgment applications, and cannot now be heard to argue that it should be withdrawn from public inspection.

Those exhibits may be as yet unpublished, but they became open to public inspection when they were submitted as evidence in a contested matter in a federal court, and they cannot

now be withdrawn and re-sealed to diminish a perceived risk of copying, or misuse against her in a "social media campaign."

Magistrate Judge Netburn wrote (her Opinion and Order, pp. 25-27, ECF Doc. No. 362):

> The presumption of public access is at its highest when the material is relevant to a court's decision on a dispositive motion, such as a motion for summary judgment.
>
> Freeman's manuscripts and notes are highly relevant to the Court's decision on the parties' cross-motions for summary judgment. In fact, aside from Wolff's *Crave* series, Freeman's *BMR* materials are the documents *most* central to the issues before the Court. The Court relies on the *BMR* materials to make recommendations about both probative and striking similarity. The Court therefore considers Freeman's materials judicial documents with the highest presumption of public access.
>
> The Court recognizes that Freeman holds a privacy interest in her manuscripts and notes. Nevertheless, the right of public access far outweighs Freeman's privacy interest. When initially briefing the issue, Freeman identified two specific injuries that could flow from unsealing her manuscripts: an increased risk of other authors infringing her work and "diminished creative control" over the publication of her work. The Copyright Act, however, protects unsealed work with equal force as sealed work. Unsealing would not "undermine the entire goal of copyright law," as Freeman argues, because she can still sue for copyright infringement after the Court unseals her manuscripts. And any "diminished creative control" over future publication of Freeman's work flows naturally from her choice to file a public lawsuit litigating the substance of her work.

Magistrate Judge Netburn's August 1, 2024 Order on these topics is discriminating and carefully particularized to avoid sealing unnecessarily, and is affirmed in full insofar as it:

> "... DENIES Freeman's motion to seal her manuscripts, notes, text messages, and Wolff's deposition transcript, and otherwise GRANTS the parties' motions to seal. By August 9, 2024, the parties shall file unredacted versions of Freeman's manuscripts and notes, Wolff's deposition transcript, and the relevant text messages (currently under seal at: ECF No. 277, Freeman Exhibits 3-11

3

and 14-19; ECF No. 301, Cole Exhibits E, F, and CC; and ECF No. 279, Doniger Exhibits 4-6, 11, 15, 18, and 20)."

The time by which the unredacted material must be filed is extended to November 15, 2024.

So Ordered.

Dated: New York, New York
October 24, 2024

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.