ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

LYNNE FREEMAN,

          Plaintiff,

  - against -

TRACY DEEBS-ELKENANEY, et al.,

          Defendants.

------------------------------------X

22 Civ. 2435 (LLS)

ORDER

    This is an action for copyright infringement, breach of contract, breach of fiduciary duty, fraud, and fraudulent concealment. Plaintiff Freeman moved for summary judgment on her direct copyright infringement claim. The defendants cross-moved for summary judgment on that claim and also moved for summary judgment on Freeman's state law claims for breach of contract, breach of fiduciary duty, fraud, and fraudulent concealment. In a Report and Recommendation on August 1, 2024 ("R&R") (Dkt. No. 361), Magistrate Judge Netburn recommended denying both summary judgment motions on the direct copyright infringement claim but granting summary judgment dismissing Freeman's state law claims. The parties filed timely objections. After a review of the R&R and the parties' objections, the Court adopts both

1

of Magistrate Judge Netburn's conclusions, but narrows the scope of her direct copyright infringement rulings.

Both parties also moved to exclude certain expert testimony and to strike and/or seal various summary judgment exhibits. Magistrate Judge Netburn ruled on those motions in an Opinion & Order on August 1, 2024 (Dkt. No. 362), to which the parties also objected. After a review of that opinion and the parties' objections, the Court adopts all of Magistrate Judge Netburn's rulings regarding expert testimony and motions to strike, and it has already addressed sealing in an earlier order from October 24, 2024 (Dkt. No. 389).

## DIRECT COPYRIGHT INFRINGEMENT

As shown by Magistrate Judge Netburn's detailed and comprehensive R&R, the factual issues about access, along with substantial or lesser degrees of similarity, compel the denial of summary judgment. Fed.R.Civ.P. 56 requires that to render summary judgment, there must be "no genuine dispute of any material fact," and it must be clear that the prevailing party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). If there is no dispute about the material facts and the Court can decide the issues in the case as a matter of law, it can render summary judgment; but unless the material facts are undisputed and the law is clear, the proper disposition of the case is by the familiar trial by jury. Magistrate Judge Netburn properly recognized that there are genuine factual issues about claimed similarities between Freeman's work and the defendants' work that require a jury trial. Rule 56 reserves summary judgment for cases without fact issues, and so the Court's function is confined to applying the law and the constitutional right to trial by jury is preserved.

Magistrate Judge Netburn made carefully limited analyses of the degrees of similarity between the two parties' works, recognizing that "questions of non-infringement have

traditionally been reserved for the trier of fact" and that, because of the central importance of similarity between the competing works, it "is frequently a fact issue for jury resolution." R&R at 6. However, she did hold that "the parties' works share probative, but not striking, similarities." R&R at 15. Those analyses should be taken as advisory rather than mandatory. Her perceptions are shrewd, but their validity and consequences cannot be taken as substitutes for a trial verdict rendered on independent evidence by a properly charged jury. Therefore, all questions related to direct copyright infringement – including access, probative similarity, striking similarity, actual copying, independent creation, and unlawful appropriation – are best left for trial.

Defendants object to preserving the question of substantial similarity for trial, arguing that "trial cannot be held without an antecedent judicial analysis on whether the allegedly infringed elements of the plaintiff's work are protected by copyright," and a trial would take "months given the volume of literature currently at issue" and "impose an impossible burden on the members of the public who are empaneled." Defendants' Objections to the R&R at 13-14 (Dkt. No. 382). However, it is unnecessary to fear that a jury trial will have to cope with more than 5,000 pages of novels, manuscript versions, and drafts that require months to read. Magistrate Judge Netburn correctly identified Freeman's mammoth index of claimed similarities as argument, not evidence. Her recommendation that it be excluded <u>in toto</u> will probably be adopted at trial, but until then the decision is reserved. In fact, the entire case on similarity, in more than necessary detail, is presented in pages 7-21 of plaintiff's response to the defendants' objections to the R&R filed on October 29, 2024 (Dkt. No. 393), and experienced trial counsel will be able to present the meat of it as efficiently at trial.

The cross-motions for summary judgment on direct copyright infringement are denied,

and all related questions are preserved for trial.

## STATE LAW CLAIMS

Magistrate Judge Netburn properly dismissed Freeman's claims for breach of contract, breach of fiduciary duty, fraud, and fraudulent concealment. The parties did not object to her rulings, and they are therefore adopted without de novo review.

## NON-DISPOSITIVE RULINGS

The Court finds nothing clearly erroneous or contrary to law in Magistrate Judge Netburn's non-dispositive rulings, and they are all affirmed. She properly identified, detailed, and excluded the experts' suggestions, which were primarily argumentation. Her Daubert rulings represent meticulously analyzed and reasoned exclusions of Dr. Chaski, Dr. Juola, and Professor Reiss. The rebuttal reports of Dr. Coulthard and Ms. Easton are therefore unnecessary and are also excluded, as are all expert reports related to the state law claims that have now been dismissed. The Court adopts Magistrate Judge Netburn's decision to exclude Mr. Kaplan's affidavit on metadata but not Ms. Cole's. It also affirms all of Magistrate Judge Netburn's rulings on the motions to strike. The Court has already addressed sealing in a separate order (Dkt. No. 389).

So ordered.

Dated:   New York, New York
         November 21, 2024

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.