ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

LYNNE FREEMAN,

                Plaintiff,                22 Civ. 2435 (LLS)

- against -                              ORDER

TRACY DEEBS-ELKENANEY, et al.,

                Defendants.

----------------------------------------X

    Contrary to the apparent conceptions of the parties, questions of non-infringement have traditionally been reserved for the trier of fact. See Warner Bros. Inc. v. Am. Broad. Companies, Inc., 720 F.2d 231, 239 (2d Cir. 1983) (the issue of substantial similarity "is frequently a fact issue for jury resolution"); Hoehling v. Universal City Studios, Inc., 618 F.2d 972, 977 (2d Cir. 1980) ("[S]ummary judgment has traditionally been frowned upon in copyright litigation."). Notwithstanding the fevered expectations and arguments of counsel, I find no error or omission in Magistrate Judge Netburn's August 1, 2024 Report and Recommendation, which is careful, competent and thorough.

    Under Federal Rule of Civil Procedure 56, the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is

1

entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Magistrate Judge Netburn explains in detail (pages 7-17 of the Report & Recommendation) the genuine factual disputes in the evidence regarding access by the defendants to Freeman's work, either directly or through intermediaries, which could be combined with evidence of similarities between the two authors' works which support the conclusion of copying. In the nature of things, direct evidence of copying is rare. Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir. 2003).

This case does not meet Rule 56's basic requirement for a summary judgment, "that there is no genuine dispute as to any material fact." In this case there is a genuine dispute as to whether a defendant had access to plaintiff Freeman's writings, notes, manuscripts or drafts. There is a genuine dispute as to whether a defendant copied parts, large or small, of Freeman's work. There is a genuine dispute as to similarities between Freeman's and Wolff's work, particularly in a degree indicative of infringement and copying. There is a genuine dispute as to whether defendant Kim aided Wolff write the *BMR* series.

These are some of the genuine disputes as to facts which are material to the direct copyright infringement claim, which must be resolved by a jury before the Court can determine whether Freeman is entitled to judgment as a matter of law.

Rule 56 expressly stipulates that summary judgment is granted when it shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Each of those two conditions is simple; neither can be dispensed with.

In this case, one of the counsel for defendants recently colorfully proclaimed that her client would not join any settlement. Presumably it will only accept unconditional surrender. Trial by jury, following the steps set forth in section four of my individual rules of practice, is a time-tested, neutral, fact-based process for resolving disputes.

At bottom, that is the choice of the parties. The Court approves it, as the proper choice for this case.

So Ordered.

Dated: New York, New York
January 14, 2025

                                             Louis L. Stanton
                                             LOUIS L. STANTON
                                                U.S.D.J.