UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LYNNE FREEMAN,

    Plaintiff,

  -against -                                                                    22 civ. 2435 (CM)(SN)

TRACEY DEEBS ELKENANEY et al.,

    Defendants.

------------------------------------------------------------X

## NOTICE TO COUNSEL

McMahon, J.:

    I was wondering how your consultations with your respective clients were going with respect to the possibility of trying this case to the court rather than to a jury.

    Just to clarify my position (and because it might help if your clients were able to read what I told you at our recent conference): If you try the case to the court, we will start the trial no later than the second week of March 2026. I promise I will read everything that either side wants to submit to a trier of fact -- all the books, all the notes and all the drafts. A bench trial would obviate the need for you to make selections about what material you will present to the trier of fact, because I will consider literally everything. It would also obviate the need for you to make lots of *in limine* motions, because I generally don't worry about such things in connection with bench trials – I just listen to whatever the parties want me to hear, evaluate your arguments, and filter out anything that is unpersuasive or incompetent. Finally, I will give you a final decision on all issues no later than summer 2026 – which, given the age of this matter, is obviously important to all of you.

However, if we cannot reach agreement to proceed with a bench trial, I am becoming increasingly convinced that I will need to treat this like a multi-district litigation in order to create a manageable situation for a jury – or, rather, for the multiple juries that I believe will be required to try what are really multiple cases of alleged copyright infringement. I am still not sure exactly what that will look like, and of course you will have an opportunity to weigh in before I make any final decisions. But I can see where it might be necessary to hold multiple jury trials -- one per Wolff book that is alleged to infringe – especially if there are different access issues and exposure issues relating to each book, which it seems (from reading Judge Netburn's opinion) that they are. Because of my own calendar requirements, there would be some months between trials relating to each book; there is no way they could be back to back. If the alleged infringements are tried to juries, you will be given strict time limits on the amount of time you can spend questioning witnesses – and I will set those limits, not you. It is certainly the case that the plaintiff will be required to cut down drastically on the amount of allegedly infringed material that she can submit to the trier of fact; the entire universe of Ms. Freeman's drafts and notebooks is simply not manageable for lay jurors. Also, we will definitely be "trifurcating" any jury trial(s), in each instance with the jury first hearing evidence and argument about actual copying and reaching a verdict on those issues; followed by (if necessary) evidence and argument and a verdict on substantial similarity; followed by (if necessary) a trial on damages. And I would expect motion practice between trials, especially if there are issues that one side or the other contends are res judicata or collateral estoppel as a result of the preceding trial. That is another reason why the trials cannot be held back-to-back.

It does seem to me that a bench trial is far and away the easiest way to deal with the complexities of this very unwieldy matter and get to a comprehensive final decision as soon as

possible. The fact that I have no experience with this case and have had no opportunity to form any opinions about any of the merits issues affords you a tremendous advantage – as I said to counsel at the conference, I am a "virgin" where the merits of this case are concerned. If, however, we are going jury rather than non-jury, we will need to decide on a format and set parameters and a pre-trial proceedings schedule for an opening (bellwether) jury trial by November 14. So I need a final decision from each side on the bench/jury issue by the beginning of next week (October 27).

Dated: October 20, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL