UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

LYNNE FREEMAN,

        Plaintiff,

    -against -                           22 civ. 2435 (CM)(SN)

TRACY DEEBS-ELKENANEY, et al.,

        Defendants.

_____X

**REQUEST FOR SUBMISSIONS**

McMahon, J.:

I thank the parties for their carefully thought out ideas for how to proceed in this case. I, too, have been thinking a lot about this – and while I have been thinking, I have been reading. And reading. And reading. I have completed all four volumes of the *Crave* series,[1] and I have read Masqued and am well into the BMR manuscripts. As a result of all this reading – which will continue until I have consumed the entirety of plaintiff's unpublished *oeuvre* – I am in a far better position to understand the issues in this case and the prior decisions, and to address how I would like to proceed.

When I first read Magistrate Judge Netburn's Report and Recommendation, I was struck by the fact that she declined to reach the issue of substantial similarity, or to rule on the issue of what aspects of the works in suit were copyrightable. The learned Magistrate Judge appears to have handled the matter in this way because she found a genuine issue of fact on an entirely different issue – on access, an issue that relates to actual copying. In light of that, and mindful of

_____

[1] I have not read the books that are the subject of the newly filed lawsuit, and I do not intend to, since I have stayed all proceedings relating to those books pending the outcome of this case.

the fact that several of my colleagues have declined to reach substantial similarity in cases where there was a genuine issue of fact about actual copying, she appears to have believed it inappropriate to address that aspect of the parties' cross motions – or, apparently, to deal with the pure question of law that is raised by copyrightability.

My experience with copyright cases is not extensive, and with cases where there is this volume of material, it is non-existent. But I do not understand that there is any rule precluding consideration of a potentially dispositive issue just because someone's idea of "best practices" counsels dealing with Issue 2 only after disposing of Issue 1. That seems particularly true here. There is no need for a trial on the disputed issue of access if summary judgment is granted on the issue of substantial similarity. Access is not an element of substantial similarity – for that matter, neither is probative similarity – so summary judgment can be granted on substantial similarity even if there is a genuine issue of fact as to those issues. Put otherwise, it is possible that a case can be dismissed for want of substantial similarity even if there is some dispute about any aspect of actual copying.

My conviction that failing to address the parties' arguments on substantial similarity was unwise, from a purely case management standpoint, has grown as I have immersed myself in the allegedly infringed and infringing material. I cannot possibly say today how I would rule on that ultimate issue. But at a minimum, it seems to me that the court should have used the summary judgment motions to parse out what aspects of the works at issue are copyrightable and what aspects are not. That is a job for the court, not for the trier of fact. *See Bollfrass v. Warner Music Grp. Corp.*, 2013 WL 1300986, at *1 (S.D.N.Y. Apr. 2, 2013). In a case that will present the trier of fact with voluminous material – in which the court will have to charge the jury that it must compare the copyrightable elements of the parties' works in order to find substantial similarity, *see*

*Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1002 (2d Cir. 1995) – sound case management suggests that at least that issue should be explored and disposed of well in advance of trial.

So I respond favorably to defendants' suggestion that we hold a hearing on the issue of copyrightability as soon as may be practicable – likely early January.

Defendants also suggest that I revisit their motion for summary judgment on the issue of copyrightability – the issue that Judge Netburn declined to reach. That, too, makes sense to me. Even if the case could not be disposed of altogether, the issues for decision by a trier of fact might be narrowed and sharpened by a decision on such a motion. Having read over 3000 pages of material already,[2] I am more convinced than ever that the court must make every effort to see whether the case can be made more manageable for the jury and less expensive for the parties – which means giving serious consideration to the parties' complex and competing arguments about substantial similarity.

Prior to reviewing your submissions, I had raised this possibility with my law clerks, and we did some research to see whether there was any bar to my considering a renewed motion for summary judgment on the issue of substantial similarity. Our research established that there was no such bar. It is well settled that interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to judgment. Moreover, the Second Circuit has held that such orders and rulings may be modified to the same extent if the case is reassigned to another judge, as this one has been. *See In re U.S.*, 733 F.2d 10, 13 (2d Cir. 1984); Fed. R. Civ. P. 54(b).

---

[2] I am constrained to note that, with each new volume, the print on the Crave books and the margins on the pages get smaller.

The only question that occurred to me was whether anything in the "law of the case" doctrine counseled that such a course of action was either disallowed or unwise. Our research suggests that the answer to that question is no.

"The law of the case doctrine, although not binding, counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons." *In re Peters*, 642 F.3d 381, 386 (2d Cir. 2011). The purpose of the doctrine is to promote finality and efficiency of the judicial process by "protecting the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988).  However, the law of the case doctrine "does not rigidly bind a court to its former decisions, but is only addressed to its good sense." *Johnson v. Holder*, 564 F.3d 95 (2d Cir. 2009). Thus, "unlike the doctrines of res judicata and collateral estoppel, which a court cannot ignore where they apply, the law of the case, as Justice Holmes remarked, 'merely expresses the practice of the courts generally to refuse to reopen what has been decided.'" *Devilla v. Schriver*, 245 F.3d 192, 197 (2d Cir. 2001).

In this particular case, I am not proposing to reopen anything that has actually been decided on the merits. Indeed, it is my belief that there is no "law of the case" on the issue of substantial similarity, because that issue has never been addressed and decided on the merits.

After noting that substantial similarity "typically" presents issues of fact that are reserved for the trier of fact, Judge Netburn stated that the question of fact on substantial similarity was "particularly close" simply because "the similarities [between plaintiffs' and defendants' works] fall somewhere between probative and striking." But for that conclusory proposition she neither cited any legal authority nor addressed any of defendants' arguments about why the relevant facts were not close at all.  That one sentence was the extent of any discussion that might arguably have been considered to be addressed to the merits. The sentence does not make much sense to me,

since probative and striking similarity are determined by comparing works as a whole, while a finding of substantial or no substantial similarity requires an entirely different comparison – one limited to the copyrightable elements of the allegedly infringed and infringing works. *See Knitwaves, Inc.*, 71 F.3d at 1002. In other words, you cannot conclude that there is no genuine issue of fact about copyrightability without first identifying what about a work is copyrightable and what is not.

Not surprisingly, the parties do not agree on what elements are copyrightable. Nonetheless, learned Magistrate Judge made no finding about copyrightability, even though that presents an issue of law for a court, not an issue of fact for the jury. *Id.* I am advised that Judge Netburn declined defendants' request that she hold a hearing on copyrightability, albeit without prejudice to renewal of that request.[3]

Without making any finding about which aspects of Freeman's and Wolff's works were copyrightable and which were not, it was literally impossible for Judge Netburn to reach any conclusion, one way or the other, about whether there existed a genuine issue of material fact as to substantial similarity. Her statement that the issue of substantial similarity is "typically" reserved for a jury (R&R at 16) is not a finding of any sort.

We need not guess about why Judge Netburn did not make any findings about copyrightability. She thought it inappropriate to rule on the issue of substantial similarity, and she expressly declined to decide the issue on the merits. The learned Magistrate Judge said, "It is only after actual copying is established that one claiming infringement then proceeds to demonstrate that the copying was improper or unlawful by showing that the second work bears, 'substantial similarity' to protected expression in the earlier work." She observed, correctly, that some courts

---

[3] Defendants renew the request in their recent submission at Dkt. No. 492.

have declined to address substantial similarity if they find actual copying to be in dispute.[4] And she said, "Because access is in dispute, *the court should not determine whether the at-issue works are substantially similar.*" (R&R at 17) (emphasis added). Having concluded that she "should not" address the issue, she did not address the issue.

Judge Stanton also did not write a merits-based decision about whether there existed a genuine issue of fact concerning substantial similarity; nor did he rule on the legal issue of copyrightability. He limited his discussion of substantial similarity to one of defendants' many arguments for why he should revisit the Magistrate Judge's decision – that being the difficulty of trying the case. In the few sentences in his brief (four page) opinion affirming in part and overruling in part Judge Netburn's Report & Recommendation, he simply said that he believed experienced lawyers could find a streamlined way to present this very complicated case to a jury. That is not a ruling on the merits.

I acknowledge that decisions on summary judgment are often considered to be the law of the case. *See, e.g., Great Lakes Reinsurance (UK) SE v. Herzig,* 764 F. Supp. 3d 164, 184 (S.D.N.Y. 2025). But the law of the case doctrine "presumes a hearing on the merits," and thus applies only to "issues that have actually been decided by the Court." *Ocasio v. City of Canandaigua,* 2024 WL 3218254, at *2 (W.D.N.Y. June 28, 2024). Where, as here, there has been no reasoned analysis of an issue raised on a motion for summary judgment, there can be no finding that the issue was

---

[4] The judges in those cases may have understood their power to reach the issue of substantial similarity differently than Judge Netburn did. They did not conclude that there was some bar to addressing the issue of substantial similarity if there was a genuine issue of fact concerning some aspect of actual copying. In *Clonus Assocs. v. Dreamworks, LLC,* 457 F. Supp. 2d 432, 442 (S.D.N.Y. 2006), the court found that because there was a material issue of fact as to access, plaintiffs would have to prove striking similarity as a matter of law in order to be granted summary judgment, which they were unable to do. The degree of similarity was therefore an issue for the trier of fact. This case does not stand for the proposition that a court can consider substantial similarity only after finding actual copying. And in *Michael Grecco Prods., Inc. v. Valuewalk, LLC,* 345 F. Supp. 3d 482, 501 (S.D.N.Y. 2018), the court said only that it "need not" reach the issue – not, as Judge Netburn said, that it "should not" reach the issue.

"actually decided by the court." For the reason I have explained – the refusal to engage with the issue of copyrightability – there not only was not, but there could not have been, any decision on the merits of substantial similarity. Therefore, it seems to me that there is no law of the case as to that issue at all.

But even if the prior summary judgment decision did implicate law of the case, I have "cogent and compelling" reasons, *see In re Peters*, 642 F.3d at 386, for accepting defendants' invitation that I revisit the issue of substantial similarity.

The primary justifications that have been identified for departing from the law of the case are: an intervening change in law, availability of new evidence, or "the need to correct a clear error or prevent manifest injustice." *Johnson v. Holder*, 564 F.3d 99-100 (2d Cir. 2009). None of those pertains in this case.

But these are not the only reasons why a district court can rethink an issue already decided. For example, in *Wright v. Cayan*, 817 F.2d 999, 1002 n.3 (2d Cir. 1987), the Second Circuit affirmed a district judge's decision to rehear and reconsider motions for summary judgment that had previously been decided by a different judge. The first judge denied cross-motions for summary judgment and directed that the case proceed to trial.[5] Then – as here – the case was then reassigned to a new judge to conduct that trial. The defendant resubmitted its motion for summary judgment and the new judge granted the motion because, in his view, the evidence was insufficient to support plaintiff's claim.

The Second Circuit in *Wright* concluded that the first summary judgment decision was indeed the "law of the case." However, the Court of Appeals then ruled that the second judge had

---

[5] It is not clear whether the first district judge issued a reasoned decision or simply said in conclusory fashion, "There is an issue of fact, so let's go to trial," which is what happened here. We tried and failed to access the original summary judgment decision.

correctly granted the motion for summary judgment, and it affirmed his decision to dismiss the case. The Second Circuit did not find that there had been any intervening change in law or fact, or that there was a need to correct a clear error or prevent manifest injustice. It held simply that, "A second judge has the power to grant summary judgment despite another judge's previous denial of summary judgment," and ruled that, "It would be self-defeating to reverse a correct ruling by the second judge solely because of a departure from the law of the case." *Id.* at 1002 n.3.

I can see no principled difference between the situation in *Wright* and the one facing me here.

As I have said, I have no fixed view on how I would rule on a renewed motion for summary judgment on the issue of substantial similarity. But I do know that, had I been handling the case from the get-go, that aspect of the original motions would have been decided. I would have ruled on the legal issue of copyrightability when it was raised on summary judgment, because it is a pure issue of law that must be decided by the court prior to the commencement of trial[6] And once I had ruled on that preliminary issue – cognizant of the fact that substantial similarity has been decided on summary judgment motions in many copyright cases, and aware of the complexity of submitting a case of this magnitude to a jury[7] – there would have been no reason to refrain from deciding whether there was any issue of fact for the jury to decide on the question of substantial similarity.

---

[6] And to be completely fair to the parties, it should be decided before they invest in preparing for trial.

[7] I find it interesting that Plaintiff relies heavily on *Castle Rock Ent., Inc. v. Carol Pub. Grp., Inc.*, 150 F.3d 132 (2d Cir. 1998), a case that was decided on summary judgment, to support her argument that this case can readily be tried through the use of summary exhibits.

I would have handled the matter in this way even though I have absolutely no reason to disagree with Judge Netburn's conclusion that there exists a genuine issue of fact about access. I would have done so as a matter of pure case management, for at least five reasons:

1. The case could theoretically be disposed of without resolving that particular issue of fact if the copyrightable features of the works are not substantially similar;

2. Even if the case could not be resolved entirely, the scope of what needs to be argued to a lay jury might well be lessened by any ruling on such a motion;

3. Mindful of Fed. R. Civ. P. 1, which counsels that cases are to be resolved in a just, speedy and inexpensive manner, I note that it will cost both the parties and the court far more to try this case to a jury if any issues that can be resolved prior to trial are not resolved prior to trial.

4. If we go to trial, it is inevitable that I will be deciding post-trial motions after the verdict is handed down; the burden of those motions (which will be made on the very same basis as the summary judgment motions were) will be lessened, if not eliminated, if I take the time to address the substantial similarity arguments now.

5. A decision about copyrightability, and one way or another about substantial similarity, may motivate the parties to reach an amicable settlement.

If this were to be a bench trial, there would be far fewer case management problems, and we would simply proceed on an expedited trial schedule. But while this court offered the parties that option, the plaintiff wants her jury; and assuming there are genuine issues of fact that a trier of fact must decide, a jury she shall have.

But I agree with the maxim of *Harris v. Key Bank Nat'l. Ass'n.*, 193 F. Supp. 2d 707, 712 (W.D.N.Y.), *aff'd sub nom. Harris v. Key Bank Nat. Ass'n*, 51 F. App'x 346 (2d Cir. 2002), in which the district court, affirmed by the Second Circuit, held that denying a well-founded second summary judgment motion just because a first such motion was denied could work manifest injustice by forcing that party to defend a meritless claim all the way through trial. While the facts in *Harris* are not congruent with ours – there, additional discovery revealed new evidence, which justified departure from the law of the case doctrine on traditional grounds – the fact that this court

will have to grapple with the underlying issue of law (copyrightability) that was raised but not decided in connection with the parties' original motions for summary judgment is the sort of "cogent reason" that would justify departing from the law of the case doctrine here and deciding whether there exists any genuine issue of fact on substantial similarity – assuming, that is, that the law of the case doctrine even applies, sine the issues I propose to address were never addressed or decided in the first place.

I am not trying to make more work for the parties. I am perfectly happy to consider the substantial similarity aspect of the summary judgment motions on the parties previously submitted briefs and exhibits.

However, it is not clear to me whether the parties are satisfied with the state of the record as to copyrightability. And I would like to better understand how Judge Netburn's *Daubert* rulings might impact the record *on that issue* – so that I can decide whether or not to revisit those rulings. It is entirely possible that I would admit expert testimony in connection with deciding copyrightability, even though I have read enough to appreciate that lay jurors will not require expert testimony to decide whether there is either probative or substantial similarity in this case. I would appreciate some guidance from the parties before I make any final decision as to that.

I should also hear from the plaintiff before making a final decision on whether to accept defendants' request that I readdress the summary judgment motion on substantial similarity. But I thought it only fair to let her and her counsel know what my thinking presently is on that issue, which is why I have outlined it fulsomely here. There is, however, absolutely no question that I must decide what aspects of the works are copyrightable before the parties finish their trial preparation, and I am quite content to hold a hearing on that issue. The hearing could probably be

limited to oral argument, since you have submitted the relevant expert testimony in written form and if it be proper to consider it, I can read it closely over the holidays.

Meanwhile, I will continue plowing through Ms. Freeman's works. I would like to complete that task before addressing copyrightability on the merits.

If the parties could get back to me with (1) dates when they would be available during January for a hearing on copyrightability (and possibly argument on renewed summary judgment motions); (2) a schedule for additional briefing if you want to submit additional briefs on either or both of those issues; and (3) whether the court should consider expert testimony on the issue of what is copyrightable – even though I can well understand that a jury does not need to hear from experts in order to decide similarity.

The end of next week would be fine for these submissions.


Dated: New York, New York
      December 5, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL