**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
 LYNNE FREEMAN,

                            Plaintiff,

              -against-                                          22 **CIVIL** 2435 (CM)(SN)

                                                                **JUDGMENT**

TRACY DEEBS-ELKENANEY ET AL.,

                            Defendants.
----------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Decision and Order dated March 16, 2026, this is a case that is easily disposed of once one reads the allegedly infringed and infringing works against each other and in light of the well-developed law in this Circuit on substantial similarity within literary works. Freeman's novel and Wolff's Crave novels are indeed similar, but only in the ways that all young adult romantasy fiction novels are similar to each other. At the granular level, looking at their unique creative expression, they are substantially different not substantially similar. Therefore, Defendants' motion for summary judgment on Plaintiff's copyright claims is GRANTED. Plaintiff's motion for summary judgment is DENIED. Defendants' motion for summary judgment on Freeman's actual damages claim and motion to strike jury demand are DENIED AS MOOT. Sadly, this ruling does not end the Crave/Freeman saga. The decision to dismiss Freeman's case effectively disposes of the cases that Freeman has brought against Barnes & Noble Booksellers, Inc., Apple Inc., Amazon.com Inc., Target Brands Inc., and Walmart Inc., charging them with contributory infringement as a result of sales of the four Crave novels. See Freeman v. Barnes & Noble Booksellers, Inc. et al., Case No. 2:23-cv-4145; Freeman v. Apple, Inc., Case No. 23-cv-7051; Freeman v. Amazon.com Inc. et al., Case No. 23-cv-4796. However, the Court sees no

reason to lift the stay in those cases at the present time. If Freeman takes an appeal from the decision, we can abide the decision from the Second Circuit before entering final orders that will dispose of those cases in one way or another depending on whether this decision is affirmed or reversed. If there is no appeal we can lift the stay at that time. The newest case, Freeman v. Deebs-Elkenaney et al., Case No. 25-cv-9345, involves allegations that the fifth and sixth novels in the Crave series infringe Freeman's copyrights, for substantially the same reasons that the first four Crave novels infringed.

**Dated:** New York, New York

March 31, 2026

**TAMMI M. HELLWIG**

---
**Clerk of Court**

**BY:**            *K. mango*

---
**Deputy Clerk**