AO 121 (Rev. 06/16)

| TO: | |
|---|---|
| **Register of Copyrights**<br>**U.S. Copyright Office**<br>**101 Independence Ave. S.E.**<br>**Washington, D.C. 20559-6000** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☑ ACTION    ☐ APPEAL | COURT NAME AND LOCATION |
|---|---|
| **DOCKET NO.**  1:22-cv-02435-AT | U.S. District Court |
| **DATE FILED**  3/25/2022 | Southern District of New York (Foley Square)<br>500 Pearl St, New York, NY 10007 |

| PLAINTIFF | DEFENDANT |
|---|---|
| Lynne Freeman | Tracy Deebs-Elkenaney, Emily Sylvan Kim, Prospect Agency, LLC, Entangled Publishing, LLC, Universal City Studios, LLC, Macmillan Publishers LLC |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|
| 1  TXu002276330. | Blue Moon Rising | Lynne Freeman |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY |
|---|---|
| | ☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading |

| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | . | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED | WRITTEN OPINION ATTACHED | DATE RENDERED |
|---|---|---|
| ☐ Order    ☐ Judgment | ☐ Yes    ☐ No | 3/31/2026 |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| s/Tammi M. Hellwig | s/K.Mango | 3/31/2026 |

**DISTRIBUTION:**

1) Upon initiation of action, mail copy to Register of Copyrights    2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights    3) Upon termination of action, mail copy to Register of Copyrights

4) In the event of an appeal, forward copy to Appellate Court    5) Case File Copy

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
 LYNNE FREEMAN,

                         Plaintiff,

        -against-                                    22 **CIVIL** 2435 (CM)(SN)

                                               **JUDGMENT**

TRACY DEEBS-ELKENANEY ET AL.,

                        Defendants.
------------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Decision and Order dated March 16, 2026, this is a case that is easily disposed of once one reads the allegedly infringed and infringing works against each other and in light of the well-developed law in this Circuit on substantial similarity within literary works. Freeman's novel and Wolff's Crave novels are indeed similar, but only in the ways that all young adult romantasy fiction novels are similar to each other. At the granular level, looking at their unique creative expression, they are substantially different not substantially similar. Therefore, Defendants' motion for summary judgment on Plaintiff's copyright claims is GRANTED. Plaintiff's motion for summary judgment is DENIED. Defendants' motion for summary judgment on Freeman's actual damages claim and motion to strike jury demand are DENIED AS MOOT. Sadly, this ruling does not end the Crave/Freeman saga. The decision to dismiss Freeman's case effectively disposes of the cases that Freeman has brought against Barnes & Noble Booksellers, Inc., Apple Inc., Amazon.com Inc., Target Brands Inc., and Walmart Inc., charging them with contributory infringement as a result of sales of the four Crave novels. See Freeman v. Barnes & Noble Booksellers, Inc. et al., Case No. 2:23-cv-4145; Freeman v. Apple, Inc., Case No. 23-cv-7051; Freeman v. Amazon.com Inc. et al., Case No. 23-cv-4796. However, the Court sees no

reason to lift the stay in those cases at the present time. If Freeman takes an appeal from the decision, we can abide the decision from the Second Circuit before entering final orders that will dispose of those cases in one way or another depending on whether this decision is affirmed or reversed. If there is no appeal we can lift the stay at that time. The newest case, Freeman v. Deebs-Elkenaney et al., Case No. 25-cv-9345, involves allegations that the fifth and sixth novels in the Crave series infringe Freeman's copyrights, for substantially the same reasons that the first four Crave novels infringed.

**Dated:** New York, New York

March 31, 2026

**TAMMI M. HELLWIG**

**Clerk of Court**

**BY:**　　　　　*K. mango*

**Deputy Clerk**