UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LYNNE FREEMAN,

                                        Plaintiff,

    -against-

TRACY DEEBS-ELKENANEY, et al.

                                        Defendants.

No. 22-cv-2435 (CM) (SN)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/26/2026

**ORDER**

McMahon, J.:

The Court is in receipt of a sealed motion seeking the setting of a bond to secure the as-yet-unawarded costs (including over $3 million in attorneys' fees) that Defendants are seeking following the dismissal of the complaint in this action, as well as a separate $150,000 appeal bond to cover costs and fees expected to be incurred pending Plaintiff's appeal to the Second Circuit from the judgment in Defendants' favor. .

Defendants must file a letter brief, explaining why this motion has been filed under seal, by close of business on Friday, May 29, 2026. I can see no reason why this motion should be sealed. I am guessing that the parties agreed to keep Ms. Freeman's financial situation private during discovery; that agreement is not binding on this Court, and now that Plaintiff's ability to post bonds in substantial amounts is in litigation – and will result in a public decision – I fail to see why any party should have any expectation of privacy that trumps the public's First Amendment right to be kept abreast of all relevant developments in this case. Of course, there may be some other reason of which I am not aware, but I note that no personal identifying or health-related information can be found in the papers in support of the bond motion.

I also note that Defendants have not provided me with a copy of the motion redacting only the information that is deemed confidential; they have simply filed the entire document under seal. But much of what is contained in the moving papers is on its face not confidential and should become a matter of public record.

The May 29 filing may be made under seal, provided both (1) a full copy of that filing, and (2) copies of all relevant filings (including the original attorneys' fees motion)-- redacted to eliminate only the ostensibly "confidential" information -- are transmitted by hand or by mail to the Court in chambers, with copies of the redacted papers placed immediately on the public docket. Plaintiff's response to the May 29 confidentiality filing, which is due on June 4 at the close of business, may also be filed under seal, subject to the same conditions.

Plaintiff must respond to the bond motion no later than the close of business on June 10, 2026. By that time I may well have decided the confidentiality issue, so we will discuss whether that filing needs to be made under seal at that time. But if it is, then redacted documents will need to be placed on the Court's public docket, and an unredacted copy sent to chambers. I expect that Plaintiff's responsive papers may include certain documents that can remain confidential (possibly tax returns, for example), or that will contain confidential identifying information, such as social security numbers. Please redact accordingly, but make sure that chambers has copies of any unredacted documents.

Any reply on the bond motion is due by close of business on June 16, 2026. It, too, is subject to the conditions set forth above.

Dated: May 26, 2026

_____
U.S.D.J

BY ECF TO ALL COUNSEL