

Attorneys admitted in
California, New York,
Texas, Pennsylvania,
Colorado, and Illinois

Sender's contact:
stephen@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

June 4, 2026

**DELIVERED VIA ECF**

Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
40 Foley Square, Courtroom 24A
New York, New York 10007

**MEMO ENDORSED**

**Case Title:**    *Freeman v. Deebs-Elkenaney et al,*
**2:22-cv-02435-CM-SN**
**Re:**    **Response Re Filing Under Seal**

Judge McMahon:

This office represents the Plaintiff, Lynne Freeman, in this matter. We write pursuant to Your Honor's Order of May 26th and Defendants' subsequent letter brief regarding the filing under seal of Defendants' bond motion and accompanying materials. For the following reasons, Freeman respectfully submits that certain of the documents and information in said motion, specifically the deposition testimony of Trent Baer, should remain confidential and under seal because they are not subject to the general presumption of public access and doing so would properly protect the privacy interests of third parties regarding sensitive financial information.

At the outset, the testimony of Trent Baer at issue is not subject to the general presumption of public access as it was sealed subject to a valid protective order. Under the Second Circuit, the general presumption of public access does not attach in all cases, and in fact a contrary presumption against disclosure applies to documents that are subject to a protective order where a party reasonably relied on that protective order in providing deposition testimony. See *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 231 (2d Cir. 2001), citing *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 296 (2d Cir.1979)(confirming "a general and strong presumption against access to documents sealed under protective order when there was reasonable reliance upon such an order") In *S.E.C.*, the Second Circuit confirmed that confidential testimony from a pretrial deposition would be subject to the *Martindell* presumption against disclosure where it is sealed pursuant to a protective order and the testimony is given after the entry of that order, such that the proponent relied on the protective order in giving that testimony. Id. at 234.

Just so here. The documents at issue here are excerpts from the deposition testimony of Trent Bear regarding his personal, financial information and that of his firm, marked confidential and filed under seal pursuant to a stipulated protective order entered by Judge Netburn. See Dkt. No. 50. The Court entered that protective order on July 26, 2022, while Mr. Baer provided his deposition testimony on March 21, 2023, and relied upon the protective order to testify about his personal financial situation and the sensitive financial information of his business. Because this testimony was sealed pursuant to a valid protective order after being made in reliance on that order, it is not subject to the general presumption of public access but rather the *Martindell* presumption against disclosure, and it should remain under seal.

Case 2:22-cv-02435-CM-SN   Document 560   Filed 06/04/26   Page 2 of 3

Even if Mr. Baer's testimony were subject to the general presumption in favor of disclosure, it should still remain under seal because it implicates both sensitive business and financial information and the privacy interests of innocent third parties, which overcome that presumption. [1] Documents and information that are generally subject to the presumption of access may still be filed under seal where the sealing is "narrowly tailored" to serve "higher values" including "the privacy interests of innocent third parties" and ""[f]inancial records ..., [and] family affairs." *United States v. Greenwood*, 145 F.4th 248, 256 (2d Cir. 2025), citing *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Indeed, "courts in this district routinely permit parties to seal or redact commercially sensitive information in order to protect confidential business and financial information." *Graczyk v. Verizon Commc'ns, Inc.*, No. 18 Civ. 6465 (PGG), 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020)(collecting cases); see also *BakeMark USA LLC v. Negron*, No. 23CV2360ATBCM, 2024 WL 182505, at *2 (S.D.N.Y. Jan. 16, 2024), citing *In re B & C KB Holding GmbH*, 2023 WL 2021299, at *1 (S.D.N.Y. Feb. 14, 2023). And it is well established that "'[t]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation'" in deciding whether to unseal documents. *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995), citing *Gardner v. Newsday, Inc. (In re Newsday, Inc.)*, 895 F.2d 74, 79–80 (2d Cir.); see also *Delta Air Lines, Inc. v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020)("Higher values that may justify the sealing of documents ... the privacy interests of third-parties.")

The redactions present in Defendants' motion, and the sealing of Mr. Baer's testimony, are just so narrowly tailored to protect the privacy interests of innocent third parties and to protect sensitive financial information and family affairs. In addition to redacting the testimony that the Court is not being asked to review, some of which also contains confidential financial information, the cited testimony concerns sensitive details of Mr. Baer's finances and the third party finance firm he works for, including the funds the firm manages for its numerous clients who are in no way involved in this litigation.[2] Mr. Baer is not and has never been a party to this litigation, nor has his firm or its clients. The remainder of Mr. Baer's cited testimony likewise concerns third party privacy interests as well as family affairs, including the personal identifying information of Freeman and Baer's son, the address of the home identified in Exhibit "B" to the Declaration of Nashon and certain family expenditures, none of which were relevant to the adjudication of any of Freeman or Defendants' substantive legal rights or arguments.

While Freeman acknowledges that there is a general presumption that the public should be given access to judicial documents, she respectfully submits that the testimony of Trent Baer at issue here is not such a document and is instead the pretrial testimony of a third party that was properly sealed pursuant to a valid protective order. Even if it were subject to the general presumption of disclosure, the redactions and sealing of that document are narrow and concern only the privacy interests of innocent third parties and sensitive business and financial information. Per the Second Circuit's strong presumption that such documents should remain under seal, and given the privacy interests invoked and the irrelevance of those third parties to the legal dispute between Freeman and Defendants, Freeman respectfully submits that Mr. Baer's testimony should remain under seal and the limited redactions in Defendants' motion should remain.[3]

---

[1] Of the seven (7) pages of deposition transcript only a small portion of the testimony is highlighted by Defendants and cited in their brief. Thus, because the Court is not being asked to rely on the unhighlighted portion of the exhibit all of that the unhighlighted testimony should be redacted under any circumstances. Clearly, the public has no right to access to that material.

[2] In signed corrections made to his deposition transcript dated April 20, 2023, Mr. Baer stated that the financial figure on page 16, line 3 (he actually quoted the number which appears on line 5) should be stricken because it "is not public information and may (1) violate client/advisor privacy mandates and (2) be considered proprietary trade information regarding my business. It is not information to be used in this case."

[3] Plaintiff has no objection to the redaction of the testimony on page 23 lines 23 through 24 being removed.

Case 2:22-cv-02435-CM-SN   Document 560   Filed 06/04/26   Page 3 of 3

Exhibit "B," which concerns online information regarding Freeman's personal residence, should similarly remain redacted. This case has engendered an extremely large number of followers that comment on the case on social media and Freeman's home address should not be made available to those followers or the rest of the public. Moreover, because the information is not relevant to any substantive issue in the case, Freeman's right to privacy and personal security clearly outweighs any right the public may have to access the information. See *Ashour v. Arizona Beverages USA LLC*, No. 19 CIV. 7081 (AT), 2025 WL 961682, at *11 (S.D.N.Y. Mar. 28, 2025), citing *Farris v. Avon Prods., Inc.*, No. 23 Civ. 2023, 2024 WL 4441811, at *4 (S.D.N.Y. Oct. 7, 2024)("Typically, sealing of personal information such as [a party]'s home addresses, personal phone numbers, and email addresses ... is warranted unless that information has bearing on issues before the court.") If for any reason the Court disagrees with the foregoing, at the very least, the address of the property should be deleted.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Stephen M. Doniger*
Stephen M. Doniger
DONIGER / BURROUGHS
*Attorney for the Plaintiff*