

R E E D E R
L L P

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___6/15/2026

June 9, 2026

**DELIVERED VIA ECF**

Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
40 Foley Square, Courtroom 24A
New York, New York 10007

**The Redfin home listing may be filed under seal. My note on the order was an attempt to forestall anyone from filing documents under seal that the court was unlikely to keep under seal. Ms. Freeman can make whatever requests she likes. But this court frowns on filing documents under seal and intends to hew closely to the rule that documents filed in connection with a lawsuit are presumptively available to the public.**

*Colleen McMahon*

6/15/2026

Case Title:    *Freeman v. Deebs-Elkenaney et al*,
               **1:22-cv-02435-CM-SN**

Re:            **Re ECF 561 & Filing Under Seal**

Dear Judge McMahon:

We are writing to Your Honor on behalf of Plaintiff Lynne Freeman seeking reconsideration in part of your June 5, 2026 ruling (ECF 561) pertaining to the redaction of certain papers (June 5, 2026 Order) as well as clarification of the Order.

Plaintiff is genuinely concerned for her safety if Exhibit "B," the Redfin Estimate of her home address, is filed in the public record. Although the Redfin Estimate containing her address is a public document, it does not identify Plaintiff as the person living at that address.

As explained in Mr. Doniger's June 4, 2026 letter to the Court, this case has engendered an extremely large number of followers that comment on the case on social media and many of those followers are extremely vehement in their views. Plaintiff is concerned that one of those followers could seek her out if they learn where she lives and could possibly even try to harm her.

Thus, Plaintiff respectfully requests that the Court reconsider its decision and modify the Order to provide that Exhibit "B" be filed under seal or that, at the very least, Ms. Freeman's address be redacted from the document. Plaintiff would prefer the former because someone could possibly tract down the property from the picture.

Plaintiff also has a question about the Order. The Order provides that the "same is true of the response papers." Plaintiff currently has no intention of including any testimony of Mr. Baer in response to Defendants' motion seeking to require Plaintiff to post a bond. Nor does

11766 Wilshire Boulevard, Suite 1470, Los Angeles, CA 90025
Phone: (310) 861-2470 • Fax: (310) 861-2476
mark@reedermllp.com • www.reederllp.com

Case 2:22-cv-02435-CM-SN    Document 562    Filed 06/09/26    Page 2 of 2

Page 2
June 9, 2026

she know exactly what documents she contends should be filed under seal will be included in her final responsive papers. Thus, she should have a right to file any such papers under seal along with a letter motion requesting that such documents remain under seal. Plaintiff respectfully requests that the Court clarify its Order and modify it to allow Plaintiff to file under seal any documents that she contends should be protected from public disclosure, subject to the Court subsequently ruling on her right to do so.

      We thank the Court for its time and attention to this matter.

Respectfully submitted,

**Reeder, LLP**

*Mark Passin*

Mark D. Passin
11766 Wilshire Boulevard,
Suite 1470
Los Angeles, CA 90025
310-861-2475

**DONIGER/BURROUGHS**

Stephen Doniger, Esq.
603 Rose Avenue
Venice, California 90291
(31) 590-1820
stephen@donigerlawfirm.com
*Attorneys for Plaintiff* Freeman

cc: All counsel of record (via ECF)