UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

LYNNE FREEMAN,

Plaintiff,

-against-

TRACY DEEBS-ELKENANEY, et al.

Defendants.

No. 22-cv-2435 (CM) (SN)

---

## ORDER

McMahon, J.:

Before the Court is Plaintiff Lynne Freeman's motion to seal certain documents submitted to this Court in connection with Defendants' motion for an order requiring Plaintiff to post a bond pursuant to Federal Rule of Appellate Procedure 7 and Local Civil Rule 54. Dkt. No. 572. The Court orders as follows:

Exhibits A, B, and C to the Declaration of Amy Nashon (Dkt. No. 566-1)

Plaintiff seeks to file under seal Exhibits A-C attached to the declaration of Amy Nashon (Dkt. No. 566-1), which was filed in support of Defendants' reply brief in support of the bond motion. Exhibits A-C include the divorce filings and property settlement agreement filed by Freeman and her ex-husband in Anchorage Superior Court. Freeman's motion to seal these documents – which are already in the public domain – is DENIED. While Freeman asserts that sealing is appropriate because (1) the documents' being public in Alaska does not make them public here, and (2) the documents, though public, are not easily accessible online, she provides no authority to support her argument that this justifies overcoming the presumption against sealing in light of the public's right of access to judicial documents. *See* Dkt. No. 572 at 4.

In the alternative, Plaintiff seeks to redact certain sensitive and/or personal information. Plaintiff does not identify precisely what she hopes to redact, although she lists a lot of categories of information that she believes are ripe for redaction: health information, financial information including retirement, IRA, and securities-account balances, mortgage balances, litigation-related loans and credit limits, Freeman's home address, and financial and business information pertaining to her former spouse. *See* Dkt. No. 572 at 5-6. In the interest of avoiding another round of briefing, I will tell her what she can redact: any private medical and health information that can be found in the property settlement agreement (Exhibit B). Nothing else in Exhibits A-C is so sensitive or personal as to overcome the public's interest in being able to access information that is already publicly filed – even if that filing occurred in Alaska.

Freeman's motion to redact the corresponding quotations in Defendants' reply brief (Dkt. No. 566) is DENIED. Defendants' reply brief makes no reference to Plaintiff's medical or health history – or to any highly sensitive or personal information concerning Freeman or her ex-husband – and all the information contained therein is clearly relevant to this Court's consideration of Defendants' bond motion.

Exhibit 8 to the Declaration of Lynne Freeman (Dkt. No. 570-8)

Plaintiff seeks to seal Exhibit 8 to her declaration in opposition to Defendants' bond motion temporarily. She asserts that this document was inadvertently filed in an unredacted format. The unredacted copy may be filed under seal pending the filing of a redacted copy. Now I will tell Plaintiff what she can redact in the publicly filed document: only financial account numbers, which are redactable in accordance with Fed. R. Civ. P. 5.2(a)(4). Freeman may not redact information that is already publicly available, including her home address and the overall balance listed on the mortgage statement.

The Clerk of Court is directed to remove the motion at Docket Number 571 from the

Court's list of open motions.

Dated: July 2, 2026

_____
U.S.D.J

BY ECF TO ALL COUNSEL