**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LYNNE FREEMAN,

Plaintiff,

v.

TRACY DEEBS-ELKENANEY p/k/a
TRACY WOLFF, et al.,

Defendants.

Case No. 2:22-cv-02435(CM)(SN)

**PLAINTIFF'S OBJECTION TO**
**NEW FACTUAL ASSERTIONS**
**RAISED IN DEFENDANTS'**
**REPLY, REQUEST TO**
**STRIKE OR, IN THE**
**ALTERNATIVE, FOR LEAVE**
**TO FILE A SUR-REPLY**

Defendants' reply brief in support of their motion for fees is littered with factual assertions that are both lacking in foundation, generally untrue, and improperly raised for the first time on reply. Freeman herby objects to, and requests to strike, those assertions.

As this Court is aware, Rule 11 requires that the statements made by counsel have a reasonable evidentiary basis, and "[a]n attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) (per curiam); *see also Giannullo v. City of New York*, 322 F.3d 139, 142 (2d Cir. 2003).

In addition, "[a]rguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993);see also *Estle v. Int'l Bus. Machines Corp.*, 23 F.4th 210, 215 (2d Cir. 2022)(granting motion to strike argument raised for first time on reply). The same rule applies to new factual material offered on reply, because the non-movant has no opportunity to respond. *Domino Media, Inc. v. Kranis*, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998) (declining to consider material raised for the first time on reply), *aff'd*, 173 F.3d 843 (2d Cir. 1999). Improper new matter may be stricken or disregarded. *See Mohamed v. Nolan L. Grp.*, 574

1

F. App'x 45, 46 (2d Cir. 2014)(granting motion to strike portions of reply brief raising new issues).

While the matters identified below are not the only instances of Defendants improperly making unsupportable factual assertions in their reply brief,  Freeman specifically objects to the these assertions and respectfully requests that the Court either strike them or grant her leave to substantively respond so that she can demonstrate their falsity.

| **Factual Assertion** | **Objection** |
|---|---|
| 1. "Over twenty lawyers turned down Freeman's case." (Reply at 3). | Lacks foundation; improperly raised for the first time on Reply. This assertion is simply false and Plaintiff requests the opportunity to respond if the Court does not strike it. |
| 2. The characterization of Plaintiff's public statements as a "trolling campaign" and the assertion that she was "soliciting articles and giving interviews to everyone from The Anchorage Daily News to The New Yorker" (Reply at 6). | Lacks foundation; improperly raised for the first time on Reply. This assertion too is false (e.g., Freeman did not solicit the articles) and Plaintiff requests the opportunity to respond if the Court does not strike it. |
| 3. Anonymous "quotations" attributed to Plaintiff's "friends, family, lawyer and expert witness" (Reply at 6). | Lacks foundation; improper hearsay; improperly raised for the first time on Reply. |

| 4. "Freeman claims she spent $1.4 million" (Reply at 10 n.9). | Lacks foundation; improperly raised for the first time on Reply. This assertion is false and Plaintiff requests the opportunity to respond if the Court does not strike it. |
|---|---|
| 5. Deployment on reply of the "tried and true formula … can't hurt" passage (Reply at 4) | Improperly raised for the first time on Reply. This new centerpiece of Defendants' bad-faith theory unfairly deprives Plaintiff of any opportunity to place the quotation in its actual context. |

Dated: July 13, 2026

Respectfully submitted,

/s/ Stephen M. Doniger
Stephen M. Doniger, Esq.
DONIGER / BURROUGHS PC
603 Rose Avenue
Venice, California 90291
(310) 590-1820
stephen@donigerlawfirm.com

Mark D. Passin, Esq.
REEDER LLP
11766 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90025
(310) 861-2475

*Attorneys for Plaintiff Lynne Freeman*

3