**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LYNNE FREEMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>TRACY DEEBS-ELKENANEY, et al.<br><br>        Defendants. | Case No. 1:22-cv-02435 CM-SN<br><br>**DECLARATION OF NANCY E. WOLFF IN SUPPORT OF AWARD TO DEFENDANTS OF THEIR PREVAILING PARTY ATTORNEY'S FEES AND COSTS** |

## DECLARATION OF NANCY E. WOLFF

Nancy E. Wolff declares as follows:

1.      I am a partner at the law firm of Cowan, DeBaets, Abrahams & Sheppard, LLP ("CDAS") and was a lead attorney for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC, Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC (collectively, "Defendants") in the above-captioned matter, from the inception of the case until approximately November 2024.  I make this declaration in support of the request by Defendants for an award of their reasonable attorneys' fees and costs incurred in the defense of this matter.

2.      Attached hereto as "Exhibit A" are true and correct copies of the monthly invoices issued by my firm to Defendants, which reflect the contemporaneous time entries recorded by each billing professional at my firm.  Some of the entries have been redacted only as necessary to protect attorney-client privilege or work product information.  Other entries have been redacted because they have been written off and the amounts subtracted from Defendants' fee request.

3.      The total attorney's fees requested by Defendants for work performed by my firm is $1,272,947.88.

4.      The invoices attached as "Exhibit A" also reflect the costs billed to the Defendants each month.  These costs include court reporter and transcript fees for the more than one dozen depositions and the various hearings in this matter totaling $33,460.16.  Costs also include $26,053.00 paid to Everlaw, the e-discovery vendor that we were forced to hire because of the substantial ESI demands from Plaintiff in this case, that included, but were not limited to, demands for native format production of many years' worth of business and personal emails and text messages from Liz Pelletier, Stacy Abrams, Tracy Wolff and Emily Kim.  Similarly, Defendants were forced to pay various forensic computer professionals to retrieve and reproduce the hard drives from each of the aforementioned individuals' devices in order to comply with this Court's orders,

which payments involved $1,389.16 to Complete Legal; $1,470.00 to CS Discovery; and $3,250.00 to Alias Technology.  In addition, I am informed and believed that Defendant Entangled Publishing directly paid Carden Rose the amount of $26,795.35, which cost item is not reflected on the attached invoices.

5.     A very brief summary of the legal work reflected on my firm's monthly invoices and the amount sought (with discounts applied for purposes of Defendants' request for fees) is provided as follows:

| Inv. 117936 | $9,625.00 | Review and respond to initial demand letter and communications with insurer re: claim |
| Inv. 118047 | $2,100.00 | Communications with insurer |
| Inv. 118601 | $10,985.00 | Review complaint, prepare joint defense agreement, determine scope of representation and represented parties |
| Inv. 119739 | $48,624.00 | Prepare answer, prepare case management plan, prepare initial disclosures, develop discovery protocol, engage in written discovery and document review |
| Inv. 119615 | $12,146.05 | Review amended complaint, prepare protective order, prepare stipulation to extend time to answer |
| Inv. 120086 | $30,428.00 | Exchange written discovery requests, document gathering, handle discovery disputes |
| Inv. 120644 | $29,255.00 | Review manuscripts, confer regarding search terms, document review and production |
| Inv. 120733 | $632.50 | Obtain coverage decision |
| Inv. 121020 | $79,264.00 | Attend discovery hearings, handle discovery disputes, review document production |

| Inv. 121445 | $79,483.50 | Prepare document production for all defendants, deposition scheduling |
| Inv. 122518 | $108,587.00 | Review plaintiff's production, meet and confer, prepare requests for admission, review client documents for further responsive documents and prepare supplemental responses, participate in meet and confer sessions, prepare deposition notices and third-party subpoenas, letter briefs to court re: discovery disputes, interview expert witnesses, prepare for plaintiff's deposition |
| Inv. 122959 | $67,619.50 | Letter briefing on proving infringement, analyze expert needs, deposition planning, review court order, review plaintiff's document production, review and object to privilege log, review plaintiff's objection to magistrate's ruling re: two manuscripts, prepare further document production, meet and confer |
| Inv. 123405 | $53,005.50 | Respond to objection to magistrate ruling, coordinate depositions and schedule witnesses, meet and confer, prepare witnesses for depositions, respond to demand for hard drives, respond to motions to compel, object to 30(b)(6) notices, prepare motion to compel |
| Inv. 124429 | $50,785.00 | Work with expert on report, review plaintiff's filing of California lawsuit against retailers and |

| | | |
|---|---|---|
| | | prepare brief seeking to enjoin same, prepare for summary judgment |
| Inv. 124825 | $53,751.00 | Work on expert reports, reply brief re: enjoining CA lawsuit, review plaintiff's expert reports, prepare brief re: striking plaintiff's experts, meet and confer, prepare deposition digests in advance of MSJ briefing, letter brief to court re: filing of ancillary lawsuits, work on rebuttal report, prepare for in-person hearing re: streamlining the case |
| Inv. 125324 | $58,812.00 | Attend hearing, letter briefs re: MSJ and briefing schedule and severing substantial similarity, interview rebuttal experts, work on rebuttal expert reports, respond to plaintiff's motion for reconsideration, respond to motion to seal manuscripts, respond to plaintiff's recusal effort |
| Inv. 125427 | $22,601.50 | Begin work on summary judgment motion, work with rebuttal experts, plan for expert depositions |
| Inv. 125750 | $25,643.00 | Work on multiple rebuttal expert reports, prepare for expert depositions, work on summary judgment and Daubert motions and brief re: scheduling order |
| Inv. 126120 | $39,948.00 | Prepare for and attend expert witness depositions |
| Inv. 126743 | $122,629.00 | Work on summary judgment brief, supporting declarations and documents |
| Inv. 127067 | $46,958.50 | Work on Daubert motion |

| Inv. 127571 | $77,292.00 | Continue working on Daubert motion, review opposition to MSJ and work on reply brief, prepare brief of supplemental evidence |
| Inv. 127943 | $2,860.00 | Review and respond to motion to strike evidence, prepare notice of supplemental legal authority |
| Inv. 128089 | $135.00 | Research and respond re: expert deposition |
| Inv. 128929 | $1,215.00 | Letter brief re: unsealing plaintiff's manuscripts and review opposition |
| Inv. 129596 | $55,976.50 | Review magistrate's report and recommendations, prepare objections, respond to objection to unsealing manuscripts |
| Inv. 129676 | $31,952.00 | Finalize objections to report and recommendations, review and respond to plaintiff's objections |
| Inv. 130037 | $49,103.00 | Continue working on response to plaintiff's objections to report and recommendations and to opinion and order, communicate regarding requested extension, review plaintiff's response to defendants' objections |

6.     I am familiar with the billing professionals whose work is described above, and I have personal knowledge of their hourly rates, as well as their background and expertise.  Those billing professionals, their rates, and their qualifications which form the basis for the reasonableness of those rates, are as follows:

   a.  <u>Ellis Levine</u>

       Mr. Levine's hourly rate at the time of representation was $575 per hour.  That rate is reasonable compared to prevailing market rates in the

Southern District of New York for similar services by lawyers of comparable skill and reputation. Mr. Levine graduated from Harvard College and Harvard Law and is a long-time partner at CDAS. He is a widely-known and highly-respected attorney for the book publishing industry and the former Vice President and General Counsel for Random. House, Inc. Mr. Levine primarily represents book publishers and authors in matters involving contracts and copyright issues. He is the Former Trustee for the Copyright Society of the USA and a current Treasurer and Member of the Board of Directors of the Council of Literary Magazines and Presses.

b. <u>Nancy E. Wolff</u>

My hourly billing rate at the time of representation was $600 per hour. That rate is reasonable compared to prevailing market rates in the Southern District of New York for similar services by lawyers of comparable skill and reputation. I am a partner at CDAS, co-chair of the firm's Litigation Department and co-chair of the firm's Art Law Group. I am admitted to the State Courts of New York, New Jersey, California, Pennsylvania, the Federal Courts of New York, California and New Jersey, the Second and Ninth Circuit Courts of Appeal, and the U.S. Supreme Court. I represent a wide range of creative individuals and companies in all areas of media and publishing and am counsel to the Digital Media Leadership Alliance. I am a frequent speaker throughout the United States and Europe on copyright, media and licensing and have received significant recognition for my expertise in copyright law. I am a Past President of the Copyright Society of the USA and a member of the ABA IP Task Force on Copyright Reform. I was awarded by Best Lawyers in America for Copyright Law,

6

Trademark Law, Litigation – Intellectual Property, was named Lawyer of the Year – Trademark, was ranked by Chambers & Partners USA for Intellectual Property: Trademark, Copyright & Trade Secrets – New York, and was named one of the Top 250 Women in IP by Managing IP.

c. <u>Benjamin Halperin</u>

Mr. Halperin's hourly rate at the time of representation was $450 per hour. That rate is reasonable compared to prevailing market rates in the Southern District of New York for similar services by lawyers of comparable skill and reputation.  Mr. Halperin is a graduate of Tufts and Vanderbilt, and was a partner at CDAS for three years, where he represented clients in copyright, trademark, and other forms of intellectual property and entertainment-related litigation.  Prior to that, he was a litigation associate at Skadden, Arps, Slate, Meagher & Flom LLP for nine years. Since 2025, he has served as Senior IP & Commercial Litigation Counsel for TikTok.

d. <u>CeCe Cole</u>

Ms. Cole's hourly rate at the time of representation was $345 per hour. That rate is reasonable compared to prevailing market rates in the Southern District of New York for similar services by lawyers of comparable skill and reputation.  Ms. Cole was a senior litigation associate in the Litigation and Trademark practice groups at CDAS for four years, and was previously a litigation associate at Mintz & Gold LLP.  Since 2025, she has served as IP Counsel at Versant Media. While at CDAS, Ms. Cole represented clients in copyright, trademark, and commercial litigation disputes in federal and state courts and was recognized by Best Lawyers in America as Ones to Watch for IP Law

and Litigation, and as a Rising Star by New York Metro's Super Lawyers and the New York Law Journal.  She serves on the Board of Trustees for the Copyright Society.

e.  <u>May Gunther</u>

Ms. Gunther's hourly rate at the time of representation was $275 per hour. That rate is reasonable compared to prevailing market rates in the Southern District of New York for lawyers of comparable skill and reputation. Ms. Gunther was a law clerk pending admission to the New York bar who was admitted to practice and became a junior litigation associate with CDAS during the course of CDAS's representation of Defendants in this matter. She represents clients in copyright, trademark and business disputes in state and federal court and handles copyright portfolio management, rights clearances and due diligence for mergers and acquisitions involving intellectual property. Ms. Gunther holds a JD from Notre Dame Law School where she served as Editor-in-Chief of the Journal on Emerging Technologies (JET) and as an award-winning oralist for the Moot Court Board. She also holds an LL.M, *cum laude*, in Intellectual Property and Technology Law from Fordham University School of Law.

f.  <u>Elizabeth Safran (née Altman)</u>

Ms. Safran's hourly rate at the time of representation was $325 per hour.  That rate is reasonable compared to prevailing market rates in the Southern District of New York for similar services by lawyers of comparable skill and reputation.  Ms. Safran was an associate in the Litigation and Trademark practice groups at CDAS from 2019 to 2021, having shifted to a part-time staff attorney position with both groups at the time of representation of Defendants in this matter.  Ms. Safran

8

represents and counsels clients in copyright and trademark disputes in federal and state courts and has co-authored six amicus briefs before the US Supreme Court, several US Courts of Appeals, and the Southern District of New York. Ms. Safran holds a JD from Fordham University School of Law, where she served as an award-winning competition captain with Moot Court and as an editor on the Intellectual Property, Media & Entertainment Law Journal.

g. Scott J. Sholder (Partner):

Mr. Sholder's hourly rate at the time of representation was $580. That rate is reasonable compared to prevailing market rates in the Southern District of New York for similar services by lawyers of comparable skill and reputation.  Mr. Sholder serves as a partner, as well as co-chair of the firm's Litigation Department, focusing his practice on litigation, counseling, and dispute resolution in connection with entertainment, media, art, and intellectual property matters. He is admitted to practice in New York and New Jersey, and before the Southern and Eastern Districts of New York, the District of New Jersey, and the U.S Courts of Appeals for the Second, Third, Fourth, Eleventh, D.C., and Federal Circuits. Mr. Sholder represents and advises clients across various industries in copyright, trademark, trade secrets, right-of-publicity, unfair competition, domain name, and commercial and business disputes, as well as defamation defense. He has appeared in federal and state courts around the country as well as administrative and arbitral tribunals and has handled cases from pre-suit negotiations through trial, post-trial procedures, and appeals. Mr. Sholder frequently speaks and writes on issues relating to copyright and trademarks in the entertainment and digital media space, with a recent focus on generative

9

AI. Mr. Sholder has been actively involved in pending copyright class action litigation regarding generative AI copyright infringement, and further chairs the Copyright & Literary Property Committee's AI Subcommittee, addressing current developments pertaining to copyright law and generative AI. He is vice chair of the ABA's Visual Arts and Dramatic Works Committee, co-chair of the New York City Bar Copyright & Literary Property Committee's subcommittee on AI, and former co-chair of the MLRC's Copyright & Trademark committee. Mr. Sholder is ranked by Chambers & Partners for Trademark, Copyright & Trade Secrets, and has been recognized by Super Lawyers, Best Lawyers, Lawdragon, and featured in the Hollywood Reporter as a "Power Lawyer" and in Variety's "Legal Impact Report."

h.   Elaine L. Chan-Lee (Paralegal)

Ms. Chan-Lee's hourly rate a the time of representation was $275. Ms. Chan-Lee served as the litigation department's paralegal. That rate is reasonable compared to prevailing market rates in the Southern District of New York for similar services by paralegals of comparable skill and reputation.  She holds a Juris Doctor degree from Touro College, Jacob D. Fuchsberg Law Center, Huntington, NY.

I affirm this 11th day of August 2026 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

_____
Nancy E. Wolff

10