UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LYNNE FREEMAN,

      Plaintiff,

vs.

TRACY DEEBS-ELKENANEY P/K/A
TRACY WOLFF, et al.,

      Defendants.

Case No.:  1:22-cv-02435-LLS-SN

## DECLARATION OF LACY H. KOONCE, III

Lacy H. Koonce, III declares as follows:

1.      I am a partner with Klaris Law PLLC, attorneys for defendants Emily Sylvan Kim and Prospect Agency, LLC (the "Prospect Defendants") in the above-captioned matter.

2.      I am duly admitted to practice law in the State of New York, the United States District Court for the Southern District of New York, and the United States Second Circuit Court of Appeals, among other courts.

3.      I make this declaration in connection with the Court's award of prevailing party attorneys fees to Defendants on July 28, 2026.

4.      This firm, Klaris Law PLLC, represented the Prospect Defendants in this action. At this firm, I have worked on this matter for approximately four years, with the support of several associates and paralegals. One associate, Zachary Press, worked on the matter with me from May 2022 until April 2023.  Another associate, Olivia Franklin, performed a review of the respective works during June 2023. I was the only attorney who worked on this matter at Klaris Law after June 2023.

5.      I am an experienced intellectual property litigator with three decades of substantive expertise in copyright law; Mr. Press and Ms. Franklin are also experienced intellectual property litigators. Biographical information on each of us is annexed hereto as **Exhibit A**. The biographical information for Mr. Press and Ms. Franklin reflects their experience at the time that they were employed by Klaris Law; my biographical information is current.

6.      Emily Sylvan Kim is an individual and is the principal of Prospect Agency, a small literary agency run out of Ms. Kim's home that has never had more than one paid employee other than Ms. Kim at any one time, does not have insurance for this matter, and for which the payment of attorneys fees in connection with this matter has been an extreme hardship. At all times, I have been aware of the financial toll that this matter was taking on Ms. Kim and Prospect Agency, and have carefully monitored Klaris Law's bills and made every effort to keep our bills as low as possible, including not billing at all in some months. Across the entire four years that the case has been pending, Klaris Law has billed the Prospect Defendants less than 5 hours per week on average, and approximately only 2 hours per week in the two years since the first summary judgment motions were fully submitted (that is, from March 2024 until the present).

7.      Given the differences in resources between the Defendants and other factors, counsel for Defendant Entangled Publishing, LLC took the lead role with respect to some of the tasks in this case. However, Klaris Law played the primary role in handling fact discovery of and for the Prospect Defendants, in drafting sections of briefing specific to the Prospect Defendants (including portions of Defendants' Rule 56.1 statements and declarations of Prospect Defendant employees), drafting sections of briefing generally applicable to all Defendants as needed, attending court conferences on behalf of the Prospect Defendants, and reviewing and revising all papers submitted on behalf of all Defendants. As such, our work for the Prospect Defendants was

2

not duplicative of the work performed by co-counsel, and this is readily apparent from our time records.

8.    The work we performed in connection with this case was substantial. At issue were, *inter alia*, manuscripts and books totaling some 3000+ pages, all of which required significant analysis, especially because Plaintiff shifted her arguments (and comparisons of the works) repeatedly, requiring Defendants to change their focus on multiple occasions as well, as well as re-examine the respective works.  Fact discovery in this case took place from June 2022 to March 2023, and covered a time frame from 2010 to 2022, resulting in a document production by the Prospect Defendants alone of over 300,000 pages of material, and depositions of not just Ms. Kim but also of three other Prospect Agency employees or former employees. Plaintiff then proffered seven separate experts in this case (Defendants proffered two). Summary judgment briefing took place over an extended time period from November 2023 to March 2024. The work performed by defense counsel on the renewed summary judgment motion in early 2026 that resulted in a final judgment against Plaintiff also was extensive.

9.    Plaintiff brought several state law claims against the Prospect Defendants – for breach of contract, fraud, and breach of fiduciary duty – which were dismissed on August 1, 2024 and are not the subject of any appeal ("State Law Claims"). The facts underlying these claims overlapped almost completely with the facts underlying Plaintiff's copyright claims (especially the issue of "access"). Klaris Law performed some legal work for the Prospect Defendants specifically related to these claims, primarily in connection with a separate motion for summary judgment (and reply papers) that the Prospect Defendants filed just as to those claims. I estimate the work we performed related to the State Law Claims at less than ten percent of the total work we performed on this matter prior to dismissal of the State Law Claims (after August 2, 2024 no more work was

3

done in connection with the State Law Claims). In any event, when attorneys for Klaris Law performed work in connection with the State Law Claims, they identified such tasks with reference either to the term "state law claims" or to the individual claims themselves in the narrative descriptions in Klaris Law bills. The Prospect Defendants do not seek attorneys fees in connection with the State Law Claims, and thus any such fees related to our work on those claims are identified and omitted from the total fees sought here, as discussed further below.

10.    Ms. Kim herself devoted many hundreds of hours of her own time, uncompensated, to numerous tasks in support of the defense, including gathering and organizing factual support for motion papers, and in particular extensive review of the works in question to provide the attorneys with a clear picture of the respective passages being claimed as infringed and infringing. In light of the extensive, purported comparison indices submitted by Plaintiff, Ms. Kim's work to untangle these patchwork indices saved hundreds of hours of attorney or paralegal time.

11.    Annexed as **Exhibit B** is a true and correct copy of invoices of work conducted by Klaris Law on behalf of the Prospect Defendants in connection with this action from April 2022 through July 31, 2026. These invoices total $473,568.75 in fees. **The total attorney fees sought on this motion is $426,981.25**, once fees associated with the State Law Claims and other non-chargeable tasks, are deducted.

12.    Each month prior to sending invoices to clients, the primary billing attorney at Klaris Law – in this case me – reviews the invoice. If it appears that Klaris Law attorneys or staff took too long to accomplish tasks in this matter, such time documented by those persons and the resulting charges are not billed to the client. Therefore, only time and costs for tasks necessary and reasonable to litigate this matter were billed to the Prospect Defendants. As is my custom and practice, I wrote off all duplicative time and made other good faith downward adjustments, some

of which are reflected in the invoices, which reflect approximately 50 hours of courtesy write-offs. Also, for a period of several months in late 2023 through early 2024 Klaris Law agreed to defer a portion of the Prospect Defendants' fees totaling $17,187.50 unless and until the Prospect Defendants recovered prevailing party attorneys fees (an agreement documented on the contemporaneous invoices). Now that the Court has awarded such fees, the Prospect Defendants intend to pay Klaris Law this deferred amount.

13.     Klaris Law reviews the billing rates charged by both partners and associates on an annual basis. The firm's Chief Financial Officer and Managing Partner compare the fees charged by Klaris Law attorneys with fees charged by other comparable firms in the New York, where our primary office is located. Associate and non-attorney rates are set after comparing Klaris Law's rates with other comparable firm rates. The current rates for all associates and the rates of non-attorney staff who worked on this matter were set by Klaris Law managers using this method. Partners are encouraged to either raise, lower, or leave their rates the same based on whether or not the rates are competitive with those charged by attorneys with comparable experience in other comparable firms. I set my hourly rate based on the rates charged by other comparable firms.

14.     For calendar year 2022, Klaris Law billed my time at the standard hourly rate of $595, and Mr. Press's and Ms. Franklin's time at the standard hourly rate of $475. Those standard hourly rates – even undiscounted – are significantly lower than those charged by attorneys with comparable experience in other comparable firms in this geographical area. In addition, in the case of the Prospect Defendants, Klaris Law has billed our time on this matter at a lower, discounted, blended rate of $500 per hour for both my time and the associates' time. Klaris Law has raised the hourly rate on this matter only once since inception – to $525 per hour as of January 2, 2026 – although my standard hourly rate is now $850 per hour.

15.    During the course of the action, which again spanned approximately four years from filing of the complaint until Court's decision on the second motion for summary judgment, Klaris Law performed various tasks in connection with its representation of the Prospect Defendants.

16.    Klaris Law bills its time in quarter-hour increments. Although on many days a billing attorney performed only a single task or a few closely-related tasks, our monthly invoices contain a number of entries where more than one task was performed but the invoice does not reflect specific time increments for each task. Therefore, for the purpose of this fee submission, in **Exhibit C** hereto I have restated all of the time entries in this matter, broken down the time spent (in quarter-hour increments) on each individual task based on my recollection, my general knowledge of the case and of my own time entries, and my familiarity with the time needed for similar tasks based on my experience as a litigator and supervisor of more junior attorneys. For time entries with multiple tasks for which we billed only a quarter-hour, I have broken the tasks down by .05-hour increments, even though we do not typically bill in that fashion.

17.    **Exhibit C** also lists, in Column 6, all of the time entries associated with the State Law Claims, as well as other time entries for which the Prospect Defendants are not seeking attorneys fees because they are not reasonable chargeable to this matter. The fees that the Prospect Defendants do not seek at this time total $46,587.50.

18.    In both Exhibit B and Exhibit C, we have redacted a small number of entries where the narrative reflects attorney work product, but to simplify this application the Prospect Defendants do not seek to recover any of the fees associated with the tasks that contain such work product redactions.

6

19.     Annexed hereto as **Exhibit D** is a chart listing all of the chargeable costs for which the Prospect Defendants seek recovery, which include only two categories of costs: E-discovery storage costs (copies of discovery documents) and deposition transcript costs.  Those costs total **$21,103.09**.

20.     Based on my experience and familiarity with the rates charged by other attorneys in New York City of similar experience and expertise, it is my opinion that the fees and costs incurred by defendants in this matter are reasonable and appropriate, especially given the shifting nature of Plaintiff's claims which caused substantial additional time and expense, along with the long duration of this case and the extensive periods of fact and expert discovery, and dispositive briefing.

21.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: August 11, 2026
            New York, New York

_____
            Lacy H. Koonce, III