**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LYNNE FREEMAN,

Plaintiff,

-against-

TRACY DEEBS-ELKENANEY, et al.

Defendants.

Case No. 1:22-cv-02435 (CM)(SN)

**PLAINTIFF'S MOTION TO SEAL**

**I. Introduction**

Plaintiff Lynne Freeman respectfully submits this motion, pursuant to the Court's Individual Practices, the Southern District's Electronic Case Filing Rules & Instructions, and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), for an order: (1) sealing unredacted versions of the Declaration of Lynne Freeman that include confidential financial information, and Exhibits 1 (a letter from her doctor), 2 (social security statement), 4 (retirement account information), and 5 (Roth IRA information) thereto, each of which has been lodged with the Court. Plaintiff has filed redacted versions with her briefing on the amount of fees to be awarded which redact no more than reasonably necessary to prevent the unnecessary public disclosure of sensitive financial information.

**II. Argument**

As this Court note in its Order determining that an award of fees, Plaintiff's financial condition may weigh on the appropriate amount of fees to be awarded. Thus, while her financial condition and records are highly sensitive and personal information, disclosure to this Court is necessary to properly advise the court of that condition.

Sealing these documents is appropriate since the presumption of public access yields to privacy interests in financial, medical, and non-party information. Although documents submitted in connection with a motion are "judicial documents" to which a presumption of access attaches, the presumption is not absolute and must be balanced against countervailing interests. *See Lugosch*, 435 F.3d at 119– 20; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978). The Second Circuit has recognized that "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access," *Lugosch v. Pyramid Co. of Onondaga*, 435

F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)); and that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Id.* at 120. Sealing or redaction is appropriate where, as here, it is narrowly tailored to protect such interests.

The materials at issue contain precisely such information—personal medical condition information and personal financial information. Because the wholesale, unredacted exposure of these files serves no legitimate judicial purpose, sealing or narrow redaction is strictly required under *Lugosch*.

Finally, sealing is appropriate because the requested relief is narrowly tailored to serve protected interests. Plaintiff does not seek to seal the record wholesale, she has merely redacted from the public record account number information, dollar value information, and limited information related to her physical condition.

For these reasons, Plaintiff respectfully requests that the Court (i) seal or order the redaction of Exhibits A–C to the Nashon Declaration (Dkt. 566-1) and the corresponding portions of the reply brief (Dkt. 566), as well as Exhibit 8 to Freeman's declaration in support of her supplemental reply to Defendants' Bond Motion (Dkt. No. 570-8); (ii) direct the Clerk to restrict public access to those materials pending the Court's decision on this motion; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: August 26, 2026
New York, New York

Respectfully submitted,

By: */s/ Stephen M. Doniger*

Stephen Doniger, Esq.
**DONIGER / BURROUGHS PC**
603 Rose Avenue
Venice, California 90291
(31) 590-1820

stephen@donigerlawfirm.com

**Reeder LLP**
Mark D. Passin
11766 Wilshire Boulevard,
Suite 1470
Los Angeles, CA 90025
310-861-2475
*Attorneys for Plaintiff Freeman*