**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LYNNE FREEMAN,

Plaintiff,

v.

TRACY DEEBS-ELKENANEY, et al.

Defendants.

Case No. 2:22-cv-02435 CM-SN

**SUPPLEMENTAL DECLARATION OF AMY NASHON IN SUPPORT OF REPLY BRIEF RE: AWARD OF ATTORNEYS' FEES**

**DECLARATION OF AMY NASHON**

Amy Nashon declares as follows:

1. I am a shareholder at the law firm of TroyGould, PC, attorneys for Defendants Tracy Deebs-Elkenaney p/k/a Tracy Wolff, Entangled Publishing, LLC ("Entangled"), Holtzbrinck Publishers, LLC d/b/a Macmillan, and Universal City Studios LLC in the above-captioned matter. I make this declaration in support of the Reply Brief submitted jointly by all Defendants (including Emily Kim and Prospect Agency, LLC) with respect to the Brief in Support of Request for Award of Reasonable Attorneys' Fees [Dkt. 588].

2. I spent weeks critically examining the legal invoices for TroyGould, PC, and Cowan, DeBaets, Abrahams & Sheppard LLP ("CDAS") before submitting them in connection with Defendants' motion. I painstakingly reviewed the invoices to redact and subtract from them (i) charges for work that appeared clerical, duplicative or excessive or could otherwise be susceptible to criticism; and (ii) many of the charges assessed by TroyGould for getting up to speed as new counsel for Entangled, and I calculated the remaining hours and charges, per firm, for purposes of the declarations submitted by TroyGould and CDAS.

3. The remaining time that TroyGould spent in the early months of its representation of Entangled, and which was not excised from the bills for which Defendants seek reimbursement, represented work that TroyGould did in preparing a motion for reconsideration of Judge Stanton's summary judgment ruling and planning for a possible writ, which necessarily involved a thorough review of the arguments made in the original briefing, and the work it did in preparing supplemental responses, which likewise necessitated reviewing the earlier responses and production.

4. I also lightly redacted attorney-client privileged information from portions of the narratives of some of the billing entries, which is appropriate and necessary in light of the pending appeal.

5. The billing entries that have been redacted in full, and for which Defendants are not seeking reimbursement, total more than $400,000, which equates to more than 15% of the fees billed by CDAS and TroyGould.

6. The Court then requested that Defendants provide the number of hours performed at each respective rate by all billers for whom Defendants seek reimbursement. I thereafter again reviewed each and every invoice and, using a calculator and spreadsheet, manually calculated, the number of hours for each billing attorney for which Defendants seek reimbursement, calculated by firm, year and billing rate.

7. Based on the dates on which they were admitted to the bar, which is public information, Nancy Wolff of CDAS has over 40 years of experience litigating copyright actions and John Ulin of TroyGould has over 30 years of experience as an intellectual property litigator.

8. Ms. Wang has been a "member" of TroyGould since 2018. TroyGould, as a professional corporation and not a partnership, uses the terminology "member" rather than "partner." She has been a California-barred attorney since 2011 and she well deserves the billing rate she charges based upon her years of experience and her expertise.

9. On September 3, 2026, I visited Ms. Freeman's personal website and downloaded a PDF of her "About Me" page, a true and correct copy of which is attached as **Exhibit A**.

10. Stephen Doniger's hourly rate of $865 was approved last year as reasonable and Mr. Passin had an hourly rate of $775 eight years ago, which has almost certainly increased since then. A true and correct copy of the following is attached as **Exhibit B**: August 13, 2025 Order by the Central District of California finding Mr. Doniger's $865 hourly rate reasonable, and Mr. Passin's 2018 declaration seeking reimbursement at his hourly rate $775.

11. On September 3, 2026, my colleague Jennifer Wang downloaded an article for my review from the ABA Journal at the following URL, relating to annual law firm rate increases: Revenue, billing rates and demand all up at law firms in 2025, survey shows. A true and correct copy of that article is attached as **Exhibit C**.

12. In support of her Opposition, Ms. Freeman attached an August 20, 2026, note from her physician, Alan J. Viglione. On September 4, 2026, I downloaded as a PDF two of the pages from the website for Mr. Viglione's medical practice. A true and correct copy of that PDF is attached as **Exhibit D**.

13. True and correct copies of portions of the March 24, 2023, deposition of Ms. Freeman are attached as **Exhibit E.**

14. True and correct copies of portions of the March 21, 2023, deposition of Trent Baer are attached as **Exhibit F**.

15. On September 3, 2026, I visited Ms. Freeman's LinkedIn and Instagram pages and downloaded PDFs, true and correct copies of which are attached as **Exhibit G**.

16. On September 4, 2026, I visited the website for Ms. Freeman's Martindale Hubble account and downloaded a PDF, a true and correct copy of which is attached as **Exhibit H**.

17. On September 4, 2026, I visited the website for the Anchorage Daily News, and downloaded a PDF, a true and correct copy of which is attached as **Exhibit I**.

18. A true and correct copy of an April, 2021, email chain between Emily Kim and Lynne Freeman is attached as **Exhibit J**.

I affirm this 4th day of September, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Amy Nashon

Amy Nashon