**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LYNNE FREEMAN,<br><br>Plaintiff,<br><br>v.<br><br>TRACY DEEBS-ELKENANEY, et al.<br><br>Defendants. | Case No. 1:22-cv-02435 CM-SN<br><br>**DECLARATION OF DWAYNE GOETZEL IN SUPPORT OF AN ORDER AWARDING ATTORNEYS' FEES AND COSTS** |

**DECLARATION OF DWAYNE GOETZEL**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1. In Plaintiff's Objection to Defendants' Requested Award of Attorneys' Fees and Costs (Dkt. 601), Plaintiff claims that I "did not act as Tracy Wolff's litigation counsel in this case," claiming that our fees should be disallowed "in their entirety" because I was allegedly "Wolff's personal attorney that acted as a conduit between her litigation lawyers and Wolff." Such statements are incorrect and evidence the Plaintiff's continued bad faith in this matter.

2. In my original declaration on the matter of fees (Dkt. 585-1), I expressly stated as follows: "I served as the primary defense counsel for Ms. Wolff, in particular with respect to discovery matters and various pleadings. Other defense counsel and I tried to avoid duplication of effort by, for example, assigning different sections of the many pleadings and briefs that were filed herein. Some matters were handled primarily by counsel for Entangled, so I did not bill much, if any, during the times when Entangled's counsel took the laboring oar."

3. As an example of my acting as litigation counsel, I handled all matters pertaining to discovery directed to Ms. Wolff, such as obtaining computers, phones, and documents in her possession for production. As another example, I defended the deposition of Ms. Wolff, **which was taken by Mr. Passin**, so Plaintiff knows I was litigation counsel for Ms. Wolff, despite what Plaintiff is now telling the Court.

4. As another example, I had primary responsibility for handling Plaintiff's discovery requests directed to Shellee Roberts, a friend of Ms. Wolff, at the time Plaintiff made the absurd claim that Ms. Wolff's earlier works were also allegedly infringing Plaintiff's manuscripts.

5. In addition, I was solely responsible (along with Tim Maloney) for preparing Ms. Wolff's case for trial, including reading through all the deposition transcripts, determining potential witness cross-examination, reviewing all document production, preparing Ms. Wolff's

exhibit list and witness list, creating jury instructions, etc. Further, I took the lead in drafting many of the documents and pleadings in this case, including for summary judgment.

6. As my detailed timesheets indicate, the majority of fees billed in this matter started in August 2025, three (3) years after the filing of the complaint, and those fees were largely to prepare Ms. Wolff's case for trial. For example, our invoices show total fees by me and Mr. Maloney in the amount of $128,927.50 from August 2025 through February 2026, for the activities set forth in para. 5 above, when the case was getting closer to a potential trial under Judge Stanton, and then with respect to the various motions when Your Honor took over the case.

7. In sum, I was not Ms. Wolff's "personal attorney that acted as a conduit between her litigation lawyers and Wolff," and Plaintiff's attorneys know better.

8. With respect to the $75,000 that Ms. Wolff seeks reimbursement for, in para. 6 of her original declaration (Dkt. 551-1), Ms. Wolff stated that she has "had to spend over $200,000 in costs and legal fees, pay a $50,000 deductible to Entangled Publishing, and [she] also lost an additional $25,000 of [her] royalties, which Entangled kept in order to cover some legal expenses."

9. Plaintiff claims that "Wolff fails to supply any backup," at least with respect to the foregoing $25,000 amount. Defendants produced to Plaintiff the relevant May 1, 2022 through July 31, 2022 and August 1, 2022 through October 31, 2022 royalty statements (KIM00332905 and WOLFF0103009), so Plaintiff should be fully aware of those amounts. That said, I thought those specific royalty statements were attached to Ms. Wolff's original declaration at Dkt. 551-1, but it appears they were not. I apologize to the Court for the oversight.

10. As a result, I am attaching true and correct copies of the relevant pages from those royalty statements now (redacting total dollar amounts and units sold) and have highlighted the withheld amounts that were applied to attorneys' fees, and for which Ms. Wolff should be reimbursed by Plaintiff.

Dwayne K. Goetzel
Dated: August 28, 2026

| | | | | | |
|---|---|---|---|---|---|
| | $20.00 | 688 | $10,283.40 | 22.00% of List | $3,027.20 |
| | $21.91 | 1 | $15.34 | 22.00% of List | $4.82 |
| | $21.93 | 1 | $15.35 | 22.00% of List | $4.82 |
| | $22.00 | 1 | $15.84 | 22.00% of List | $4.84 |
| | $35.57 | 1 | $24.90 | 22.00% of List | $7.83 |
| High Discount Rate | $2.64 | 762 | $426.79 | 7.33% of List * | $147.52 |
| | $7.54 | 3 | $14.40 | 19.80% of List * | $4.48 |
| | $7.96 | 1 | $4.68 | 11.00% of List * | $0.88 |
| | $7.99 | 42,849 | $203,291.47 | 7.33% of List * | $63,681.09 |
| | $9.49 | 8 | $34.16 | 11.00% of List * | $8.33 |
| | $13.29 | 185 | $1,136.49 | 11.00% of List * | $270.42 |
| | $14.22 | 3 | $19.95 | 11.00% of List * | $4.69 |
| Hard Cover | | | | | |
| Regular | $18.99 | 10,428 | $93,894.89 | 11.00% of List | $21,783.13 |
| | $19.99 | (3) | ($28.18) | 11.00% of List | ($6.60) |
| | $25.99 | 31 | $393.95 | 11.00% of List | $88.69 |
| High Discount Rate | $18.99 | 13,659 | $108,864.34 | 5.50% of List * | $14,266.13 |
| | $19.99 | (6) | ($50.39) | 5.50% of List * | ($6.60) |
| | $25.99 | 5 | $48.86 | 5.50% of List * | $7.16 |
| **TOTAL** | | [redacted] | [redacted] | | [redacted] |

## STATEMENT ADJUSTMENTS

| TYPE | AMOUNT |
|---|---|
| Rights Income - Gaming | $537.93 |
| Rights Income - English | $5,107.46 |
| Rights Income - French | $5,535.22 |
| Rights Income - Spanish | $21,845.31 |
| Rights Income - Merchandising | $1,528.08 |
| Expense | ($50,000.00) |
| Rights Income - Portuguese | $732.29 |
| **TOTAL** | **($14,713.71)** |

## LIFE TO DATE SALES

| ISBN | REVENUE TYPE | NET UNITS |
|---|---|---|
| 9781640638969 | E-Book | [redacted] |
| 9781640638952 | Hard Copy | [redacted] |
| 9781649371911 | Hard Copy | [redacted] |

**Total Royalties: $710,680.06**

* Please consult your contract for your prevailing rate discount terms.

| | | | | | |
|---|---|---|---|---|---|
| High Discount Rate | $2.64 | 221 | $123.78 | 7.33% of List * | $42.79 |
| | $7.04 | 1 | $4.14 | 11.00% of List * | $0.77 |
| | $7.38 | 2 | $9.44 | 19.80% of List * | $2.92 |
| | $7.64 | 1 | $4.86 | 19.80% of List * | $1.51 |
| | $7.99 | 55,918 | $211,674.54 | 7.33% of List * | $65,589.13 |
| | $9.49 | 5 | $21.28 | 11.00% of List * | $5.21 |
| | $13.29 | 245 | $1,506.04 | 11.00% of List * | $358.13 |
| Hard Cover | | | | | |
| Regular | $18.99 | 11,897 | $112,977.82 | 11.00% of List | $24,851.75 |
| | $19.99 | ( 2) | ( $18.18) | 11.00% of List | ( $4.40) |
| | $25.99 | 566 | $7,688.75 | 11.00% of List | $1,618.53 |
| High Discount Rate | $18.99 | 8,943 | $71,263.86 | 5.50% of List * | $9,340.50 |
| | $19.99 | 23,276 | $195,420.63 | 5.50% of List * | $25,590.80 |
| | $25.99 | 68 | $662.74 | 5.50% of List * | $97.23 |
| **TOTAL** | | [redacted] | [redacted] | | [redacted] |

## STATEMENT ADJUSTMENTS

| TYPE | AMOUNT |
|---|---|
| Rights Income - Audio | $3,002.57 |
| Rights Income - Audio | $9,170.92 |
| Rights Income - Merchandising | $86.31 |
| Rights Income - Polish | $1,601.40 |
| Rights Income - Ukraine | $229.50 |
| Rights Income - Ukraine | $229.50 |
| Expense | ( $25,000.00) |
| **TOTAL** | **( $10,679.80)** |

## LIFE TO DATE SALES

| ISBN | REVENUE TYPE | NET UNITS |
|---|---|---|
| 9781640638969 | E-Book | [redacted] |
| 9781640638952 | Hard Copy | [redacted] |
| 9781649371911 | Hard Copy | [redacted] |
| 9781649373878 | Hard Copy | [redacted] |

Total Royalties: $845,175.94

* Please consult your contract for your prevailing rate discount terms.