UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

LYNNE FREEMAN,

Plaintiff,

vs.

TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, et al.,

Defendants.

Case No.: 1:22-cv-02435-LLS-SN

**REPLY DECLARATION OF LACY H. KOONCE, III**

Lacy H. Koonce, III declares as follows:

1. I am a partner with Klaris Law PLLC, attorneys for defendants Emily Sylvan Kim and Prospect Agency, LLC (the "Prospect Defendants") in the above-captioned matter.

2. I am duly admitted to practice law in the State of New York, the United States District Court for the Southern District of New York, and the United States Second Circuit Court of Appeals, among other courts.

3. I make this declaration in connection with the Court's Order of August 27, 2026 (ECF No. 609) allowing Defendants to submit a reply to Plaintiff's opposition filings challenging Defendants' submissions of documentation in support of their fee request.

4. In her papers, Plaintiff and her counsel lodge only one complaint against my firm's billings in this matter: That our invoices were "block billed." Plaintiff cites cases that disfavor block billing, in particular *Benihana, Inc. v. Benihana of Tokyo, LLC*, No. 15 CIV. 7428, 2017 WL 6551198, at *3 (S.D.N.Y., Dec. 22, 2017), but that very case makes clear that block billing "does not automatically preclude recovery for the hours billed by counsel. In general, courts make reductions to block-billed hours in circumstances when (1) there is reason to believe that the hours billed were independently unreasonable; (2) the block billing involved aggregating tasks that were

not all compensable; or (3) the number of hours block billed together was so high (such as five hours or more) so as to create an unacceptable risk that the aggregated total exceeded the reasonable hours worked on compensable tasks."

5. Plaintiff makes no showing that any of these circumstances are present here. My firm's billing practices are not at all analogous to those in *Benihana*, where the attorney had a "disquietingly casual" approach to billing that resulted in time entries that were "often far too terse and inexact," and "almost aways rounded to the nearest hour." *Id.* at *5. By contrast, our time entries are lengthy and provide detailed descriptions of the tasks performed, we have no practice of rounding up to the nearest hour, and as discussed below I have taken the additional step of parsing out the approximate time each discrete task took wherever a daily entry contained more than one task. *See*, *e.g.*, *Monaghan v. SZS 33 Associates, L.P.*, 154 F.R.D. 78, 85–86 (S.D.N.Y. 1994); *see also Raja v. Burns*, 43 F.4th 80 (2d Cir. 2022). Also, only a handful of them exceeded five hours, and most of those were for preparing and appearing for depositions, for example. *See*, *e.g.*, Dkt. 592-3 at 23-25.

6. I joined Klaris Law in July 2021. At the time, the firm consisted of five lawyers; I was the sixth, and the first litigator. The firm's billing practices were geared more to transactional work than litigation, and while the firm's practice was to document each and every task performed on one day, we typically did not assign values to each task.

7. Over time, in particular as our litigation practice has grown, we have amended our practices, although on small litigation matters we often still "block bill," in part because many days there will be only one or a few tasks.

8. This litigation was one I anticipated would be a small matter. With apologies to the Court for a casual turn of phrase: Boy, was I wrong. While I firmly believe that it should have remained a small matter – or, more appropriately, should never have been filed at all – I clearly

misjudged. Still, given our clients' financial resources, we carefully billed the least amount possible throughout the litigation.

9. As Plaintiff concedes, a third of our time entries were days with a single time entry where there is no allocation to be done because the time entry reflects the single task accomplished. Moreover, a similar amount of our time entries have only two tasks listed for the day. (Dkt. 592-2, 592-3.)

10. In any event, attached to my prior declaration is a breakdown of the time spent on each task. (Dkt. 592-3) Plaintiff calls those breakdowns "guesstimates" – twice in one sentence, no less – but they are not. I have been the primary attorney for the Prospect Defendants for the entire four-year duration of this case, and the only attorney on this matter since June 2023. I reviewed our time entries one-by-one, manually, to produce the breakdowns I provided the Court. Many of the days I recall clearly how I divided my time, and where I was at all unsure I reviewed contemporaneous emails and calendar entries to determine the amount of time spent on each task.

11. For the two associates who billed time, one (Olivia Franklin) only billed time to review Plaintiff's main manuscript against *Crave*. Ms. Franklin was not an attorney assigned to this case, but I asked her to conduct this independent review almost a year into the case to provide yet another pair of "neutral" eyes on whether there were any similarities between the works, beyond myself, the associate (Zach Press) assigned to the case, my client, co-counsel, and the other defendants.

12. With respect to Mr. Press, I worked closely with him on all aspects of the case, and have a very good sense of the tasks he performed and the amount of time spent on each, and I believe that the breakdowns I have provided for any of his time is accurate.

13. Plaintiff's final criticism is that we have not sufficiently apportioned time spent on the state law claims in this case, for which we do not seek any fee award. That is simply untrue.

We have reduced the time entries by $32,175 to reflect time spent on the state law claims, which were clearly referenced in the time entry narratives when we worked on them. For any day with multiple tasks for which I provided a breakdown, where any task denoted a state law claim, I carefully assigned a value, and attempted to be conservative in doing so.

14. In my declaration I made clear that the state law claims received little attention in this case except in connection with the first summary judgment motion, where we successfully moved against those (also baseless) claims. (Dkt. 592 ¶ 9.) The facts relating to fraud, fiduciary duty and breach of contract overlapped with and were subsumed by the facts relating to the federal claims, in particular the "access" prong of the infringement claim, and the contributory infringement and vicarious liability claims.

15. Plaintiff nonetheless says that I failed in my declaration "to allocate any of the time spent on the four state law claims other than for time spent on tasks solely related to those claims, the amount of which he does not specify, even though they involve some distinct factual issues which require an allocation of all time spent on the matter." I do not know what he means when he says "the amount of which he does not specify," as the time spent solely on the state law tasks are clearly broken out either in the original invoices or in my supplemental breakdown. Nor does Plaintiff explain which "distinct factual issues" would require an additional time allocation not found in the breakdowns.

16. Also, it is simply not true that I only broke out state law claim work where the narrative indicated the task was solely related to those claims. I broke out time for state law claims for entries such as drafting our client's Answer, preparing outlines for summary judgment briefing, and Daubert motions.

17. In any event, I stand by the statement made in my prior declaration that no more than 10% of our work on this case related to the state law claims. This was a copyright infringement

case. The Court's dismissal of the state law claims in a few brief paragraphs, and Plaintiff's decision not to appeal that dismissal, speaks volumes as to the relative materiality of those claims.

18. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 4, 2026
New York, New York

Lacy H Koonce III

Lacy H. Koonce, III