TroyGould ATTORNEYS

TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, California 90067-2367
**Tel** (310) 553-4441 | **Fax** (310) 201-4746
www.troygould.com

**Amy L. Nashon** • (310) 789-1245 • anashon@troygould.com

File No.

September 10, 2026

Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
40 Foley Square, Courtroom 24A
New York, New York 10007

***Re: Freeman v. Deebs-Elkenaney et al., Case No. 1:22-cv-02435-CM-SN***

Your Honor:

We write jointly with our co-counsel on behalf of all Defendants in this action with respect to Defendants' pending Motion for an Order Holding Plaintiff's Counsel Jointly and Severally Liable for Excess Attorneys' Fees and Costs Pursuant to 28 U.S.C. § 1927 and the Court's Inherent Authority (Dkt. 617) (the "1927 Motion").

Unbeknownst to Defendants at the timing of their filing of the 1927 Motion, the Honorable Andre Birotte Jr., federal judge of the United States District Court in the Central District of California, had recently issued an order on September 1, 2026 in the case of *Browne et al. v. Rodney Sebastian Clark et al.,* Case 2:21-cv-02840-AB-AJR, in which Stephen Doniger and Doniger Burroughs are counsel of record for the plaintiffs.

Judge Birotte found that plaintiffs' counsel had offered conflicting theories and "shifting explanations" and could not, despite being repeatedly pressed, "identify the work in which the particular selection and arrangement they seek to protect is embodied." Similarly to what they did here, plaintiffs' counsel instead sought to combine disparate elements across multiple works to create an entirely new work and "then claim that newly assembled arrangement as the copyrighted expression," even though there was no single work that contained original material that was copied. The Court "conclude[d]…that Plaintiffs have failed to identify the copyrighted work embodying the specific selection and arrangement they seek to enforce."

The decision in *Browne* is directly relevant to the 1927 Motion, because it demonstrates that Doniger Burroughs has an established pattern and practice of presenting shifting positions, refusing to identify and explain their theory of copyright infringement, and presenting legal arguments that are contrary to well-established case law and "invert the copyright analysis" entirely. This practice prevents the efficient resolution of disputes and increases the personal and economic costs of litigation.

TroyGould ATTORNEYS



Defendants appreciate Your Honor's consideration of this submission and the attached ruling in *Browne*.

Respectfully Submitted,

Amy L. Nashon

Enclosure