USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYNNE FREEMAN,

Plaintiff,

-against-

TRACY DEEBS-ELKENANEY, et al.

Defendants.

No. 22-cv-2435 (CM) (SN)

**ORDER CONCERNING FREEMAN'S DEPOSITION**

McMahon, J.:

Ms. Freeman must appear for a deposition at which she will answer ALL questions put to her. As per the Federal Rules (*see* Rule 30(c)(2)), directions not to answer are limited to questions that call for privileged information. We have reviewed the transcript of the previous session of the deposition and none of the questions implicates attorney client privilege, so Freeman may not interpose that objection to any of the questions that she refused to answer at the deposition. For avoidance of doubt, the Court has not interposed any limitation on questioning, and the deposition will go on for as long as it takes and is not limited to one day and seven hours as per Rule 30(d)(3). All other objections, including to the form of questions, may be placed on the record but the witness MUST answer the question notwithstanding the objection and no attorney may direct otherwise; the objection will be ruled on if and when the evidence is presented to the Court. Any direction not to answer that goes beyond this ruling will have the following consequences: (1) the Court will presume that the answer is favorable to the Defendants' position that Ms. Freeman should be held liable for substantial attorneys' fees; and (2) the directing attorney will be personally subject to sanctions and to the possibility of being

held in contempt. The deposition must take place within the next ten days, at the location of Defendants' choosing.

Counsel for Ms. Freeman who attended the last session of her deposition must show cause, within five business days, why he should not personally bear the cost of (1) the court reporter's attendance at the deposition and the cost of the resulting transcript, and (2) the cost for the attendance of two (2) attorneys for Defendants at said deposition, including the cost of travel, if any.

The transcript of the last session of Ms. Freeman's deposition that has been provided to me will be considered as evidence in connection with the pending Section 1927 motion against Plaintiff's counsel.

Judge Netburn has continued to monitor this case. If there are any problems at the deposition, either she or I can be called to resolve them. I do not expect any problems. Judge Netburn has also offered to convene a settlement conference if the parties are interested. Communications on that subject should be addressed directly to her chambers.

September 17, 2026

U.S.D.J

BY ECF TO ALL COUNSEL