**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LYNNE FREEMAN,<br><br>Plaintiff,<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY, et al.<br><br>Defendants. | Case No. 2:22-cv-02435 (CM)(SN)<br><br>**OPPOSITION OF DONIGER / BURROUGHS PC AND STEPHEN DONIGER TO DEFENDANTS' MOTION FOR AN ORDER HOLDING PLAINTIFF'S COUNSEL JOINTLY AND SEVERALLY LIABLE FOR EXCESS ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY** |

# TABLE OF CONTENTS

I. INTRODUCTION……………………………………………………………………...1

II. LEGAL STANDARD……………………………………………………………………..2

III. ARGUMENT……………………………………………………………………………...3

A. Claim asserted and actions undertaken before March of 2026 cannot support a finding against Doniger / Burroughs……………………………………………3

B. Defendants fail to establish Doniger / Burroughs's bad faith……………………..4

C. Freeman's claims were colorable…………………………………………………6

D. Defendants fail to establish causation or tie fees to any accused conduct………...8

IV. CONCLUSION…………………………………………………………………………..10

# TABLE OF AUTHORITIES


**Cases** **Page(s)**

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ............................................................ 6

*Eisemann v. Greene*,
204 F.3d 393 (2d Cir. 2000) ............................................................ 2

*Enmon v. Prospect Capital Corp.*,
675 F.3d 138 (2d Cir. 2012) ............................................................ 3

*Ferring Pharms. Inc. v. Serenity Pharms., LLC*,
331 F.R.D. 75 (S.D.N.Y. 2019) ............................................................ 2, 6

*Fox v. Vice*,
563 U.S. 826 (2011) ............................................................ 8

*GoodyearTire & Rubber Co. v. Haeger*,
137 S. Ct. 1178 (2017) ............................................................ 8, 9

*Kerin v. U.S. Postal Serv.*,
218 F.3d 185 (2d Cir. 2000) ............................................................ 2, 3

*Kim v. Kimm*,
884 F.3d 98 (2d Cir. 2018) ............................................................ 2

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,
676 F. 3d 841 (9th Cir. 2012) ............................................................ 4

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*,
922 F.3d 946 (9th Cir. 2019) ............................................................ 4

*McGucken v. Shutterstock, Inc.*,

166 F.4th 361 (2nd Circ. 2026) ........................................................................................ 4

*McGucken v Pub Ocean Ltd.*,

42 F.4th 1149 (9th Cir. 2022) ........................................................................................... 4

*Milltex Indus. Corp. v. Jacquard Lace Co.*,

55 F.3d 34 (2d Cir. 1995) ................................................................................................. 4

*Nemeroff v. Abelson*,

620 F.2d 339 (2d Cir. 1980) ............................................................................................. 2

*Nichols v. Universal Pictures Corp.*,

45 F.2d 119 (2d Cir. 1930) ............................................................................................... 8

*Oliveri v. Thompson*,

803 F.2d 1265 (2d Cir. 1986) ..................................................................................... 2, 6, 9

*Perry v. Ethan Allen, Inc.*,

115 F.3d 143 (2d Cir. 1997) ............................................................................................. 7

*Revson v. Cinque & Cinque, P.C.*,

221 F.3d 59 (2d Cir. 2000) ............................................................................................... 5

*Schlaifer Nance & Co. v. Estate of Warhol*,

194 F.3d 323 (2d Cir. 1999) ............................................................................ 2, 4, 5, 7, 10

*Sierra Club v. U.S. Army Corps of Eng'rs*,

776 F.2d 383 (2d Cir. 1985) ............................................................................................. 2

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*,

682 F.3d 170 (2d Cir. 2012) ............................................................................................. 6

*Ted Lapidus, S.A. v. Vann*,

112 F.3d 91 (2d Cir. 1997) .......... 10

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*,

595 U.S. 178 (2022) .......... 4

*United Fabrics Int'l, Inc. v. C&J Wear, Inc.*,

630 F.3d 1255 (9th Cir. 2011) .......... 4

*United States v. Int'l Bhd. of Teamsters*,

948 F.2d 1338 (2d Cir. 1991) .......... 2

*Wolters Kluwer Fin. Servs., Inc. v. Scivantage*,

564 F.3d 110 (2d Cir. 2009) .......... 2, 7

**Statutes**

28 U.S.C. § 1927 .......... 1, 2, 6, 7, 8, 9

**Rules**

Fed. R. Civ. P. 30(c)(2) .......... 10

## I. INTRODUCTION

Defendants' motion to hold Doniger / Burroughs and Stephen M. Doniger (collectively "Doniger / Burroughs") jointly liable for attorneys' fees under 28 U.S.C. § 1927 and the Court's inherent authority lacks merit. As a threshold issue, it fails to identify any bad faith conduct on the part of Doniger / Burroughs, instead focusing almost exclusively on conduct that occurred before Doniger / Burroughs appeared or took any action in this case. The specific assertions against Doniger / Burroughs amount to little more than that it has advocated positions that this Court found unconvincing, with a September 10 letter (ECF 619) supplement arguing that a single ruling in another factually distinct case (Declaration of Stephen M. Doniger ("Doniger Decl.") ¶ 5) - one of the thousands of disputes the firm has handled over the past 20 years – somehow establishes a "pattern and practice" of bad faith litigation. But it does no such thing, let alone establish evidence that the claims *in this case* were either entirely meritless, undertaken for a "bad faith" or vexatious purpose, or resulted in any excess fees.

Defendants are candid that this motion was prompted not by any conduct of Doniger / Burroughs but by Freeman's declaration that she cannot pay. Mot. at 1–2. They ask the Court to make her lawyers a contingent guarantor, liable only "to the extent the award remains unsatisfied by Plaintiff 60 days after entry of a final fee judgment." *Id*. at 13–14. But § 1927 does not work that way; it reaches only "excess" fees "incurred because of" an attorney's own vexatious multiplication of proceedings. Here, Doniger / Burroughs came into the case at the close of discovery to litigate it as co-counsel through summary judgment. The bad-faith allegations that post-date their appearance amount to nothing more than § 505 objective-unreasonableness findings and conclusory characterizations—none of which is "clear evidence" of a colorless

claim pursued for an improper purpose. And Defendants make no attempt to tie any "excess" fee to conduct of Doniger / Burroughs. This motion must therefore be denied.

## II. LEGAL STANDARD

"Bad faith is the touchstone of an award under" § 1927. *United States v. Int'l Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. 1991). The same showing governs relief under the trial court's inherent power. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). To impose sanctions under this provision, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith--that is, motivated by improper purposes such as harassment or delay." *Ferring Pharms. Inc. v. Serenity Pharms., LLC*, 331 F.R.D. 75, 78–79 (S.D.N.Y. 2019), quoting *Kim v. Kimm*, 884 F.3d 98, 106 (2d Cir. 2018) (internal quotation marks and citation omitted). "The test is conjunctive and neither meritlessness nor improper purpose alone will suffice." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 (2d Cir. 2000).

A claim "is entirely without color when it lacks *any* legal or factual basis," but is colorable when "a reasonable attorney . . . could have concluded that facts supporting the claim might be established, not whether such facts actually had been established." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999) (quoting *Sierra Club v. U.S. Army Corps of Eng'rs*, 776 F.2d 383, 390 (2d Cir. 1985), and *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir. 1980)) (emphasis in original).

And "improper purpose" must be established with "clear" evidence which is construed "restrictively." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000). "[A] naked statement that the losing party acted in bad faith is not enough." *Kerin*, 218 F.3d at 191–92; *see Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009) ("high degree of specificity").

## III. ARGUMENT

Defendants cannot establish by clear evidence that Doniger / Burroughs caused "excess fees" by advancing entirely meritless positions for improper purposes. Thus, this motion fails.

### A. Claims asserted and actions undertaken before March of 2023 cannot support a finding against Doniger / Burroughs

To establish any colorable claim against Doniger / Burroughs, Defendants must establish by "clear evidence" that Doniger / Burroughs' actions "multiplie[d] the proceedings" with "detailed consideration of what conduct . . . satisfied the bad faith requirement" and establish the amount of excess fees "incurred because of such conduct." *Kerin*, 218 F.3d at 192. While the Second Circuit permits sanctions against a firm for its own attorneys' acts, *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 147–48 (2d Cir. 2012), no authority permits sanctions against an attorney of firm for conduct by others before they appeared in the case.

Here, the Court's prior findings of bad faith in the Fee Order were focused near exclusively on the manuscript dispute that occurred between April 2022 and February 2023—before Doniger / Burroughs was counsel of record in this matter. ECF 583 at 11-15. Indeed, the Court's later statement that counsel acted vexatiously "throughout this litigation" incorporates those same findings by reference: "as described *supra*, pages 11–16." *Id.* at 23. Similarly, the new allegations in Defendants' motion—the complaint's "45 versions" allegation, the Dkt. 103 phrase list, the Dkt. 117 letter, the Tempest Rising theory, and the e-discovery search terms (Mot. at 5, 8, 10–11 & n.2)— all predate Doniger / Burroughs' appearance, and the "text spinner" and Ducati references carry no date, docket cite, or attribution (Mot. at 2, 10).

As discussed below, the only passage in the "Bad Faith" section of this Court's prior findings that post-date Doniger / Burroughs involvement—the "strong inference" drawn by the

Court from two descriptions of Plaintiff's works (Fee Order at 15–16)—simply do not establish conduct that was entirely meritless or undertaken with an improper purpose—because it was not.

**B. Defendants fail to establish Doniger / Burroughs's bad faith**

To grant this motion, the "court's factual findings of bad faith must be characterized by a high degree of specificity." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 338 (2d Cir. 1999), quoting *Milltex Indus. Corp. v. Jacquard Lace Co*., 55 F.3d 34, 38 (2d Cir. 1995)(remaining citation omitted). Yet Defendants offer nothing that would permit the Court to properly make such findings, thus entirely failing to meet their burden.

Instead, Defendants resort to arguing "that Doniger Burroughs has an established pattern and practice of" *inter alia* "presenting shifting position… [and] presenting legal arguments that are contrary to well-established case law." But the opposite is true. Doniger / Burroughs has handled thousands of copyright disputes and has prevailed on every one it has taken to trial, the majority of summary judgment motions it has handled, and on appeal in virtually all cases where the trial court ruled against its clients on summary judgment, making new law enroute, including:

- *McGucken v. Shutterstock, Inc.*, 166 F.4th 361 (2nd Circ. 2026) (published opinion reversing summary judgment against Doniger / Burrough client and addressing the Copyright Act's nuanced Section 512 provision)
- *United Fabrics Int'l, Inc. v. C&J Wear, Inc*., 630 F.3d 1255 (9th Cir. 2011) (published opinion reversing summary judgment against Doniger / Burroughs client)
- *L.A. Printex Indus., Inc. v. Aeropostale, Inc*., 676 F. 3d 841 (9th Cir. 2012) (published opinion reversing summary judgment against Doniger / Burroughs client)
- *Malibu Textiles, Inc. v. Label Lane Int'l, Inc*., 922 F.3d 946 (9th Cir. 2019) (published opinion reversing summary judgment against Doniger / Burroughs client)
- *McGucken v Pub Ocean Ltd*., 42 F.4th 1149 (9th Cir. 2022) (published opinion reversing summary judgment against Doniger / Burroughs client in seminal fair use case)
- *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P*. is 595 U.S. 178 (2022) (vacated the Ninth Circuit's reversal of Doniger / Burroughs trial win against H&M).

Thus, Doniger / Burroughs' litigation history demonstrates a high degree of success taking meritorious positions. Indeed, in 2023 Stephen Doniger received the California Lawyers

Association IP Law Section Vanguard Award, which "honors outstanding legal professionals… for their contributions to the advancement of intellectual property law." Doniger Decl. ¶ 4.

More importantly, Doniger / Burroughs pursued this case believing there was a strong claim of access and copying that went beyond unprotectable idea into protectable expression. Doniger Decl. ¶ 6. There is simply no basis to doubt this, and bad faith may be inferred from conduct only when it is "*so completely without merit* as to require the conclusion that [it] must have been undertaken for some improper purpose." *Revson*, 221 F.3d at 79 (emphasis in original). Nothing Defendants identify from the post-retention period meets that standard.

First, this Court's critique of Freeman's summary judgment evidence (ECF 583 at 7–8) speaks to the quality of advocacy, not its purpose. In *Revson* the district court found counsel's conduct "offensive, demeaning, and abusive," "extortionate," and in "bad faith"—"Rambo tactics"—yet the Second Circuit reversed § 1927 and inherent-power sanctions in full because the positions had some basis. 221 F.3d at 74–75, 78–81. If those findings did not suffice, a finding here that briefs were unpersuasive cannot. Doniger Decl. ¶ 7.

Second, this Court's findings of "misleading" references to the castle/chateau and the green-eyed maternal grandmother similarities (ECF 583 at 15–16) also go to the quality of the arguments made, not their purpose. Indeed, each had a basis in the works: "chateau" is the French word for "castle," and the green-eyed grandmother appears in *Masqued 2016*, a work the Court analyzed. *Id.* The Court finding Freeman's arguments and analysis unconvincing is quite different from finding that those arguments lacked any "concrete grounding," and bad faith may not be inferred from an argument's weakness. *Schlaifer Nance*, 194 F.3d at 340–41.

Third, Defendants' speculation that experts were retained "to drive up costs" (Mot. at 2, 8) cannot provide "clear evidence" of bad faith as that retention is more probative of how

strongly Plaintiff believed in her case. And the Court's finding that expert testimony was irrelevant (Fee Order at 10) was a ruling on admissibility, not motive. Similarly, Defendants "abandoning theories as discovery developed" argument (Mot. at 10) holds no water since doing so shortened proceedings rather than multiplying them.

Fourth, Doniger / Burroughs did not know of Freeman's divorce before the Bond motion was filed, and the argument it made in Freeman's bond motion opposition, that tying up millions of dollars is inherently burdensome, was not intended to conceal anything, was not specific to or commenting on Freeman's financial condition, and was certainly not made in bad faith or with improper motive. *See* Doniger Decl. ¶¶ 2-3.

Finally, the Court's observation that counsel was "no doubt influenced... [its] probable financial interest" (Fee Order at 10) simply cannot provide evidence of bad faith, otherwise § 1927 would reach every lawyer who loses—whether because they have a contingent interest or an hourly interest in prolonging the litigation. Defendants' reliance on Rule 11 (Mot. at 4–5) fares no better: they never served a Rule 11 motion, and the rule's safe-harbor procedure is a strict prerequisite. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175–76 (2d Cir. 2012). And, of course, Rule 11's standard is "objective unreasonableness," *id.* at 177—a lower bar than § 1927's. Nor does the inherent power supply a lower standard: it requires the same bad faith, *Oliveri*, 803 F.2d at 1273, and "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

**C. Freeman's claims were colorable**

Defendants must prove not only that Doniger / Burroughs acted in bad faith but also that Freeman's claims were "entirely without color." *Ferring Pharms. Inc.,* 331 F.R.D. at 78 (citation omitted). As articulated by the Second Circuit, conduct is only entirely without color "when it

lacks any legal or factual basis; it is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the attorney whose conduct is at issue." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

As discussed above, Doniger / Burroughs are reasonable attorneys with a pedigree of success in copyright law who litigated these claims in good faith on the belief that Freeman could succeed. And the summary judgment record establishes that, to a large degree, they advanced colorable claims. No one ever disputed the validity of Freeman's copyrights and there was substantial evidence of access through, *inter alia*, a shared agent intermediary and probative similarity that, in the words of Judge Netburn "add up to raising an inference that *Crave*'s authors copied these Freeman works." *See* Dkt. No. 361, pg. 13. And that the case presented a "particularly close question of fact and should be decided by a jury." *Id*. at 16.

This Court ultimately found against Freeman on substantial similarity, but it also acknowledged that its § 505 "objectively unreasonable" finding is distinct from the § 1927 inquiry. ECF 583 at 11 n.2. Under § 1927, the question is whether the claims lacked *any* basis, and that two judicial officers decided to send the case to a jury after reviewing the works and briefing is strong evidence that the claims were not "utterly devoid of a legal or factual basis."

In *Schlaifer Nance*, the Second Circuit reversed the imposition of a $400,000 sanction under § 1927 and trial court's inherent-power, explaining that "a claim that fails as a matter of law is not necessarily lacking *any* basis at all. . . . [J]udgment as a matter of law against a claim is a necessary, but not a sufficient, condition for a finding of a total lack of a colorable basis." 194 F.3d at 337 (citing *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 154 (2d Cir. 1997)). The court stressed that "the attorneys were not the only ones who found [the] claim convincing," and that a

merits ruling "made with the benefit of hindsight . . . cannot be equated with the advocate's considerations prior to and during the trial." *Id.* at 338.

And in this case, the significant and well-established similarities between the works in this case should be dispositive. Although this Court found as matter of law that those similarities were only of unprotectable ideas or expression, it cannot deny that fixing the line between protectable expression and unprotectable idea is notoriously challenging. In the words of Judge Learned Hand: "Nobody has ever been able to fix that boundary, and nobody ever can … Upon any work, and especially upon a play, a great number of patterns of increasing generality will fit equally well, as more and more of the incident is left out." *Nichols v. Universal Pictures Corp.*, 45 F.2d 119, 121 (2d Cir. 1930). Given the probative similarities, it would be improper to find that Doniger / Burroughs advanced claims "utterly devoid of a legal or factual basis" notwithstanding the Court's conclusion that those similarities fell short.

**D. Defendants fail to establish causation or tie fees to any accused conduct**

As noted above, § 1927 reaches only "excess" fees "reasonably incurred *because of* such conduct." 28 U.S.C. § 1927 (emphasis added). Inherent-power fee sanctions are likewise limited by "a but-for test": the movant "may recover 'only the portion of his fees that he would not have paid but for' the misconduct," and the court's "fundamental job is to determine whether a given legal fee—say, for taking a deposition or drafting a motion—would or would not have been incurred in the absence of the sanctioned conduct." *Goodyear*, 137 S. Ct. at 1186–87 (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011)). In *Goodyear*, a party withheld critical discovery; the movants argued that all subsequent fees were recoverable because disclosure would have ended the case, or because the withholding "so infected the lawsuit as to account for each and every expense" thereafter. *Id.* at 1189. The Court rejected both theories. *Id.* at 1189–90.

Here, Defendants' entire causation argument is one sentence: "all fees and costs incurred by Defendants after Mr. Passin first refused to provide the manuscripts, on April 5, 2022, constitute 'excess' fees." Mot. at 12. That is the argument *Goodyear* rejected, and it does nothing to tie any causation to Doniger / Burroughs. Defendants must show concretely "***which fees were incurred because of, and solely because of, the misconduct at issue*** (however serious, or concurrent with a lawyer's work, it might have been." *Goodyear*, 137 S. Ct. at 1189 (emphasis added). Yet Defendants identify no fee entry, task, or period attributable to Doniger / Burroughs —even after this Court required reasonable delineation for their § 505 motion. ECF 583 at 20.

Defendants' argument that inherent authority permits an award "without the 'excess' limitation," (Mot. at 12) misreads *Oliveri*, whose cited page (803 F.2d at 1273) addresses bad faith, not the measure of fees, and ignores *Goodyear*, which permits full-case shifting only in "exceptional cases" where "literally everything" the sanctioned party did was bad faith. 137 S. Ct. at 1187–88. That cannot describe a case two judicial officers found fit for trial.

And Defendants' requested remedy—liability "collectible" only if Freeman has not paid within 60 days (Mot. at 13)—confirms that this motion is about collection, not causation. Defendants cite no authority for a contingent guaranty under § 1927, and there is none. If counsel's conduct caused excess fees, counsel is liable whether or not Freeman pays; if it did not, Freeman's insolvency is not evidence that Doniger / Burroughs multiplied anything and cannot create liability the statute does not impose.

As a final note, Doniger / Burroughs' addresses its appearance at Freeman's recent deposition. As set forth in its letter to this Court (ECF 626), Counsel and Freeman earnestly believed that the Court's Order allowing "limited discovery into her finances" was a limitation to the scope of the deposition, and that they only refused to answer questions exceeding that limited

scope as expressly authorized by Fed.R.Civ.P. 30(c)(2). Counsel may have been wrong, but did not act without any basis in law or with improper motivation. *See* Doniger Decl. ¶8.

## III. CONCLUSION

The motion should be denied as to Doniger / Burroughs. Alternatively, because colorability turns on whether the claim "reasonably *might* be successful," *Schlaifer Nance*, 194 F.3d at 337, the motion should be held in abeyance pending the Second Circuit's decision on Freeman's appeal (ECF 553); and no finding should be made against Doniger / Burroughs—which was counsel, not respondent, on the § 505 motion—without a hearing on the specific conduct alleged. *See Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96–97 (2d Cir. 1997).

Dated: September 18, 2026
New York, New York

Respectfully submitted,

By: /s/ *Stephen M. Doniger*
Stephen Doniger, Esq.
**DONIGER / BURROUGHS PC**
603 Rose Avenue
Venice, California 90291
(31) 590-1820
stephen@donigerlawfirm.com