UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE FREEMAN,<br>Plaintiff,<br>-against-<br>TRACY DEEBS-ELKENANEY, et al.<br>Defendants. | Case No. 1:22-cv-02435 (CM)(SN)<br>**DECLARATION OF MARK D. PASSIN ESQ. IN OPPOSITION TO DEFENDANTS' MOTION FOR AN ORDER HOLDING PLAINTIFF'S COUSNEL JOINTLY AND SEVERALLY LIABLE FOR EXCESS ATTORNEYS' FEES AND COSTS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY** |

# DECLARATION OF MARK D. PASSIN, ESQ.

I, Mark D. Passin, Esq. do hereby declare as follows:

1. I am over eighteen (18) years of age, am co-counsel of record in this case for Plaintiff Lynne Feeman and am competent to give the testimony set forth below. Said testimony is given from my own personal knowledge except where otherwise indicated. If called as a witness, I could and would competently testify thereto.

2. I do not typically handle litigations on a contingency basis. I have only handled one litigation other than this one in which I was the billing attorney on a contingency basis. I occasionally handle pre-litigation matters for settlement purposes only on a contingency basis, but I also do that very rarely. Although I am approached often to take contingency cases, I generally turn them down.

3. I was originally contacted by Lynne Freeman ("Freeman") on October 13, 2021, and did not take the case until over two and a half months later. During that time, I did substantial due diligence. I decided to take the case based on my due diligence and on

talking to two other highly experienced attorneys that I respected very much that Freeman previously approached to handle the case that I am informed and believe spent a significant amount of time reviewing the matter as potential counsel. I am unable to disclose the substance of those conversations because Freeman suggested that I speak to them regarding her privileged conversations with them. I also did additional due diligence prior to sending a cease-and-desist letter to Defendants on February 7, 2022, and prior to filing the Complaint on March 25, 2022.

4. I cannot get into the details of my due diligence prior to filing the complaint because it would require me to reveal attorney work product and attorney-client privileged information. In general, I read and reviewed voluminous written material, gathered the facts and conducted legal research over a period of over four months. To the best of my knowledge, information and belief, formed after conducting the due diligence, that I believed was reasonable under the circumstances, prior to filing the complaint I believed that Freeman's copyright infringement claims were warranted by existing law, they were not being brought for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, the factual contentions had evidentiary support, and that Freeman had valid copyright infringement claims well supported by both the law and the facts. I filed the complaint because I believed that she had valid copyright infringement claims and continued to pursue them for the same reasons. I did not file or pursue the claims for reasons of harassment, delay, or to impose unnecessary costs on Defendants or for any other improper purpose.

5. Defendant Prospect and Defendant Kim had numerous versions of Freeman's manuscript in their possession and, I am informed and believe, that at least one version was sent to Defendant Entangled.

6. Neither I nor Reeder LLP took any action in the case for reasons of harassment, delay, to impose unnecessary costs on Defendants, or for any other improper purpose.

7. I did not know about the divorce between Freeman and Trent Baer until after Defendants filed their bond motion.

I declare under penalty of perjury that the foregoing is true and correct.

Executed September 18, 2026, at Westlake Village, CA.

Mark Passin

Mark D. Passin, Esq.