Attorneys admitted in
California, New York,
Texas, Pennsylvania,
Colorado, and Illinois

Sender's contact:
stephen@donigerlawfirm.com
(310) 590-1820

DONIGER / BURROUGHS LAW FIRM

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

September 21, 2026

**<u>DELIVERED VIA ECF</u>**
Hon. Colleen McMahon
Daniel Patrick Moynihan
United States Courthouse
40 Foley Square, Courtroom 24A
New York, New York 10007

**Re:** ***Freeman v. Deebs-Elkenaney et al,***
**2:22-cv-02435-CM-SN**

Dear Judge McMahon:

As this Court is aware, our office is co-counsel for Lynne Freeman in the above-referenced matter. We write to seek clarification of two aspects of the Court's Order Concerning Freeman's Deposition (ECF 628, the "Order") before the continued deposition proceeds. Ms. Freeman will appear as directed and will answer every question the Court has ruled she must answer, including each question she declined to answer on September 14. This letter does not seek reconsideration of that ruling. It seeks only to ensure that all counsel understands the ground rules for questions not yet asked, so that the continued session is completed without further dispute and without exposing either the witness or counsel to consequences the Court did not intend.

Before sending this letter, the undersigned reached out to counsel for Defendants via email on September 20, 2026 to address the below. In a separate email earlier today Freeman's counsel received an auto-response from Ms. Nashon, who has been acting as lead counsel for Defendants, which stated that she is "out of the office and unavailable." Lance Koonce at Klaris Law responded at 3:24pm Eastern time without stating his position on the below but stating that in his view the Order "does not need further clarification." At 3:54pm Eastern the undersigned responded to ask whether that means Defendants share Plaintiff's understanding. The undersigned also called Mr. Koonce, received his voicemail, and left a message. It is only because Defendants have asked for Freeman's deposition to proceed on Wednesday, September 23, 2026, that we write to request clarification on the below questions before any further response has been received.

### 1. Whether the Order preserves the privilege ground for questions not previously asked

The Order states that "directions not to answer are limited to questions that call for privileged information," consistent with Rule 30(c)(2), and then rules that none of the questions Ms. Freeman declined to answer on September 14 implicated the attorney-client privilege. The Order goes on to provide that "all other objections" may be noted but the witness "MUST answer," and that "[a]ny direction not to answer that goes beyond this ruling" will result in an adverse presumption and personal sanctions against the directing attorney.

We read these provisions together to mean that (a) the previously refused questions must be answered, and (b) at the continued session, an instruction not to answer remains available only where a *new* question calls for privileged information, as Rule 30(c)(2) permits. But one could plausibly read the phrase "the deposition will

go on for as long as it takes" and the direction to answer "ALL questions" as proscriptively foreclosing any instruction not to answer any question on any ground. Because the Order attaches contempt exposure to a misreading, I respectfully ask the Court to confirm which reading is intended.

The distinction matters because the continued session will foreseeably reach two categories of privileged material. First, Defendants have signaled an interest in the preparation of Ms. Freeman's financial declaration; questions about what counsel advised her, what she told counsel, and why particular information was or was not included call for communications protected by the attorney-client privilege and opinion work product. *See Upjohn Co. v. United States*, 449 U.S. 383, 389–95 (1981); Fed. R. Civ. P. 26(b)(3)(B). Second, questions about Ms. Freeman's household finances may call for confidential communications between Ms. Freeman and her spouse, which are protected by the marital communications privilege under Federal Rule of Evidence 501. *See Trammel v. United States*, 445 U.S. 40, 51 (1980). To be clear, Ms. Freeman does not claim that facts about her or her spouse's income, assets, or accounts are privileged. But she has no way to know what questions might be asked that may implicate confidential communications with counsel or with her former spouse.

A prospective rule that no instruction to answer may be given on any ground would place the witness in an untenable position. Courts in this Circuit have long recognized that an order compelling disclosure of privileged matter inflicts an injury that later review cannot repair, which is why mandamus is available to correct such orders before compliance. *In re von Bulow*, 828 F.2d 94, 98–99 (2d Cir. 1987); *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159, 163 (2d Cir. 1992); *see Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–12 (2009). Nor is "answer subject to objection" a workable alternative for privileged questions: a party who permits a witness to answer over a mere objection risks a finding that it voluntarily consented to the disclosure and waived the privilege. *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 460–61 & n.4 (N.D. Cal. 1978) (noting that strict application of the answer-subject-to-objection rule "when the objection involves a privilege would frustrate the values protected by the privilege"). Rule 30(c)(2) resolves this dilemma by preserving the privilege instruction, and the Supreme Court has held that an attorney may not be held in contempt for advising a client in good faith to assert a privilege where compliance would irretrievably destroy it. *Maness v. Meyers*, 419 U.S. 449, 458–70 (1975). I do not understand the Order to depart from these principles, and I ask only that the Court confirm that understanding.

**2. A procedure for resolving any privilege dispute without interrupting the session**

To ensure that any privilege assertion neither delays the examination nor requires the Court's intervention mid-deposition, I propose the following, and would welcome any modification the Court prefers: (a) if a question is believed to call for privileged information, the objecting attorney will state the specific privilege and its factual basis concisely on the record; (b) the witness will answer every portion of the question that does not call for privileged content, including all underlying facts; (c) Defendants' counsel will move on and complete the examination on all other subjects; and (d) within one business day of receipt of the deposition transcript (which will be ordered on an expedited basis if there are privilege disputes), Plaintiff will submit a letter identifying each question by page and line with the basis for the privilege, and Defendants may respond within one business day, so that the Court may rule on the written record and direct a brief further session by remote means if any question must be answered. This procedure tracks Rule 30(c)(2) and Rule 26(b)(5)(A).

///

///

We appreciate the Court's attention to this request and will make ourselves available at the Court's convenience for a conference by telephone if that would be more efficient than a written response.

Respectfully submitted,

*/s/ Stephen Doniger*
Stephen M. Doniger
DONIGER / BURROUGHS
*Attorney for the Plaintiff*