**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LYNNE FREEMAN,<br><br>Plaintiff,<br><br>-against-<br><br>TRACY DEEBS-ELKENANEY, et al.<br><br>Defendants. | Case No. 2:22-cv-02435 (CM)(SN)<br><br>**RESPONSE OF PLAINTIFF'S COUNSEL TO THE COURT'S ORDER TO SHOW CAUSE (ECF 628)** |

# TABLE OF CONTENTS


I. PRELIMINARY STATEMENT……………………………………………………….1

II. BACKGROUND……………………………………………………………….1

III. ARGUMENT……………………………………………………………………...3

A. The September 14 instructions were a good-faith application of rule 30(c)(2) to the orders then in place……………………………………………………3

B. No source of authority supports personal cost-shifting on this record……………5

1. Rule 37(a)(5)…………………………………………………………….5

2. Rule 37(b)……………………………………………………………….6

3. Rule 30(d)(2)……………………………………………………………7

4. 28 U.S.C. § 1927 and the Court’s Inherent Power……………………...8

C. Any award must be compensatory and limited to costs caused by the instructions……………………………………………………………………..8

IV. CONCLUSION…………………………………………………………………...9

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Boyd v. Univ. of Md. Med. Sys.*,
173 F.R.D. 143 (D. Md. 1997) .......... 4

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) .......... 8

*GMAC Bank v. HTFC Corp.*,
248 F.R.D. 182 (E.D. Pa. 2008) .......... 7, 8

*Goodyear Tire & Rubber Co. v. Haeger*,
581 U.S. 101 (2017) .......... 8

*Hall v. Clifton Precision*,
150 F.R.D. 525 (E.D. Pa. 1993) .......... 7

*In re 60 East 80th Street Equities, Inc.*,
218 F.3d 109 (2d Cir. 2000) .......... 8

*In re Application Sveaas*,
249 F.R.D. 96 (S.D.N.Y. 2008) .......... 3, 4

*Morales v. Zondo, Inc.*,
204 F.R.D. 50 (S.D.N.Y. 2001) .......... 7

*Oliveri v. Thompson*,
803 F.2d 1265 (2d Cir. 1986) .......... 8

*Pierce v. Underwood*,
487 U.S. 552 (1988) .......... 6

*Plump v. Kraft Foods N. Am., Inc.*,
No. 02-C-7754, 2003 WL 23019166 (N.D. Ill. Dec. 23, 2003) ................................................ 8

*Ralston Purina Co. v. McFarland*,
550 F.2d 967 (4th Cir. 1977) ................................................................................................ 4

*Roadway Express, Inc. v. Piper*,
447 U.S. 752 (1980) .............................................................................................................. 5

*Sakon v. Andreo*,
119 F.3d 109 (2d Cir. 1997) .................................................................................................. 5

*Schlaifer Nance & Co. v. Estate of Warhol*,
194 F.3d 323 (2d Cir. 1999) .................................................................................................. 8

*Shapiro v. Freeman*,
38 F.R.D. 308 (S.D.N.Y. 1965)............................................................................................. 4

*Sicurelli v. Jeneric/Pentron, Inc.*,
No. 03-cv-4934, 2005 WL 3591701 (E.D.N.Y. Dec. 30, 2005) ............................................... 7

*Ted Lapidus, S.A. v. Vann*,
112 F.3d 91 (2d Cir. 1997) .................................................................................................... 5

*Wolters Kluwer Fin. Servs., Inc. v. Scivantage*,
564 F.3d 110 (2d Cir. 2009) .................................................................................................. 8

**Statutes**

17 U.S.C. § 505......................................................................................................................... 1

28 U.S.C. § 1927.................................................................................................................... 2, 8

///

**<u>Rules</u>**

Fed. R. Civ. P. 30(c)(2) .......... 3, 4

Fed. R. Civ. P. 37(a)(5)(A)(ii) .......... 6

Fed. R. Civ. P. 37(a)(5)(A) .......... 5, 6

Fed. R. Civ. P. 30(d)(2) .......... 7, 8

Fed. R. Civ. P. 37(a)(5)(A)(i) .......... 6

Fed. R. Civ. P. 37(b) .......... 6

Fed. R. Civ. P. 37(b)(2) .......... 6

Stephen M. Doniger ("Counsel"), counsel for Plaintiff Lynne Freeman and the attorney who defended Ms. Freeman's September 14, 2026 deposition, respectfully submits this response to the portion of the Court's Order Concerning Freeman's Deposition (ECF 628, the "Order") directing him to show cause why he should not personally bear (1) the court reporter's attendance fee and transcript cost for the continued deposition and (2) the cost of attendance, including travel, of two attorneys for Defendants at that deposition.

## I. PRELIMINARY STATEMENT

Ms. Freeman appeared for her continued deposition on September 23, 2026 and answered every question asked of her. Counsel now understands that he was mistaken in believing that Ms. Freeman's September 14, 2026 was of a limited scope, and offers this submission to explain why the instructions given at that deposition were a good-faith, and Counsel believed reasonable, application of Rule 30(c)(2) to the Order then on the docket, and why, under any of the sources of authority that permit fee-shifting against Counsel, the circumstances here do not warrant requiring Counsel personally to fund Defendants' discovery. In the alternative, Counsel asks that any cost-shifting be confined to the expense actually caused by the September 14 instructions.

## II. BACKGROUND

Following the Court's July 2026 ruling that Defendants are entitled to an award of fees under 17 U.S.C. § 505 (ECF 583), Defendants moved to fix the amount. In opposition, Ms. Freeman submitted a declaration addressing her financial circumstances as a factor bearing on the amount of any award. In reply, Defendants asked the Court for "limited discovery into her finances" (ECF 613 at 9), in response to which the Court then ordered that "Defendants may depose Plaintiff on her ability to pay [an attorneys' fee award]." ECF 618.

The deposition proceeded on September 14, 2026. It lasted approximately three and a half hours, during which Ms. Freeman answered questions concerning, *inter alia*, her current income, employment, assets, liabilities, monthly expenses, bank accounts, and real property. Declaration of Stephen Doniger ("Doniger Decl.") ¶¶ 3-4.

By Counsel's count, Ms. Freeman answered over 750 questions. Id. ¶ 4. Counsel instructed Ms. Freeman not to answer 27 questions, primarily on the grounds that they exceeded what he understood to be the limited scope of the deposition. In each instance, Counsel stated the basis for the instruction on the record: that the question, in his understanding, fell outside the subject matter authorized by ECF 618. Id. ¶ 5. Counsel did not confer privately with the witness during pending questions (other than on a limited privilege issue), did not make speaking objections suggesting answers, and did not otherwise interrupt the examination. Id. ¶ 6. And Ms. Freeman answered 3 of the questions despite the instruction, thus only refusing to answer 24, i.e., 3% of the examination—meaning about 97% she answered. Id. ¶ 7.

The deposition was not adjourned by Counsel; it concluded after a recess with Mr. Koonce stating "I have no further questions" and Ms. Nashon stating "I don't have any follow-up questions." Id. ¶ 8; ECF 624-1 at 161:1-8. The instruction disputes were the only identified open item, and Counsel raised it himself at the end of the deposition, unprompted, noting that it was "a relatively short list of things" on which Ms. Freeman was instructed not to answer and asking whether defense counsel wanted "to confer on any of those right now and see if there's anything to work out?" Doniger Decl. ¶ 9; ECF 624-1 at 161:18–22. Counsel for the defense declined, stating that she did not have "an equivalent list" and "would need to look at the transcript." Doniger Decl. ¶ 9; ECF 624-1 at 161:23–24.

On September 15, 2026, Defendants submitted a letter to the Court attaching the transcript and a list of the topics on which Ms. Freeman had been instructed not to answer, and requesting a further session and sanctions against Counsel personally. ECF 623. Defendants did not request a conference under Local Civil Rule 37.2 or the Court's Individual Practices before doing so and did not move under Rule 37(a). Doniger Decl. ¶ 10. On September 17, 2026, the Court issued the Order.

## III. ARGUMENT

### A. The September 14 instructions were a good-faith application of rule 30(c)(2) to the orders then in place

Rule 30(c)(2) permits an instruction not to answer in three circumstances: "when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). The instructions given on September 14 were made under the second of these. Because ECF 618 authorized a deposition "on her ability to pay an attorneys' fee award," and was entered in response to Defendants' own request for "limited discovery into her finances," ECF 613 at 9, Ms. Freeman and Counsel understood it to define the permissible subject matter of the examination. The Order has now made clear that the Court did not intend ECF 618 as a limitation. Counsel does not question that clarification. But the question on this Order to Show Cause is whether Counsel's contrary reading, at the time, was made in good faith and was reasonable. Counsel submits it was both.

Courts in this District have treated a scope-limiting order as a proper basis for an instruction not to answer. In *In re Application Sveaas*, 249 F.R.D. 96 (S.D.N.Y. 2008), counsel instructed a witness not to answer three questions on the ground that they fell outside an order limiting the deposition to specified topics; the examining party argued the instructions violated

Rule 30(c)(2) because counsel should have sought clarification from the Court first, and sought sanctions against counsel. The Court analyzed the questions individually, held that two of the three instructions were proper because the questions — including a question seeking "personal financial information" about the witness's bank account — fell outside the ordered scope, compelled an answer only to the third, and imposed no sanction. *Id.* at 103–04. Counsel's conduct on September 14 was of the same kind: a limited number of scope-based instructions, each tied to a specific order, and each stated on the record.

Counsel recognizes the contrary line of authority holding that relevance and scope objections should ordinarily be noted on the record with the testimony taken subject to the objection. *See Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973–74 (4th Cir. 1977) (quoting *Shapiro v. Freeman*, 38 F.R.D. 308 (S.D.N.Y. 1965)); *Boyd v. Univ. of Md. Med. Sys.*, 173 F.R.D. 143, 144–47 (D. Md. 1997). But those cases confirm that the question is a recurring and contestable one. *Boyd* itself, after describing improper instructions as "presumptively improper," identifies five factors that determine whether such an instruction warrants sanctions: (1) the importance of the requested information; (2) the number of instructions, i.e., whether the instruction "was an isolated incident or [part of] a pattern of disruptive instructions"; (3) whether the question was proper and unobjectionable; (4) "whether the instruction not to answer appears to have been made in a sincere, although misguided, effort to preserve a colorably valid objection, or, instead, for purposes of disrupting the deposition"; and (5) whether counsel had advance notice of the disputed line of questioning and could have sought a protective order. 173 F.R.D. at 147. The court acknowledged that "reasonable minds can differ in good faith about many discovery issues" and that a court may conclude on these factors that sanctions are not appropriate. *Id.* at 144, 147.

Each factor favors Counsel here. The instructions were relatively few in number—accounting for only approximately 3% of the questions asked over a 3.5-hour deposition in which Ms. Freeman answered every question about her assets, liabilities, recent work history, present earning potential, and any other topics that Counsel believed were within the reasonable scope of questions about her "ability to pay" a judgment. Counsel only made instructions to Ms. Freeman not to answer questions when he genuinely believed, even if mistakenly, the question had no bearing on her ability to pay, including questions about whether her son attended school part time or full time after she had already explained that she has no involvement in paying her son's tuition, and questions about whether or not she had an organ transplant in the last year. Doniger Decl. ¶ 11. The instructions were tied to a colorable reading of ECF 613 and ECF 618, stated on the record, and made without any accompanying disruption.

**B. No source of authority supports personal cost-shifting on this record**

The Order does not identify the authority under which it contemplates requiring Counsel to bear Defendants' costs. Because the governing standards differ materially, Counsel addresses each potentially applicable source and respectfully requests, consistent with *Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997), and *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96–97 (2d Cir. 1997), that any sanction identify the rule or power on which it rests. *See also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980) (fee sanctions against counsel require notice and an opportunity to be heard).

**1. Rule 37(a)(5)**

Rule 37(a)(5)(A) authorizes an award of the movant's expenses, against a party or "the attorney advising that conduct," when a motion to compel is granted. Fed.R.Civ.P. 37(a)(5)(A). It does not apply here for three reasons.

First, Defendants did not move to compel; they submitted a letter requesting a further session and sanctions, without the conference that Local Civil Rule 37.2 and the Court's Individual Practices contemplate, and after declining Counsel's offer to confer on the day of the deposition. Rule 37(a)(5)(A)(i) bars an award where the movant filed "before attempting in good faith to obtain the disclosure or discovery without court action."

Second, an award is prohibited where "the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). A position is substantially justified if it is "justified to a degree that could satisfy a reasonable person" or if there is a "genuine dispute" about which "reasonable people could differ." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Counsel believes its reading of ECF 618 meets that standard.

Third, the Rule in any event limits the award to "reasonable expenses incurred in making the motion"; it does not reach the cost of conducting a further deposition. Fed.R.Civ.P. 37(a)(5)(A).

**2. Rule 37(b)**

Rule 37(b)(2) applies only where a party "fails to obey an order to provide or permit discovery." No such order existed on September 14. ECF 618 permitted Defendants to take a deposition on Ms. Freeman's ability to pay; it did not prohibit Counsel from making instructions not to answer a question where he believed it appropriate or limit such instructions to those arising from privilege, and no ruling on the disputed questions was sought or made during the session. The Order of September 17, 2026 is the first ruling on those questions, and Ms. Freeman and Counsel have fully complied with that Order.

///

///

**3. Rule 30(d)(2)**

Rule 30(d)(2) permits "an appropriate sanction — including the reasonable expenses and attorney's fees incurred by any party — on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed.R.Civ.P. 30(d)(2). While the application of this provision does not generally require a showing of bad faith (*See GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 196 (E.D. Pa. 2008) (citing *Sicurelli v. Jeneric/Pentron, Inc.*, No. 03-cv-4934, 2005 WL 3591701, at 8 (E.D.N.Y. Dec. 30, 2005), it does require that the fair examination have been impeded, delayed, or frustrated, and the decisions imposing personal liability on counsel under it involve conduct of an entirely different order from the conduct at issue here.

For example, in *Morales v. Zondo, Inc*., 204 F.R.D. 50, 53–57 (S.D.N.Y. 2001), counsel was sanctioned for a pattern that included private conferences with the witness while questions were pending, coaching, instructing the witness how to answer, argumentative colloquies, *ad hominem* attacks, and directions not to answer — all after the Court had, at an earlier deposition, expressly directed counsel that instructions would be "limited to privilege." See also *Hall v. Clifton Precision**, 150 F.R.D. 525 (E.D. Pa. 1993) (addressing private attorney-witness conferences and coaching).

Nothing of that kind occurred on September 14. The examination proceeded for 3.5 hours; Ms. Freeman answered over 750 questions; the objections and instructions to the 24 she did not answer were brief, stated with their basis, and did not derail the session. Doniger Decl. ¶¶ 4-7. A limited number of scope-based instructions, each grounded in a specific order and later found to be mistaken, does not "frustrate the fair examination" within the meaning of Rule 30(d)(2). The appropriate remedy for a mistaken scope instruction is the one the Court has already ordered — that the witness return and answer.

**4. 28 U.S.C. § 1927 and the Court's Inherent Power**

In this Circuit, sanctions under § 1927 and under the Court's inherent power alike require a finding of bad faith supported by clear evidence that the challenged conduct was "entirely without color" and undertaken for an improper purpose. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986); *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336–38 (2d Cir. 1999); *In re 60 East 80th Street Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000); *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 50 (1991). Conduct that has "some legal or factual basis" is colorable. *Schlaifer Nance*, 194 F.3d at 337. Instructions grounded in a reading of ECF 618 that courts in this District have accepted in comparable circumstances cannot be characterized as without color, and nothing in the record suggests an improper purpose. Counsel notes that Defendants' pending motion under § 1927 (ECF 617) is directed at different conduct and is separately briefed; nothing in this response should be read as bearing on that motion.

**C. Any award must be compensatory and limited to costs caused by the instructions**

Even where fee-shifting against counsel is authorized, the award "must be compensatory rather than punitive in nature" and may reach only the expenses that would not have been incurred but for the sanctioned conduct. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017). Courts applying Rule 30(d)(2) follow the same principle, limiting awards to costs incurred "as a result of" the frustration of the examination and to the portion of the deposition actually affected. *GMAC*, 248 F.R.D. at 193, citing *Plump v. Kraft Foods N. Am., Inc.*, No. 02 C 7754, 2003 WL 23019166, at *1 (N.D. Ill. Dec. 23, 2003)("[C]osts and attorneys' fees awarded are those incurred *as a result* of the frustration of fair deposition examination.")

Measured against that standard, the costs identified in the Order are unwarranted as they are largely unrelated to the September 14 instructions. The Order directs a continued deposition that is unlimited in duration, unlimited in subject matter, and to be held at a location of Defendants' choosing, but the September 14 instructions concerned only 24 questions of limited scope.

It would also be unwarranted to tax Counsel with the costs of the first deposition since Defendants in fact got answers to approximately 97% of the questions asked and chose to hold that deposition in person when Counsel requested to conduct it remotely. Doniger Decl. ¶ 7.

Counsel therefore respectfully submits that no personal cost-shifting is warranted. Should the Court disagree, Counsel proposes the following as a proportionate alternative: Counsel will bear the court reporter's attendance fee and the cost of the transcript for a continued session proportionate to the topics identified in Defendants' September 15, 2026 letter. Such an award would compensate Defendants for the expense actually caused by the instructions without converting a scope dispute into a personal penalty.

## IV. CONCLUSION

For the foregoing reasons, Counsel respectfully requests that the Court discharge the Order to Show Cause without imposing costs on Counsel personally or, in the alternative, limit any award to the court reporter's fee and transcript cost for a continued session confined to the topics identified in Defendants' letter.

Dated: September 24, 2026

Respectfully submitted,

By: /s/ *Stephen M. Doniger*

Stephen Doniger, Esq.
**DONIGER / BURROUGHS PC**
603 Rose Avenue
Venice, California 90291
(310) 590-1820
stephen@donigerlawfirm.com