**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LYNNE FREEMAN,

Plaintiff,

v.

TRACY DEEBS-ELKENANEY P/K/A TRACY WOLFF, et al.,

Defendants.

Case No. 2:22-cv-02435 (CM)(SN)

**DECLARATION OF STEPHEN M. DONIGER IN SUPPORT OF HIS RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE (ECF 628)**

# DECLARATION OF STEPHEN M. DONIGER

I, Stephen M. Doniger, hereby declare as follows:

1. I am above eighteen (18) years of age, am counsel of record in this case for Plaintiff Lynne Freeman and am competent to give the testimony set forth below. Said testimony is given from my own personal knowledge except where otherwise indicated. If called as a witness, I could and would competently testify as set forth below.
2. When the Court entered the order at ECF 618, made in response to Defendants' request for "limited discovery into her finances," which ordered that "Defendants may depose Plaintiff on her ability to pay [an attorneys' fees award]", I earnestly believed that this order limited the resulting discovery to only matter regarding Ms. Freeman's ability to pay an award of attorneys' fees in this action.
3. I am the attorney that defendant Ms. Freeman at her deposition of September 14, 2026.
4. The deposition lasted approximately three and a half hours, and by my count Ms. Freeman answered over 750 questions concerning, *inter alia*, her current income, employment, assets, liabilities, monthly expenses, bank accounts, and real property.
5. In addition to those questions, I instructed Ms. Freeman not to answer 27 others which I believed to fall outside the subject matter authorized by ECF 618, and each time I stated these grounds on the record.
6. I did not confer privately with Ms. Freeman during pending questions other than on a limited privilege issue, did not make speaking objections suggesting answers, and did not otherwise interrupt the examination.
7. Ms. Freeman answered 3 of the questions despite the instruction, thus only refusing to answer 24, i.e., approximately 3% of the examination—meaning about 97% she

answered.

8. I did not adjourn the deposition; it was concluded after a recess with Mr. Koonce stating "I have no further questions" and Ms. Nashon stating "I don't have any follow-up questions."

9. At the end of the deposition, I, unprompted, raised the issue of the instructions and offered to meet and confer with Defendants' counsel to discuss and see if there was anything that needed to be worked out. Counsel for the Defendants declined.

10. Defendants' counsel did not seek to meet and confer with me or file a motion under Rule 37(a) before filing their letter of September 15, 206, requesting an additional deposition session and that I be sanctioned.

11. I only made instructions to Ms. Freeman not to answer questions when I genuinely believed, even if mistakenly, the question had no bearing on her ability to pay, including questions about whether her son attended school part time or full time after she had already explained that she has no involvement in paying her son's tuition, and questions about whether or not she had an organ transplant in the last year.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed on September 24, 2026 in Los Angeles, California.

By: _/s/ Stephen M. Doniger_
Stephen M. Doniger
Declarant