UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/1/2026

LYNNE FREEMAN,

Plaintiff,

-against-

TRACY DEEBS-ELKENANEY, et al.

Defendants.

No. 22-cv-2435 (CM) (SN)

AMENDED ORDER OF REFERENCE TO JUDGE NETBURN

McMahon, J.:

I am finding it difficult to deal with the pending motion to have sanction, in the form of attorneys fees, awarded against certain attorneys pursuant to 28 U.S.C. §1927 and/or the court's inherent authority. The problem is that much of the allegedly vexatious and delaying behavior that underlies the Defendants' Section 1927 motion against Attorneys Pessin and Doniger occurred (or did not occur) while Judge Netburn was superintending the case. As a result, I find that I cannot decide the motion without consulting her. So it seems appropriate to allow Judge Netburn her to opine on whether the behavior identified by counsel for Defendants warrants sanctions in the form of an attorneys' fees award or otherwise. I am, therefore, referring that motion to her so that she can opine on the merits of Defendants' arguments in favor of awarding fees against counsel for any behavior that occurred on her watch.

I will continue to work on the motion for an award of attorneys' fees against Ms. Freeman. I note that the two motions should be and will be decided separately. Defendants appear to have moved to hold Plaintiff's counsel liable at least in part out of concern that Plaintiff might lack the financial means to satisfy a fee award. *See* Dkt. No. 617, at 1–2. However, the court will not be awarding attorneys' fees against the lawyers because of Ms. Freeman's financial condition. "Without a demonstration of bad faith on the part of the attorney in question, sanctions pursuant to [Section 1927] are inappropriate." *Hudson Motors P'ship v. Crest Leasing Enters., Inc.*, 845 F.

845 F. Supp. 969, 978 (E.D.N.Y. 1994). The Second Circuit has made clear that the standard for imposing sanctions under the court's inherent power is the same as the standard under §1927. *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999). Ms. Freeman's ability to pay a fee award thus has nothing to do with any possible sanction that might be imposed against her counsel.

Judge Netburn will be contacting counsel to make whatever arrangements she deems necessary to deal with the order of reference. As is always the case, an order of reference to a Magistrate Judge encompasses settlement.

Dated: October 1, 2026

U.S.D.J.